UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST,

                                   CASE NO:  CV 22-7475

                    Plaintiff,

           - against -                    **DECLARATION OF ZACHARY GOLD, ESQ. IN SUPPORT OF MOTION FOR REMAND AND FOR AN AWARD OF ATTORNEYS' FEES AND COSTS**

ASHMEEN MODIKHAN; ET AL.,

                    Defendant(s).
-------------------------------------------------------------------X

       Zachary Gold, Esq., hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746, as follows

       1.     I am an attorney at law of the State of New York.  I am associated with the law firm of Friedman Vartolo, LLP, counsel for plaintiff U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST ("Plaintiff" or "U.S. BANK").  I am admitted in practice before this Court and submit this declaration based upon my personal knowledge in support of Plaintiff's Motion to Remand and for an Award of Attorneys' Fees and Costs.

       2.     Annexed hereto as **Exhibit A** is a true and accurate copy of the Summons and Complaint in this action, dated January 6, 2010.

       3.     Annexed hereto as **Exhibit B** is a true and accurate copy of the Affidavit of Service and Defendant's Answer with Counterclaims, dated February 15, 2010.

       4.     Annexed hereto as **Exhibit C** is a true and accurate copy of Plaintiff's Reply to Counterclaims dated February 24, 2010.

5.      Annexed hereto as **Exhibit D** is a true and accurate copy of the Discharge Order for Modikhan's first Chapter 7 bankruptcy filing (Case No. 12-44750), dated October 10, 2012.

6.      Annexed hereto as **Exhibit E** is a true and accurate copy of the Notice of Entry for the Order of Reference served upon Modikhan, dated July 12, 2018, with affidavit of service by mail.

7.      Annexed hereto as **Exhibit F** is a true and accurate copy of the Notice of Entry of Judgment of Foreclosure and Sale served upon Modikhan, dated May 31, 2019, with affidavit of service by mail.

8.      Annexed hereto as **Exhibit G** is a true and accurate copy of the Order dismissing Modikhan's second Chapter 7 bankruptcy petition (Case No. 19-44172), dated August 26, 2019.

9.      Annexed hereto as **Exhibit H** is a true and accurate copy of the Order granting relief of the automatic stay to Plaintiff in Modikhan's third bankruptcy filing (Chapter 13 Case No. 19-46591), dated November 21, 2021.

10.      Annexed hereto as **Exhibit I** is a true and accurate copy of the Notice of Discharge of Attorney filed by Modikhan, filed December 20, 2020.

11.      Annexed hereto as **Exhibit J** is a true and accurate copy of the "Jurisdictional Challenge with Affidavit" filed on March 17, 2022 and Plaintiff's Notice of Return and Rejection (exhibit excluded), filed March 21, 2022.

12.      Annexed hereto as **Exhibit K** is a true and accurate copy of the Notice of Sale filed September 15, 2022 advising of the foreclosure sale set for October 14, 2022 and Affidavit of Mailing upon Modikhan

13.      Annexed hereto as **Exhibit L** is a true and accurate copy of the Notice of Motion by Modikhan to Vacate and Dismiss (exhibits excluded) filed September 20, 2022 and Plaintiff's

Opposition to same filed September 28, 2022.

14.     Annexed hereto as **Exhibit M** is a true and accurate copy of the "Objection to the Notice of Sale" (exhibits excluded) filed by Modikhan on October 4, 2022 and Plaintiff's Notice of Rejection (exhibit excluded) and Affidavit of Mailing filed October 5, 2022.

15.     Annexed hereto as **Exhibit N** is a true and accurate copy of Modikhan's "Opposition to Notice of Return and Rejection (exhibits excluded) and to the Affirmation in Opposition of Defendant's Motion to Vacate and Dismiss" (exhibits excluded) and Plaintiff's Notice of Rejection, filed October 11, 2022.

16.     Annexed hereto as **Exhibit O** is a true and accurate copy of the proposed Order to Show Cause filed by Modikhan in the state court action, dated October 13, 2022 (exhibits excluded) and Plaintiff's letter opposition to same filed October 13, 2022; and proof of denial of Order to Show Cause from eCourts – Motion Details

17.     Annexed hereto as **Exhibit P** is a true and accurate copy of an excerpt from the Docket Report for Chapter 13 bankruptcy filing showing the Bankruptcy Court's denial of Modikhan's Order to Show Cause seeking to reimpose the automatic stay, dated October 14, 2022.

18.     Annexed hereto as **Exhibit Q** is a true and accurate copy of the Foreclosure Surplus Monies Form filed upon sale of the property at auction on October 14, 2022,

19.     Annexed hereto as **Exhibit R** is a true and accurate copy of the "Notice of Lis Pendens" filed by Modikhan on October 14, 2022.

20.     Annexed hereto as **Exhibit S** is a true and accurate copy of Plaintiff's good faith letter to Modikhan and Plaintiff's Motion to Cancel Lis Pendens (exhibits excluded), Modikhan's Opposition to Plaintiff's Motion (exhibits excluded) and Plaintiff's Reply.

21.     Annexed hereto as **Exhibit T** is a true and accurate copy of the "Notice of Removal to Federal Court" filed by Modikhan on December 5, 2022 and Plaintiff's rejection of same, dated December 5, 2022.

22.     Annexed hereto as **Exhibit U** is a true and accurate copy of Modikhan's "Amended Notice of Removal to Federal Court" filed on December 6, 2022 and Plaintiff's rejection of same, dated December 6, 2022.

23.     Annexed hereto as **Exhibit V** is a true and accurate copy of Modikhan's second "Amended Notice of Removal to Federal Court" filed on December 7, 2022 and Plaintiff's rejection of same, dated December 7, 2022.


I declare under penalty of perjury that the foregoing is true and correct.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.


Dated: January 4, 2023
       New York, New York


                                        /s/Zachary Gold
                                        Zachary Gold, Esq.

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Index No. 301/2010

                                Plaintiff,

D/O/F:

           -against-

**SUMMONS**

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", SAID NAMES BEING
FICTITIOUS, PARTIES INTENDED BEING POSSIBLE TENANTS OR
OCCUPANTS OF PREMISES, AND CORPORATIONS, OTHER
ENTITIES OR PERSONS WHO CLAIM, OR MAY CLAIM, A LIEN
AGAINST THE PREMISES,

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

                              Defendant(s),

-------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy
of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance
on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the
day of service, where service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner, and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

       **NOTICE**
       **YOU ARE IN DANGER OF LOSING YOUR HOME**
**If you do not respond to this summons and complaint by serving a copy of the answer on the
attorney for the mortgage company who filed this foreclosure proceeding against you and filing
the answer with the court, a default judgment may be entered and you can lose your home.
Speak to an attorney or go to the court where your case is pending for further information on
how to answer the summons and protect your property.
Sending a payment to your mortgage company will not stop this foreclosure action.
YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR
THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE
COURT.**

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $186,402.10 consisting of principal balance of $175,141.72 plus interest of $8,330.62, escrow/impound shortages or credits of $1,397.77, late charges of $66.99; Broker's Price Opinion, inspection and miscellaneous charges of $45.00; attorney fee $925.00 and title search $495.00. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except ASHMEEN MODIKHAN : The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: ASHMEEN MODIKHAN :  If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                                              Plaintiff,

                    -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

                                              Defendant(s),

------------------------------------------------------------------------x

Index No.

D/O/F:

**COMPLAINT**

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s)
alleges, upon information and belief as follows:

1.    At all times hereinafter mentioned, plaintiff BAC Home Loans Servicing LP f/k/a
Countrywide Home Loans Servicing LP was and still is duly organized and existing under the laws of
the United States of America.

2.    At all times hereinafter mentioned, the defendants were, and still are, residents,
corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New
York State.

3.    On or about April 24, 2007, ASHMEEN MODIKHAN executed and delivered to
COUNTRYWIDE HOME LOANS, INC, a note bearing date that day, whereby ASHMEEN
MODIKHAN covenanted and agreed to pay the sum of $179,000.00, with interest on the unpaid
balance thereof, at the rate of 6.37500 percent per annum, to be computed from the date of said note,
by payments of $1,366.72 on June 1, 2007 and thereafter in payments of $1,366.72 on the like date of
each subsequent month, until said note is fully paid, except that the final payment of principal and
interest remaining due, if not sooner paid, shall become due and payable on May 1, 2037_.

4.    Plaintiff

(a)    is the owner and holder of the subject mortgage and note, or has been delegated the authority to
institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b)    has complied with all the provisions of section five hundred ninety-five-a of the Banking Law
and any rules and regulations promulgated there under, section six-L of six-M of the Banking Law, and

(c)   is in compliance with sending the ninety (90) day notices as required by RPAPL §1304, if the underlying mortgage qualifies.

5.   As collateral security for the payment of said indebtedness, the aforesaid defendant(s) ASHMEEN MODIKHAN , also executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC, a mortgage dated April 24, 2007 and recorded in the County of Queens on May 31, 2007 in CRFN 2007000282440. The mortgage tax was duly paid.  Thereafter said mortgage was assigned to the Plaintiff by assignment of mortgagee dated October 29, 2009. Plaintiff is the owner and holder of the aforementioned instrument(s).

Said mortgaged premises being known as and by street address:
8710 149TH AVENUE, HOWARD BEACH, NY 11414 bearing tax map designation:

Block:  11417  Lot(s):  4513

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

6.   Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

7.   That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of April 1, 2009 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8.   The total monthly payment due as of default date to plaintiff is $1,376.21.

9.   That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

10.   Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants ASHMEEN MODIKHAN if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

11.   That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $175,141.72 plus interest from March 1, 2009.

12.   That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees  to the sum otherwise due, with interest as provided in the aforesaid instruments,

and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.    That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.    That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.    That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.    That the defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is named as a party defendant herein because of possible unpaid income tax.

17.    That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

18.    That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Queens may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $175,141.72 plus interest from March 1, 2009, and that from the money arising from the sale, plaintiff be paid the amount of $175,141.72 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly

applicable thereto will pay the same; that the defendants ASHMEEN MODIKHAN be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

ALL that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, *"Patchogue Homes Corp. Condominium No. 2"*, and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

## SCHEDULE B

-NEW YORK CITY TRANSIT ADJUDICATION BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY ENVIRONMENTAL CONTROL BOARD has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY PARKING VIOLATIONS BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Plaintiff,

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

Defendant(s),

-------------------------------------------------------------------------x

Index No. 301/2010

D/O/F:

**NOTICE OF PENDENCY**

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a complaint of the above named plaintiff against the above named defendants for the foreclosure of a certain mortgage bearing date April 24, 2007 and recorded in CRFN 2007000282440 in the County of Queens on May 31, 2007. Thereafter said mortgage was assigned to the Plaintiff by assignment of mortgage.

That the mortgaged premises affected by said foreclosure action are situate in the County of Queens, State of New York, and more specifically described in "Schedule A" annexed hereto and made a part hereof.

Said premises are commonly known as 8710 149TH AVENUE, HOWARD BEACH, NY 11414 and bearing tax map designation: Block: 11417 Lot(s): 4513

The Clerk of the County of Queens is directed to index this notice to the names of the defendants and the property identified above.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

ALL that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, '"*Patchogue Homes Corp. Condominium No. 2*", and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
-----------------------------------------------------------------------
BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,

                Plaintiff,

      -against-

ASHMEEN MODIKHAN, et al.,

              Defendants.
-----------------------------------------------------------------------

**NOTICE OF PENDENCY OF ACTION**

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 09-117526

# Exhibit B

Enterprise Process Service, Inc.                    FILE ID# 09-117526
152 Islip Avenue, Suite 18, Islip, New York 11751

SUPREME Court Of The State of New York
County of Queens
Index No. 301/10

| | |
|---|---|
| BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP<br><br>PLAINTIFF(S)<br><br>AGAINST<br><br>ASHMEEN MODIKHAN ; et al<br><br>DEFENDANT(S) | Affidavit<br>of<br>Service |

STATE OF NEW YORK, COUNTY OF SUFFOLK        SS.:

Anthony Schultz being duly sworn, deposes and says that deponent is not a party to this action, is over 18 years of age and resides in the STATE OF NEW YORK

That on 01/08/2010 at 5:50PM at 8710 149TH AVENUE APT. 5N HOWARD BEACH NY 11414 deponent served the within Summons and Complaint bearing INDEX# 301/10 and a date of filing of 01/06/2010 along with RPAPL §1303 notice on blue paper titled Help for Homeowners in Foreclosure upon ASHMEEN MODIKHAN defendant therein named.

| | |
|---|---|
| Suitable Age<br>[X] | by delivering thereat a true copy of each to `JOHN` MODIKHAN (FIRST NAME REFUSED) , CO-TENANT, a person of suitable age and discretion. That person was also asked by deponent whether said premises was the defendant's Residence and the reply was affirmative. |

On 01/14/2010 deponent also enclosed a copy of same in a postpaid sealed wrapper by First Class Mail properly addressed to defendant at defendant's Residence at 8710 149TH AVENUE APT. 5N HOWARD BEACH NY 11414and deposited said wrapper in a post office of the United States Postal Service within New York State. MARKED PERSONAL AND CONFIDENTIAL.

DESCRIPTION  Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows:

| Sex M\F | Skin Color | Hair Color | Age(Approx) | Height (Approx) | Weight (Approx) |
|---|---|---|---|---|---|
| Male | Brown | BLACK | 30 | 5`10 | 180 |

Other Identifying Features:

| | |
|---|---|
| MILITARY<br>SERVICE<br>[X] | I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated.<br>Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or Federal Statutes. |

SWORN TO BEFORE ME ON  01/14/10

JAMES E. NELSON
NOTARY PUBLIC-STATE OF NEW YORK
No. 01NE6187724
Qualified In Suffolk County
My Commission Expires May 27, 2012

Anthony Schultz
PROCESS SERVER LIC # 0861782
Client Reference Number 09-117526-FC

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

————————————————————————————X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

**Index No.: 301/10**

Plaintiff(s)

**VERIFIED AMENDED**
**ANSWER WITH**
**COUNTERCLAIM**

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

————————————————————————————X

QUEENS COUNTY CLERK
FILED
2013 FEB 17 PM 3: 01

        **Defendant(s), ASHMEEN MODIKHAN,** as and for his/her/their Amended Answer to
Plaintiff's Complaint, respectfully alleges as follows:

        1.      Denies the allegations contained in paragraph(s) 1,  3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13 AND 15 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief in the form alleged of
the allegations contained in paragraph(s) 2 of the Complaint.

        3.      Denies the allegations in the form alleged as contained in paragraph(s) 14 of the
Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        4.      Plaintiff's Complaint fails to state a cause of action upon which relief may
be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.      This Court lacks personal jurisdiction over the defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.      This Court lacks jurisdiction for want of proper service.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.      Upon information and belief, Plaintiff has breached his Agreement with Defendant (the Agreement).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.      The purported agreement (the "Purported Agreement") upon which Plaintiff relies for this action, is not enforceable or binding upon Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.      Plaintiff has failed to perform under the terms of the Agreement and should therefore be estopped from claiming damages under said Agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.     Plaintiff comes to Court with unclean hands and is consequently disentitled to equitable relief.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.     Plaintiff is estopped from claiming herein based on the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.     Plaintiff is estopped from claiming herein based on the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.     Plaintiff has failed to make demand for payment prior to commencing these proceedings.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's action is barred by the applicable Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiff's action is barred by the applicable Statute of Frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff may not maintain their respective cause(s) of action against the Defendant(s) herein since Plaintiff has alleged conduct of others over whom these Defendant(s) had no authority and/or control.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.    Each and every cause of action alleged in the Verified Complaint is barred since there is no privity between Plaintiff and Defendant.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has failed to register with the Department of State of New York in order to conduct business in New York.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff failed to abide by the requirements of CPLR 3408 and RPAPL 1304.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff is not authorized to conduct business in New York and as such cannot maintain the within lawsuit.

## COUNTERCLAIM

### AS AND FOR A FIRST COUNTERCLAIM

21.    Defendant states that the plaintiff herein has filed a frivolous and    fraudulent lawsuit, causing defendant to suffer damages for malicious prosecution, abuse of process of the Court and/or wrongful use of Civil    Proceedings resulting in damages in the sum of $500,000.00 along with attorney's    fees and costs.

**WHEREFORE**, Defendant demands judgment as follows:

a.  Dismissing the First Cause of Action in its entirety;

b.  Dismissing the Second Cause of Action in its entirety;

c.  On the Counterclaim awarding judgment in the sum of $500,000.00 and continuing together with interest, costs, disbursements and attorney's fees;

d.  Awarding the Defendant the costs and disbursement of the action and such other and further relief as this Court deem just and proper.


**DATED:**    Jamaica, New York
              February 15, 2010

                      Yours etc.


                      By: Ashmeen Modikhan
                      Defendant Pro Se
                      8710 149th Avenue    5 N
                      Howard Beach, NY 11414


To:    Rosicki, Rosicki & Assoc., P.C.
       51 E Bethpage Road
       Plainview, NY 11803

# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------x
BAC   HOME   LOANS   SERVICING   LP   F/K/A          Index No. 301/10
COUNTRYWIDE HOME LOANS SERVICING LP,

                                          Plaintiff,

                    -against-                                    **REPLY TO**
                                                          **COUNTERCLAIM**
ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME   LOANS,   INC.;   NEW   YORK   STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING VIOLATIONS
BUREAU; and JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended being possible
tenants or occupants of premises, and corporations, other
entities or persons who claim, or may claim, a lien against
the premises,

                                          Defendants.
--------------------------------------------------------------------------x

         Plaintiff, BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME

LOANS SERVICING LP, by its attorney Rosicki, Rosicki & Associates, PC, as and for a Reply

to the Counterclaim in the Amended Answer of ASHMEEN MODIKHAN, hereby alleges the

following:

    1.       Denies the allegations in paragraph 21 of the Answer.

                        **FIRST AFFIRMATIVE DEFENSE**

    2.       The counterclaim, in whole or in part, fails to state a cause of action against the

plaintiff, inasmuch as the commencement of a lawsuit does not constitute abuse of process or

malicious prosecution.

## SECOND AFFIRMATIVE DEFENSE

3.    Damages, if any, alleged to have been sustained by defendant, were caused, in whole or in part, by the culpable conduct of the defendant and/or his actions.


**WHEREFORE**, the plaintiff respectfully requests judgment dismissing the defendant's Counterclaim and granting the relief requested in the plaintiff's complaint, together with such other and further relief as this Court deems just and proper.

Dated:  February 24, 2010
         Plainview, New York


                                    **ROSICKI, ROSICKI & ASSOCIATES, P.C.**

                                    By: _____
                                           Andrew Morganstern, Esq.
                                    Attorneys for Plaintiff
                                    51 E. Bethpage Road
                                    Plainview, NY 11803
                                    516-741-2585 x121


TO:    ASHMEEN MODIKHAN
       Pro-Se Defendant
       87-10 149th Avenue, 5N
       Howard Beach, NY 11414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP,

                             Plaintiff,             Index No.:301/10

                -against-                 **AFFIDAVIT OF MAILING**

ASHMEEN MODIKHAN, et al.,

                         Defendants.
-------------------------------------------------------------------x
STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NASSAU    )

       Michael Savelli, being duly sworn, deposes and says:

       That I am not a party to the action, am over the age of 18 years and reside in Suffolk County, New York.

       That on February 24, 2010 deponent served the within Reply to Counterclaim, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

      ASHMEEN MODIKHAN
      Pro-Se Defendant
      87-10 149th Avenue, 5N
      Howard Beach, NY 11414

                                         _Michael Savelli_

Sworn to before me on this

24th day of February 2010

_____
    Notary Public

                 Frances E. Hopkins
          Notary Public, State of New York
            Qualified in Nassau County
             ID# 02HO6132473
        My commission expires August 29, 20 13

Index No.:301/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS
SERVICING LP,

Plaintiff,

-against-

ASHMEEN MODIKHAN, et al.,

Defendants.

## REPLY TO COUNTERCLAIM

ROSICKI, ROSICKI & ASSOCIATES, P.C.

By:_____
Andrew Morganstern, Esq.
Attorneys for Plaintiff
51 E Bethpage Road
Plainview, NY 11803
516-741-2585
RR&A No.: 09-117526

# Exhibit D

Form BLdfnld7 (12/01/2007)

# United States Bankruptcy Court

Eastern District of New York
271 Cadman Plaza East, Suite 1595
Brooklyn, NY 11201−1800

IN RE:                                                                    CASE NO: 1−12−44750−ess

   Ashmeen Modikhan

   94−22 Magnolia Court, Unit 1B
   Ozone Park, NY 11417
   Name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address.

Social Security/Individual Taxpayer ID/Taxpayer ID/Employer ID No.:                    CHAPTER: 7

   xxx−xx−8044

               DEBTOR(s)

## DISCHARGE OF DEBTOR(S)
## ORDER OF FINAL DECREE

A petition under title 11, United States Code was filed by or against the Debtor(s) on June 28, 2012; an order for relief was entered under Chapter 7; no order denying a discharge has been granted.

It appearing that the debtor(s) is entitled to a discharge and the estate of the above named debtor(s) has been fully administered.

**IT IS ORDERED**:

- The debtor(s) is granted a discharge under Section 727 of Title 11, United States Code, (the Bankruptcy Code).

- Gregory Messer (Trustee) is discharged as trustee of the estate of the above−named debtor(s) and the bond is cancelled.

- The Chapter 7 case of the above−named debtor(s) is closed.

BY THE COURT

Dated: October 10, 2012                              s/ Elizabeth S. Stong
                                                     United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

**Form BLdfnld7**(12/01/2007)

## EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person(s) named as the debtor(s). It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor(s) a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor(s). A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

### Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

### Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes (in a case filed on or after October 17, 2005);

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts;

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans (in a case filed on or after October 17, 2005).

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

# Notice Recipients

District/Off: 0207–1      User: acruz      Date Created: 10/10/2012

Case: 1–12–44750–ess      Form ID: 262      Total: 62

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| tr | Gregory Messer | gremesser@aol.com |
| aty | Craig D Robins | CraigRobinsLaw@aol.com |

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Ashmeen Modikhan | 94–22 Magnolia Court, Unit 1B | Ozone Park, NY 11417 |
| smg | NYS Department of Taxation &Finance | Bankruptcy Unit | PO Box 5300    Albany, NY 12205 |
| smg | NYC Department of Finance | 345 Adams Street, 3rd Floor | Attn: Legal Affairs – Devora Cohn    Brooklyn, NY 11201 |
| smg | NYS Unemployment Insurance | Attn: Insolvency Unit | Bldg. #12, Room 256    Albany, NY 12240 |
| smg | United States Trustee | Office of the United States Trustee | 271 Cadman Plaza East    Brooklyn, NY 11201 |
| 7727974 | ARM | PO Box 561 | Thorofare, NJ 08086 |
| 7727970 | American Airlines CU | PO Box 619001    MD 2100 | Dallas, TX 75261 |
| 7727971 | American Express | P.O. Box 2855 | New York, NY 10116 |
| 7727972 | American Express Legal | 200 Vesey St. | New York, NY 10285 |
| 7727973 | Andrew Jokhan | 259 Terrance View Drive | Gulfview    Trinidad, West Indies |
| 7727975 | Arnstein &Lehr LLP | 200 East Las Olas Blvd.    Suite 1700 | Fort Lauderdale, FL 33301 |
| 7727976 | Asset Acceptance | PO Box 2036 | Warren, MI 48090 |
| 7727979 | BAC Home Loans Servicing | P.O. Box 15227 | Wilmington, DE 19886 |
| 7727978 | BAC Home Loans Servicing | P.O. Box 660694 | Dallas, TX 75266 |
| 7727977 | BAC Home Loans Servicing | PO Box 15222 | Wilmington, DE 19886–5222 |
| 7727982 | BP/Chase | P.O. Box 15298 | Wilmington, DE 19850 |
| 7727980 | Bank of America, N.A. | P.O. Box 15222 | Wilmington, DE 19886 |
| 7803098 | Bank of America, N.A. et al. | c/o Berkman, Henoch, Peterson, | Peddy &Fenchel, P.C.    100 Garden City Plaza    Garden City, New York 11530 |
| 7774297 | Bank of America, NA | c/o Rosicki, Rosicki &Assoc, PC | 51 E. Bethpage Road    Plainview, NY 11803 |
| 7727981 | Berkman, Henoch, Peterson | 100 Garden City Plaza | Garden City, NY 11530 |
| 7727983 | Capital Management Servic | 726 Exchange Street    Suite 700 | Buffalo, NY 14210 |
| 7727984 | Chase | PO Box 15153 | Wilmington, DE 19886 |
| 7727985 | CitiCards | PO Box 182564 | Columbus, OH 43218 |
| 7727986 | Diversified Adjustment | P.O. Box 32145 | Minneapolis, MN 55432 |
| 7727987 | Enhanced Recovery Col | 8014 Bayberry Road | Jacksonville, FL 32256 |
| 7727988 | Equitable Ascent | 1120 W. Lake Cook Road    Suite B | Buffalo Grove, IL 60089 |
| 7727989 | Home Depot | P.O. Box 653000 | Dallas, TX 75265 |
| 7727990 | JCPenney | P.O. Box 960090 | Orlando, FL 32896 |
| 7727992 | LTD Financial Service, LP | 7322 Southwest Freeway    Suite 1600 | Houston, TX 77074 |
| 7727991 | Long Island Jewish Med Ct | PO Box 29765 | New York, NY 10087 |
| 7727993 | Macys | PO Box 183083 | Columbus, OH 43218 |
| 7727994 | Magnolia Court Condo | c/o Delkap Management | 82–12 151st Avenue    Howard Beach, NY 11414 |
| 7727995 | Metro Management | 42–25 21st Street | Long Island City, NY 11101 |
| 7727996 | Michael K. Winston, Esq. | 525 Okeechobee Blvd.    Suite 1200 | West Palm Beach, FL 33401 |
| 7727997 | Midland Credit Management | 8875 Aero Drive    Suite 200 | San Diego, CA 92123 |
| 7727998 | Midland Funding LLC | 8875 Aero Drive, Ste 200 | San Diego, CA 92123 |
| 7727999 | Mordente Law Firm LLC | 160–29 Union Turnpike | Fresh Meadows, NY 11366 |
| 7728000 | Morgan &Associates | 2601 N.W. Expressway    Suite 205 East | Oklahoma City, OK 73112 |
| 7728004 | NY Presbyterian Hospital | PO Box 3475 | Toledo, OH 43607 |
| 7728005 | NYHMCQ Emergency Practice | PO Box 27915 | New York, NY 10087 |
| 7728001 | Nationwide Credit | 2015 Vaughn Rd. NW    Ste. 400 | Kennesaw, GA 30144 |
| 7728002 | Northland Group Inc. | P.O. Box 390905 | Minneapolis, MN 55439 |
| 7728003 | Northstar Location Serv. | 4285 Genesee Street | Buffalo, NY 14225 |
| 7728006 | Patchogue Homes Condo II | GPO Box 5651 | New York, NY 10087 |
| 7728007 | Philip J. Croyle, PA | 370 W. Camino Gardens Bvd    Suite 300 | Boca Raton, FL 33432 |
| 7728008 | Pioneer Credit Recovery | PO Box 189 | Arcade, NY 14009 |
| 7728009 | Professional Recovery Svc | PO Box 1880 | Voorhees, NJ 08043 |
| 7728011 | RPM | 20816 44th Ave W. | Lynnwood, WA 98036 |
| 7728010 | Rosicki, Rosicki &Assoc | Main Office 51    E. Bethpage Rd. | Plainview, NY 11803 |
| 7728012 | Ruden McClosky PA | 200 East Broward Blvd.    Suite 1500 | Fort Lauderdale, FL 33301 |
| 7728013 | Sears | PO Box 183081 | Columbus, OH 43218 |
| 7728014 | Sears Plus | P.O. Box 183081 | Columbus, OH 43218 |
| 7728015 | Servisair LLC | c/o Weiss Serota Helfman | 2525 Ponce de Leon Blvd.    Suite 700    Miami, FL 33134 |
| 7728017 | Silver Falls Townhomes | 13150 Silver Falls Blvd. | Hollywood, FL 33027 |
| 7728016 | Silver Falls Townhomes | Atlantis Management Svcs | c/o First Southern Bank    PO Box 669081    Miami, FL 33166 |

| 7728018 | Sprint | PO Box 105243 | Atlanta, GA 30348 |
| 7728019 | Suntrust Bank | P.O. Box 622227 | Orlando, FL 32862 |
| 7728020 | Victoria's Secret | PO Box 659728 | San Antonio, TX 78265–9728 |
| 7728021 | WaMu | P.O. Box 15153 | Wilmington, DE 19886 |
| 7728022 | Wells Fargo Home Mortgage | PO Box 11701 | Newark, NJ 07101–4701 |

TOTAL: 60

# Exhibit E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                    Plaintiff,

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

                    Defendant(s).
------------------------------------------------------------------X

**NOTICE OF ENTRY**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513



    **PLEASE TAKE NOTICE,** that the within is a true copy of the Order of Reference entered in the Office of the Clerk of the County of Queens on June 18, 2018.

DATED:      July _____, 2018
              Williamsville, New York

By:   _____
      Steven Rosenfeld, Esq.
      **GROSS POLOWY, LLC**
      Attorneys for Plaintiff
      1775 Wehrle Drive, Suite 100
      Williamsville, NY 14221
      Telephone: (716)204-1700
      Facsimile: (716)204-1702
      (Facsimile not for service)

TO:

*See attached sheet*

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

VS.

ASHMEEN MODIKHAN, ET AL.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JEREMY M IANDOLO ESQ.
ATTORNEY FOR DEF ASHMEEN MODIKHAN
7621 13TH AVENUE
BROOKLYN, NY 11228

ANNA GUILIANO ESQ.
ATTORNEY FOR DEF BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2
377 BROADWAY, 6TH FLOOR
NEW YORK, NY 10013

JOHN MODIKHAN
8710 149TH AVENUE, APT. 5N
HOWARD BEACH, NY 11414

At I.A.S. Part- 150 of the Supreme
Court of the State of New York, held in
and for the County of Queens, at the
Courthouse thereof, 88-11 Sutphin Blvd,
Jamaica, New York 11435 on the 4th
day of    June
20 18

SEQUENCE NO.  2 

PRESENT: Hon. Martin J. Schulman
Justice of the Supreme Court

-----------------------------------------------------------x
BAC HOME LOANS SERVICING LP
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP.

                                    Plaintiff

                    -vs-.

Order of Reference

Index No. 301/2010

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY
PARKING VIOLATIONS BUREAU,
"JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended
being possible tenants or occupants of
premises, and corporations, other entities
or persons who claim or may claim, a lien
against the premises,



FILED
JUN 1 8 2018
COUNTY CLERK
QUEENS COUNTY

                        Defendant(s)
-----------------------------------------------------------x

        ON the Summons, Complaint and Notice of Pendency duly filed in this

action in the Office of the County Clerk of the County of Queens on January 06, 2010, and

due proof that all defendants have been duly served with said process or have voluntarily appeared in this action and

Upon reading and filing the Notice of Motion dated December 11, 2017 the affirmation of Kathleen Puscheck, Esq. dated December 11, 2017, the affidavit of Joelle E. Bonin, duly sworn to December 8, 2017, with exhibits annexed, showing what proceedings have heretofore been had herein, and all the papers on file in this action and due deliberation having been had thereon and upon reading and filing the decision of the Court dated _January 12 2018_ it is;

NOW, upon motion of Gross Polowy, LLC, attorney for the Plaintiff, it is

ORDERED, that the application is granted, without opposition; and it is further

ORDERED, that defendants Board of Managers of The Patchogue Home Corp. Condominium No. 2, Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., New York State Department of Taxation and Finance, New York City Transit Adjudication Bureau, New York City Environmental Control Board, New York City Parking Violations Bureau and John Modikhan have not appeared or answered in this matter and are deemed in default; and it is further

ORDERED, that the Answer of the Defendant Ashmeen Modikhan be, and the same is hereby, stricken and the Plaintiff herein is awarded Summary Judgment against said Defendant; and it is further

ORDERED, that this action be, and the same is hereby referred to:

_Morton Povman, ESQ_
_108-18 Queens Blvd, Floor 5, Forest Hills, N.Y. 11375_ as Referee to ascertain and compute the amount due

2

to the Plaintiff for principal, interest and other disbursements advanced as provided for in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises can be sold in parcels, and that the Referee make his/her report to the Court with all convenient speed; and it is further

ORDERED, that the caption of this action be amended by substituting John Modikhan in place of John Doe and it is further

ORDERED, that the caption of this action be amended to reflect the plaintiff as US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust; and it is further

ORDERED, that the caption of this action be amended, *nunc pro tunc*, to include Unit 5N in the address of the property; and it is further

ORDERED, that the title of the action, as amended, shall henceforth read as follows:

Supreme Court of the State of New York
County of Queens
----------------------------------------------------------------x

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

           Plaintiff,

-vs.-

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT

INDEX NO: 301/2010

3

**ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN
MODIKHAN,**

           **Defendant(s)**

-------------------------------------------------------------x  and it is further

        ORDERED, that the Referee appointed herein is subject to the requirements

of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an

appointment pursuant to the provisions of that Rule, the Referee shall notify the

appointing Justice forthwith; and it is further

        ORDERED, that a copy of this Order with Notice of Entry shall be served

upon the owner of the equity of redemption, any tenants named in this action and any

other party entitled to notice.



                   **E N T E R :**

                  _____

                  **Justice of the Supreme Court**

FILED
JUN 1 8 2018
COUNTY CLERK
QUEENS COUNTY

4

11/7/18.
pd

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J. C. S.                    IAS PART 29

---

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP.,

                              **Plaintiffs,**

                 -against-

ASHMEEN MODIKHAN, BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIMUM NO.2, et.al.,

                              **Defendants.**

---

Index No.:  301/2010

Motion Date:  1/8/18

Motion Seq. No.: 2

Dated: 1/12/18

---

This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b) granting summary judgment to plaintiff and dismissing the answers and the counterclaims, (2) to amend the caption to substitute John Modikhan, as a party defendant in place of "John Doe",  to include Unit 5N as the address of the property, and to reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be in default; (4) to appoint a referee to compute, and for other related relief is granted, without opposition.

Submit Order.

_____
                                    J. S. C.

5/30/18 10:00am
301/2010- BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP. V.
Modikhan, Ashmeen
Queens Supreme Court, Queens, NY / Part F
Hon.
LOAN # 0000116258
GPS: 17-005151
ON FOR: STATUS

SC released 4/28/10. Inherited file 8/29/17. CTCA filed 10/3/17. Need client executed SJ Aff, SOR and mailing aff to proceed with MSJ submission. MSJ sent to court via UPS 12/11/17 with a return date of 1/8/18.MSJ marked submitted no opp at 1/8 hearing. MSJ granted via memo from court filed 1/31/18. MSJ order submitted to court 5/21/18. No active loss mit.

New York Supreme Court Case Detail

Page 1 of 2

eDocket    eWatch    ePer Diem    eCalendar    eCopy    **Adam Speregen**
My eLaw    [ Logout ]

ADD TO eWATCH

ORDER eCOPY

ORDER ePER DIEM

eWatch List

Case Details
Appearances
Motions
Attorneys
Print This Page

Search Again

BAC HOME LOANS SERVICING LP
v.
MODIKHAN, ASHMEEN ETAL.

SUPREME COURT
QUEENS COUNTY
Index Number: 301/2010
Case Status: RESTORED

Case Details    Appearances    Motions    Attorneys

Hide Motion Appearances

| Date | Appearance Type | Part | Action |
|---|---|---|---|
| 05/30/2018 | SUPREME - TRIAL | RES FORECLOSURE STATUS CONF PT | ORDER ePER DIEM |
| Judge RES FORECLOSURE JUDGE | | Comments: 10:00AM Glossary | |
| 01/08/2018 | MOTION | CENTRALIZED MOTION PART | FULLY SUBMITTED - NO OPP |
| SUMMARY JUDGEMENT (FOR PLTF)2 | | | |
| Judge MARTIN J. SCHULMAN | | | |
| 12/13/2017 | SUPREME - TRIAL | RES FORECLOSURE STATUS CONF PT | STATUS CONFERENCE HELD |
| Judge RES FORECLOSURE JUDGE | | Comments: FINAL Glossary | |
| 09/20/2017 | SUPREME - TRIAL | RES FORECLOSURE STATUS CONF PT | ADJOURNED |
| Judge RES FORECLOSURE JUDGE | | Comments: 9:30 AM PER SFO 1/5/17 Glossary | |
| 11/29/2016 | MOTION | CENTRALIZED MOTION PART | PD - FULLY SUBMITTED |
| RESTORE TO ACTIVE CASE STATUS1 | | | |
| Judge KEVIN KERRIGAN | | Comments: REFERRED TO HON. SCHULMAN Glossary | |
| 09/27/2016 | SUPREME - POST JUDGMENT | CENTRALIZED MOTION PART | PD - ADJOURNED |
| RESTORE TO ACTIVE CASE STATUS1 | | | |
| Judge KEVIN KERRIGAN | | Comments: 092716 Glossary | |
| 07/23/2014 | SUPREME - TRIAL | RES FORECLOSURE STATUS CONF PT | DISMISSED PRE-NOTE |
| Judge RES FORECLOSURE JUDGE | | Comments: FINAL Glossary | |
| 06/04/2014 | SUPREME - TRIAL | RES FORECLOSURE STATUS CONF PT | ADJOURNED |
| Judge RES FORECLOSURE JUDGE | | Comments: 9:30 AM Glossary | |
| 04/28/2010 | | | FSC - NOT |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BAC Home loans Srviars

Plaintiff(s)

Index No. : 301/2010

NOTICE OF APPEARANCE

-against-

Modikhan Ashmeen Defendant(s)

TO THE COURT:

PLEASE TAKE NOTICE, that the law firm of:

J. Iandolo Law
Name of Law firm

7621 13th Ave
Address

BKLYN NY 11228

(718) 305.1702
Telephone Number

(718) 395.1732
Facsimile Number

represents the DEFENDANT(S) Ahmeen Modikhan

and appears in the above-captioned action.

Yours, etc.

By:

Dated : 12/13/2017

Jeremy Iandolo
Print name

jandolo@jiandololaw.com
E-Mail Address

361/2010 MEMO DECISION SEQUENCE #2

MDEL

MEMORANDUM

NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J. C. S.

IAS PART 29

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP.,

Index No.: 301/2010

Plaintiffs,

Motion Date: 1/8/18

-against-

Motion Seq. No.: 2

Dated: 1/12/18

ASHMEEN MODIKHAN, BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIMUM NO.2, et.al.,

FILED
JAN 3 1 2018
COUNTY CLERK
QUEENS COUNTY

Defendants.

This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b) granting summary judgment to plaintiff and dismissing the answers and the counterclaims, (2) to amend the caption to substitute John Modikhan, as a party defendant in place of "John Doe", to include Unit 5N as the address of the property, and reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be default; (4) to appoint a referee to compute, and for other related relief is granted, without opposition.

Submit Order.

J. S. C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                    Plaintiff,

vs

ASHMEEN MODIKHAN, ET AL

                    Defendant(s).

---------------------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE, HOWARD BEACH, NY 11414

BL #: 11417 - 4513

Nicole Okonczak, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on July 16, 2018, deponent served a true copy of the Notice of Entry of Order of Reference on the Defendant(s) or the attorneys for the Defendants, whose names, representation and designated addresses appear below or as shown on the attached by depositing a true copy of the same, enclosed in a postpaid properly addressed wrapper, in an official postal depository at 1775 Wehrle Drive, Suite 100, Williamsville, NY under the care and custody of the United States Postal Service within the State of New York.

The foregoing statements are true, under penalty of perjury.

                               *Nicole Okonczak*
                               Nicole Okonczak
                               Legal Assistant

Sworn to before me this 16th day of July 2018

*Jennifer Perkins*
Jennifer Perkins
Notary Public

JENNIFER PERKINS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
My Commission Expires January 02, 2022

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JEREMY M IANDOLO ESQ.
ATTORNEY FOR DEF ASHMEEN MODIKHAN
7621 13TH AVENUE
BROOKLYN, NY 11228

ANNA GUILIANO ESQ.
ATTORNEY FOR DEF BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2
377 BROADWAY, 6TH FLOOR
NEW YORK, NY 10013

JOHN MODIKHAN
8710 149TH AVENUE, APT. 5N
HOWARD BEACH, NY 11414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

           Plaintiff,

vs,

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN


           Defendant(s).
-------------------------------------------------------------------X



Index No. 301/2010
(MARTIN J. SCHULMAN, J. )

MORTGAGED PREMISES:
87-10 149TH AVENUE, HOWARD
BEACH, NY 11414

BL #: 11417 - 4513

# REDACTION COVER PAGE

## CHECK ALL THAT APPLY:

☒   The document filed contains no confidential personal information, as defined in 22 NYCRR 202.5(e).

☐   The document filed is REDACTED in accordance with 22 NYCRR 202.5(e).

☐   The document filed is UN-REDACTED in accordance with 22 NYCRR 202.5(e).

☐   (a)  The document filed contains SSN (as authorized by the order specified below).

☐   (b)  The document filed contains confidential personal information as defined under 22 NYCRR 202.5(e) (as authorized by the order specified below).

☐   This document was previously filed REDACTED.
    Date:

☐   This document was previously filed UN-REDACTED.
    Date:

☐   The document filed seeks a remedy under 22 NYCRR 202.5(e)(2).

☐   The document filed seeks a remedy under 22 NYCRR 202.5(e)(3).

☐   Additional information:

ADDITIONAL INFO

There is a previously filed order of the Court regarding this document: ○ yes / ● no

☐  Date of order:

☐  Date order filed:

☐  Other identifying information for such order:

The order of the Court is being filed with the redacted /un-redacted document ○ yes / ● no

☐  Date of order:

☐  Other identifying information for such order:

Signature of filer: _____

Print Name: Steven Rosenfeld, Esq.

Counsel appearing for: US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

Filer is Unrepresented / Pro se:    ○ yes / ● no

Date: _____7/12/18_____

# Exhibit F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                     Plaintiff,

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

                     Defendant(s).

-----------------------------------------------------------------X

**NOTICE OF ENTRY**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

      **PLEASE TAKE NOTICE**, that the within is a true copy of the Order Confirming Referee Report and Judgment of Foreclosure and Sale entered in the Office of the Clerk of the County of Queens on April 26, 2019.

DATED:      May _31_ , 2019
              Williamsville, New York

                               By:

                                 Matthew A Kielich, Esq
                                 **GROSS POLOWY, LLC**
                                 Attorneys for Plaintiff
                                 1775 Wehrle Drive, Suite 100
                                 Williamsville, NY 14221
                                 Telephone: (716)204-1700
                                 Facsimile: (716)204-1702
                                 (Facsimile not for service)

TO:

*See attached sheet*

```
FILED

JUN 1 1 2019

COUNTY CLERK
QUEENS COUNTY
```

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers<br>of The Patchogue Home Corp. Condominium<br>No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

Part 29

SEQUENCE NO. ___3___

At an I.A.S. ~~Term~~ of the Supreme Court of the County of Queens held in the Queens Supreme Court in the city of Jamaica, New York on the __5th__ day of __April__, 20_19_.

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

---------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

                    Plaintiff

    vs

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, JOHN MODIKHAN

                  Defendant(s)

---------------------------------------------------------------X

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

      **UPON** the Summons, Complaint, and Notice of Pendency filed in this action on January and Notice of Pendency & refiled April 18, 2017

6, 2010, the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23, 2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017, together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

      **UPON** proof that each of the defendants herein was served with the Summons and Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that more than the legally required number of days elapsed since defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or appeared; and Plaintiff having established to the Court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

UPON proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Morton Povman, Esq. dated July 18, 2018, showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged property may not be sold in parcels; and

2

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; and upon reading and filing the decision of the Court dated. October 19, 2018;

NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby without opposition

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee's Report of Morton Povman dated July 18, 2018 be, and the same is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Supreme Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in The Queens Daily Eagle; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without

3

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED AND DECREED, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ <sub>by</sub> certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall then deposit the

4

*Bank*

down payment and proceeds of sale, as necessary, in **Signature Bank 89-36 Sutphin** in his/her own **Blvd, Jamaica NY**

name as Referee, in accordance with CPLR § 2609; and it is further

**ORDERED, ADJUDGED AND DECREED,** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

*Bank*

**ORDERED, ADJUDGED AND DECREED,** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in **Signature Bank 89-36 Sutphin** and shall **Blvd, Jamaica, NY** thereafter make the following payments in accordance with RPAPL § 1354, as follows:

5

301/2019 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)
301/2019 RECEIVED PAPERS filed 10/29/2018

**FIRST**: The Referee's statutory fees for conducting the sale, in $750.00 accordance with CPLR § 8003(b), not to exceed $500.00 ~~unless the property sells for $50,000.00 or more OR~~ In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

**SECOND**: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the following:

**Amount Due per Referee's Report.** $293,876.51 with interest at the note rate from ~~March 01, 2009 to~~ December 07, 2017, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not

6

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

**Costs and Disbursements**. $ ~~CC~~ 19162.44  adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

**Additional Allowance**. $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

**Attorney Fees**. $ 4,950.00  is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

**FIFTH**: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

**ORDERED, ADJUDGED AND DECREED,** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

8

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)

Referee's deed in accordance with CPLR § 308; and it is further

ORDERED, ADJUDGED AND DECREED, that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED, that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

[handwritten: ∧ Queens County Clerk]

ORDERED, ADJUDGED AND DECREED, that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED, that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED, that, when the Referee files a report of

9

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED,** that to ensure compliance herewith,

Plaintiff shall file a written report with the Court within six months from the date of entry of this

judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY

11414.

The legal description of the mortgaged property referred to herein is annexed hereto as

Schedule A.

**ENTER,**

~~DATED:~~

~~JAMAICA, NEW YORK~~

**HON. MARTIN J. SCHULMAN**
**JUSTICE OF THE SUPREME COURT**

CLERK

**FILED & RECORDED**

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

ENTERED

APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

Printed: 5/13/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------X
US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                Plaintiff,

**AFFIDAVIT OF SERVICE BY MAIL**

vs

ASHMEEN MODIKHAN, ET AL

              Defendant(s).

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10    149TH    AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

----------------------------------------------------------------X

Dylan Kowalski, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on June 6, 2019, Deponent served a true copy of the Notice of Entry for the Order Confirming Referee Report and Judgment of Foreclosure and Sale on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below.

The foregoing statements are true, under penalty of perjury.

                       Dylan Kowalski
                       Legal Assistant

Sworn to before me this June 6, 2019.

Joyce B. Kelly
Notary Public

JOYCE B KELLY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires July 08, 20_19_

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna  Guiliano, Esq.<br>Attorney for Defendant Board of Managers of The Patchogue Home Corp. Condominium No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

State of New York     SUPREME     Court       County of QUEENS

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

**Notice of Entry**

Year

Plaintiff,

VS.

**ASHMEEN MODIKHAN**, et al.

Defendant(s).

*Attorney for*

**Plaintiff**       fax (716)204-1702

*Office, Post Office Address and Telephone*     **NOT FOR SERVICE**
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

Personal Service of the within                  ,and of the notice (if any)
hereon endorsed, is admitted this     day of            , 20

-----------------------------------------------------------------------------------------
Attorney(s) for

Sir:--Please taken notice                     **NOTICE OF ENTRY**
that an                             of which the within is a copy, was duly granted in the
within entitled action on the       day of       , 20     , and duly entered in the office of the Clerk
of the County of            on the       day of       , 20
To                                   **GROSS POLOWY, LLC**
Attorney(s) for                         *Attorney for*

Sir:--Please taken notice                    **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on the           day of           , 20     .
To                                   **GROSS POLOWY, LLC**
Attorney(s) for                         *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS       SS.:          **AFFIDAVIT OF SERVICE BY MAIL**

being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On          , 20          , deponent served the within
upon
attorney(s) for                     in this action, at
the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this          day of          , 20

_____     _____

Notary Public, Commissioner of Deeds

# EXHIBIT G

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 66 of 863 PageID #: 868

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
271-C Cadman Plaza East
Brooklyn, NY 11201-1800

--------------------------------------------------------------------

IN RE:                                                                    Case No. 19-44172-ess
                                                                          Chapter 7

Ashmeen Modikhan


                                                        Debtor
--------------------------------------------------------------------

### REQUEST FOR JUDICIAL DETERMINATION
### CONCERNING DISMISSAL PURSUANT TO 11 U.S.C. § 521(i)

The Clerk's Office requests the Court to determine whether this case should be dismissed pursuant to 11 U.S.C. § 521(i). The following deficiencies under 11 U.S.C. § 521(a)(1) are noted:

☐ Notice to Individual Debtor with Primarily Consumer Debts under 11 U.S.C. § 342(b) (Official Form 2010)

☑ Schedule A/B (Property) (Official Form 106A/B)

☑ Schedule D (Creditors Who Have Claims Secured By Property) (Official Form 106D)

☑ Schedule E/F (Creditors Who Have Unsecured Claims) (Official Form 106E/F)

☑ Schedule I (Your Income) (Official Form 106I)

☑ Schedule J (Your Expenses) (Official Form 106J)

☐ Schedule J-2 (Expenses for Separate Household of Debtor 2) (Official Form 106J-2) (*if applicable*)

☑ Statement of Financial Affairs for Individuals Filing for Bankruptcy (Official Form 107)

☑ Chapter 7 Statement of Your Current Monthly Income and Means-Test Calculation (Official Form 122A-1)

☐ Statement of Exemption from Presumption of Abuse Under § 707(b)(2) (Official Form 122A-1Supp)

☑ Copies of Pay Statements received within 60 days of filing from any employer or a statement indicating this requirement is not applicable

**NOW, THEREFORE, IT IS HEREBY ORDERED, THAT**

☑ The Clerk's Office is directed to dismiss this case pursuant to 11 U.S.C. § 521(i)(1).

☐ The Clerk's Office is directed not to dismiss this case pursuant to 11 U.S.C. § 521(i)(1) for the following reasons:

_____

_____



**Dated: Brooklyn, New York**
**September 11, 2019**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

# Exhibit H

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In Re:

Ashmeen Modikhan,

Debtor.
-------------------------------------------------------X

CASE NO.: 19-46591-jmm

CHAPTER: 7

## <u>ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY</u>

**UPON** consideration of the application (the "Motion") **[ECF No. 274] (JMM)** dated

January 19, 2022, of Rushmore Loan Management Services, LLC as servicer for U.S. Bank Trust

National Association as Trustee of the Dwelling Series IV Trust (together with any successor

and/or assigns, "Movant"), for an order, pursuant to sections 362(d)(4) and 362(d)(1) of title 11 of

the United States Code (the "<u>Bankruptcy Code</u>") vacating the automatic stay imposed in the above-

captioned case by section 362(a) of the Bankruptcy Code as to the Movant's interests 94-22

Magnolia Court, Unit 1B, Ozone Park, NY 11417-2958 (Section: 51 Block: 030; Lot: 092) (the

"<u>Property</u>") to allow the Movant's enforcement of its rights in, and remedies in and to, the

Property; and due and proper notice of the Motion having been made on all necessary parties; and

the Court having held a hearing on the Motion on March 15, 2022; and upon all the proceedings

had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is granted in part and denied in part as provided herein; and it

is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the

Bankruptcy Code is vacated under section 362(d)(1) of the Bankruptcy Code as to the Movant's

interest in the Property to allow the Movant's enforcement of its rights in, and remedies in and to, the Property; and it is further

     ~~**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $188.00 as provided in the loan documents; and it is further~~ **(JMM)**

     **ORDERED** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

     **ORDERED** that the Movant shall promptly report to the Chapter 7 Trustee any surplus monies realized by any sale of the Property; and it is further

     **ORDERED** that for the reasons stated on the record at the March 15, 2022 hearing, all other relief requested in the Motion is denied.



**Dated: Brooklyn, New York**
      **March 23, 2022**

                                     **Jil Mazer-Marino**
                          **United States Bankruptcy Judge**

# EXHIBIT I

**Supreme Court of State of New York**

**County of Queens**

## U.S. Bank National Association As Legal Title Trustee for Truman 2016 2C6 Title Trust

　　　　　**Plaintiff(s)**

v.

Index #:　**301 - 2010**

**Notice of Discharge of Attorney**

## ASHMEEN MODIKHAN, ET AL

　　　　　**Defendant(s)**

----------------------------------------------X

　　　I, **ASHMEEN MODIKHAN**, the undersigned, being the **Defendant** in the above-titled action do hereby notify:

**Jeremy M. Iandolo, Esq.**

my attorney of record with offices located at:

**7621 13th Avenue**
**Brooklyn, N.Y. 11228**

**F I L E D**

DEC - 1 2020

COUNTY CLERK
QUEENS COUNTY

That I am discharging them as my attorney of record, and I am electing to proceed in this action Pro Se. I am now representing myself.  I am further requesting that **Jeremy M. Iandolo, Esq.** turn over my case file within five (5) business days.

**VERIFICATION**

I have read the foregoing Notice of **Discharge of Attorney** and know the contents thereof.  The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

X _____

**ASHMEEN MODIKHAN**

**Sworn to before me this**

**1st day of December, 2020**

x_____

**Notary Public**

```
ALISHA ESAU
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ES6399741
Qualified in QUEENS County
Commission Expires 10/28/2023
```

# Exhibit J

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 73 of 863 PageID #: 770

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP

        "Plaintiff",

V                                  705854/21

                              Case Number: 301/2010

        ASHMEEN MODIKHAN, BOARD OF MANAGERS OF PATCHOGUE HOMES
CORP, CONDOMINIUM NO. 2 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC; NEW YORK STATE
DEPARTMENT OF TAXATION ND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY ENVIROMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU

        Defendant(s)"

_____/

                      NOTICE, not a motion

Attorney for "Plaintiff" ROSICKI, ROSICKI & ASSOCIATES, P.C.

## JURISDICTIONAL CHALLENGE
## WITH AFFIDAVIT

FILED

MAR 1 7 2022

COUNTY CLERK
QUEENS COUNTY

        Ashmeen Modikhan, by limited appearance to this matter in this court of record with
clean hands, without prejudice and with all rights reserved including UCC 1-308 in dealing with
this court, in pro per, sui juris (NOT PRO SE), have not seen any evidence that proves how this
court got its jurisdiction.

        Ashmeen Modikhan has the right to challenge the jurisdiction of any court that attempts
to force compliance with its deceptive practices, procedures, rules, and word-smithing at any
time, and this right has been upheld by numerous decisions by the Supreme Court of the United
States. Once jurisdiction has been challenged, it is the mandatory obligation of the opposing
party to prove the basis of the court having jurisdiction to proceed in the matter before it, and
until that has been put on the Record of the court, the court can proceed no further.

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Further, the Supreme Court of the United States has ruled that jurisdiction can be **challenged at any time** even as much as 15 (fifteen) years after a judgment has been entered. Decisions of the Supreme Court of the United States are *mandatory requirement to be complied with by all courts*, state and federal and leave those courts no discretion as to whether or not to comply. The following Supreme Court cases set out the mandatory requirements that must be complied with.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo* **v.** *US*, 505 F2d 1026.

"Where there is no jurisdiction over the subject matter, there is no discretion to ignore that lack of jurisdiction**."** *Joyce* **v.** *US*, 474 F2d 215.

"Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction." *Rosemond* **v.** *Lambert*, 469 F2d 416.

"Judgment rendered by court which did not have jurisdiction to hear cause is void ab initio." *In Re Application of Wyatt*, 300 P. 132; *Re Cavitt*, 118 P2d 846.  "It is elementary that the first question which must be determined by the trial court in every case is that of jurisdiction." *Clary v. Hoagland*, 6 Cal.685; *Dillon v. Dillon*, 45 Cal. App. 191,187P. 27.

The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction throughout this case must be made on a point by point basis for **all** the moving **Party/Petitioner/Plaintiff** actions, filings and motions are true and correct in relation to the proper State laws, codes, rules, regulations, statutes used to conduct this case that proper jurisdiction was always maintained from the record including the incomplete summons.

"A departure by a court from those recognized and established requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is as much an "excess of jurisdiction" as where there exists an inceptive lack of power." *Wuest* **v.** *Wuest*, 53 Cal. App. 2d 339,127P.2d 934.

"A court has no jurisdiction to determine its own jurisdiction for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

the first instance." ***Rescue Army v. Municipal Court of Los Angeles***, 171 P2d; 331 US 549, 91 L. ed. 1666, 67 S. Ct. 1409.

"Where there is no jurisdiction there is no judge: the proceeding is as nothing. Such has been the law from the days of the Marshalsea." 10 Coke 68; also ***Bradley v. Fisher***, 13 Wall 335,351." ***Manning v. Ketcham***, 58 F.2d 948.

"A distinction must be here observed between **excess of jurisdiction** and the clear absence of all jurisdiction over the subject-matter any authority exercised is a **usurped authority** and for the exercise of such authority, when the **want of jurisdiction is known** to the judge, **no excuse** is permissible." *Bradley v. Fisher*,13 Wall 335, 351, 352.

"Plaintiffs bear the burden of establishing subject matter jurisdiction." *KNAPP MEDICAL CENTER, et al. v. Eric D. HARGAN,* 875 F.3d 1125, (2017).

"**Jurisdiction**, once challenged, **is to be proven**, not by the court, but **by the party attempting to assert jurisdiction**. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered." *McNutt v. GMAC*, 298 US 178. Emphasis added. The origins of this doctrine of law may be found in Maxfield's Lessee V Levy, 4 US 308.

In a very recent decision, the Supreme Court unequivocally stated in *James v. City of Boise Idaho*, 136 S. Ct. 685 (2016):

"It is this Court's responsibility to say what a [federal] statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." *Nitro–Lift Technologies, L.L.C. v. Howard,* 568 U.S. ——, ——, 133 S.Ct. 500, 503, 184 L.Ed.2d 328 (2012) (*per curiam* ) (quoting *Rivers v. Roadway Express, Inc.,*511 U.S. 298, 312, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (internal quotation marks omitted)). And for good reason. As Justice Story explained 200 years ago, if state courts were permitted to disregard this Court's rulings on federal law, "the laws, the treaties, and the constitution of the United States would be different in different states, and might, perhaps, never have precisely the same construction, obligation, or efficacy, in any two states. The public mischiefs that would attend such a state of things would be truly deplorable." *Martin v. Hunter's Lessee,* 1 Wheat. 304, 348, 4 L.Ed. 97 (1816)."

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

The court also said:

"The Idaho Supreme Court, **like any other state or federal court, is bound by this Court's interpretation of federal law**" [emphasis added]

Ashmeen Modikhan, at this time makes that challenge and demands that the **SUPREME COURT OF NEW YORK, QUEENS COUNTY, order** the so-called Plaintiff in this case provide direct evidence and proof on the Record that the **322ND SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS _is_** a judicial power court which was created by the Constitution for the State of New York and operates in compliance with all of the provisions of the Constitution for the United States of America.

The Court would lack jurisdiction being that there is evidence to support the improperly contrived subject matter by proper legislative process; and the Eleventh Amendment of the United States Constitution removed all "judicial power" in law, equity, treaties, contract law and the right of the State to bring suit against the People, therefore the " alleged Defendant" now challenge jurisdiction for the record.

Standing must also be proven to show jurisdiction. In order to file a case in court, litigants must have "standing" to sue. To have standing, Supreme Court doctrine requires that parties have an "injury in fact." This injury must be specific and concrete - rather the speculative and abstract. Standing requires the violation of a legal right that causes damage. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984)

All orders or judgments issued by a judge in a court of limited jurisdiction must contain the findings of the court showing that the court has subject-matter jurisdiction, not allegations that the court has jurisdiction.

Any explanations to the above-mentioned matters MUST be done on a point-by-point basis with verified facts that are referenced in law, Legislative acts, Federal and/or State constitutions. The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction must be sworn to under the penalties of perjury of the United States of America that response is true and correct, certified by notarization, and must be able to be understood by any reasonable man/woman should understand.

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Pleadings of this Party SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and in support of that claim I submit the following:

*"And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe. (a)" Judiciary Act of September 24th, 1789. Section 342, FIRST CONGRESS, Sess. 1, ch. 20,1789.*

## AFFIDAVIT

State of New York    )

           ) ss.    *TO ALL TO WHOM THESE PRESENTS SHALL COME*

County of Queens    )

I, the Affiant, who goes by the appellation, Ashmeen Modikhan, a man, a woman standing as an Inhabitant on Queens County in New York the land, non-territorial to the United States and therefore without the United States, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of New York, in good faith, with no intention of delaying, nor obstructing, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say:

1. That I, Ashmeen Modikhan, declare that I am competent to state to the matters set forth herein; and

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

2. That I, Ashmeen Modikhan declare that I have personal knowledge of the facts stated herein; and

3. That I Ashmeen Modikhan declare the original contract was altered, and stolen.

4. That I, Ashmeen Modikhan, declare there was an addition to the agreement with the following items that are not showing on the contract filed in this case.

a) The intent of the agreement was the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money.

b) The bank or financial institution involved in the alleged loan will follow GAAP.

c) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower.

d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument.

e) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP.

e) the original written agreement gives full disclosure of all material facts.

5. That I, Ashmeen Modikhan, declares the original contract will show the bank agreed that I could repay using another IOU- promissory note payable in the same species of money, money equivalent or credit or funds or capital that the bank or financial institution used per GAAP to fund the loan.

6. That I, Ashmeen Modikhan, declare damages because the note was altered and stolen.

7. That I, Ashmeen Modikhan, declare that my signature cannot testify that the bank lent me the bank's money to purchase the browser's promissory note.

8. That I, Ashmeen Modikhan, declare the plaintiff failed to provide the court adequate assurance of due performance.

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

9. That I, Ashmeen Modikhan, the bank did not give me a deposit slip in violation of 12 USCA Sec 1813

10. That I, Ashmeen Modikhan, declare if the court does not have on record what the bookkeeping entries are, the attorney cannot prove they performed under the agreement and funded the loan to the me.

11. That I, Ashmeen Modikhan, declare that all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness I will testify to their veracity; and

12. That I, Ashmeen Modikhan, declare that I am not now, nor have I been in the past 10 years, federal employee, or federal personnel; and

13. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**, or any/all aliases of this name, is not a lower federal district court limited in jurisdiction to only those areas which are federal enclaves, and I believe that no contrary evidence exists; and

14. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS   or any/all aliases of this name, is not without *in personam* jurisdiction over Ashmeen Modikhan, one of the People of New York, and I believe that no contrary evidence exists; and

15. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme Court of The State of New York, County of Queens, or any/all aliases of this name, does not have the ability to obtain jurisdiction over one of the People of New York, the property of one of the People of New York, and I believe that no contrary evidence exists; and

16. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York, County of Queens,** or any/all aliases of this name, is not limited in authority to only administrative power over the artificial entity/legal person, Ashmeen Modikhan June, and I believe that no contrary evidence exists; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

17. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11th **Supreme Court of State of New York, County of Queens,** or any/all aliases of this name, is not an administrative power only court, which is masquerading as a judicial power court, which was created by the LEGISLATURE OF STATE OF NEW YORK, and I believe that no contrary evidence exists; and

18. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that judicial power courts, the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS is not created only by the Constitution for the State of New York, and I believe that no contrary evidence exists; and

19. That I, Ashmeen, declare that I am not in receipt of any evidence or other material facts that the LEGISLATURE OF STATE OF NEW YORK is not powerless to create judicial power courts, and I believe that no contrary evidence exists; and

20. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS, or any/all aliases of this name, is not an administrative power only court created for commercial purposes by the LEGISLATURE OF THE STATE OF NEW YORK, acting as an instrumentality of the United States, and I believe that no contrary evidence exists; and

21. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme COURT OF THE STATE OF NEW YORY, COUNTY OF

QUEENS, or any/all aliases of this name, is not an administrative power only court forcing compliance with its Orders by use of armed mercenary police actions, and I believe that no contrary evidence exists; and

22. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS**, or any/all aliases, is not by the actions of said court directly violating the rights held by the People under the Constitution for the State of New York, through said court's use of deceptive practices, procedures, rules, and word-smithing, and I believe that no contrary evidence exists; and

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

23. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there is any person holding themselves out as a judge for the 11TH **DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**, who has not taken the proper oath for a state judicial officer, which is required to be taken by Act of Congress, as set out at 1 Stat. 23, which reads:

"SEC. 1. *Be it enacted by the Senate and [House of] Representatives of the United States of America in Congress assembled*, That the oath or affirmation required by the sixth article of the Constitution of the United States, shall be administered in the form following, to wit: "I, A. B. do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States."

SEC. 3. *And be it further enacted*, That the members of the several State legislatures, at the next sessions of the said legislatures, respectively, and all executive and judicial **officers of the several States**, who have been heretofore chosen or appointed, or who shall be chosen or appointed before the first day of August next, and who shall then be in office shall within one month thereafter, take the same oath or affirmation, except where they shall have taken it before; which may be administered by any person authorized by the law of the State, in which such office shall be Holden, to administer oaths." [Emphasis added]

and I believe that no contrary evidence exists; and

24. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York County of Queens,** or any/all aliases of this name, is not committing unlawful acts by claiming authority beyond its jurisdiction when it orders to pay fines of the People of New York state, and I believe that no contrary evidence exists; and

25. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that when the NEW YORK ATTORNEY GENERALS OFFICE 11 DISTRICT COURT OF NEW YORK, CORRECT THIS, or any/all aliases of this name, refuses to rebut this Affidavit, point by point on the Court Record, that said Court is not committing intentional and malicious violations of civil rights against the Ashmeen Modikhan, one of the People of New York, Correct this, and I believe that no contrary evidence exists; and

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 82 of 863 PageID #: 779

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

26. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there does not exist a clear absence of all jurisdiction in the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, **COUNTY OF QUEENS,** and I believe that no contrary evidence exists.

27. That I, Ashmeen Modikhan, declare the Official Code or Statute of New York Annotated or OCGA sec. 44-3-109 used to foreclose against me are unnamed and missing the 3 elements necessary to be considered a valid law.

28. That I, Ashmeen Modikhan, declare the codes/statutes show no signs of authority on their face as recorded in the Official Code or Statute of New York, Annotated or OCGA.

29. That I, Ashmeen Modikhan, declare the Constitution and the Supreme Court of New York asserted that a statute/codes must have an **enacting clause**.

30. That I, Ashmeen Modikhan declare the Constitution stated that "The **enacting clause** is that portion of a code or statute which gives it jurisdictional identity and constitutional authenticity." Joiner v. State.

31. That I Ashmeen Modikhan declare without an enacting clause, the laws referenced in the complaints have no official evidence that they are from an authority to which the I am is subject to or required obey.

## FURTHER AFFIANT SAITH NOT.

I declare under the penalty of bearing false witness before God and Men as recognized under the laws in and for The State of New York, the Laws of the United States of America and the Law of Nations, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Ashmeen Modikhan executes this document in accordance with Ashmeen Modikhan, best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

As done this _17TH_ day of _MARCH_ in the year 2022, under penalty of perjury under the laws of the United States of America.

L.S. _Ashmeen Modikhan_

By: Ashmeen Modikhan

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Duly sworn this _17th_ day of _march_, 2022

STATE OF _NY_ )

)        **JURAT**

COUNTY OF _Queens_ )

Before me the undersigned, a Notary acting within and for the County of _Queens_ and State of _on this 7_ day of _march 2022_, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be the person whose names is subscribed to the within instrument, to be the identical Woman, Ashmeen Modikhan, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by his signature on the foregoing document, executed the within instrument.

Given under my hand and seal this _17th_ day of _march 2022_.

Notary Signature _____   Seal

Printed Notary Name _____

My commission expires _03/02/2025_

ALEKSANDR KHAIMOV
NOTARY
NO. 01KH6201775
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
03-02-2025
STATE OF NEW YORK
PUBLIC

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

### CONCLUSION with DIRECTIVE

WHEREFORE, Ashmeen Modikhan, having duly challenged the jurisdiction and claim of judicial power of Supreme Court of The State of New York, County of Queens, does now demand and direct said Court to order the Plaintiff in said cause to prove on the Record of this instant case that the Declarations of Ashmeen Modikhan are invalid and to prove that this Court was created by the Constitution for the State of New York, holding judicial power. And that the judges who have presided over this case prove by certified archival documents that they had on file the required oath set forth by Act of Congress as 1 Stat. 23 before they issued the orders, which said judges claim to have judicial power to issue and to have enforced by any law enforcement agency. Ashmeen Modikhan serves Administrative/Judicial Notice on this Court, that unless and until the above Affidavit is rebutted in its entirety, point by point, it stands as the Law of this instant case. Pursuant to *Melo* **v.** *US*, this Court **must**, once jurisdiction has been challenged, as it now has been, **halt all further proceedings and stay all Orders/Writs that this Court has issued**. Further, this Court shall issue an Order to the Plaintiff to prove jurisdiction on the Record of this case and rebut the above Affidavit, point by point, within **10 days** of the filing of this Challenge of Jurisdiction. Should this Court refuse to issue such order to the Plaintiff, this Court admits on the Record of this case that all orders which have been issued by any alleged judge of this Court in this instant case are VOID, not merely voidable. And, should this Court refuse to issue an order declaring **all Orders in this case VOID**, that such refusal or silence is a Tacit admission that the Court is intentionally and maliciously violating the unalienable civil rights of, Ashmeen Modikhan, one of the People of New York; and further, this Court, as a result of its Tacit admission agrees, that a Civil Rights complaint, against all perpetrators of the violations, would be an appropriate action.

**Approve as to form**

*[signature]*

**By: Ashmeen Modikhan**

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM
NYSCEF DOC. NO. 8
Case 1.22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   #: 782
INDEX NO. 705854/2021
Page 85 of 863 PageID
RECEIVED NYSCEF: 03/17/2022

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

### **VERIFICATION**

I, Ashmeen Modikhan State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York, and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this _17th_ day of _MARCH_ , 2022.

L.S. _____
Ashmeen Modikhan

Notary Signature

Printed Notary Name

My commission expires _03/02/2025_

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 86 of 863 PageID #: 783

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,

                                   Plaintiff,

                -against-

ASHMEEN MODIKHAN; et al.,

                            Defendants

-----------------------------------------------------------------------------x

Index No. 705854/2021

**NOTICE OF RETURN AND REJECTION**

      **PLEASE TAKE NOTICE** that Plaintiff, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, by their attorney, Friedman Vartolo LLP, hereby rejects and returns the "Jurisdiction Challenge with Affidavit" of Ashmeen Modikhan:

      1.      To the extent that Ashmeen Modikhan's (hereinafter "Defendant") "Jurisdiction Challenge with Affidavit" dated March 17, 2022, is intended as a response to Plaintiff's Complaint, the same is returned as a nullity upon the ground that the time within which to serve such pleadings as of right has elapsed and no extension for such service has been granted. *See* CPLR 3012.

      2.      Defendant was served on January 8, 2010, pursuant to CPLR 308(2). The Affidavit of Service was filed January 15, 2010. Accordingly, Defendant's time to serve a responsive pleading has expired. *See* CPLR 308(2); CPLR 3012.

      3.      Thus, Defendant's "Jurisdiction Challenge with Affidavit" dated March 17, 2022 is untimely. A true and complete copy of the "Jurisdiction Challenge with Affidavit" is annexed hereto as Exhibit A.

*(continued on following page)*

Case 1:22-cv-07475-PKC-LB     Document 5-1     Filed 01/05/23     Page 87 of 863 PageID #: 784

DATED: March 21, 2022
New York, New York

_____
Annette Gershovich, Esq.
Friedman Vartolo LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

TO:

Jeremy M. Iandolo. Esq.
*Attorney for Defendant*
7621 13th Avenue
Brooklyn, NY 11228

Ashmeen Modikhan
8710 149th Avenue, Apt 5N
Howard Beach, NY 11414

# Exhibit K

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 89 of 863 PageID #: 786

# **NOTICE OF SALE**

SUPREME COURT COUNTY OF QUEENS, US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, Plaintiff, vs. ASHMEEN MODIKHAN, ET AL., Defendant(s).

Pursuant to an Order Confirming Referee Report and Judgment of Foreclosure and Sale duly entered on April 26, 2019, I, the undersigned Referee will sell at public auction on the outside steps of the Queens County Supreme Court, 88-11 Sutphin Boulevard, Jamaica, NY on October 14, 2022 at 12:30 p.m., premises known as 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11414. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, Block 11417 and Lot 4513 together with an undivided 0.57692 percent interest in the Common Elements. Approximate amount of judgment is $293,876.51 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index #705854/2021. The Referee shall comply with the Eleventh Judicial District's COVID-19 policies concerning public auctions of foreclosed properties. These policies, along with the Queens County Foreclosure's Auction Rules, can be found on the Queens Supreme Court - Civil Term website.

Morton Povman, Esq., Referee

Friedman Vartolo LLP, 85 Broad Street, Suite 501, New York, New York 10004, Attorneys for Plaintiff. Firm File No. 211697-1

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 90 of 863 PageID #: 787

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

        Index No. 705854/2021

                                    Plaintiff,

**AFFIDAVIT OF MAILING**

              -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOME CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING VIOLATIONS
BUREAU; JOHN MODIKHAN,

                                    Defendants

-----------------------------------------------------------------------x

STATE OF NEW YORK      )
  ) ss:
COUNTY OF NASSAU      )

TRISTAN VILLANUEVA, being duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New
York.

On September 14, 2022, I served a true copy of the annexed **NOTICE OF SALE** by mailing the
same by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or
official depository of the U.S. Postal Service within the State of New York, addressed to the last
known address of the addressee as indicated below.

Jeremy M. Iandolo, Esq.
**J. IANDOLO LAW, P.C.**
*Attorneys for Defendant, Ashmeen Modikhan*
7621 13th Avenue
Brooklyn, New York 11228



FILED: QUEENS COUNTY CLERK 09/15/2022 03:37 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 13
RECEIVED NYSCEF: 09/15/2022

Case 1.22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 91 of 863 PageID
#: 788

Ashmeen Modikhan
87-10 149th Avenue, Apt. 5N
Howard Beach, New York 11414

Anna Guiliano, Esq.
**BORAH, GOLDSTEIN, ALTSCHULER, NAHINS & GOIDEL, PC**
*Attorneys for Defendant, Board of Managers of the Patchogue Homes Corp. Condominium #2*
377 Broadway, 6th Floor
New York, New York 10013

**MORDENTE LAW FIRM LLC**
*Attorneys for Defendant, Board of Managers of the Patchogue Homes Corp. Condominium #2*
160-29 Union Turnpike
Fresh Meadows, New York 11366

Board of Managers of the Patchogue Home Corp. Condominium # 2
87-10 149th Avenue, Apartment 5D
Howard Beach, New York 11414

Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.
4500 Park Granada
Calabasas, California 91302

Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.
3300 SW 34th Avenue, Suite 101
Ocala, Florida 34474

Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc.
c/o CT Corporation System
111 8th Avenue, 13th Floor
New York, New York 10011

New York State Department of Taxation and Finance
400 Oak Street
Garden City, New York 11530

New York City Transit Adjudication Bureau
130 Livingston Street
Brooklyn, New York 11201

New York City Environmental Control Board
66 John Street
New York, New York 10038



New York City Parking Violations Bureau
66 John Street
New York, New York 10038

"John" Modikhan
87-10 149th Street, Apartment 5N
Howard Beach, New York 11414

Occupant(s)
87-10 149th Avenue, Unit 5N
Howard Beach, New York 11414

Morton Povman, Esq.
*Court-Appointed Referee*
108-18 Queens Boulevard
Forest Hills, New York 11375

TRISTAN VILLANUEVA

Sworn to Before Me This
14th day of September, 2022

Notary Public

KERRIANNE YETKOFSKY
Notary Public, State of New York
No. 01YE6024216
Qualified in Nassau County
Commission Expires May 3, 2023

Case Number: 211697-1



# Exhibit L

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 94 of 863 PageID #: 791

Queens County Clerk's Office
Paym 2952909 09/20/2022 11:49a
Cashier DJAGDHAR Register # 1

Tr. 3642234
Notice of motion/Cross Motion on ---311063a   $45.00
INDEX# 705854/2021                              $45.00

Total:                                         $45.00

Credit

| Seq. No.: |
| Relief: |
| Return Date: |
| Cal. Date: |

## FOR COURT USE ONLY

**Supreme Court of State of New York**
**County of Queens**

PRESENT:  HON _____
Justice of the Supreme Court

**US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

**Index #:  301/2010**
**705854/2021**

**v.**

**NOTICE OF MOTION**

**ASHMEEN MODIKHAN, ET AL**

   **PLEASE  TAKE  NOTICE**  that  upon  the  attached  affidavit  of **Ashmeen Modikhan**, sworn to on **the 20th Day of September, 2022**, and upon the exhibits attached thereto, and upon all proceedings in the case to date, the **Defendant will move this Court, at 10:00a.m.** on **the 6th Day of October 2022 at:**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 95 of 863 PageID #: 792

**The Supreme Court State of New York**
**County of Queens- Civil Term**
**88-11 Sutphin Boulevard Jamaica, N.Y. 11435, in IAS Part _____,**

**For an order granting the following to the movants:**

1. Vacating/ reversing/ staying the auction of subject premises,
2. Vacating/ reversing the judgment of foreclosure entered on default against Defendant,
3. Dismissing this foreclosure matter against Defendant.

**and granting such further relief as this court may deem just and proper.**
**PLEASE TAKE FURTHER NOTICE**, that pursuant to CPLR 2214 (b), a Notice of Motion and support affidavits shall be served at least eight (8) days before which time the motion is noticed to be heard.

Answering affidavits shall be served at least two (2) days before such time. Answering affidavits and any notice of cross-motion, with supporting papers, if any, shall be served at least seven (7) days before such time to appear if a Notice of Motion is served at least sixteen (16) days before such time so demands; whereupon any reply or responding papers affidavits shall be served at least one (1) day before such time.

Date: _09/20/2022_
Address:    Queens, N.Y.

Respectfully Submitted,

_[signature]_

Ashmeen Modikhan Pro Se
94-22 Magnolia Court, Unit 1B
Ozone Park, NY 11417

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 96 of 863 PageID #: 793

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

---

| | |
|---|---|
| **US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,** | Index No. 301/2010 705854/2021 |
| Plaintiff | Assigned Judge: |
| -against- | Hon. Martin J. Schulman |
| **ASHMEEN MODIKHAN, et al.,** | |
| Defendants | |

---

### AFFIDAVIT IN SUPPORT OF

### MOTION TO VACATE DEFAULT JUDGMENT

1.      I, Ashmeen Modikhan, one of the Defendants, resides at 94-22 Magnolia Court, Unit 1B, Ozone Park, NY 11417.

2.      I am the owner of the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.

3.      I make this Affidavit in Support of my Motion to Vacate the Default Judgment.

### BACKGROUND FACTS

4.      The defendant, Ashmeen Modikhan, was a current customer of Countrywide Home Loans, Inc. on her other properties. In 2007, a representative from Countrywide Home Loans, Inc. contacted the defendant, Ashmeen Modikhan, informing her she had equity in the subject property, and they could refinance her loan to take advantage of the equity available.

5.      The original paperwork signed on April 24, 2007, was with Countrywide Home

- 1 -

Loans, Inc. who purported to be licensed and legally allowed to conduct business in the State of New York as a mortgage lender. The defendant, Ashmeen Modikhan, executed a Note and Mortgage under these beliefs.

6.     The defendant, Ashmeen Modikhan, was receiving monthly mortgage statements from Countrywide Home Loans **(Exhibit "1")**.

7.     The statement instructs the defendant, Ashmeen Modikhan, to "make check payable to Countrywide Home Loans at PO Box 660694, Dallas, TX 75266-0694.

8.     On or about April 29, 2009, the defendant, Ashmeen Modikhan, received a mortgage statement from Bank of America Home Loans. It states that BAC Home Loan Servicing, LP "services your home loan on behalf of the holder of your note." The name of the holder of the note was not revealed. **(Exhibit "2")**.

9.     In 2008, Countrywide Financial Corporation, a Delaware corporation, and all its subsidiaries (including Countrywide Home Loans), merged with and into Red Oak Merger Corporation, a wholly own subsidiary of Bank of America, the surviving company.

10.     According to Securities and Exchange Commission filings, upon the acquisition, Red Oak Merger Corporation, changed its name to Countrywide Financial Corporation, now a Bank of America wholly owned subsidiary. This means all the subsidiaries became Countrywide Financial Corporation, a Bank of America subsidiary.

11.     The great financial collapse was from the years 2008 to 2011.

12.     After the collapse many industries suffered. In September of 2008 the defendant, Ashmeen Modikhan's full-time position at a travel agency was discontinued.

13.     The defendant, Ashmeen Modikhan immediately reached out to Bank of America, N.A. and spent most of 2009 applying for a loan modification. Bank of

America, N.A. consistently lost The Defendant, Ashmeen Modikhan's, information, needed more information, or gave other excuses as to why the Defendant, Ashmeen Modikhan's, loan modification remained stalled in the processing stage. During this entire period Bank of America, N.A. acted in bad faith and they never gave Defendant, Ashmeen Modikhan's a loan modification. Defendant, Ashmeen Modikhan, was led to believe by Bank of America, N.A. that an agreement could be made on terms to modify the loan.

14.     On or about January 29, 2010, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens' Recorder's office under CRFN#2010000034349. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008 **(Exhibit "3")**. On page five of the document are the instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates.

15.     On or about March 12, 2010, the Defendant, Ashmeen Modikhan, received a "flyer" type document in the mailbox at 8710 149th Avenue, Apt 5N, Howard Beach, NY 11414 instructing the "Queens homeowner" to appear at the "Settlement Conference" on 04/28/2010. **(Exhibit "4")**. The Defendant, Ashmeen Modikhan, was never personally served a summons and complaint **(Exhibit "5")**.  This is an insufficient service of process.

16.     Per CPLR §308, personal service one must make genuine attempts at personal of substituted service (as defined in the rules) before the "nail and mail" option can be employed.

17.     The Defendant, Ashmeen Modikhan, was denied her due process.

18.     The Defendant, Ashmeen Modikhan, did appear in court on the designated time

and date. The court directed the Defendant, Ashmeen Modikhan, to the foreclosure prevention court clinic. The Defendant, Ashmeen Modikhan received a copy of the complaint in the court clinic.

19.     The complaint failed to provide a copy of the April 24, 2007, note in favor of Countrywide Home Loans, Inc. or proof of the succession from Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Therefore, the presumption is BAC Home Loans Servicing, LP did not possess the note at the time the complaint was filed.

20.     The Plaintiff's counsel was Rosicki, Rosicki and Associates.

21.     The Defendant, Ashmeen Modikhan, sought free legal consult after leaving the court hearing on April 28, 2010, and was advised she needed to answer the compliant. She answered the complaint as a pro se defendant and filed it with the court.

22.     Unable to obtain an attorney, the Defendant, Ashmeen Modikhan remained pro se in the instant case throughout the case and until the Order of Dismissal Pre-note was entered July 23, 2014.

23.     On or about February 6, 2012, the mortgage "loan" was transferred to Bank of America, N.A. per a Notice of Assignment, Sale, or Transfer of ownership of Mortgage Loan provided by Bank of America, N.A on February 14, 2012. **(Exhibit "6") The previous creditor is not named.**

24.     On or about June 28, 2012, the Defendant, Ashmeen Modikhan, filed for Chapter 7 bankruptcy protection in the Eastern District of New York (Brooklyn) under case number 12- 44750-ess. BAC Home Loans Servicing was listed.

25.     On or about October 1, 2012, Bank of America, N.A. transferred the servicing

- 4 -

rights to Ocwen Loan Servicing, LLC in correspondence from Bank of America dated September 12, 2012. **(Exhibit "7")**

26.    On or about October 10, 2012, a Discharge of Debtor Order of Final Decree was entered in the bankruptcy case. **(Exhibit "8")**

27.    On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. **(Exhibit "9")** naming Ocwen Loan Servicing, LLC as its servicer in correspondence from Ocwen dated July 11, 2013.

28.    On or about January 28, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CFN#2014000203670 on June 13, 2014 (6 months after its creation) **(Exhibit "10")**. The document was created, executed and presented by Indecomm Global Services Bank of America's attorney in fact.

29.    On or about May 8, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CRFN#2014000254316 on August 1, 2014 (3 months after creation **(Exhibit "11")**. This document was executed by Ocwen Loan Servicing, LLC as Bank of America's attorney in fact. This would be impossible since Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 already had the loan according to the January 28, 2014

- 5 -

"assignment."

30.    On or about June 4, 2014, the court orders a status conference to be held on July 23, 2014. The Court ordered the plaintiff to file a Foreclosure Affirmation/Certificate of Merit.

31.    In June 2014, due to the serious injuries while employed by American Airlines, the Defendant, Ashmeen Modikhan, had to retain a Worker's Compensation attorney, a disability attorney and a personal injury attorney.

32.    During the years of 2014 to 2019, the Defendant, Ashmeen Modikhan, suffered from severe and debilitating pain from her injuries resulting in multiple surgeries (one involved a spinal cord stimulator). She was placed on a pain management regime that included strong narcotics and sleep medicine that left her in a stupor throughout these years. She couldn't focus on anything but her medical crisis. It was during this time that she relied on the integrity of her counsel Jeremy Iandolo to act in her best interest.

33.    In July of 2014, the Defendant, Ashmeen Modikhan, retained attorney Elizabeth Doyaga to represent her foreclosure proceeding on her homestead property. It was at this time Modikhan informs her attorney of this case. Ashmeen Modikhan was advised to attend the July 23, 2014, status conference, which she did.

34.    On or about July 23, 2014, this case was Dismissed Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, failing to present the Note and complying with the Status Conference Order. **(Exhibit "12")** The presumption is both parties were present.

35.    On or about August 6, 2014, the plaintiff's counsel, Rosicki, Rosicki and Associates, filed Consent to Change Attorney. Plaintiff's new counsel was Leopold & Associates. **(Exhibit "13").**

36.    On or about June 25, 2015, the servicing of the loan transferred from Ocwen

- 6 -

Loan Servicing, LLC to Fay Servicing, LLC per Ocwen's June 4, 2015, letter. **(Exhibit "14")**

37.     On or about August 23, 2016, Clarfield, Salomone & Pincus, P.L. filed a Notice of Appearance representing the Plaintiff, BAC Home Loans Servicing LP.

38.     On or about November 22, 2016, Plaintiff counsel, D e n n i s  A .  A m o r e, E s q .  o f  Clarfield, Okon, Salomone, & Pincus P.L. filed a Motion to Restore the Action. **(Exhibit "15")** The basis for an "excusable default" for not filing this motion within the one (1) year limitation as provided in CPLR 5015 was counsel for the plaintiff didn't appear at the status conference hearing on July 23, 2014. The motion is based on hearsay and lacking full disclosure that their client was no longer the party in possession of the note. In the current atmosphere of our judicial system and after everything The Defendant,

Ashmeen Modikhan,  has discovered in both her foreclosure and bankruptcy cases, it is clear the scales of justice are tilted in favor of the plaintiff. It is clear that an attorney's credibility and integrity as officers of the court can no longer be taken for granted. The evidence and testimony **must** be held accountable to the same standard as a civilian.

39.     On or about December 9, 2016, the Honorable Kevin J. Kerrigan's Memorandum referring the Motion to Restore the Action back to the presiding judge, the Honorable Martin J. Schulman was filed on December 19, 2016, 10 days later. **(Exhibit "16")** Yet, on February 1, 2017, some unidentified person/entity presented three random documents to the court, which were filed as "received papers". In this filing is the exact same memorandum without the "Filed Dec 19, 2016, County Clerk Queens County" stamp. **(Exhibit "17")** There is no indication on the docket or on the document who entered these "received papers" to the court or provide a reason to file the unfiled but executed memorandum along with a proposed short form order.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 103 of 863 PageID #: 800

40.     On or about January 5, 2017, the Honorable Martin J. Schulman executed a short order form vacating the dismissal of the case imposed on July 23, 2014 and restoring the instant case. The Order was later filed on February 1, 2017. **(Exhibit "18")** The execution and format of this order is not consistent with his July 23, 2014, Order Dismissing the Action (*also* **Exhibit "12")**. On the preceding order the judge's full name is printed below his signature and the paragraph format is doubled spaced.

41.     On or about May 19, 2017, the mortgage loan was assigned, sold or transferred to U.S. Bank N.A., as Legal Title Trustee for Truman 2016 SC6 Title Trust with Fay Servicing, LLC as the named servicer as stated in correspondence from Fay Servicing dated May 26, 2017. **(Exhibit "19")**

42.     On or about June 30, 2017, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 to US Bank, NA as Legal Title Trustee for Truman 2016 SC6 Title Trust and recorded under CRFN#2017000278213 on July 28, 2017 **(Exhibit "20")**. This document was executed by Meridian Asset Services, Inc., the assignor's attorney in fact. There was no power of attorney or evidence Meridian Asset Services, Inc. had the authority to execute this document.

43.     On or about October 3, 2017, Gross Polowy, LLC files Consent to Change Attorney from Pincus Law Group, PLLC. **(Exhibit "21")**.

44.     On or about December 11, 2017, plaintiff's counsel, Gross Polowy, LLC, filed a Notice of Motion, Affirmation, and Memorandum of Law in Support. A copy of the alleged original note is presented for the first time in this matter **seven (7) years after** the original complaint was filed.

- 8 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 104 of 863 PageID #: 801

45.     Plaintiff's counsel, Gross Polowy, LLC, requests in their motion "that the caption be amended to reflect the plaintiff as US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust. However, plaintiff's counsel, Gross Polowy, LLC, does not provide and chain of possession evidence supporting ownership of the note by US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust.

46.     On or about June 4, 2018, an order was entered amending the caption to read US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust as the new plaintiff and awarding it its summary judgment. The signature only refers to a "Justice of the Supreme Court" and the "signature" is illegible.

47.     On or about April 5, 2019, a Default Judgment was entered in favor of US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust. **(Exhibit "22")**

48.     Defendant, Ashmeen Modikhan was advised by her counsel Iandolo to file for bankruptcy protection after the default judgment was entered.

49.     The Defendant, Ashmeen Modikhan, was unable to retain bankruptcy counsel and filed her Chapter 7 in the Eastern District of New York (Brooklyn) under case number 19-44172-ess pro se on July 9, 2019.

50.     Due to the "fog" caused by her intense pain management regime the defendant Ashmeen Modikhan was unable to obtain counsel and unable to complete the bankruptcy process and the case was dismissed on August 26, 2019.

51.     On or about October 31, 2019, the Defendant, Ashmeen Modikhan, filed for protection under Chapter 13 bankruptcy under case number 19-46591. She filed a skeleton petition as a pro se debtor. The case is still active.

-9-

52.    In November 2019, Defendant, Ashmeen Modikhan, retained bankruptcy counsel, Aronow Law Firm. P.C.

53.    By the beginning of 2020, The Defendant, Ashmeen Modikhan,    was now suffering from severe depression. Due to that "fog" she was living in and never have been on these types of medications she was unaware of how they would affect her daily life and mental awareness. Completely unaware she was doing things while under the influence of the medication that could have harmed herself. Her children were terrified she would hurt herself and confronted her to discuss the narcotics she was taking and how she had to get off them. Ashmeen agreed she would have to find another path for pain management; so, from January 2020 to July 2020, the Defendant, Ashmeen Modikhan, painfully and carefully weaned herself from the narcotics.

54.    The Defendant, Ashmeen Modikhan, is 100% permanently disabled because of her serious injuries sustained at her former place of employment American Airlines. She suffers from permanent nervedamage and complex regional pain syndrome.

55.    Because of the foregoing facts The Defendant, Ashmeen Modikhan, believes she has the grounds for approval of her Motion to Vacate.

56.    New York CPLR 5015 provides specific grounds for the approval of a Motion to Vacate they are:

    i.    Excusable default; or

    ii.    Newly discovered evidence; or

    iii.    Fraud, misrepresentation, or other misconduct from an adverse party; or

    iv.    Lack of jurisdiction; or reversal, modification or vacatur of a prior judgment.

- 10 -

## POINT I.

## EXCUSABLE DEFAULT

57.     As I stated above in the facts, I retained several attorneys to represent me. I relied on my attorneys to give me sound legal advice and act in my best interests.

58.     Rule 1.1(a) of the New York Rules of Professional Conduct provides that a lawyer should provide competent representation to a client. The Rule proceeds to define "competent representation" as that which requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

59.     Further, Rule 1.3(a) provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

60.     Rule 1.4 of the New York Rules of Professional Conduct also requires attorneys to maintain prompt communication with their clients.

61.     I do not believe I received adequate advice and was not properly represented by any of my attorneys, nor did they act in my best interest.

62.     As I stated above in the facts, I became seriously ill and was heavily medicated for years. At some point my children became very concerned for my mental and physical health. I was able to wean myself off the medication and take control of the situation.

63.     As I stated above in my facts, I terminated my foreclosure attorney in the latter part of 2020 and was provided a copy of my file from his office. I discovered vital evidence unseen by the court or me in 2017 that would have presented facts of the true holder of the note.

64.     My attorney Jeremy Iandolo, the plaintiffs and their collective counsel worked to bias this court through deception, deceit, misrepresent and fraud against me for

- 11 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 107 of 863 PageID #: 804

their own financial gains. My children and I are victims of legal, financial, emotional and mental abuse due to the purposeful and willful actions of officers of this court.

65.    I will present several failures in this illegal foreclosure. This matter should be decided on the merits of the case not on a failure of process of the entire matter.

66.    My attorney Iandolo failed to communicate with me of any trial scheduled.

67.    I believe there are reasonable excuses for my default. The court has the discretion to decide if they were reasonable.

68.    Article 1, section 6 of the Constitution of the State of New York provides that no person shall be deprived of life, liberty, or property without due process of law. **My property rights should not be denied by a failure of process,** deception, misrepresentation, misconduct and fraud committed by the Plaintiff and its counsels.

69.    THEREFORE, because the reasons stated above this motion should be granted in its entirety.

## POINT II.

### FAILURE OF DUE PROCESS BY INSUFFICIENT PROCESS OF SERVICE

70.    As stated above in the facts, The Defendant, Ashmeen Modikhan, was not legally served according to CPLR §308.

71.    CPLR § 308, like CPL § 150.40(2), specifies the required mode of service on a "natural person". CPLR § 308 is generally applied as written; and the fact that the defendant learned of the action still does not cure improper service when the defendant timely moves to dismiss on that ground. *See Macchia v. Russo*, 67 N.Y.2d 592, 594–95, 505 N.Y.S.2d 591, 496 N.E.2d 680 ("the statutory requirements [for personal service] could not be plainer", and "in a challenge to service of process, the fact that a defendant has received prompt notice is of no

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 108 of 863 PageID #: 805

moment"). Accordingly, a defendant's actual receipt of the summons and complaint is not dispositive of the efficacy of service.

72.     Ordinarily, two or **three attempts** at **personal** service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service. *See Pizzolo v. Monaco*, 186 A.D.2d 727, 588 N.Y.S.2d 910 (N.Y. App. Div. 1992).

73.     On or about March 12, 2010, The Defendant, Ashmeen Modikhan, received a "flyer" type document in the mailbox at 8710 149th Avenue, Apt 5N, Howard Beach, NY 11414 instructing the "Queens homeowner" to appear at the "Settlement Conference" on 04/28/2010 (*also* **Exhibit "4").** The Defendant, Ashmeen Modikhan, was never personally served a summons and complaint (*also* **Exhibit "5"**).  This is an insufficient service of process.

74.     Per CPLR §308, personal service a plaintiff must make genuine attempts at personal or substituted service (as defined in the rules) before the "nail and mail" option can be employed.

75.     This "nail and mail" attempt is the **only** attempt made to serve The Defendant, Ashmeen Modikhan, the Notice, Complaint and Summons in this case. This is an insufficient service of process.

76.     The Defendant, Ashmeen Modikhan, was never properly served a summons and complaint by either personal delivery or substituted delivery as outlined in CPLR §308. This is an insufficient service of process.


77.     THEREFORE, because the initiation of this matter was insufficient due to improper service of process this matter should be dismissed.

### **POINT III.**

- 13 -

FILED: QUEENS COUNTY CLERK 09/20/2022 12:00 PM
NYSCEF DOC. NO. 14

INDEX NO. 705854/2021

RECEIVED NYSCEF: 09/20/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 109 of 863 PageID
#: 806

## LACK OF STANDING – FAILURE TO PRODUCE ORIGINAL NOTE

78.     As stated above, on April 24, 2007, the Defendant, Ashmeen Modikhan, was presented closing documents with the lender stated as Countrywide Home Loans, a New York corporation. It was her belief on that date Countrywide Home Loans, Inc. was her lender.

79.     UCC §§ 3-104 and 3-804 the plaintiff must produce the original note to maintain the cause of action for enforcement of the note.

80.     Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, or the mortgage passes with the debt as an inseparable incident. *See Weaver Hardware Co. v Solomovitz*, 235 NY 321; *Payne v Wilson*, 74 NY 348, 354-355 [1878]; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d at 674; *Flyer v Sullivan*, 284 App Div 697, 699.

81.     Further, CPLR 3101 provides that `[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by ... a party, or the officer, director, member, agent or employee of a party'" *Bayview Loan Servicing, LLC v Charleston,* 175 A.D.3d 1229, 1231 [2019], quoting CPLR 3101[a][1]).

82.     On January 6, 2010, a summons and complaint were entered in this case from BAC Home Loans Servicing, LP fka Countrywide Home Loans, LP. **No copy** of the original note or any evidence of chain of possession was attached to the complaint. Therefore, the presumption is they did not have possession of the note.

83.     The Plaintiff's counsel was Rosicki, Rosicki and Associates.

84.     On or about January 29, 2010, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens' Recorder's office

- 14 -

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 110 of 863 PageID
#: 807

under CRFN#2010000034349. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008 (*also* **Exhibit "3").**

85.     On page three of the document is the instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates. \

86.     On page one of the Mortgage dated April 24, 2007, in favor of Countrywide Home Loans, Inc. is a MIN (MERS identification number). The number is 1000157-0007930723-3.

87.     According to the MERS ID® online look up tool, the number 1000157-0007930723-3 on the note dated April 24, 2007, became inactive naming Bank of America, NA as the servicer and Bank of America, NA as the investor. There is confusion as to who is in possession of the note. **(Exhibit "23")**

88.     According to New York's Secretary of State's, Paramount Land, Inc. registered on October 20, 2009, and remains active. The principal executive office address mirrors the address on the "assignment." The Chief Executive Officer is listed as Thomas Rosicki located at 51 East Bethpage Road, Plainview, New York 11803.

89.     In *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199, the Defendants were found guilty of multiple fraudulent crimes committed between 2009 and 2018. They were fined several million dollars. According to the Stipulation and Order of Settlement and Dismissal dated November 20, 2018, the Defendants admitted they were approved by Fannie Mae to perform all legal work associated with residential foreclosures

- 15 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 111 of 863 PageID #: 808

where Fannie Mae owned the mortgage loans. **(Exhibit "24")**[1]

90.     The fact the complaint filed by Rosicki, Rosicki and Associates on January 6, 2010, without any evidence of their client had possession of the note, their admitted fraudulent activity between 2009 through 2018, and an "assignment" created and recorded by their company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008 it is presumed this document is fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010.

91.     As stated, the original lender at closing was Countrywide Home Loans, Inc. as the lender. They are not named as Plaintiff.

92.     On or about January 11, 2008, according to SEC filings, Countrywide Financial Corporation, the parent company of Countrywide Home Loans, merged with and into Red Oak Merger Corporation, a wholly owned subsidiary of Bank of America, N.A.

93.     In or around October 2008, according to SEC filings, Red Oak Merger Corporation changed its name to Countrywide Financial Corporation, now a Bank of America subsidiary. This means all of Countrywide Financial Corporation subsidiaries now share the same name, Countrywide Financial Corporation, a BOA subsidiary. Countrywide Home Loans was included.

94.     There is not a statement made in the original foreclosure complaint the plaintiff, BAC Home Loans Servicing LP had possession of the note. There is not a statement that an officer of the corporation had possession of the original Note. The plaintiff must be in the possession of the note at the time of filing a complaint for foreclosure.

---

[1] https://www.justice.gov/usao-sdny/pr/manhattan-us-attorney-announces-settlement-civil-fraud-claims-against-law-firm-rosicki

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 112 of 863 PageID
#: 809

Therefore, the presumption is that BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP was not in possession of the note and this matter should be dismissed.

95.    On or about February 6, 2012, the mortgage "loan" was transferred to Bank of America, N.A. per a Notice of Assignment, Sale, or Transfer of ownership of Mortgage Loan per Bank of America correspondence dated February 14, 2012. (*also* **Exhibit "6"**)

96.    On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. per a notice provided by Bank of America (*also* **Exhibit "9"**) naming Ocwen Loan Servicing, LLC as its servicer. BofA Merrill Lynch Asset Holdings, Inc. has never been named in this action or anywhere in the recorded documents to date as having possession of the note.

97.    On or about January 28, 2014, a document titled "Assignment of Mortgage" was executed purporting assignment of the note and mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CFN#2014000203670 on June 13, 2014 (6 months after its creation) (*also* **Exhibit "10").** The document was created and presented by Indecomm Global Services Bank of America's attorney in fact. This would be impossible because BofA Merrill Lynch Asset Holdings, Inc. had the note. Furthermore, Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 has never been named in this action or any other to date as having possession of the note.

98.    On or about May 8, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to

BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CRFN#2014000254316 on August 1, 2014 (3 months after creation (*also* **Exhibit "11").** This document was executed by Ocwen Loan Servicing, LLC as Bank of America's attorney in fact. This is a separate document executed and recorded by a different entity but purports to assign the note and mortgage between the same parties. However, Ocwen Loan Servicing, LLC was the last known servicer.

99.     On or about June 4, 2014, the court orders a status conference to be held on July 23, 2014. The Court ordered the plaintiff to file a Foreclosure Affirmation/Certificate of Merit.

100.     On or about July 23, 2014, this case was Dismissed Pre-Note due to Plaintiff, BAC Home Loans Servicing LP and its counsel, failing to present the Note or file a Certificate of Merit. (*also* **Exhibit "12")** The plaintiff couldn't lawfully complete a Certificate of Merit or produce a note because there were are several entities purporting to have possession of the note; Countrywide Home Loans, Inc., Countrywide Financial Corporation, a Bank of America subsidiary, BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP, BofA Merrill Lynch Asset Holdings, Inc., and Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3.

101.     On or about August 6, 2014, the plaintiff, BAC Home Loans Servicing, LP's counsel, Rosicki, Rosicki and Associates, filed Consent to Change Attorney. Plaintiff's new counsel was Leopold & Associates. (*also* **Exhibit "13")** Rosicki, Rosicki and Associates purported to execute the document on July 22, 2014, the day before the status conference on July 23, 2014. Jon King, a contract management coordinator for Ocwen Loan Servicing,

FILED: QUEENS COUNTY CLERK 09/20/2022 12:00 PM
NYSCEF DOC. NO. 14

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 114 of 863 PageID
#: 811

INDEX NO. 705854/2021
RECEIVED NYSCEF: 09/20/2022

LLC as servicer for BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP, the plaintiff purported to execute the document on July 23, 2014. However, Leopold & Associates didn't execute the document until July 28, 2014, after the status hearing held on July 23, 2014.

102.    Rosicki, Rosicki and Associates were fully aware and had ample time to provide the court with a Certificate of Merit attaching a copy of the note but failed to do so. Therefore, the presumption is BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing; LP did not have possession of the note at the time the complaint was filed.

103.    BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP never produced evidence of being in possession of the Note and Mortgage prior to allegedly assigning the Note and Mortgage to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3. Therefore, the presumption is that Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 did not possess the note.

104.    Seven years later, a copy of the alleged original Note is presented as evidence by Kathleen Puscheck, Esq. of Gross Polowy, LLC's December 11, 2017, "Notice of Motion and Affirmation of Regularity" **(Exhibit "25")** The copy of the alleged Note displays one blank and undated endorsement by Michele Sjolander as Executive Vice President of Countrywide Home Loans, Inc.

105.    According to Michele Sjolander's testimony on January 25, 2012, in *Kirby vs Bank of America, N.A.* US Southern District of Mississippi, Hattiesburg case number 09-CV-00182-DCB-JMR, she worked for Recontrust and not Countrywide Home Loans, Inc. in

- 19 -

FILED: QUEENS COUNTY CLERK 09/20/2022 12:00 PM
NYSCEF DOC. NO. 14

INDEX NO. 705854/2021
RECEIVED NYSCEF: 09/20/2022

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 115 of 863 PageID
#: 812

2007. She further testified there were multiple stamps with her signature on them. She testified that while she had some sort of power of attorney to allow others to use her stamps, she didn't know who the people using her stamp were, she was never in the same room where the stamps were being used and didn't have the security clearance to be in the room where her multiple stamps were being used to endorsed notes. **(Exhibit "26")** Therefore, she had no control of stamps with her signature or personal knowledge to endorse alleged original notes for a company she wasn't even employed by.

106.    THEREFORE, because the complaint was filed without a copy of the Note and no officer of any involved corporation provided an affidavit stating they were in actual possession of the note, BAC Home Loan Servicing or any party present in this matter do not have standing and this motion to vacate should be granted in its entirety.

## **POINT IV**

### **OBTAINING AN ORDER BY MISREPRESENTATION OF THE FACTS AND FRAUD**

107.    The Order of Reference dated June 4, 2018, that vacated the dismissal order of July 23, 2014, and restored the case **(Exhibit "27")** was based on hearsay and evidence withheld by counsel, Clarfield, Okon, Salmone & Pincus, PL, for the plaintiff, BAC Home Loans Servicing, LP.

108.    In New York, hearsay evidence is inadmissible unless it falls under the required exceptions. The court *Tyrrell v Wal-Mart Stores,* 97 NY2d 650, 652 [2001] provided in that regard, that "[t]he proponent of hearsay evidence must establish the applicability of a hearsay-rule exception."

109.    The court which rendered a judgment or order may relieve a party from it upon

such terms as may be just, if the order and/or judgment were entered following fraud, misrepresentation, or other misconduct of an adverse party. *See* CPLR 5015 (a).

110.    New York Judiciary Law Section 487 recognizes independent remedies for fraud perpetrated by attorneys.   Judiciary Law § 487(1) provides, *inter alia*, that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party forfeits to the party injured treble damages, to be recovered in a civil action."

111.    According to CPLR§5015, a party may be relieved from an order or judgment if a Motion is filed within **one (1) year** of order or judgment. Dennis A. Amore, Esq. of Clarfield, Okan, Salomone & Pincus, PL, counsel for the Plaintiff, based his argument for motioning the court to restore the case two (2) years after the Pre-Note Dismissal, which is outside the limitation period  for a response on hearsay.

112.    Counsel for the plaintiff, Clarfield, Okon, Salomone & Pincus, P.L.'s argument for an "excusable default" is that counsel for the plaintiff on July 23, 2014, was not in attendance.

113.    Dennis A Amore, Esq of Clarfield, Okon, Salomone & Pincus, P.L., the second successor counsel for the plaintiff since the Order of Dismissal was entered, purports to have first-hand knowledge of who did or did not attend a hearing on July 23, 2014, for a law firm he was not employed by Dennis A Amore, Esq.'s argument is hearsay and therefore, should not have been relied upon for "excusable default" in reinstating the case.  Thereby prejudicing this court in its decision.

114.    The Defendant, Ashmeen Modikhan, attended the status conference and witnessed an attorney present for the plaintiff. She witnessed the referee asking the plaintiff's attorney

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 117 of 863 PageID #: 814

for the Certificate of Merit and the original note. The Defendant, Ashmeen Modikhan, witnessed the plaintiff's attorney stating she didn't have it.

115.    As I stated in the facts above, Rosicki, Rosicki and Associates was still counsel of record on July 23, 2014. The Consent to Change Attorneys was signed by new counsel on July 28, 2014, five (5) days **after** the status conference was held. Furthermore, the consent was entered on August 6, 2014. Therefore, Rosicki, Rosicki and Associates were still attorney of record and had ample time to file a Certificate of Merit as ordered by the court. However, with the evidence presented in this motion and counsel's lack of ability to produce any evidence since filing the complaint, the plaintiff was never in possession of the note.

116.    Plaintiff's counsel also failed to provide this court with evidence the mortgage and note had been assigned, sold or transferred prior to July 23, 2014, order. As stated in the facts above, on or about June 14, 2013, the mortgage "loan" was transferred to "loan" to BofA Merrill Lynch Asset Holdings, Inc. naming Ocwen Loan Servicing, LLC as its servicer. Thereby prejudicing this court in its decision.

117.    On or about January 5, 2017, a short order vacating the dismissal of the case imposed on July 23, 2014, and restored this case was executed and filed on February 1, 2017(*also* **Exhibit "18")** The execution and format of this order was not consistent with the July 23, 2014, Order Dismissing the Action (*also* **Exhibit "12").** On the preceding order the judge's full printed name is below and the paragraph format is single-spaced.

118.    The Short Order, in part, stated in what it believed to be as facts that "on July 23, 2014, both Plaintiff and Modikhan failed to appear, and the case was dismissed." The court relied on hearsay presented in the Motion to Vacate Dismissal Order and Motion to Restore. The case was dismissed because the plaintiff, BAC Home Loans Servicing, LP and its

counsel failed to comply with a court order to present the Note and Certificate of Merit on or before the hearing.

119.    THEREFORE, due to the misleading statements by plaintiff's counsel, misrepresentation of facts and omission of facts by plaintiff's counsel leading up to the Order of Reference and eventually, the default judgment this motion to vacate should be granted in its entirety.

<div align="center">

**POINT V**

**LACK OF STANDING – MULTIPLE CLAIMS OF POSSESSION OF THE ORIGINAL NOTE**

</div>

120.    After reviewing the entire file The Defendant, Ashmeen Modikhan, is going to show **no** party named in this action had possession of the original April 24, 2007, note in favor of Countrywide Home Loans, Inc. **Countrywide Home Loans, Inc. claims to be in possession of** the note.

121.    Standing requires an inquiry into whether a litigant has "an interest . . . in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request" *See Caprer v Nussbaum*, 36 AD3d 176, 182; *see New York State Assn. of Nurse Anesthetists v Nouello*, 2 NY3d 207, 211; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242). Where a defendant raises the issue of standing, a plaintiff must prove it's standing in order to be entitled to relief. *See U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d at 242).

122.    In a mortgage foreclosure action, a plaintiff has standing where it is the holder and/or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. *See U.S. Bank, NA. v Collymore*, 68 AD3d at 753; *Countrywide*

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 119 of 863 PageID #: 816

*Home Loans, Inc. v Gress*, 68 AD3d 709, 709; *Wells Fargo Bank, N.A. v Marchione*, 69 AD3d 204, 207-208; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674, 674; *Federal Nat'l. Mtge. Assn. v Youkelsone*, 303 AD2d 546, 546-547; First Trust Nat'l. Assn v Meisels, 234 AD2d 414.

123.    On or about January 6, 2010, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP initiated a foreclosure and its counsel, Rosicki, Rosicki & Counsel filed the foreclosure complaint. **Thereby giving the illusion BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP has possession of the note.**

124.    On or about July 11, 2013, Ocwen Loan Servicing, LLC sent correspondence that on June 14, 2013, the loan was sold to BofA Merrill Lynch Asset Holdings, Inc. **Thereby BofA Merrill Lynch Asset Holdings, Inc. claims to have possession of the note.**

125.    On or about July 11, 2013, and August 1, 2014, two separate "assignments" were recorded by two separate attorneys in fact for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP assigning the mortgage and note to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3. **Thereby Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 claims to have possession of the note.**

126.    On or about May 24, 2017, Fay Servicing, LLC sent correspondence stating that on May 19, 2017, the "mortgage loan" was sold to US Bank National Association as Legal Title Trust for Truman 2016 SC6 Title Trust. **Thereby US Bank National Association as Legal Title Trust for Truman 2016 SC6 Title Trust claims to have possession of the note. When in fact they may have only bought the loan without any security interest in the collateral.**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 120 of 863 PageID
#: 817

127.    On page one of the Mortgage dated April 24, 2007, in favor of Countrywide Home Loans, Inc. is a MIN (MERS identification number). The number is 1000157-0007930723-3.

128.    According to the MERS ID® online look up tool, the number 1000157-0007930723-3 is attached to a note dated April 24, 2007, which became inactive with Bank of America, NA as the servicer and Bank of America, NA as the investor (*also* Exhibit "23"). **Therefore, Bank of America, N.A. claims to have had the note.**

129.    THEREFORE, because the facts prove that US Bank National Association as Legal Title Trust for Truman 2016 SC6 Title Trust never had possession of the note and only purchased the loan without the security interest and the motion to vacate should be granted in its entirety.

130.    This action was initiated by insufficient service, perpetuated fraud, mis representation and other misconduct by Rosicki, Rosicki and Associates, counsel for the plaintiff, BAC Home Loans Servicing, LP.

131.    New York Judiciary Law Section 487 recognizes independent remedies for fraud perpetrated by attorneys. Judiciary Law § 487(1) provides, *inter alia*, that an attorney who is "guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party forfeits to the party injured treble damages, to be recovered in a civil action."

132.    As stated in the facts above, on or about January 29, 2010, twenty-three (23) days **after** this action was filed, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens Recorder's office under CRFN#2010000034349. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home

- 25 -

Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008. On page three of the document are the instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates.

133.   On or about January 6, 2010, a foreclosure complaint by BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP was filed in this matter. The complaint failed to provide a copy of the April 24, 2007, note in favor of Countrywide Home Loans, Inc. or proof of the succession from Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

134.   In the U.S. Southern District Court of New York case #12-cv-7199 (JSR), Rosicki, Rosicki and Associates and Paramount Land, Inc., its wholly owned company by two Rosicki partners, were found guilty of multiple fraudulent crimes committed between 2009 through 2018 and fined several million dollars (*also* **Exhibit "24"**).

135.   It is fact that Rosicki, Rosicki and Associates filed a foreclosure complaint in this case on January 6, 2010, without any evidence of its client having possession of the note. It is fact that Rosicki, Rosicki and Associates admitted fraudulent activity between 2009 and 2018. It is fact that Paramount Land, Inc. is a Rosicki company. It is fact that the "assignment" with an "effective date" of November 7, 2008, yet recorded on January 29, 2010, was created by Paramount Land, Inc. (*also* **Exhibit "3"**) It is reasonable to presume the "assignment" is fraudulent and created by the foreclosing counsel to give the illusion of standing for their case.

136.   On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. naming Ocwen Loan Servicing, LLC as its servicer in

- 26 -

correspondence from Ocwen dated July 11, 2013 (*also* **Exhibit "9"**).

137.   On or about July 23, 2014, this case was Dismissed Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, and its counsel, Rosicki, Rosicki and Associates, failing to present the Note or file a Certificate of Merit.

138.   Plaintiff, BAC Home Loans Servicing, LP's counsel, Rosicki, Rosicki and Associates failed to provide this court with evidence the loan had been assigned, sold or transferred prior to the July 23, 2014, final judgment order. Instead, they withdrew from the case and allowed the status conference to continue without informing their successor or this court the loan had sold to another party. This misrepresentation to the new counsel, Leopold & Associates, prejudiced the Defendant, Ashmeen Modikhan, and biased this court in this case and all subsequent cases. This motion puts all current subsequent counsel for the Plaintiff, such as Friedman Vartolo, on notice of the facts and evidence of Rosicki's fraudulent actions that directly led to a final judgment for an incorrect plaintiff. The judgment order should be vacated, and the case dismissed for these reasons.

139.   The withholding of the information perpetuated misrepresentation, misconduct and fraud throughout the remainder of this case that transferred over to The Defendant, Ashmeen Modikhan's bankruptcy cases. Thereby prejudicing the court's decisions and damaging The Defendant, Ashmeen Modikhan, since 2010 to current as she is still in active ligation because of  Rosicki, Rosicki and Associates' misconduct, misrepresentation, and fraud on the court. The Defendant, Ashmeen Modikhan, was in an active process with Bank of America to modify her loan before Rosicki, Rosicki and Associates filed the illegal foreclosure. Their actions have caused irreparable damage financially and emotionally for over a decade to the Defendant, Ashmeen Modikhan, and her children.

- 27 -

140. Leopold and Associates failed to do due their due diligence. Thereby perpetuating the fraud, misrepresentation and misconduct in this case prejudicing the court's decision and intentionally inflicting financial, emotional, mental abuse on the Defendant, Ashmeen Modikhan, and her children.

141. Clarfield, Salomone & Pincus, P.L. failed to do their due diligence before filing a Motion to Vacate the Order of Dismissal and Motion to Restore the Case that was based on hearsay and lacked full disclosure that their client was no longer the party in possession of the note.

142. Thereby perpetuating the fraud, misrepresentation and misconduct in this case prejudicing the court's decision and intentionally inflicting financial, emotional, mental abuse on the Defendant, Ashmeen Modikhan, and her children.

143. Gross Polowy, LLC's counsel for U.S. Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust presented a copy of a note with a rubber-stamped endorsement by a company that was not the originator of said note. This is proven in the testimony of Michele Sjolander, the alleged executor of the endorsement.

144. Rosicki, Rosicki and Associates knowingly and willfully committed fraud upon this Court.

145. Leopold and Associates knowingly and willfully committed fraud upon this Court.

146. Clarfield, Salomone & Pincus, P.L. knowingly and willfully committed fraud upon this Court.

147. Gross Polowy, LLC knowingly and willfully committed fraud upon this Court.

148. THEREFORE, due to evidence of fraud and misrepresentation by the corporate

- 28 -

attorneys for the alleged owner of the note the motion to vacate should be granted in its entirety. The case should be dismissed based on the evidence of fraud.

## POINT VI.

## PLAINTIFFS LACK OF EVIDENCE OF POSSESSION OF THE FINANCIALS OF THE DEBT

149.    Plaintiff's counsel throughout this matter only provided conclusionary statements of what business records would show.

150.    The plaintiff must prove it's standing in order to be entitled to relief. *See Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242; *TPZ Corp. v Dabbs*, 25 AD3d 787, 789; *see also Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769).

151.    In a mortgage foreclosure action, a plaintiff has standing where it is both the holder and assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced. *See Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674; *Federal Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546, 546-547; *First Trust Natl. Assn. v Meisels*, 234 AD2d 414).

152.    Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, or the mortgage passes with the debt as an inseparable incident. *See Weaver Hardware Co. v Solomovitz*, 235 NY 321; *Payne v Wilson*, 74 NY 348, 354-355 [1878]; *LaSalle Bank Natl. Assn. v Ahearn*, 59 AD3d 911, 912; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d at 674; *Flyer v Sullivan*, 284 App Div 697, 699.

153.    There are no records of payments applied, charges applied, interest calculations, nothing to support the amount owed per the foreclosure complaint.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 125 of 863 PageID #: 822

154.    Without any proof of monies owed or paid as provided by counsel, it is merely hearsay.

155.    THEREFORE, due to the evidence presented the motion to vacate should be granted in its entirety.


_Ashmeen Modikhan_                                    _09/20/2022_
Ashmeen Modikhan                                      Date


Sworn To Before Me This


_20th_ Day of, _September_ 2022

_Notary Public_

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
No. 04EN6405207
Qualified in Queens County
Commission Expires March 2, _2024_

- 30 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 126 of 863 PageID #: 823

# VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this ___20th___ day of ___September___ , 2022

Ashmeen Modikhan

Notary Signature                                        Seal

ANNA LISA S. ENRIQUEZ

Printed Notary Name

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
No. 04EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

My commission expires ___3/2/2024___

-31-

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 127 of 863 PageID #: 824

# CERTIFICATE OF SERVICE

I certify that a copy of the foregoing **Notice of Motion and Affidavit In Support of Motion to Vacate Default Judgement** was filed on the 20th Day of September 2022 and will be served via electronic mail and USPS First Class Mail On the 24th Day of September 2022 to:

**Michael Nardolillo, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Juliana Thibaut, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

- 32 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 128 of 863 PageID #: 825

**Anna Guiliano, Esq.**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**Countrywide Bank, FSB**
251 Glen Cove Road
Carle Place, NY 11514

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**New York Department of Taxation and Finance**
400 Oak Street
Garden City, NY 11530

- 33 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 129 of 863 PageID #: 826

**Mortgage Electronic Registration Systems, Inc.**
**c/o CT Corporation System**
111 Eight Avenue 13th Floor
New York, NY 10011

**Mortgage Electronic Registration Systems, Inc.**
3300 SW 34th Avenue, Suite 101
Ocala, Florida 34474

**Mortgage Electronic Registration Systems, Inc.**
4500 Park Granada
Calabasas, California 91302


_____
Ashmeen Modikhan

_____
9/20/2022
Date

- 34 -

FILED: QUEENS COUNTY CLERK 09/20/2022 12:00 PM
NYSCEF DOC. NO. 14

INDEX NO. 705854/2021
RECEIVED NYSCEF: 09/20/2022

Page 130 of 863 PageID
#: 827

ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN
MODIKHAN,

                    Defendant(s)
-------------------------------------------------x  and it is further

        ORDERED, that the Referee appointed herein is subject to the requirements

of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an

appointment pursuant to the provisions of that Rule, the Referee shall notify the

appointing Justice forthwith; and it is further

        ORDERED, that a copy of this Order with Notice of Entry shall be served

upon the owner of the equity of redemption, any tenants named in this action and any

other party entitled to notice.

ENTER:



_____
Justice of the Supreme Court

FILED
JUN 18 2018
COUNTY CLERK
QUEENS COUNTY

4

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR          NYSCEF Index No. 705854/2021
TRUMAN 2016 SC6 TITLE TRUST,                       (Original Index no. 301/2010)

                                    Plaintiff

                - against -                        **AFFIRMATION IN**
                                    **OPPOSITION OF**
                                    **DEFENDANT'S MOTION**
ASHMEEN MODIKHAN; ET AL.,                          **TO VACATE AND DISMISS**

                                Defendants
------------------------------------------------------------------X

        Patricia M. Lattanzio, Esq., pursuant to CPLR § 2106 and under the penalties of perjury affirms as follows:

        1.     I am an associate of the firm Friedman Vartolo LLP attorneys for the named Plaintiff's assignee, U.S. Bank as Legal Title Trustee for Truman 2016 SC6 Title Trust. (hereinafter "Truman" or "Plaintiff"), by virtue of a Consent to Change Attorney filed in the Queens County Clerk's Office on June 30, 2021[1] with respect to the foreclosure action of 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417 (hereinafter "Mortgaged Premises"), and am fully familiar with all of the proceedings herein.

        2.     I make this affirmation in opposition to Defendant Ashmeen Modikhan's ("Defendanat") motion seeking an Order: (1) Vacating/reversing/staying of the auction of subject premises; (2) Vacating / reversing the judgment of foreclosure and sale entered in default against Defendant; (3) dismissing this foreclosure matter against Defendant.

                                **RELEVANT BACKGROUND**

        3.     This is a mortgage foreclosure action commenced in in 2010 involving real property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417 by the filing of a Summons, Complaint and Lis Pendens filed January 6, 2010.

---

[1] See NYSCEF Doc. 6.

4.      Defendant interposed a pro se amended answer dated February 15, 2010 and filed February 17, 2010.  Said answer was comprised of 17 affirmative defenses and one counterclaim. Plaintiff filed a Reply to Counterclaims on February 25, 2010.

5.      A foreclosure settlement conference was held on April 28, 2010 at which Defendant appeared.  The case was  released from the part as unsettled.

6.      Due to Plaintiff's alleged failure to comply with an Order dated June 4, 201, the case was dismissed without prejudice by Order of the Court dated July 23, 2014 and entered August 12, 2014.  On August 29, 2016, Plaintiff moved to vacate the dismissal and restore the action (Motion Seq. #1). Defendant, by counsel Jeremy M. Iandolo, Esq. ("Mr. Iandolo"), cross-moved for dismissal of Plaintiff's action on or about October 25, 2016.[2]  Plaintiff submitted opposition to the cross motion and reply on or about on or about November 22, 2016.

7.      The Court granted Plaintiff's motion, vacating the the dismissal and restoring the action but denied Defendant's cross motion by subsequent Order dated January 5, 2017 and entered February 1, 2017.

8.      Plaintiff filed its Motion for Summary Judgment and to Appoint a Referee to Compute on or about December 13, 2017, which was granted without opposition by memorandum decision dated January 12, 2018. Order of Reference was signed June 4, 2018 and entered with the Queens County Clerk's Office on June 18, 2018.

9.      On or about September 6, 2018, Plaintiff filed its motion to confirm the Referee's Oath and Report and for a Judgment of Foreclosure and Sale.  The motion was granted without opposition by memorandum decision dated October 17, 2018.  Judgment of Foreclosure and Sale was signed April 5, 2019 and filed with the Queens County Clerk's Office on April 26, 2019.

---

[2] Mr. Iandolo filed a written Notice of Appearance on behalf of Defendant dated December 13, 2017.

10.     On December 1, 2020, Defendant filed a notarized Notice of Discharge of Attorney, which stated her intent to relieve Mr. Iandolo as her counsel of record and to proceed in the action pro se.

11.     Upon Plaintiff prior counsel's request, this matter was converted to e-filing on or about March 15, 2021 and assigned NYSCEF Index No. 705854/2021.

12.     On or about March 17, 2022, Defendant filed a document to NYSCEF entitled "Jurisdictional Challenge with Affidavit." NYSCEF Doc. 8.  In response, Plaintiff's counsel filed a Notice of Return and Rejection on March 21, 2021.  NYSCEF Doc. 10.

13.     On or about September 15, 2022, a Notice of Sale was filed on NYSCEF and mailed to all defendants, noticing a sale date of the Mortgaged Premises of October 14, 2022 at 12:30 p.m. NYSCEF Doc. 13.

14.     On September 20, 2022, Defendant filed the instant motion.  NYSCEF Doc. 14.

## PRELIMINARY STATEMENT

15.     Defendant's motion to vacate the judgment of foreclosure and sale must be denied in its entirety, as same is wholly without merit and merely a further dilatory tactic by Defendant to frustrate Plaintiff's right to complete its foreclosure. Defendant is barred from the relief she seeks as final judgment has entered.  Furthermore, even if that were not the case, Defendant fails to demonstrate a reasonable excuse or possibly meritorious defense warranting vacatur of Defendant's default or a stay/reversal/vacatur of a forthcoming sale, currently scheduled for October 14, 2022.

## ARGUMENT

### Judgment of Foreclosure and Sale is Final As To All Litigation and Claims

8.     "[A] valid final judgment on a claim or claims precludes future litigation between the same parties of claims arising from the same causes of actions, i.e., the same transactions or series of transactions, even if based upon different theories or if seeking a different remedy." *Schulz v. New York State Legislature*, 278 A.D.2d 710, 712 (3d Dept. 2000).  Under the doctrine of *res judicata*, "once a

claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Sosa v. JP Morgan Chase Bank*, 33 A.D.3d 609, 611 (2d Dept. 2006), quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1986).

9.      Under the doctrine of *res judicata*, a final adjudication of a claim on the merits precludes re-litigation of that claim and all claims arising out of the same transaction or series of transactions by a party or those in privity with a party. *Djoganopoulos v. Polkes*, 67 A.D.3d 726 (2d Dept. 2009); *Sclafani v Story Book Homes*, 294 A.D.2d 559 (2d Dept. 2002). Friedman Vartolo as counsel for plaintiffs are in privity with said plaintiffs. See *Ray Legal Consulting Grp. V. Gray*, 37 F. Supp. 3d 689, 701 (S.D.N.Y. 2014) ("Courts have held that the attorney-client relationship itself establishes privity"); *Boyd v. Wells Fargo Bank, NA.*, 2021 WL 1812660 (E.D.N.Y. May 6, 2021) ("Wells Fargo was a party to the Foreclosure Action…and…Wells Fargo's attorney in that proceeding, shared the interests of and was therefore in privity"); see *Dupps v. Betancourt*, 121 A.D.3d 746, 748 (2d Dept. 2014).

10.      As set forth above, a Judgment of Foreclosure and Sale was obtained in this action in 2019.  It is well-settled law that "a judgment of foreclosure and sale is final as to all questions at issue between the parties and concludes all matters of defense which were or could have been litigated in the foreclosure action. *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dept. 2012), quoting *Long Is. Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dept. 2000); *Archibald v Wells Fargo Bank, N.A.*, 166 A.D.3d 573 (2d Dept. 2018); *Tromba v. Eastern Fed. Sav. Bank, FSB*, 148 A.D.3d 753 (2d Dept. 2017); *Ciraldo v. JP Morgan Chase Bank, N.A.*, 140 A.D.3d 912 (2d Dept. 2016).  Accordingly, the Judgment of Foreclosure and Sale precludes the arguments she puts forth in her Motion to Vacate and Dismiss.

11.      Defendant has had a full and fair opportunity to litigate all issues in this matter.  She filed her answer in February 2010 and thereafter appeared in the action with the assistance of counsel who filed opposition and a cross motion on her behalf in response to Plaintiff's 2016 motion to vacate the

dismissal. Defendant has the opportunity to assert the affirmative defenses of her Answer yet failed to oppose both Plaintiff's motion for Summary Judgment and Order of Reference, and its Motion for Judgment of Foreclosure and Sale.  ¶5.  In any event, any arguments are now barred as the judgment of foreclosure and sale is final as to all defenses and claims.

**Defendant Has Failed to Demonstrate a Reasonable Excuse and Potentially Meritorious Defense**

12.     Even if Defendant was not precluded by entry of final judgment, she would still not be entitled to vacatur of the judgment pursuant to CPLR § 5015 as Defendant has not established a reasonable excuse and a potentially meritorious defense.

13.     It is well settled that to vacate a default, both a reasonable excuse for the default and a potentially meritorious defense must be demonstrated.   See CPLR § 5015(a); *US Bank N.A. v Dedomenico*, 162 A.D.3d 962, 964 (2d Dept. 2018); *U.S. Bank N.A. v Grubb*, 162 A.D.3d 823, 824-825 (2d Dept. 2018);*Shin v. ITCI, Inc*., 115 A.D.3d 736 (2d Dept 2014); *Lane v. Smith*, 84 A.D.3d 746 (2d Dept 2011). Where a defendant fails to demonstrate a reasonable excuse for default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense. *U.S Bank N.A. v Crawford*, 174 A.D.3d 762 (2d Dept. 2019); *U.S. Bank N.A. v Grubb*, 162 A.D.3d 823, at 825; *Bank of Am., N.A. v Agarwal*, 150 A.D.3d 651, 652 (2d Dept 2017). A defendant who fails to establish entitlement to an order vacating their default is precluded from raising any non-jurisdictional defenses to the action. *See Deutsche Bank Nat. Trust Co. v. Hall*, 185 A.D.3d 1006 (2d Dept. 2020) [defendant failed to vacate default and was "*precluded from raising lack of standing, failure to comply with RPAPL 1304, or res judicata as defenses*"]; *US Bank N.A. v. Oliver*, 180 A.D. 3d 843 (2d Dept. 2020) [since the defendant never established entitlement to vacatur of her default she was precluded from raising defenses, including RPAPL 1304]; *Nationstar Mtg., LLC v. Kamil*, 155 A.D.3d 968 (2d Dept. 2017); *HSBC Bank USA, N.A. v. Hasis*, 154 A.D.3d 832 (2d Dept. 2017); *HSBC Bank USA v. Clayton*, 146 A.D.3d 942 (2d Dept. 2017);

*Bank of Am., N.A. v Agarwal*, 150 A.D.3d 651 (2d Dept. 2017); *PHH Mortg. Corp. v. Celestin*, 130 A.D.3d 703 (2d Dept 2015).

14.     A party seeking to vacate a judgment pursuant to CPLR § 5015 must do so in a "reasonable time." See *New Century Mortg. Corp. v. Chimmiri*, 146 A.D.3d 893, 894 (2d Dept 2017); *Wells Fargo, N.A. v. Braun*, 123 A.D.3d 698 (2d Dept. 2014); *Bank of New York v. Stradford*, 55 A.D.3d 765, 765-66 (2d Dept. 2008) (two year delay in seeking to vacate order was unreasonable); *Wells Fargo Bank, N.A. v. Graffioli*, 167 A.D.3d 969, 971 (2d Dept. 2018).  A motion to vacate a default should be taken as soon as reasonably practicable after learning of the default.  See *Hoffman v. Sno Haus Ski Shops of Huntington*, 185 A.D.2d 874 (2d Dept. 1992); *63 Middle Neck Road LLC v. Benlevi*, 2012 N.Y. Slip. Op. 30786 (Nassau Cty. 2012).

15.     Here, judgment was entered in 2019, three years ago. As such, Defendant is barred from now challenging the judgment. Despite having filed an Answer, appearing at court conferences and having the time and assistance of counsel to move to vacate her default in opposing the prior motions, Defendant failed to do so. Defendant alleges impairment by health issues from 2014-2019 but fails to explain why she did not move to vacate her default in March 2022 when she filed her "Jurisdictional Challenge With Affidavit".  Instead, Defendant waited almost 6 months thereafter to act.  Based on statements made in her affidavit, it would seem Defendant became aware of the default Judgment of Foreclosure and Sale sometime between its date of entry (April 5, 2019) and when Defendant filed Chapter 7 bankruptcy at the advisement of her attorney (July 9, 2019). ("Defendant…was advised by her counsel Iandolo to file for bankruptcy protection after the default judgment was entered." See NYSCEF Doc. 14, ¶¶48-49).[3]

---

[3] Defendant has filed three bankruptcy petitions in the U.S. Bankruptcy Court, EDNY during the pendency of this action. The first was filed June 28, 2012 (Ch. 7 Case no. 12-44750; discharged October 10, 2012).  A second Chapter 7 was filed July 9, 2019 (Case no. 19-44172, dismissed August 26, 2019).  Finally, Defendant filed for Chapter 13 protection on October 31, 2019 (19-46591).  This case remains active at the writing of this affirmation and Plaintiff was granted a relief of stay November 21, 2021 (which Defendant did not oppose).  See **Exhibit A**

16.    Defendant further claims a lack of proper representation "by any of her attorneys," with specific reference to Mr. Iandolo.  However, it must be noted that at the same time Mr. Iandolo was representing Defendant in this action, he was concurrently representing her in another foreclosure action involving a different property. (*Nationstar Mortgage LLC v. Ashmeen Modikhan, et al.*, Index no 2005/2012 [converted to NYSCEF Index no. 705175/21]).  In that action, Mr. Iandolo opposed Plaintiff's Motion for Default Judgment and Order of Reference, as well as the Motion for Judgment of Foreclosure and Sale. Defendant has made multiple attempts in her pleadings therein to have the matter dismissed. Each and every time the Court has found Defendant's applications to be procedurally defective and substantively without merit.[4]

17.    Even if Defendant timely sought to vacate the judgment, the relief would still be denied. Contrary to Defendant's contention, "(a)lthough the Supreme Court retains inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice, a court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" *Nationstar Mortg., LLC v. Russo*, 167 A.D.3d 913, 915 (2d Dept. 2018).

18.    Here, despite Defendant's allegations to the contrary, there was no fraud, mistake, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice.  While she alleges her attorney, together with Plaintiff and "their collective counsel" have "worked to bias this court through deception, deceit, misrepresentation and fraud against her," she provides no specifics as to what acts she is referring. Her allegations and suggestions of impropriety encompass everyone in this action, even the Court (stating that it is "clear the scales of justice are tilted in favor of the plaintiff. It is clear

---

[4] In fact, a week prior to filing the instant motion, Defendant filed a substantially similar Motion to Vacate in the other foreclosure action.

that an attorney's credibility and integrity as officers of the court can no longer be taken for granted." NYSCEF Doc. 14, page 9, ¶38).[5] These assertions by Defendant are completely unfounded and meritless.

19.    Defendant assertion of lack of jurisdiction as a reasonable excuse for her default also fails, as any challenge to jurisdiction has been waived.  A defendant who appears, raises jurisdiction and fails to move to dismiss on that ground within the sixty-day window is not permitted to challenge jurisdiction thereafter.  *See e.g. Law Offices of Peter D. Hoffman, P.C. v. Cullen*, 150 A.D.3d 975 (2d Dept 2017) (holding "The defendants' argument that personal service of the summons and complaint was improper has been waived, as they failed to assert improper service in their answer or in their motion to dismiss the complaint."); *Generation Mortg. Co. v. Medina*, 138 A.D.3d 688 (2d Dept 2016) (holding "the appellant waived his affirmative defenses of lack of jurisdiction on the basis of improper service of process, as he failed to move to dismiss the complaint on that ground with 60 days after serving his answer); *Putnam Cty Sav. Bank v Mastrantone*, 111 A.D. 3d 914 (2d Dept 2013) (holding "with respect to their affirmative defense of lack of personal jurisdiction on the basis of improper service of process, the appellants failed to move to dismiss the complaint on that ground within 60 days after serving their answer and, therefore they waived that defense."); *JP Morgan Chase Bank v. Munoz*, 85 A.D.3d 1124 (2d Dept 2011) (holding "an objection that the summons and complaint... was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading."). *Federici v. Metropolis Night Club, Inc.*, 48 A.D.3d 741 (2d Dept 2008).[6]

---

[5] Defendant goes so far as to challenge the veracity of some of the Courts orders, alleging that the January 5, 2017 Order that vacated the dismissal to be in question because "[t]he execution and format of this order is not consistent with the July 23, 2014 Order..." because the judge's full name was not printed below his signature and the paragraph format was not double spaced as it was on the preceding Order of July 23, 2014. NYSCEF Doc. 14, ¶40.

[6] Moreover, Defendant's challenge to service appears to be as to notice of foreclosure settlement conferencing she received in the mail, not service of the Summons and Complaint. CPLR 308 does not apply to the mailing of a notice, only to service of process.  Furthermore, any allegation she was not timely served is belied by the fact that service is alleged on January 8, 2010 [CPLR 308(2)], and she filed her answer on February 17, 2010 (despite her contrary statement that she did not file her answer until after the April 28, 2010 Foreclosure Settlement Conference).  NYSCEF Doc 14., ¶¶15-16, 21)

20.     Finally, Defendant's request for dismissal of the action must also be denied, as where a defendant has defaulted, they are not entitled to demand affirmative relief, such as dismissal, absent vacatur of the default. *See* Wells Fargo Bank N.A. v. Malik, 203 A.D.3d 1110 (2d Dept 2022); Capital One, N.A. v Gokhberg, 189 A.D.3d 978 (2d Dept. 2020) ["*we agree with the Supreme Court's determination to deny the defendants' cross motion for a framed-issue hearing. The defendants were not entitled to affirmative relief of a non-jurisdictional nature absent vacatur of their default*"]; Bank of N.Y. Mellon v. Lawson, 176 A.D.3d 1155, 1157 (2d Dept. 2019).

21.     Accordingly, as the judgment of foreclosure and sale is final as to all defenses and claims and Defendant has failed to meet her evidentiary burden warranting entitlement to relief under CPLR 5015(a), any arguments are now barred and Defendant's motion to vacate must be denied in its entirety.

**WHEREFORE,** Plaintiff respectfully requests this court deny Defendant's motion in its entirety, together with such other and further relief as the Court may deem just and equitable.

Dated:  September 28, 2022
New Rochelle, New York

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, NY 10004

## <u>WORD COUNT CERTIFICATION</u>

Patricia M. Lattanzio, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

This computer-generated **AFFIRMATION IN OPPOSITION** was prepared using a proportionally spaced typeface. The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 3,012.

Dated: September 28, 2022
    New Rochelle, NY

                    Patricia M. Lattanzio, Esq.
                    FRIEDMAN VARTOLO LLP
                    Attorneys for Plaintiff
                    85 Broad Street, Suite 501
                    New York, NY 10004
                    T: (212) 471-5100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

Ashmeen Modikhan

               Debtor(s).

ORDER

CASE #: 1-19-46591-jmm
CHAPTER 7

## ORDER PURSUANT TO 11 U.S.C. § 362(d) TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362(a)

      Upon the motion dated January 27, 2020 of Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust **[ECF No. 49] (JMM)** ("Secured Creditor"), for an order pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") vacating the automatic stay to allow the Secured Creditor enforcement of its rights in and remedies in and to 8710 149th Avenue, Howard Beach, NY 11414 ("Property"),  this Court, having considered the evidence presented an the arguments of the parties and with good cause appearing therefor; **and upon the full record of this case; and for the reasons set forth in this Court's decision [ECF No. 264] (JMM)**; it is hereby

      **ORDERED** that the automatic stay is hereby terminated pursuant to Bankruptcy Code Section 362(d) to allow Secured Creditor to pursue its rights under applicable laws with respect to the property located property located at 8710 149th Avenue, Howard Beach, NY 11414; and it is further

      **ORDERED** that the Chapter 7 Trustee shall be served with a copy of the Referee's Report of Sale within thirty (30) days of the Report [if applicable] and shall be noticed with any surplus monies realized from the sale of the Collateral.

**Dated: Brooklyn, New York**
      **November 21, 2021**

_____
      **Jil Mazer-Marino**
    **United States Bankruptcy Judge**

# Exhibit M

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 143 of 863 PageID
#: 840

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF QUEENS**

| | |
|---|---|
| **US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,** | Index No.   301/2010 705854/2021 |
| Plaintiff | |
| -against- | |
| **ASHMEEN MODIKHAN, et al.,** | |
| Defendants | |

**FILED**

OCT 0 4 2022

COUNTY CLERK
QUEENS COUNTY

<u>**OBJECTION TO THE NOTICE OF SALE**</u>

COMES NOW, Defendant Ashmeen Modikhan, and files this Objection to the Notice of Sale. In support of this opposition, Defendant states as follows:

<u>**BACKGROUND**</u>

This matter concerns the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11414, which property is owned by the Defendant.

On January 06, 2010, Plaintiff counsel, Rosicki, Rosicki & Associates, filed a summons and complaint on behalf Bank of America, N.A., NA, Successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, and LP as the alleged lender.

On or about March 17, 2022, Defendant filed a Jurisdictional Challenge. In the said filing, Defendant challenged the jurisdiction of the instant court over the case.

On March 21, 2022, Friedman Vartolo LLP, counsel for the Plaintiff, filed a Notice of Return and Rejection, where Plaintiff denied the Defendant's jurisdictional challenge as a response to the complaint.

- 1 -

On or about September 15, 2022, Plaintiff filed a Notice of Sale; the sale is scheduled for October 14, 2022.

On or about September 20, 2022, Defendant filed a motion to vacate the fraudulent default foreclosure judgment.

Defendant hereby files this Objection to the Notice of Sale.

## ARGUMENTS

i.    **There foreclosure of the Howard Beach Property was illegal**

The foreclosure proceedings were started without following the disclosure requirements under UCC §§ 3-104 and 3-804. The extensive fraud has been committed in the case in the form of constant lies that Plaintiff had the original note. Fabricated and false evidence was presented in that regard. For example, fraud is clearly evident from the complaint filed by Rosicki, Rosicki and Associates on January 6, 2010, without any evidence that their client had possession of the note. The complaint was filed at the height of Rosicki's admitted fraudulent activity between 2009 through 2018 **(Exhibit "A")**. An "assignment" was then created and recorded by Rosicki's company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008. Paramount Land, Inc was also found to be compliant in the over fraudulent activity in illegal foreclosures 2009 through 2018.  This document is fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010. Further, as stated, the original lender named at closing was Countrywide Home Loans, Inc. They were not named as Plaintiff. The chain of lien ownership from Countrywide Home Loans, Inc. has never been fully verified in a court of law with valid evidence.

- 2 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 145 of 863 PageID
#: 842

In addition to not providing physical evidence of the original Note at the time the case was filed there was no statement made in the original foreclosure complaint stating the plaintiff, BAC Home Loans Servicing LP, had possession of the original Note and no statement by an officer of the corporation they had possession of the original Note.

To further depict the Plaintiffs' counsel fraudulent conduct, in the illegal foreclosure case Plaintiff's counsel, Rosicki, Rosicki & Associates failed to answer the Defendant's Jurisdictional Challenge filed on March 17, 2022. Notably, Rosicki, Rosicki & Associates filed no response to the Jurisdictional Challenge. However, Friedman Vartolo Law responded in an attempt to cover up for Gross Polowy LLC and all subsequent counsel involved in Defendant's both foreclosure cases (*Index No: 301/2010 Efile: 705854/2021 and Index No: 2005/2012 Efile No: 705175/2021*).

The default foreclosure judgment was based on a fraudulent Motion to Restore the Action filed by Gross Polowy, LLC. The motion omitted pertinent evidence from the court creating a prejudice against the defendant. Notably, the motion was based on hearsay and lacked full disclosure that their client was no longer the party in possession of the note.

It follows; no Plaintiffs in this illegal foreclosure case ever had the original note. It follows; the notice of sale should be denied since it follows a fraudulent foreclosure judgment violating the Defendant's due process and rights to a fair trial.

**ii.    The foreclosure case was dismissed due to failure to present the note**

The following outline of relevant facts which can be found discussed at length in the Defendant's Affidavit in Support of Motion to Vacate filed on September 20, 2022 in the foreclosure case shows how the case was dismissed for failure to produce the original note and later reopened based on hearsay and omitted evidence by subsequent counsels for the Plaintiff.

Defendant signed the original paperwork signed on April 24, 2007, with Countrywide Home Loans, Inc. who purported to be licensed and legally allowed to conduct business in the State of New York as a mortgage lender. The defendant executed a Note and Mortgage under these beliefs.

Accordingly, the defendant was receiving monthly mortgage statements from Countrywide Home Loans. The statements instructed the defendant to "make check payable to Countrywide Home Loans at PO Box 660694, Dallas, TX 75266-0694.

On or about April 29, 2009, the defendant received a mortgage statement from Bank of America Home Loans. The mortgage stated that BAC Home Loan Servicing, LP "services your home loan on behalf of the holder of your note." The name of the holder of the note was not revealed.

In 2008, Countrywide Financial Corporation, a Delaware corporation, and all its subsidiaries (including Countrywide Home Loans), merged with and into Red Oak Merger Corporation, a wholly own subsidiary of Bank of America, the surviving company. According to Securities and Exchange Commission filings, upon the acquisition, Red Oak Merger Corporation, changed its name to Countrywide Financial Corporation, now a Bank of America wholly owned subsidiary. This means all the subsidiaries became Countrywide Financial Corporation, a Bank of America subsidiary.

The Great Financial Crisis was from the years 2008 to 2011. After the collapse many industries suffered. In September of 2008 the defendant's full-time position at a travel agency was discontinued. The defendant immediately reached out to Bank of America, N.A. and spent most of 2009 applying for a loan modification which Bank of America, N.A. consistently lost. The Defendant was instructed to provide more information or was given other excuses as to why

- 4 -

her loan modification remained stalled in the processing stage. During this entire period Bank of America, N.A. acted in bad faith and they never gave the Defendant a loan modification. The Great Financial Collapse was the direct result of crimes committed against homeowners due to the deregulation of the country's financial system. By repealing Glass-Steagall in 1999, Bank CEOs and Wall Street were given permission to create a criminal syndicate that employed the identity and credit of the American people without their knowledge or consent. This criminal activity was rewarded with, at first, a $29,000,000,000 bail out from the Federal Reserve. The Federal Reserve enacted FRA 13(3) illegally for this bailout by not asking Congress for permission as the law requires. In that process, the Federal Reserve bought from the failing lenders aka banks, massive numbers of Mortgage-Backed Securities (MBS). However, to this day, no official has determined which loans made up those securities. Without this knowledge, homeowners, like the Defendant, have no true sense of who owns their note or the right to collect the collateral (their property) to satisfy those loans. The fact that this case was dismissed because the Plaintiff could not produce a blue-inked original note lends to the fact it is reasonable that the loan in question could have been bought up by the Federal Reserve. Furthermore, no one truly knows where those MBS ended up. It would appear by the evidence the Defendant has provided not only in this case, but also in her lateral bankruptcy case, that the Federal Reserve transferred some of the MBS to Fannie Mae to collect the collateral by employing criminal tactics using fabricated and fraudulent documentation in a court of law to do it. The Defendant has searched for the truth and found The Con, a 5-part documentary that explains deregulation and the crimes that followed. The court is invited to watch at www.thecon.tv. The series is complete with whistleblowers from Countrywide, Citigroup, the directors of white-collar investigations at the DOJ, the FBI, the SEC and AGs across the country and multiple professionals in the banking and

-5-

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 148 of 863 PageID
#: 845

lending industry regarding the crimes committed against the Defendant. The Defendant found the truth. The officers of this court and bankruptcy court have committed crimes against her to protect themselves and their colleagues. The Defendant has been consistent with her evidence. The Defendant is a victim of massive systemic corruption in an effort to steal her home (collateral) for a debt no one can prove ownership with a valid chain of lien ownership.

On or about January 29, 2010, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens' Recorder's office under CRFN#2010000034349 **(Exhibit "B")**. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008. The document contained instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates.

On or about March 12, 2010, the Defendant received a "flyer" type document in the mailbox at 8710 149th Avenue, Apt 5N, Howard Beach, NY 11414 instructing the "Queens homeowner" to appear at the "Settlement Conference" on 04/28/2010 **(Exhibit "C")**. The Defendant was never personally served a summons and complaint as this was not her residence. This is an insufficient service of process.

The Defendant did appear in court on the designated time and date. The court directed the Defendant to the foreclosure prevention court clinic. The Defendant received a copy of the complaint in the court clinic.

The complaint failed to provide a copy of the April 24, 2007, note in favor of Countrywide Home Loans, Inc. or proof of the succession from Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Therefore, the

- 6 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 149 of 863 PageID #: 846

presumption is BAC Home Loans Servicing, LP did not possess the note at the time the complaint was filed. The Plaintiff's counsel was Rosicki, Rosicki and Associates.

On or about February 6, 2012, the mortgage "loan" was transferred to Bank of America, N.A. per a Notice of Assignment, Sale, or Transfer of ownership of Mortgage Loan provided by Bank of America, N.A on February 14, 2012 **(Exhibit "D")**. The previous creditor was not named.

On or about June 28, 2012, the Defendant filed for Chapter 7 bankruptcy protection in the Eastern District of New York (Brooklyn) under case number 12- 44750-ess. BAC Home Loans Servicing was listed.

On or about October 1, 2012, Bank of America, N.A. transferred the servicing rights to Ocwen Loan Servicing, LLC in correspondence from Bank of America dated September 12, 2012 **(Exhibit "E")**. On or about October 10, 2012, a Discharge of Debtor Order of Final Decree was entered in the bankruptcy case.

On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. naming Ocwen Loan Servicing, LLC as its servicer in correspondence from Ocwen dated July 11, 2013 **(Exhibit "F")**.

On or about January 28, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CFN#2014000203670 on June 13, 2014 (6 months after its creation) **(Exhibit "G")**. The document was created, executed and presented by Indecomm Global Services Bank of America's attorney in fact.

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 150 of 863 PageID #: 847

On or about May 8, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CRFN#2014000254316 on August 1, 2014 (3 months after creation **(Exhibit "H")**. This document was executed by Ocwen Loan Servicing, LLC as Bank of America's attorney in fact. This would be impossible since Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 already had the loan according to the January 28, 2014 "assignment."

On or about June 4, 2014, the court orders a status conference to be held on July 23, 2014. The Court ordered the plaintiff to file a Foreclosure Affirmation/Certificate of Merit.

On or about July 23, 2014, the court issued an order to dismiss the case Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, failing to present the Note and complying with the Status Conference Order **(Exhibit I)**. The presumption is both parties were present.

It follows; the fact that there have been issues with the original note since the time this case started shows how Defendant's property rights stand to be violated by the illegal foreclosure and notice of sale of the property.

## CONCLUSION

Since the instant illegal foreclosure and the other illegal foreclosure on the Defendant's residential property that led to three bankruptcies, the Defendant has been subjected to continued harm as she tried to pursue justice and protect her property rights. Since the beginning of 2019, the Defendant was suffering from severe depression not only from an injury sustained at her place of employment, American Airlines leaving her 100% permanently disabled but also

- 8 -

from being a victim of systemic fraud created by the financial system as seen in The Con. Moreover, the Defendant is a victim of a judicial system that lost sight of justice for all Americans. Her story is a featured series first appearing in the New York based Blackstar News on August 2, 2022 (See link - https://www.blackstarnews.com/ny-watch/crime/queens-property-owner-ashmeen-modikhan-says-shes-victim-of-%E2%80%9Cmortgage-0?fbclid=IwAR23g0xqbvZz4CgVMAU1CwbyYcAAQyjlQCfaDcFhtj4L5g8N4ZeuGy07tlA)

**(Exhibit "J")** The Defendant and her children have intentionally inflicted from the endless litigation, and their corresponding effects and cost implications. The Defendant properties were not bought for a personal investment endeavor. These properties were bought to house the Defendant children and her. As a single mother and grandmother, the Defendant take on the duty to ensure her family will always have the security of a home as her parents did for their children and grandchildren. It is therefore in the interest of justice to deny the Notice of Sale. Defendant further prays for any other Order this Court deems just.


Respectfully submitted,



*Ashmeen Modikhan*                                    10/04/2022
Ashmeen Modikhan                                      Date

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM INDEX NO. 705854/2021

NYSCEF DOC. NO. 20    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 152 of 863 PageID  RECEIVED NYSCEF: 10/04/2022

#: 849

## VERIFICATION

     I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this _4th_ day of _October_ , 2022

_Ashmeen Nahh_

Ashmeen Modikhan

_Notary Signature_

ANNA LISA ENRIQUEZ
Printed Notary Name

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
Seal 04EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

My commission expires _3/2/2024_

- 10 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 153 of 863 PageID #: 850

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **OBJECTION TO THE NOTICE OF SALE** will be served electronically 4th Day of October 4, 2022 and mailed via **USPS First Class Mail** on 5th Day of October 2022 to the following:

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com
**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

- 11 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 154 of 863 PageID #: 851

Anna Guiliano, Esq.
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
*c/o FirstServices Residential*
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**Countrywide Bank, FSB**
251 Glen Cove Road
Carle Place, NY 11514

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

New York Department of Taxation and Finance
400 Oak Street
Garden City, NY 11530

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 155 of 863 PageID #: 852

**Mortgage Electronic Registration Systems, Inc.**
**c/o CT Corporation System**
111 Eight Avenue 13th Floor
New York, NY 10011

**Mortgage Electronic Registration Systems, Inc.**
3300 SW 34th Avenue, Suite 101
Ocala, Florida 34474

**Mortgage Electronic Registration Systems, Inc.**
4500 Park Granada
Calabasas, California 91302

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201
**Letitia James, Attorney General of New York**
*Office of the Attorney General*
The Capitol
Albany, NY 12224-0341

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
125-01 Queens Blvd
Kew Gardens, NY 11415

_____          _10/04/2022_____
Ashmeen Modikhan                                          Date

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 156 of 863 PageID #: 853

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X

U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

                                        Plaintiff

                    -against-

 ASHMEEN MODIKHAN; et al,,

                                        Defendant
------------------------------------------------------------------X

Index No. 705854/2021
(Original Index no. 301/2010)

**NOTICE OF RETURN AND
REJECTION**

**Mortgaged Premises**
87-10 149th Avenue, Unit 5N
Howard Beach, NY 11417

**PLEASE TAKE NOTICE** that Plaintiff, U.S. Bank as Legal Title Trustee for Truman

2016 SC6 Title Trust (hereinafter "Truman"), by their attorney, Friedman Vartolo LLP, hereby

rejects and returns the "Objection to the Notice of Sale" of Defendant Ashmeen Modikhan filed

on October 4, 2022 as NYSCEF Doc. 20:

1.      To the extent that Ashmeen Modikhan's "Objection to the Notice of Sale" filed on

October 4, 2022 as NYSCEF Doc. 20 is intended as a notice of motion, the same is returned and

rejected upon the ground that the motion is not properly noticed and served.

2.      A true and complete copy of the "Objection to the Notice of Sale" filed as

NYSCEF Doc. 135 is annexed hereto as Exhibit A.

Dated:  October 5, 2022
        New Rochelle, New York

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 157 of 863 PageID #: 854

To:

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 158 of 863 PageID #: 855

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

Plaintiff,

-against-

ASHMEEN MODIKHAN; et al.,

Defendants
------------------------------------------------------------------------x

| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF NASSAU | ) |

TRISTAN VILLANUEVA, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New York.

On October 5, 2022, I served a true copy of the annexed **NOTICE OF RETURN AND REJECTION** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

TRISTAN VILLANUEVA

Sworn To Before Me This
5th day of October, 2022

Notary Public

KERRYANNE YETKOFSKY
Notary Public, State of New York
No. 01YE6024216
Qualified in Nassau County
Commission Expires May 3, 2023

Case Number: 211697-3

1 of 1

# Exhibit N

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 160 of 863 PageID #: 857

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF QUEENS**

| | |
|---|---|
| **US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,** | Index No.   301/2010 |
| Plaintiff | 705854/2021 |
| -against- | |
| **ASHMEEN MODIKHAN, et al.,** | |
| Defendants | |

**FILED**

**OCT 1 1 2022**

COUNTY CLERK
QUEENS COUNTY

## OPPOSITION TO NOTICE OF RETURN AND REJECTION; AND TO THE AFFIRMATION IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE AND DISMISS

COMES NOW, Defendant Ashmeen Modikhan, and files this Opposition to the Notice of Return and Rejection; and to the Plaintiff's Affirmation in Opposition of Defendant's Motion to Vacate and Dismiss. In support thereof, the Defendant states as follows:

### ARGUMENTS

#### There is no privity of contract

This court has presented a plaintiff with whom the defendant has no contract. The mere presence of the plaintiff attorneys is not proof of their relationship with the plaintiff without producing a retainer agreement. This has not been done. A retainer agreement could be provided with all confidential information redacted so the plaintiff's client can be deposed.

- 1 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 161 of 863 PageID #: 858

**There is no chain of possession**

A plaintiff has standing where it is both the holder or assignee of the subject mortgage and the underlying note at the time the action is commenced. *See Aurora Loan Services, LLC v. Taylor*, 114 AD3d 627; *Deutsche Bank Natl. Trust Co. v. Whalen*, 107 AD3d 931; *Bank of NY v. Silverberg*, 86 AD3d 274. "A plaintiff may demonstrate that it is the holder or assignee of the underlying note 'by showing either a written assignment of the underlying note or the physical delivery of the note.'" *Aurora Loan Servs., LLC v. Mercius*, 138 AD3d 650, 651, quoting *U.S. Bank N.A. v. Guy*, 125 AD3d 846.

In the instant action, there has been no evidence provided of their client purchasing the debt with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any injured party or aggrieved party bringing this matter into this court.

The Defendant is requesting a stay of proceedings until the parties produce the retainer agreement and proof of purchase of debt. The Note is only enforced if you have authority to enforce it.

**The foreclosure was wrongful**

In foreclosure actions, the lender must demonstrate strict compliance with the provisions of the Real Property Actions and Proceedings Law. *See Bank of Am., N.A. v Keefer*, 2022 NY Slip Op 02776, Second Dept 4-27-22. Accordingly, wrongful foreclosure occurs when a bank or lender seeks to reclaim a home, foreclosing on the property even though they have no legal cause to do so, or when they are in violation of the Real Property Actions and Proceedings Law.

Defendant avers that the Court has been misled. The Plaintiff's counsel, Rosicki, Rosicki & Associates, initiated a wrongful foreclosure on January 6, 2010. *(Exhibit "A")* The Plaintiff did not have possession of the original wet ink note. Rosicki, Rosicki & Associates admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199). *(Exhibit "B")*

It is noteworthy that a search at the New York's Secretary of State shows that Paramount Land, Inc. registered on October 20, 2009, is active with the principal executive office addresses the same as that on the "assignment." Further, the Chief Executive Officer of the said entity is listed as Thomas Rosicki of address 51 East Bethpage Road, Plainview, New York 11803. However, in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199, *Rosicki* were found guilty of multiple fraudulent crimes committed between 2009 and 2018 and were fined several million dollars. According to the Stipulation and Order of Settlement and Dismissal dated November 20, 2018, the Defendants admitted they were approved by Fannie Mae to perform all legal work associated with residential foreclosures where Fannie Mae owned the mortgage loans.

Defendant avers that there are several indications of fraud by *Rosicki*. First, fraud is clearly evident from the complaint filed by *Rosicki, Rosicki* and Associates on January 6, 2010 without any evidence that their client had possession of the note, which complaint was filed at the height of *Rosicki* admitted fraudulent activity between 2009 through 2018. An "assignment" was then created and recorded by their company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008. This document is

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 164 of 863 PageID #: 861

fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010. Further, as stated, the original lender

Besides, the Defendant was not legally served the summons and complaint per the civil rules of procedure.  A "flyer" type notice was left in a mailbox. *(Exhibit "C")*

The Plaintiff, BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, was never the holder of the note.  They were the servicer or debt collector.

The sitting judge on this case on July 23, 2014, Judge Martin J. Schulman dismissed this case pre-note because the plaintiff failed to comply with the terms of the Order dated June 04, 2014 and the Note was not produced. *(Exhibit "D")* Contradictory to documentation filed later, both parties were present at this hearing. *(Exhibit "E")*

On August 6, 2014, Rosicki, Rosicki &Associates files consent to change attorneys. The new counsel for the plaintiff became Leopold & Associates. The document was actually executed on July 28, 2014. *(Exhibit "F")*

On January 08, 2020, the Plaintiff's counsel Courtney Williams of Gross Polowy, LLC presents a copy of the alleged Note in a bankruptcy filing. *(Exhibit "G")* This alleged copy of the note presented only shows one endorsement that is in blank and undated purporting to be executed by Michele Sjolander. Ms. Sjolander testified on January 25, 2012, in *Kerby vs. Bank of America, N.A.*, 09-CV-00182, that Recontrust and not Countrywide Home Loans employed her.

- 4 -

Therefore, Michele Sjolander did not have personal knowledge or authority to endorse a Note in the name of Countrywide Home Loans, Inc. *(Exhibit "H")*

Gross Polowy counsels continued to mislead this court as to standing. This activity is detailed in the Motion to Vacate (NYSCEF Doc.14) filed by the Defendant. This activity led to a Default Judgment. *(Exhibit "I")*

In the Defendant 2019 Chapter 13 bankruptcy case Courtney R Williams aka Courtney R Shed and several other attorneys of Gross Polowy LLC made an appearance for the plaintiff and continued misleading the courts. *(Exhibit "J")* Friedman & Vartolo, LLP counsels substituted for the plaintiff also continue to mislead the courts. *(Exhibit "K")*

WHEREFORE, Defendant respectfully requests this court to grant the motion to vacate in it's entirely or a stay of proceedings until parties produce the retainer agreement and proof of purchase of debt, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Ashmeen Modikhan

10/11/2022
Date

- 5 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 166 of 863 PageID #: 863

## **VERIFICATION**

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this __11th__ day of __October__ , 2022

Ashmeen Modikhan

Notary Signature                                              Seal

SUSAN LOUGHLIN
Notary Public - State of New York
No. 04LO6430887
Qualified in Queens County
Commission Expires March 21, 2026

Printed Notary Name

My commission expires _____

- 6 -

1

## CERTIFICATE OF SERVICE

2

I certify that a copy of this foregoing **OBJECTION TO AFFIRMATION IN OPPOSITION**

3

**OF IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE AND DISMISS** will be
served electronically and mailed via **USPS First Class Mail** on Day of October 11, 2022 to the

4

following:

5

6

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*

7

85 Broad Street, Suite 501
New York, NY 10004

8

plattanzio@friedmanvartolo.com

9

10

**Andrew M. Buonincontri, Esq.**
*Friedman Vartolo, LLP*

11

1325 Franklin Avenue, Suite 160
Garden City, NY 11530

12

abuonincontri@friedmanvartolo.com

13

14

**Michael Nardolillo**
*Friedman Vartolo LLP*

15

1325 Franklin Avenue, Suite 160
Garden City, NY 11530

16

mnardolillo@friedmanvartolo.com

17

18

**Nicole Black**
*Friedman Vartolo LLP*

19

1325 Franklin Avenue, Suite 160
Garden City, NY 11530

20

nblack@friedmanvartolo.com

21

22

**Virginia Grapensteter**
*Friedman Vartolo LLP*

23

1325 Franklin Avenue, Suite 160
Garden City, NY 11530

24

vgrapensteter@friedmanvartolo.com

25

26

27

28

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 168 of 863 PageID #: 865

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano, Esq.**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

- 8 -

FILED: QUEENS COUNTY CLERK 10/11/2022 11:24 AM
NYSCEF DOC. NO. 25

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 169 of 863 PageID
#: 866

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/11/2022

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums # 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com


**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com


**New York City Environmental Control Board**
100 Church Street
New York, NY 10007


**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201


**Breon Peace**
**U.S. Attorney**
<u>Main Office</u>
271 Cadman Plaza East
Brooklyn NY 11201


**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

_____          _____
Ashmeen Modikhan                            Date

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 171 of 863 PageID #: 868

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

                                        Plaintiff

                    -against-

ASHMEEN MODIKHAN; et al,,

                                        Defendants.
-----------------------------------------------------------------X

Index No. 705854/2021
(Original Index no. 301/2010)

**NOTICE OF REJECTION
AND RETURN**

**Mortgaged Premises**
87-10 149th Avenue, Unit 5N
Howard Beach, NY 11417

**PLEASE TAKE NOTICE** that Plaintiff, U.S. Bank as Legal Title Trustee for Truman 2016 SC6 Title Trust (hereinafter "Truman"), by and through its attorney, Friedman Vartolo LLP, hereby rejects and returns the "Opposition to Notice of Return and Rejection and to the Affirmation in Opposition of Defendant's Motion to vacate and Dismiss" dated October 11, 2022 ("Opposition") and filed by Defendant Ashmeen Modikhan October 11, 2022 as NYSCEF Doc. 25.

1. To the extent that Ashmeen Modikhan's "Opposition" filed on October 11, 2022 as NYSCEF Doc. 25 is intended as a Reply Affirmation in further support of Defendant's Motion to Vacate and Dismiss (NYSCEF Doc. 14), same is rejected and returned upon the ground that it is untimely. The Court already marked Defendant's Motion as "fully submitted" on October 6, 2022.

2. A true and complete copy of the "Opposition" filed as NYSCEF Doc. 25 is annexed hereto as **<u>Exhibit A</u>**.

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 172 of 863 PageID #: 869

Dated: October 11, 2022
      New Rochelle, New York

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100

To:

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 173 of 863 PageID #: 870

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

Plaintiff,

-against-

ASHMEEN MODIKHAN; et al.,

Defendants

-------------------------------------------------------------------------x

STATE OF NEW YORK    )
                               ) ss:

COUNTY OF NASSAU    )

TRISTAN VILLANUEVA, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New York.

On October 11, 2022, I served a true copy of the annexed **NOTICE OF RETURN AND REJECTION** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

TRISTAN VILLANUEVA

Sworn To Before Me This
11th day of October, 2022

Notary Public

JENNIFER BURKE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU6203256
Qualified in Nassau County
Commission Expires March 30, 2025

Case Number: 211697-3

1 of 1

# Exhibit O

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**
...........................................................X
**US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,**

               Plaintiff

          -against-

**ASHMEEN MODIKHAN, et al.,**

          Defendants
...........................................................X

**ORDER TO SHOW CAUSE**

Index No. 301/2010
      705854/2021

Upon the affidavit of ASHMEEN MODIKHAN dated _____, 2022 and upon all papers and proceedings previously filed and had herein, and good and sufficient cause appearing, it is ORDERED, that the above named Plaintiff(s) show cause before this Court, at room _____, Supreme Court of the State of New York, County of Queens and State of New York on _____, 2022 at _____ o'clock, or as soon thereafter as counsel may be heard, why an order should not be issued preventing the Plaintiff(s) from selling the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.

It is further ORDERED, that personal service of a copy of this order and annexed affidavit upon the Plaintiff(s) or Plaintiff(s)' counsel on or before _____ o'clock, _____, 2022 shall be deemed good and sufficient service thereof.

Dated: _____

                            _____
                            Judge, Supreme Court of New York
                            County of Queens

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
...........................................................X
**US BANK, NA, AS LEGAL TITLE**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE**
**TRUST,**

        Plaintiff

**AFFIDAVIT IN SUPPORT OF**
**ORDER TO SHOW CAUSE**

        -against-

Index No. 301/2010
705854/2021

**ASHMEEN MODIKHAN, et al.,**

        Defendants
...........................................................X

I, ASHMEEN MODIKHAN, being duly sworn, deposes and says:

1. I am the defendant in the above-entitled action, and I am fully familiar with the facts and circumstances of this case.

2. I make this affidavit in support of my Order to Show Cause.

3. This affidavit is based upon personal knowledge, information and belief.

4. I respectfully move this court to order Plaintiff(s) to show cause why the court should not issue an order preventing the Plaintiff(s) from selling the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.

## Procedural history

5. This matter concerns my property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.

6. On January 6, 2010 a summons and complaint was filed by Rosicki & Rosicki and Associates for the Plaintiff the Bank of America, N.A., NA, Successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, LP as the alleged lender. I was never served. *(Exhibit "A")*

- 2 -

7.     On or about March 17, 2022, I filed a Jurisdictional Challenge. In the said filing, I challenged the jurisdiction of the instant court over the case.

8.     On March 21, 2022, Plaintiff, through counsel Friedman Vartolo LLP, filed a Notice of Return and Rejection, where Plaintiff denied my jurisdictional challenge as a response to the complaint.

9.     On or about September 15, 2022, Plaintiff filed a Notice of Sale, which sale was scheduled for October 14, 2022.

10.     On or about September 20, 2022, I filed a motion to vacate the default foreclosure judgment.

11.     On or about October 5, 2022, I then filed an objection to the Notice of Sale.

## The foreclosure was wrongful

12.     On April 24, 2007, I entered an agreement with the lender, Countrywide home Loans, Inc.

13.     The Plaintiff's counsel, Rosicki, Rosicki & Associates, initiated a wrongful foreclosure on January 6, 2010.

14.     The Plaintiff did not have possession of the original wet ink note.

15.     Also, the Plaintiff did not produce any original note or any evidence of chain of possession.

16.     There was no statement made in the original foreclosure complaint that shows that the plaintiff in that case, BAC Home Loans Servicing LP, had possession of the note. There is also no statement that an officer of the corporation had possession of the original Note.

*17.*     Rosicki, Rosicki & Associates admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.* 12-cv-7199). *(Exhibit "B")*

- 3 -

18.     It is noteworthy that a search at the New York's Secretary of State shows that Paramount Land, Inc. registered on October 20, 2009, is active with the principal executive office addresses the same as that on the "assignment." Further, the Chief Executive Officer of the said entity is listed as Thomas Rosicki of the address 51 East Bethpage Road, Plainview, New York 11803.

**19.**     However, in (*United States ex rel. Grubea v. Rosicki, Rosicki & Assoc., 12-cv-7199,*) Rosicki was found guilty of multiple fraudulent crimes committed between 2009 and 2018 and were fined several million dollars. According to the Stipulation and Order of Settlement and Dismissal dated November 20, 2018, Rosicki admitted they were approved by Fannie Mae to perform all legal work associated with residential foreclosures where Fannie Mae owned the mortgage loans.

**20.**     Defendant avers that there are several indications of fraud by Rosicki. First, fraud is clearly evident from the complaint filed by Rosicki, Rosicki and Associates on January 6, 2010 without any evidence that their client had possession of the note; this complaint was files at the heights of Rosicki admitted fraudulent activity between 2009 through 2018. An 'assignment" was then created and recorded by their company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008.  This document is fraudulent and BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010.

## There is no chain of possession

21.     There has been no evidence provided of the Plaintiff(s)' client purchasing the debt with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any injured party or aggrieved party bringing this matter into this court.

- 4 -

## The foreclosure case had been dismissed for failure to present the original note

**22.** On or about July 23, 2014, the court in the foreclosure action issued an order to dismiss the case Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, failing to present the Note and complying with the scheduled Status Conference Order. *(Exhibit "C")*

23. Gross Polowy, LLC, Plaintiff's counsel (in the foreclosure action), then filed a Motion to Restore the Action. The motion omitted pertinent evidence from the court. It was based on hearsay and lacked full disclosure that their client was no longer the party in possession of the note.

24. Notably, Gross Polowy, LLC presented a copy of the alleged original Note. This alleged copy of the original presented only one endorsement that was in blank and undated, purporting to be executed by Michele Sjolander. Ms. Sjolander had testified on January 25, 2012, in *Kerby vs. Bank of America, N.A.*, 09-CV-00182, that it was Recontrust and not Countrywide Home Loans employed her. Therefore, Michele Sjolander did not have personal knowledge or authority to endorse a Note in the name of Countrywide Home Loans, Inc.

25. It follows; for a long time now, I have been subjected to a lot of harm as I tried to pursue justice and protect my property rights.

26. My children are also suffering from the costs and implications of endless litigation.

27. My suffering will be further aggravated by the sale of the said property following the wrongful foreclosure.

28. This court has been misled. It is therefore in the interest of justice to deny the Notice of Sale.

WHEREFORE, I respectfully request that the Court prevent the Plaintiff(s) from selling my property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417. I also pray this Court grant such other and further relief that may be just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 10/13/2022

Ashmeen Modikhan,
In Pro Per

## **VERIFICATION**

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this  13th day of  October                 , 2022

_____
Ashmeen Modikhan

Susan Loughlin
_____
Notary Signature                                    Seal

SUSAN LOUGHLIN
_____ Notary Public - State of New York
Printed Notary Name                     No. 04LO6430887
                                        Qualified in Queens County
                                        Commission Expires March 21, 20 26

My commission expires _____

- 7 -

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing ORDER **TO SHOW CAUSE** will be served

electronically on the 13th Day of October 2022 and mailed via **USPS First Class Mail** on the

14th Day of October 2022 to the following:

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

- 8 -

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

Ashmeen Modikhan

10/13/2022
Date

- 10 -

FILED: QUEENS COUNTY CLERK 10/13/2022 12:48 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 30
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 184 of 863 PageID
#: 881
RECEIVED NYSCEF: 10/13/2022

**Instructions: Fill in the Names of the Parties and the Index Number. Complete the blank spaces next to the instructions printed in bold type. PRINT AND USE BLACK INK ONLY. SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------X

*US BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST*

**[FILL IN NAME(S)]**        Plaintiff(s)

Index Number
*301/2010*
*705854/2021*

V.

EMERGENCY AFFIDAVIT

*ASHMEEN MODIKHAN, et al*

**[FILL IN NAME(S)]**        Defendant(s)

------------------------------------------------------X

I *ASHMEEN MODIKHAN* **[INSERT YOUR NAME]** am the plaintiff/defendant **[CIRCLE ONE]** in the above-named action/special proceeding **[CIRCLE ONE]**. I request immediate judicial review of my *ORDER TO SHOW CAUSE*

_____ **[INSERT DESCRIPTION OF PAPERS YOU ARE SUBMITTING, e.g., ORDER TO SHOW CAUSE]** on the following grounds (reasons) **[INSERT BELOW A <u>BRIEF</u> EXPLANATION OF WHY YOU NEED <u>EMERGENCY OR IMMEDIATE RELIEF</u>. DO NOT DISCUSS THE LEGAL MERITS (BASIS) OF YOUR CLAIM]**._____ *BY ROSICKI, ROSICKI & ASSOCIATES*

*1. SUMMON & COMPLAINT FILED, JANUARY 06, 2010*
*A WAS NEVER SERVED*
*2. ROSICKI ROSICKI & ASSOCIATES WAS FOUND GUILTY OF MULTIPLE FRAUDULENT CRIMES COMMITTED BETWEEN 2009-2018 IN (UNITED STATES ex rel Grubea V. ROSICKI, ROSICKI & ASSOC., 12-CV-7199)*
*3. THIS COURT HAS BEEN MISLED*
*I HAVE BEEN SUBJECTED TO A LOT OF HARM AS I*

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 185 of 863 PageID #: 882

I TRIED TO PURSUE JUSTICE AND PROTECT MY PROPERTY
MY FAMILY MEMBERS HAD ALSO BEEN SUBJECT TO THIS WRONGFUL
CAUSING FINACIAL, MENTAL AND EMOTIONAL DISTRESS
PLEASE SEE ATTACHED

[SIGN YOUR NAME IN THE PRESENCE
OF A NOTARY PUBLIC]

ASHMEEN MODIKHAN
[PRINT YOUR NAME]

Sworn to before me on
this 13th day of October, 20 22 .

Notary Public

SUSAN LOUGHLIN
Notary Public - State of New York
No. 04LO6430887
Qualified in Queens County
Commission Expires March 21, 20 26

2



FRIEDMAN VARTOLO
L L P

_____

1325 Franklin Avenue, Suite 230, Garden City, NY 11530
T: 212.471.5100 F: 212.471.5150
friedmanvartolo.com


October 13, 2022


VIA NYSCEF

Hon. Martin J. Schulman
Queens County Supreme Court
88-11 Sutphin Boulevard
Jamaica, New York 11435

      **Re:**    *US Bank NA as Legal Title Trustee for Truman 2016 SC6 Title Trust*
               *v. Ashmeen Modikhan, et al.,* NYSCEF Index No.: 705854/2021 (301/2010)
               Property:  87-10 149th Avenue, Unit 5N, Howard Beach, NY 11417

Your Honor:

        This office represents Plaintiff in the above-referenced matter.  Please allow this letter to serve as Plaintiff's response to the proposed Order to Show Cause of defendant, Ashmeen Modikhan ("Defendant"). Plaintiff respectfully requests that the Court decline to execute the proposed Order to Show Cause. and allow the foreclosure sale, currently scheduled for tomorrow afternoon, October 14, 2022 at 12:30 p.m., to proceed.

        Initially, to the extent that Defendant intends this application as a means of staying the sale scheduled for tomorrow, October 14, 2022, of the subject property, Defendant failed to give Plaintiff notice of her intent to seek a temporary stay of this action in compliance with 22 NYCRR 202.7(f) (requiring notification "time, date and place that the application will be made").  Plaintiff did not become aware of this application until less than an hour ago and even then, Defendant merely stated that she would "be in the court after 2pm." **<u>Exhibit A</u>**

        Defendant should nevertheless not be permitted to continue to delay Plaintiff in the prosecution of this action. Defendant defaulted on her mortgage by failing to make the installment payment that became due on April 1, 2009. This foreclosure action was commenced in 2010. Defendant interposed an answer in February 2010 and had assistance of counsel, yet failed to oppose Plaintiff's Motion for Summary/Default Judgment and Order of Reference and  Motion for Judgment of Foreclosure and Sale. During the pendency of this foreclosure action, Defendant has filed three bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of

New York. [1] Defendant's multiple bankruptcy filing were brought simply to delay this action and the sale of the property. Similarly, this untimely application is merely a last-ditch attempt to unjustifiably delay the completion of this mortgage foreclosure action on the eve of sale.

To the extent that Defendant seeks to challenge the Judgment of Foreclosure and Sale, such application is untimely. Defendant was served with notice of entry of the Judgment of Foreclosure and Sale on June 6, 2019 (see **Exhibit C**).[2] It has thus been over three years since Defendant became aware of the Judgment, and accordingly vacatur pursuant to CPLR 317 (a party "who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment") is not available to Defendant. *Rockland Bakery, Inc. v. B.M. Baking Co.*, 83 A.D.3d 1080, 1081 (2d Dept. 2011). Similarly, to obtain vacatur of a default judgment under CPLR 5015(a)(1), the moving party must move "within one year after service of a copy of the judgment." *Id*. at 1082.

Moreover, because Defendant's instant motion comes over three years after she became aware of the Judgment, the "combination of inexcusable delay and detriment to other parties requires application of the doctrine of laches." *Hudson City Sav. Bank v. Hossain*, 181 A.D.3d 572, 575 (2d Dept. 2020).

Defendant already has a motion to vacate and dismiss pending in this action, wherein she puts forth the same frivolous and meritless arguments as she does now in her Order to Show Cause. Despite reappearing in this action in March 2022 when she filed her "jurisdictional challenge", (NYSCEF Doc.8), Defendant waited another six months (September 20, 2022) to move to vacate and dismiss the action.[3] Now, almost a month after filing her Motion, Defendant now come to the court on the eve of sale seeking injunctive relief.

Neither in her pending motion nor now does Defendant sets forth a legal basis to vacate the Judgment of Foreclosure and/or to stay the foreclosure sale. Defendant's frivolous and wholly meritless arguments are irrelevant and insufficient to warrant vacatur of the Judgment of Foreclosure and Sale, which is final as to all questions at issue between the parties and concludes all matters of defense which were or could have been litigated in the foreclosure action. *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dept. 2012), quoting *Long Is. Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dept. 2000).

Finally, it is well settled that in order for the Court to grant injunctive relief, the moving party is required to demonstrate: (1) the probability of success; (2) that irreparable harm will occur in the absence of an injunction; and (3) the balancing of equities in favor of the moving party. *Aetna Insurance Company v. Capasso*, 75 N.Y.2d 860 (1990). Defendant has failed to make such a showing and establish her entitlement to any injunctive relief.

---

[1] Defendant has filed three bankruptcy petitions in the U.S. Bankruptcy Court, EDNY during the pendency of this action. The first was filed June 28, 2012 (Ch. 7 Case no. 12-44750; discharged October 10, 2012). A second Chapter 7 was filed July 9, 2019 (Case no. 19-44172, dismissed August 26, 2019). Finally, Defendant filed for Chapter 13 protection on October 31, 2019 (19-46591). This case remains active but and Plaintiff was granted a relief of stay November 21, 2021 (which Defendant did not oppose). See **Exhibit B**

[2] Defendant admits in her pending motion that she "was advised by her counsel Iandolo to file for bankruptcy protection after the default judgment [of foreclosure and sale] was entered." See NYSCEF Doc. 14, ¶¶48-49

[3] Defendant's motion was marked fully submitted on October 6, 2022.

Defendant's application is patently frivolous and sets forth no basis to further delay this action. Accordingly, Plaintiff requests that the Court decline to execute the proposed Order to Show Cause, and allow the October 14, 2022 foreclosure sale to go forward.

Respectfully submitted,

Patricia M Lattanzio, Esq.
Friedman Vartolo, LLP
T: (212) 471-5100
E: plattanzio@friedmanvartolo.com

Cc:
Ashmeen Modikhan
Via email: aakl123@aol.com

# Exhibit A

| | |
|---|---|
| **From:** | Ashmeen |
| **To:** | Patricia Lattanzio |
| **Cc:** | appearance@friedmanvartolo.com; nyforeclosures |
| **Subject:** | Index No: 301/2010 E-File No: 705854/2021 - ORDER TO SHOW CAUSE FOR NOTICE OF SALE SCHEDULE FOR OCTOBER 14 2022 |
| **Date:** | Thursday, October 13, 2022 1:03:32 PM |

Dear Ms. Lattanzio,

I am emailing to advise that I am going to file an emergency order to show cause to stay the sale.

This was a wrongful foreclosure initiated by Rosicki, Rosicki & Associates which entails the court being misled.

I will be in the court after 2pm.


Regards,


Ashmeen Modikhan

---

**Warning** - This message has arrived from outside the organization. Please use caution when reviewing links and do not open any attachments which you do not recognize!

# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

Ashmeen Modikhan

Debtor(s).

ORDER

CASE #: 1-19-46591-jmm
CHAPTER 7

## ORDER PURSUANT TO 11 U.S.C. § 362(d) TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362(a)

Upon the motion dated January 27, 2020 of Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust **[ECF No. 49] (JMM)** ("Secured Creditor"), for an order pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") vacating the automatic stay to allow the Secured Creditor enforcement of its rights in and remedies in and to 8710 149th Avenue, Howard Beach, NY 11414 ("Property"),  this Court, having considered the evidence presented an the arguments of the parties and with good cause appearing therefor; **and upon the full record of this case; and for the reasons set forth in this Court's decision [ECF No. 264] (JMM)**; it is hereby

**ORDERED** that the automatic stay is hereby terminated pursuant to Bankruptcy Code Section 362(d) to allow Secured Creditor to pursue its rights under applicable laws with respect to the property located property located at 8710 149th Avenue, Howard Beach, NY 11414; and it is further

**ORDERED** that the Chapter 7 Trustee shall be served with a copy of the Referee's Report of Sale within thirty (30) days of the Report [if applicable] and shall be noticed with any surplus monies realized from the sale of the Collateral.

**Dated: Brooklyn, New York**
**November 21, 2021**

**Jil Mazer-Marino**
**United States Bankruptcy Judge**

# Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                    Plaintiff,

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

                    Defendant(s).

-------------------------------------------------------------------X

**NOTICE OF ENTRY**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

      **PLEASE TAKE NOTICE**, that the within is a true copy of the Order Confirming Referee Report and Judgment of Foreclosure and Sale entered in the Office of the Clerk of the County of Queens on April 26, 2019.

DATED:      May _31_ , 2019
              Williamsville, New York

By: _____

              Matthew A Kielich, Esq
              **GROSS POLOWY, LLC**
              Attorneys for Plaintiff
              1775 Wehrle Drive, Suite 100
              Williamsville, NY 14221
              Telephone: (716)204-1700
              Facsimile: (716)204-1702
              (Facsimile not for service)

TO:

*See attached sheet*

```
FILED

JUN 1 1 2019

COUNTY CLERK
QUEENS COUNTY
```

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna  Guiliano, Esq.<br>Attorney for Defendant Board of Managers of The Patchogue Home Corp. Condominium No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

SEQUENCE NO. ___3___

Part 29

At an I.A.S. Term of the Supreme Court of the County of Queens held in the Queens Supreme Court in the city of Jamaica, New York on the __5th__ day of __April__, 20_19_.

**SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435**

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

---------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                Plaintiff

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

                Defendant(s)

---------------------------------------------------------X

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

**FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY**

    **UPON** the Summons, Complaint, and Notice of Pendency filed in this action on January and Notice of Pendency refiled April 10, 2017

6, 2010, the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23,

2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure

Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017,

together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of

Foreclosure and Sale; and

    **UPON** proof that each of the defendants herein was served with the Summons and

Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that more than the legally required number of days elapsed since defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or appeared; and Plaintiff having established to the Court's satisfaction that a judgment against defendants is warranted; and

**UPON** the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

**UPON** proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

**UPON** reading and filing the Report of Morton Povman, Esq. dated July 18, 2018, showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged property may not be sold in parcels; and

2

**UPON** proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; ~~and upon reading and filing the decision of the Court~~ *dated October 19, 2018;*

NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted *without opposition of Morton Povman* and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same *dated July 18, 2018* is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the *Supreme* Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in *The Queens Daily Eagle*; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without

3

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED AND DECREED, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

ORDERED, ADJUDGED AND DECREED, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall then deposit the

4

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEO NO. 3)

down payment and proceeds of sale, as necessary, in ___Signature Bank 89-36 Sutphin__ in his/her own name as Referee, in accordance with CPLR § 2609; and it is further Blvd, Jamaica NY

ORDERED, ADJUDGED AND DECREED, that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED, that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in __Signature Bank 89-36 Sutphin__ and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows: Blvd, Jamaica, NY

5

Printed: 5/13/2019

**FIRST**: The Referee's statutory fees for conducting the sale, in accordance with CPLR § 8003(b), not to exceed $~~500.00~~ $750.00 ~~unless the property sells for $50,000.00 or more OR~~ In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

**SECOND**: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the following:

**Amount Due per Referee's Report.** $293,876.51 with interest at the note rate from ~~March 01, 2009 to~~ December 07, 2017, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not

6

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

**Costs and Disbursements.** $ ᴄᴄ 1962.44 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

**Additional Allowance.** $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Atty fees

**Attorney Fees.** $ 4,950.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

**FIFTH**: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED, that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED, that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

8

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

Referee's deed in accordance with CPLR § 308; and it is further

ORDERED, ADJUDGED AND DECREED, that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED, that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED, that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED, that, when the Referee files a report of

9

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED, that to ensure compliance herewith, Plaintiff shall file a written report with the Court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY 11414.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER,

DATED:

JAMAICA, NEW YORK

HON. MARTIN J. SCHULMAN
JUSTICE OF THE SUPREME COURT

CLERK

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

ENTERED

APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

Printed: 5/13/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

               Plaintiff,

vs

ASHMEEN MODIKHAN, ET AL

               Defendant(s).

**AFFIDAVIT OF SERVICE BY MAIL**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10    149TH    AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

-----------------------------------------------------------------X

Dylan Kowalski, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on June 6, 2019, Deponent served a true copy of the Notice of Entry for the Order Confirming Referee Report and Judgment of Foreclosure and Sale on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below.

The foregoing statements are true, under penalty of perjury.

                          _____
                          Dylan Kowalski
                          Legal Assistant

Sworn to before me this June 6, 2019.

Joyce B. Kelly
Notary Public

JOYCE B KELLY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires July 08, 20___

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers of The Patchogue Home Corp. Condominium No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

| State of New York | SUPREME | Court | County of QUEENS |
|---|---|---|---|

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

Index No. 301/2010

**Notice of Entry**

Plaintiff,

Year

VS.

**ASHMEEN MODIKHAN**, et al.

Defendant(s).

*Attorney for*

Plaintiff

fax (716)204-1702

**NOT FOR SERVICE**

*Office, Post Office Address and Telephone*
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

Personal Service of the within hereon endorsed, is admitted this          day of                    , 20          ,and of the notice (if any)

--------------------------------------------------------------------

Attorney(s) for

Sir:--Please taken notice that an                                                                            **NOTICE OF ENTRY**
within entitled action on the             day of            of which the within is a copy, was duly granted in the
of the County of                          on the              , 20        , and duly entered in the office of the Clerk
To                                                        day of                    , 20
Attorney(s) for                                                 **GROSS POLOWY, LLC**
                                                                    *Attorney for*

Sir:--Please taken notice that an order                                                     **NOTICE OF SETTLEMENT**

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the                   day of                    , 20        .
To                                                        **GROSS POLOWY, LLC**
Attorney(s) for                                              *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS          SS.:          **AFFIDAVIT OF SERVICE BY MAIL**

                                                   being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On                    , 20               , deponent served the within
upon
attorney(s) for                                          in this action, at
                                                   the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this                 day of                    , 20

Notary Public, Commissioner of Deeds



## *WebCivil Supreme - Motion Detail*

Court:            **Queens Supreme Court**
Index Number:     **705854/2021**
Case Name:        **BAC HOME LOANS SERVICING LP vs. MODIKHAN, ASHMEEN ETAL.**
Case Type:        **RP-Mortgage Foreclosure-Residential**
Track:            **Standard**

**Motion Information:**

| Motion Number | Date Filed | Filed By | Relief Sought | Submit Date | Answer Demanded | Status | Decision | Order Signed Date |
|---|---|---|---|---|---|---|---|---|
| 6 | 10/28/2022 | | Cancel/Extend Lis Pendens | 12/08/2022 | Yes | Before Justice: Hom, Hon. Phillip | | |
| 5 | 10/13/2022 | DEFENDANT | Stay | 10/13/2022 | No | Decided: 10/13/2022 Denied Before Justice: Hom, Hon. Phillip | Oral | |

# Exhibit P

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------x

**In re:**

Case No. *19-46591-JMM*

ASHMEEN MODIKHAN

Chapter: *7*

**Debtor(s)**

-------------------------------------------------------x

## APPLICATION IN SUPPORT OF
## ORDER TO SHOW CAUSE

To the Hon. *JUDGE MAZER-MARINO* , Bankruptcy Judge;

I *ASHMEEN MODIKHAN*, Movant herein, make this application in support
of my Order to Show Cause to seek entry of an Order to:

*REINSTATE IMMEDIATE STAY ON THE SALE OF MY HOWARD*
*BEACH PROPERTY WHICH IS SCHEDULE TO BE SOLD AT*
*AUCTION TODAY OCTOBER 14, 2022 AT 12:30 PM*

In support of the relief requested, I hereby allege as follows:

*THE SALE IF NOT STAYED WOULD DO ME IRREPABLE*
*HARM SINCE I AM STILL IN THE US BANKRUPTCY*
*EASTERN DISTRICT COURT WHERE I HAVE A*
*SCHEDULED HEARING OCTOBER 27 2022 TO HEAR*
*MY MOTION ON MY INTENT TO APPEAL. I, THEREFORE*
*RESPECTFULLY REQUEST THAT THE COURT GRANT*
*AN IMMEDIATE STAY ON THE SCHEDULE SALE ON MY*
*HOWARD BEACH PROPERTY. THANK YOU.*

WHEREFORE, Movant prays for the entry of an Order to Show Cause granting the relief
requested.

Dated: *10/14/2022*

By: *Ashmeen M...*
(Signature of movant)

Type or Print Name: *ASHMEEN MODIKHAN*

Address: *94-22 MAGNOLIA COURT*
*UNIT 1B OZONE PARK, NY 11417*

Telephone Number: *718-869-3384*

Case 1-19-46591-jmm    Doc 302    Filed 10/14/22    Entered 10/14/22 10:02:52

NYSCEF DOC. NO. 12    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 212 of 863 PageID    RECEIVED NYSCEF: 09/15/2022
#: 909

## NOTICE OF SALE

SUPREME COURT COUNTY OF QUEENS, US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, Plaintiff, vs. ASHMEEN MODIKHAN, ET AL., Defendant(s).


Pursuant to an Order Confirming Referee Report and Judgment of Foreclosure and Sale duly entered on April 26, 2019, I, the undersigned Referee will sell at public auction on the outside steps of the Queens County Supreme Court, 88-11 Sutphin Boulevard, Jamaica, NY on October 14, 2022 at 12:30 p.m., premises known as 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11414. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, Block 11417 and Lot 4513 together with an undivided 0.57692 percent interest in the Common Elements. Approximate amount of judgment is $293,876.51 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index #705854/2021. The Referee shall comply with the Eleventh Judicial District's COVID-19 policies concerning public auctions of foreclosed properties. These policies, along with the Queens County Foreclosure's Auction Rules, can be found on the Queens Supreme Court - Civil Term website.

Morton Povman, Esq., Referee


Friedman Vartolo LLP, 85 Broad Street, Suite 501, New York, New York 10004, Attorneys for Plaintiff. Firm File No. 211697-1

**RETURN DATE:** _____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re:                                          Case No. *19-46591 -Jmm*

*ASHMEEN MODIKHAN*                    Chapter:    *7*

**Debtor(s)**
-----------------------------------------------------------x

## ORDER TO SHOW CAUSE

Upon the annexed application of Movant, *ASHMEEN MODIKHAN* seeking entry of an Order to *REINSTATE IMMEDIATE STAY ON THE SALE OF MY HOWARD BEACH PROPERTY WHICH IS SCHEDULED TO BE SOLD AT AUCTION TODAY OCTOBER 14, 2022 AT 1230pm*, it is

**ORDERED** that _____ show cause at ☐ _____o'clock on the date of _____ or as soon thereafter as Movant may be heard before the Honorable _____ Bankruptcy Judge in Courtroom _____ at United States Bankruptcy Court located at _____, why this Court should not enter an Order to _____

_____.

**ORDERED** that service of this Order to Show Cause together with the application be served on or before the end of the business day on _____, upon

_____

_____, and upon the Trustee at _____ and United States Trustee.

**ORDERED** that objections, if any, to the relief requested shall be made in writing, shall set forth with particularity, the grounds for such objection and shall be filed with the Clerk of the Court along with an extra copy marked "Chambers Copy," Trustee, United States Trustee, and the Movant on or before _____; and it is further

**ORDERED** that the hearing scheduled herein may be adjourned by the Court, from time to time, without further notice other than announcement of the adjourned hearing date in open court.

Dated:

_____
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

In re:

      ASHMEEN MODIKHAN

Case No. *19-46591 -JMM*
Chapter: *7*

**Debtor(s)**

-----------------------------------------------------------x

### CERTIFICATE OF SERVICE

The undersigned certifies that on *OCTOBER 14 2022* a copy of the annexed papers was served by depositing same, enclosed in a properly addressed postage-paid envelope, in an official depository under the exclusive care of the United States Postal Service within the State of New York, upon *[below specify the name and mailing address of each party served]*:

      SEE LIST ATTACHED

Dated: *OCTOBER 14 2022*

*Ashmeen Modikhan*
**(Signature)**

**Alan Nisselson, Chapter 7 Trustee**
**Windels Marx Lane & Mittendorf, LLP**
156 West 56th Street
New York, NY 10019
anisselson@windelsmarx.com

**Edmund B. Troya**
**Windels Marx Lane & Mittendorf, LLP**
156 West 56th Street
New York, NY 10019
anisselson@windelsmarx.com\

**Chief Judge Alan S Trust**
**Courtroom 960**
**United States Bankruptcy Court**
**Eastern District Court**
**Eastern District of New York**
Alfonse M. D'Amato Federal Courthouse
290 Federal Plazas
Central Islip, NY 11722
ast_hearings@nyeb.uscourts.gov

**Darren Aronow, Esq**
**Aronow Law Firm P.C.**
20 Crossways Park Drive North, Ste. 210
Woodbury, NY 11797
*Former Counsel to the Debtor*
Darren@dalawpc.com

**Jeffrey C. Chancas**
**Borah, Goldstein, Altschuler, Nahins & Goidel, P.C.**
377 Broadway
New York, NY 10013
*Attorneys for Board of Managers of Patchogue Homes Corp. Condominium #2*
jchancas@borahgoldstein.com

**Nazar Khodorovsky, Esq.**
**Office of the Untied States Trustee**
**Eastern District of NY (Brooklyn Office)**
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
nazar.khodorovsky@usdoj.gov

**Frank Cassisi, Esq. Tim Tenke, Esq.**
**Law Office of Frank J. Cassisi, P.C.**
155 First Street
Suite 101, Mineola, NY 11501
fcassisi@ccpclaw.com
ttenke@ccpclaw.com

**Naomi J. Skura**
**Lewis Brisbois Bisgaard & Smith LLP**
77 Water Street, Suite 2100
New York, NY 10005
Naomi.Skura@lewisbrisbois.com

**Courtney R. Williams, Esq.**
**Gross Polowy, LLC**
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
*Attorneys for Fay Servicing, LLC & Rushmore Loan Management, LLC*
cwilliams@grospolowy.com

**Katherine Heidbrink, Esq. Michael L. Carey, Esq.**
**FRIEDMAN VARTOLO, LLP**
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
*Attorneys for Rushmore Loan Management Services, LLC, as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust*
bankruptcy@FriedmanVartolo.com
mcarey@friedmanvartolo.com

**Aleksandra Krasimirova Fugate, Esq.**
**WOODS OVIATT GILMAN LLP**
500 Bausch & Lomb Place
Rochester, NY 14604
*Attorneys for Rushmore Loan Management Services, LLC, as servicer for U.S. Bank Trust National Association*
afugate@woodsdefaultservices.com

**Nathan Z. Kaufman, Esq.**
**Marianne DeRosa**
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Suite 127
Jericho, NY 11753
*Attorney for Marianne DeRosa, Chapter 13 Trustee*
DeRosa@ch13mdr.com

**Steven Amshen**
**Petroff Amshen, LLP**
1795 Coney Island Ave, 3rd Floor
Brooklyn, NY 11230
*Counsel for Hanin Shadood*
bankruptcy@lawpetrof.com

**Andrea M Roberts**
**Blank Rome LLP**
1271 Avenue of Americas
New York, NY 10174
*Counsel for Fay Servicing, LLC*
aroberts@blankrome.com

**Krista M Preuss**
**Krista M. Preuss, Chapter 13 Trustee**
100 Jericho Quadrangle, Ste 127
Jericho, NY 11753
info@ch13edny.com

**Jonathan M. Robbin & Jacqueline A. DiCicco, Esq.**
**J. Robbin Law PLLC**
200 Business Park Drive, Ste 103
Armonk, NY 10504
*Counsel for Rushmore Loan Management Services, Inc.*
Jonathan.robbin@jrobbinlaw.com
Jacqueline.dicicco@jrobbinlaw.com

**Nicolas John Bebirian & Marie Theresa Nicholson**
**Gross Polowy, LLC**
900 Merchant's Concourse, Suite 201
Westbury, NY 11590
nbebirian@grosspolowy.com
mnichlson@grosspolowy.com

**Office of the United States Trustee**
**Eastern District of New York (Brooklyn Office)**
201 Varick Street, Suite 1006
New York, NY 10014
USTPRegion02@BR.ECF@usdoj.gov

**Marylou Martin, Esq.**
**Assistant US Trustee**
201 Varick Street, Suite 1006
New York, NY 10014
Marylou.Martin@usdoj.gov

**First Service Residential Cam (New York)**
**c/0 Patchogue Home Condominium II**
622 3rd Avenue 15th Floor
New York, NY 10017-6710
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**First Service Residential Cam (New York)**
**c/o Patchogue Home Condominium II**
PO Box 302
Emerson, NY 07630
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**Letitia James**
**Attorney General (State of New York)**
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov

**Melinda Katz, District Attorney of Queens**
**Michael Albanesi**
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

| 10/14/2022 | 302 (8 pgs) | Application in Support of Order to Show Cause for Motion to Continue/Extend/Reimpose Stay *with Respect to the Howard Beach Property Located at 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11414* Filed by Ashmeen Modikhan **Filed via Electronic Dropbox** (RE: related document(s)301 Motion to Extend Time filed by Debtor Ashmeen Modikhan). (rom) Modified on 10/14/2022 (rom). (Entered: 10/14/2022) |
| --- | --- | --- |
| 10/14/2022 | 303 (2 pgs; 2 docs) | Order Scheduling Hearing on Debtor's Application for an Order to Show Cause.The Court will hold a hearing on the Application on October 14, 2022 at 11:15 AM. The hearing shall not be held in person but shall be held via Zoom.gov.(RE: related document(s)301 Motion to Extend Time filed by Debtor Ashmeen Modikhan, 302 Motion to Continue/Extend/Reimpose Stay filed by Debtor Ashmeen Modikhan). Signed on 10/14/2022. Show Cause hearing to be held on 10/14/2022 at 11:15 AM at Courtroom 3529 (Judge Mazer-Marino), Brooklyn, NY. (aac) (Entered: 10/14/2022) |
| 10/14/2022 | | Hearing Held; Appearances: Ashmeen Modikhan Debtor, Aleksandra Krasimirova Fugate and Michael Lawrence Carey Representing Rushmore, Jonathan M. Robbin Representing Creditor - (RE: related document(s) 303 Order Scheduling Hearing on Debtor's Application for an Order to Show Cause. (RE: related document(s) 301 Motion to Extend Time filed by Debtor Ashmeen Modikhan, 302 Motion to Continue/Extend/Reimpose Stay filed by Debtor Ashmeen Modikhan) - Denied - Submit Order (tml) (Entered: 10/14/2022) |

# Exhibit Q

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 221 of 863 PageID

**FORECLOSURE AUCTION SURPLUS MONIES FORM**

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

-------------------------------------------------------X

US Bank

                                    Plaintiff(s),

-against-

Modikhan

                                    Defendant(s),

-------------------------------------------------------X

Part ___29___

Hon. __MARTIN J. Schulman__

Index No ___705854/2021___

Date ___10/14/22___

**A. To be completed by Court Clerk**

Amount of final judgement of foreclosure: $ __293,876.51__

Upset Price(supplied by bank's representative on day of auction): $ __250,000.00__

Sale price of property: $ __250,000.00__

**B. To be completed by Referee conducting the sale (please print)**

Name: __Morton Povman__          Telephone: __912 4395254__

Address: __147-04  75 Ave  Flushing  NY  11367__

Signature and Date: __Morton Povman__          __10/14/22__

**C. To be completed by Plaintiff's Representative**

__Suzanne Mango  As Agent__
Name (please print)

__201 Old Country Rd__
__Melville ny 11747__
Address

__631 810 1005__
Telephone

__Suzanne Mango__  As Agent
Signature and Date

**D. To be completed by purchaser**

__Plaintiff__
Name (please print)

Address

Telephone

Signature and Date

**Referee must file Report of Sale with County Clerk's Office within thirty days after completing the sale and executing the proper conveyance to the purchaser. If not done so within 90 days of sale. please contact the Foreclosure Department at qscforeclosureauctions@nycourts.gov

1 of 1

# Exhibit R

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 223 of 863 PageID #: 920

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
...........................................................X

US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

               Plaintiff

      -against-

ASHMEEN MODIKHAN, et al.,

          Defendants
...........................................................X

Index No. 301/2010
       705854/2021

NOTICE OF LIS PENDENS

Queens County Clerks Office
#49A-2465553 10/14/2022 3:28p
Cashier DJAGDHAR Register # 1

Tr.0646028          $35.00
Documents Pay At Court E-file
705854/2021 NOTICE OF PENDENCY

Total:           $35.00
                    $35.00

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in the court named above. The names of the parties to the action are as stated above.

NOTICE IS GIVEN that the Plaintiff in the action seeks to sell the real property described below, following a default foreclosure judgment.

The real property affected, involved, and brought in question by the action is situate in Block 11417 and Lot 4513 on the land and tax map of the Borough and County of Queens in the State of New York and is more fully described as follows:

*87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.*

NOTICE IS FURTHER GIVEN that the Defendant, ASHMEEN MODIKHAN, has challenged the intended sale of the property. First, there was no statement made in the original foreclosure complaint that shows that the plaintiff in that case, BAC Home Loans Servicing LP, had possession of the note. There is also no statement that an officer of the corporation had possession of the original Note.

There has also been no evidence provided of the Plaintiff(s)' client purchasing the debt with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any

- 1 -

injured party or aggrieved party bringing this matter into this court.

Lastly, the foreclosure action was wrongfully initiated and prosecuted by Rosicki, Rosicki & Associates, which admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199).

TO: THE CLERK OF THE COUNTY OF QUEENS

You are hereby directed to index the within Notice of Pendency of Action to the names of the Defendant, Ashmeen Modikhan.

Dated: *10/14/2022*

                                                        Ashmeen Modikhan
                                                        Defendant, In pro per

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 225 of 863 PageID #: 922

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this 14th day of October , 2022

Ashmeen Modikhan

Notary Signature                                                     Seal

Printed Notary Name

SUSAN LOUGHLIN
Notary Public - State of New York
No. 04LO6430887
Qualified in Queens County
Commission Expires March 21, 20 26

My commission expires _____

- 3 -

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 226 of 863 PageID #: 923

SCHEDULE "A" DESCRIPTION

SECTION 50 BLOCK 11417 LOT 4513 ON THE TAX MAP OF QUEENS COUNTY

ALL that certain piece or parcel of real property situate and being a part of a Condomiunium in the Borough and County of Queens, City and State of New York known and designated as Apartment Unit Number 4513, together with a .57692 percent individual interest in the common elements of the constituting Real Property of the Condominium hereinafter described as the same is defined in the the Declaration of Condominium hereinafter referred to.

The real property above described is a unit shown on the floor plans of a condominium prepared by Horacek, Schoppe & Haubenreich, Licensed Surveyors of 487 Westbury Avenue, Carle Place, New York and verified by Benjamin Braunstein, A.I.A., Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration of Condominium entitled, "Patchogue Homes Corp. Condominium No. 2" and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Pagw 600 Section 50, Block 11417, covering the property therein described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 151 Avenue (80 feet wide), with the westerly side of 88 Street (80 feet wide);

RUNNING THENCE westerly along the northerly side of 151 Avenue on a curve to the left, having a radius of 880 feet, a distance of 270.43 feet;

THENCE northerly at right angles to the southerly side of 149 Avenue (80 feet wide), 253.93 feet;

THENCE westerly, parallel with the southerly side of 149 Avenue, 40 feet;

THENCE northerly, again at right angles to the southerly side of 149 Avenue, 115 feet to the southerly side of 149 Avenue;

THENCE easterly along the southerly side of 149 Avenue, 280.31 feet to the westerly end of a curve connecting the southerly side of 149 Avenue and the westerly side of 88 Street (80 feet wide);

THENCE southeasterly on a curve to the right, having a radius of 1835.161 feet and along said curve connecting said Avenue and Street, 27.49 feet to the westerly side of 88 Street; and

THENCE south along the westerly side of 88 Street, 405.14 feet to the corner, the point or place of BEGINNING.

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 227 of 863 PageID #: 924

# CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF LIS PENDENS will** be served

electronically and mailed via **USPS First Class Mail** on Day of October 11, 2022 to the

following:

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

- 4 -

**Annette Gershovich,**
***Friedman Vartolo LLP***
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster,**
***Gross Polowy, LLC***
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek,**
***Gross Polowy LLC***
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano,**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
***Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominium # 2***
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman,**
***Court –Appointed Referee***
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
***Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums # 2***
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 229 of 863 PageID #: 926

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

_Ashmeen Nehr_

Ashmeen Modikhan

_10/14/2022_
Date

# Exhibit S

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 231 of 863 PageID #: 928



**FRIEDMAN VARTOLO**
**L L P**

_____

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100  f:212.471.5150
friedmanvartolo.com

October 20, 2022

*Via Email* *aakl123@aol.com*
*And First Class Mail*
Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417


Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414


    **RE:** **U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al.**
       **Supreme Court, Queens County**
       **Index No.:**  **705854/2021**
       **File No.:**   **211697**


Dear Sir or Madam,

   As you are aware, we are the attorneys for Plaintiff in the above-referenced matter.

   Pursuant to 22 NYCRR § 130-1.1, please allow this letter to serve as our good faith demand that you **immediately** withdraw and cancel your recently filed Notice of Pendency, dated and filed on October 14, 2022, (NYSCEF Doc. No. 38), which was filed without any valid basis or legal authority, including, *inter alia*, failure to strictly comply with the applicable statutory requirements.

   If you fail to comply with this request, we will have no other recourse but to seek judicial intervention to cancel the Notice of Pendency pursuant to CPLR Article 65, including an application for sanctions, costs and attorney's fees against you for your frivolous conduct.

   Thank you for your anticipated cooperation in this matter. Should you have any questions, please do not hesitate to contact the undersigned.

          Very truly yours,

          *Franklin K. Chiu*

          Franklin K. Chiu, Esq.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 232 of 863 PageID #: 929

## Franklin Chiu

**From:**            Franklin Chiu
**Sent:**            Thursday, October 20, 2022 12:39 PM
**To:**              'aakl123@aol.com'
**Subject:**         U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al., Supreme, Queens, Index No. 705854/2021, File No. 211697
**Attachments:**     22.10.20 GF Letter to Defendant to Withdraw Notice of Pendency Modikhan 211697.pdf


Good afternoon:

Please find attached a copy of our letter mailed to you demanding that you immediately withdraw your Notice of Pendency in this matter.

Franklin K. Chiu, Esq.
Senior Associate

FRIEDMAN VARTOLO
L L P

85 Broad St., Suite 501 | New York, NY 10004
Phone: (212) 471-5100 | Fax: (212) 471-5150
friedmanvartolo.com

FDCPA Notice: This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose.
Confidentiality Notice: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person (s) named above. If you are not the intended recipient, you are notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e mail and destroy all copies of the original message.
IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Friedman Vartolo LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL                    Index No. 705175/2021
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,
                                                           **AFFIDAVIT OF MAILING**

                                         Plaintiff,

                        -against-

ASHMEEN MODIKHAN; et al.,

                                         Defendants

--------------------------------------------------------------------------x

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )

Brandon Alejandro, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in QUEENS County, New
York.

On October 20, 2022, I served a true copy of the annexed **GOOD FAITH LETTER** by mailing
the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office
or official depository of the U.S. Postal Service within the State of New York, addressed to the
last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

_____
Brandon Alejandro

Sworn To Before Me This
20th day of October, 2022

_____
Notary Public

JENNIFER BURKE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU6203256
Qualified in Nassau County
Commission Expires March 30, 2025

Case Number: 211697-5



## FRIEDMAN VARTOLO
— L L P —

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100   f:212.471.5150
friedmanvartolo.com

October 20, 2022

*Via Email aakl123@aol.com*
*And First Class Mail*
Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

   **RE:** **U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al.**
      **Supreme Court, Queens County**
      **Index No.:** **705854/2021**
      **File No.:**  **211697**

Dear Sir or Madam,

   As you are aware, we are the attorneys for Plaintiff in the above-referenced matter.

   Pursuant to 22 NYCRR § 130-1.1, please allow this letter to serve as our good faith demand that you **immediately** withdraw and cancel your recently filed Notice of Pendency, dated and filed on October 14, 2022, (NYSCEF Doc. No. 38), which was filed without any valid basis or legal authority, including, *inter alia*, failure to strictly comply with the applicable statutory requirements.

   If you fail to comply with this request, we will have no other recourse but to seek judicial intervention to cancel the Notice of Pendency pursuant to CPLR Article 65, including an application for sanctions, costs and attorney's fees against you for your frivolous conduct.

   Thank you for your anticipated cooperation in this matter. Should you have any questions, please do not hesitate to contact the undersigned.

         Very truly yours,

         *Franklin K. Chiu*

         Franklin K. Chiu, Esq.

# Exhibit T

**Instructions:** FILL IN THE NAMES OF THE PARTIES AND THE INDEX NUMBER. COMPLETE THE BLANK SPACES NEXT TO THE INSTRUCTIONS PRINTED IN BOLD TYPE. PRINT AND USE BLACK INK ONLY. SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------X

US Bank NA et al

**[FILL IN NAME(S)]**          **Plaintiff(s)**

Index No.

301 2010

705-854/2021

vs

~~AFFIDAVIT IN SUPPORT~~

Notice

Ashmeen Modikhan et al

**[FILL IN NAME(S)]**          **Defendant(s)**

-----------------------------------------------------X

STATE OF NEW YORK
COUNTY OF Queens   **[COUNTY WHERE NOTARIZED] ss:**

Ashmeen Modikhan **[YOUR NAME]**, being duly sworn, deposes and says:

1. I am the plaintiff/defendant **[CIRCLE ONE]**, in this action. I make this affidavit Notice in support of my ~~motion for an order~~ **[STATE WHAT YOU WANT THE COURT'S ORDER TO PROVIDE OR GRANT YOU, INCLUDING WHY YOU SHOULD BE GRANTED IMMEDIATE RELIEF PENDING THE HEARING OF THIS MOTION BY THE COURT. THIS STATEMENT MUST ALSO BE INCLUDED IN THE NOTICE OF MOTION OR ORDER TO SHOW CAUSE]**

That on December 5, 2022 Defendant Moved this case to the United States District Court of the Eastern District of New York, Brooklyn

Having moved a case see attached

FILED

DEC 05 2022

COUNTY CLERK
QUEENS COUNTY

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 237 of 863 PageID #: 934

2  I believe the Court should grant my motion because [EXPLAIN YOUR REASONS.

USE ADDITIONAL PAPER IF NECESSARY.]

Notice of Removal

This court no longer has
jurisdiction on the case

2

FILED: QUEENS COUNTY CLERK 12/05/2022 02:59 PM          INDEX NO. 705854/2021

NYSCEF DOC. NO. 58          Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 238 of 863 PageID          RECEIVED NYSCEF: 12/05/2022
                                                                      #: 035

3. No prior application has been made for the relief sought herein except [LIST ALL PRIOR REQUESTS FOR THE SAME RELIEF MADE IN THIS OR ANY OTHER COURT AND THE RESULTS OF THOSE APPLICATIONS. USE ADDITIONAL PAPER IF NECESSARY. IF NO PRIOR REQUESTS HAVE BEEN MADE, STATE "None"] _____

_____

_____

_____

_____

WHEREFORE, I respectfully request that this ~~motion~~ NOTICE be granted, and that I have such other and further relief as the Court may find to be just and proper.

_____
(Sign your name in the presence of a notary public)

_____
ASHMEEN MODIKHAN
(Print your name)

Sworn to before me this

5th day of December, 2022

_____
(NOTARY PUBLIC)

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
No. 04EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

3

RECEIVED IN PRO SE OFFICE

DEC 05 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
................................................X

**US BANK, NA, AS LEGAL TITLE**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE**
**TRUST,**
                    Plaintiff

            -against-

**ASHMEEN MODIKHAN, et al.,**

                    Defendants
................................................................X

Case No: _____

**NOTICE OF REMOVAL**

Removed from:
Superior Court of New York,
County of Queens,
Index No. 301/2010
          705854/2021

**TO: The Clerk of the United States District Court for the Eastern District of New York**

    **PLEASE TAKE NOTICE THAT** Defendant ASHMEEN MODIKHAN hereby removes this action to the United States District Court for the Eastern District of New York. Defendant respectfully states the following grounds as basis for this application:

    1.    Ashmeen Modikhan is a Defendant in the civil action entitled: *Us Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust v. Ashmeen Modikhan et. al.*, Index No. 301/2010; 705854/2021 ("State Court action").

    2.    Plaintiff Us Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust filed this action on January 19, 2022. *See* Complaint, annexed hereto as **Exhibit "A".**

    3.    Defendant received the Complaint on [ENTER DATE].

    4.    In the Complaint, the Plaintiff seeks an order for foreclosure and sale of Defendant's property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417, which property is owned by Plaintiff.

**Basis for Removal**

**Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C.**

- 1 -

## § 1331

5.       Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because the case involves laws of the United States including UCC I-308, 12 CFR §226.23, and 15 U.S.C. §§ 1692-1692p.

### Defendant has satisfied the procedural requirements for removal

6.       Pursuant to 28 U.S.C. § 1441 (a), Defendant has annexed hereto as **Exhibit "A"**, a copy of the Complaint filed by the Plaintiff, and   **Exhibit "B"**, a copy of all "process, pleadings, and orders" served on Defendant in this action to date.

7.       Venue is proper in this Court pursuant to 28 U.S.C. § 1441 (a) because the case is pending in the supreme court of New York, county of Queens.

8.       Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the clerk of the Superior Court of Washington for Queens County.

Having fulfilled the statutory requirements for removal, Defendant Ashmeen Modikhan respectfully removes this action from the Superior Court of New York for Queens County to this Court. By seeking removal, Defendant does not waive any defenses.


Dated: _____

_____
Ashmeen Modikhan,
In Pro Per

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 241 of 863 PageID #: 938

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF REMOVAL** will be served electronically mailed on 5th day of December 2022 and mailed via **USPS First Class Mail** on 6th Day of December 2022 to the following:

**U S Bank, NA**
**NO REGISTERED AGENT**

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

- 3 -

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

**Annette Gershovich,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster,**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek,**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano,**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman,**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

- 4 -

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

_Ashmeen Modikhan_
Ashmeen Modikhan

_12/05/2022_
Date

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 244 of 863 PageID #: 941

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>                      Plaintiff,<br><br>    -against-<br><br>ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; JOHN MODIKHAN,<br><br>                    Defendants. | Index No. 705854/2021<br><br>**NOTICE OF REJECTION**<br><br>**Mortgaged Premises**:<br>87-10 149th Avenue<br>Howard Beach, NY 11414<br><br>**Block**: 11417<br>**Lot**: 4513 |

S I R S:

    **PLEASE TAKE NOTICE** that Plaintiff U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, ("Plaintiff"), by and through its attorneys, hereby rejects the Notice, dated and filed on December 5, 2022, (NYSCEF Doc. No. 58), (the "Notice of Removal"), filed by Defendant ASHMEEN MODIKHAN, ("Defendant"), on the grounds that, *inter alia*, Defendant's Notice of Removal was not timely filed/served, pursuant to 28 USCA § 1446, within thirty (30) days of service of the Summons and Complaint upon Defendant on January 8, 2010, or under 28 USCA § 1446(c), within one (1) year after commencement of the action on January 6, 2010, and which time has not been extended by stipulation, motion, court order or otherwise.

Dated:  December 5, 2022
       New York, New York

                           FRIEDMAN VARTOLO LLP

               By:   *Franklin K. Chiu*
                          Franklin K. Chiu, Esq.

File No. 211697

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 245 of 863 PageID #: 942

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

TO:    ***VIA NYSCEF***
J. IANDOLO LAW, P.C.
7621 13th Avenue
Brooklyn, New York 11228
*Attorneys for Defendant Ashmeen Modikhan*

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 246 of 863 PageID
#: 943

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL                    Index No. 705854/2021
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,                                                     **AFFIDAVIT OF MAILING**

                                              Plaintiff,

                        -against-

ASHMEEN MODIKHAN; et. al.,

                                              Defendants
--------------------------------------------------------------------------x

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

Brandon Alejandro, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in QUEENS County, New
York.

On December 5, 2022, I served a true copy of the annexed **NOTICE OF REJECTION** by filing
the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties
on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage
prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State
of New York, addressed to the last known address of the addressee as indicated below.

Jeremy M. Iandolo, Esq.
*Attorney for Defendant Ashmeen Modikhan*
**VIA NYSCEF**

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 247 of 863 PageID #: 944

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Brandon Alejandro

Sworn To Before Me This
5th day of December, 2022

Notary Public

TRISTAN S. VILLANUEVA
Notary Public, State of New York
No. 01VI6380362
Qualified in Nassau County
Commission Expires September 04, 2026

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 248 of 863 PageID #: 945

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, <br><br>           Plaintiff, <br><br>   -against- <br><br> ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; JOHN MODIKHAN, <br><br>           Defendants. | Index No. 705854/2021 <br><br> **NOTICE OF REJECTION** <br><br> **Mortgaged Premises**: <br> 87-10 149th Avenue <br> Howard Beach, NY 11414 <br><br> **Block**: 11417 <br> **Lot**: 4513 |

S I R S:

   **PLEASE TAKE NOTICE** that Plaintiff U.S. BANK NATIONAL ASSOCIATION AS

LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, ("Plaintiff"), by and

through its attorneys, hereby rejects the Notice, dated and filed on December 5, 2022, (NYSCEF

Doc. No. 58), (the "Notice of Removal"), filed by Defendant ASHMEEN MODIKHAN,

("Defendant"), on the grounds that, *inter alia*, Defendant's Notice of Removal was not timely

filed/served, pursuant to 28 USCA § 1446, within thirty (30) days of service of the Summons and

Complaint upon Defendant on January 8, 2010, or under 28 USCA § 1446(c). within one (1) year

after commencement of the action on January 6, 2010, and which time has not been extended by

stipulation, motion, court order or otherwise.

Dated: December 5, 2022
   New York, New York

             FRIEDMAN VARTOLO LLP

        By:  *Franklin K. Chiu*
           Franklin K. Chiu, Esq.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 249 of 863 PageID #: 946

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

TO:     ***VIA NYSCEF***
        J. IANDOLO LAW, P.C.
        7621 13th Avenue
        Brooklyn, New York 11228
        *Attorneys for Defendant Ashmeen Modikhan*

        Ashmeen Modikhan
        99-22 Magnolia Court, 1B
        Ozone Park, NY 11417

        Ashmeen Modikhan
        87-10 149th Ave, Unit 5N
        Howard Beach, NY 11414

# Exhibit U

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 251 of 863 PageID #: 948

FILED

DEC 0 6 2022

COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
......................................................X

US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,                                           Index No. 301/2010
                                                        705854/2021
                    Plaintiff

        -against-
                                                 AMENDED NOTICE OF
ASHMEEN MODIKHAN, et al.,                         REMOVAL TO FEDERAL
                                                        COURT

                    Defendants
......................................................X

        NOTICE IS HEREBY GIVEN that Defendant ASHMEEN MODIKHAN has filed a

Notice of Removal of this action to the Federal Court, at the US District Court for the Eastern

District of New York, pursuant to 28 U.S.C. § 1441.

        NOTICE IS FURTHER GIVEN that the Federal Court has jurisdiction over the matter

pursuant to 28 U.S.C. § 1331, because the case involves laws of the United States including UCC

I-308, 12 CFR §226.23, and 15 U.S.C. §§ 1692-1692p. Defendant has also satisfied the

procedural requirements of 28 U.S.C. § 1441 (a), by annexing to the Notice at the Federal Court,

a copy of the Complaint filed by the Plaintiff herein, and a copy of all "process, pleadings, and

orders" served on Defendant in this action to date.

        Defendant has attached a copy of the Notice of Removal, and the Civil Action Cover

sheet that was filed at the Federal Court.

Dated: _12/06/2022_

                                                 _Ashmeen Modikhan_
                                                 Ashmeen Modikhan
                                                 Defendant, In pro per

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **AMENDED NOTICE OF REMOVAL** will be served electronically on 6th Day of December 2022 and mailed via **USPS First Class Mail** on the 7th Day of December 2022 to the following:

**Nationstar Mortgage LLC**
80 State Street,
Albany, NY 12207-2543

**Franklin K. Chui**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
fchiu@friedmanvartolo.com

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

Andrew M. Buonincontri, Esq
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

- 2 -

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 253 of 863 PageID #: 950

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**Magnolia Court Condominium Association**
1 Plaza Road Suite # 101
Greenvale, NY 11548
mgrant@nygms.com
office@nygms.com

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

- 3 -

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
<u>Main Office</u>
271 Cadman Plaza East
Brooklyn NY 11201

**Kevin Hosein**
164-12 95th Street
Howard Beach, NY 11414

**Liah Hosein**
130-31 122nd Street
South Ozone Park, NY 1142

**Letitia James**
***Assistant Attorney General (State of New York)***
28 Liberty Street
New York, NY 10005
<u>Letitia.james@ag.ny.gov</u>
<u>melissa.ysaguirre@ag.ny.gov</u>

**Melinda Katz**
***District Attorney of Queens***
125-01 Queens Blvd
Kew Gardens, NY 11415
<u>malbanesi@queensda.org</u>

Respectfully submitted,

*Ashmeen Mall*                          12/06/2022
Ashmeen Modikhan                      Date

**Attached:**

1.  Copy of the Notice of Removal to the Eastern District of New York

2.  Copy of the Civil Cover Sheet

- 4 -

RECEIVED IN PRO SE OFFICE

DEC 05 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
......................................................X

**US BANK, NA, AS LEGAL TITLE**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE**
**TRUST,**

               Plaintiff

     -against-

**ASHMEEN MODIKHAN, et al.,**

           Defendants

......................................................X

Case No: _____

**NOTICE OF REMOVAL**

Removed from:
Superior Court of New York,
County of Queens,
Index No. 301/2010
      705854/2021

**TO: The Clerk of the United States District Court for the Eastern District of New York**

    **PLEASE TAKE NOTICE THAT** Defendant ASHMEEN MODIKHAN hereby removes this action to the United States District Court for the Eastern District of New York. Defendant respectfully states the following grounds as basis for this application:

    1.    Ashmeen Modikhan is a Defendant in the civil action entitled: *Us Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust v. Ashmeen Modikhan et. al.*, Index No. 301/2010; 705854/2021 ("State Court action").

    2.    Plaintiff Us Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust filed this action on January 19, 2022. *See* Complaint, annexed hereto as **Exhibit "A".**

    3.    Defendant received the Complaint on [ENTER DATE].

    4.    In the Complaint, the Plaintiff seeks an order for foreclosure and sale of Defendant's property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417, which property is owned by Plaintiff.

**Basis for Removal**

**Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C.**

- 1 -

## § 1331

5.      Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because the case involves laws of the United States including UCC I-308, 12 CFR §226.23, and 15 U.S.C. §§ 1692-1692p.

### Defendant has satisfied the procedural requirements for removal

6.      Pursuant to 28 U.S.C. § 1441 (a), Defendant has annexed hereto as **Exhibit "A"**, a copy of the Complaint filed by the Plaintiff, and  **Exhibit "B"**, a copy of all "process, pleadings, and orders" served on Defendant in this action to date.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441 (a) because the case is pending in the supreme court of New York, county of Queens.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the clerk of the Superior Court of Washington for Queens County.

Having fulfilled the statutory requirements for removal, Defendant Ashmeen Modikhan respectfully removes this action from the Superior Court of New York for Queens County to this Court. By seeking removal, Defendant does not waive any defenses.

Dated: _12/05/2022_

_Ashmeen Mah_
Ashmeen Modikhan,
In Pro Per

- 2 -

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF REMOVAL** will be served electronically mailed on 5th day of December 2022 and mailed via **USPS First Class Mail** on 6th Day of December 2022 to the following:

**U S Bank, NA**
**NO REGISTERED AGENT**


**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

- 3 -

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 258 of 863 PageID #: 955

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

**Annette Gershovich,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster,**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek,**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano,**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman,**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

_Ashmeen Modikhan_                            _12/05/2022_
Ashmeen Modikhan                                  Date

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 260 of 863 PageID #: 957

RECEIVED IN PRO SE OFFICE

DEC 05 2022

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
........................................................X

**US BANK, NA, AS LEGAL TITLE**
**TRUSTEE FOR TRUMAN 2016 SC6 TITLE**
**TRUST,**
                          Plaintiff

                    -against-

**ASHMEEN MODIKHAN, et al.,**

                          Defendants
.............................................................X

Case No: _____

**NOTICE OF REMOVAL**

Removed from:
Superior Court of New York,
County of Queens,
Index No. 301/2010
          705854/2021

**TO: The Clerk of the United States District Court for the Eastern District of New York**

    **PLEASE TAKE NOTICE THAT** Defendant ASHMEEN MODIKHAN hereby

removes this action to the United States District Court for the Eastern District of New York.

Defendant respectfully states the following grounds as basis for this application:

    1.    Ashmeen Modikhan is a Defendant in the civil action entitled: *Us Bank, NA, as*

*Legal Title Trustee for Truman 2016 SC6 Title Trust v. Ashmeen Modikhan et. al.*, Index No.

301/2010; 705854/2021 ("State Court action").

    2.    Plaintiff Us Bank, NA, as Legal Title Trustee for Truman 2016 SC6 Title Trust

filed this action on January 19, 2022. *See* Complaint, annexed hereto as **Exhibit "A"**.

    3.    Defendant received the Complaint on [ENTER DATE].

    4.    In the Complaint, the Plaintiff seeks an order for foreclosure and sale of

Defendant's property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York

11417, which property is owned by Plaintiff.

                    **Basis for Removal**

**Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C.**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 261 of 863 PageID #: 958

## § 1331

5.      Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over this action because the case involves laws of the United States including UCC I-308, 12 CFR §226.23, and 15 U.S.C. §§ 1692-1692p.

### Defendant has satisfied the procedural requirements for removal

6.      Pursuant to 28 U.S.C. § 1441 (a), Defendant has annexed hereto as **Exhibit "A"**, a copy of the Complaint filed by the Plaintiff, and  **Exhibit "B"**, a copy of all "process, pleadings, and orders" served on Defendant in this action to date.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441 (a) because the case is pending in the supreme court of New York, county of Queens.

8.      Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel, and a copy is being filed with the clerk of the Superior Court of Washington for Queens County.

Having fulfilled the statutory requirements for removal, Defendant Ashmeen Modikhan respectfully removes this action from the Superior Court of New York for Queens County to this Court. By seeking removal, Defendant does not waive any defenses.

Dated: _12/08/2021_

_Ashmeen Hall_
Ashmeen Modikhan,
In Pro Per

- 2 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 262 of 863 PageID #: 959

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF REMOVAL** will be served electronically mailed on 5th day of December 2022 and mailed via **USPS First Class Mail** on 6th Day of December 2022 to the following:


**U S Bank, NA**
**NO REGISTERED AGENT**


**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com


**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com


**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 263 of 863 PageID #: 960

Juliana Thibaut
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

Annette Gershovich,
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

Austin R. Caster,
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

Amber A. Jurek,
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

Anna Guiliano,
BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

Morton Povman,
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

MORDENTE LAW FIRM LLC
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

- 4 -

**Board of Managers of Patchogue Home Corp. Condominium # 2**
c/o FirstServices Residential
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

_Ashmeen Modikhan_ (signature)
Ashmeen Modikhan

_12/05/2022_
Date

- 5 -

# EXHIBIT

# "A"

### REQUEST FOR JUDICIAL INTERVENTION
Settlement Conference in
Residential Mortgage Foreclosure Actions

ORIGINAL

SUPREME COURT, STATE OF NEW YORK Queens, County
Index No. 301/10          Date Index No. Issued January 6, 2010
Date of Service of Summons and Complaint: 1/8/2010

PLAINTIFF(S): BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE
HOME LOANS SERVICING LP,
-against-
DEFENDANT(S): ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE
PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE;
NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING
VIOLATIONS BUREAU, 'JOHN DOES' and 'JANE DOES', said names being
fictitious, parties intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien against the
premises.

| For Clerk Only |
| --- |
| IAS entry date |
| Judge Assigned |
| RJI Date |

This form requests the scheduling of the settlement conference required by Rule 3408 of the Civil Practice Law and Rules in a mortgage foreclosure action involving all of the following:
   *residential property
   *one to four-family owner-occupied dwelling or condominium
Provide the following information:
Type of Loan: ☐ Subprime/Highcost/Nontraditional

Property Address: 8710 149TH AVENUE, HOWARD BEACH, NY 11414
                    Property Type: condominium

Defendant(s) (name, address, telephone number, e-mail address):
ASHMEEN MODIKHAN
8710 149ᵗʰ AVE, APT. 5N
HOWARD BEACH, NY 11414

Attorney for Plaintiff (s)(name, address, telephone number, e-mail address):
     ▪ │ · (if self-represented, provide the information for yourself)
Rosicki Rosicki & Associates, P.C.
26 Harvester Avenue
Batavia, NY 14020, 585.815.0288
attorneyconf@rosicki.com

Attorney for Defendant(s) (if known) (name, address, telephone number, e-mail address):

90-day notice (RPAPL §1304(1)) mailed on (date): 09/01/2009

Related case (title, index no., judge(if assigned), relationship to instant case): None
Index No.      Hon.

         I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE,
THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL
INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION.

Dated: February    , 2010

_Danielle M Mayer Dorociak_ (signature)
Signature
Danielle Mayer-Dorociak, Esq.
(Print or type name)
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorney for Plaintiff
26 Harvester Avenue
Batavia, NY 14020
585.815.0288
585.815.0299

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
-------------------------------------------------------------x
BAC Home Loans Servicing LP f/k/a Countrywide Home
Loans Servicing LP,

                                        Index No.: 301/10

                            Plaintiff,

            -against-                   AFFIDAVIT OF MAILING

ASHMEEN MODIKHAN et al.,

                            Defendants.
-------------------------------------------------------------x
STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF Genesee        )

       Mary Jo McConnell, being duly sworn, deposes and says:

       That I am not a party to the action, am over the age of 18 years and reside in Genesee County, New
York.

       That on February 1, 2010, deponent served the within Request for Judicial Intervention for
Settlement Conferences and Residential Mortgage Foreclosure Actions, by depositing a true copy thereof in a
post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal
Service within the State of New York, addressed to each of the following persons at the last known address set
forth after each name:

ASHMEEN MODIKHAN
8710 149TH AVENUE, APT 5N
HOWARD BEACH, NY 11414

                                        _____
                                        Mary Jo McConnell

Sworn to before me on this
1st day of March 2010

_____
Notary Public

            Danielle M. Mayer
       Notary Public, State of New York
            No. 01MA6087826
        Qualified in Niagara County
    My Commission Expires February 24, 2011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                              Plaintiff,

              -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", SAID NAMES BEING
FICTITIOUS, PARTIES INTENDED BEING POSSIBLE TENANTS OR
OCCUPANTS OF PREMISES, AND CORPORATIONS, OTHER
ENTITIES OR PERSONS WHO CLAIM, OR MAY CLAIM, A LIEN
AGAINST THE PREMISES,

                           Defendant(s).
-------------------------------------------------------------------x

Index No. 301/10

D/O/F:  1/6/10

**SUMMONS**

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

TO THE ABOVE NAMED DEFENDANTS:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy
of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance
on the Plaintiffs Attorneys within twenty (20) days after the service of this Summons, exclusive of the
day of service, where service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner, and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

     **NOTICE**
     **YOU ARE IN DANGER OF LOSING YOUR HOME**
     **If you do not respond to this summons and complaint by serving a copy of the answer on the**
**attorney for the mortgage company who filed this foreclosure proceeding against you and filing**
**the answer with the court, a default judgment may be entered and you can lose your home.**
**Speak to an attorney or go to the court where your case is pending for further information on**
**how to answer the summons and protect your property.**
**Sending a payment to your mortgage company will not stop this foreclosure action.**
**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR**
**THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE**
**COURT.**

FILED: QUEENS COUNTY CLERK 12/06/2022 03:12 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 64
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 269 of 863 PageID
RECEIVED NYSCEF: 12/06/2022
#: 966

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $186,402.10 consisting of principal balance of $175,141.72 plus interest of $8,330.62, escrow/impound shortages or credits of $1,397.77, late charges of $66.99; Broker's Price Opinion, inspection and miscellaneous charges of $45.00; attorney fee $925.00 and title search $495.00. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except ASHMEEN MODIKHAN : The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: ASHMEEN MODIKHAN : If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING,LP,

                                              Plaintiff,

                      -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

                                              Defendant(s).

---------------------------------------------------------------x

Index No. 301/10

D/O/F: 1/6/10

COMPLAINT

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s)
alleges, upon information and belief as follows:

1.     At all times hereinafter mentioned, plaintiff BAC Home Loans Servicing LP f/k/a
Countrywide Home Loans Servicing LP was and still is duly organized and existing under the laws of
the United States of America.

2.     At all times hereinafter mentioned, the defendants were, and still are, residents,
corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New
York State.

3     On or about April 24, 2007, ASHMEEN MODIKHAN executed and delivered to
COUNTRYWIDE HOME LOANS, INC, a note bearing date that day, whereby ASHMEEN
MODIKHAN covenanted and agreed to pay the sum of $179,000.00, with interest on the unpaid
balance thereof, at the rate of 6.37500 percent per annum, to be computed from the date of said note,
by payments of $1,366.72 on June 1, 2007 and thereafter in payments of $1,366.72 on the like date of
each subsequent month, until said note is fully paid, except that the final payment of principal and
interest remaining due, if not sooner paid, shall become due and payable on May 1, 2037_.

4.     Plaintiff

(a)     is the owner and holder of the subject mortgage and note, or has been delegated the authority to
institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b)     has complied with all the provisions of section five hundred ninety-five-a of the Banking Law
and any rules and regulations promulgated there under, section six-L of six-M of the Banking Law, and

(c)     is in compliance with sending the ninety (90) day notices as required by RPAPL §1304, if the underlying mortgage qualifies.

5.     As collateral security for the payment of said indebtedness, the aforesaid defendant(s) ASHMEEN MODIKHAN , also executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC, a mortgage dated April 24, 2007 and recorded in the County of Queens on May 31, 2007 in CRFN 2007000282440. The mortgage tax was duly paid.  Thereafter said mortgage was assigned to the Plaintiff by assignment of mortgagee dated October 29, 2009. Plaintiff is the owner and holder of the aforementioned instrument(s).

Said mortgaged premises being known as and by street address:
8710 149TH AVENUE, HOWARD BEACH, NY 11414 bearing tax map designation:

Block:  11417  Lot(s): 4513

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

6.     Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

7.     That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument(s) by failing or omitting to pay the installment which became due and payable as of April 1, 2009 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8.     The total monthly payment due as of default date to plaintiff is $1,376.21.

9.     That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

10.     Pursuant to the terms of said instrument(s) notice of default has been duly given to the defendants ASHMEEN MODIKHAN if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

11.     That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $175,141.72 plus interest from March 1, 2009.

12.     That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees  to the sum otherwise due, with interest as provided in the aforesaid instruments,

and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.      That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.      That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.      That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.      That the defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is named as a party defendant herein because of possible unpaid income tax.

17.      That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

18.      That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Queens may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $175,141.72 plus interest from March 1, 2009, and that from the money arising from the sale, plaintiff be paid the amount of $175,141.72 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 273 of 863 PageID #: 970

applicable thereto will pay the same; that the defendants ASHMEEN MODIKHAN be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

ALL that certain plot, piece or parcel of land, situate lying in the Borough and County of
Queens, City and State of New York and being a part of a Condominium in known and
designated as *Apartment Unit Number 4513*;

The real property above described is a Unit shown on the floor plans of a Condominium
prepared by Horacek, Schoppe and Haubenreich, Licensed of 467 Westbury Avenue, Carle
Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of
153-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of
the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as
defined in the Declaration entitled, "*Patchogue Homes Corp. Condominium No. 2*", and
recorded in the Office of the Register of the City of New York for the County of Queens on the
3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER* with a *.57692 percent individual interest in the common elements* of the
constituting Real Property of the Condominium hereinafter described as the same is defined in
the Declaration of Condominium hereinafter referred to.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 275 of 863 PageID #: 972

## SCHEDULE B

-NEW YORK CITY TRANSIT ADJUDICATION BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY ENVIRONMENTAL CONTROL BOARD has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY PARKING VIOLATIONS BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.



**NYC DEPARTMENT OF FINANCE
OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City
Register will rely on the information provided
by you on this page for purposes of indexing
this instrument. The information on this page
will control for indexing purposes in the event
of any conflict with the rest of the document.

2007051601001002002001E26B9

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 11 |
|---|---|---|
| Document ID: 2007051601001002 | Document Date: 04-25-2007 | Preparation Date: 05-16-2007 |
| Document Type: MORTGAGE | | |
| Document Page Count: 10 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| BLACKACRE TITLE AGENCY CORP PICK UP | COUNTRYWIDE HOME LOANS, INC |
| CY RECORDINGS | P.O. BOX 10423 |
| 399 KNOLLWOOD ROAD SUITE 201 | VAN NUYS, CA 91410 |
| WHITE PLAINS, NY 10603 | |
| 914-993-3364 | |
| emledvukaj@batitle.com | |

**PROPERTY DATA**

| Borough | Block Lot | Unit | Address |
|---|---|---|---|
| QUEENS | 11417 4513  Entire Lot | 5N | 87-10 149TH AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

**CROSS REFERENCE DATA**

CRFN_____ or Document ID_____ or ____ Year ____ Reel ____ Page ____ or File Number_____

**PARTIES**

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ASIMBEN MODIKHAN | MERS |
| 8710 149TH AVENUE | 4500 PARK GRANADA |
| HOWARD BEACH, NY 11414 | CALABASAS, CA 91302 |

**FEES AND TAXES**

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 40,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 40,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 245.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 490.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 122.50 | | | |
| MTA: | $ | 117.00 | RECORDED OR FILED IN THE OFFICE | | |
| NYCTA: | $ | 0.00 | OF THE CITY REGISTER OF THE | | |
| Additional MRT: | $ | 0.00 | CITY OF NEW YORK | | |
| TOTAL: | $ | 974.50 | Recorded/Filed      05-31-2007 16:59 | | |
| Recording Fee: | $ | 87.00 | City Register File No.(CRFN): | | |
| Affidavit Fee: | $ | 0.00 | 2007000282441 | | |

City Register Official Signature

FILED: QUEENS COUNTY CLERK 12/06/2022 03:12 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 64
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 277 of 863 PageID
#: 974
RECEIVED NYSCEF: 12/06/2022

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O. Box 10423
Van Nuys, CA 91410-0423

Prepared By
MELANIE L. WARD

Section # _____ Tax # BH-27-74/31
Block # 11417  County # 10-3900
Lot # 45/3   Town City #s

BLACKACRE TITLE AGENCY CORP
399 KNOLLWOOD RD, SUITE 201
WHITE PLAINS, NY 10603
TEL (914) 993-3344 FAX (914) 993-1433

[Space Above This Line For Recording Data]

1679286936                          00015798593E04007
[Escrow/Closing #]                  [Doc ID #]

THIS MORTGAGE IS A CREDIT LINE MORTGAGE AS DEFINED IN SECTION 281 OF THE
NEW YORK REAL PROPERTY LAW. IT SECURES AN INDEBTEDNESS UNDER THE
AGREEMENT WHICH REFLECTS THE FACT THAT THE PARTIES REASONABLY
CONTEMPLATE ENTERING INTO A SERIES OF ADVANCES OR ADVANCES, PAYMENTS,
AND READVANCES.

## MORTGAGE
(Line of Credit)

MIN 1000157-0007930757-2

THIS MORTGAGE, dated APRIL 25, 2007     , is between

ASHMEEN MODIKHAN

residing at
87-10 149TH AVENUE, HOWARD BEACH, NY 11414-1439
the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we," "our," or "us" and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") a Delaware corporation, with
an address of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF
RECORDING THIS MORTGAGE, MERS IS THE "MORTGAGEE" OF RECORD and it acting
solely as nominee for
COUNTRYWIDE HOME LOANS, INC.
("Lender" or "you") and its successors and assigns, Lender's address is
4500 Park Granada MSN# SVB-314, Calabasas, CA 91302-1613

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage,
grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the
successors and assigns of MERS, the premises located at:
87-10 149TH AVENUE, HOWARD BEACH
                    Street Municipality
QUEENS                              New York 11414-1439 (the "Premises").
County                                        ZIP

Section _____ Block: 11417   Lot: 45/3   Unit: _____

* MERS HELOC-NY Mortgage
2E956NY (09/04)(d)                          Page 1 of 5



09-117526AB

## 09-117526AB

Title No: 5138-09-117536

COUNTY CLERK SEARCH( 7/22/2009 ) SPECIAL NAME SEARCH

Last Name: ( MODIKHAN )
First Name: ( ASHMEEN )
COUNTY: ( QUEENS )

Run Date: 07/22/1999 To: 7/22/2009

JUDGMENTS -

Queens County from ( 01/90 to 07/21/09 )

Search Parameters- Last:MODIKHAN    First:ASHMEEN

All Types Of Liens

END RETURNS

PVB - (Parking Violations Bureau - Ending Date 07/24/09)

Search Parameters- Last:MODIKHAN    First:ASHMEEN

END RETURNS

(Environmental Control Board (Fire and Building) - Ending Date 04/30/09)

Search Parameters- Last:MODIKHAN    First:ASHMEEN

END RETURNS

Uniform Commercial Code from ( 10/01/1988 - 07/21/09 )

Queens County
Search Parameters- Last:MODIKHAN    First:ASHMEEN

END RETURNS

Federal Tax Liens from ( 01/99 - 07/21/09 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:MODIKHAN    First:ASHMEEN

END RETURNS

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 07/17/09)

Search Parameters- Last:MODIKHAN    First:ASHMEEN

END RETURNS

Wednesday July 22, 2009    1/35

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 279 of 863 PageID #: 976

09-117526AB

09-117526AB                                    Page 2/35

2/35                                    Wednesday July 22, 2009

09-117526AB

| 09-117526AB | Page 3/35 |
|---|---|

Last Name: ( SIBCO )
First Name: ( DAVID )
COUNTY: ( QUEENS )

Run Date: 07/22/1999 To: 7/22/2009
******************************************************************

JUDGMENTS -

Queens County from ( 01/90 to 07/21/09 )

Search Parameters- Last:SIBCO     First:DAVID

All Types Of Liens

END RETURNS
******************************************************************

PVB - (Parking Violations Bureau - Ending Date 07/24/09)

Search Parameters- Last:SIBCO     First:DAVID

END RETURNS
******************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 06/30/09)

Search Parameters- Last:SIBCO     First:DAVID

END RETURNS
******************************************************************

Uniform Commercial Code from ( 10/01/1986 - 07/21/09 )

Queens County
Search Parameters- Last:SIBCO     First:DAVID

END RETURNS
******************************************************************

Federal Tax Liens from ( 01/94 - 07/21/09 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:SIBCO     First:DAVID

END RETURNS
******************************************************************

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 07/17/09)

Search Parameters- Last:SIBCO     First:DAVID

END RETURNS
******************************************************************

Wednesday July 22, 2009                                                    3/35

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 281 of 863 PageID #: 978

09-117526AB

| 09-117526AB | Page 4/35 |

(Environmental Control Board (Fire and Building) - Ending Date 04/30/09)

Search Parameters- Address:8710 149 AVE

END RETURNS

Emergency Repair - Queens County
Search Parameters- Address:8710 149 AVE

(Emergency Repair - Ending Date - 03/17/09)

END RETURNS

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 282 of 863 PageID #: 979

Index No.: 301/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
_____

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,

Plaintiff,

-against-

ASHMEEN MODIKHAN, et al.,

Defendants.
_____

SUMMONS AND COMPLAINT

ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 09-117526

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

U.S. BANK, NA, AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

**DEFENDANTS**

ASHMEEN MODIKHAN, ET AL

**(b)** County of Residence of First Listed Plaintiff   QUEENS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   QUEENS
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

No Registered Agent

Attorneys *(If Known)*

Plaintiff in pro per.
94-22 Magnolia Court, Unit 1B, Ozone Park, NY 11417

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

*Does this action include a motion for temporary restraining order or order to show cause?* Yes ☐ No ☐ "

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)                                    and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | ☐ 690 Other | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | **PERSONAL INJURY** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | ☐ 365 Personal Injury - | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 367 Health Care/ | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Pharmaceutical | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Personal Injury | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | Product Liability | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Injury Product | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | Liability | **LABOR** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 370 Other Fraud | Act | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | Exchange |
| | Medical Malpractice | ☐ 380 Other Personal | Relations | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | Property Damage | ☐ 740 Railway Labor Act | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 385 Property Damage | ☐ 751 Family and Medical | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | Product Liability | Leave Act | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 463 Alien Detainee | Income Security Act | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 510 Motions to Vacate | | Act/Review or Appeal of |
| | Employment | Sentence | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| | Other | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| | ☐ 448 Education | **Other:** | or Defendant) | |
| | | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party | |
| | | ☐ 550 Civil Rights | 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - | **IMMIGRATION** | |
| | | Conditions of | ☐ 462 Naturalization Application | |
| | | Confinement | ☐ 465 Other Immigration | |
| | | | Actions | |

Also under **SOCIAL SECURITY**: ☐ 861 HIA (1395ff), ☐ 862 Black Lung (923), ☐ 863 DIWC/DIWW (405(g)), ☐ 864 SSID Title XVI, ☐ 865 RSI (405(g))

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
UCC I-308, 12 CFR §226.23, and 15 U.S.C. §§ 1692-1692p
Brief description of cause:
Defendant seeks to challenge the foreclosure

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

FILED: QUEENS COUNTY CLERK 12/06/2022 05:47 PM
NYSCEF DOC. NO. 65

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 284 of 863 PageID
#: 981

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/06/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>                              Plaintiff,<br><br>      -against-<br><br>ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; JOHN MODIKHAN,<br><br>                            Defendants. | Index No. 705854/2021<br><br>**NOTICE OF REJECTION**<br><br>**Mortgaged Premises**:<br>87-10 149th Avenue<br>Howard Beach, NY 11414<br><br>**Block**: 11417<br>**Lot**: 4513 |

S I R S:

      **PLEASE TAKE NOTICE** that Plaintiff U.S. BANK NATIONAL ASSOCIATION AS

LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, ("Plaintiff"), by and

through its attorneys, hereby rejects the "Amended Notice of Removal to Federal Court," dated

and filed on December 6, 2022, (NYSCEF Doc. No. 64), (the "Amended Notice of Removal"),

filed by Defendant **ASHMEEN MODIKHAN**, ("Defendant"), on the grounds that, *inter alia*,

Defendant's Amended Notice of Removal was not timely filed/served, pursuant to 28 U.S.C.A. §

1446, within thirty (30) days of service of the Summons and Complaint upon Defendant on January

8, 2010, or under 28 U.S.C.A. § 1446(c), within one (1) year after commencement of the action on

January 6, 2010, and which time has not been extended by stipulation, motion, court order or

otherwise.

Dated: December 6, 2022
     New York, New York

                                 FRIEDMAN VARTOLO LLP

                        By:   *Franklin K. Chiu*
                                  Franklin K. Chiu, Esq.

1
File No. 211697

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 285 of 863 PageID #: 982

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

TO:   ***VIA NYSCEF***
J. IANDOLO LAW, P.C.
7621 13th Avenue
Brooklyn, New York 11228
*Attorneys for Defendant Ashmeen Modikhan*

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

2
File No. 211697

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 286 of 863 PageID #: 983

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL                    Index No. 705854/2021
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,
                                                           **AFFIDAVIT OF MAILING**

                                          Plaintiff,

                    -against-


ASHMEEN MODIKHAN; et. al.,


                                          Defendants
-----------------------------------------------------------------------x
STATE OF NEW YORK            )
                            ) ss:
COUNTY OF NASSAU            )


TRISTAN VILLANUEVA, deposes and says:


I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New
York.


On December 7, 2022, I served a true copy of the annexed **NOTICE OF REJECTION** by filing
the same with the New York State Electronic Filing System (NYSCEF) to the consenting parties
on notice, and by mailing the same by First-Class Mail in a sealed envelope, with postage
prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State
of New York, addressed to the last known address of the addressee as indicated below.


Jeremy M. Iandolo, Esq.
*Attorney for Defendant Ashmeen Modikhan*
**VIA NYSCEF**


Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 287 of 863 PageID #: 984

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

TRISTAN VILLANUEVA

Sworn To Before Me This
7th day of December, 2022

Notary Public

JENNIFER BURKE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU6203256
Qualified in Nassau County
Commission Expires March 30, 2025

# Exhibit V

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 289 of 863 PageID #: 986

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

......................................................X

US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                   Plaintiff

      -against-

ASHMEEN MODIKHAN, et al.,

            Defendants

......................................................X

Index No. 301/2010
705854/2021

**AMENDED NOTICE OF
REMOVAL TO FEDERAL
COURT**

# Document # 64

# ( EXHIBIT "B")

FILED

DEC 0 7 2022

COUNTY CLERK
QUEENS COUNTY

Case 1:22-cv-07475-PKC-LB   Document 3   Filed 01/05/23   Page 290 of 863 PageID #: 987

Opened: **1/6/2010** Type: **Lis pendens**

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST** vs. **MODIKHAN,ASHMEEN ETAL**

Atty: **ROSICKI,ROSICKI&ASSOCIATES,PC**     Atty:

| Filed | Actions | RecRoom |
|---|---|---|
| 3/15/2021 | LETTER APPLICATION TO CONVERT TO EFILE | |
| 12/1/2020 | PAPER FILED NOTICE OF DISCHARGE OF ATTORNEY | 12/1/2020 |
| 6/11/2019 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 6/11/2019 |
| 6/11/2019 | REDACTION COVER PAGE | 6/11/2019 |
| 4/26/2019 | JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3] | 4/26/2019 |
| 1/13/2018 | MEMO DECISION SEQUENCE #3 | 11/13/2018 |
| 0/29/2018 | AFFTS,NOTICE OF MOTION WITH REDACTION COVER SHEET | 10/29/2018 |
| 0/29/2018 | AFFIRMATION - COSTS | 10/29/2018 |
| 0/29/2018 | RECEIVED PAPERS | 10/29/2018 |
| 9/5/2018 | AFFTS,NOTICE OF MOTION FEE PAID | |
| 7/20/2018 | COPY OF ORDER W/NOTICE OF ENTRY WITH AFFT OF SVC | 7/20/2018 |
| 7/16/2018 | ORDER SIGNED (STATUS CONFERENCE) | 7/16/2018 |
| 6/18/2018 | AFFTS,ORDER(REFERENCE & AMENDMENT) SEQUENCE #2 | 6/18/2018 |
| 4/6/2018 | NOTICE OF APPEARANCE , CLAIM TO AND FOR DEMAND FOR SURPLUS MONIES | 4/6/2018 |
| 1/31/2018 | MEMO DECISION SEQUENCE #2 | 1/31/2018 |
| 1/17/2018 | RECEIVED PAPERS | 1/17/2018 |
| 1/17/2018 | AFFTS,NOTICE OF MOTION SEQUENCE #2 | 1/17/2018 |
| 1/17/2018 | MEMO DECISION SEQUENCE #2 | 1/17/2018 |
| 2/22/2017 | NON MILITARY AFFIDAVIT | 12/22/2017 |
| 2/22/2017 | NON MILITARY AFFIDAVIT | |
| 2/21/2017 | NOTICE OF APPEARANCE | 12/21/2017 |
| 2/12/2017 | AFFTS,NOTICE OF MOTION FEE PAID | |
| 0/31/2017 | ORDER SIGNED | 10/31/2017 |
| 10/3/2017 | CONSENT TO CHANGE ATTORNEY | 10/3/2017 |
| 4/10/2017 | LIS PENDENS B 11417 L 4513 | 4/11/2017 |
| 2/1/2017 | ORDER SIGNED - SEQ. # 1 (VACATES DISMISSAL ENTERED 8/12/14) | 2/1/2017 |
| 2/1/2017 | RECEIVED PAPERS | 2/1/2017 |
| 2/1/2017 | PAPER FILED - REPLY TO MOTION AND AFFIRMATION IN OPPOSITION TO CROSS-MOTION | 2/1/2017 |
| 2/1/2017 | CROSS MOTION | 2/1/2017 |
| 2/1/2017 | AFFTS,NOTICE OF MOTION - SEQ. # 1 | 2/1/2017 |
| 2/19/2016 | JUDGE'S MEMO | 12/19/2016 |
| 1/29/2016 | AFFTS,NOTICE OF MOTION FEE PAID | |
| 8/29/2016 | NOTICE OF APPEARANCE | 8/30/2016 |
| 8/29/2016 | AFFTS,NOTICE OF MOTION FEE PAID | 8/29/2016 |
| 9/12/2014 | ORDER SIGNED | 9/12/2014 |
| 8/12/2014 | ORDER SIGNED DISCONTINUING ACTION AND CANCELLING LIS PENDENS ** VACATED BY ORDER ENTERED 2/1/17 ** | 8/12/2014 |
| 8/6/2014 | CONSENT TO CHANGE ATTORNEY - LEOPOLD & ASSOCIATES | 8/6/2014 |
| 4/30/2010 | ORDER SIGNED | 4/30/2010 |
| 4/30/2010 | ORDER SIGNED | 4/30/2010 |
| 3/4/2010 | REQUEST FOR JUDICIAL INTERVENTION | 3/8/2010 |
| 2/25/2010 | REPLY TO COUNTERCLAIM | 2/25/2010 |
| 2/17/2010 | VERIFIED AMENDED ANSWER WITH COUNTERCLAIM | 2/17/2010 |
| 2/9/2010 | NOTICE OF APPEARANCE | 2/9/2010 |
| 1/25/2010 | COPY OF ORDER TO SHOW CAUSE | 1/25/2010 |
| 1/15/2010 | AFFIDAVITS OF SERVICE (5) | 1/15/2010 |
| 1/15/2010 | AFFIDAVITS OF SERVICE (3) | 1/15/2010 |
| 1/13/2010 | AFFIDAVIT OF SERVICE | 1/13/2010 |

Case 1:23-cv-01471-LB    Document 5-1    Filed 01/05/23    Page 291 of 863 PageID #: 988

1/6/2010    1/14/2010
1/6/2010 ▣ SUMMONS AND COMPLAINT

**Total: 50**

## REQUEST FOR JUDICIAL INTERVENTION
Settlement Conference in
Residential Mortgage Foreclosure Actions

SUPREME COURT, STATE OF NEW YORK Queens, County
Index No. 301/10    Date Index No. Issued January 6, 2010
Date of Service of Summons and Complaint: 1/8/2010

PLAINTIFF(S): BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,
-against-
DEFENDANT(S): ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU, 'JOHN DOES' and 'JANE DOES,' said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises,

| For Clerk Only |
|---|
| IAS entry date |
| Judge Assigned |
| RJI Date |

This form requests the scheduling of the settlement conference required by Rule 3408 of the Civil Practice Law and Rules in a mortgage foreclosure action involving all of the following:
    *residential property
    *one to four-family owner-occupied dwelling or condominium
<u>Provide the following information:</u>
Type of Loan: ☐ Subprime/Highcost/Nontraditional

Property Address: 8710 149TH AVENUE, HOWARD BEACH, NY 11414
               Property Type: condominium

Defendant(s) (name, address, telephone number, e-mail address):
ASHMEEN MODIKHAN
8710 149th AVE. APT. 5N
HOWARD BEACH, NY 11414

Attorney for Plaintiff (s)(name, address, telephone number, e-mail address):
    (if self-represented, provide the information for yourself)
Rosicki Rosicki & Associates, P.C.
26 Harvester Avenue
Batavia, NY 14020, 585.815.0288
attorneyconf@rosicki.com

Attorney for Defendant(s) (if known) (name, address, telephone number, e-mail address):

90-day notice (RPAPL §1304(1)) mailed on (date): 09/01/2009

Related case (title, index no., judge(if assigned), relationship to instant case): None
Index No.    Hon.

    I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION.

Dated: ~~February~~ March 1, 2010

Signature
Danielle Mayer-Dorociak, Esq.
(Print or type name)
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorney for Plaintiff
26 Harvester Avenue
Batavia, NY 14020
585.815.0288
585.815.0299

95.00 March
Dated: February 1, 2010    Total:
301/2010 BAC HOME LOANS SERVICING
RJI
$95.00    Tr. 1811692
Paym 151077S 03/04/2010 12:17p
Queens County Clerk's Office

ORIGINAL 

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
--------------------------------------------------------------x
BAC Home Loans Servicing LP f/k/a Countrywide Home
Loans Servicing LP,

                                                            Index No.: 301/10

                              Plaintiff,

          -against-                              AFFIDAVIT OF MAILING

ASHMEEN MODIKHAN et al.,

                              Defendants.
--------------------------------------------------------------x
STATE OF NEW YORK        )
                        ) ss.:
COUNTY OF Genesee        )

        Mary Jo McConnell, being duly sworn, deposes and says:

        That I am not a party to the action, am over the age of 18 years and reside in Genesee County, New
York.

        That on ~~February~~ March  1 , 2010, deponent served the within Request for Judicial Intervention for
Settlement Conferences and Residential Mortgage Foreclosure Actions, by depositing a true copy thereof in a
post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal
Service within the State of New York, addressed to each of the following persons at the last known address set
forth after each name:

ASHMEEN MODIKHAN
8710 149TH AVENUE, APT 5N
HOWARD BEACH, NY 11414


                                        Mary Jo McConnell
                                        Mary Jo McConnell

Sworn to before me on this
1st day of March 2010

Notary Public

Danielle M. Mayer
Notary Public, State of New York
No. 01MA6087828
Qualified in Niagara County
My Commission Expires February 24, 2011

FILED
3/15/2021
COUNTY CLERK
QUEENS COUNTY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
-------------------------------------------------------x
U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST

          Plaintiff(s)/Petitioner(s)

- against -

Ashmeen Modikhan

          Defendant/Respondent(s).
-------------------------------------------------------x

Index No. 301/2010

Assigned Judge Martin J. Schulman

Letter Application to Convert
Pending Action to E-Filing

I, Richard P. Fay, a party in this matter, counsel in good standing representing a party in this matter, and/or counsel admitted pro hac vice, hereby respectfully request that the Court authorize the use of the New York State Courts Electronic Filing System ("NYSCEF") in this case and direct the County Clerk to convert this matter to electronic form pursuant to 202.5-b(b)(2)(iv) of the Uniform Rules of the Trial Courts.

Pursuant to 202.5-b(b)(2)(iv), I have attached proof of service of this letter application to all parties. Upon receipt of notification of the conversion of this matter to electronic form by the County Clerk, I will serve all parties with a *notice of conversion to e-filing form* and will file proof of that service via NYSCEF.

Dated: 02/13/2021

Attorney [●] Pro Hac [○] Party (unrepresented) [○]

Signature: _Richard Fay_

Print Name: Richard Fay

Attorney Representing - (Identify Party): Plaintiff

Firm Name: Gross Polowy LLC

Address: 1775 Wehrle Drive, Suite 100, Williamsville NY 14221

E-mail: e-filing2@grosspolowy.com

Phone#: 716-204-1700

FOR COURT USE:

[○] application is **APPROVED**; and the County Clerk is directed to convert this matter to electronic form.

[○] application is **NOT APPROVED**; _____ is directed to notify the applicant.

Dated: 3/12/2021

Hon.

10/28/20
EF-28

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

|  |  |
|---|---|
| Plaintiff, | **AFFIDAVIT OF SERVICE** |
| vs | INDEX #: 301/2010 |
| ASHMEEN MODIKHAN, ET AL | |
|  | MORTGAGED PREMISES: |
| Defendant(s). | 87-10    149TH    AVENUE |
|  | HOWARD BEACH, NY 11414 |

BL #: 11417 - 4513

------------------------------------------------------------X

Esra Erman, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on March 11, 2021, Deponent served a true copy of the Letter Application to Convert Pending Action to E-Filing on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below and if by regular mail, by depository at 1775 Wehrle Drive, Suite 100, Williamsville NY under the care and custody of the United States Postal Service within the State of New York.

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano<br>Attorney for Defendant Board of Managers<br>of The Patchogue Home Corp. Condominium<br>No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Mortgage Electronic Registration Systems,<br>Inc. as nominee for Countrywide Home<br>Loans, Inc.<br>111 8th Avenue, 13th Floor<br>New York, NY 10011 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

301/2010                                              Affidavit of Service by Mail

| | |
|---|---|
| New York State Department of Taxation and Finance<br>400 Oak Street<br>Garden City, NY 11530 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| New York City Transit Adjudication Bureau<br>130 Livingston Street<br>Brooklyn, NY 11201 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| New York City Environmental Control Board<br>66 John Street<br>New York, NY 10038 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| New York City Parking Violations Bureau<br>66 John Street<br>New York, NY 10038 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

301/2010

Affidavit of Service by Mail

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 297 of 863 PageID # 994

| | |
|---|---|
| Morton Povman Esq. <br> Referee <br> 108-18 Queens Blvd, 5th Floor <br> Forest Hills, NY 11375 | ☒ Regular mail via USPS <br> ☐ Certified mail/RR <br> ☐ E-mail <br> ☐ Notice of Electronic Filing (**NYSCEF**) <br> ☐ United Parcel Service <br> ☐ FedEX |

The foregoing statements are true, under penalty of perjury.

Esra Erman
Legal Assistant

Sworn to before me this March 11, 2021.

Lisa M. Williams
Notary Public

LISA M. WILLIAMS
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN NIAGARA COUNTY
My Commission Expires August 26, 20_2_

301/2010

Affidavit of Service by Mail

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 298 of 863 PageID #: 995

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                  Plaintiff,

vs

ASHMEEN MODIKHAN, ET AL

                  Defendant(s).

**AFFIDAVIT OF SERVICE**

INDEX #: 705854/2021

MORTGAGED PREMISES:
87-10      149TH      AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

-------------------------------------------------------------X

Lindsey N. Fetterhoff, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on May 26, 2021, Deponent served a true copy of the Notice Pursuant to Rule 202.12-A on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below and if by regular mail, by depository at 1775 Wehrle Drive, Suite 100, Williamsville NY under the care and custody of the United States Postal Service within the State of New York.

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

The foregoing statements are true, under penalty of perjury.

                                 Lindsey N. Fetterhoff
                                 Legal Assistant

Sworn to before me on this 26th day of May 2021.

Daisy Payne
Notary Public

DAISY PAYNE
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires March 19, 20 23

705854/2021

                                       Affidavit of Service by Mail

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 299 of 863 PageID
# 996
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705854/2021

                                        Plaintiff,    **CONSENT TO CHANGE
                                                      ATTORNEY**

                    -against-

ASHMEEN MODIKHAN; et al.,

                                        Defendants

-----------------------------------------------------------------x

    **IT IS HEREBY STIPULATED AND AGREED**, that **FRIEDMAN VARTOLO, LLP**,
be substituted as attorneys for Plaintiff for the undersigned party(ies) in the above action in place
and stead of the undersigned attorney(s) as of the date hereof.

    **IT IS HEREBY STIPULATED AND AGREED**, that this consent may be signed in
counterparts and that a fully executed facsimile copy shall have the same force and effect as an
original.

Dated: 6/29/21

By: Austin R. Caster , Esq.
GROSS POLOWY, LLC
*Outgoing Attorneys*
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
(P) 716.204.1700

Dated: 6-30-21

By: Juliana Thibaut, Esq.
**FRIEDMAN VARTOLO LLP**
*Incoming Attorneys*
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
(P) 212.471.5100
(F) 212.471.5150

Firm File Number: 211697-1

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 300 of 863 PageID #: 997

Rushmore Loan Management Services, LLC, attorney-in-fact for Plaintiff, U.S. Bank, National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust,

By: _____

Name: **Mario Selva**

Title: ASSISTANT VICE PRESIDENT

Sworn to before me this
___ day of _____, 20__

_____
Notary Public

**SEE ATTACHED JURAT**

Firm File Number: 211697-1

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 301 of 863 PageID
#: 998
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

## Jurat

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State of **California**
County of **Orange**

Subscribed and sworn to (or affirmed) before me on this _____ **JUN 2 3 2021** _____ by
_____ **Mario Selva** _____ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _Theresa J. Barrett_

(Notary Name): Theresa J. Barrett
My commission expires: Oct. 7, 2021

THERESA J. BARRETT
Notary Public – California
Orange County
Commission # 2217151
My Comm. Expires Oct 7, 2021

(This area for notary stamp)

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 302 of 863 PageID #: 999
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 06/30/2021 05:45 PM
NYSCEF DOC. NO. 6
INDEX NO. 705854/2021
RECEIVED NYSCEF: 06/30/2021

**TO BE COMPLETED, IN ADDITION TO JURAT (ABOVE), IF EXECUTING OUTSIDE OF NEW YORK STATE**

STATE OF _____     )
                           ) ss.
COUNTY OF _____      )

On the _____ day of _____ in the year 20__ before me, the undersigned, a Notary Public in and for said State, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in _____ [*Insert the city or other political subdivision and the state or county or other place the acknowledgment was taken*].

_____
Notary Public

See Attached
Acknowledgment

Personally Known _____ OR
Produced Identification _____.

Type of Identification Produced:

_____

Firm File Number: 211697-1

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 303 of 863 PageID
#: 1000
RECEIVED NYSCEF: 12/07/2022

## ALL-PURPOSE ACKNOWLEDGEMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

**State of California**
**County of ORANGE**

On **JUN 2 3 2021**_____, before me, **Theresa J. Barrett, Notary Public**, personally appeared, _____**Mario Selva**_____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary
(Notary Name): Theresa J. Barrett
My commission expires: 10/7/2021

THERESA J. BARRETT
Notary Public – California
Orange County
Commission # 2217151
My Comm. Expires Oct 7, 2021

(seal)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

Plaintiff,

-against-

ASHMEEN MODIKHAN; et al.,

Defendants
-------------------------------------------------------------------------x

STATE OF NEW YORK          )
                          ) ss:
COUNTY OF NASSAU          )

Thomas Dellolio, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Nassau County, New York.

On June 30, 2021, I served a true copy of the annexed **CONSENT TO CHANGE ATTORNEY** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Jeremy M. Iandolo, Esq.
*Attorney for Defendant Asheem Modikhan*
7621 13th Avenue
Brooklyn, New York 11228

Anna Guiliano, Esq.
*Attorney for Defendant Board of Managers of the Patchogue Home Corp. Condominium No. 2*
377 Broadway, 6th Floor
New York, New York 10013

Morton Povman, Esq.
*Court Appointed Referee*
10818 Queens Boulevard
Forest Hills, New York 11375

Thomas Dellolio

Sworn To Before Me This
30th day of June, 2021

Notary Public

TRISTAN S. VILLANUEVA
Notary Public, State of New York
No. 01VI6380362
Qualified in Nassau County
Commission Expires September 04, 2022

File Number: 211697-1

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
INDEX NO. 705854/2021
RECEIVED NYSCEF: 06/30/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                    Plaintiff,

-against-

ASHMEEN MODIKHAN; et al.,

                    Defendants
-------------------------------------------------------------------------x

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

| STATE OF NEW YORK | ) |
|---|---|
| | ) ss: |
| COUNTY OF NASSAU | ) |

Thomas Dellolio, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in Nassau County, New York.

On June 30, 2021, I served a true copy of the annexed **CONSENT TO CHANGE ATTORNEY** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Jeremy M. Iandolo, Esq.
*Attorney for Defendant Asheem Modikhan*
7621 13th Avenue
Brooklyn, New York 11228

Anna Guiliano, Esq.
*Attorney for Defendant Board of Managers of the Patchogue Home Corp. Condominium No. 2*
377 Broadway, 6th Floor
New York, New York 10013

Morton Povman, Esq.
*Court Appointed Referee*
10818 Queens Boulevard
Forest Hills, New York 11375

Thomas Dellolio

Sworn To Before Me This
30th day of June, 2021

Notary Public

TRISTAN S. VILLANUEVA
Notary Public, State of New York
No. 01VI6380362
Qualified in Nassau County
Commission Expires September 04, 2022

File Number: 211697-1

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 306 of 863 PageID
                                          #: 1003
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP

        "Plaintiff",

                                705854/21

V

                        Case Number: 301/2010

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF PATCHOGUE HOMES CORP, CONDOMINIUM NO. 2 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC: NEW YORK STATE DEPARTMENT OF TAXATION ND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIROMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU

        Defendant(s)"

_____/

                      NOTICE, not a motion

Attorney for "Plaintiff" ROSICKI, ROSICKI & ASSOCIATES, P.C.

## JURISDICTIONAL CHALLENGE WITH AFFIDAVIT

```
┌─────────────────────┐
│       FILED         │
│    MAR 17 2022      │
│    COUNTY CLERK     │
│    QUEENS COUNTY    │
└─────────────────────┘
```

        Ashmeen Modikhan, by limited appearance to this matter in this court of record with clean hands, without prejudice and with all rights reserved including UCC 1-308 in dealing with this court, in pro per, sui juris (NOT PRO SE), have not seen any evidence that proves how this court got its jurisdiction.

        Ashmeen Modikhan has the right to challenge the jurisdiction of any court that attempts to force compliance with its deceptive practices, procedures, rules, and word-smithing at any time, and this right has been upheld by numerous decisions by the Supreme Court of the United States. Once jurisdiction has been challenged, it is the mandatory obligation of the opposing party to prove the basis of the court having jurisdiction to proceed in the matter before it, and until that has been put on the Record of the court, the court can proceed no further.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 307 of 863 PageID
# 1004
RECEIVED NYSCEF: 12/07/2022
INDEX NO. 705854/2021

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Further, the Supreme Court of the United States has ruled that jurisdiction can be challenged at any time even as much as 15 (fifteen) years after a judgment has been entered. Decisions of the Supreme Court of the United States are *mandatory requirement to be complied with by all courts*, state and federal and leave those courts no discretion as to whether or not to comply. The following Supreme Court cases set out the mandatory requirements that must be complied with.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo* v. *US*, 505 F2d 1026.

"Where there is no jurisdiction over the subject matter, there is no discretion to ignore that lack of jurisdiction." *Joyce* v. *US*, 474 F2d 215.

"Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction." *Rosemond* v. *Lambert*, 469 F2d 416.

"Judgment rendered by court which did not have jurisdiction to hear cause is void ab initio." *In Re Application of Wyatt*, 300 P. 132; *Re Cavitt*, 118 P2d 846. "It is elementary that the first question which must be determined by the trial court in every case is that of jurisdiction." *Clary v. Hoagland*, 6 Cal.685; *Dillon v. Dillon*, 45 Cal. App. 191,187P. 27.

The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction throughout this case must be made on a point by point basis for **all** the moving **Party/Petitioner/Plaintiff** actions, filings and motions are true and correct in relation to the proper State laws, codes, rules, regulations, statutes used to conduct this case that proper jurisdiction was always maintained from the record including the incomplete summons.

"A departure by a court from those recognized and established requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is as much an "excess of jurisdiction" as where there exists an inceptive lack of power." *Wuest* v. *Wuest*, 53 Cal. App. 2d 339,127P.2d 934.

"A court has no jurisdiction to determine its own jurisdiction for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 308 of 863 PageID #: 1005

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM
NYSCEF DOC. NO. 8
INDEX NO. 705854/2021
RECEIVED NYSCEF: 03/17/2022

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

the first instance." ***Rescue Army v. Municipal Court of Los Angeles***, 171 P2d; 331 US 549, 91 L. ed. 1666. 67 S. Ct. 1409.

"Where there is no jurisdiction there is no judge: the proceeding is as nothing.  Such has been the law from the days of the Marshalsea." 10 Coke 68; also ***Bradley v. Fisher***, 13 Wall 335,351." ***Manning v. Ketcham***, 58 F.2d 948.

"A distinction must be here observed between **excess of jurisdiction** and the clear absence of all jurisdiction over the subject-matter any authority exercised is a **usurped authority** and for the exercise of such authority, when the **want of jurisdiction is known** to the judge, **no excuse** is permissible." *Bradley v. Fisher*, 13 Wall 335, 351, 352.

"Plaintiffs bear the burden of establishing subject matter jurisdiction." *KNAPP MEDICAL CENTER, et al. v. Eric D. HARGAN,* 875 F.3d 1125, (2017).

"**Jurisdiction**, once challenged, **is to be proven**, not by the court, but **by the party attempting to assert jurisdiction**. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered." *McNutt v. GMAC*, 298 US 178. Emphasis added.  The origins of this doctrine of law may be found in Maxfield's Lessee V Levy, 4 US 308.

In a very recent decision, the Supreme Court unequivocally stated in *James v. City of Boise Idaho,* 136 S. Ct. 685 (2016):

"It is this Court's responsibility to say what a [federal] statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." *Nitro-Lift Technologies, L.L.C. v. Howard,* 568 U.S. ——, ——, 133 S.Ct. 500, 503, 184 L.Ed.2d 328 (2012) (*per curiam* ) (quoting *Rivers v. Roadway Express, Inc.,*511 U.S. 298, 312, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (internal quotation marks omitted)). And for good reason. As Justice Story explained 200 years ago, if state courts were permitted to disregard this Court's rulings on federal law, "the laws, the treaties, and the constitution of the United States would be different in different states, and might, perhaps, never have precisely the same construction, obligation, or efficacy, in any two states. The public mischiefs that would attend such a state of things would be truly deplorable." *Martin v. Hunter's Lessee,* 1 Wheat. 304, 348, 4 L.Ed. 97 (1816)."

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 309 of 863 PageID #: 1006

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM
NYSCEF DOC. NO. 8

INDEX NO. 705854/2021
RECEIVED NYSCEF: 03/17/2022

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

The court also said:

"The Idaho Supreme Court, **like any other state or federal court, is bound by this Court's interpretation of federal law**" [emphasis added]

Ashmeen Modikhan, at this time makes that challenge and demands that the **SUPREME COURT OF NEW YORK, QUEENS COUNTY, order** the so-called Plaintiff in this case provide direct evidence and proof on the Record that the **322ND SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS** *is* a judicial power court which was created by the Constitution for the State of New York and operates in compliance with all of the provisions of the Constitution for the United States of America.

The Court would lack jurisdiction being that there is evidence to support the improperly contrived subject matter by proper legislative process; and the Eleventh Amendment of the United States Constitution removed all "judicial power" in law, equity, treaties, contract law and the right of the State to bring suit against the People, therefore the " alleged Defendant" now challenge jurisdiction for the record.

Standing must also be proven to show jurisdiction. In order to file a case in court, litigants must have "standing" to sue. To have standing, Supreme Court doctrine requires that parties have an "injury in fact." This injury must be specific and concrete - rather the speculative and abstract. Standing requires the violation of a legal right that causes damage. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984)

All orders or judgments issued by a judge in a court of limited jurisdiction must contain the findings of the court showing that the court has subject-matter jurisdiction, not allegations that the court has jurisdiction.

Any explanations to the above-mentioned matters MUST be done on a point-by-point basis with verified facts that are referenced in law, Legislative acts, Federal and/or State constitutions. The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction must be sworn to under the penalties of perjury of the United States of America that response is true and correct, certified by notarization, and must be able to be understood by any reasonable man/woman should understand.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 67    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 310 of 863 PageID    RECEIVED NYSCEF: 12/07/2022
#: 1007

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 8    RECEIVED NYSCEF: 03/17/2022

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Pleadings of this Party SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and in support of that claim I submit the following:

"*And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe. (a)" Judiciary Act of September 24th, 1789.* Section 342, FIRST CONGRESS, Sess. 1, ch. 20,1789.

## AFFIDAVIT

State of New York          )

                    ) ss.    ***TO ALL TO WHOM THESE PRESENTS SHALL COME***

County of Queens          )

I, the Affiant, who goes by the appellation, Ashmeen Modikhan, a man, a woman standing as an Inhabitant on Queens County in New York the land, non-territorial to the United States and therefore without the United States, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of New York, in good faith, with no intention of delaying, nor obstructing, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say:

1. That I, Ashmeen Modikhan, declare that I am competent to state to the matters set forth herein; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

2. That I, Ashmeen Modikhan declare that I have personal knowledge of the facts stated herein; and

3. That I Ashmeen Modikhan declare the original contract was altered. and stolen.

4. That I. Ashmeen Modikhan, declare there was an addition to the agreement with the following items that are not showing on the contract filed in this case.

a) The intent of the agreement was the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money.

b) The bank or financial institution involved in the alleged loan will follow GAAP.

c) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower.

d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument.

e) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP.

e) the original written agreement gives full disclosure of all material facts.

5. That I. Ashmeen Modikhan. declares the original contract will show the bank agreed that I could repay using another IOU- promissory note payable in the same species of money, money equivalent or credit or funds or capital that the bank or financial institution used per GAAP to fund the loan.

6. That I, Ashmeen Modikhan, declare damages because the note was altered and stolen.

7. That I. Ashmeen Modikhan, declare that my signature cannot testify that the bank lent me the bank's money to purchase the browser's promissory note.

8. That I. Ashmeen Modikhan. declare the plaintiff failed to provide the court adequate assurance of due performance.

6
Jurisdiction Challenge With Affidavit

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

9. That I, Ashmeen Modikhan, the bank did not give me a deposit slip in violation of 12 USCA Sec 1813

10. That I, Ashmeen Modikhan, declare if the court does not have on record what the bookkeeping entries are, the attorney cannot prove they performed under the agreement and funded the loan to the me.

11. That I, Ashmeen Modikhan, declare that all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness I will testify to their veracity; and

12. That I, Ashmeen Modikhan, declare that I am not now, nor have I been in the past 10 years, federal employee, or federal personnel; and

13. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**, or any/all aliases of this name, is not a lower federal district court limited in jurisdiction to only those areas which are federal enclaves, and I believe that no contrary evidence exists; and

14. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS   or any/all aliases of this name, is not without *in personam* jurisdiction over Ashmeen Modikhan, one of the People of New York, and I believe that no contrary evidence exists; and

15. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme Court of The State of New York, County of Queens, or any/all aliases of this name, does not have the ability to obtain jurisdiction over one of the People of New York, the property of one of the People of New York, and I believe that no contrary evidence exists; and

16. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York, County of Queens**, or any/all aliases of this name, is not limited in authority to only administrative power over the artificial entity/legal person, Ashmeen Modikhan June, and I believe that no contrary evidence exists; and

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 313 of 863 PageID #: 1010

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

17. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11th **Supreme Court of State of New York, County of Queens,** or any/all aliases of this name, is not an administrative power only court, which is masquerading as a judicial power court, which was created by the LEGISLATURE OF STATE OF NEW YORK, and I believe that no contrary evidence exists; and

18. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that judicial power courts, the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS is not created only by the Constitution for the State of New York, and I believe that no contrary evidence exists; and

19. That I, Ashmeen, declare that I am not in receipt of any evidence or other material facts that the LEGISLATURE OF STATE OF NEW YORK is not powerless to create judicial power courts, and I believe that no contrary evidence exists; and

20. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS, or any/all aliases of this name, is not an administrative power only court created for commercial purposes by the LEGISLATURE OF THE STATE OF NEW YORK, acting as an instrumentality of the United States, and I believe that no contrary evidence exists; and

21. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme COURT OF THE STATE OF NEW YORY, COUNTY OF

QUEENS, or any/all aliases of this name, is not an administrative power only court forcing compliance with its Orders by use of armed mercenary police actions, and I believe that no contrary evidence exists; and

22. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS,** or any/all aliases, is not by the actions of said court directly violating the rights held by the People under the Constitution for the State of New York, through said court's use of deceptive practices, procedures, rules, and word-smithing, and I believe that no contrary evidence exists; and

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 314 of 863 PageID #: 1011
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM
NYSCEF DOC. NO. 8
INDEX NO. 705854/2021
RECEIVED NYSCEF: 03/17/2022

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

23. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there is any person holding themselves out as a judge for the 11TH **DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**, who has not taken the proper oath for a state judicial officer, which is required to be taken by Act of Congress, as set out at 1 Stat. 23, which reads:

"SEC. 1. *Be it enacted by the Senate and [House of] Representatives of the United States of America in Congress assembled,* That the oath or affirmation required by the sixth article of the Constitution of the United States, shall be administered in the form following, to wit: "I, *A. B.* do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States."

SEC. 3. *And be it further enacted.* That the members of the several State legislatures, at the next sessions of the said legislatures, respectively, and all executive and judicial **officers of the several States**, who have been heretofore chosen or appointed, or who shall be chosen or appointed before the first day of August next, and who shall then be in office shall within one month thereafter, take the same oath or affirmation, except where they shall have taken it before; which may be administered by any person authorized by the law of the State, in which such office shall be Holden, to administer oaths." [Emphasis added]
and I believe that no contrary evidence exists; and

24. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York County of Queens,** or any/all aliases of this name, is not committing unlawful acts by claiming authority beyond its jurisdiction when it orders to pay fines of the People of New York state, and I believe that no contrary evidence exists; and

25. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that when the NEW YORK ATTORNEY GENERALS OFFICE 11 DISTRICT COURT OF NEW YORK, CORRECT THIS, or any/all aliases of this name, refuses to rebut this Affidavit, point by point on the Court Record, that said Court is not committing intentional and malicious violations of civil rights against the Ashmeen Modikhan, one of the People of New York, Correct this, and I believe that no contrary evidence exists; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

26. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there does not exist a clear absence of all jurisdiction in the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, **COUNTY OF QUEENS,** and I believe that no contrary evidence exists.

27. That I, Ashmeen Modikhan, declare the Official Code or Statute of New York Annotated or OCGA sec. 44-3-109 used to foreclose against me are unnamed and missing the 3 elements necessary to be considered a valid law.

28. That I, Ashmeen Modikhan, declare the codes/statutes show no signs of authority on their face as recorded in the Official Code or Statute of New York, Annotated or OCGA.

29. That I, Ashmeen Modikhan, declare the Constitution and the Supreme Court of New York asserted that a statute/codes must have an **enacting clause**.

30. That I, Ashmeen Modikhan declare the Constitution stated that "The **enacting clause** is that portion of a code or statute which gives it jurisdictional identity and constitutional authenticity." Joiner v. State.

31. That I Ashmeen Modikhan declare without an enacting clause, the laws referenced in the complaints have no official evidence that they are from an authority to which the I am is subject to or required obey.


FURTHER AFFIANT SAITH NOT.

  I declare under the penalty of bearing false witness before God and Men as recognized under the laws in and for The State of New York, the Laws of the United States of America and the Law of Nations, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Ashmeen Modikhan executes this document in accordance with Ashmeen Modikhan, best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

As done this _17th_ day of _MARCH_ in the year 2022, under penalty of perjury under the laws of the United States of America.

L.S. _Ashmeen Modikhan_

By: Ashmeen Modikhan

10

Jurisdiction Challenge With Affidavit

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 67     Case 1:22-cv-07475-PKC-LB     Document 5-1     Filed 01/05/23     Page 316 of 863 PageID          RECEIVED NYSCEF: 12/07/2022
                                                     #: 1013

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 8                                        RECEIVED NYSCEF: 03/17/2022

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Duly sworn this _17th_ day of _march_____, 2022

STATE OF _NY_____ )

                    )     **JURAT**

COUNTY OF _Queens_ )

Before me the undersigned, a Notary acting within and for the County of _Queens_____ and State of _NY_ on this _7_ day of _march 2022_, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be the person whose names is subscribed to the within instrument, to be the identical Woman, Ashmeen Modikhan, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead. to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by his signature on the foregoing document. executed the within instrument.

Given under my hand and seal this _17th_ day of _march 2022_.

_____
Notary Signature                    Seal

_____
Printed Notary Name

My commission expires _03/02/2025_

*(Notary seal: ALEKSANDR KHAIMOV, NOTARY, NO. 01KH6201775, QUALIFIED IN KINGS COUNTY, COMM EXP. 03-02-2025, STATE OF NEW YORK, PUBLIC)*

II
Jurisdiction Challenge With Affidavit

11 of 13

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM

NYSCEF DOC. NO. 67

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 317 of 863 PageID
#: 1014

INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 03/17/2022 11:09 AM

NYSCEF DOC. NO. 8

INDEX NO. 705854/2021

RECEIVED NYSCEF: 03/17/2022

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

### CONCLUSION with DIRECTIVE

WHEREFORE, Ashmeen Modikhan, having duly challenged the jurisdiction and claim of judicial power of Supreme Court of The State of New York, County of Queens, does now demand and direct said Court to order the Plaintiff in said cause to prove on the Record of this instant case that the Declarations of Ashmeen Modikhan are invalid and to prove that this Court was created by the Constitution for the State of New York, holding judicial power. And that the judges who have presided over this case prove by certified archival documents that they had on file the required oath set forth by Act of Congress as 1 Stat. 23 before they issued the orders, which said judges claim to have judicial power to issue and to have enforced by any law enforcement agency. Ashmeen Modikhan serves Administrative/Judicial Notice on this Court, that unless and until the above Affidavit is rebutted in its entirety, point by point, it stands as the Law of this instant case. Pursuant to *Melo v. US*, this Court **must**, once jurisdiction has been challenged, as it now has been, **halt all further proceedings and stay all Orders/Writs that this Court has issued**. Further, this Court shall issue an Order to the Plaintiff to prove jurisdiction on the Record of this case and rebut the above Affidavit, point by point, within **10 days** of the filing of this Challenge of Jurisdiction. Should this Court refuse to issue such order to the Plaintiff, this Court admits on the Record of this case that all orders which have been issued by any alleged judge of this Court in this instant case are VOID, not merely voidable. And, should this Court refuse to issue an order declaring **all Orders in this case VOID**, that such refusal or silence is a Tacit admission that the Court is intentionally and maliciously violating the unalienable civil rights of, Ashmeen Modikhan, one of the People of New York; and further, this Court, as a result of its Tacit admission agrees, that a Civil Rights complaint, against all perpetrators of the violations, would be an appropriate action.

### Approve as to form

By: Ashmeen Modikhan

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

### <u>VERIFICATION</u>

I, Ashmeen Modikhan State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York, and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this _17TH_ day of _MARCH_, 2022.

L.S. _Ashmeen Modikhan_
Ashmeen Modikhan

Notary Signature

Printed Notary Name

My commission expires _05/02/2025_

ALEKSANDR KHASIMOV
NOTARY PUBLIC
STATE OF NEW YORK
NO. 01KH6201775
QUALIFIED IN KINGS COUNTY
COMM. EXP. 05.02.2025

13
Jurisdiction Challenge With Affidavit

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 319 of 863 PageID #: 1016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,

                               Plaintiff,

              -against-

ASHMEEN MODIKHAN; et al.,

                           Defendants

Index No. 705854/2021

**NOTICE OF RETURN AND REJECTION**

-------------------------------------------------------------------------x

      **PLEASE TAKE NOTICE** that Plaintiff, U.S. BANK, NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, by their attorney, Friedman Vartolo LLP, hereby rejects and returns the "Jurisdiction Challenge with Affidavit" of Ashmeen Modikhan:

      1.      To the extent that Ashmeen Modikhan's (hereinafter "Defendant") "Jurisdiction Challenge with Affidavit" dated March 17, 2022, is intended as a response to Plaintiff's Complaint, the same is returned as a nullity upon the ground that the time within which to serve such pleadings as of right has elapsed and no extension for such service has been granted. *See* CPLR 3012.

      2.      Defendant was served on January 8, 2010, pursuant to CPLR 308(2). The Affidavit of Service was filed January 15, 2010. Accordingly, Defendant's time to serve a responsive pleading has expired. *See* CPLR 308(2); CPLR 3012.

      3.      Thus, Defendant's "Jurisdiction Challenge with Affidavit" dated March 17, 2022 is untimely. A true and complete copy of the "Jurisdiction Challenge with Affidavit" is annexed hereto as Exhibit A.

*(continued on following page)*

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 320 of 863 PageID #: 1017

DATED: March 21, 2022
New York, New York

Annette Gershovich, Esq.
Friedman Vartolo LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

TO:

Jeremy M. Iandolo. Esq.
*Attorney for Defendant*
7621 13th Avenue
Brooklyn, NY 11228

Ashmeen Modikhan
8710 149th Avenue, Apt 5N
Howard Beach, NY 11414

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 51
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 321 of 863 PageID
#: 1018
RECEIVED NYSCEF: 12/21/2022

# Exhibit A

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP

       "Plaintiff".

                                     705854/21

V                         Case Number:  301/2010

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2 MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC: NEW YORK STATE DEPARTMENT OF TAXATION ND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIROMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU

      Defendant(s)"

_____/

                        NOTICE, not a motion

Attorney for "Plaintiff" ROSICKI, ROSICKI & ASSOCIATES, P.C.

### JURISDICTIONAL CHALLENGE
### WITH AFFIDAVIT

```
┌─────────────────────────┐
│         FILED           │
│                         │
│       MAR 1 7 2022      │
│                         │
│     COUNTY CLERK        │
│     QUEENS COUNTY       │
└─────────────────────────┘
```

      Ashmeen Modikhan, by limited appearance to this matter in this court of record with clean hands, without prejudice and with all rights reserved including UCC 1-308 in dealing with this court, in pro per, sui juris (NOT PRO SE), have not seen any evidence that proves how this court got its jurisdiction.

      Ashmeen Modikhan has the right to challenge the jurisdiction of any court that attempts to force compliance with its deceptive practices, procedures, rules, and word-smithing at any time, and this right has been upheld by numerous decisions by the Supreme Court of the United States. Once jurisdiction has been challenged, it is the mandatory obligation of the opposing party to prove the basis of the court having jurisdiction to proceed in the matter before it, and until that has been put on the Record of the court, the court can proceed no further.

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Further, the Supreme Court of the United States has ruled that jurisdiction can be challenged at any time even as much as 15 (fifteen) years after a judgment has been entered. Decisions of the Supreme Court of the United States are *mandatory requirement to be complied with by all courts*, state and federal and leave those courts no discretion as to whether or not to comply. The following Supreme Court cases set out the mandatory requirements that must be complied with.

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo* **v.** *US*, 505 F2d 1026.

"Where there is no jurisdiction over the subject matter, there is no discretion to ignore that lack of jurisdiction." *Joyce* **v.** *US*, 474 F2d 215.

"Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction." *Rosemond* **v.** *Lambert*, 469 F2d 416.

"Judgment rendered by court which did not have jurisdiction to hear cause is void ab initio." *In Re Application of Wyatt*, 300 P. 132; *Re Cavitt*, 118 P2d 846. "It is elementary that the first question which must be determined by the trial court in every case is that of jurisdiction." *Clary* **v.** *Hoagland*, 6 Cal.685; *Dillon* **v.** *Dillon*, 45 Cal. App. 191,187P. 27.

The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction throughout this case must be made on a point by point basis for **all** the moving **Party/Petitioner/Plaintiff** actions, filings and motions are true and correct in relation to the proper State laws, codes, rules, regulations, statutes used to conduct this case that proper jurisdiction was always maintained from the record including the incomplete summons.

"A departure by a court from those recognized and established requirements of law, however close the apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is as much an "excess of jurisdiction" as where there exists an inceptive lack of power." *Wuest* **v.** *Wuest*, 53 Cal. App. 2d 339,127P.2d 934.

"A court has no jurisdiction to determine its own jurisdiction for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 324 of 863 PageID #: 1021

## THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

the first instance." ***Rescue Army v. Municipal Court of Los Angeles***, 171 P2d; 331 US 549, 91 L. ed. 1666, 67 S. Ct. 1409.

"Where there is no jurisdiction there is no judge: the proceeding is as nothing.  Such has been the law from the days of the Marshalsea." 10 Coke 68; also ***Bradley v. Fisher***, 13 Wall 335,351." ***Manning v. Ketcham***, 58 F.2d 948.

 "A distinction must be here observed between **excess of jurisdiction** and the clear absence of all jurisdiction over the subject-matter any authority exercised is a **usurped authority** and for the exercise of such authority, when the **want of jurisdiction is known** to the judge, **no excuse** is permissible." *Bradley v. Fisher*,13 Wall 335, 351, 352.

"Plaintiffs bear the burden of establishing subject matter jurisdiction." *KNAPP MEDICAL CENTER, et al. v. Eric D. HARGAN,* 875 F.3d 1125, (2017).

"**Jurisdiction**, once challenged, **is to be proven**, not by the court, but **by the party attempting to assert jurisdiction**. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered." *McNutt v. GMAC,* 298 US 178. Emphasis added.  The origins of this doctrine of law may be found in Maxfield's Lessee V Levy, 4 US 308.

In a very recent decision, the Supreme Court unequivocally stated in *James v. City of Boise Idaho*, 136 S. Ct. 685 (2016):

"It is this Court's responsibility to say what a [federal] statute means, and once the Court has spoken, it is the duty of other courts to respect that understanding of the governing rule of law." *Nitro-Lift Technologies, L.L.C. v. Howard*, 568 U.S. ——, ——, 133 S.Ct. 500, 503, 184 L.Ed.2d 328 (2012) *(per curiam )* (quoting *Rivers v. Roadway Express, Inc.,*511 U.S. 298, 312, 114 S.Ct. 1510, 128 L.Ed.2d 274 (1994) (internal quotation marks omitted)). And for good reason. As Justice Story explained 200 years ago, if state courts were permitted to disregard this Court's rulings on federal law, "the laws, the treaties, and the constitution of the United States would be different in different states, and might, perhaps, never have precisely the same construction, obligation, or efficacy, in any two states. The public mischiefs that would attend such a state of things would be truly deplorable." *Martin v. Hunter's Lessee*, 1 Wheat. 304, 348, 4 L.Ed. 97 (1816)."

# THE SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF QUEENS

The court also said:

"The Idaho Supreme Court, **like any other state or federal court, is bound by this Court's interpretation of federal law**" [emphasis added]

Ashmeen Modikhan, at this time makes that challenge and demands that the **SUPREME COURT OF NEW YORK, QUEENS COUNTY,** order the so-called Plaintiff in this case provide direct evidence and proof on the Record that the **322ND SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS** *is* a judicial power court which was created by the Constitution for the State of New York and operates in compliance with all of the provisions of the Constitution for the United States of America.

The Court would lack jurisdiction being that there is evidence to support the improperly contrived subject matter by proper legislative process; and the Eleventh Amendment of the United States Constitution removed all "judicial power" in law, equity, treaties, contract law and the right of the State to bring suit against the People, therefore the " alleged Defendant" now challenge jurisdiction for the record.

Standing must also be proven to show jurisdiction. In order to file a case in court, litigants must have "standing" to sue. To have standing, Supreme Court doctrine requires that parties have an "injury in fact." This injury must be specific and concrete - rather the speculative and abstract. Standing requires the violation of a legal right that causes damage. "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984)

All orders or judgments issued by a judge in a court of limited jurisdiction must contain the findings of the court showing that the court has subject-matter jurisdiction, not allegations that the court has jurisdiction.

Any explanations to the above-mentioned matters MUST be done on a point-by-point basis with verified facts that are referenced in law, Legislative acts, Federal and/or State constitutions. The **response** from the **Party/Petitioner/Plaintiff** asserting proper jurisdiction must be sworn to under the penalties of perjury of the United States of America that response is true and correct, certified by notarization, and must be able to be understood by any reasonable man/woman should understand.

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Pleadings of this Party SHALL NOT BE dismissed for lack of form or failure of process. All the pleadings are as any reasonable man/woman would understand, and in support of that claim I submit the following:

> *"And be it further enacted. That no summons, writ, declaration, return, process, judgment, or other proceedings in civil cases in any of the courts or the United States, shall be abated, arrested, quashed or reversed, for any defect or want of form, but the said courts respectively shall proceed and give judgment according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form in such writ, declaration, or other pleading, returns, process, judgment, or course of proceeding whatsoever, except those only in cases of demurrer, which the party demurring shall specially sit down and express together with his demurrer as the cause thereof. And the said courts respectively shall and may, by virtue of this act, from time to time, amend all and every such imperfections, defects and wants of form, other than those only which the party demurring shall express as aforesaid, and may at any time, permit either of the parties to amend any defect in the process of pleadings upon such conditions as the said courts respectively shall in their discretion, and by their rules prescribe. (a)" Judiciary Act of September 24th, 1789. Section 342, FIRST CONGRESS, Sess. 1, ch. 20,1789.*

## AFFIDAVIT

State of New York        )

                         ) ss.   ***TO ALL TO WHOM THESE PRESENTS SHALL COME***

County of Queens         )


I, the Affiant, who goes by the appellation, Ashmeen Modikhan, a man, a woman standing as an Inhabitant on Queens County in New York the land, non-territorial to the United States and therefore without the United States, being of sound mind, and over the age of twenty-one, reserving all rights, being unschooled in law, and who has no BAR attorney, is without an attorney, and having never been re-presented by an attorney, and not waiving assistance of counsel, knowingly and willingly Declares and Duly affirms, in accordance with laws in and for the State of New York, in good faith, with no intention of delaying, nor obstructing, and with full intent for preserving and promoting the public confidence in the integrity and impartiality of the government and the judiciary, that the following statements and facts, are true and correct of Affiant's own first-hand knowledge, understanding, and belief, do solemnly declare, and depose and say:

1. That I, Ashmeen Modikhan, declare that I am competent to state to the matters set forth herein; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

2. That I, Ashmeen Modikhan declare that I have personal knowledge of the facts stated herein; and

3. That I Ashmeen Modikhan declare the original contract was altered, and stolen.

4. That I, Ashmeen Modikhan, declare there was an addition to the agreement with the following items that are not showing on the contract filed in this case.

  a) The intent of the agreement was the original party who funded the alleged loan per the bookkeeping entries is to be repaid the money.

  b) The bank or financial institution involved in the alleged loan will follow GAAP.

c) the lender or financial institution involved in the alleged loan will purchase the promissory note from the borrower.

d) the borrower does not provide any money, money equivalent, credit, funds or capital or thing of value that a bank or financial institution will use to give value to a check or similar instrument.

e) the borrower is to repay the loan in the same species of money or credit that the bank or financial institution used to fund the loan per GAAP.

e) the original written agreement gives full disclosure of all material facts.

5. That I, Ashmeen Modikhan, declares the original contract will show the bank agreed that I could repay using another IOU- promissory note payable in the same species of money, money equivalent or credit or funds or capital that the bank or financial institution used per GAAP to fund the loan.

6. That I, Ashmeen Modikhan, declare damages because the note was altered and stolen.

7. That I, Ashmeen Modikhan, declare that my signature cannot testify that the bank lent me the bank's money to purchase the browser's promissory note.

8. That I, Ashmeen Modikhan, declare the plaintiff failed to provide the court adequate assurance of due performance.

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

9. That I, Ashmeen Modikhan, the bank did not give me a deposit slip in violation of 12 USCA Sec 1813

10. That I, Ashmeen Modikhan, declare if the court does not have on record what the bookkeeping entries are, the attorney cannot prove they performed under the agreement and funded the loan to the me.

11. That I, Ashmeen Modikhan, declare that all the facts stated herein are true, correct, and certain, admissible as evidence, and if called upon as a witness I will testify to their veracity; and

12. That I, Ashmeen Modikhan, declare that I am not now, nor have I been in the past 10 years, federal employee, or federal personnel; and

13. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS**, or any/all aliases of this name, is not a lower federal district court limited in jurisdiction to only those areas which are federal enclaves, and I believe that no contrary evidence exists; and

14. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK. COUNTY OF QUEENS   or any/all aliases of this name, is not without *in personam* jurisdiction over Ashmeen Modikhan, one of the People of New York. and I believe that no contrary evidence exists; and

15. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme Court of The State of New York, County of Queens, or any/all aliases of this name, does not have the ability to obtain jurisdiction over one of the People of New York, the property of one of the People of New York, and I believe that no contrary evidence exists; and

16. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York, County of Queens,** or any/all aliases of this name, is not limited in authority to only administrative power over the artificial entity/legal person, Ashmeen Modikhan June, and I believe that no contrary evidence exists; and

Case 1:22-cv-07473-PKC-LB    Document 5-1    Filed 01/05/23    Page 329 of 863 PageID #: 1026

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

17. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11th **Supreme Court of State of New York, County of Queens,** or any/all aliases of this name, is not an administrative power only court, which is masquerading as a judicial power court, which was created by the LEGISLATURE OF STATE OF NEW YORK, and I believe that no contrary evidence exists; and

18. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that judicial power courts, the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS is not created only by the Constitution for the State of New York, and I believe that no contrary evidence exists; and

19. That I, Ashmeen, declare that I am not in receipt of any evidence or other material facts that the LEGISLATURE OF STATE OF NEW YORK is not powerless to create judicial power courts, and I believe that no contrary evidence exists; and

20. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the 11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF QUEENS, or any/all aliases of this name, is not an administrative power only court created for commercial purposes by the LEGISLATURE OF THE STATE OF NEW YORK, acting as an instrumentality of the United States, and I believe that no contrary evidence exists; and

21. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the Supreme COURT OF THE STATE OF NEW YORY, COUNTY OF

QUEENS, or any/all aliases of this name, is not an administrative power only court forcing compliance with its Orders by use of armed mercenary police actions, and I believe that no contrary evidence exists; and

22. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **11TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF QUEENS,** or any/all aliases, is not by the actions of said court directly violating the rights held by the People under the Constitution for the State of New York, through said court's use of deceptive practices, procedures, rules, and word-smithing, and I believe that no contrary evidence exists; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
# COUNTY OF QUEENS

23. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there is any person holding themselves out as a judge for the 11TH **DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF Q UEENS**, who has not taken the proper oath for a state judicial officer, which is required to be taken by Act of Congress, as set out at 1 Stat. 23, which reads:

"SEC. 1. *Be it enacted by the Senate and [House of] Representatives of the United States of America in Congress assembled,* That the oath or affirmation required by the sixth article of the Constitution of the United States, shall be administered in the form following, to wit: "I, A. B. do solemnly swear or affirm (as the case may be) that I will support the Constitution of the United States."

SEC. 3. *And be it further enacted,* That the members of the several State legislatures, at the next sessions of the said legislatures, respectively, and all executive and judicial **officers of the several States**, who have been heretofore chosen or appointed, or who shall be chosen or appointed before the first day of August next, and who shall then be in office shall within one month thereafter, take the same oath or affirmation, except where they shall have taken it before: which may be administered by any person authorized by the law of the State, in which such office shall be Holden, to administer oaths." [Emphasis added]
and I believe that no contrary evidence exists; and

24. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that the **Supreme Court of the State of New York County of Queens,** or any/all aliases of this name, is not committing unlawful acts by claiming authority beyond its jurisdiction when it orders to pay fines of the People of New York state, and I believe that no contrary evidence exists; and

25. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that when the NEW YORK ATTORNEY GENERALS OFFICE 11 DISTRICT COURT OF NEW YORK, CORRECT THIS, or any/all aliases of this name, refuses to rebut this Affidavit, point by point on the Court Record, that said Court is not committing intentional and malicious violations of civil rights against the Ashmeen Modikhan, one of the People of New York, Correct this, and I believe that no contrary evidence exists; and

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

26. That I, Ashmeen Modikhan, declare that I am not in receipt of any evidence or other material facts that there does not exist a clear absence of all jurisdiction in the 11 TH DISTRICT, SUPREME COURT OF THE STATE OF NEW YORK, **COUNTY OF QUEENS,** and I believe that no contrary evidence exists.

27. That I, Ashmeen Modikhan, declare the Official Code or Statute of New York Annotated or OCGA sec. 44-3-109 used to foreclose against me are unnamed and missing the 3 elements necessary to be considered a valid law.

28. That I, Ashmeen Modikhan, declare the codes/statutes show no signs of authority on their face as recorded in the Official Code or Statute of New York, Annotated or OCGA.

29. That I, Ashmeen Modikhan, declare the Constitution and the Supreme Court of New York asserted that a statute/codes must have an **enacting clause**.

30. That I, Ashmeen Modikhan declare the Constitution stated that "The **enacting clause** is that portion of a code or statute which gives it jurisdictional identity and constitutional authenticity." Joiner v. State.

31. That I Ashmeen Modikhan declare without an enacting clause, the laws referenced in the complaints have no official evidence that they are from an authority to which the I am is subject to or required obey.


FURTHER AFFIANT SAITH NOT.

  I declare under the penalty of bearing false witness before God and Men as recognized under the laws in and for The State of New York, the Laws of the United States of America and the Law of Nations, acting with sincere intent and full standing in law, do herewith certify and state that the foregoing contents are true, correct, complete, certain, admissible as evidence, and not intended to mislead anyone, and that Ashmeen Modikhan executes this document in accordance with Ashmeen Modikhan, best knowledge and understanding without dishonor, without recourse; with All rights reserved, without prejudice.

As done this _17TH_ day of _MARCH_ in the year 2022, under penalty of perjury under the laws of the United States of America.

L.S. _Ashmeen Hall_

By: Ashmeen Modikhan

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

Duly sworn this _17th_ day of _March_, 2022

STATE OF _NY_ )

)　　　**JURAT**

COUNTY OF _Queens_ )

Before me the undersigned, a Notary acting within and for the County of _Queens_ and State of _NY_ on this _7_ day of _march 2022_, personally appeared and known to me - OR - proved to me on the basis of satisfactory evidence to be the person whose names is subscribed to the within instrument, to be the identical Woman, Ashmeen Modikhan, who being duly sworn, declared the above to be true, correct, and not meant to mis-lead, to the best of his firsthand knowledge, understanding, and belief, by his free will and voluntary act and deed by his signature on the foregoing document, executed the within instrument.

Given under my hand and seal this _17th_ day of _march 2022_.

Notary Signature　　　　　　　　　　　　Seal

Printed Notary Name

My commission expires _03/02/2025_

ALEKSANDR KHAIMOV
NOTARY
NO. 01KH6201775
QUALIFIED IN
KINGS COUNTY
COMM. EXP.
03-02-2025
PUBLIC
STATE OF NEW YORK

Case 1:22-cv-07473-PKC-LB   Document 5-1   Filed 01/03/23   Page 333 of 863 PageID
#: 1030

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

**CONCLUSION with DIRECTIVE**

WHEREFORE, Ashmeen Modikhan, having duly challenged the jurisdiction and claim of judicial power of Supreme Court of The State of New York, County of Queens, does now demand and direct said Court to order the Plaintiff in said cause to prove on the Record of this instant case that the Declarations of Ashmeen Modikhan are invalid and to prove that this Court was created by the Constitution for the State of New York, holding judicial power. And that the judges who have presided over this case prove by certified archival documents that they had on file the required oath set forth by Act of Congress as 1 Stat. 23 before they issued the orders, which said judges claim to have judicial power to issue and to have enforced by any law enforcement agency. Ashmeen Modikhan serves Administrative/Judicial Notice on this Court, that unless and until the above Affidavit is rebutted in its entirety, point by point, it stands as the Law of this instant case. Pursuant to *Melo v. US*, this Court **must**, once jurisdiction has been challenged, as it now has been, **halt all further proceedings and stay all Orders/Writs that this Court has issued**. Further, this Court shall issue an Order to the Plaintiff to prove jurisdiction on the Record of this case and rebut the above Affidavit, point by point, within **10 days** of the filing of this Challenge of Jurisdiction. Should this Court refuse to issue such order to the Plaintiff, this Court admits on the Record of this case that all orders which have been issued by any alleged judge of this Court in this instant case are VOID, not merely voidable. And, should this Court refuse to issue an order declaring **all Orders in this case VOID**, that such refusal or silence is a Tacit admission that the Court is intentionally and maliciously violating the unalienable civil rights of, Ashmeen Modikhan, one of the People of New York; and further, this Court, as a result of its Tacit admission agrees, that a Civil Rights complaint, against all perpetrators of the violations, would be an appropriate action.

**Approve as to form**

*[signature]*

**By: Ashmeen Modikhan**

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 41
Case 2:21-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 334 of 863 PageID
#: 1031
RECEIVED NYSCEF: 03/27/2022

# THE SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF QUEENS

### <u>VERIFICATION</u>

I, Ashmeen Modikhan State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York, and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this *17TH* day of *MARCH*, 2022.

L.S. _____
Ashmeen Modikhan

_____
Notary Signature

_____
Printed Notary Name

My commission expires _____

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 335 of 863 PageID #: 1032

# NOTICE OF SALE

SUPREME COURT COUNTY OF QUEENS, US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, Plaintiff, vs. ASHMEEN MODIKHAN, ET AL., Defendant(s).

Pursuant to an Order Confirming Referee Report and Judgment of Foreclosure and Sale duly entered on April 26, 2019, I, the undersigned Referee will sell at public auction on the outside steps of the Queens County Supreme Court, 88-11 Sutphin Boulevard, Jamaica, NY on October 14, 2022 at 12:30 p.m., premises known as 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11414. All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Queens, City and State of New York, Block 11417 and Lot 4513 together with an undivided 0.57692 percent interest in the Common Elements. Approximate amount of judgment is $293,876.51 plus interest and costs. Premises will be sold subject to provisions of filed Judgment Index #705854/2021. The Referee shall comply with the Eleventh Judicial District's COVID-19 policies concerning public auctions of foreclosed properties. These policies, along with the Queens County Foreclosure's Auction Rules, can be found on the Queens Supreme Court - Civil Term website.

Morton Povman, Esq., Referee

Friedman Vartolo LLP, 85 Broad Street, Suite 501, New York, New York 10004, Attorneys for Plaintiff. Firm File No. 211697-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR          NYSCEF Index No. 705854/2021
TRUMAN 2016 SC6 TITLE TRUST,                      (Original Index no. 301/2010)

                                     Plaintiff

               - against -                **AFFIRMATION IN
                                  OPPOSITION OF
                                  DEFENDANT'S MOTION
ASHMEEN MODIKHAN; ET AL.,                         TO VACATE AND DISMISS**
                              Defendants
-------------------------------------------------------------------X

        Patricia M. Lattanzio, Esq., pursuant to CPLR § 2106 and under the penalties of perjury affirms

as follows:

        1.     I am an associate of the firm Friedman Vartolo LLP attorneys for the named Plaintiff's

assignee, U.S. Bank as Legal Title Trustee for Truman 2016 SC6 Title Trust. (hereinafter "Truman" or

"Plaintiff"), by virtue of a Consent to Change Attorney filed in the Queens County Clerk's Office on June

30, 2021[1] with respect to the foreclosure action of 87-10 149th Avenue, Unit 5N, Howard Beach, New

York 11417 (hereinafter "Mortgaged Premises"), and am fully familiar with all of the proceedings herein.

        2.     I make this affirmation in opposition to Defendant Ashmeen Modikhan's ("Defendanat")

motion seeking an Order: (1) Vacating/reversing/staying of the auction of subject premises; (2) Vacating

/ reversing the judgment of foreclosure and sale entered in default against Defendant; (3) dismissing this

foreclosure matter against Defendant.

<div align="center">

**RELEVANT BACKGROUND**

</div>

        3.     This is a mortgage foreclosure action commenced in in 2010 involving real property

located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417 by the filing of a Summons,

Complaint and Lis Pendens filed January 6, 2010.

---

[1] See NYSCEF Doc. 6.

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 337 of 863 PageID #: 1034

4.     Defendant interposed a pro se amended answer dated February 15, 2010 and filed February 17, 2010.  Said answer was comprised of 17 affirmative defenses and one counterclaim. Plaintiff filed a Reply to Counterclaims on February 25, 2010.

5.     A foreclosure settlement conference was held on April 28, 2010 at which Defendant appeared.  The case was released from the part as unsettled.

6.     Due to Plaintiff's alleged failure to comply with an Order dated June 4, 201, the case was dismissed without prejudice by Order of the Court dated July 23, 2014 and entered August 12, 2014.  On August 29, 2016, Plaintiff moved to vacate the dismissal and restore the action (Motion Seq. #1). Defendant, by counsel Jeremy M. Iandolo, Esq. ("Mr. Iandolo"), cross-moved for dismissal of Plaintiff's action on or about October 25, 2016.[2]  Plaintiff submitted opposition to the cross motion and reply on or about on or about November 22, 2016.

7.     The Court granted Plaintiff's motion, vacating the the dismissal and restoring the action but denied Defendant's cross motion by subsequent Order dated January 5, 2017 and entered February 1, 2017.

8.     Plaintiff filed its Motion for Summary Judgment and to Appoint a Referee to Compute on or about December 13, 2017, which was granted without opposition by memorandum decision dated January 12, 2018. Order of Reference was signed June 4, 2018 and entered with the Queens County Clerk's Office on June 18, 2018.

9.     On or about September 6, 2018, Plaintiff filed its motion to confirm the Referee's Oath and Report and for a Judgment of Foreclosure and Sale.  The motion was granted without opposition by memorandum decision dated October 17, 2018.  Judgment of Foreclosure and Sale was signed April 5, 2019 and filed with the Queens County Clerk's Office on April 26, 2019.

---

[2] Mr. Iandolo filed a written Notice of Appearance on behalf of Defendant dated December 13, 2017.

Firm File No. 211697-1

10.     On December 1, 2020, Defendant filed a notarized <u>Notice of Discharge of Attorney</u>, which stated her intent to relieve Mr. Iandolo as her counsel of record and to proceed in the action pro se.

11.     Upon Plaintiff prior counsel's request, this matter was <u>converted to e-filing</u> on or about March 15, 2021 and assigned <u>NYSCEF Index No. 705854/2021</u>.

12.     On or about March 17, 2022, Defendant filed a document to NYSCEF entitled "Jurisdictional Challenge with Affidavit." <u>NYSCEF Doc. 8</u>.  In response, Plaintiff's counsel filed a Notice of Return and Rejection on March 21, 2021.  <u>NYSCEF Doc. 10</u>.

13.     On or about September 15, 2022, a Notice of Sale was filed on NYSCEF and mailed to all defendants, noticing a sale date of the Mortgaged Premises of October 14, 2022 at 12:30 p.m. <u>NYSCEF Doc. 13</u>.

14.     On September 20, 2022, Defendant filed the instant motion.  <u>NYSCEF Doc. 14</u>.

## PRELIMINARY STATEMENT

15.     Defendant's motion to vacate the judgment of foreclosure and sale must be denied in its entirety, as same is wholly without merit and merely a further dilatory tactic by Defendant to frustrate Plaintiff's right to complete its foreclosure. Defendant is barred from the relief she seeks as final judgment has entered.  Furthermore, even if that were not the case, Defendant fails to demonstrate a reasonable excuse or possibly meritorious defense warranting vacatur of Defendant's default or a stay/reversal/vacatur of a forthcoming sale, currently scheduled for October 14, 2022.

## ARGUMENT

### Judgment of Foreclosure and Sale is Final As To All Litigation and Claims

8.     "[A] valid final judgment on a claim or claims precludes future litigation between the same parties of claims arising from the same causes of actions, i.e., the same transactions or series of transactions, even if based upon different theories or if seeking a different remedy." *Schulz v. New York State Legislature*, 278 A.D.2d 710, 712 (3d Dept. 2000).  Under the doctrine of *res judicata*, "once a

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 339 of 863 PageID
#: 1036

claim is brought to a final conclusion, all other claims arising out of the same transaction or series of

transactions are barred, even if based upon different theories or if seeking a different remedy." *Sosa v. JP*

*Morgan Chase Bank*, 33 A.D.3d 609, 611 (2d Dept. 2006), quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d

353, 357 (1986).

> 9.      Under the doctrine of *res judicata*, a final adjudication of a claim on the merits precludes

re-litigation of that claim and all claims arising out of the same transaction or series of transactions by a

party or those in privity with a party. *Djoganopoulos v. Polkes*, 67 A.D.3d 726 (2d Dept. 2009); *Sclafani*

*v Story Book Homes*, 294 A.D.2d 559 (2d Dept. 2002). Friedman Vartolo as counsel for plaintiffs are in

privity with said plaintiffs. See *Ray Legal Consulting Grp. V. Gray*, 37 F. Supp. 3d 689, 701 (S.D.N.Y.

2014) ("Courts have held that the attorney-client relationship itself establishes privity"); *Boyd v. Wells*

*Fargo Bank, NA.*, 2021 WL 1812660 (E.D.N.Y. May 6, 2021) ("Wells Fargo was a party to the

Foreclosure Action…and…Wells Fargo's attorney in that proceeding, shared the interests of and was

therefore in privity"); see *Dupps v. Betancourt*, 121 A.D.3d 746, 748 (2d Dept. 2014).

> 10.     As set forth above, a Judgment of Foreclosure and Sale was obtained in this action in

2019.  It is well-settled law that "a judgment of foreclosure and sale is final as to all questions at issue

between the parties and concludes all matters of defense which were or could have been litigated in the

foreclosure action. *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dept. 2012), quoting *Long Is.*

*Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dept. 2000); *Archibald v Wells Fargo Bank, N.A.*, 166

A.D.3d 573 (2d Dept. 2018); *Tromba v. Eastern Fed. Sav. Bank, FSB*, 148 A.D.3d 753 (2d Dept. 2017);

*Ciraldo v. JP Morgan Chase Bank, N.A.*, 140 A.D.3d 912 (2d Dept. 2016). Accordingly, the Judgment

of Foreclosure and Sale precludes the arguments she puts forth in her Motion to Vacate and Dismiss.

> 11.     Defendant has had a full and fair opportunity to litigate all issues in this matter.  She filed

her answer in February 2010 and thereafter appeared in the action with the assistance of counsel who

filed opposition and a cross motion on her behalf in response to Plaintiff's 2016 motion to vacate the

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 17

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 340 of 863 PageID
#: 1037

INDEX NO. 705854/2021
RECEIVED NYSCEF: 09/28/2022

dismissal. Defendant has the opportunity to assert the affirmative defenses of her Answer yet failed to oppose both Plaintiff's motion for Summary Judgment and Order of Reference, and its Motion for Judgment of Foreclosure and Sale. ¶5. In any event, any arguments are now barred as the judgment of foreclosure and sale is final as to all defenses and claims.

**Defendant Has Failed to Demonstrate a Reasonable Excuse and Potentially Meritorious Defense**

12. Even if Defendant was not precluded by entry of final judgment, she would still not be entitled to vacatur of the judgment pursuant to CPLR § 5015 as Defendant has not established a reasonable excuse and a potentially meritorious defense.

13. It is well settled that to vacate a default, both a reasonable excuse for the default and a potentially meritorious defense must be demonstrated. See CPLR § 5015(a); _US Bank N.A. v Dedomenico_, 162 A.D.3d 962, 964 (2d Dept. 2018); _U.S. Bank N.A. v Grubb_, 162 A.D.3d 823, 824-825 (2d Dept. 2018);_Shin v. ITCI, Inc._, 115 A.D.3d 736 (2d Dept 2014); _Lane v. Smith_, 84 A.D.3d 746 (2d Dept 2011). Where a defendant fails to demonstrate a reasonable excuse for default, it is unnecessary to determine whether they demonstrated the existence of a potentially meritorious defense. _U.S Bank N.A. v Crawford_, 174 A.D.3d 762 (2d Dept. 2019); _U.S. Bank N.A. v Grubb_, 162 A.D.3d 823, at 825; _Bank of Am., N.A. v Agarwal_, 150 A.D.3d 651, 652 (2d Dept 2017). A defendant who fails to establish entitlement to an order vacating their default is precluded from raising any non-jurisdictional defenses to the action. See _Deutsche Bank Nat. Trust Co. v. Hall_, 185 A.D.3d 1006 (2d Dept. 2020) [defendant failed to vacate default and was "_precluded from raising lack of standing, failure to comply with RPAPL 1304, or res judicata as defenses_"]; _US Bank N.A. v. Oliver_, 180 A.D. 3d 843 (2d Dept. 2020) [since the defendant never established entitlement to vacatur of her default she was precluded from raising defenses, including RPAPL 1304]; _Nationstar Mtg., LLC v. Kamil_, 155 A.D.3d 968 (2d Dept. 2017); _HSBC Bank USA, N.A. v. Hasis_, 154 A.D.3d 832 (2d Dept. 2017); _HSBC Bank USA v. Clayton_, 146 A.D.3d 942 (2d Dept. 2017);

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 341 of 863 PageID #: 1038

*Bank of Am., N.A. v Agarwal*, 150 A.D.3d 651 (2d Dept. 2017); *PHH Mortg. Corp. v. Celestin*, 130 A.D.3d 703 (2d Dept 2015).

14.     A party seeking to vacate a judgment pursuant to CPLR § 5015 must do so in a "reasonable time." See *New Century Mortg. Corp. v. Chimmiri*, 146 A.D.3d 893, 894 (2d Dept. 2017); *Wells Fargo, N.A. v. Braun*, 123 A.D.3d 698 (2d Dept. 2014); *Bank of New York v. Stradford*, 55 A.D.3d 765, 765-66 (2d Dept. 2008) (two year delay in seeking to vacate order was unreasonable); *Wells Fargo Bank, N.A. v. Graffioli*, 167 A.D.3d 969, 971 (2d Dept. 2018).  A motion to vacate a default should be taken as soon as reasonably practicable after learning of the default.  See *Hoffman v. Sno Haus Ski Shops of Huntington*, 185 A.D.2d 874 (2d Dept. 1992); *63 Middle Neck Road LLC v. Benlevi*, 2012 N.Y. Slip. Op. 30786 (Nassau Cty. 2012).

15.     Here, judgment was entered in 2019, three years ago. As such, Defendant is barred from now challenging the judgment. Despite having filed an Answer, appearing at court conferences and having the time and assistance of counsel to move to vacate her default in opposing the prior motions, Defendant failed to do so. Defendant alleges impairment by health issues from 2014-2019 but fails to explain why she did not move to vacate her default in March 2022 when she filed her "Jurisdictional Challenge With Affidavit".  Instead, Defendant waited almost 6 months thereafter to act.  Based on statements made in her affidavit, it would seem Defendant became aware of the default Judgment of Foreclosure and Sale sometime between its date of entry (April 5, 2019) and when Defendant filed Chapter 7 bankruptcy at the advisement of her attorney (July 9, 2019). ("Defendant…was advised by her counsel Iandolo to file for bankruptcy protection after the default judgment was entered." See NYSCEF Doc. 14, ¶¶48-49).[3]

---

[3] Defendant has filed three bankruptcy petitions in the U.S. Bankruptcy Court, EDNY during the pendency of this action. The first was filed June 28, 2012 (Ch. 7 Case no. 12-44750; discharged October 10, 2012). A second Chapter 7 was filed July 9, 2019 (Case no. 19-44172, dismissed August 26, 2019). Finally, Defendant filed for Chapter 13 protection on October 31, 2019 (19-46591).  This case remains active at the writing of this affirmation and Plaintiff was granted a relief of stay November 21, 2021 (which Defendant did not oppose).  See **Exhibit A**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 342 of 863 PageID #: 1039

16.     Defendant further claims a lack of proper representation "by any of her attorneys," with specific reference to Mr. Iandolo.  However, it must be noted that at the same time Mr. Iandolo was representing Defendant in this action, he was concurrently representing her in another foreclosure action involving a different property. (*Nationstar Mortgage LLC v. Ashmeen Modikhan, et al.*, Index no 2005/2012 [converted to NYSCEF Index no. 705175/21]).  In that action, Mr. Iandolo opposed Plaintiff's Motion for Default Judgment and Order of Reference, as well as the Motion for Judgment of Foreclosure and Sale. Defendant has made multiple attempts in her pleadings therein to have the matter dismissed. Each and every time the Court has found Defendant's applications to be procedurally defective and substantively without merit.[4]

17.     Even if Defendant timely sought to vacate the judgment, the relief would still be denied. Contrary to Defendant's contention, "(a)lthough the Supreme Court retains inherent discretionary power to relieve a party from a judgment or order for sufficient reason and in the interest of substantial justice, a court's inherent power to exercise control over its judgment is not plenary, and should be resorted to only to relieve a party from judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect" *Nationstar Mortg., LLC v. Russo*, 167 A.D.3d 913, 915 (2d Dept. 2018).

18.     Here, despite Defendant's allegations to the contrary, there was no fraud, mistake, surprise, or excusable neglect that would warrant vacatur in the interest of substantial justice.  While she alleges her attorney, together with Plaintiff and "their collective counsel" have "worked to bias this court through deception, deceit, misrepresentation and fraud against her," she provides no specifics as to what acts she is referring. Her allegations and suggestions of impropriety encompass everyone in this action, even the Court (stating that it is "clear the scales of justice are tilted in favor of the plaintiff. It is clear

---

[4] In fact, a week prior to filing the instant motion, Defendant filed a substantially similar Motion to Vacate in the other foreclosure action.

that an attorney's credibility and integrity as officers of the court can no longer be taken for granted."

NYSCEF Doc. 14, page 9, ¶38).[5] These assertions by Defendant are completely unfounded and meritless.

19.    Defendant assertion of lack of jurisdiction as a reasonable excuse for her default also fails, as any challenge to jurisdiction has been waived.  A defendant who appears, raises jurisdiction and fails to move to dismiss on that ground within the sixty-day window is not permitted to challenge jurisdiction thereafter.  *See e.g. Law Offices of Peter D. Hoffman, P.C. v. Cullen*, 150 A.D.3d 975 (2d Dept 2017) (holding "The defendants' argument that personal service of the summons and complaint was improper has been waived, as they failed to assert improper service in their answer or in their motion to dismiss the complaint."); *Generation Mortg. Co. v. Medina*, 138 A.D.3d 688 (2d Dept 2016) (holding "the appellant waived his affirmative defenses of lack of jurisdiction on the basis of improper service of process, as he failed to move to dismiss the complaint on that ground with 60 days after serving his answer); *Putnam Cty Sav. Bank v Mastrantone*, 111 A.D. 3d 914 (2d Dept 2013) (holding "with respect to their affirmative defense of lack of personal jurisdiction on the basis of improper service of process, the appellants failed to move to dismiss the complaint on that ground within 60 days after serving their answer and, therefore they waived that defense."); *JP Morgan Chase Bank v. Munoz*, 85 A.D.3d 1124 (2d Dept 2011) (holding "an objection that the summons and complaint... was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading."). *Federici v. Metropolis Night Club, Inc.*, 48 A.D.3d 741 (2d Dept 2008).[6]

---

[5] Defendant goes so far as to challenge the veracity of some of the Courts orders, alleging that the January 5, 2017 Order that vacated the dismissal to be in question because "[t]he execution and format of this order is not consistent with the July 23, 2014 Order..." because the judge's full name was not printed below his signature and the paragraph format was not double spaced as it was on the preceding Order of July 23, 2014. NYSCEF Doc. 14, ¶40.

[6] Moreover, Defendant's challenge to service appears to be as to notice of foreclosure settlement conferencing she received in the mail, not service of the Summons and Complaint. CPLR 308 does not apply to the mailing of a notice, only to service of process.  Furthermore, any allegation she was not timely served is belied by the fact that service is alleged on January 8, 2010 [CPLR 308(2)], and she filed her answer on February 17, 2010 (despite her contrary statement that she did not file her answer until after the April 28, 2010 Foreclosure Settlement Conference).  NYSCEF Doc 14., ¶¶15-16, 21)

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 344 of 863 PageID #: 1041

20.    Finally, Defendant's request for dismissal of the action must also be denied, as where a defendant has defaulted, they are not entitled to demand affirmative relief, such as dismissal, absent vacatur of the default. *See Wells Fargo Bank N.A. v. Malik*, 203 A.D.3d 1110 (2d Dept 2022); *Capital One, N.A. v Gokhberg*, 189 A.D.3d 978 (2d Dept. 2020) ["*we agree with the Supreme Court's determination to deny the defendants' cross motion for a framed-issue hearing. The defendants were not entitled to affirmative relief of a non-jurisdictional nature absent vacatur of their default*"]; *Bank of N.Y. Mellon v. Lawson*, 176 A.D.3d 1155, 1157 (2d Dept. 2019).

21.    Accordingly, as the judgment of foreclosure and sale is final as to all defenses and claims and Defendant has failed to meet her evidentiary burden warranting entitlement to relief under CPLR 5015(a), any arguments are now barred and Defendant's motion to vacate must be denied in its entirety.

**WHEREFORE,** Plaintiff respectfully requests this court deny Defendant's motion in its entirety, together with such other and further relief as the Court may deem just and equitable.

Dated: September 28, 2022
       New Rochelle, New York

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, NY 10004

Firm File No. 211697-1

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 17

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 345 of 863 PageID
#: 1042

INDEX NO. 705854/2021
RECEIVED NYSCEF: 09/28/2022

# WORD COUNT CERTIFICATION

Patricia M. Lattanzio, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

This computer-generated **AFFIRMATION IN OPPOSITION** was prepared using a proportionally spaced typeface. The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 3,012.

Dated: September 28, 2022
    New Rochelle, NY

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, NY 10004
T: (212) 471-5100

Firm File No. 211697-1

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 346 of 863 PageID #: 1043

# Exhibit A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

Ashmeen Modikhan

              Debtor(s).

ORDER

CASE #: 1-19-46591-jmm
CHAPTER 7

## ORDER PURSUANT TO 11 U.S.C. § 362(d) TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362(a)

Upon the motion dated January 27, 2020 of Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust **[ECF No. 49] (JMM)** ("Secured Creditor"), for an order pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") vacating the automatic stay to allow the Secured Creditor enforcement of its rights in and remedies in and to 8710 149th Avenue, Howard Beach, NY 11414 ("Property"),  this Court, having considered the evidence presented an the arguments of the parties and with good cause appearing therefor; **and upon the full record of this case; and for the reasons set forth in this Court's decision [ECF No. 264] (JMM)**; it is hereby

**ORDERED** that the automatic stay is hereby terminated pursuant to Bankruptcy Code Section 362(d) to allow Secured Creditor to pursue its rights under applicable laws with respect to the property located property located at 8710 149th Avenue, Howard Beach, NY 11414; and it is further

**ORDERED** that the Chapter 7 Trustee shall be served with a copy of the Referee's Report of Sale within thirty (30) days of the Report [if applicable] and shall be noticed with any surplus monies realized from the sale of the Collateral.

**Dated: Brooklyn, New York**
**November 21, 2021**

_____
**Jil Mazer-Marino**
**United States Bankruptcy Judge**

Case 2:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 348 of 863 PageID #: 1045

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL          Index No. 705854/2021
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,
                                                                    **AFFIDAVIT OF MAILING**
                                          Plaintiff,

                    -against-

ASHMEEN MODIKHAN; et al.,

                                          Defendants
-----------------------------------------------------------------------x
STATE OF NEW YORK               )
                                )  ss:
COUNTY OF NASSAU                )

Brandon Alejandro, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in QUEENS County, New
York.

On September 29, 2022, I served a true copy of the annexed **AFFIRMATION IN
OPPOSITION OF DEFENDANT'S MOTION TO VACATE AND DISMISS** by mailing the
same by Federal Express – Standard Overnight, Tracking No. 7700 6895 9112, 7700 6899 9572,
addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
94-22 Magnolia Court
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Avenue
Howard Beach, NY 11414

_____
Brandon Alejandro

Sworn To Before Me This
29th day of September, 2022

_____
Notary Public

KERRYANNE YETKOFSKY
Notary Public, State of New York
No. 01YE6024216
Qualified in Nassau County
Commission Expires May 3, 2023

Case Number: 211697-3

60 of 973

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 349 of 863 PageID #: 1046

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

| | |
|---|---|
| US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>          Plaintiff<br><br>    -against-<br><br>ASHMEEN MODIKHAN, et al.,<br><br>          Defendants | Index No. 301/2010<br>          705854/2021<br><br>**FILED**<br>OCT 0 4 2022<br>COUNTY CLERK<br>QUEENS COUNTY |

## OBJECTION TO THE NOTICE OF SALE

COMES NOW, Defendant Ashmeen Modikhan, and files this Objection to the Notice of Sale. In support of this opposition, Defendant states as follows:

### BACKGROUND

This matter concerns the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11414, which property is owned by the Defendant.

On January 06, 2010, Plaintiff counsel, Rosicki, Rosicki & Associates, filed a summons and complaint on behalf Bank of America, N.A., NA, Successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, and LP as the alleged lender.

On or about March 17, 2022, Defendant filed a Jurisdictional Challenge. In the said filing, Defendant challenged the jurisdiction of the instant court over the case.

On March 21, 2022, Friedman Vartolo LLP, counsel for the Plaintiff, filed a Notice of Return and Rejection, where Plaintiff denied the Defendant's jurisdictional challenge as a response to the complaint.

- 1 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 350 of 863 PageID #: 1047
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

On or about September 15, 2022, Plaintiff filed a Notice of Sale; the sale is scheduled for October 14, 2022.

On or about September 20, 2022, Defendant filed a motion to vacate the fraudulent default foreclosure judgment.

Defendant hereby files this Objection to the Notice of Sale.

## ARGUMENTS

### i. There foreclosure of the Howard Beach Property was illegal

The foreclosure proceedings were started without following the disclosure requirements under UCC §§ 3-104 and 3-804. The extensive fraud has been committed in the case in the form of constant lies that Plaintiff had the original note. Fabricated and false evidence was presented in that regard. For example, fraud is clearly evident from the complaint filed by Rosicki, Rosicki and Associates on January 6, 2010, without any evidence that their client had possession of the note. The complaint was filed at the height of Rosicki's admitted fraudulent activity between 2009 through 2018 **(Exhibit "A")**. An "assignment" was then created and recorded by Rosicki's company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008. Paramount Land, Inc was also found to be compliant in the over fraudulent activity in illegal foreclosures 2009 through 2018. This document is fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010. Further, as stated, the original lender named at closing was Countrywide Home Loans, Inc. They were not named as Plaintiff. The chain of lien ownership from Countrywide Home Loans, Inc. has never been fully verified in a court of law with valid evidence.

-2-

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 27
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 351 of 863 PageID #: 1048

In addition to not providing physical evidence of the original Note at the time the case was filed there was no statement made in the original foreclosure complaint stating the plaintiff, BAC Home Loans Servicing LP, had possession of the original Note and no statement by an officer of the corporation they had possession of the original Note.

To further depict the Plaintiffs' counsel fraudulent conduct, in the illegal foreclosure case Plaintiff's counsel, Rosicki, Rosicki & Associates failed to answer the Defendant's Jurisdictional Challenge filed on March 17, 2022. Notably, Rosicki, Rosicki & Associates filed no response to the Jurisdictional Challenge. However, Friedman Vartolo Law responded in an attempt to cover up for Gross Polowy LLC and all subsequent counsel involved in Defendant's both foreclosure cases (*Index No: 301/2010 Efile: 705854/2021 and Index No: 2005/2012 Efile No: 705175/2021).*

The default foreclosure judgment was based on a fraudulent Motion to Restore the Action filed by Gross Polowy, LLC. The motion omitted pertinent evidence from the court creating a prejudice against the defendant. Notably, the motion was based on hearsay and lacked full disclosure that their client was no longer the party in possession of the note.

It follows; no Plaintiffs in this illegal foreclosure case ever had the original note. It follows; the notice of sale should be denied since it follows a fraudulent foreclosure judgment violating the Defendant's due process and rights to a fair trial.

**ii.    The foreclosure case was dismissed due to failure to present the note**

The following outline of relevant facts which can be found discussed at length in the Defendant's Affidavit in Support of Motion to Vacate filed on September 20, 2022 in the foreclosure case shows how the case was dismissed for failure to produce the original note and later reopened based on hearsay and omitted evidence by subsequent counsels for the Plaintiff.

- 3 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 352 of 863 PageID
#: 1049
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

Defendant signed the original paperwork signed on April 24, 2007, with Countrywide Home Loans, Inc. who purported to be licensed and legally allowed to conduct business in the State of New York as a mortgage lender. The defendant executed a Note and Mortgage under these beliefs.

Accordingly, the defendant was receiving monthly mortgage statements from Countrywide Home Loans. The statements instructed the defendant to "make check payable to Countrywide Home Loans at PO Box 660694, Dallas, TX 75266-0694.

On or about April 29, 2009, the defendant received a mortgage statement from Bank of America Home Loans. The mortgage stated that BAC Home Loan Servicing, LP "services your home loan on behalf of the holder of your note." The name of the holder of the note was not revealed.

In 2008, Countrywide Financial Corporation, a Delaware corporation, and all its subsidiaries (including Countrywide Home Loans), merged with and into Red Oak Merger Corporation, a wholly own subsidiary of Bank of America, the surviving company. According to Securities and Exchange Commission filings, upon the acquisition, Red Oak Merger Corporation, changed its name to Countrywide Financial Corporation, now a Bank of America wholly owned subsidiary. This means all the subsidiaries became Countrywide Financial Corporation, a Bank of America subsidiary.

The Great Financial Crisis was from the years 2008 to 2011. After the collapse many industries suffered. In September of 2008 the defendant's full-time position at a travel agency was discontinued. The defendant immediately reached out to Bank of America, N.A. and spent most of 2009 applying for a loan modification which Bank of America, N.A. consistently lost. The Defendant was instructed to provide more information or was given other excuses as to why

-4-

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 353 of 863 PageID #: 1050

her loan modification remained stalled in the processing stage. During this entire period Bank of America, N.A. acted in bad faith and they never gave the Defendant a loan modification. The Great Financial Collapse was the direct result of crimes committed against homeowners due to the deregulation of the country's financial system. By repealing Glass-Steagall in 1999, Bank CEOs and Wall Street were given permission to create a criminal syndicate that employed the identity and credit of the American people without their knowledge or consent. This criminal activity was rewarded with, at first, a $29,000,000,000 bail out from the Federal Reserve. The Federal Reserve enacted FRA 13(3) illegally for this bailout by not asking Congress for permission as the law requires. In that process, the Federal Reserve bought from the failing lenders aka banks, massive numbers of Mortgage-Backed Securities (MBS). However, to this day, no official has determined which loans made up those securities. Without this knowledge, homeowners, like the Defendant, have no true sense of who owns their note or the right to collect the collateral (their property) to satisfy those loans. The fact that this case was dismissed because the Plaintiff could not produce a blue-inked original note lends to the fact it is reasonable that the loan in question could have been bought up by the Federal Reserve. Furthermore, no one truly knows where those MBS ended up. It would appear by the evidence the Defendant has provided not only in this case, but also in her lateral bankruptcy case, that the Federal Reserve transferred some of the MBS to Fannie Mae to collect the collateral by employing criminal tactics using fabricated and fraudulent documentation in a court of law to do it. The Defendant has searched for the truth and found The Con, a 5-part documentary that explains deregulation and the crimes that followed. The court is invited to watch at www.thecon.tv. The series is complete with whistleblowers from Countrywide, Citigroup, the directors of white-collar investigations at the DOJ, the FBI, the SEC and AGs across the country and multiple professionals in the banking and

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 354 of 863 PageID
#: 1051
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

lending industry regarding the crimes committed against the Defendant. The Defendant found the truth. The officers of this court and bankruptcy court have committed crimes against her to protect themselves and their colleagues.  The Defendant has been consistent with her evidence. The Defendant is a victim of massive systemic corruption in an effort to steal her home (collateral) for a debt no one can prove ownership with a valid chain of lien ownership.

On or about January 29, 2010, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens' Recorder's office under CRFN#2010000034349 **(Exhibit "B")**. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008. The document contained instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates.

On or about March 12, 2010, the Defendant received a "flyer" type document in the mailbox at 8710 149th Avenue, Apt 5N, Howard Beach, NY 11414 instructing the "Queens homeowner" to appear at the "Settlement Conference" on 04/28/2010 **(Exhibit "C")**. The Defendant was never personally served a summons and complaint as this was not her residence. This is an insufficient service of process.

The Defendant did appear in court on the designated time and date. The court directed the Defendant to the foreclosure prevention court clinic. The Defendant received a copy of the complaint in the court clinic.

The complaint failed to provide a copy of the April 24, 2007, note in favor of Countrywide Home Loans, Inc. or proof of the succession from Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Therefore, the

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 355 of 863 PageID #: 1052
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

presumption is BAC Home Loans Servicing, LP did not possess the note at the time the complaint was filed. The Plaintiff's counsel was Rosicki, Rosicki and Associates.

On or about February 6, 2012, the mortgage "loan" was transferred to Bank of America, N.A. per a Notice of Assignment, Sale, or Transfer of ownership of Mortgage Loan provided by Bank of America, N.A on February 14, 2012 (Exhibit "D"). The previous creditor was not named.

On or about June 28, 2012, the Defendant filed for Chapter 7 bankruptcy protection in the Eastern District of New York (Brooklyn) under case number 12- 44750-ess. BAC Home Loans Servicing was listed.

On or about October 1, 2012, Bank of America, N.A. transferred the servicing rights to Ocwen Loan Servicing, LLC in correspondence from Bank of America dated September 12, 2012 (Exhibit "E"). On or about October 10, 2012, a Discharge of Debtor Order of Final Decree was entered in the bankruptcy case.

On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. naming Ocwen Loan Servicing, LLC as its servicer in correspondence from Ocwen dated July 11, 2013 (Exhibit "F").

On or about January 28, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CFN#2014000203670 on June 13, 2014 (6 months after its creation) (Exhibit "G"). The document was created, executed and presented by Indecomm Global Services Bank of America's attorney in fact.

- 7 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 356 of 863 PageID #: 1053

On or about May 8, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CRFN#2014000254316 on August 1, 2014 (3 months after creation **(Exhibit "H")**. This document was executed by Ocwen Loan Servicing, LLC as Bank of America's attorney in fact. This would be impossible since Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 already had the loan according to the January 28, 2014 "assignment."

On or about June 4, 2014, the court orders a status conference to be held on July 23, 2014. The Court ordered the plaintiff to file a Foreclosure Affirmation/Certificate of Merit.

On or about July 23, 2014, the court issued an order to dismiss the case Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, failing to present the Note and complying with the Status Conference Order **(Exhibit I)**. The presumption is both parties were present.

It follows; the fact that there have been issues with the original note since the time this case started shows how Defendant's property rights stand to be violated by the illegal foreclosure and notice of sale of the property.

## CONCLUSION

Since the instant illegal foreclosure and the other illegal foreclosure on the Defendant's residential property that led to three bankruptcies, the Defendant has been subjected to continued harm as she tried to pursue justice and protect her property rights. Since the beginning of 2019, the Defendant was suffering from severe depression not only from an injury sustained at her place of employment, American Airlines leaving her 100% permanently disabled but also

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 357 of 863 PageID #: 1054
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 10/04/2022

from being a victim of systemic fraud created by the financial system as seen in The Con. Moreover, the Defendant is a victim of a judicial system that lost sight of justice for all Americans. Her story is a featured series first appearing in the New York based Blackstar News on August 2, 2022 (See link - https://www.blackstarnews.com/ny-watch/crime/queens-property-owner-ashmeen-modikhan-says-shes-victim-of-%E2%80%9Cmortgage-0?fbclid=IwAR23g0xqbvZz4CgVMAU1CwbyYcAAQyjlQCfaDcFhtj4L5g8N4ZeuGy07tlA) **(Exhibit "J")** The Defendant and her children have intentionally inflicted from the endless litigation, and their corresponding effects and cost implications. The Defendant properties were not bought for a personal investment endeavor. These properties were bought to house the Defendant children and her. As a single mother and grandmother, the Defendant take on the duty to ensure her family will always have the security of a home as her parents did for their children and grandchildren. It is therefore in the interest of justice to deny the Notice of Sale. Defendant further prays for any other Order this Court deems just.

Respectfully submitted,

Ashmeen Modikhan

10/04/2022

Date

-9-

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 358 of 863 PageID #: 1055

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this _4th_ day of _October_____, 2022

_Ashmeen Modikhan_
Ashmeen Modikhan

Notary Signature

ANNA LISA ENRIQUEZ
Printed Notary Name

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
No. 01EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

My commission expires _3/2/2024_____

- 10 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM

NYSCEF DOC. NO. 67

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 359 of 863 PageID #: 1056

INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM

NYSCEF DOC. NO. 20

INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/04/2022

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **OBJECTION TO THE NOTICE OF SALE** will be served electronically 4th Day of October 4, 2022 and mailed via **USPS First Class Mail** on 5th Day of October 2022 to the following:

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com
**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

- 11 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 360 of 863 PageID
#: 1057
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

Anna Guiliano, Esq.
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
*c/o FirstServices Residential*
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**Countrywide Bank, FSB**
251 Glen Cove Road
Carle Place, NY 11514

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

New York Department of Taxation and Finance
400 Oak Street
Garden City, NY 11530

- 12 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 361 of 863 PageID #: 1058

FILED: QUEENS COUNTY CLERK 10/04/2022 04:46 PM
NYSCEF DOC. NO. 20

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/04/2022

**Mortgage Electronic Registration Systems, Inc.**
**c/o CT Corporation System**
111 Eight Avenue 13th Floor
New York, NY 10011

**Mortgage Electronic Registration Systems, Inc.**
3300 SW 34th Avenue, Suite 101
Ocala, Florida 34474

**Mortgage Electronic Registration Systems, Inc.**
4500 Park Granada
Calabasas, California 91302

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201
**Letitia James, Attorney General of New York**
*Office of the Attorney General*
The Capitol
Albany, NY 12224-0341

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
125-01 Queens Blvd
Kew Gardens, NY 11415

_____          10/04/2022
Ashmeen Modikhan                   Date

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 21
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/05/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

                        Plaintiff

        -against-

ASHMEEN MODIKHAN; et al,,

                        Defendant

-------------------------------------------------------------------X

Index No. 705854/2021
(Original Index no. 301/2010)

**NOTICE OF RETURN AND
REJECTION**

**Mortgaged Premises**
87-10 149th Avenue, Unit 5N
Howard Beach, NY 11417

**PLEASE TAKE NOTICE** that Plaintiff, U.S. Bank as Legal Title Trustee for Truman 2016 SC6 Title Trust (hereinafter "Truman"), by their attorney, Friedman Vartolo LLP, hereby rejects and returns the "Objection to the Notice of Sale" of Defendant Ashmeen Modikhan filed on October 4, 2022 as NYSCEF Doc. 20:

    1.     To the extent that Ashmeen Modikhan's "Objection to the Notice of Sale" filed on October 4, 2022 as NYSCEF Doc. 20 is intended as a notice of motion, the same is returned and rejected upon the ground that the motion is not properly noticed and served.

    2.     A true and complete copy of the "Objection to the Notice of Sale" filed as NYSCEF Doc. 135 is annexed hereto as Exhibit A.

Dated: October 5, 2022
       New Rochelle, New York

                              Patricia M. Lattanzio, Esq.
                              **FRIEDMAN VARTOLO LLP**
                              Attorneys for Plaintiff
                              85 Broad Street, Suite 501
                              New York, New York 10004
                              T: (212) 471-5100

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 363 of 863 PageID #: 1060

To:

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR     Index No. 705854/2021
TRUMAN 2016 SC6 TITLE TRUST     (Original Index no. 301/2010)

               Plaintiff     **NOTICE OF RETURN AND**
     -against-     **REJECTION**

                                **Mortgaged Premises**
ASHMEEN MODIKHAN; et al,,     87-10 149th Avenue, Unit 5N
                                Howard Beach, NY 11417

                      Defendant
-------------------------------------------------------------------X

     **PLEASE TAKE NOTICE** that Plaintiff, U.S. Bank as Legal Title Trustee for Truman

2016 SC6 Title Trust (hereinafter "Truman"), by their attorney, Friedman Vartolo LLP, hereby

rejects and returns the "Objection to the Notice of Sale" of Defendant Ashmeen Modikhan filed

on October 4, 2022 as NYSCEF Doc. 20:

     1.      To the extent that Ashmeen Modikhan's "Objection to the Notice of Sale" filed on

October 4, 2022 as NYSCEF Doc. 20 is intended as a notice of motion, the same is returned and

rejected upon the ground that the motion is not properly noticed and served.

     2.      A true and complete copy of the "Objection to the Notice of Sale" filed as

NYSCEF Doc. 135 is annexed hereto as Exhibit A.

Dated: October 5, 2022
       New Rochelle, New York

                                Patricia M. Lattanzio, Esq.
                                FRIEDMAN VARTOLO LLP
                                Attorneys for Plaintiff
                                85 Broad Street, Suite 501
                                New York, New York 10004
                                T: (212) 471-5100

Case 1:22-cv-07475-PKC-LB     Document 5-1     Filed 01/05/23     Page 365 of 863 PageID
#: 1062

To:

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Case 1:22-cv-02715-LDG-LB   Document 5-1   Filed 01/05/22   Page 366 of 863 PageID #: 1885

# Exhibit A

FILED: QUEENS COUNTY CLERK 10/05/2022 02:30 PM Page 367 of 863 705854/2021
#. 1064
RECEIVED NYSCEF: 10/05/2022

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

| US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, | Index No.   301/2010 705854/2021 |
|---|---|

Plaintiff

-against-

ASHMEEN MODIKHAN, et al.,

Defendants

FILED

OCT 0 4 2022

COUNTY CLERK
QUEENS COUNTY

## OBJECTION TO THE NOTICE OF SALE

COMES NOW, Defendant Ashmeen Modikhan, and files this Objection to the Notice of Sale. In support of this opposition, Defendant states as follows:

### BACKGROUND

This matter concerns the property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11414, which property is owned by the Defendant.

On January 06, 2010, Plaintiff counsel, Rosicki, Rosicki & Associates, filed a summons and complaint on behalf Bank of America, N.A., NA, Successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, and LP as the alleged lender.

On or about March 17, 2022, Defendant filed a Jurisdictional Challenge. In the said filing, Defendant challenged the jurisdiction of the instant court over the case.

On March 21, 2022, Friedman Vartolo LLP, counsel for the Plaintiff, filed a Notice of Return and Rejection, where Plaintiff denied the Defendant's jurisdictional challenge as a response to the complaint.

- 1 -

FILED: QUEENS COUNTY CLERK 10/05/2022 09:36 PM     Page 368 of 863 705854/2021
NYSCEF DOC. NO. #: 1065                                 RECEIVED NYSCEF: 10/05/2022

On or about September 15, 2022, Plaintiff filed a Notice of Sale; the sale is scheduled for October 14, 2022.

On or about September 20, 2022, Defendant filed a motion to vacate the fraudulent default foreclosure judgment.

Defendant hereby files this Objection to the Notice of Sale.

## ARGUMENTS

### i.  There foreclosure of the Howard Beach Property was illegal

The foreclosure proceedings were started without following the disclosure requirements under UCC §§ 3-104 and 3-804. The extensive fraud has been committed in the case in the form of constant lies that Plaintiff had the original note. Fabricated and false evidence was presented in that regard. For example, fraud is clearly evident from the complaint filed by Rosicki, Rosicki and Associates on January 6, 2010, without any evidence that their client had possession of the note. The complaint was filed at the height of Rosicki's admitted fraudulent activity between 2009 through 2018 **(Exhibit "A")**. An "assignment" was then created and recorded by Rosicki's company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008. Paramount Land, Inc was also found to be compliant in the over fraudulent activity in illegal foreclosures 2009 through 2018. This document is fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010. Further, as stated, the original lender named at closing was Countrywide Home Loans, Inc. They were not named as Plaintiff. The chain of lien ownership from Countrywide Home Loans, Inc. has never been fully verified in a court of law with valid evidence.

In addition to not providing physical evidence of the original Note at the time the case was filed there was no statement made in the original foreclosure complaint stating the plaintiff, BAC Home Loans Servicing LP, had possession of the original Note and no statement by an officer of the corporation they had possession of the original Note.

To further depict the Plaintiffs' counsel fraudulent conduct, in the illegal foreclosure case Plaintiff's counsel, Rosicki, Rosicki & Associates failed to answer the Defendant's Jurisdictional Challenge filed on March 17, 2022. Notably, Rosicki, Rosicki & Associates filed no response to the Jurisdictional Challenge. However, Friedman Vartolo Law responded in an attempt to cover up for Gross Polowy LLC and all subsequent counsel involved in Defendant's both foreclosure cases (*Index No: 301/2010 Efile: 705854/2021 and Index No: 2005/2012 Efile No: 705175/2021*).

The default foreclosure judgment was based on a fraudulent Motion to Restore the Action filed by Gross Polowy, LLC. The motion omitted pertinent evidence from the court creating a prejudice against the defendant. Notably, the motion was based on hearsay and lacked full disclosure that their client was no longer the party in possession of the note.

It follows; no Plaintiffs in this illegal foreclosure case ever had the original note. It follows; the notice of sale should be denied since it follows a fraudulent foreclosure judgment violating the Defendant's due process and rights to a fair trial.

ii.    **The foreclosure case was dismissed due to failure to present the note**

The following outline of relevant facts which can be found discussed at length in the Defendant's Affidavit in Support of Motion to Vacate filed on September 20, 2022 in the foreclosure case shows how the case was dismissed for failure to produce the original note and later reopened based on hearsay and omitted evidence by subsequent counsels for the Plaintiff.

- 3 -

Defendant signed the original paperwork signed on April 24, 2007, with Countrywide Home Loans, Inc. who purported to be licensed and legally allowed to conduct business in the State of New York as a mortgage lender. The defendant executed a Note and Mortgage under these beliefs.

Accordingly, the defendant was receiving monthly mortgage statements from Countrywide Home Loans. The statements instructed the defendant to "make check payable to Countrywide Home Loans at PO Box 660694, Dallas, TX 75266-0694.

On or about April 29, 2009, the defendant received a mortgage statement from Bank of America Home Loans. The mortgage stated that BAC Home Loan Servicing, LP "services your home loan on behalf of the holder of your note." The name of the holder of the note was not revealed.

In 2008, Countrywide Financial Corporation, a Delaware corporation, and all its subsidiaries (including Countrywide Home Loans), merged with and into Red Oak Merger Corporation, a wholly own subsidiary of Bank of America, the surviving company. According to Securities and Exchange Commission filings, upon the acquisition, Red Oak Merger Corporation, changed its name to Countrywide Financial Corporation, now a Bank of America wholly owned subsidiary. This means all the subsidiaries became Countrywide Financial Corporation, a Bank of America subsidiary.

The Great Financial Crisis was from the years 2008 to 2011. After the collapse many industries suffered. In September of 2008 the defendant's full-time position at a travel agency was discontinued. The defendant immediately reached out to Bank of America, N.A. and spent most of 2009 applying for a loan modification which Bank of America, N.A. consistently lost. The Defendant was instructed to provide more information or was given other excuses as to why

- 4 -

FILED: QUEENS COUNTY CLERK 10/06/2022 09:30 AM
#: 1068
Page 371

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/06/2022

her loan modification remained stalled in the processing stage. During this entire period Bank of America, N.A. acted in bad faith and they never gave the Defendant a loan modification. The Great Financial Collapse was the direct result of crimes committed against homeowners due to the deregulation of the country's financial system. By repealing Glass-Steagall in 1999, Bank CEOs and Wall Street were given permission to create a criminal syndicate that employed the identity and credit of the American people without their knowledge or consent. This criminal activity was rewarded with, at first, a $29,000,000,000 bail out from the Federal Reserve. The Federal Reserve enacted FRA 13(3) illegally for this bailout by not asking Congress for permission as the law requires. In that process, the Federal Reserve bought from the failing lenders aka banks, massive numbers of Mortgage-Backed Securities (MBS). However, to this day, no official has determined which loans made up those securities. Without this knowledge, homeowners, like the Defendant, have no true sense of who owns their note or the right to collect the collateral (their property) to satisfy those loans. The fact that this case was dismissed because the Plaintiff could not produce a blue-inked original note lends to the fact it is reasonable that the loan in question could have been bought up by the Federal Reserve. Furthermore, no one truly knows where those MBS ended up. It would appear by the evidence the Defendant has provided not only in this case, but also in her lateral bankruptcy case, that the Federal Reserve transferred some of the MBS to Fannie Mae to collect the collateral by employing criminal tactics using fabricated and fraudulent documentation in a court of law to do it. The Defendant has searched for the truth and found The Con, a 5-part documentary that explains deregulation and the crimes that followed. The court is invited to watch at www.thecon.tv. The series is complete with whistleblowers from Countrywide, Citigroup, the directors of white-collar investigations at the DOJ, the FBI, the SEC and AGs across the country and multiple professionals in the banking and

- 5 -

lending industry regarding the crimes committed against the Defendant. The Defendant found the truth. The officers of this court and bankruptcy court have committed crimes against her to protect themselves and their colleagues. The Defendant has been consistent with her evidence. The Defendant is a victim of massive systemic corruption in an effort to steal her home (collateral) for a debt no one can prove ownership with a valid chain of lien ownership.

On or about January 29, 2010, Paramount Land, Inc. created and presented a document titled "Assignment of Mortgage" for recording in the Queens' Recorder's office under CRFN#2010000034349 **(Exhibit "B")**. The document purports to assign the mortgage from MERS, Inc. as nominee of Countrywide Home Loans, Inc. to BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP dated October 29, 2009, but effective November 7, 2008. The document contained instructions to return the document to Bank of America f/k/a Countrywide Home Loans, Inc., c/o Rosicki, Rosicki and Associates.

On or about March 12, 2010, the Defendant received a "flyer" type document in the mailbox at 8710 149th Avenue, Apt 5N, Howard Beach, NY 11414 instructing the "Queens homeowner" to appear at the "Settlement Conference" on 04/28/2010 **(Exhibit "C")**. The Defendant was never personally served a summons and complaint as this was not her residence. This is an insufficient service of process.

The Defendant did appear in court on the designated time and date. The court directed the Defendant to the foreclosure prevention court clinic. The Defendant received a copy of the complaint in the court clinic.

The complaint failed to provide a copy of the April 24, 2007, note in favor of Countrywide Home Loans, Inc. or proof of the succession from Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP. Therefore, the

- 6 -

FILED: QUEENS COUNTY CLERK 10/05/2022 09:05 AM  Page 373 INDEX NO. 705854/2021
#: 1070  RECEIVED NYSCEF: 10/05/2022

presumption is BAC Home Loans Servicing, LP did not possess the note at the time the complaint was filed. The Plaintiff's counsel was Rosicki, Rosicki and Associates.

On or about February 6, 2012, the mortgage "loan" was transferred to Bank of America, N.A. per a Notice of Assignment, Sale, or Transfer of ownership of Mortgage Loan provided by Bank of America, N.A on February 14, 2012 **(Exhibit "D")**. The previous creditor was not named.

On or about June 28, 2012, the Defendant filed for Chapter 7 bankruptcy protection in the Eastern District of New York (Brooklyn) under case number 12- 44750-ess. BAC Home Loans Servicing was listed.

On or about October 1, 2012, Bank of America, N.A. transferred the servicing rights to Ocwen Loan Servicing, LLC in correspondence from Bank of America dated September 12, 2012 **(Exhibit "E")**. On or about October 10, 2012, a Discharge of Debtor Order of Final Decree was entered in the bankruptcy case.

On or about June 14, 2013, the mortgage "loan" was transferred to BofA Merrill Lynch Asset Holdings, Inc. naming Ocwen Loan Servicing, LLC as its servicer in correspondence from Ocwen dated July 11, 2013 **(Exhibit "F")**.

On or about January 28, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CFN#2014000203670 on June 13, 2014 (6 months after its creation) **(Exhibit "G")**. The document was created, executed and presented by Indecomm Global Services Bank of America's attorney in fact.

- 7 -

FILED: QUEENS COUNTY CLERK 10/05/2022 03:55 PM
INDEX NO. 705854/2021
#: 1071
Page 374 of 863 Page05854/2021
RECEIVED NYSCEF: 10/05/2022

On or about May 8, 2014, a document titled "Assignment of Mortgage" was executed assigning the mortgage from Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 and recorded under CRFN#2014000254316 on August 1, 2014 (3 months after creation (**Exhibit "H"**). This document was executed by Ocwen Loan Servicing, LLC as Bank of America's attorney in fact. This would be impossible since Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3 already had the loan according to the January 28, 2014 "assignment."

On or about June 4, 2014, the court orders a status conference to be held on July 23, 2014. The Court ordered the plaintiff to file a Foreclosure Affirmation/Certificate of Merit.

On or about July 23, 2014, the court issued an order to dismiss the case Pre-Note due to Plaintiff, BAC Home Loans Servicing LP, failing to present the Note and complying with the Status Conference Order (**Exhibit I**). The presumption is both parties were present.

It follows; the fact that there have been issues with the original note since the time this case started shows how Defendant's property rights stand to be violated by the illegal foreclosure and notice of sale of the property.

## CONCLUSION

Since the instant illegal foreclosure and the other illegal foreclosure on the Defendant's residential property that led to three bankruptcies, the Defendant has been subjected to continued harm as she tried to pursue justice and protect her property rights. Since the beginning of 2019, the Defendant was suffering from severe depression not only from an injury sustained at her place of employment, American Airlines leaving her 100% permanently disabled but also

- 8 -

from being a victim of systemic fraud created by the financial system as seen in The Con.

Moreover, the Defendant is a victim of a judicial system that lost sight of justice for all

Americans. Her story is a featured series first appearing in the New York based Blackstar

News on August 2, 2022 (See link - https://www.blackstarnews.com/ny-watch/crime/queens-

property-owner-ashmeen-modikhan-says-shes-victim-of-%E2%80%9Cmortgage-

0?fbclid=IwAR23g0xqbvZz4CgVMAU1CwbyYcAAQyjlQCfaDcFhtj4L5g8N4ZeuGy07tlA)

**(Exhibit "J")** The Defendant and her children have intentionally inflicted from the

endless litigation, and their corresponding effects and cost implications. The

Defendant properties were not bought for a personal investment endeavor. These

properties were bought to house the Defendant children and her. As a single mother

and grandmother, the Defendant take on the duty to ensure her family will always

have the security of a home as her parents did for their children and grandchildren.

It is therefore in the interest of justice to deny the Notice of Sale. Defendant further prays for any

other Order this Court deems just.


Respectfully submitted,



Ashmeen Modikhan                    10/04/2022
Ashmeen Modikhan                    Date

FILED: QUEENS COUNTY CLERK 10/05/2022 04:55 PM
Page 376 of 863 INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
#: 1073
RECEIVED NYSCEF: 10/05/2022

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this 4th day of October , 2022

_____
Ashmeen Modikhan

_____
Notary Signature

ANNA LISA ENRIQUEZ
Printed Notary Name

ANNA LISA S. ENRIQUEZ
Notary Public - State of New York
Seal 04EN6405207
Qualified in Queens County
Commission Expires March 2, 2024

My commission expires 3/2/2024

- 10 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/08/2022 09:40 AM
Page 377 of 863
#. 1074
RECEIVED NYSCEF: 10/08/2022

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **OBJECTION TO THE NOTICE OF SALE** will be served electronically 4th Day of October 4, 2022 and mailed via **USPS First Class Mail** on 5th Day of October 2022 to the following:

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com
**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

- 11 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/05/2022 03:55 PM
Page 378 of 863 Page ID#854/2021
#: 1075
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/05/2022

Anna Guiliano, Esq.
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC** ·
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
*c/o FirstServices Residential*
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**<u>Countrywide Bank, FSB</u>**
251 Glen Cove Road
Carle Place, NY 11514

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

New York Department of Taxation and Finance
400 Oak Street
Garden City, NY 11530

- 12 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/05/2022 09:56 PM
#: 1076

Page 379 of 863 Page 205854/2021

INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/05/2022

**Mortgage Electronic Registration Systems, Inc.**
c/o CT Corporation System
111 Eight Avenue 13th Floor
New York, NY 10011

**Mortgage Electronic Registration Systems, Inc.**
3300 SW 34th Avenue, Suite 101
Ocala, Florida 34474

**Mortgage Electronic Registration Systems, Inc.**
4500 Park Granada
Calabasas, California 91302

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201
**Letitia James, Attorney General of New York**
*Office of the Attorney General*
The Capitol
Albany, NY 12224-0341

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
125-01 Queens Blvd
Kew Gardens, NY 11415

Ashmeen Modikhan                          10/04/2022
                                          Date

- 13 -

FILED: QUEENS COUNTY CLERK 10/06/2022 02:38 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 1077
RECEIVED NYSCEF: 10/06/2022
Page 380 of 863

# EXHIBIT

# "A"

FILED: QUEENS COUNTY CLERK 10/06/2022 09:55 PM
Page 381 of 863
INDEX NO. 705854/2021
NYSCEF DOC. NO. 26
Case 1:12-cv-07199-JSR Document 22 Filed 03/27/18 Page 1 of 29
RECEIVED NYSCEF: 10/06/2022

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By:     CRISTINE IRVIN PHILLIPS
        ANDREW E. KRAUSE
        LAUREN A. LIVELY
Assistant United States Attorneys
86 Chambers Street, Third Floor
New York, New York 10007
Telephone Nos. (212) 637-2696/2769/2689
Facsimile Nos. (212) 637-2702/2786/2717
cristine.phillips@usdoj.gov
andrew.krause@usdoj.gov
lauren.lively@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA,<br><br>Plaintiff,<br><br>v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., *et al.*,<br><br>Defendants. | 12 Civ. 7199 (JSR)<br><br>**COMPLAINT-IN-INTERVENTION** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>ROSICKI, ROSICKI & ASSOCIATES, P.C., ENTERPRISE PROCESS SERVICE, INC., and PARAMOUNT LAND, INC.,<br><br>Defendants. | |

Plaintiff-Intervenor, the United States of America, by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, files this Complaint-In-Intervention, alleging upon information and belief as follows:

## PRELIMINARY STATEMENT

1.      The United States of America brings this action seeking treble damages and penalties against Defendants Rosicki, Rosicki & Associates, P.C. ("Rosicki"), Enterprise Process Service, Inc. ("Enterprise"), and Paramount Land, Inc. ("Paramount" and collectively, "Defendants") under the False Claims Act, 31 U.S.C. § 3729 *et seq.*, based on Defendants' scheme to generate expenses for foreclosure-related services that were falsely and fraudulently inflated with knowledge that those expenses would be passed on to, and paid by, the Federal National Mortgage Association ("Fannie Mae").

2.      As set forth more fully below, the United States alleges that, since at least May 27, 2009, and continuing to the present, Rosicki, a law firm specializing in mortgage foreclosures; Enterprise, a service of process company wholly owned by the two founding partners of Rosicki (the "Rosicki partners"); and Paramount, a title search company also wholly owned by the Rosicki partners, defrauded Fannie Mae, a Government-Sponsored Entity. Specifically, Defendants perpetrated a scheme whereby Rosicki, acting as counsel to any one of numerous mortgage servicing companies (the "Servicers"), engaged Enterprise and Paramount, ostensibly to serve process and perform title searches as required to effectuate a mortgage foreclosure for Fannie Mae-owned mortgage loans. In reality, however, Enterprise and Paramount carried out these functions by engaging third-party vendors to perform the majority of the work, and then applied exponential mark-ups to those vendors' bills for foreclosure-related services despite adding little or no value to the services that the vendors performed. Enterprise

2

and Paramount submitted their marked-up expenses, which exceeded market rates, to Rosicki, which then billed the Servicers for those expenses, with knowledge that the Servicers would submit claims to Fannie Mae for reimbursement of the expenses, and that Fannie Mae would pay those claims. Defendants' submission of these fraudulently inflated expenses to the Servicers, which then sought and received reimbursement from Fannie Mae, caused Fannie Mae to pay millions of dollars for falsely and fraudulently inflated foreclosure expenses generated by Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action under the False Claims Act pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3730(a), as well as pursuant to the Court's general equitable jurisdiction.

4. Venue is appropriate in this District pursuant to 31 U.S.C. § 3732(a), as well as 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## THE PARTIES

5. Plaintiff is the United States of America.

6. Relator Peter Grubea ("Relator") is a resident of New York.

7. Defendant Rosicki is a New York corporation with its principal place of business in Plainview, New York. At all times relevant, Rosicki has been a law firm specializing in mortgage foreclosures, as well as bankruptcy, evictions, collections, and closings throughout New York State, including in the Southern District of New York.

8. Enterprise is a New York corporation with its principal place of business in Islip, New York. Enterprise markets itself as a company that performs service of process, along with

3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 26
Case 1:12-cv-07199-JSR   Document 22   Filed 03/27/18   Page 4 of 29
RECEIVED NYSCEF: 12/07/2022
Page 384 of 863 Page 05854/2021
RECEIVED NYSCEF: 10/05/2022

related services such as skip tracing, document retrieval, and court filing.   Enterprise is wholly owned by the Rosicki partners, one of whom also served as Enterprise's Chief Executive Officer.

9.       Paramount is a New York corporation with a principal place of business in Islip, New York.   Paramount markets itself as a full service title agency.   Paramount is wholly owned by the Rosicki partners, one of whom also served as Paramount's Chief Executive Officer.

## FANNIE MAE

10.      The Federal National Mortgage Association, known colloquially as Fannie Mae, was chartered by Congress with a mission to provide liquidity, stability, and affordability to the United States housing and mortgage markets.   Fannie Mae is located at 3900 Wisconsin Avenue, NW in Washington, D.C.   Fannie Mae and its counterpart, the Federal Home Loan Mortgage Corporation, known colloquially as Freddie Mac, are known as Government-Sponsored Entities or "GSEs."

11.      As part of its mission, Fannie Mae purchases single-family residential mortgages from mortgage companies and other financial institutions, providing revenue that allows those institutions to fund additional loans.   Fannie Mae then either holds the loans in its investment portfolios or bundles them into mortgage-backed securities that are sold to investors.

12.      As a result of the dramatic decline in the housing market in 2007-2008, following which Fannie Mae faced potential economic collapse, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110-289, 122 Stat. 2654.

13.      Among other things, HERA created the Federal Housing Finance Agency ("FHFA") and authorized the FHFA director to appoint FHFA as conservator for the GSEs.

14.      On September 6, 2008, the FHFA director placed the GSEs into conservatorship.

4

15.     On September 7, 2008, the FHFA, in its capacity as Fannie Mae's conservator, executed a Senior Preferred Stock Purchase Agreement (the "SPA") with the U.S. Department of the Treasury ("Treasury").   Under that agreement, Treasury made billions of dollars of emergency capital available to Fannie Mae, in exchange for preferred shares of Fannie Mae stock and various related benefits.

16.     The SPA was executed to ensure that Fannie Mae remained financially viable, which served the important Government interest of stabilizing the housing markets. *See Statement by Secretary Henry M. Paulson, Jr. on Treasury and Federal Housing Finance Agency Action to Protect Financial Markets and Taxpayers*, Sept. 7, 2008 (*available at* https://www.treasury.gov/press-center/press-releases/Pages/hp1129.aspx) (last visited Mar. 26, 2018).

17.     As part of the SPA, Fannie Mae agreed to make quarterly dividend payments to Treasury.   Under the original terms of the SPA, the amount Fannie Mae owed in dividends each quarter was equal to 10% of the total amount of funds Fannie Mae had obtained from Treasury.

18.     In May 2009, the FHFA amended the SPA to double the maximum amount of funds available to Fannie Mae, from $100 billion to $200 billion.   The SPA was amended for a second time in December 2009.

19.     As of June 30, 2012, Fannie Mae had withdrawn approximately $116 billion in funds from Treasury pursuant to the SPA.

20.     On August 17, 2012, Fannie Mae and Treasury once again amended the SPA, this time changing the nature of Fannie Mae's quarterly dividend obligation.   Instead of making the 10% payment each quarter, under this version of the SPA (the "Third Amendment"), Fannie Mae

Case 1:12-cv-07199-JSR  Document 22  Filed 03/27/18  Page 6 of 29

agreed that the amount of the dividend it owed to Treasury each quarter would be, effectively, the amount by which its net worth exceeded a $3 billion capital reserve.

21.    Since the execution of the Third Amendment, Fannie Mae has paid Treasury quarterly dividends of varying amounts, calculated according to the terms of the Third Amendment as described above.   Fannie Mae's dividend obligation as set forth in the Third Amendment remains in effect today.

## THE FALSE CLAIMS ACT

22.    The False Claims Act establishes liability to the United States for an individual who, or entity that, "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval," 31 U.S.C. § 3729(a)(1)(A), or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim," *id.* § 3729(a)(1)(B).   "Knowingly" is defined to include actual knowledge of, as well as reckless disregard or deliberate ignorance of, the truth or falsity of the information.   *Id.* § 3729(b)(1). No proof of specific intent to defraud is required.   *Id.*

23.    On May 26, 2009, Congress passed the Fraud Enforcement and Recovery Act of 2009 ("FERA").   *See* Pub. L. No. 111-21, § 4(f)(1), 123 Stat. 1617, 1625 (2009).   FERA modified the definition of a "claim" under the False Claims Act to include "any request or demand, whether under a contract or otherwise, for money or property . . . that is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government – (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded. . . ." 31 U.S.C. § 3729(b)(2)(A)(ii).

24.    Congress enacted FERA in part to "help protect Americans from future frauds that exploit the economic assistance programs intended to restore and rebuild our economy." S. Rep. No. 111-10, at 1-2 (2009).

## FACTS

### Fannie Mae, Servicers and Foreclosure Firms

25.    Fannie Mae engages Servicers to perform or oversee the performance of various actions in connection with Fannie Mae-owned residential mortgage loans, including pursuing foreclosure when mortgagors become delinquent on mortgage payments. Fannie Mae maintains a contractual relationship with each of its approved Servicers, pursuant to which the Servicers agree to follow the Fannie Mae Servicing Guide (the "Servicing Guide"), among other requirements. *See* Fannie Mae Servicing Guide, Part I, at 102 (effective Jan. 31, 2003) (2012).

26.    In furtherance of their servicing duties, the Servicers hire law firms (the "Foreclosure Firms") as needed to carry out all actions necessary to effectuate mortgage foreclosures under the applicable laws.

27.    Prior to 2013, Fannie Mae maintained a list of approved Foreclosure Firms called the Retained Attorney Network ("RAN"), and Servicers typically were required to select Foreclosure Firms from among the list of RAN firms.

28.    To be part of the RAN, Foreclosure Firms signed retention agreements with Fannie Mae, which incorporated all aspects of the Servicing Guide.

29.    In 2013, Fannie Mae terminated the RAN and allowed Servicers greater flexibility in selecting law firms for foreclosure work. But the Foreclosure Firms selected by the Servicers were and are still required to be approved by Fannie Mae.

30.     Following the termination of the RAN, any Foreclosure Firm retained by a Servicer to perform work on Fannie Mae-owned mortgage loans must sign a limited retention agreement directly with Fannie Mae, pursuant to which the Foreclosure Firm agrees to maintain familiarity with, and follow as applicable, all aspects of the Servicing Guide.

31.     Accordingly, both before and after termination of the RAN (and at all times relevant to this complaint), all Foreclosure Firms providing foreclosure-related services in connection with Fannie Mae-owned loans had to enter into a retention agreement with Fannie Mae pursuant to which they agreed to follow all aspects of the Servicing Guide.

32.     When Foreclosure Firms are retained by Servicers to effectuate mortgage foreclosures for Fannie Mae-owned mortgage loans, the Foreclosure Firms submit bills for both their legal fees and for expenses related to foreclosure-related services, such as service of process and title searches ("foreclosure expenses"), to the Servicers.   To the extent the Foreclosure Firms hire third parties to perform any of the foreclosure-related services, the foreclosure expenses billed by those third parties are incorporated into the bills submitted by the Foreclosure Firms to the Servicers.

33.     The Servicers pay the bills for legal fees and foreclosure expenses submitted by the Foreclosure Firms, and then submit claims to Fannie Mae for reimbursement of those costs. *See* Fannie Mae Servicing Guide, Part VIII, § 110.03 (effective Dec. 7, 2006) (2012).

34.     Servicers submit claims to Fannie Mae for reimbursement of foreclosure expenses using a Cash Disbursement Request, Form 571.   Fannie Mae reimburses Servicers for 100% of qualifying foreclosure expenses.   *See id.* § 110.04 (effective Jan. 31, 2003) (2012).

#### Relevant Fannie Mae Requirements

35.     The Servicing Guide obligates the Foreclosure Firms (as well as the Servicers) to ensure that their foreclosure expenses adhere to certain requirements designed to make certain that Fannie Mae is not overcharged for those expenses.

36.     For example, the Servicing Guide requires that "[b]oth the servicer and the foreclosure attorney (or trustee) must make every effort to reduce foreclosure-related costs and expenses in a manner that is consistent with all applicable laws."   Fannie Mae Servicing Guide, Part VIII, § 110.03 (effective Dec. 7, 2006) (2012).

37.     The Servicing Guide also specifies that all foreclosure expenses submitted by Foreclosure Firms must be "actual, reasonable, and necessary," as a condition of reimbursement by Fannie Mae.   *Id.*

38.     With respect to title-related expenses specifically, the Servicing Guide states that they "must be kept at a minimum."   *Id.*

39.     Additionally, the retention agreements signed by Fannie Mae and the Foreclosure Firms list state-specific maximums for certain expenses such as title searches, but also make clear that Fannie Mae generally expects the actual costs to be lower.

40.     Those retention agreements also reiterate that foreclosure expenses must be actual, reasonable, and necessary in order to be reimbursable by Fannie Mae.

41.     Fannie Mae took other steps to communicate these requirements as they related to Foreclosure Firms, including by reiterating the requirements to the Foreclosure Firms directly in periodic trainings and email surveys.

9

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/08/2022 11:44 AM
NYSCEF DOC. NO. 20 Case 1:12-cv-07199-JSR Document 22 Filed 03/27/18 Page 10 of 29
INDEX NO. 705854/2021
Page 390 of 863 Page 05854/2021
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/08/2022

## Foreclosure-Related Services

42.    To execute a foreclosure in New York State, a complaint must be filed with the court and served upon the homeowner and all other parties with a potential interest in the property.

43.    The Foreclosure Firm handling the legal action typically engages a process server to effect service of the necessary papers.

44.    It also may be necessary to conduct database searches (referred to as "skip traces") to locate the homeowner or other parties to be served; the Foreclosure Firm may conduct these searches or may engage the process server or another entity to perform them.

45.    Additionally, a title search must be run on the property to determine the holder(s) of title to the property and to determine all other individuals and entities with a potential interest in the property.   This title search required for a foreclosure is more limited than the title search required when a property is sold; the foreclosure title search goes back only to the acquisition of the property by its current owner, and is commonly referred to as a "foreclosure search."

46.    A Foreclosure Firm typically engages a title company to perform foreclosure searches.

47.    Other services that may be required as part of the foreclosure process, which the Foreclosure Firm either performs or outsources, include arranging for the publication of notices in a newspaper and filing documents related to the foreclosure proceedings with the court.

## Defendants' Scheme

48.    Rosicki, Rosicki & Associates, P.C. was incorporated on July 24, 1997. Previously, the firm had operated as the Law Offices of Cynthia Rosicki, which was incorporated on June 23, 1994.

49.     The business model of the Rosicki firm is typical for a Foreclosure Firm: much of the work required to effectuate a mortgage foreclosure is performed by non-attorney staff under the supervision of relatively few attorneys.

50.     Legal fees for foreclosure work are capped by Fannie Mae and others. Accordingly, Rosicki, like other Foreclosure Firms, has few legitimate opportunities to increase its profit margins other than by increasing the volume of foreclosures that it handles.

51.     On October 13, 1998, Rosicki sent a letter to Fannie Mae, announcing that it had "incorporated a new affiliate entity," which was Enterprise, and that Enterprise's purpose was "to serve process and conduct related functions."

52.     The letter represented that the creation of Enterprise "eliminates unnecessary coordination with the middle person at the process service company."

53.     The letter also represented that "Enterprise will utilize the same price rates currently being charged by area process servers" and so "the fees will be the same reasonable and usual ones which the FannieMae (*sic*) servicers have been incurring to date."

54.     Enterprise has operated continuously since 1998 as an affiliate of Rosicki, under the ownership and direction of the Rosicki partners.

55.     Paramount was incorporated on October 19, 2009.   Prior to that time, the Rosicki partners had owned and operated a title company under various names starting in 2003.

56.     Since its founding, Paramount has operated at all times under the ownership and direction of the Rosicki partners.

57.     The Rosicki partners also have owned and operated two legal publishing companies (these other entities, along with Enterprise and Paramount, are collectively referred to herein as the "Rosicki Affiliates").

11

58.    While each of the Rosicki Affiliates was separately incorporated by the Rosicki partners, none of the Rosicki Affiliates, including Enterprise and Paramount, has ever functioned as an independent business.   None of the Rosicki Affiliates has maintained its own information technology, human resources, benefits, administration, payroll, or accounting departments. Moreover, two of Enterprise's three branches operate out of Rosicki's office space, and the other Enterprise branch and other Rosicki Affiliates are housed in buildings owned by the Rosicki partners.

59.    The Rosicki Affiliates often have operated with minimal staff.   For example, when Rosicki opened its first title affiliate, the day-to-day operations of that entity were handled entirely by one former Rosicki paralegal, with no changes to that individual's salary.   Similarly, the above-referenced legal publishing company was run by one or two individuals working from home.

60.    Rosicki and the Rosicki Affiliates maintain combined financial statements. Those statements reflect that, at their peak, Enterprise and Paramount alone generated larger net revenues than Rosicki did in all areas of its legal practice.

61.    At all times relevant, the Rosicki partners maintained ultimate authority and control over the business operations of all the Rosicki Affiliates, including Enterprise and Paramount.

62.    Rosicki was the primary or only client of the Rosicki Affiliates.   Likewise, Rosicki utilized the Rosicki Affiliates for foreclosure-related services almost exclusively; the only exception was when a foreclosure action required a geographic reach that exceeded the Rosicki Affiliates' capabilities.

63. Using the Rosicki Affiliates, including Enterprise and Paramount, for foreclosure-related services allowed the Rosicki partners to control the amount that Rosicki was charged for those services.

64. With respect to Fannie Mae loans, rather than adhering to its obligation to "make every effort to reduce foreclosure-related costs and expenses," Rosicki, along with Enterprise and Paramount, created a system in which Enterprise and Paramount acted as vehicles for marking up foreclosure expenses as much as possible, while adding as little operating expense as possible, in order to maximize the revenue Enterprise and Paramount obtained from foreclosure expenses, on behalf of their owners, the Rosicki partners.

65. Defendants focused on maximizing foreclosure expenses because overcharging for those expenses was one of the few ways that Defendants could increase their profit margins, due to the caps on the amount that Rosicki could charge in legal fees for most foreclosure actions. As stated by one of the Rosicki partners in an email to Rosicki employees dated April 1, 2005, "we must maximize our billing" for title expenses "since they are only allowing a very reduced fee" for legal services.

66. Rosicki, Enterprise, and Paramount executed this mark-up scheme by engaging third-party vendors to perform the majority of the services that ostensibly were performed by Enterprise and Paramount. These vendors charged competitive rates and in many instances, also performed work for other Foreclosure Firms. Enterprise and Paramount paid these vendors for each item of work performed and issued each of them a Form 1099 at year-end for tax purposes.

67. Enterprise and Paramount issued bills for the work done by the vendors that were exponentially higher than what the vendors charged, yet added little or no value to the services that the vendors performed.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 28 Case 1:12-cv-07199-JSR Document 22 Filed 03/27/18 Page 14 of 28 RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/06/2022 09:55 AM Page 394 of 863 INDEX NO. 705854/2021
NYSCEF DOC. NO. 2 RECEIVED NYSCEF: 10/06/2022

68.    Rosicki, in turn, represented to the Servicers that the Enterprise and Paramount bills reflected the cost of the services incurred, and sought and received payment for those expenses from the Servicers, including for foreclosures involving Fannie Mae-owned loans.

69.    As reflected by statements in the above-referenced April 1, 2005 email, Rosicki was aware that the Servicers sought reimbursement from Fannie Mae for the foreclosure expenses it submitted.

      i.    **Enterprise**

70.    Enterprise engaged third-party vendors to perform the majority of the actual process service work ostensibly performed by Enterprise.   When Rosicki sent a summons and complaint for a mortgage foreclosure to Enterprise, Enterprise would then provide those papers to a third-party vendor, which would serve them.

71.    The third-party vendors charged Enterprise approximately $15-25 per individual served to effect in-person service of a summons and complaint.   Other charges from the third-party vendors included service on "John Doe" parties with a potential interest in the property in question, which was typically about $10 for each "John Doe" served.

72.    Enterprise would then generate an invoice for service of process that would exponentially mark up the cost of the services as charged by the vendors.   Enterprise typically charged $75-125 for in-person service, $50 for attempted service (for which the vendors often did not charge at all, or charged at most $5-10), and $75 for John Doe service.   Enterprise applied these substantial mark-ups despite having added little or no value to the services actually performed by the vendors.

73.    The Enterprise bills significantly exceeded competitive market rates for the geographic areas where Enterprise operated.

14

74.     Notably, in many instances where Rosicki had to submit bills for its foreclosure-related expenses to courts for judicial approval (including in connection with Fannie Mae-owned loans), Rosicki reported substantially lower costs for service of process than the actual bills Enterprise and Rosicki submitted to the Servicers for comparable work.

75.     Rosicki was well aware of the amount of mark-ups being applied to Enterprise's bills. In fact, senior attorneys at Rosicki, including the Rosicki partners, were apprised of the revenue margins being made on each vendor, which ranged from 300% to 750%.   For example, in an email copying the Rosicki partners dated May 7, 2009, Enterprise listed each of the individuals who performed actual process service work on behalf of Enterprise, listed the amounts charged by those process servers to Enterprise, and listed the extraordinary markups of those costs billed by Enterprise.   The email lists the "ratio" of the inflated amounts billed by Enterprise as compared to the amounts billed by the process servers.

76.     Despite being aware of its obligation to Fannie Mae to minimize the cost of process service, and to submit only foreclosure expenses that were actual and reasonable, Rosicki submitted the inflated and excessive Enterprise bills for service of process to the Servicers for foreclosures involving Fannie Mae-owned loans, and was paid for those expenses. The costs for those expenses were then passed on to and paid by Fannie Mae.

77.     Nor did Rosicki adhere to its obligation to minimize foreclosure expenses in instances where service of process was needed in a geographic area outside of Enterprise's reach. Rather, Rosicki entered into a referral arrangement with another process service company that charged above-market rates—some of the highest nationally—whereby Rosicki would send out-of-state process service work to that company in exchange for referrals of New York process service work to Enterprise.   Rosicki had knowledge that the work it was referring for Fannie

15

Mae-owned loans would result in Fannie Mae reimbursing foreclosure expenses at above-market rates, but made the referrals anyway in order to gain more business for Enterprise.

### ii.  Paramount

78.     The structure of Paramount was very similar to that of Enterprise.   Paramount performed most of its services through third-party vendors, then applied exponential mark-ups to the bills for those services.

79.     Specifically, Paramount engaged third-party abstracters to provide the required title documents; those vendors charged competitive rates such as a flat rate of $100, $50 plus $1 per page, or other comparable amounts.   Paramount also engaged "readers" to review the title documents, at a rate of approximately $15-20 per title report.

80.     Paramount would then prepare its bill for the services performed by the third-party vendors, and would apply a substantial mark-up despite having added little or no additional value.

81.     Notably, Fannie Mae imposed maximums of either $250 or $275 for title searches at all times relevant, and regardless of the specifics of each title search project, Paramount invariably charged the Fannie Mae maximum for all of its title searches.   In addition, in order to generate additional revenue above the Fannie Mae maximum, Paramount charged a $35 "document retrieval fee" in connection with the title search for every Fannie Mae loan.

82.     For example, as set forth below, a third-party vendor charged Paramount $75 for a title search; yet Paramount charged $275 for that same service.   *See infra* ¶¶ 109-10. Paramount provided its bills to Rosicki, which submitted them to the Servicers and represented that they were the foreclosure expenses actually incurred, including for Fannie Mae-owned loans.   The Servicers paid the bills and passed on the expenses to Fannie Mae, which paid them.

83. Following the initial foreclosure search, Paramount continued to make revenue through mark-ups. Specifically, for title continuation searches, which are updates to the foreclosure search performed during the course of a foreclosure action, Paramount paid its vendor $5-25 to perform the search and then billed the Servicer $125-135 for that search.

84. With respect to both Enterprise and Paramount, Rosicki was aware that it was violating its obligations to Fannie Mae, yet throughout the relevant time period, it represented to Fannie Mae as well as to the relevant Servicers, that it was fully in compliance with the Fannie Mae requirements that it had agreed to follow.

85. Specifically, Rosicki falsely represented that the fees charged by Enterprise and Paramount were the actual, reasonable, and necessary costs incurred in performing service of process and title searches, and that those fees were competitive in the relevant markets.

**Examples of False Claims Paid by Fannie Mae**

86. The following examples represent a small fraction of the many Fannie Mae loans for which, in connection with foreclosure proceedings, Enterprise and/or Paramount submitted invoices for inflated expenses to Rosicki, and for which Rosicki, in turn, submitted bills for the inflated expenses to the Servicers, which the Servicers paid. Claims for those inflated expenses were then submitted to Fannie Mae for reimbursement, and were paid by Fannie Mae.

   **i. Lake Street Property**

87. Fannie Mae loan number 1706147150 relates to a mortgage held by Fannie Mae on a property on Lake Street in Angola, New York ("Lake Street Property"). A third-party financial institution acted as the Servicer and Rosicki as the firm handling the foreclosure procedures for the Lake Street Property.

88.     Rosicki contracted with Enterprise to effect service of process of the summons and complaint on the two named foreclosure defendants.   However, Enterprise did not serve process on the two named foreclosure defendants, but rather engaged a third-party process server to effectuate service on these defendants.

89.     The process server served the two foreclosure defendants in May 2012, as well as four John Doe defendants.   The process server charged $20 for one named defendant, $10 for the other, and $33.50 for service of all four Doe defendants, or $63.50 in total.

90.     In submitting a bill to Rosicki for service of process, Enterprise inflated the service charges to $50 for attempted service on each named defendant, $125 for service on each named defendant, and $300 total for service of the four Doe defendants, for a total of $650 for the services performed by the process server.

91.     Rosicki contracted with Paramount to perform a title search, with Paramount then engaging a third-party vendor for the performance of this service.   Paramount submitted a bill for the title search to Rosicki that included a charge of $275 for the search, the maximum amount allowed by Fannie Mae, and a $35 document retrieval fee.

92.     Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

**ii.     Pine Ridge Property**

93.     Fannie Mae loan number 1664158838 relates to a mortgage held by Fannie Mae on a property on Pine Ridge Terrace in Cheektowaga, New York ("Pine Ridge Property").   A third-party financial institution acted as the Servicer and Rosicki as the firm handling the foreclosure procedures for the Pine Ridge Property.

94.   Rosicki contracted with Enterprise to effect service of process of the summons and complaint on the two named foreclosure defendants.   However, Enterprise did not serve process on the two named foreclosure defendants, but rather engaged a third-party process server to effectuate service on these defendants.

95.   The process server served one named defendant and attempted service on the other in March 2013 and completed service on the second named defendant in April 2013.   The process server charged Enterprise $20 for service of each of the named defendants and $5 for the attempted service, or $45 in total.

96.   In submitting a bill to Rosicki for service of process, Enterprise included three charges for attempted service, each billed at $50, $75 to serve John Doe defendants, and a charge of $125 for service on each of the named defendants, for a total of $475 for the services performed by the process server.   These charges are more than ten times those billed by the actual process server.

97.   Rosicki contracted with Paramount to perform a title search, with Paramount then engaging a third-party vendor for the performance of this service.   Paramount submitted a bill for the title search to Rosicki that included a charge of $275 for the search, the maximum amount allowed by Fannie Mae, and a $35 document retrieval fee.   Paramount also submitted an inflated charge of $135 for a title continuation search performed by the vendor.

98.   Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

### iii.   Creekview Property

99.   Fannie Mae loan number 1697355670 relates to a mortgage held by Fannie Mae on a property on Creekview Drive in Hamburg, New York ("Creekview Property").   A third-

party financial institution acted as the Servicer and Rosicki as the firm handling the foreclosure procedures for the Pine Ridge Property.

100. Rosicki contracted with Enterprise to effect service of process of the summons and complaint on the named foreclosure defendant. However, Enterprise did not serve process on the named foreclosure defendant, but rather engaged a third-party process server to effectuate service on this defendant.

101. The process server served the named defendant and one John Doe defendant in September 2013. The process server charged Enterprise $20 for service of the named defendant and $9.50 for the Doe defendant, or $29.50 in total.

102. In submitting a bill to Rosicki for service of process, Enterprise included a charge of $125 for service of the named defendant and $75 for service of the Doe defendant, for a total of $200 for the services performed by the process server. These charges are more than six times those billed by the actual process server.

103. Rosicki contracted with Paramount to perform a title search, with Paramount then engaging with a third-party vendor for the performance of this service. Paramount submitted a bill for the title search to Rosicki that included a charge of $275 for the search, the maximum amount allowed by Fannie Mae, and a $35 document retrieval fee. Paramount also submitted an inflated charge of $135 for a title continuation search performed by the vendor.

104. Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

### iv. Ohio Avenue Property

105. Fannie Mae loan number 1715686478 relates to a mortgage held by Fannie Mae on a property on Ohio Avenue in North Tonawanda, New York ("Ohio Avenue Property"). A

third-party financial institution acted as the Servicer and Rosicki as the firm handling the
foreclosure procedures for the Ohio Avenue Property.

106.    Rosicki contracted with Enterprise to effect service of process of the summons
and complaint on the two named foreclosure defendants.   However, Enterprise did not serve
process on the two named foreclosure defendants, but rather engaged a third-party process server
to effectuate service on these defendants.

107.    The process server served the two named defendants and two John Doe
defendants in November 2013.   The process server charged Enterprise $20 for service of each of
the named defendants and $17.50 for service of the Doe defendants, or $57.50 in total.

108.    In submitting a bill to Rosicki for service of process, Enterprise included a charge
of $150 total for service of the named defendants, $150 total for service of the Doe defendants,
and $50 for attempted service on one of the named defendants, for a total of $350 for the services
performed by the process server.   In addition, Enterprise charged a total of $140 to perform skip
traces and address verifications for the named defendants.

109.    Rosicki contracted with Paramount to perform a title search, with Paramount then
engaging with a third-party vendor for the performance of this service.   The vendor charged
Paramount $75 for the title search and $5 for a title continuation search.

110.    Paramount submitted a bill for the initial title search to Rosicki that included a
charge of $275 for the search, the maximum amount allowed by Fannie Mae and over three
times the cost charged by the vendor, and a $35 document retrieval fee.   Paramount also
submitted a charge of $125 for the title continuation search, which is twenty-five times higher
than the cost of the charged by the vendor.

111.    Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

### v.    Tamarack Street Property

112.    Fannie Mae loan number 1695290844 relates to a mortgage held by Fannie Mae on a property on Tamarack Street in Buffalo, New York ("Tamarack Street Property").   A third-party financial institution acted as the Servicer and Rosicki as the firm handling the foreclosure procedures for the Tamarack Street Property.

113.    Rosicki contracted with Enterprise to effect service of process of the summons and complaint on the two named foreclosure defendants.   However, Enterprise did not serve process on the two named foreclosure defendants, but rather engaged a third-party process server to effectuate service on these defendants.

114.    The process server served the named defendants, one John Doe defendant, and one additional party in September 2013.   The process server charged Enterprise $20 for service of each of the named defendants, $9.50 for the Doe defendant, and $20 for service of the additional party, or $69.50 in total.

115.    In submitting a bill to Rosicki for service of process, Enterprise included an inflated charge of $125 for service of each of the named defendants, $50 for attempted service on each of the named defendants, and $75 for service of the party that the process server served, for a total of $425 for the services performed by the process server.

116.    Rosicki contracted with Paramount to perform a title search, with Paramount then engaging a third-party vendor for the performance of this service.   Paramount submitted a bill for the title search to Rosicki that included a charge of $275 for the search, the maximum amount allowed by Fannie Mae, and a $35 document retrieval fee.

117. Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

### vi. Hampshire Street Property

118. Fannie Mae loan number 1693051324 relates to a mortgage held by Fannie Mae on a property on Hampshire Street in Buffalo, New York ("Hampshire Street Property"). A third-party financial institution acted as the Servicer and Rosicki as the firm handling the foreclosure procedures for the Hampshire Street Property.

119. Rosicki contracted with Enterprise to effect service of process of the summons and complaint on the named foreclosure defendant. However, Enterprise did not serve process on the named foreclosure defendant, but rather engaged a third-party process server to effectuate service on this defendant.

120. The process server served the named defendant in April 2012 and charged Enterprise $20 for his services.

121. In submitting a bill to Rosicki for service of process, Enterprise included a charge of $125 for service of the named defendant, $50 for attempted service, $75 for service of John Doe defendants, and an additional $75 for service of "John and Jane Does- Vacant," for a total of $325 for the services performed by the process server.

122. Rosicki contracted with Paramount to perform a title search, with Paramount then engaging with a third-party vendor for the performance of this service. Paramount submitted a bill for the title search to Rosicki that included a charge of $275 for the search, the maximum amount allowed by Fannie Mae, and a $35 document retrieval fee.

123. Rosicki then submitted claims for reimbursement to the Servicer for the amounts charged by Enterprise and Paramount.

\* \* \* \* \* \* \* \* \* \*

124.    The claims that Defendants caused to be submitted to Fannie Mae, for reimbursement of inflated and excessive foreclosure expenses in violation of the applicable standards, represent a common form of false claim: goods and services provided in violation of contract terms.

125.    Defendants' overcharging of Fannie Mae for inflated foreclosure expenses goes fundamentally to the essence of the contractual bargain between Fannie Mae and Rosicki, and deprives Fannie Mae of a significant benefit of that bargain. Such conduct, if known by Fannie Mae, would have influenced its determination to reimburse the inflated foreclosure expenses.

126.    Had Fannie Mae been aware that Rosicki was submitting foreclosure expenses that included substantially inflated markups of invoices for foreclosure-related services where the Rosicki Affiliates added little or no value to the services performed by their third-party vendors, Fannie Mae would not have considered those expenses to be in compliance with the Servicing Guide requirement that all foreclosure expenses submitted by Foreclosure Firms must be "actual, reasonable, and necessary" as a condition of reimbursement by Fannie Mae.

127.    As such, pursuant to the terms of the Servicing Guide, these substantially inflated expenses would not have been reimbursable.

## FIRST CLAIM
### (as against all Defendants)

**Violation of the False Claims Act:  False Claims**
**(31 U.S.C. § 3729(a)(1) (2006), and, as amended, 31 U.S.C. § 3729(a)(1)(A))**

128.    The Government incorporates by reference each of the preceding paragraphs as if fully set forth in this paragraph.

129.    The Government seeks relief against all Defendants under Section 3729(a)(1)(A) of the False Claims Act (formerly Section 3729(a)(1)).

130.    Between at least May 27, 2009 and March 31, 2012,[1] Defendants, by creating and submitting inflated bills for foreclosure services to Servicers with knowledge that those bills ultimately would be submitted to and paid by Fannie Mae, knowingly caused false claims to be presented for reimbursement by Fannie Mae.

131.    Specifically, Defendants knowingly caused to be submitted bills for marked-up foreclosure expenses that were not actual or reasonable, in violation of Fannie Mae requirements.

132.    Accordingly, Defendants caused to be presented false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1), and, as amended, 31 U.S.C. § 3729(a)(1)(A).

133.    By reason of these false or fraudulent claims that Defendants caused to be presented to Fannie Mae, a Government-Sponsored Entity, Fannie Mae has paid millions of dollars in reimbursements of false and fraudulent foreclosure expenses.

134.    Because Defendants' fraudulent scheme took place contemporaneously with Fannie Mae's receipt of billions of dollars in federal funds pursuant to the SPA, through drawdowns that took place as recently as the first quarter of 2012, and because those funds served a Government interest, namely stabilizing the housing markets, claims for reimbursement of foreclosure expenses made to Fannie Mae constitute "claims" for purposes of the False Claims Act under 31 U.S.C. § 3729(b)(2)(A)(ii).   Accordingly, the United States is entitled to recover treble damages plus a civil monetary penalty for each claim on behalf of Fannie Mae.

---

[1] While Defendants' scheme pre-dates May 27, 2009 by a substantial period, FERA was passed on May 26, 2009, and does not apply retroactively to claims submitted before that date. *See* Pub. L. No. 111-21, § 4(f)(1), 123 Stat. 1617, 1625 (2009).

FILED: QUEENS COUNTY CLERK 10/08/2022 03:35 PM Page 406 of 863 Page 705854/2021
NYSCEF DOC. NO. 26 Case 1:12-cv-07199-JSR Document 22 Filed 03/27/18 Page 26 of 29 RECEIVED NYSCEF: 10/08/2022

## SECOND CLAIM
### (as against all Defendants)

### Violation of the False Claims Act: False Statements
### (31 U.S.C. § 3729(a)(2) (2006), and, as amended, 31 U.S.C. § 3729(a)(1)(B))

135. The Government incorporates by reference each of the preceding paragraphs as if fully set forth in this paragraph.

136. The Government seeks relief against all Defendants under Section 3729(a)(1)(B) of the False Claims Act (formerly Section 3729(a)(2)).

137. Between at least May 27, 2009 and March 31, 2012, Defendants, by creating and submitting inflated bills for foreclosure services to Servicers with knowledge that those bills ultimately would be submitted to and paid by Fannie Mae, knowingly caused to be made false records or statements that were material to getting false or fraudulent claims paid by Fannie Mae.

138. Specifically, Defendants submitted bills that reflected marked-up expenses that were not reasonable or actual foreclosure expenses, in violation of Fannie Mae requirements.

139. By reason of these false or fraudulent records or statements that Defendants caused to be created, Fannie Mae has paid millions of dollars in reimbursements of false and fraudulent foreclosure expenses.

140. Because Defendants' fraudulent scheme took place contemporaneously with Fannie Mae's receipt of billions of dollars in federal funds pursuant to the SPA, through drawdowns that took place as recently as the first quarter of 2012, and because those funds served a Government interest, namely stabilizing the housing markets, claims for reimbursement of foreclosure expenses made to Fannie Mae constitute "claims" for purposes of the False Claims Act under 31 U.S.C. § 3729(b)(2)(A)(ii). Accordingly, the United States is entitled to recover treble damages plus a civil monetary penalty for each claim on behalf of Fannie Mae.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 2   Case 1:12-cv-07199-JSR   Document 42   Filed 03/27/18   Page 27 of 29

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022
Page 407

### THIRD CLAIM
**(as against all Defendants)**

**Violation of the False Claims Act:   Reverse False Claims**
**(31 U.S.C. § (a)(1)(G))**

141.    The Government incorporates by reference each of the preceding paragraphs as if fully set forth in this paragraph.

142.    The Government seeks relief against all Defendants under Section 3729(a)(1)(G) of the False Claims Act, for all false and fraudulent claims that Defendants caused to be submitted from the start of Fannie Mae's quarterly dividend payment obligation pursuant to the Third Amendment to the SPA and continuing to the present.

143.    Because the Third Amendment obligates Fannie Mae to make quarterly dividend payments of its net revenues in excess of a capital reserve, and because any monies that Fannie Mae uses to pay its servicing expenses necessarily results in a decrease to its net revenues, the monies that Fannie Mae paid for reimbursement of Defendants' false and fraudulent foreclosure expenses have decreased the amount of dividend payments to which the United States otherwise would have been entitled and received.

144.    Accordingly, as set forth above, by knowingly causing falsely inflated foreclosure expenses to be submitted to Fannie Mae, specifically by generating bills for marked-up foreclosure expenses that were neither reasonable nor actual, Defendants knowingly caused to be made or used false records and/or statements to conceal, avoid, or decrease obligations to pay or transmit money or property to the United States.

145.    From the start of Fannie Mae's quarterly dividend payment obligation pursuant to the Third Amendment to the SPA and continuing to the present, the Government has incurred

losses in the form of decreased quarterly dividend payments from Fannie Mae because of Defendants' fraudulent conduct.

146.   By virtue of the false records or statements made by Defendants, the Government suffered damages and therefore is entitled to treble damages under the False Claims Act, to be determined at trial, and a civil penalty as required by law for each violation.

**PRAYER FOR RELIEF**

WHEREFORE, the United States demands judgment against Defendants as follows:

    A.    Treble the United States' damages, in an amount to be established at trial,

           plus a statutory penalty for each false claim submitted in violation of the

           False Claims Act;

    B.    Award of costs pursuant to 31 U.S.C. § 3792(a)(3); and

    C.    Such further relief as the Court deems proper.


Dated: New York, New York
       March 27, 2018

                     GEOFFREY S. BERMAN
                     United States Attorney
                     Southern District of New York
                     Attorney for the United States of America


       By:    */s/ Cristine Irvin Phillips*
                     CRISTINE IRVIN PHILLIPS
                     ANDREW E. KRAUSE
                     LAUREN A. LIVELY
                     Assistant United States Attorneys
                     86 Chambers Street, Third Floor
                     New York, New York 10007
                     Telephone Nos. (212) 637-2696/2769/2689
                     Facsimile Nos. (212) 637-2702/2786/2717
                     cristine.phillips@usdoj.gov
                     andrew.krause@usdoj.gov
                     lauren.lively@usdoj.gov

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/05/2022 10:30 PM

Page 410 of 863 Page ID INDEX NO. 705854/2021
#: 1107

NYSCEF DOC. NO. 20

RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/05/2022

# EXHIBIT
# "B"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
FILED: QUEENS COUNTY CLERK 10/05/2022 09:35 AM INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
Page 411 RECEIVED NYSCEF: 12/07/2022
#: 1108
RECEIVED NYSCEF: 10/05/2022



2010012200281001001E99D5

## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

### RECORDING AND ENDORSEMENT COVER PAGE
PAGE 1 OF 5

| | | |
|---|---|---|
| Document ID: **2010012200281001** | Document Date: 10-29-2009 | Preparation Date: 01-22-2010 |

Document Type: ASSIGNMENT, MORTGAGE
Document Page Count: 3

| PRESENTER: | RETURN TO: |
|---|---|
| PARAMOUNT LAND, INC., | PARAMOUNT LAND, INC., |
| PICK UP BY MICHAEL FINN | PICK UP BY MICHAEL FINN |
| 584 MAIN STREET | 584 MAIN STREET |
| ISLIP, NY 11751 | ISLIP, NY 11751 |
| 631-224-1345 | 631-224-1345 |
| kwalker@paramountland.com | kwalker@paramountland.com |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address | |
|---|---|---|---|---|---|
| QUEENS | 11417 | 4513 | Entire Lot | 5N | 87-10 149TH AVENUE |

Property Type: 1- 2 FAM WITH ATTCH GAR &/OR VACANT LAND

### CROSS REFERENCE DATA

CRFN: 2007000282440

### PARTIES

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. | BAC HOME LOANS SERVICING, LP |
| 3300 SOUTHWEST 34TH AVENUE, SUITE 101 | 7105 CORPORATE DRIVE, PTX-B-32 |
| OCALA, FL 34474 | PLANO, TX 75024 |
| x Additional Parties Listed on Continuation Page | |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | | |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 0.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 0.00 | | | |
| MTA: | $ | 0.00 | | | |
| NYCTA: | $ | 0.00 | | | |
| Additional MRT: | $ | 0.00 | | | |
| TOTAL: | $ | 0.00 | | | |
| Recording Fee: | $ | 52.00 | | | |
| Affidavit Fee: | $ | 0.00 | | | |

RECORDED OR FILED IN THE OFFICE
OF THE CITY REGISTER OF THE
CITY OF NEW YORK
Recorded/Filed          01-29-2010 16:30
City Register File No.(CRFN):
**2010000034349**

*Jannette M Hill*

*City Register Official Signature*

NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/05/2022 03:55 PM
Page 412 of 863
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 10/05/2022
#: 1109



| NYC DEPARTMENT OF FINANCE OFFICE OF THE CITY REGISTER | |
|---|---|
| | 2010012200281001001C9B55 |

| RECORDING AND ENDORSEMENT COVER PAGE (CONTINUATION) | | PAGE 2 OF 5 |
|---|---|---|
| Document ID: 2010012200281001 | Document Date: 10-29-2009 | Preparation Date: 01-22-2010 |
| Document Type: ASSIGNMENT, MORTGAGE | | |

**PARTIES**
**ASSIGNOR/OLD LENDER:**
COUNTRYWIDE HOME LOANS, INC.
3300 SOUTHWEST 34TH AVENUE, SUITE 101
OCALA, FL 34474

FILED: QUEENS COUNTY CLERK 10/05/2022 02:55 PM
Page 413 of 863 NO. 705854/2021
#: 1110
RECEIVED NYSCEF: 10/05/2022

# ORIGINAL

RR&A # 09-117526
COUNTY: Queens
BLOCK: 11417
LOT: 4513

Form 8021*-Assignment of Mortgage without Covenant-
Individual or Corporation (Single Sheet)

**CONSULT YOUR LAWYER BEFORE SIGNING THIS INSTRUMENT-**
THIS INSTRUMENT SHOULD BE USED BY LAWYERS ONLY.

KNOW THAT

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC** a corporation organized and existing under the laws of the United States of America whose principal place of business is **3300 SW 34TH AVENUE, SUITE 101, OCALA, FL 34474**
assignor,

in consideration of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration, paid by

**BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP** a corporation whose principal place of business is **7105 CORPORATE DRIVE, PTX-B-32, PLANO, TX 75024,**
assignee,

hereby assigns unto the assignee, a certain Mortgage dated April 24, 2007, made by ASHMEEN MODIKHAN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC in the principal sum of $179,000.00 and recorded on May 31, 2007 in CRFN 2007000282440 of Mortgages, Page in the Office of the Clerk of the County of Queens covering premises known as 8710 149TH AVENUE, HOWARD BEACH, NY 11414.

This assignment is effective as of _November 7, 2008_.

This assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

TOGETHER with the bond or note or obligation described in said mortgage, and the moneys due and to grow due thereon with the interest; TO HAVE AND TO HOLD the same unto the assignee and to the successors, legal representatives and assigns of the assignee forever.

The word "assignor" or "assignee" shall be construed as if it read "assignors" or "assignees" whenever the sense of this instrument so requires.

DATED: OCT 2 9 2009

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC

By: _____
Donald Clark, Asst. Vice President

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/05/2022 04:56 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/05/2022
Page 414 of 863 Page 45
#: 1111

(General Acknowledgment for documents executed and notarized in <u>New York State Only</u>)

ACKNOWLEDGMENT

State of New York )
County of _____)ss.

    On the _____ day of _____ in the year _____ before me, the undersigned, personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in hisher heir capacity(ies), that by hisher heir signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Signature

**(General Acknowledgment for documents executed and notarized <u>outside of New York State, except California</u>)**

ACKNOWLEDGMENT

State of _____~~TEXAS~~_____ }
County of _____~~COLLIN~~_____ } ss.

    On the _____ day of **OCT 2 9 2009** in the year _____ before me, the undersigned, personally appeared **Donald Clark, Asst. Vice President**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is(are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in hisher heir capacity(ies), that by hisher heir signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the City of ___**PLANO**___, State of ___**Texas**___

_____
Notary Signature

Azfar Siddiqui
Notary Public
STATE OF TEXAS
My Comm. Exp. Nov. 16, 2010

**SEAL**

**(General Acknowledgment for documents executed and notarized in <u>California</u>)**

ACKNOWLEDGMENT

State of California }
County of _____} ss.

On _____, before me, _____, Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____
Notary Signature

FILED: QUEENS COUNTY CLERK 10/05/2022 09:35 PM

Page 415 of 863 INDEX NO. 705854/2021
#: 1112

RECEIVED NYSCEF: 10/05/2022

Assignment of Mortgage
Without Covenant

BLOCK: 11417

LOT: 4513

TITLE NO.

==============================

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC

TO

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING LP

==============================

COUNTY OR TOWN: Queens
PROPERTY ADDRESS: 8710 149TH
AVENUE, HOWARD BEACH, NY 11414

RECORD AND RETURN TO:

Bank of America f/k/a Countrywide Home
Loans, Inc.
C/O Rosicki,Rosicki and Associates
51 E Bethpage Road, Plainview, NY 11803

NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/05/2022 03:05 PM
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/05/2022

# EXHIBIT "C"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/08/2022 09:00 AM Page 417 of 863 Page05854/2021
NYSCEF DOC. NO. 20 #. 1114 RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/08/2022



**Supreme Court of the State of New York, Queens County**
**88-11 Sutphin Boulevard, Jamaica, New York 11435**

**Residential Foreclosure Part**

ASHMEEN MODIKHAN - Prose
8710 149TH AVE. APT. 5N
HOWARD BEACH, NY 11414

Dear Queens Homeowner :                                      **Index Number: 0000301/2010**

A mortgage foreclosure case has been started against you by your mortgage lender. It is important that you do not
ignore this notice, or any court papers that you receive or **YOU MAY LOSE YOUR HOME.** **Free Help is**
**available. You should get help immediately either by contacting one of the organizations listed below or by**
**retaining your own lawyer.**

**A Settlement Conference With You and Your Lender Is Scheduled**

Under the law, a Court conference must be held with you and your lender to see if the case can be resolved. You
must appear on **4/28/2010 AT 9:30 AM in Courtroom 42A.** **Please call 718-298-1092 one week**
**before your conference date to let the Court know that you will attend the conference. *It is very important***
***that you attend this conference even if you have spoken with your lender about your foreclosure.***

**Required Housing Counseling Meeting**

- A housing counseling meeting with **Brooklyn Housing & Family Services (718-298-0325)** has been
  scheduled for you on **4/8/10 AT 11:00 AM in Room 25C** in the Queens County Supreme
  Court at the address listed above to help you prepare for your conference.

**What to Bring to the Housing Counseling Meeting and Court Conference**

It is important that you arrive at the Housing Counseling Meeting and Court Conference ready to discuss the facts
of your case. To help the housing counselor and the court, please bring copies of the following documents if you
have them :

- Current Mortgage Statement for Loan; Correspondence from lender regarding your past due status;
- Closing Package including Mortgage/ Note/ Riders/ HUD-1 Statement from last closing;
- Pay Stubs for past 30 days; W2's/ Tax Returns for past 2 years, Proof of other income, such as alimony, child
  support, disability; Lease(s) for tenants;
- Bank Statements for 2 months (all accounts); Bills/ Expenses being paid currently, including credit cards, car
  note, etc. (copy of each monthly statement); most recent property tax statements.
- Credit Report (if done recently); Hardship letter explaining why you fell behind on the monthly payments;
- Loan resolution proposals, applications, and other information resulting from previous workout attempts.

**Responding to Court Papers**

You must also respond to any court papers you receive. The number of days you have to respond is stated in the
court paper called "Summons". Make sure you meet the deadline given in the Summons and any other deadline set
by law .

**Help is Available**

- **The Legal Aid Society:** If you are **under 60 years old,** you may call Legal Aid at 718-286-2487 to set
  up an appointment.
- **Legal Services for the Elderly in Queens:** If you are **60 or older,** you may call Legal Services for the

El Tribunal Supremo del Estado de New York, Condado de Queens
88-11 Sutphin Boulevard, Jamaica, New York 11435

### Sala de Ejecución Hipotecaria de Vivienda

**Número de índice: 0000301/2010**

Estimado Propietario de Vivienda en el Condado de Queens:

Su acreedor ha comenzado una acción de ejecución hipotecaria en su contra. **PUEDE PERDER SU HOGAR**; es importante que no ignore este aviso, u otros documentos que reciba del tribunal. **Hay ayuda gratis disponible. Debe buscar ayuda inmediata, por medio de una de las organizaciones listadas o contratando su propio abogado.**

#### Se ha programado una conferencia de conciliación entre usted y su acreedor
Según la ley, tiene que haber una conferencia de conciliación entre usted y su acreedor para ver si su caso puede resolverse. Debe presentarse el día **4/28/2010 a las 9:30 AM en el la Sala 42A**. Por favor llame al **718-298-1092** una semana antes de la cita de su conferencia para confirmar con el Juzgado que asistirá. **Es muy importante presentarse a esta conferencia aunque haya hablado con su acreedor acerca de la ejecución hipotecaria.**

#### Reunión Obligatoria de Asesoría de Vivienda
Se le ha programado una reunión de asesoría de vivienda con **Brooklyn Housing & Family Services** (Servicios para Viviendas y Familias de Brooklyn) **(718-298-0325)** el día **4/8/10 AT 11:00 AM en la Sala 25C** en el Tribunal Supremo en la dirección arriba citada, para ayudarle a preparar para la conferencia,

#### Qué necesita traer a la reunión de asesoría de vivienda y a la conferencia en el Tribunal
Es importante que llegue preparado(a) a la reunión de asesoría de vivienda y a la conferencia en el Tribunal para hablar acerca de su caso. Si tiene los siguientes documentos disponibles, favor de traerlos consigo para que les sean útiles al asesor de vivienda y al tribunal:
- Estado de cuenta actual de su hipoteca; correspondencia de su acreedor con respecto a sus atrasos.
- Documentos del cierre incluyendo hipoteca/pagaré/cláusulas/estado de cuenta HUD-1 del último cierre;
- Talonarios de sueldo de los últimos 30 días; W2/ Planillas de declaración de impuestos de los últimos 2 años, comprobantes de otros ingresos, tales como pensión alimenticia (para ex-cónyuges)/sustento para hijos, beneficios por discapacidad; contrato de arrendamiento de inquilinos
- Extractos de todas cuentas bancarias de los últimos dos meses; facturas/gastos actuales, incluyendo tarjetas de crédito, pagaré de automóvil, etc (copia de cada extracto mensual de cuentas)
- Informe reciente de una agencia de crédito; una carta explicando su penuria económica y porqué se atrazó en sus pagos mensuales
- Plan para resolución del préstamo, solicitudes, y otra información con respecto a sus intentos anteriores de resolución.

#### Contestación a los Documentos del Tribunal
Debe responder a cualquier documento que reciba del tribunal. Los documentos le indican los días que tiene para responder en la parte titulada 'Summons'. Asegúrese de cumplir con el plazo dado en el papel titulado 'Summons'y cualquier otro plazo fijado por la ley.

#### Hay Ayuda Disponible
- **The Legal Aid Society:** (Sociedad de Ayuda Legal) Si es menor de 60 años de edad, puede llamar al 718-286-2487 para hacer una cita.
- **Legal Services for the Elderly in Queens** (Servicios Legales para Personas de Edad en el Condado de Queens): Si tiene más de 60 años de edad, puede llamar al 718-286-1512 para hacer una cita.
- **Court Help Center** (La Oficina del Autorepresentado): Se encuentra en el Tribunal, 88-11 Sutphin Boulevard, Jamaica, Queens, Sala 100, teléfono 718-298-1024. Esta oficina le puede ayudar al darle



Supreme Court of the State of New York, Queens County
88-11 Sutphin Boulevard, Jamaica, New York 11435

**Residential Foreclosure Part**

ASHMEEN MODIKHAN - Prose
8710 149TH AVE. APT. 5N
HOWARD BEACH, NY 11414

Dear Queens Homeowner :                          Index Number: 0000301/2010

A mortgage foreclosure case has been started against you by your mortgage lender. It is important that you do not ignore this notice, or any court papers that you receive or **YOU MAY LOSE YOUR HOME.** Free Help is available. You should get help immediately either by contacting one of the organizations listed below or by retaining your own lawyer.

**A Settlement Conference With You and Your Lender Is Scheduled**
Under the law, a Court conference must be held with you and your lender to see if the case can be resolved. You must appear on **4/28/2010 AT 9:30 AM in Courtroom 42A.** Please call 718-298-1092 one week before your conference date to let the Court know that you will attend the conference. *It is very important that you attend this conference even if you have spoken with your lender about your foreclosure.*

**Required Housing Counseling Meeting**
■  A housing counseling meeting with **Brooklyn Housing & Family Services (718-298-0325)** has been scheduled for you on **4/8/10 AT 11:00 AM in Room 25C** in the Queens County Supreme Court at the address listed above to help you prepare for your conference.

**What to Bring to the Housing Counseling Meeting and Court Conference**
It is important that you arrive at the Housing Counseling Meeting and Court Conference ready to discuss the facts of your case. To help the housing counselor and the court, please bring copies of the following documents if you have them :
■ Current Mortgage Statement for Loan; Correspondence from lender regarding your past due status;
■ Closing Package including Mortgage/ Note/ Riders/ HUD-1 Statement from last closing;
■ Pay Stubs for past 30 days; W2's/ Tax Returns for past 2 years, Proof of other income, such as alimony, child support, disability; Lease(s) for tenants; ·
■ Bank Statements for 2 months (all accounts); Bills/ Expenses being paid currently, including credit cards, car note, etc. (copy of each monthly statement); most recent property tax statements;
■ Credit Report (if done recently); Hardship letter explaining why you fell behind on the monthly payments;
■ Loan resolution proposals, applications, and other information resulting from previous workout attempts.

**Responding to Court Papers**
You must also respond to any court papers you receive. The number of days you have to respond is stated in the court paper called "Summons". Make sure you meet the deadline given in the Summons and any other deadline set by law .

**Help is Available**
■  **The Legal Aid Society:** If you are under 60 years old, you may call Legal Aid at 718-286-2487 to set up an appointment.
■  **Legal Services for the Elderly in Queens:** If you are 60 or older, you may call Legal Services for the Elderly at 718-286-1512 to set up an appointment.
■  **Court Help Center:** 718-298-1024, located in the courthouse, at 88-11 Sutphin Blvd., Jamaica, Queens, Room 109, also can assist you by providing information about the foreclosure process as well as sample court forms and instructions. If you plan to visit this office, please bring this letter along with any court papers you may have received and your mortgage documents.
■  **City Bar Justice Center, Foreclosure Project :** 1-212-382-6766
■  **NYS Division of Housing and Community Renewal Website** (List of Housing Counseling Agencies) **http://www.dhcr.state.ny.us/Programs/ForeclosurePrevention/CounselListing.htm#a4t**

If you have a question about anything contained in this letter, please call the Residential Foreclosure Part at : **718-298-1092.**                          Dated:        Mar 12, 2010

FILED: QUEENS COUNTY CLERK 10/05/2022 03:55 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 20 RECEIVED NYSCEF: 10/05/2022

# EXHIBIT
# "D"

FILED: QUEENS COUNTY CLERK 10/05/2022 01:30 PM
Page 421
#: 1118
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/05/2022
HFHSANOH 12831 02/18/2011



**Bank of America**

**Home Loans**

Mail Stop, CA6-919-01-41
P.O. Box 5170
Simi Valley, CA 93062-5170



000)))) 0000-000 010707
ASHMEEN MODIKHAN
9422 MAGNOLIA CT # 1B
OZONE PARK      NY 11417

**Notice Date:**      February 14, 2012

**Account No.:**      167004017

**Property Address:**
8710 149TH AVENUE
HOWARD BEACH, NY 11414

---

**NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF OWNERSHIP OF MORTGAGE LOAN**

In this Notice, the terms "we", "us" or "our" mean the new Creditor identified below. This Notice is provided by us or on our behalf.

Federal law requires that borrowers receive a written notice whenever ownership of a loan secured by their principal dwelling is assigned, sold or transferred (collectively "transferred") to a new creditor. You are receiving this Notice because your prior creditor transferred your loan (described below) to us. You may contact your prior creditor, or the servicer of your loan, if you want to confirm the transfer.

It is important that you understand the difference between the creditor and the servicer of your loan:

- The creditor owns your loan.
- The servicer collects your mortgage payments, sends you billing statements, and provides the day-to-day administration of your loan as a contractor on the creditor's behalf.

**Note: The transfer of your loan may or may not also result in a change of the servicer. If the servicer is changing, you will receive a separate notice with additional information as required by law.**

**You should continue to send your loan payments as directed by your servicer - do not send your loan payments to our mailing address. If you have any questions regarding your loan or the servicing of your loan you should first contact the servicer at the servicer's mailing address or telephone number set forth directly below.** The servicer is authorized to handle most routine inquiries and requests. In those cases where the servicer does not have authority to make decisions or otherwise act independently on our behalf in response to your request, the servicer does have the authority to gather relevant information from you, consult with us about your request and communicate our decision.

This communication is from Bank of America, N.A., the servicer of your home loan.

FILED: QUEENS COUNTY CLERK 10/08/2022 09:30 PM
#: 1119

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/08/2022

Page 422 of 863

1.  Servicer's Name: Bank of America, N.A.
    Servicer's Mailing Address (not for payments unless otherwise directed):
    Attention:        Customer Service Correspondence Unit, CA6-919-01-41
                      P.O. Box 5170
                      Simi Valley, CA  93062-5170
    Servicer's Telephone Number (Toll free):  (800)669-6607

2.  Origination Date of Loan:          4/30/2007
    Original Amount of Loan:           $179,000.00
    Address of Mortgaged Property:    8710 149TH AVENUE

3.  Date Your Loan was Transferred to the New Creditor: 2/6/2012

4.  New Creditor's Name:  Bank of America, N.A.
    New Creditor's Mailing Address (not for payments):
    Attention:        Customer Service Correspondence Unit, CA6-919-01-07
                      PO Box 5170
                      Simi Valley, CA  93062
    New Creditor's Physical Address (not for payments):
    Attention:        Customer Service Correspondence Unit, CA6-919-01-07
                      450 American Street
                      Simi Valley, CA  93065
    New Creditor's Telephone Number (Toll free):  (800)669-6607

5.  If we have granted an agent other than the servicer with authority to act on our behalf,
    that agent's contact information will appear below:
    Agent's Name:
    Agent's Address:

    Agent's Telephone Number (Toll free):

6.  The transfer of your loan is recorded on our books and records.  Additionally, the transfer
    of the lien associated with your loan is currently reflected, or in the future may be reflected,
    in the public records of the local County Recorder's office where your property is located. If
    checked ☒, ownership of your loan is also recorded on the registry of Mortgage Electronic
    Registrations Systems, Inc., at 1818 Library Street, Suite 300 Reston, VA  20190.

FILED: QUEENS COUNTY CLERK 10/05/2022 09:56 AM
Page 423 of 863

RECEIVED NYSCEF: 10/05/2022

# EXHIBIT
## "E"

Bank of America
Home Loans

P.O. Box 5170
SIMI VALLEY, CA 93062-5170

0001646-0014661 LBTRP 001 ------ 062734

ASHMEEN MODIKHAN
9422 MAGNOLIA CT 1B
OZONE PARK, NY 11417

C3_1678_PSGSRL01 P5019 04/24/2012

*Send Correspondence to:*
P.O. Box 5170
Simi Valley, CA 93062-5170

*Business Address:*
450 American Street
Simi Valley, CA 93065-6285

**Notice Date:** September 12, 2012

**Loan No.:** 167004017

**Property Address:**
8710 149th Avenue
Howard Beach, NY 11414

---

**IMPORTANT MESSAGE ABOUT YOUR HOME LOAN**

Dear ASHMEEN MODIKHAN,

We are writing to inform you that your mortgage loan noted above will be transferred to a new servicer for the handling of all loan servicing needs such as billing, payment processing, and customer support. **Beginning October 01, 2012, your new servicer will be Ocwen Loan Servicing, LLC.** The enclosed notice outlines the important dates and contact information you will need for the transition to your new servicer.

Please be assured that this transfer does not affect any other terms or conditions of your mortgage loan, only those terms related to the servicing of the loan. This servicing transfer only applies to the loan noted above. Other home loan accounts you may have with us will not be affected by this change unless you are specifically notified.

---

**WHAT THIS MEANS FOR YOU**

**Your loan number and payment information will change**
- Through September 30, 2012, you will continue to make your monthly payment as usual.
- Ocwen Loan Servicing, LLC will begin accepting payments on October 01, 2012. Around this date, please look for further information from Ocwen Loan Servicing, LLC. including your new loan number.
- If you have a payment due before you receive a billing statement from Ocwen Loan Servicing, LLC, write your new loan number on your check and mail it to the payment address shown on the enclosed notice. (Until you receive a new loan number, you may write your old loan number on the check.)
- Any automatic payments set up with us through the PayPlan programs will be discontinued as of September 30, 2012. Please look for instructions from Ocwen Loan Servicing, LLC or contact them on or after October 01, 2012 to determine what payment options they may offer.
- If you make payments through Bank of America Online Banking or any online banking or bill payment service, you will need to update your loan number and payee information for Ocwen Loan Servicing, LLC on or after October 01, 2012.

**Your loan account access will no longer be available through Bank of America**
- You will no longer be able to make your payment at a Bank of America banking center on the mortgage loan being transferred. In addition, your mortgage loan information will not be available through Bank of America Online Banking.

If you have any questions or need assistance prior to October 01, 2012, please call Bank of America, N.A., toll-free at 1-800-669-6607, Monday-Friday 7a.m. - 7p.m. Local Time.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/05/2022 03:48 PM
#: 1122

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Page 425 INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/05/2022

**Additional important information**

- If your payments include any **optional products or insurance** such as accidental death, home warranty, identity theft, unemployment insurance, etc., please read the enclosed notice carefully.
- For customers currently **participating in or being considered for a loan modification program**, we will transfer any supporting documentation you may have submitted to us to Ocwen Loan Servicing, LLC. You should continue to make your payments to Bank of America, N.A. through September 30, 2012. On or after October 01, 2012, your payments should be made to Ocwen Loan Servicing, LLC unless you are provided additional direction. All information regarding **other foreclosure avoidance programs** (e.g., forbearance, short sale, refinance or deed in lieu of foreclosure) will also be forwarded to Ocwen Loan Servicing, LLC for processing. If your loan was awaiting a decision regarding qualification for these programs, that decision will now be made by Ocwen Loan Servicing, LLC. Please be advised that this transfer may extend the time needed for a final decision on pending modification or other foreclosure prevention program requests.

**Legal Notice**

As a result of this servicing transfer, we have enclosed the Real Estate Settlement Procedures Act (RESPA) Servicing Transfer Notice. No action is required on your part in response to the notice, but we recommend you retain the notice for your records.

**THANK YOU**

Beginning October 01, 2012, Ocwen Loan Servicing, LLC can assist you with any questions related to your loan and the transfer of servicing. Ocwen Loan Servicing, LLC's Customer Service can be reached toll-free at 1-800-746-2936, 8:00 AM to 9:00 PM, Eastern Standard Time, Monday through Friday, 8:00 AM to 5:00 PM EST on Saturday, and Noon to 9:00 PM EST on Sunday.

Thank you for your business. We appreciate the opportunity to have served your home loan needs.

Home Loan Team
Bank of America, N.A.

This communication is from Bank of America, N.A., the servicer of your home loan.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector. If you are currently in a bankruptcy proceeding or have received a discharge of the debt referenced above, this notice is for informational purposes only and is not an attempt to collect a debt or demand a payment.

FILED: QUEENS COUNTY CLERK 10/05/2022 02:55 PM
Page 426 of 863 INDEX NO. 705854/2021
#: 1123
RECEIVED NYSCEF: 10/05/2022

Loan No.: 167004017                    Notice Date: September 12, 2012

**NOTICE OF ASSIGNMENT, SALE, OR TRANSFER OF SERVICING RIGHTS**

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, will be assigned, sold or transferred from Bank of America, N.A. to Ocwen Loan Servicing, LLC, effective October 01, 2012.

The assignment, sale or transfer of the servicing of your mortgage loan does not affect any terms or conditions of the mortgage instruments, other than those terms directly related to the servicing of your loan. Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

**YOUR SERVICER PRIOR TO OCTOBER 01, 2012:**

Your *present servicer* is Bank of America, N.A. If you have any questions relating to the transfer of servicing from your present servicer, please call Bank of America, N.A. Customer Service at 1-800-669-6607, Monday-Friday 7a.m. - 7p.m. Local Time. This is a toll-free number.

**YOUR NEW SERVICER ON AND AFTER OCTOBER 01, 2012:**

Your *new servicer* will be Ocwen Loan Servicing, LLC. The business address for Ocwen Loan Servicing, LLC is: 1661 Worthington Road, Suite 100 West Palm Beach FL 33409.

Toll-free Number
The toll-free telephone number of Ocwen Loan Servicing, LLC is 1-800-746-2936. If you have any questions relating to the transfer of servicing to your new servicer, please call Ocwen Loan Servicing, LLC Customer Service toll-free at 1-800-746-2936, 8:00 AM to 9:00 PM, Eastern Standard Time, Monday through Friday, 8:00 AM to 5:00 PM EST on Saturday, and Noon to 9:00 PM EST on Sunday.

Address for Correspondence (other than payments)
The address to send written correspondence to Ocwen Loan Servicing, LLC (other than payments) is: Ocwen Loan Servicing, LLC, ATTN: Customer Care Center P.O. BOX 24738 West Palm Beach FL 33416-4738.

Address for Mailed Payments
The address to send payments to Ocwen Loan Servicing, LLC is: Ocwen Loan Servicing, LLC, ATTN: Payment Processing, P.O. Box 6440 Carol Stream IL 60197-6440. Please include your loan number on all checks, cashier's checks and other payments sent to Ocwen Loan Servicing, LLC.

**INFORMATION CONCERNING YOUR LOAN PAYMENTS:**

The date that Bank of America, N.A. will stop accepting payments from you is September 30, 2012.

The date that your *new servicer* Ocwen Loan Servicing, LLC will start accepting payments from you is October 01, 2012. Send all payments due on or after that date to your *new servicer*.

**INFORMATION ABOUT OPTIONAL INSURANCE PRODUCTS:**

The transfer of servicing rights may affect the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance in the following manner: Bank of America, N.A. will no longer make payments to the insurance company on your behalf. As a result, your coverage will be cancelled.

You should take the following action to maintain coverage: Coverage will be cancelled. To see if it is possible to maintain coverage, you will need to contact your *new servicer* to discuss coverage options. You may also contact your insurance provider to find out if other billing options can be arranged.

FILED: QUEENS COUNTY CLERK 10/05/2022 09:08 PM
Page 427 of 863
#. 1124
RECEIVED NYSCEF: 10/05/2022

## ABOUT YOUR RIGHTS UNDER RESPA

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding Bank of America, N.A.'s servicing of your loan, it must be sent to this address:

**Bank of America, N.A.**
**Customer Service Correspondence, CA6-919-01-41**
**P.O. Box 5170**
**SIMI VALLEY, CA 93062-5170**

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business-Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

Bank of America, N.A. Member FDIC. Equal Housing Lender. © 2012 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved. Some products may not be available in all states. This is not a commitment to lend. Restrictions apply.

FILED: QUEENS COUNTY CLERK 10/05/2022 09:56 AM
Page 428 of 863
RECEIVED NYSCEF: 10/05/2022

# EXHIBIT
# "F"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705870/2021
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/05/2022 09:16 AM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
RECEIVED NYSCEF: 10/05/2022

Page 429 of 863
#: 1126



**O C W E N**

7/11/2013

Ocwen Loan Servicing, LLC
1661 Worthington Rd, Suite 100
West Palm Beach, FL 33409
www.ocwen.com

Ashmeen Modikhan
9422 Magnolia Ct # 1b
Ozone Park, NY 11417

RE: Loan Number:     7130856813
Property Address:     8710 149th Ave, Howard Beach, NY 11414

Your above-referenced mortgage loan was sold on 6/14/2013. It is now owned by BofA Merrill Lynch Asset Holdings, Inc. ("the New Creditor"). The sale does not change the terms of your loan or your contractual obligations as described in your mortgage loan documents. The contact information for BofA Merrill Lynch Asset Holdings, Inc:

BofA Merrill Lynch Asset Holdings, Inc.
Customer Service Correspondence Unit, CA6-919-02-41
PO Box 5170
Simi Valley, CA 93062
(800) 669-6607

An assignment of mortgage may be recorded in connection with the sale of your loan. If any such recording takes place, it will occur in the real property records of the county in which your mortgage was originally recorded.

The New Creditor does not service your mortgage loan. All correspondence and inquiries concerning your mortgage loan should be addressed to the loan servicer. The servicer has authority to act on the New Creditor's behalf with regard to the administration of your mortgage loan and respond to any questions about your mortgage loan.

The servicer of your mortgage loan has not changed and continues to be Ocwen Loan Servicing, LLC. Your loan servicer is authorized to receive all notices and to resolve issues regarding your mortgage loan including those relating to payments on your loan. The contact information for Ocwen Loan Servicing, LLC is:

Ocwen Loan Servicing, LLC
PO Box 24737
West Palm Beach, FL 33416-4646

If you have a question, please call 1-800-746-2936 (Hours of Operations: Monday to Friday 8am EST to 9pm EST, Saturday 8am EST to 5pm EST and Sunday 12pm EST to 9pm EST)

Sincerely,

Ocwen Loan Servicing, LLC

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*

OLS# 7130856813                                                                                                    NMLS# 1852

FILED: QUEENS COUNTY CLERK 10/03/2022 00:55 PM
#: 1127

Page 430 of 863 PageID

RECEIVED NYSCEF: 10/03/2022

# EXHIBIT
# "G"

FILED: QUEENS COUNTY CLERK 10/05/2022 03:35 PM
Page 431 of 863
RECEIVED NYSCEF: 10/05/2022
#: 1128



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2014012901018001003EBF83

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 2 |
|---|---|

| Document ID: 2014012901018001 | Document Date: 01-28-2014 | Preparation Date: 06-06-2014 |
|---|---|---|
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 1 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| INDECOMM GLOBAL SERVICES | INDECOMM GLOBAL SERVICES |
| 2925 COUNTRY DRIVE | 2925 COUNTRY DRIVE |
| ST. PAUL, MN 55117 | ST. PAUL, MN 55117 |
| 651-765-6408 | 651-765-6408 |
| SPECIALSERVICES@INDECOMM.NET | SPECIALSERVICES@INDECOMM.NET |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11417 | 4513 | Entire Lot 5N | 8710 149TH AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

**CROSS REFERENCE DATA**

CRFN: 2007000282440

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| BANK OF AMERICA NA | CHRISTIANA TRUST, A DIVISION OF WILMINGTON |
| 7105 CORPORATE DRIVE | SAVINGS |
| PLANO, TX 75024 | 402 STRAND STREET |
| | FREDERIKSTED 00820 |
| | VIRGIN ISLANDS, US |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 1.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 1.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | RECORDED OR FILED IN THE OFFICE | |
| MTA: | $ | 0.00 | OF THE CITY REGISTER OF THE | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | |
| Additional MRT: | $ | 0.00 | Recorded/Filed 06-13-2014 13:15 | |
| TOTAL: | $ | 0.00 | City Register File No.(CRFN): | |
| Recording Fee: | $ | 42.00 | 2014000203670 | |
| Affidavit Fee: | $ | 0.00 | | |

*City Register Official Signature*

FILED: QUEENS COUNTY CLERK 10/05/2022 02:55 PM   Page 432 INDEX NO. 705854/2021
#: 1129   RECEIVED NYSCEF: 10/05/2022

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

## Assignment of Mortgage

7919a469

Dated: January 28, 2014                                                Loan: 7130856813

For value received Bank of America, N.A. successor by merger to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, by Indecomm Global Services Its attorney in fact, 7105 Corporate Drive, Plano, TX 75024, the undersigned hereby grants, assigns and transfers to Christiana Trust, a division of Wilmington Savings Fund Society, FSB, not in its individual capacity but as Trustee of ARLP Trust 3, in c/o Attlsource Asset Management Corporation, 402 Strand Street, Frederiksted, VI 00820, all beneficial interest under a certain Mortgage dated April 24, 2007 executed by ASHMEEN MODIKHAN to Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. and recorded in Book XX on Page(s) XX as Document Number 2007000282440 on May 31, 2007 of the official records of the County Clerk of Queens County, New York.

MORTGAGE AMOUNT: $179,000.00
PROPERTY ADDRESS: 8710 149th Avenue, Howard Beach, NY 11414
BLOCK: 11417
LOT: 4513

(1) This mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP dated 10/29/2009 and recorded on 1/29/2010 under CRFN: 2010000034349 in Queens County records.

This Assignment is not subject to the requirements of Section 275 of the Real Property Law because it is an assignment within the secondary mortgage market.

Bank of America, N.A. successor by merger to BAC
Home Loans Servicing, LP f/k/a Countrywide Home
Loans Servicing, LP, by Indecomm Global Services
Its attorney in fact

*POA RECORDED ON 4/15/2014 UNDER DOC# 201400012946*

By: _____
Nhia Indiati Moua,
Assistant Secretary

STATE OF Minnesota        )
                          ) SS        *U04488562*
COUNTY Ramsey            )

On the 28th day of January in the year 2014 before me, the undersigned personally appeared Nhia Indiati Moua , Assistant Secretary personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, and that by his/her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the Instrument.

Prepared By:
Sam Strandmo
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

Pang Mee Yang, Notary Public
My Commission expires: January 31, 2017

SEAL

PANG MEE YANG
Notary Public-Minnesota
My Commission Expires Jan 31, 2017

FILED: QUEENS COUNTY CLERK 10/05/2022 09:57 AM
Page 433 of 863 PageID
# 1130
RECEIVED NYSCEF: 10/05/2022

# EXHIBIT
# "H"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 20                                  RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/06/2022 01:05 PM    Page 434 INDEX3NO. 705854/2021
NYSCEF DOC. NO. 20                                  #: 1131    RECEIVED NYSCEF: 10/06/2022



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

2014072400489001001E25F9

| RECORDING AND ENDORSEMENT COVER PAGE | | PAGE 1 OF 3 |
|---|---|---|
| Document ID: 2014072400489001 | Document Date: 05-08-2014 | Preparation Date: 07-24-2014 |
| Document Type: ASSIGNMENT, MORTGAGE | | |
| Document Page Count: 2 | | |

| PRESENTER: | RETURN TO: |
|---|---|
| REGENCY PROCESS<br>761 KOEHLER AVE STE A<br>7130856813<br>RONKONKOMA, NY 11779<br>631-981-4400<br>LEOVIERO@NATIONWIDECOURTSERVICE.COM | REGENCY PROCESS<br>761 KOEHLER AVE STE A<br>7130856813<br>RONKONKOMA, NY 11779<br>631-981-4400<br>LEOVIERO@NATIONWIDECOURTSERVICE.COM |

**PROPERTY DATA**

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11417 | 4513 Entire Lot | 5N | 87-10 149TH AVENUE |
| Property Type: SINGLE RESIDENTIAL CONDO UNIT | | | | |

**CROSS REFERENCE DATA**

CRFN: 2007000282440

**PARTIES**

| ASSIGNOR/OLD LENDER: | ASSIGNEE/NEW LENDER: |
|---|---|
| BANK OF AMERICA<br>C/O OCWEN LOAN, 5720 PREMIER PARK DR<br>WEST PALM BEACH, FL 33407 | CHRISTIANNA TRUST<br>C/O OCWEN LOAN, 5720 PREMIER PARK DR<br>WEST PALM BEACH, FL 33407 |

**FEES AND TAXES**

| Mortgage : | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 0.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ | 0.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | | $ 0.00 |
| TAXES: County (Basic): | $ | 0.00 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 0.00 | | $ 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 0.00 | | |
| MTA: | $ | 0.00 | | |
| NYCTA: | $ | 0.00 | | |
| Additional MRT: | $ | 0.00 | | |
| TOTAL: | $ | 0.00 | | |
| Recording Fee: | $ | 47.00 | | |
| Affidavit Fee: | $ | 0.00 | | |

**RECORDED OR FILED IN THE OFFICE OF THE CITY REGISTER OF THE CITY OF NEW YORK**

Recorded/Filed          08-01-2014 14:27
City Register File No.(CRFN):
2014000254316

*Jeanette M Hill*
**City Register Official Signature**

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/06/2022 02:55 PM

INDEX NO. 705854/2021

Page 435 of 863

RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/06/2022

713085681 3

Prepared by: David Santa / PJ
When Recorded Mail To:
Ocwen Loan Servicing, LLC
5720 Premier Park Dr,
West Palm Beach, FL 33407
Phone Number: 561-682-8835

## ASSIGNMENT OF MORTGAGE
## NEW YORK

This ASSIGNMENT OF MORTGAGE from BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING LP, whose address is c/o Ocwen Loan Servicing, LLC. 5720 Premier Park Dr, West Palm Beach, FL 33407("Assignor") to CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3 whose address is c/o Ocwen Loan Servicing, LLC. 5720 Premier Park Dr, West Palm Beach, FL 33407 ("Assignee").

For the sum of ten dollars ($10.00) cash and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever, all of the rights, title and interest of said Assignor in and to the following instrument describing land therein, duly recorded in the Office of the County Recorder of QUEENS County, State of NEW YORK, as follows:

Borrower: ASHMEEN MODIKHAN
Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.
OPB: $ 179,000.00
Document Date: APRIL 24, 2007
Date Recorded: MAY 31, 2007
Instrument Number: 2007000282440
Property Address: 8710 149TH AVENUE, HOWARD BEACH, NY 11414-1439
Property described as follows:
SECTION: 50 BLOCK: 11417 LOT: 4513

Said Mortgage was assigned from MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. to BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING LP by instrument dated OCTOBER 29, 2009 and recorded on JANUARY 29, 2010 in Instrument # 2010000034349.

Prepared by: David Santa / PJ
When Recorded Mail To:
Ocwen Loan Servicing, LLC
5720 Premier Park Dr,
West Palm Beach, FL 33407
Phone Number: 561-682-8835

If this loan is secured by an interest in a cooperative Apartment, Assignor hereby assigns all of its right, title and interest in and to the Assignment of Lease and Stock Power executed by the borrower(s) in conjunction with the loan.

This Assignment is not subject to the requirement of section two hundred seventy-five (275) and three hundred twenty one (321) of the Real Property Law because it is an assignment within the secondary mortgage market.

This Assignment is made without warranty, express or implied, and without recourse to the Assignor in any event whatsoever.
Dated: __MAY 0 8 2014__

**BANK OF AMERICA, N.A., SUCCESSOR BY**
**MERGER TO BAC HOME LOANS SERVICING, LP,**
**F/K/A COUNTRYWIDE HOME LOANS SERVICING LP**
**BY ITS ATTORNEY IN FACT**
**OCWEN LOAN SERVICING, LLC**

BY: _____
NAME: __Jason R. Berkeley__
TITLE: Authorized Signer

*POA Recorded on June 20th, 2014*
*Under Instrument Number: 201400022160*

STATE OF FLORIDA          )
                          ) SS.
COUNTY OF PALM BEACH      )

On the ___8th___ day of ___May___, in the year 2014, before me, the undersigned, personally appeared ___Jason R. Berkeley___, of 5720 Premier Park Dr, West Palm Beach, FL 33407, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her capacity, that by his/her signature on the instrument, the individual(s) or person upon behalf of which the individual acted, executed the instrument, and that such individual made such appearance before the undersigned in the county of Palm Beach, State of Florida.
Witness my hand and official seal.

_____
Notary – Christian J. Ferrer
State of Florida

Notary Public State of Florida
Christian J Ferrer
My Commission FF 082234
Expires 12/30/2018

FILED: QUEENS COUNTY CLERK 10/03/2022 11:05 AM
#: 1134

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/03/2022

# EXHIBIT

# "I"

FILED: QUEENS COUNTY CLERK 10/08/2022 01:35 PM
NYSCEF DOC. NO. 20

Page 438 of 863

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/08/2022

# : 1135

# ** VACATED BY ORDER ENTERED 2/1/17 **

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – FORECLOSURE PART
PRESENT: MARTIN J. SCHULMAN

Index Number: ___0000301/2010___

---------------------------------------------------------------

**Order Dismissing Action**

BAC HOME LOANS SERVICING LP

Plaintiff(s),

-against-

MODIKHAN, ASHMEEN ETAL.

Defendant(s).

---------------------------------------------------------------

A Foreclosure Status Conference having been scheduled for ___7/23/2014___ before the undersigned, and

the plaintiff having failed to comply with the terms of the Order dated _6/4/14_, it is hereby

ORDERED, that the above-captioned action is dismissed, without prejudice; and it is further

ORDERED, that the County Clerk of the County of Queens is directed, upon payment of the proper fees,

if any, to cancel and discharge a certain Notice of Pendency filed in this action on _1/6/10_

against the property known as BLOCK _11417_, LOT _4513_ and said Clerk is hereby

directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

So Ordered:

Dated: JUL 2 3 2014 _____

_____
MARTIN J. SCHULMAN
J.S.C.

**FILED**

AUG 12 2014

**COUNTY CLERK
QUEENS COUNTY**

FILED: QUEENS COUNTY CLERK 10/03/2022 09:05 PM
#: 1136
Page 439 of 863

RECEIVED NYSCEF: 10/03/2022

# EXHIBIT
# "J"

# QUEENS PROPERTY OWNER, ASHMEEN MODIKHAN, SAYS SHE'S VICTIM OF "MORTGAGE SCAM" IN U.S. BANKRUPTCY COURT

_**MILTON G. ALLIMADI**_ _AUGUST 02, 2022_



**U.S. Bankrupcy Court in the Eastern District. Photos: Black Star News**

FILED: QUEENS COUNTY CLERK 10/05/2022 09:48 PM Page 441 of 863 INDEX NO. 705854/2021
#. 1138
RECEIVED NYSCEF: 10/05/2022



**Ashmeen Modikhan claims she's the victim of a "mortgage scam" that wrongfully sucked tens of thousands of dollars from her workers' compensation award money. With the help of a paralegal in Florida and a retired lawyer in California, she was able to get most but not all of the money back, she says. She says the mortgage scam continues and that now the target is potential proceeds from a personal injury lawsuit she filed seven years ago.**

She alleges that her own lawyers—the one on her personal injury case and another who was supposed to help her in bankruptcy court—have "betrayed" her. What's more, claims Modikhan, the alleged scam operates within the federal bankruptcy court, in the Eastern District of New York, where she had sought protection from what she says were "Illegal wrongful foreclosures" on her three properties. The Florida property was "illegally" foreclosed on in 2009 and two New York properties, in 2010 and 2012.

Modikhan claims the alleged mortgage scam is given the cover of legitimacy because it's being conducted during bankruptcy proceedings in the Eastern District Court right in front of the judges. She says she succeeded in having the first judge who handled her case, Elizabeth S. Stong, removed after she complained in writing to Chief Judge Alan S. Trust.

When the *Black Star News* contacted Judge Trust for comment about Modikhan's claims that she's been a victim of an alleged mortgage scam in the court, spokesperson Yvette Mills says in an e-mail message: "Chief Judge Trust does not comment on matters before him."

FILED: QUEENS COUNTY CLERK 10/08/2022 02:33 PM    Page 442 INDEX NO. 705854/2021
                                        #: 1139      RECEIVED NYSCEF: 10/08/2022

Modikhan claims the current judge, Jill Mazer-Marino, has allowed the parties arrayed against her to file "fraudulent" proofs of claim, using "forged" notes that don't bear original signatures in addition to "false" motions. Modikhan says her path to bankruptcy began after the 2008 great recession, just as it did for millions of other Americans. The properties went underwater and her main source of income was no more.

Modikhan was working as a customer care representative for American Airlines; she also had a job at a travel agency, which she lost. With her remaining one income, Modikhan struggled to make payments on her three properties. With the advice of a lawyer, Modikhan filed for bankruptcy protection through a lawyer named Craig D. Robins in 2012 and the lawyer told her that her debts had been discharged. "That's what the dockets in the bankruptcy court in the eastern district also shows," Modikhan says. Robins didn't return an e-mail message seeking comment.

Yet, a few years later, in 2014 Modikhan started getting letters from several debt collection companies, including Rushmore Loan Management Services LLC, claiming that they were the loan servicers for creditors on her properties. "These are all debt collectors. The are not the real parties of interest—they all pretend to be lenders," she says.

Modikhan hired Aronow Law to represent her, in November 2019, and paid the firm $3,500 as retainer. At the time of signing the retainer agreement she informed the law firm that she had filed a personal injury case against a company called Golden Touch Transportation LLC, as a result of an injury she's suffered while working at American Airlines, and about her workers compensation settlements.

However, she became suspicious when the paralegal at Aronow, Kathryn Venezia told her that before the loan modification was processed—it would be on a trial basis for nine months—Modikhan would have to make monthly payments amounting to tens of thousands of dollars to Aronow Law, Rushmore Loan Management Services, and to Marianne De Rosa, the Chapter 13 Trustee in bankruptcy court.

Modikhan paid Aronow $1,000 per month for the loan modification on each property and De Rosa, the trustee, received $4,800 each month. Modikhan said Hanin R. Shadood, an attorney with the Aronow firm instructed her to set up an electronic system so that her payments could be automatically withdrawn from her checking account. "They all knew this money was coming from my worker's compensation payment, which is supposed to be exempt," she says.

"I kept asking why I was making such huge payments if the loan modification was not yet in place," Modikhan says. "I got e-mails sent from Jessica Mazur, a paralegal from Aronow Law, saying if I didn't make the payments that my case would be dismissed."

FILED: QUEENS COUNTY CLERK 10/05/2022 09:36 AM    INDEX NO. 705854/2021
Page 443 of 863
#: 1140
NYSCEF DOC. NO. 20                                RECEIVED NYSCEF: 10/05/2022

Modikhan claims that to cover up their alleged deception, when the lawyer whom she worked with at Aronow Law, Shadood, submitted documents to the court called a schedule for the loan modification in December 2019, she claimed that she had $63,000 in her checking account when in fact she only had $1,706. Modikhan wasn't aware that the firm had done this until much later. Shadood e-signed the schedule with Modikhan's name and never even showed it to her, she says.

She said Shadood also asked her to provide her three adult working children's pay stubs and bank statements. "I thought this was very strange since my children had nothing to do with my properties," she says. She also found out later that Aronow had not disclosed in the documents the fact that she'd filed a personal injury lawsuit.

During a hearing before then trustee De Rosa on March 4, 2020, the trustee told Modikhan that Shadood was now working for her. "This was very confusing," Modikhan says. "So while working for De Rosa she also remained my attorney on the record until February 3, 2021." During the March 4, 2020 hearing the trustee discussed Modikhan's personal injury lawsuit. Modikhan says the court transcripts deleted the section from the March 4, 2020 hearing where De Rosa says Shadood was now working for her.

Modikhan paid Aronow $1,000 per month and the trustee De Rosa $4,800 per month from December 2019. Then, in August 2020, Aronow instructed Modikhan to start making $2,950 monthly payments to Rushmore for loan modification that the law firm said had been approved for one of her two remaining New York properties—she'd been forced into a short sale of the Florida property. She was told that loan modification for a second property had not yet been approved and that it was being done outside the bankruptcy court.

This means when all the payments were added up—$2,950 to Rushmore, $1,000 to Aronow, and $4,800 to De Rosa—She was shelling out $8,750 a month. Over a period of 13 months, from November 2019 to December 2020, Modikhan says she paid out a total of $90,537 to Aronow, De Rosa, and Rushmore—with the latter's payments starting in August 2020.

"I was being financially raped," she says. Modikhan was desperate. On the internet, she read stories about unsuspecting homeowners who'd lost hundreds of thousands of dollars and their properties in mortgage scams. She watched YouTube videos teaching homeowners how to fight back. She joined several groups of homeowners who'd been victimized in mortgage scams and who held weekly meetings via zoom.

On Dec. 30, 2020, the founder of one of the groups, a retired lawyer named Ron O'Donnell, who's based in California, and educates homeowners, confronted Darren Aronow, in a phone call. "He told Aronow that 'what you're doing to this lady is wrong,'"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 20
NYSCEF DOC. NO. 20

FILED: QUEENS COUNTY CLERK 10/05/2022 09:35 PM
Page 444 of 863 Page 05854/2021
#: 1141
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/05/2022

Modikhan says. On that same day, Aronow filed papers to be relieved as Modikhan's lawyer. "The plaintiff disagreed on the direction of the bankruptcy case. The plaintiff believed Law PC was conspiring with Rushmore, and the plaintiff would no longer communicate with counsel," Aronow wrote; this was to make it appear as if she was the problem, Modikhan says.

The retired lawyer O'Donnell, in one of his weekly sessions, spoke of the importance of accounting which led Modikhan to write letters to demand refund of all her monies, and an accounting, from Aronow, De Rosa, and Rushmore.

Modikhan says Aronow refunded $13,065 on Feb. 25, 2021; and, De Rosa, returned $61,680, on March 19, 2021. "I'm still owed $1,405 from Darren Aronow and $5,520 from Marianne De Rosa," Modikhan says. "Rushmore refused to refund $8,867.26 in payments I made." Darren Aronow of Aronow Law didn't respond to an e-mail message from *Black Star News* seeking comment for this article. Rushmore also didn't respond to a message seeking comment.

Modikhan filed a motion for Judge Stong to recuse herself from the case, twice. It was only after she wrote to Chief Judge Trust that Stong recused herself, she says. Judge Jill Mazer-Marino was assigned to preside over the case.

"You'd think that now that I'd caught the opposing parities deceiving me into making wrongful payments, the first thing Judge Mazer-Marino would do was make sure I got a proper investigation on all involved. Things became worse," Modikhan says. Modikhan initiated an "adversarial action," in essence she sued Darren Aronow, De Rosa, and Courtney R. Williams, a lawyer from Gross Polowy LLC, who represents several entities including Rushmore. She claimed they'd steered her into a "mortgage scam" and deceived her into making the payments from her exempted workers compensation funds.

However, Judge Mazer-Marino granted the opposing parties' motions to dismiss the case against them, with prejudice. [Except for partial malpractice against Aronow]. "They were caught in the act. Instead of supporting sanctions against the parties who wronged me, Judge Mazer-Marino wants them to just walk away," Modikhan says. "Where is the rest of my money from my exempted funds? Where is the accounting?"

Modikhan questions how the judge, who is also presiding over her bankruptcy case, could be impartial on the adversarial action. "This looked like a conflict of interest to me. I was denied my day in court," she says. Modikhan has filed a motion for Judge Mazer-Marino to reconsider her decision dismissing the case; the judge has scheduled a hearing on the motion for Aug. 2.

FILED: QUEENS COUNTY CLERK 10/06/2022 03:56 PM
Page 445 of 863 Page 5854/2021
#: 1142
RECEIVED NYSCEF: 10/06/2022

Modikhan contacted the Queens County District Attorney's office to complain about the alleged mortgage scam. She provided the District Attorney a copy of comprehensive report detailing how she'd been victimized, prepared by Paris F. Dube, a Florida based paralegal and owner of Paris' Outsource Paralegal Services. Ms. Dube has a reputation for helping victims expose mortgage scams. She met with three prosecutors after she'd corresponded with Michael Albanese, an assistant district attorney.

"Upon a thorough review of Ms. Ashmeen Modikhan's grievances, our office determined that this matter falls outside of our jurisdiction," a spokesperson responded via e-mail message when *Black Star News* reached out to Albanese.

Ms. Modikhan says the Queens County District Attorney dropped the ball by ignoring the report by Ms. Dube. The injury Modikhan suffered occurred in 2014 while she was on the job. She was about to exit a bus that ferried American Airlines employees between terminals and employees' parking lots when her right hand was crushed when the door shut on it.

Modikhan hired a lawyer named Frank Cassisi, in Mineola, New York, to represent her in a lawsuit against the bus company, Golden Touch Transportation LLC. She says the demand filed in court is $5 million, as indicated in the court docket, and she only knew of this during this bankruptcy process. She said the injury left her in constant severe pain. She barely has motion on the right hand and sometimes it turns blue, depending on the weather conditions. Modikhan is a brown-skinned immigrant from Trinidad.

Modikhan says she'd asked Cassisi to provide her, in writing, a status update about her case, with no success. Frustrated with what she perceives as bias against her in the bankruptcy court, on March 14, 2022, Modikhan filed a motion to withdraw from the bankruptcy proceedings.

She says on March 15, 2022, right after her hearing, Cassisi, the lawyer, called her and informed her that Tracy Heston, who is the current trustee Alan Nisselson's assistant, contacted him and told him the trustee was "concerned" with her action, referring to the motion. She says Cassisi also told her that she was no longer his client; that the trustee Nisselson was the new client. "This is exactly what happened to Shadood, my lawyer with Aronow," Modikhan says. Cassisi also told her that he and the trustee believed taking her personal injury case to trial was risky because she was too "emotionally" fragile and a jury could react negatively.

"This was the first time I see anything in writing about this alleged settlement," Modikhan says. "How can a lawsuit where I'm the victim be settled without my knowledge, involvement, or approval? Where is the copy of the settlement agreement? How do I even know this letter from Skura is authentic?"

FILED: QUEENS COUNTY CLERK 10/06/2022 02:35 PM
#: 1143
RECEIVED NYSCEF: 10/06/2022

\

Skura, an attorney with Lewis Brisbois Bisgaard & Smith, who represents Golden Touch, didn't respond to an e-mail message from *Black Star News* seeking comment.

Modikhan wrote a letter to Cassisi informing him that she rejected the purported settlement and that she wanted to go to trial. She copied Chief Judge Trust in the bankruptcy court, Judge Mazer-Marino, the New York Attorney General Letitia James, Assistant District Attorney Albanese, the U.S. Attorney for the Eastern District, and other parties.

"I live in pain from my horrific accident every day. I have limited use of my right hand and have to depend on my left hand and others for assistance. My hand turns blue and the pain is extreme," Modikhan said, in her letter to Cassisi dated June 28, 2022. "I came to you seeking help so that Golden Touch Transportation could do the right thing. I will not stand by and be betrayed into life long poverty."

She also wrote to the administrative Judge in New York State Supreme Court in Queens County, Marguerite A. Grays, asking for time to dismiss Cassisi and hire a new lawyer; she copied the letter to the Grievance Committee. After she wrote the letters, suddenly there was a flurry of activity on the court docket related to her personal injury case. There's now a pre-trial court date slated for October 5, 2022.

Meanwhile the court has set three court dates. In addition to the Aug. 2 hearing on Modikhan's motion for reconsideration, Mazer-Marino will hear her motion to withdraw from the bankruptcy proceedings on Aug. 9, 2022.

Judge Mazer-Marino has also set Aug. 25, 2022 as the date to hear the trustee's motion to approve the purported $500,000 settlement, even though Modikhan has informed the State Supreme Court in Queens county that she's dismissing Cassisi and hiring a new lawyer, and the court has set a trial date of Oct. 5, 2022 for her personal injury case.

***This story will continue in parts two and three. Part two will focus on what Modikhan claims were "fraudulent" notes and "false" motions that the judges have allowed to be entered into the court. If you have any stories involving the courts system send a note with the summary and documentation to mallimadi@gmail.com or colin_b30@yahoo.com***

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 447 of 863 PageID #: 1144

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------x
U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                                   Plaintiff,

             -against-

ASHMEEN MODIKHAN; et al.,

                                  Defendants
------------------------------------------------------------------------x

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK      )
                         ) ss:
COUNTY OF NASSAU      )

TRISTAN VILLANUEVA, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New York.

On October 5, 2022, I served a true copy of the annexed **NOTICE OF RETURN AND REJECTION** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

                                        _____
                                       TRISTAN VILLANUEVA

Sworn To Before Me This
5th day of October, 2022

Notary Public

KERRYANNE YETKOFSKY
Notary Public, State of New York
No. 01YE6024216
Qualified in Nassau County
Commission Expires May 3, 2023

Case Number: 211697-3

159 of 373

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 448 of 863 PageID #: 1145

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR
TRUMAN 2016 SC6 TITLE TRUST

Index No. 705854/2021
(Original·Index no. 301/2010)

                                                  **NOTICE OF REJECTION**
                              Plaintiff            **AND RETURN**

                  -against-

                                                  **Mortgaged Premises**
                                                  87-10 149th Avenue, Unit 5N
                                                  Howard Beach, NY 11417

ASHMEEN MODIKHAN; et al,,

                              Defendants.
-------------------------------------------------------------------X

**PLEASE TAKE NOTICE** that Plaintiff, U.S. Bank as Legal Title Trustee for Truman

2016 SC6 Title Trust (hereinafter "Truman"), by and through its attorney, Friedman Vartolo LLP,

hereby rejects and returns the "Opposition to Notice of Return and Rejection and to the

Affirmation in Opposition of Defendant's Motion to vacate and Dismiss" dated October 11, 2022

("Opposition") and filed by Defendant Ashmeen Modikhan October 11, 2022 as NYSCEF Doc.

25.

1.      To the extent that Ashmeen Modikhan's "Opposition" filed on October 11, 2022

as NYSCEF Doc. 25 is intended as a Reply Affirmation in further support of Defendant's Motion

to Vacate and Dismiss (NYSCEF Doc. 14), same is rejected and returned upon the ground that it

is untimely.  The Court already marked Defendant's Motion as "fully submitted" on October 6,

2022.

2.      A true and complete copy of the "Opposition" filed as NYSCEF Doc. 25 is

annexed hereto as **Exhibit A**.

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 449 of 863 PageID #: 1146

Dated: October 11, 2022
New Rochelle, New York

Patricia M. Lattanzio, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
85 Broad Street, Suite 501
New York, New York 10004
T: (212) 471-5100

To:

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

FILED: QUEENS COUNTY CLERK 10/11/2022 05:12 PM
RECEIVED NYSCEF: 10/11/2022

# Exhibit A



FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
NYSCEF DOC. NO. 23

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF QUEENS

US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST,

Index No. 301/2010
705854/2021

        Plaintiff

-against-

ASHMEEN MODIKHAN, et al.,

        Defendants

**FILED**

OCT 1 1 2022

COUNTY CLERK
QUEENS COUNTY

## OPPOSITION TO NOTICE OF RETURN AND REJECTION; AND TO THE

## AFFIRMATION IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE AND

## DISMISS

COMES NOW, Defendant Ashmeen Modikhan, and files this Opposition to the Notice of Return and Rejection; and to the Plaintiff's Affirmation in Opposition of Defendant's Motion to Vacate and Dismiss. In support thereof, the Defendant states as follows:

## ARGUMENTS

### There is no privity of contract

This court has presented a plaintiff with whom the defendant has no contract. The mere presence of the plaintiff attorneys is not proof of their relationship with the plaintiff without producing a retainer agreement. This has not been done. A retainer agreement could be provided with all confidential information redacted so the plaintiff's client can be deposed.

- 1 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 25

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 25

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/11/2022

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
Page 453 of 863 PageID
RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 10/11/2022

### There is no chain of possession

A plaintiff has standing where it is both the holder or assignee of the subject mortgage and the underlying note at the time the action is commenced. *See Aurora Loan Services, LLC v. Taylor*, 114 AD3d 627; *Deutsche Bank Natl. Trust Co. v. Whalen*, 107 AD3d 931; *Bank of NY v. Silverberg*, 86 AD3d 274. "A plaintiff may demonstrate that it is the holder or assignee of the underlying note 'by showing either a written assignment of the underlying note or the physical delivery of the note.'" *Aurora Loan Servs., LLC v. Mercius*, 138 AD3d 650, 651, quoting *U.S. Bank N.A. v. Guy*, 125 AD3d 846.

In the instant action, there has been no evidence provided of their client purchasing the debt with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any injured party or aggrieved party bringing this matter into this court.

The Defendant is requesting a stay of proceedings until the parties produce the retainer agreement and proof of purchase of debt. The Note is only enforced if you have authority to enforce it.

### The foreclosure was wrongful

In foreclosure actions, the lender must demonstrate strict compliance with the provisions of the Real Property Actions and Proceedings Law. *See Bank of Am., N.A. v Keefer*, 2022 NY Slip Op 02776, Second Dept 4-27-22. Accordingly, wrongful foreclosure occurs when a bank or lender seeks to reclaim a home, foreclosing on the property even though they have no legal cause to do so, or when they are in violation of the Real Property Actions and Proceedings Law.

- 2 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 25

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 10/11/2022

Defendant avers that the Court has been misled. The Plaintiff's counsel, Rosicki, Rosicki & Associates, initiated a wrongful foreclosure on January 6, 2010. *(Exhibit "A")* The Plaintiff did not have possession of the original wet ink note. Rosicki, Rosicki & Associates admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199). *(Exhibit "B")*

It is noteworthy that a search at the New York's Secretary of State shows that Paramount Land, Inc. registered on October 20, 2009, is active with the principal executive office addresses the same as that on the "assignment." Further, the Chief Executive Officer of the said entity is listed as Thomas Rosicki of address 51 East Bethpage Road, Plainview, New York 11803. However, in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199, *Rosicki* were found guilty of multiple fraudulent crimes committed between 2009 and 2018 and were fined several million dollars. According to the Stipulation and Order of Settlement and Dismissal dated November 20, 2018, the Defendants admitted they were approved by Fannie Mae to perform all legal work associated with residential foreclosures where Fannie Mae owned the mortgage loans.

Defendant avers that there are several indications of fraud by *Rosicki*. First, fraud is clearly evident from the complaint filed by *Rosicki, Rosicki* and Associates on January 6, 2010 without any evidence that their client had possession of the note, which complaint was filed at the height of *Rosicki* admitted fraudulent activity between 2009 through 2018. An "assignment" was then created and recorded by their company Paramount Land, Inc. weeks later stating the "effective date" of the assignment being November 7, 2008. This document is

- 3 -

Case 1:22-cv-07471-RPK Document 23 Filed 12/08/22 Page 456 of 863 PageID

fraudulent and BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, LP did not have possession of the note on January 6, 2010. Further, as stated, the original lender

Besides, the Defendant was not legally served the summons and complaint per the civil rules of procedure. A "flyer" type notice was left in a mailbox. *(Exhibit "C")*

The Plaintiff, BAC Home Loans Servicing LP fka Countrywide Home Loans Servicing, was never the holder of the note. They were the servicer or debt collector.

The sitting judge on this case on July 23, 2014, Judge Martin J. Schulman dismissed this case pre-note because the plaintiff failed to comply with the terms of the Order dated June 04, 2014 and the Note was not produced. *(Exhibit "D")* Contradictory to documentation filed later, both parties were present at this hearing. *(Exhibit "E")*

On August 6, 2014, Rosicki, Rosicki & Associates files consent to change attorneys. The new counsel for the plaintiff became Leopold & Associates. The document was actually executed on July 28, 2014. *(Exhibit "F")*

On January 08, 2020, the Plaintiff's counsel Courtney Williams of Gross Polowy, LLC presents a copy of the alleged Note in a bankruptcy filing. *(Exhibit "G")* This alleged copy of the note presented only shows one endorsement that is in blank and undated purporting to be executed by Michele Sjolander. Ms. Sjolander testified on January 25, 2012, in *Kerby vs. Bank of America, N.A.*, 09-CV-00182, that Recontrust and not Countrywide Home Loans employed her.

- 4 -

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

Case 1:22-cv-07775-PKC-LB   Document 5-1   Filed 01/05/23   Page 458 of 863 PageID #: 1188

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 23                              RECEIVED NYSCEF: 10/11/2022

Therefore, Michele Sjolander did not have personal knowledge or authority to endorse a Note in the name of Countrywide Home Loans, Inc. *(Exhibit "H")*

Gross Polowy counsels continued to mislead this court as to standing. This activity is detailed in the Motion to Vacate (NYSCEF Doc.14) filed by the Defendant. This activity led to a Default Judgment. *(Exhibit "I")*

In the Defendant 2019 Chapter 13 bankruptcy case Courtney R Williams aka Courtney R Shed and several other attorneys of Gross Polowy LLC made an appearance for the plaintiff and continued misleading the courts. *(Exhibit "J")* Friedman & Vartolo, LLP counsels substituted for the plaintiff also continue to mislead the courts. *(Exhibit "K")*

WHEREFORE, Defendant respectfully requests this court to grant the motion to vacate in it's entirely or a stay of proceedings until parties produce the retainer agreement and proof of purchase of debt, together with such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Ashmeen Modikhan                        10/11/2022
Ashmeen Modikhan                        Date

- 5 -

Case 1:22-cv-02275-ERK-JR   Document 35   Filed 11/04/22   Page 460 of 863 PageID

Page 461 of 863 PageID

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this __11th__ day of __October_____, 2022


_____
Ashmeen Modikhan


_____
Notary Signature                          Seal

SUSAN LOUGHLIN
Notary Public - State of New York
No. 04LO6430887
_____      Qualified in Queens County
Printed Notary Name              Commission Expires March 21, 2026


My commission expires _____

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 462 of 863 PageID

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
FTLED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM          Page 463 of 863 PageID

NYSCEF DOC. NO. 23                                       RECEIVED NYSCEF: 10/11/2022

1

## CERTIFICATE OF SERVICE

2   I certify that a copy of this foregoing **OBJECTION TO AFFIRMATION IN OPPOSITION**

3   **OF IN OPPOSITION OF DEFENDANTS' MOTION TO VACATE AND DISMISS** will be
    served electronically and mailed via **USPS First Class Mail** on Day of October 11, 2022 to the

4   following:

5

6   **Patricia M. Lattanzio**
    *Friedman Vartolo LLP*

7   85 Broad Street, Suite 501
    New York, NY 10004

8   plattanzio@friedmanvartolo.com

9

10  **Andrew M. Buonincontri, Esq.**
    *Friedman Vartolo, LLP*

11  1325 Franklin Avenue, Suite 160
    Garden City, NY 11530

12  abuonincontri@friedmanvartolo.com

13

14  **Michael Nardolillo**
    *Friedman Vartolo LLP*

15  1325 Franklin Avenue, Suite 160

16  Garden City, NY 11530
    mnardolillo@friedmanvartolo.com

17

18  **Nicole Black**
    *Friedman Vartolo LLP*

19  1325 Franklin Avenue, Suite 160

20  Garden City, NY 11530
    nblack@friedmanvartolo.com

21

22
    **Virginia Grapensteter**

23  *Friedman Vartolo LLP*
    1325 Franklin Avenue, Suite 160

24  Garden City, NY 11530
    vgrapensteter@friedmanvartolo.com

25

26

27

28

- 10 -

Case 1:22-cv-02173-EK-CLP Document 5-1 Filed 01/05/23 Page 464 of 863 PageID #: 1161

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
RECEIVED NYSCEF: 10/11/2022

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com


**Annette Gershovich, Esq.**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com


**Austin R. Caster, Esq.**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com


**Amber A. Jurek, Esq.**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com


**Anna Guiliano, Esq.**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com


**Morton Povman, Esq**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

- 8 -

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 11/05/23 Page 466 of 863 PageID #:

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/11/2022

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums # 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

- 9 -

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 468 of 863 PageID

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

Ashmeen Modikhan                              10/11/22
_____                      _____
Ashmeen Modikhan                              Date

Case 1:22-cv-02778-EK-CLP   Document 5-1   Filed 01/05/23   Page 470 of 863 PageID #: 1167

# EXHIBIT
# "A"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 23
FILED: QUEENS COUNTY CLERK 10/11/2022 03:22 PM
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022
Case 1:22-cv-07475-EK-CLP Document 5 Filed 12/07/22 Page 471 of 863 PageID #: 1283
RECEIVED NYSCEF: 10/11/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Plaintiff,

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", SAID NAMES BEING
FICTITIOUS, PARTIES INTENDED BEING POSSIBLE TENANTS OR
OCCUPANTS OF PREMISES, AND CORPORATIONS, OTHER
ENTITIES OR PERSONS WHO CLAIM, OR MAY CLAIM, A LIEN
AGAINST THE PREMISES,

Defendant(s),

-----------------------------------------------x

Index No. 301/10

D/O/F: 1/6/10

**SUMMONS**

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**
If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.
Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.
Sending a payment to your mortgage company will not stop this foreclosure action.
YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-05274-PKC-LB   Document 35   Filed 01/05/23   Page 472 of 863 PageID

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 29    Case 1:22-cv-07475-PKC-LB    Document 51    Filed 01/05/23    Page 4/1 of 863 PageID #: 1031    RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM    RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 29

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $186,402.10 consisting of principal balance of $175,141.72 plus interest of $8,330.62, escrow/impound shortages or credits of $1,397.77, late charges of $66.99; Broker's Price Opinion, inspection and miscellaneous charges of $45.00; attorney fee $925.00 and title search $495.00. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except ASHMEEN MODIKHAN : The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: ASHMEEN MODIKHAN : If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: January 5, 2010

Joseph F. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP..

Index No. 201/10

D/O/F: 1/6/10

Plaintiff,

**COMPLAINT**

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

Defendant(s).

------------------------------------------------------------x

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s)
alleges, upon information and belief as follows:

1.      At all times hereinafter mentioned, plaintiff BAC Home Loans Servicing LP f/k/a
Countrywide Home Loans Servicing LP was and still is duly organized and existing under the laws of
the United States of America.

2.      At all times hereinafter mentioned, the defendants were, and still are, residents,
corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New
York State.

3.      On or about April 24, 2007, ASHMEEN MODIKHAN executed and delivered to
COUNTRYWIDE HOME LOANS, INC, a note bearing date that day, whereby ASHMEEN
MODIKHAN covenanted and agreed to pay the sum of $179,000.00, with interest on the unpaid
balance thereof, at the rate of 6.37500 percent per annum, to be computed from the date of said note,
by payments of $1,366.72 on June 1, 2007 and thereafter in payments of $1,366.72 on the like date of
each subsequent month, until said note is fully paid, except that the final payment of principal and
interest remaining due, if not sooner paid, shall become due and payable on May 1, 2037_.

4.      Plaintiff

(a)     is the owner and holder of the subject mortgage and note, or has been delegated the authority to
institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b)     has complied with all the provisions of section five hundred ninety-five-a of the Banking Law
and any rules and regulations promulgated there under, section six-L of six-M of the Banking Law, and

(c)      is in compliance with sending the ninety (90) day notices as required by RPAPL §1304, if the underlying mortgage qualifies.

5.      As collateral security for the payment of said indebtedness, the aforesaid defendant(s) ASHMEEN MODIKHAN , also executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC, a mortgage dated April 24, 2007 and recorded in the County of Queens on May 31, 2007 in CRFN 2007000282440. The mortgage tax was duly paid. Thereafter said mortgage was assigned to the Plaintiff by assignment of mortgagee dated October 29, 2009. Plaintiff is the owner and holder of the aforementioned instrument(s).

Said mortgaged premises being known as and by street address:
8710 149TH AVENUE, HOWARD BEACH, NY 11414 bearing tax map designation:

Block:  11417  Lot(s): 4513

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

6.      Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

7.      That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument(s) by failing or omitting to pay the installment which became due and payable as of April 1, 2009 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8.      The total monthly payment due as of default date to plaintiff is $1,376.21.

9.      That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

10.     Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants ASHMEEN MODIKHAN if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

11.     That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $175,141.72 plus interest from March 1, 2009.

12.     That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees to the sum otherwise due, with interest as provided in the aforesaid instruments,

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 25                                              RECEIVED NYSCEF: 10/11/2022

and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.    That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.    That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.    That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.    That the defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is named as a party defendant herein because of possible unpaid income tax.

17.    That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

18.    That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Queens may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $175,141.72 plus interest from March 1, 2009, and that from the money arising from the sale, plaintiff be paid the amount of $175,141.72 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

NYSCEF DOC. NO. 23    RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-02217-EK-CLP    Document 5-13    Filed 04/05/23    Page 478 of 863 PageID #: 1175

applicable thereto will pay the same; that the defendants ASHMEEN MODIKHAN be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper; in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: January 5, 2010

Joseph A. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

Case 1:22-cv-07475-FB-LB Document 17-13 Filed 07/06/23 Page 479 of 863 PageID #:1476

ALL that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A, Registered Architect of 153-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, *"Patchogue Homes Corp. Condominium No. 2",* and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent Individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

## SCHEDULE B

-NEW YORK CITY TRANSIT ADJUDICATION BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY ENVIRONMENTAL CONTROL BOARD has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY PARKING VIOLATIONS BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

Case 1:22-cv-07475-FkC-LB   Document 20-3   Filed 09/05/23   Page 481 of 863 PageID #:



2007051601001002001E26B9

## RECORDING AND ENDORSEMENT COVER PAGE    PAGE 1 OF 11

| | |
|---|---|
| Document ID: 2007051601001002 | Document Date: 04-25-2007    Preparation Date: 05-16-2007 |
| Document Type: MORTGAGE | |
| Document Page Count: 10 | |

| PRESENTER: | RETURN TO: |
|---|---|
| BLACKACRE TITLE AGENCY CORP PICK UP | COUNTRYWIDE HOME LOANS, INC |
| CY RECORDINGS | P.O. BOX 10423 |
| 399 KNOLLWOOD ROAD SUITE 201 | VAN NUYS, CA 91410 |
| WHITE PLAINS, NY 10603 | |
| 914-993-3342 | |
| mdatvukaj@batitle.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| QUEENS | 11412 | 3513 | Entire Lot | 8N | 87-10 149TH AVENUE |

Property Type: SINGLE RESIDENTIAL CONDO UNIT

### CROSS REFERENCE DATA

CRFN_____ or Document ID_____ or ___ Year___ Reel___ Page___ or File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| ASHMEEN MOOLKHAN | MERS |
| 8710 149TH AVENUE | 4500 PARK GRANADA |
| HOWARD BEACH, NY 11414 | CALABASAS, CA 91302 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | | |
|---|---|---|---|---|---|
| Mortgage Amount: | $ | 69,000.00 | | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 69,000.00 | NYC Real Property Transfer Tax: | | |
| Exemption: | | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 261.00 | NYS Real Estate Transfer Tax: | | |
| City (Additional): | $ | 420.00 | | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | | |
| TASF: | $ | 172.50 | RECORDED OR FILED IN THE OFFICE | | |
| MTA: | $ | 117.00 | OF THE CITY REGISTER OF THE | | |
| NYCTA: | $ | 0.00 | CITY OF NEW YORK | | |
| Additional MRT: | $ | 0.00 | Recorded/Filed    05-31-2007 16:59 | | |
| TOTAL: | $ | 974.50 | City Register File No.(CRFN): | | |
| Recording Fee: | $ | 87.00 | 2007000282441 | | |
| Affidavit Fee: | $ | 0.00 | | | |

*City Register Official Signature*

After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
MS SV-79 DOCUMENT PROCESSING
P.O. Box 10423
Van Nuys, CA 91410-0423

Prepared By:
MELANIE L. WARD

BLACKACRE TITLE AGENCY CORP
399 KNOLLWOOD RD, SUITE 201
WHITE PLAINS, NY 10603
TEL (914) 993-3340 FAX (914) 993-3433

[Space Above This Line For Recording Data]

THIS MORTGAGE IS A CREDIT LINE MORTGAGE AS DEFINED IN SECTION 281 OF THE NEW YORK REAL PROPERTY LAW. IT SECURES AN INDEBTEDNESS UNDER THE AGREEMENT WHICH REFLECTS THE FACT THAT THE PARTIES REASONABLY CONTEMPLATE ENTERING INTO A SERIES OF ADVANCES OR ADVANCES, PAYMENTS, AND READVANCES.

## MORTGAGE
(Line of Credit)

MIN 1000157-0007910757-7

THIS MORTGAGE, dated APRIL 25, 2007, is between

is between

residing at
8720 149TH AVENUE, HOWARD BEACH, NY 11414-1439
the person or persons signing as "Mortgagor(s)" below and hereinafter referred to as "we," "our," or "us" and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") a Delaware corporation, with an address of P.O. Box 2026 Flint, MI 48501-2026, tel. (888) 679-MERS. FOR PURPOSES OF RECORDING THIS MORTGAGE, MERS IS THE "MORTGAGEE" OF RECORD and is acting solely as nominee for
COUNTRYWIDE HOME LOANS, INC.
("Lender" or "you") and its successors and assigns. Lender's address is
1500 Park Granada MSN SVB-314, Calabasas, CA 91302-1613

MORTGAGED PREMISES: In consideration of the loan hereinafter described, we hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the premises located at:
8720 149TH AVENUE, HOWARD BEACH
Street, Municipality
QUEENS                    New York 11434-1439  (the "Premises").
County                    ZIP

Section: _____ Block: 11417 Lot: 4313 Unit: _____

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 23
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
NYSCEF DOC. NO. 23
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/11/2022

09-117526AB

```
                    09-117526AB                          Page 1/35

Title No: BLDR-09-117526

COUNTY CLERK SEARCH( 7/22/2009 ) SPECIAL NAME SEARCH

Last Name: ( MODIKHAN )
First Name: ( ASHMEEN )
COUNTY: ( QUEENS )

Run Date: 07/22/1959 To: 7/22/2009
************************************************************

JUDGMENTS -

Queens County from ( 01/90 to 07/21/09 )

Search Parameters- Last:MODIKHAN      First:ASHMEEN

All Types Of Liens

END RETURNS
************************************************************

PVB - (Parking Violations Bureau - Ending Date 07/24/09)

Search Parameters- Last:MODIKHAN      First:ASHMEEN

END RETURNS
************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 04/30/09)

Search Parameters- Last:MODIKHAN      First:ASHMEEN

END RETURNS
************************************************************

Uniform Commercial Code from ( 10/01/1988 - 07/21/09 )

Queens County
Search Parameters- Last:MODIKHAN      First:ASHMEEN

END RETURNS
************************************************************

Federal Tax Liens from ( 01/99 - 07/21/09 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:MODIKHAN      First:ASHMEEN

END RETURNS
************************************************************

TAB - (Transit Adjudication Bureau - from 06/04/1996 to 07/17/09)

Search Parameters- Last:MODIKHAN      First:ASHMEEN

END RETURNS
************************************************************

Wednesday July 22, 2009                                   1/35
```

09-117526AB

09-117526AB                                              Page 2/35

2/35                                              Wednesday July 22, 2009

09-117526AB

## 09-117526AB

Last Name: ( SIBOO )
First Name: ( DAVID )
COUNTY: ( QUEENS )

Run Date: 07/22/1999 To: 7/22/2009
**********************************************

JUDGMENTS -

Queens County from ( 01/90 to 07/21/09 )

Search Parameters- Last:SIBOO    First:DAVID

All Types Of Liens

END RETURNS
**********************************************

PVB - (Parking Violations Bureau - Ending Date 07/24/09)

Search Parameters- Last:SIBOO    First:DAVID

END RETURNS
**********************************************

(Environmental Control Board [Fire and Building]) - Ending Date 06/30/09)

Search Parameters- Last:SIBOO    First:DAVID

END RETURNS
**********************************************

Uniform Commercial Code from ( 10/01/1986 - 07/21/09 )

Queens County
Search Parameters- Last:SIBOO    First:DAVID

END RETURNS
**********************************************

Federal Tax Liens from ( 01/94 - 07/21/09 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:SIBOO    First:DAVID

END RETURNS
**********************************************

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 07/17/09)

Search Parameters- Last:SIBOO    First:DAVID

END RETURNS
**********************************************

Wednesday, July 22, 2009                              3/35

Case 1:22-cv-07475-PKC-LB   Document 41   Filed 01/05/23   Page 486 of 863 PageID #:

09-117526AB

09-117526AB                                    Page 4/35

(Environmental Control Board (Fire and Building) - Ending Date 04/30/09)

Search Parameters- Address:8710 149 AVE

END RETURNS
•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

Emergency Repair - Queens County
Search Parameters- Address:8710 149 AVE

(Emergency Repair - Ending Date - 03/17/09)

END RETURNS
•••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

4/35                                          Wednesday July 22, 2009

Case 1:22-cv-02475-PKC-LB    Document 1-1    Filed 11/05/23    Page 484 of 863 PageID #: 461

Index No.: 301/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,

Plaintiff,

-against-

ASHMEEN MODIKHAN, et al.,

Defendants.

## SUMMONS AND COMPLAINT

ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 09-117526

Case 1:22-cv-02143-EK-CLP   Document 5-1   Filed 11/05/23   Page 488 of 863 PageID #: 1166

# EXHIBIT
# "B"

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
Case 1:22-cv-02476-PKC-LB Document 5-13 Filed 01/05/23 Page 489 of 863 PageID # 1188
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

## ** VACATED BY ORDER ENTERED 2/1/17 **

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – FORECLOSURE PART
PRESENT: MARTIN J. SCHULMAN

Index Number: ___0000301/2010___

----------------------------------------------------------

**Order Dismissing Action**

BAC HOME LOANS SERVICING LP

Plaintiff(s),

-against-

MODIKHAN, ASHMEEN ETAL.

Defendant(s).

----------------------------------------------------------

A Foreclosure Status Conference having been scheduled for ___7/23/2014___ before the undersigned, and

the plaintiff having failed to comply with the terms of the Order dated _6/4/14_ , it is hereby

ORDERED, that the above-captioned action is dismissed, without prejudice; and it is further

ORDERED, that the County Clerk of the County of Queens is directed, upon payment of the proper fees,

if any, to cancel and discharge a certain Notice of Pendency filed in this action on _1/6/10_

against the property known as BLOCK _11417_ , LOT _4513_ and said Clerk is hereby

directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

So Ordered:

Dated: ___JUL 2 3 2014___ _____

MARTIN J. SCHULMAN
J.S.C.

**FILED**

AUG 12 2014

COUNTY CLERK
QUEENS COUNTY

Case 1:22-cv-02774-EK-CLP Document 1 Filed 01/05/23 Page 490 of 863 PageID #: 1167

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM INDEX NO. 705854/2021
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 23    RECEIVED NYSCEF: 10/11/2022
FILED: QUEENS COUNTY CLERK 10/11/2022 05:24 PM

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 1 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 1 of 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA *ex rel.* PETER D.
GRUBEA,

                        Plaintiff,

               v.

ROSICKI, ROSICKI & ASSOCIATES, P.C., *et al.*,

                        Defendants.

12 Civ. 7199 (JSR)

**STIPULATION AND
[PROPOSED] ORDER OF
SETTLEMENT AND
DISMISSAL**

      **WHEREAS**, this Stipulation and Order of Settlement and Dismissal ("Stipulation") is entered into by and among plaintiff the United States of America (the "United States" or "Government"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York; the relator Peter Grubea ("Relator"), by his authorized representatives; and defendants Rosicki, Rosicki & Associates, P.C. a law firm specializing in mortgage foreclosures ("Rosicki"), Enterprise Process Service, Inc., a process service company wholly owned by two Rosicki partners ("Enterprise"), and Paramount Land, Inc., a title search company wholly owned by the same two Rosicki partners ("Paramount"; collectively with Rosicki and Enterprise, "Defendants"; and together with the Government and Relator, the "Parties"), by their authorized representatives;

      **WHEREAS**, on or about September 24, 2012, the Relator filed a complaint under the *qui tam* provisions of the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*, against Defendants and others alleging, *inter alia*, that Defendants violated the FCA by falsely inflating expenses for

Case 1:22-cv-07475-PKC-LB Document 1 Filed 11/05/22 Page 492 of 863 PageID #:

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 25    RECEIVED NYSCEF: 10/11/2022

Case 1:12-cv-07199-JSR    Document 233    Filed 12/04/18    Page 2 of 22
Case 1:12-cv-07199-JSR    Document 223    Filed 11/27/18    Page 2 of 19

foreclosure-related services and passing those inflated expenses on to the Federal National Mortgage Association ("Fannie Mae") and others;

WHEREAS, on or about February 28, 2013, the Relator filed a First Amended Complaint and on or about June 27, 2014, the Relator filed a Second Amended Complaint (the "Relator's Complaint");

WHEREAS, on or about March 27, 2018, the Government filed a Complaint-in-Intervention against Defendants;

WHEREAS, on or about July 12, 2018, the Government filed a First Amended Complaint, (the "Government Complaint") against Defendants, alleging that from 2009 to July 12, 2018 (the "Covered Period"), Defendants engaged in a scheme whereby they generated false and inflated expenses for service of process, title searches, and other expenses attendant to mortgage foreclosures or evictions, and submitted those expenses to various mortgage servicers with knowledge that the expenses ultimately would be paid by Fannie Mae. The conduct described in this Paragraph is the "Covered Conduct" for purposes of this Stipulation; and

WHEREAS, the Parties have, through this Stipulation, reached a mutually agreeable resolution addressing the claims asserted against Defendants in the Government Complaint and the Relator's Complaint, for the Covered Conduct, as well as identical conduct by Defendants pertaining to expenses attendant to evictions during the Covered Period, in which those expenses ultimately were paid by the United States Department of Veterans' Affairs (the "VA Covered Conduct");

2

Case 1:22-cv-02173-EK-CLP   Document 5-1   Filed 04/05/23   Page 494 of 863 PageID #: 1191

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

Page 495 of 863 PageID

Case 1:12-cv-07199-JSR Document 233 Filed 12/04/18 Page 3 of 22
Case 1:12-cv-07199-JSR Document 223 Filed 11/27/18 Page 3 of 19

NOW, THEREFORE, upon the Parties' agreement, IT IS HEREBY ORDERED that:

### TERMS AND CONDITIONS

1.   The Parties agree that this Court has subject matter jurisdiction over this action and consent to this Court's exercise of personal jurisdiction over each of them.

2.   Defendants admit, acknowledge and accept responsibility for the following conduct:

   a.   Rosicki is a New York law firm whose main practice area is mortgage foreclosures.  During the Covered Period, the two founding partners of Rosicki also owned affiliated entities that performed services attendant to mortgage foreclosures, including Enterprise, which is a process service company, and Paramount, which is a title search company.

   b.   During the Covered Period, Rosicki was the primary client of Enterprise and Paramount, which also shared Rosicki's human resources, information technology, payroll, and corporate accounting departments.  Additionally, Enterprise shared office space with Rosicki in its Batavia, New York office.

   c.   At all times during the Covered Period, Rosicki was approved by Fannie Mae to perform all legal work associated with foreclosures on residential properties for which Fannie Mae owned the mortgage loans, and entered into a retention agreement with Fannie Mae for this purpose.  That retention agreement incorporated all of the requirements in the Fannie Mae Servicing Guide (the "Servicing Guide").

   d.   To receive payment for the costs and expenses of performing work on behalf of Fannie Mae in connection with a mortgage foreclosure, Rosicki submitted invoices to the mortgage servicer responsible for servicing the mortgage loan associated with the foreclosure, and the mortgage servicer approved and paid those invoices.  Rosicki understood that generally the mortgage servicer then submitted a claim to Fannie Mae for reimbursement of the costs and expenses submitted by Rosicki to the servicer.

3

Case 1:22-cv-07472-EK-CLP   Document 21   Filed 11/05/23   Page 496 of 863 PageID
RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

Case 1:12-cv-07199-JSR Document 233 Filed 12/04/18 Page 4 of 22
Case 1:12-cv-07199-JSR Document 223 Filed 11/27/18 Page 4 of 19

e. At all times during the Covered Period, the Servicing Guide required that all foreclosure costs and expenses billed by a foreclosure law firm to a mortgage servicer—which would then be submitted by the mortgage servicer to Fannie Mae for payment—must be "actual, reasonable and necessary." The Servicing Guide also stated that foreclosure law firms "must make every effort to reduce foreclosure-related costs and expenses in a manner that is consistent with all applicable laws."

f. Rosicki understood the requirements of the Servicing Guide and represented at various times, to Fannie Mae and to mortgage servicers, that it was complying with those requirements.

g. In fact, however, during the Covered Period, certain of the costs billed by Enterprise and Paramount for services related to foreclosures and evictions were not consistent with the Servicing Guide. Specifically, on certain invoices for service of process (*i.e.*, delivery or attempted delivery of legal papers) upon defendants and other interested parties, Enterprise added additional charges to the costs charged by independent contractors and otherwise took actions that increased costs and expenses. Similarly, on certain invoices for foreclosure searches and title continuations, Paramount added additional charges to the costs charged by independent contractors and otherwise took actions that increased costs and expenses.

h. Rosicki submitted the expenses described above to the mortgage servicers for payment, with the understanding that the servicers generally would pass some or all of those expenses on to Fannie Mae and that Fannie Mae would reimburse for them.

3. Defendants shall pay to the Government within 30 days of the Effective Date (defined below in Paragraph 27) the sum of $4,600,000 plus interest, which shall be compounded annually at a rate of 2.72% accruing from the Effective Date to the date of the payment (the "Settlement Amount"), in accordance with instructions to be provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern

4

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 5 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 5 of 19

District of New York. Of the Settlement Amount, $2,300,000 constitutes restitution to the United States. Defendants shall be jointly and severally liable for the Settlement Amount.

4.      Defendants shall undertake the following steps:

    a.  Within 30 days of the Effective Date, Defendants shall provide a copy of this Stipulation to each of their employees and to all independent contractors who perform tasks for or on behalf of Defendants related to service of process or title searches (collectively, the "Distributees").

    b.  Within 90 days of the Effective Date, Rosicki shall submit to the United States Attorney's Office for the Southern District of New York and the Federal Housing Finance Administration ("FHFA"), in conformity with Paragraph 26 herein, a compliance plan that sets forth in detail the steps Rosicki will take to ensure that, for foreclosure-related or eviction-related services performed on behalf of any agency of the United States or a government-sponsored enterprise ("GSE"), the foreclosure-related or eviction-related expenses charged by Defendants comply with the requirements promulgated by the relevant agency or GSE, including all policies and procedures that Rosicki will implement for this purpose. Also within 90 days of the Effective Date, Rosicki shall furnish a copy of the compliance plan to the other Defendants, as well as the Distributees, and thereafter shall furnish a copy of the compliance plan to all new Distributees hired or engaged by the Defendants. Defendants also shall conduct an annual training for all employees on adherence to the compliance plan.

5

   c. Starting six months after the Effective Date and continuing annually for five years thereafter, and so long as Rosicki provides services to any agency of the United States or a GSE, Rosicki shall generate a written report that details 1) the steps that Rosicki took to ensure that Defendants' foreclosure expenses met the applicable agency or GSE standards; and 2) any changes to the compliance program in the previous period. Rosicki shall certify the report and submit it to the United States Attorney's Office and the FHFA in conformity with Paragraph 26 herein.

   d. Rosicki shall publicly disclose its affiliation with Enterprise and Paramount on its website.

5.    Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Stipulation. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any investigation of the Covered Conduct or the VA Covered Conduct they have undertaken, or that has been performed by another on their behalf.

6.    Subject to the exceptions in Paragraphs 10 and 15 below (concerning excluded claims and bankruptcy proceedings), and conditioned upon Defendants' full compliance with the terms of this Stipulation, including full payment of the Settlement Amount to the United States

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 23                                        RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-02753-EK-CLP   Document 5-1   Filed 01/05/23   Page 500 of 863 PageID #: 1167

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 25                                       RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM          Page 501 of 863 PageID

Case 1:12-cv-07199-JSR  Document 233  Filed 12/04/18  Page 7 of 22
Case 1:12-cv-07199-JSR  Document 223  Filed 11/27/18  Page 7 of 19

pursuant to Paragraph 3 above, the United States releases Defendants, including their subsidiaries and corporate predecessors, successors and assigns, from any civil or administrative monetary claim that the United States has for the Covered Conduct and the VA Covered Conduct under the FCA, the Program Fraud Civil Remedies Act, 31 U.S.C. § 3801-3812, and the common law theories of fraud, payment by mistake, and unjust enrichment. For avoidance of doubt, this Stipulation does not release any current or former officer, director, employee, or agent of Defendants from liability of any kind.

7.      Defendants fully and finally release the United States, its agencies, officers, employees, servants, and agents from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, employees, servants, or agents related to the Covered Conduct and the VA Covered Conduct and the United States' investigation, prosecution and settlement thereof.

8.      Conditioned on Defendants' timely payment of the full Settlement Amount pursuant to Paragraph 3 above, the Relator, for himself and his heirs, successors, attorneys, agents, and assigns, releases Defendants, including their subsidiaries and corporate predecessors, successors and assigns, as well as all of their current and former officers, directors, employees, attorneys, and other agents, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that the Relator has against Defendants arising from the Covered Conduct as alleged in the Relator's Complaint; provided, however, that nothing in this Stipulation shall preclude Relator from seeking to recover his reasonable expenses and attorneys' fees and costs pursuant to 31 U.S.C. § 3730(d). For avoidance of doubt, this release does not include

7

Case 1:22-cv-07475-PKC-LB   Document Set   Filed 01/05/23   Page 502 of 863 PageID

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM    RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 23

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 8 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 8 of 19

Relator's claims against Defendants in the Relator Complaint as to which the United States did not intervene.

9.    In consideration of the execution of this Stipulation by the Relator and the Relator's release as set forth in Paragraph 8 above, Defendants, including their subsidiaries, predecessors, and corporate successors and assigns, as well as all of their current and former officers, directors, employees, attorneys, and other agents, release the Relator and his successors, heirs, assigns, attorneys, and other agents, from any and all manner of claims, proceedings, liens, and causes of action of any kind or description that Defendants have against Relator arising from the Covered Conduct as alleged in the Relator's Complaint.

10.    Notwithstanding the releases given in Paragraph 6 above, or any other term of this Stipulation, the following claims of the Government are specifically reserved and are not released by this Stipulation:

     a.    any liability arising under Title 26, United States Code (Internal Revenue Code);

     b.    any criminal liability;

     c.    except as explicitly stated in this Stipulation, any administrative liability, including but not limited to the suspension and debarment rights of any federal agency;

     d.    any liability to the United States (or its agencies) for any conduct other than the Covered Conduct and the VA Covered Conduct;

     e.    any liability based upon obligations created by this Stipulation; and

     f.    any liability of individuals.

8

Case 1:23-cv-01711-PKC-LB   Document 5-1   Filed 01/05/23   Page 504 of 863 PageID #: 1201

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 23                               RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

Page 505 of 863 PageID

Case 1:12-cv-07199-JSR  Document 233  Filed 12/04/18  Page 9 of 22
Case 1:12-cv-07199-JSR  Document 223  Filed 11/27/18  Page 9 of 19

11.    Defendants shall be in default of this Stipulation if Defendants fail to make the required payment set forth in Paragraph 3 above on or before the due date for such payment, or if they fail to comply materially with any other term of this Stipulation that applies to them ("Default").  The Government shall provide written notice to Defendants of any Default in the manner set forth in Paragraph 26 below.  Defendants shall then have an opportunity to cure the Default within ten (10) calendar days from the date of delivery of the notice of Default.  In the event that a Default is not fully cured within ten (10) calendar days of the delivery of the notice of Default ("Uncured Default"), interest shall accrue at the rate of 12% per annum compounded daily on the remaining unpaid principal balance of the Settlement Amount, beginning ten (10) calendar days after mailing of the notice of Default.  In the event of an Uncured Default, Defendants shall agree to the entry of a consent judgment in favor of the United States against Defendants in the amount of the Settlement Amount as attached hereto as Exhibit A.  The United States may also, at its option, (a) rescind this Stipulation and reinstate the claims asserted against Defendants in the Government Complaint; (b) seek specific performance of this Stipulation; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing Defendants by any department, agency, or agent of the United States; or (d) exercise any other rights granted by law, or under the terms of this Stipulation, or recognizable at common law or in equity.  Defendants shall not contest any offset imposed or any collection undertaken by the Government pursuant to this Paragraph, either administratively or in any Federal or State court.  In addition, Defendants shall pay the Government all reasonable costs of collection and enforcement under this Paragraph, including attorneys' fees and expenses.  In the event that the United States opts to rescind this Stipulation pursuant to this Paragraph, Defendants shall not plead, argue, or otherwise raise any

9

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 11/05/23    Page 506 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that relate to the Covered Conduct or the VA Covered Conduct.

12.      The Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Stipulation; Relator agrees and confirms that the terms of this Stipulation are fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

13.      Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct or the VA Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation bars a remedy sought in such criminal prosecution or administrative action.

14.      Defendants represent and warrant that they have reviewed their financial situation, that they are currently not insolvent as such term is defined in 11 U.S.C. § 101(32), and that they reasonably believe that they shall remain solvent following payment to the Government of the Settlement Amount.  Further, the Parties warrant that, in evaluating whether to execute this Stipulation, they (a) have intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendants, within the meaning of 11 U.S.C. § 547(c)(1); and (b) have concluded that these mutual promises, covenants, and obligations do, in fact, constitute such a contemporaneous exchange.  Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendants were or became indebted to on or after the date of this Stipulation, within the meaning of 11 U.S.C. § 548(a)(1).

<div align="center">10</div>

Case 1:22-cv-07475-PKC-LB   Document 1-1   Filed 01/05/23   Page 508 of 863 PageID #: 1208

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM    RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 23                                 RECEIVED NYSCEF: 10/11/2022

Page 509 of 863 PageID

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 11 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 11 of 19

15.     If within 91 days of the Effective Date of this Stipulation or any payment made under this Stipulation, Defendants commence any case, action, or other proceeding under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors, or a third party commences any case, action, or other proceeding under any law related to bankruptcy, insolvency, reorganization, or relief of debtors (a) seeking an order for relief of Defendants' debts, or seeking to adjudicate Defendants as bankrupt or insolvent; or (b) seeking appointment of a receiver, trustee, custodian, or other similar official for Defendants or for all or part of Defendants' assets, Defendants agree as follows:

  a.  Defendants' obligations under this Stipulation may not be avoided pursuant to 11 U.S.C. § 547, and Defendants shall not argue or otherwise take the position in any such case, action, or proceeding that (i) Defendants' obligations under this Stipulation may be avoided under 11 U.S.C. § 547; (ii) Defendants were insolvent at the time this Stipulation was entered into; or (iii) the mutual promises, covenants, and obligations set forth in this Stipulation do not constitute a contemporaneous exchange for new value given to Defendants.

  b.  If any of Defendants' obligations under this Stipulation are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the Government, at its option, may rescind the release in this Stipulation and bring any civil and/or administrative claim, action, or proceeding against Defendants for the claims that would otherwise be covered by the release in Paragraph 6 above. Defendants agree that (i) any such claim, action, or proceeding brought by the Government would not be subject to an "automatic stay" pursuant to 11 U.S.C.

11

INDEX NO. 705854/2021

Case 1:22-cv-07475-PKC-LB   Document 51   Filed 11/05/23   Page 510 of 863 PageID

NYSCEF DOC. NO. 25

RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 10/11/2022

Page 511 of 863 PageID

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 12 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 12 of 19

§ 362(a) as a result of the case, action, or proceeding described in the first sentence of this Paragraph, and Defendants shall not argue or otherwise contend that the Government's claim, action, or proceeding is subject to an automatic stay; (ii) Defendants shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any claim, action, or proceeding that is brought by the Government within 60 calendar days of written notification to Defendants that the release has been rescinded pursuant to this Paragraph, except to the extent such defenses were available on March 27, 2018; and (iii) the Government has a valid claim against Defendants in the amount of the Settlement Amount and the Government may pursue its claim in the case, action, or proceeding described in the first sentence of this Paragraph, as well as in any other case, action, or proceeding.

c.  Defendants acknowledge that the agreements in this Paragraph are provided in exchange for valuable consideration provided in this Stipulation.

16.  Defendants agree to the following:

a.  Unallowable Costs Defined: All costs (as defined in the Office of Management and Budget ("OMB") Uniform Administrative Requirements, Cost Principles, and Audit Requirements for Federal Awards published at 2 C.F.R. §§ 200 *et seq.*; the Department of Health and Human Services adoption of the OMB Guidance provided at 45 C.F.R. § 75, subpart E *et seq.*; the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47 where applicable; or otherwise as specified by federal statutes, regulations or the terms and conditions of a Federal award)

12

Case 1:22-cv-02775-PKC-LB   Document 5-13   Filed 01/05/23   Page 512 of 863 PageID #: 1203

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
Page 513 of 863

incurred by or on behalf of Defendants, including their present or former officers, directors, employees, and agents in connection with:

(1) the matters covered by this Stipulation;

(2) the United States' audit(s) and civil investigation(s) of matters covered by this Stipulation;

(3) Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in connection with matters covered by this Stipulation (including attorneys' fees);

(4) the negotiation and performance of this Stipulation; and

(5) any payment Defendants make to the United States pursuant to this Stipulation and any payment Defendants may make to the Relator, including expenses, costs and attorneys' fees;

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as "Unallowable Costs").

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Within 90 days of the Effective Date of this Stipulation, Defendants shall identify and

Case 1:22-cv-02173-BKC-LB Document 5-1 Filed 01/05/23 Page 514 of 863 PageID

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 23

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 23

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/11/2022

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 14 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 14 of 19

Page 515 of 863 PageID

repay by adjustment to future claims for payment or otherwise any Unallowable Costs (as defined in this Paragraph) included in payments previously sought by Defendants from the United States. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted requests for payment. Any payments due shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States, including the Department of Justice and/or the affected agencies, reserves its right to audit, examine, or re-examine Defendants' books and records and to disagree with any calculation submitted by Defendants or any of their subsidiaries or affiliates regarding any Unallowable Costs included in payments previously sought by Defendants, or the effect of any such Unallowable Costs on the amounts of such payments.

d. Nothing in this Stipulation shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

17. This Stipulation is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity except as otherwise provided herein.

18. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Stipulation; provided, however, nothing

14

Case 1:22-cv-07175-PKC-LB   Document 5-1   Filed 01/05/23   Page 516 of 863 PageID #: 1216

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
Page 517 of 863 Page 6
RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 25

in this Stipulation shall preclude the Relator from seeking to recover his expenses or attorneys' fees and costs from Defendants, pursuant to 31 U.S.C. § 3730(d).

19.      Any failure by the Government to insist upon the full or material performance of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and the Government, notwithstanding that failure, shall have the right thereafter to insist upon the full or material performance of any and all of the provisions of this Stipulation.

20.      This Stipulation is governed by the laws of the United States.  The exclusive jurisdiction and venue for any dispute relating to this Stipulation is the United States District Court for the Southern District of New York.  For purposes of construing this Stipulation, this Stipulation shall be deemed to have been drafted by all Parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

21.      This Stipulation constitutes the complete agreement between the Parties with respect to the subject matter hereof.  This Stipulation may not be amended except by written consent of the Parties.

22.      The undersigned counsel and other signatories represent and warrant that they are fully authorized to execute this Stipulation on behalf of the persons and the entities indicated below.

23.      This Stipulation is binding on Defendants' successor entities.

24.      This Stipulation is binding on the Relator's successors, transferees, heirs, and assigns.

25.      This Stipulation may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Stipulation.  E-mails that attach signatures in

15

Case 1:22-cv-02715-BMC-TE - Document 5-1 - Filed 0126/23 - Page 518 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

PDF form or facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Stipulation.

26.    Any notice pursuant to this Stipulation shall be in writing and shall, unless expressly provided otherwise herein, be delivered by hand, express courier, or e-mail transmission followed by postage-prepaid mail, and shall be addressed as follows:

TO THE UNITED STATES AND THE FHFA:

Cristine Irvin Phillips
Andrew E. Krause
Joseph N. Cordaro
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
86 Chambers Street, Third Floor
New York, New York 10007
cristine.phillips@usdoj.gov
andrew.krause@usdoj.gov
joseph.cordaro@usdoj.gov

TO DEFENDANTS:

Daniel J. Horwitz, Esq.
Tracy Burnett, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
dhorwitz@mclaughlinstern.com
tburnett@mclaughlinstern.com

TO RELATOR:

Brian M. Feldman, Esq.
Harter, Secrest & Emery
1600 Bausch & Lomb Place
Rochester, NY 14604-2711
bfeldman@hselaw.com

16

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 25

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 17 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 17 of 19

27.    The effective date of this Stipulation is the date upon which the Stipulation is approved by the Court (the "Effective Date").

Agreed to by:

THE UNITED STATES OF AMERICA

Dated: New York, New York
        November 17, 2018

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York

        By:     _____
                CRISTINE IRVIN PHILLIPS
                ANDREW E. KRAUSE
                JOSEPH N. CORDARO
                Assistant United States Attorneys
                86 Chambers Street, Third Floor
                New York, New York 10007
                Tel.:   (212) 637-2696/2769/2689
                Fax:    (212) 637-2702/2717

                *Attorney for the United States of America*

**RELATOR**

Dated: Williamville NY
        November 20, 2018

By: _____

Peter Grubea
*Relator*

Dated: Rochester, New York
        November 20, 2018

By: _____

BRIAN M. FELDMAN, ESQ.
Harter, Secrest & Emery
1600 Bausch & Lomb Place
Rochester, NY 14604-2711
Tel: (585) 231-1201
bfeldman@hselaw.com

*Attorneys for Relator*

18

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 12/05/23 Page 522 of 863 PageID

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 23
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 23

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 19 of 22
Case 1:12-cv-07199-JSR   Document 223   Filed 11/27/18   Page 19 of 19

DEFENDANTS


Dated: New York, New York
       November 26, 2018

By: _____
    DANIEL J. HORWITZ, ESQ.
    TRACY BURNETT, ESQ.
    McLaughlin & Stern, LLP
    260 Madison Avenue
    New York, New York 10016
    Tel: (212) 448-1100
    Fax: (212) 448-0606


    *Attorneys for Defendant*


    Rosicki, Rosicki & Associates, P.C.

By: _____
    [Name]


    Enterprise Process Service, Inc.

By: _____
    [Name]   Thomas P. Rosicki


    Paramount Land, Inc.

By: _____
    [Name]

SO ORDERED
_____
USDJ
12-2-18

19

Case 1:22-cv-07173-EK-CLP Document 51 Filed 01/05/23 Page 524 of 863 PageID
#: 1221

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 25

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 10/11/2022

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 20 of 22
Case 1:12-cv-07199-JSR   Document 223-1   Filed 11/27/18   Page 1 of 3

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM    Page 526 of 863 PageID
NYSCEF DOC. NO. 23                                 RECEIVED NYSCEF: 10/11/2022

Case 1:12-cv-07199-JSR   Document 233   Filed 12/04/18   Page 21 of 22
Case 1:12-cv-07199-JSR   Document 223-1   Filed 11/27/18   Page 2 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PETER D. GRUBEA, | : |
| Plaintiff, | :    12 Civ. 7199 (JSR) |
| v. | : |
| ROSICKI, ROSICKI & ASSOCIATES, P.C., *et al.*, | : |
| Defendants. | : |

## JUDGMENT

Upon the consent of plaintiff the United States of America and defendants Rosicki,

Rosicki & Associates, P.C., Enterprise Process Service, Inc., and Paramount Land, Inc.

("Defendants"), it is hereby

ORDERED, ADJUDGED and DECREED:  that plaintiff the United States of America is

awarded judgment in the amount of $4,600,000 against Defendants as well as post-judgment

interest at the rate of 12% per annum compounded daily; and it is further

ORDERED, ADJUDGED and DECREED:  that Defendants shall be jointly and severally

liable for the full amount of the judgment set forth herein.

Case 1:22-cv-07275-PKC-LB   Document 1-1   Filed 01/05/23   Page 527 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

*For the United States*

Dated: New York, New York
     November ___, 2018

    GEOFFREY S. BERMAN
    United States Attorney for the
    Southern District of New York

By:    _____
    CRISTINE IRVIN PHILLIPS
    ANDREW E. KRAUSE
    JOSEPH N. CORDARO
    Assistant United States Attorneys
    86 Chambers Street, Third Floor
    New York, New York 10007

*For Defendants*

Dated:  New York, New York
     November ___, 2018

By:    _____
    DANIEL J. HORWITZ, ESQ.
    TRACY BURNETT, ESQ.
    McLaughlin & Stern, LLP
    260 Madison Avenue
    New York, New York 10016

SO ORDERED:

_____
HON. JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: _____ , 2018

Case 1:22-cv-02773-PKC-JB Document 5 Filed 01/05/23 Page 529 of 863 PageID #: 1228

# EXHIBIT
# "C"

Case 1-22-cv-02175-PKC-LB Documents 8 Filed 01/05/23 Page 530 of 863 PageID



## Supreme Court of the State of New York, Queens County
### 88-11 Sutphin Boulevard, Jamaica, New York 11435

### Residential Foreclosure Part

**ASHMEEN MODIKHAN - Prose**
**8710 149TH AVE. APT. 5N**
**HOWARD BEACH, NY 11414**

Dear Queens Homeowner :                                    **Index Number: 0000301/2010**

A mortgage foreclosure case has been started against you by your mortgage lender. It is important that you do not ignore this notice, or any court papers that you receive or **YOU MAY LOSE YOUR HOME.** Free Help is available. You should get help immediately either by contacting one of the organizations listed below or by retaining your own lawyer.

**A Settlement Conference With You and Your Lender Is Scheduled**
Under the law, a Court conference must be held with you and your lender to see if the case can be resolved. You must appear on **4/28/2010 AT 9:30 AM in Courtroom 42A.** Please call 718-298-1092 one week before your conference date to let the Court know that you will attend the conference. *It is very important that you attend this conference even if you have spoken with your lender about your foreclosure.*

**Required Housing Counseling Meeting**
- .A housing counseling meeting with **Brooklyn Housing & Family Services (718-298-0325)** has been scheduled for you on **4/8/10 AT 11:00 AM in Room 25C** in the Queens County Supreme Court at the address listed above to help you prepare for your conference.

**What to Bring to the Housing Counseling Meeting and Court Conference**
It is important that you arrive at the Housing Counseling Meeting and Court Conference ready to discuss the facts of your case. To help the housing counselor and the court, please bring underline copies of the following documents if you have them :
- Current Mortgage Statement for Loan; Correspondence from lender regarding your past due status;
- Closing Package including Mortgage/ Note/ Riders/ HUD-1 Statement from last closing;
- Pay Stubs for past 30 days; W2's/ Tax Returns for past 2 years, Proof of other income, such as alimony, child support, disability; Lease(s) for tenants;
- Bank Statements for 2 months (all accounts); Bills/ Expenses being paid currently, including credit cards, car note, etc. (copy of each monthly statement); most recent property tax statements.
- Credit Report (if done recently); Hardship letter explaining why you fell behind on the monthly payments;
- Loan resolution proposals, applications, and other information resulting from previous workout attempts.

**Responding to Court Papers**
You must also respond to any court papers you receive. The number of days you have to respond is stated in the court paper called "Summons". Make sure you meet the deadline given in the Summons and any other deadline set by law.

**Help is Available**
- **The Legal Aid Society:** If you are **under 60 years old**, you may call Legal Aid at 718-286-2487 to set up an appointment.
- **Legal Services for the Elderly in Queens:** If you are **60 or older**, you may call Legal Services for the

Case 1:22-cv-07149-EK-LB   Document 4-1   Filed 03/05/23   Page 531 of 863 PageID

### El Tribunal Supremo del Estado de New York, Condado de Queens
### 88-11 Sutphin Boulevard, Jamaica, New York 11435

#### Sala de Ejecución Hipotecaria de Vivienda

**Número de índice: _0000301/2010_**

Estimado Propietario de Vivienda en el Condado de Queens:

Su acreedor ha comenzado una acción de ejecución hipotecaria en su contra. **PUEDE PERDER SU HOGAR;** es importante que no ignore este aviso, u otros documentos que reciba del tribunal. **Hay ayuda gratis disponible.** Debe buscar ayuda inmediata, por medio de una de las organizaciones listadas o contratando su propio abogado.

#### Se ha programado una conferencia de conciliación entre usted y su acreedor

Según la ley, tiene que haber una conferencia de conciliación entre usted y su acreedor para ver si su caso puede resolverse. Debe presentarse el día **4/28/2010 a las 9:30 AM en el la Sala 42A.** Por favor llame al **718-298-1092** una semana antes de la cita de su conferencia para confirmar con el Juzgado que asistirá. Es muy importante presentarse a esta conferencia aunque haya hablado con su acreedor acerca de la ejecución hipotecaria.

#### Reunión Obligatoria de Asesoría de Vivienda

Se le ha programado una reunión de asesoría de vivienda con **Brooklyn Housing & Family Services** (Servicios para Viviendas y Familias de Brooklyn) **(718-298-0325)** el día **4/8/10 AT 11:00 AM en la Sala 25C** en el Tribunal Supremo en la dirección arriba citada, para ayudarle a preparar para la conferencia,

#### Qué necesita traer a la reunión de asesoría de vivienda y a la conferencia en el Tribunal

Es importante que llegue preparado(a) a la reunión de asesoría de vivienda y a la conferencia en el Tribunal para hablar acerca de su caso. Si tiene los siguientes documentos disponibles, favor de traerlos consigo para que les sean útiles al asesor de vivienda y al tribunal:

- Estado de cuenta actual de su hipoteca; correspondencia de su acreedor con respecto a sus atrazos.
- Documentos del cierre incluyendo hipoteca/pagaré/cláusulas/estado de cuenta HUD-1 del último cierre;
- Talonarios de sueldo de los últimos 30 días; W2/ Planillas de declaración de impuestos de los últimos 2 años, comprobantes de otros ingresos, tales como pensión alimenticia (para ex-cónyuges)/sustento para hijos, beneficios por discapacidad; contrato de arrendamiento de inquilinos
- Extractos de todas cuentas bancarias de los últimos dos meses; facturas/gastos actuales, incluyendo tarjetas de crédito, pagaré de automóvil, etc (copia de cada extracto mensual de cuentas)
- Informe reciente de una agencia de crédito; una carta explicando su penuria económica y porqué se atrazó en sus pagos mensuales
- Plan para resolución del préstamo, solicitudes, y otra información con respecto a sus intentos anteriores de resolución.

#### Contestación a los Documentos del Tribunal

Debe responder a cualquier documento que reciba del tribunal. Los documentos le indican los días que tiene para responder en la parte titulada 'Summons'. Asegúrese de cumplir con el plazo dado en el papel titulado 'Summons' y cualquier otro plazo fijado por la ley.

#### Hay Ayuda Disponible

- **The Legal Aid Society:** (Sociedad de Ayuda Legal) Si es menor de 60 años de edad, puede llamar al 718-286-2487 para hacer una cita.
- **Legal Services for the Elderly in Queens** (Servicios Legales para Personas de Edad en el Condado de Queens): Si tiene más de 60 años de edad, puede llamar al 718-286-1512 para hacer una cita.
- **Court Help Center** (La Oficina del Autorepresentado): Se encuentra en el Tribunal, 88-11 Sutphin Boulevard, Jamaica, Queens, Sala 100, teléfono 718-298-1024. Esta oficina le puede ayudar al darle

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
Case 1:22-cv-07475-FB-CLP Document 35 Filed 01/05/23 Page 533 of 863 PageID
NYSCEF DOC. NO. 25
RECEIVED NYSCEF: 10/11/2022



Supreme Court of the State of New York, Queens County
88-11 Sutphin Boulevard, Jamaica, New York 11435

**Residential Foreclosure Part**

ASHMEEN MODIKHAN - Prose
8710 149TH AVE. APT. 5N
HOWARD BEACH, NY 11414

Dear Queens Homeowner :  **Index Number: 0000301/2010**

A mortgage foreclosure case has been started against you by your mortgage lender. It is important that you do not ignore this notice, or any court papers that you receive or **YOU MAY LOSE YOUR HOME.** Free Help is available. You should get help immediately either by contacting one of the organizations listed below or by retaining your own lawyer.

**A Settlement Conference With You and Your Lender Is Scheduled**
Under the law, a Court conference must be held with you and your lender to see if the case can be resolved. You must appear on **4/28/2010 AT 9:30 AM in Courtroom 42A.** Please call 718-298-1092 one week before your conference date to let the Court know that you will attend the conference. *It is very important that you attend this conference even if you have spoken with your lender about your foreclosure.*

**Required Housing Counseling Meeting**
- A housing counseling meeting with **Brooklyn Housing & Family Services (718-298-0325)** has been scheduled for you on **4/8/10 AT 11:00 AM in Room 25C** in the Queens County Supreme Court at the address listed above to help you prepare for your conference.

**What to Bring to the Housing Counseling Meeting and Court Conference**
It is important that you arrive at the Housing Counseling Meeting and Court Conference ready to discuss the facts of your case. To help the housing counselor and the court, please bring copies of the following documents if you have them :
- Current Mortgage Statement for Loan; Correspondence from lender regarding your past due status;
- Closing Package including Mortgage/ Note/ Riders/ HUD-1 Statement from last closing;
- Pay Stubs for past 30 days; W2's/ Tax Returns for past 2 years, Proof of other income, such as alimony, child support, disability; Lease(s) for tenants;
- Bank Statements for 2 months (all accounts); Bills/ Expenses being paid currently, including credit cards, car note, etc. (copy of each monthly statement); most recent property tax statements.
- Credit Report (if done recently); Hardship letter explaining why you fell behind on the monthly payments;
- Loan resolution proposals, applications, and other information resulting from previous workout attempts.

**Responding to Court Papers**
You must also respond to any court papers you receive. The number of days you have to respond is stated in the court paper called "Summons". Make sure you meet the deadline given in the Summons and any other deadline set by law .

**Help is Available**
- **The Legal Aid Society:** If you are under 60 years old, you may call Legal Aid at 718-286-2487 to set up an appointment.
- **Legal Services for the Elderly in Queens:** If you are 60 or older, you may call Legal Services for the Elderly at 718-286-1512 to set up an appointment.
- **Court Help Center:** 718-298-1024, located in the courthouse, at 88-11 Sutphin Blvd., Jamaica, Queens, Room 109, also can assist you by providing information about the foreclosure processas well as sample court forms and instructions. If you plan to visit this office, please bring this letter along with any court papers you may have received and your mortgage documents.
- **City Bar Justice Center, Foreclosure Project :** 1-212-382-6766
- **NYS Division of Housing and Community Renewal Website (List of Housing Counseling Agencies)** http://www.dhcr.state.ny.us/Programs/ForeclosurePrevention/CounselListing.htm#a41

If you have a question about anything contained in this letter, please call the Residential Foreclosure Part at : 718-298-1092.  Dated:  Mar 12, 2010

# EXHIBIT
## "D"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS – FORECLOSURE PART
PRESENT: MARTIN J. SCHULMAN

Index Number: ___0000301/2010___

-----------------------------------------------------------------

**Order Dismissing Action**

BAC HOME LOANS SERVICING LP

Plaintiff(s),

-against-

MODIKHAN, ASHMEEN ETAL.

Defendant(s).

-----------------------------------------------------------------

A Foreclosure Status Conference having been scheduled for ___7/23/2014___ before the undersigned, and

the plaintiff having failed to comply with the terms of the Order dated __6/4/14__, it is hereby

ORDERED, that the above-captioned action is dismissed, without prejudice; and it is further

ORDERED, that the County Clerk of the County of Queens is directed, upon payment of the proper fees,

if any, to cancel and discharge a certain Notice of Pendency filed in this action on __1/6/10__

against the property known as BLOCK __11417__, LOT __4513__ and said Clerk is hereby

directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

**JUL 23 2014**

Dated: _____

So Ordered:

_____
MARTIN J. SCHULMAN
J.S.C.

**F I L E D**

AUG 12 2014

COUNTY CLERK
QUEENS COUNTY

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 29

RECEIVED NYSCEF: 12/07/2022

RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07719-EK-LB   Document 35-1   Filed 01/05/23   Page 536 of 863 PageID
#: 1233

# EXHIBIT
# "E"

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 23                                 RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07471-PKC-LB   Document 35   Filed 01/05/23   Page 537 of 863 PageID

Short Form Order

## NEW YORK SUPREME COURT - QUEENS COUNTY

Present:  Honorable **MARTIN J. SCHULMAN**        **Mortgage Foreclosure**
                        **Justice**                **Part**

---

**BAC HOME LOANS SERVICING LP F/K/S**           **Index No.: 301/10**
**COUNTRY WIDE HOME LOAN SERVICING, LP,**

                                                **Motion Date: 11/29/16**
                              Plaintiff,

                                                **Seq. No.: 1**

            -against-

**ASHMEEN MODIKAN,** *et. al.,*

                              Defendants.

---

The following papers numbered 1 to 8 read on this motion by plaintiff for an order
vacating the dismissal imposed on July 23, 2014, and restoring this action to active status,
and to appoint a referee to compute, and upon the cross-motion by defendant Ashmeen
Modikhan for an order pursuant to *CPLR § 213(4)* dismissing the action

                                                      PAPERS
                                                     NUMBERED
Notice of Motion-Affidavits-Exhibits ......................................  1-3
Notice of Cross Motion-Affidavits-Exhibits...........................  4-6
Affidavit In Opposition...............................................................  7-8

        Upon the foregoing papers, it is hereby ordered that this motion by the plaintiff
for an order vacating the dismissal imposed on July 23, 2014, to restore this action to
active status, and to appoint a referee to compute is granted, and the cross-motion by
defendant Ashmeen Modikhan ("Modikhan") for an order pursuant to *CPLR § 213(4)*
dismissing the action as time barred by the statute of limitations is denied, as follows:
        This is an action to foreclose upon a mortgage on real property located in Queens
County, known as 8710 149th Avenue, Howard Beach, New York 11414, Block No.
11417, Lot 4513, pursuant to a mortgage dated April 24, 2007, made by Modikan to
Countrywide Home Loans., Inc., which mortgage was recorded in the Office of the Clerk
of the County of Queens on May 31, 2007. Copies of the of the Note and Mortgage are
annexed to the moving papers.
        On January 6, 2010, the summons and complaint, and Notice of Pendency were
served on Modikhan and filed in the office of the County Clerk. Modikhan appeared in
this action on February 17, 2010, and filed his answer with counterclaims and discovery
demands. Copies of the summons and complaint, Notice of Pendency, affidavits of

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM          Page 538 of 863 PageID

NYSCEF DOC. NO. 23                                       RECEIVED NYSCEF: 10/11/2022

service, and Notices of Appearance are annexed to the moving papers.

A foreclosure settlement conference was conducted pursuant to *CPLR § 3408* on April 28, 2010. For the next four years no action was taken by plaintiff until May, 2014, when the court notified the parties to appear at a status conference on June 4, 2014. On that date, counsel for plaintiff appeared, and the court directed plaintiff to file both an Affirmation of Merit pursuant to Administrative Order 208/13, and an Order of Reference, prior to a final conference to be held on July 23, 2014. Neither Modikhan nor his attorney appeared on June 4, 2014. On the adjourned date of July 23, 2014, both plaintiff and Modikhan failed to appear, and the case was dismissed. Plaintiff alleges in the moving papers that prior to the July 23, 2014 conference, the file was transferred from its original attorneys, Rosicki, Rosicki and Associates to Leopold and Associates.

Plaintiff now moves to vacate the dismissal on the basis that on the date the action was dismissed, the case was in the process of being transferred from Rosicki to Leopold and Associates, and Leopold had not been formally substituted into the case. A consent to change attorney was not filed by Leopold and Associates until August 6, 2014, two weeks after the conference date. Thereafter, on June 3, 2015, the case was transferred to its current counsel, Clarfield, Okun, Salamone & Pincus. After the transfer to Clarfield, Okun, the subject mortgage loan was transferred on June 26, 2015 from Ocwen Loan Servicing, LLC to Fay Servicing, LLC.

Modikhan has served a cross-motion to dismiss this case pursuant to CPLR§ 213(4) on the basis that the action is time-barred by the statute of Limitations.

A foreclosure action is equitable in nature, and triggers the equitable powers of the court, *See, Norwest Bank Minnesota, NA v E.M.V. Realty Corp., 94 AD3d 835*; *Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948.*

It is well settled that a plaintiff seeking to vacate a default in appearing must demonstrate both a reasonable excuse for the default and a meritorious cause of action. *See, CPLR §5015(a)(1); Euguene DiLorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Golden V. Romanowski, 128 AD3d 1009; Goldenberg v Goldenberg, 123 AD3d 761; Apladenaki v Greepoint Mtge. Funding, In., 117 AD3d 975.* The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the court. *See, Madonna Mgt. Servs., Inc. v. R. S. Naghavi M. D. PLLC, 123 AD3d 986; 9 Bros. Bldg. Supply Corp. v Buoramicia, 106 AD3d 968.* In making that determination, the court should consider relevant factors such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits. *See, Lyubomissty v Lubov Arulin, PLLC, 125 AD3d 614; Fried v Jacob Holding, Inc. 110 AD3d 56.*

Here, the court finds that plaintiff has offered a credible explanation for the default in appearing which led to the dismissal of this case, having established delay in the substitution of counsel, and delay in the service transfer of the subject mortgage loan.

Plaintiff has also demonstrated a meritorious cause of action, having annexed an

<div align="center">2</div>

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 23          RECEIVED NYSCEF: 10/11/2022

affidavit from the mortgage loan servicer to plaintiff, and the attorney affirmation required by the Administrative Order. *See, LaSalle Bank, N.A., v Pace, 100 AD3d 970.*

Here, there are no allegations of willful or contumacious behavior on the part of counsel prior to the dismissal date, nor is there any demonstration of prejudice to the defendant. Modikhan does not deny that he has been in default in making any payments on the subject mortgage loan since 2009. Furthermore, Modikhan received a discharge from personal liability on the loan in a prior bankruptcy proceeding he commenced on October 12, 2012. A copy of the PACER Bankruptcy Search Record is annexed to the opposition papers.

As plaintiff has established a reasonable excuse in not appearing on July 23, 2014 and a meritorious cause of action, and Modikhan does not deny that he has been in default of the subject loan for more than six years since 2009, and that he also received a discharge from personal liability through bankruptcy, that branch of the motion which seeks to vacate the dismissal and to restore this case to active status is granted.

Accordingly, the dismissal imposed on July 23, 2014 is hereby vacated. This case shall be restored to the Foreclosure Status Conference Part for Wednesday, September 20, 2017, at 9:30 A.M.

Upon the payment of any required fees, the plaintiff shall file and serve a new Notice Pendency in this matter. RPAPL § 1331.

That branch of the motion which seeks an order of Reference is denied with leave to renew before Hon. Kevin J. Kerrigan, on or before the September 20, 2017 conference date.

The cross-motion by Modikhan for an order dismissing this action pursuant to CPLR §213(4) based upon the expiration of the statute of limitations is denied. CPLR § 213(4) provides that certain actions must be commenced within 6 years including "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or a note and mortgage so secured, or upon a mortgage of real property, or any interest therein, See, CPLR §213(4). The statute of limitations in a mortgage foreclosure action begins to run six years from the due date for each installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought. Inasmuch as this action was timely commenced on January 6, 2010, as a result of defendant's default in tendering payments due to plaintiff beginning April 1, 2009, the cross-motion is denied.

This constitutes the decision and order of this court.

Dated: January 5, 2017

_____
J. S. C.

3

Case 1:22-cv-02775-PKC-TB   Document 5-1   Filed 01/05/23   Page 540 of 863 PageID #: 1237

*ORDER SIGNED DISCONTINUING ACTION AND CANCELLING LIS PEND*

Page 1 of 1

Chec Jamel Fisher
motion to restore

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS — FORECLOSURE PART**
**PRESENT: MARTIN J. SCHULMAN**

Index Number: ___0000301/2010___

---

BAC HOME LOANS SERVICING LP

Plaintiff(s),

**Order Dismissing Action**

-against-

MODIKHAN, ASHMEEN ETAL.

Defendant(s).

---

A Foreclosure Status Conference having been scheduled for ___7/23/2014___ before the undersigned, and

the plaintiff having failed to comply with the terms of the Order dated ___6/4/14___, it is hereby

ORDERED, that the above-captioned action is dismissed, without prejudice; and it is further

ORDERED, that the County Clerk of the County of Queens is directed, upon payment of the proper fees,

if any, to cancel and discharge a certain Notice of Pendency filed in this action on ___1/6/10___

against the property known as BLOCK ___11417___ LOT ___4513___ and said Clerk is hereby

directed to enter upon the margin of the record of the same, a notice of cancellation referring to this Order.

JUL 23 2014

Dated: _____

So Ordered:

_____
MARTIN J. SCHULMAN
J.S.C.

**FILED**

AUG 12 2014

**COUNTY CLERK**
**QUEENS COUNTY**

Case 1:22-cv-02775-BKC-JS    Document 5-1    Filed 01/05/23    Page 542 of 863 PageID #: 1236

ORDER SIGNED

Page 1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Index Number: _____0000301/2010_____

**Status Conference Order**

BAC HOME LOANS SERVICING LP

                                        Plaintiff(s),

        -against-

MODIKHAN, ASHMEEN ETAL.

                                        Defendant(s).

A Status Conference having been scheduled before the undersigned on ___6/4/2014___, it is hereby

ORDERED:

☑ Plaintiff is directed to appear at a final status conference on _____7/23/14_____
at 9:30 AM in Courtroom 67A, for proof of compliance with this order.

☑ Plaintiff is directed to file a Foreclosure Affirmation/Certificate of Merit pursuant to Administrative
Order 208/13 by said conference date.

☑ Plaintiff is directed to file an application seeking an Order of Reference or the next applicable
application by said conference date.

☐ Plaintiff is directed to file an application seeking a Judgment of Foreclosure & Sale by said conference
date.

☐ Other_____

_____

ORDERED, that failure to comply with the terms of this order may result in the dismissal of this action
without prejudice.

Dated: ___6-4-14___

FILED
SEP 12 2014
COUNTY CLERK
QUEENS COUNTY

So Ordered:

_____
MARTIN J. SCHULMAN
J.S.C.

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM INDEX NO. 705854/2021
Case 1:22-cv-07275-PKC-LB Document 1-1 Filed 11/25 Page 544 of 863 PageID

# EXHIBIT
## "F"

ORIGINAL

SUPREME COURT
STATE OF NEW YORK, COUNTY OF QUEENS

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE
HOME LOANS SERVICING LP,

                                        Plaintiff,

        vs.

ASHMEEN MODIKHAN, et al.,

                                        Defendants.

Index No: 301/2010

CONSENT TO CHANGE
ATTORNEY

Foreclosure of:
8710 149th Ave
Howard Beach, NY 11414

FILED
DEC - 6 2014
COUNTY CLERK
QUEENS COUNTY

        IT IS HEREBY CONSENTED THAT LEOPOLD & ASSOCIATES, with an office located at 80 Business Park Drive, Armonk, New York 10504, be substituted as attorneys of record for the plaintiff in the above-entitled action in place and stead of ROSICKI, ROSICKI & ASSOCIATES, P.C., with an office located at 51 E. BETHPAGE ROAD, PLAINVIEW, NEW YORK 11803. This Consent may be executed by the parties in counterparts and electronic or facsimile signatures shall be deemed the same as originals for the purpose of this Consent.

Dated:  July 22  , 2014

                        ROSICKI, ROSICKI & ASSOCIATES, P.C.

                        By:
                        Name: Jonathan Falk, Esq.

                        Title: Associate Attorney
                              Withdrawing Counsel

1 of 3

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM
NYSCEF DOC. NO. 25

Index No: 301/2010

LEOPOLD & ASSOCIATES, PLLC

By: _____   7/28/14

Name: Denise Singh-Steele, ESQ.
80 Business Park Drive, Suite 301
Armonk, New York 10504
Incoming Counsel

Ocwen Loan Servicing, LLC Servicer for
BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE
HOME LOANS SERVICING LP

By: _____

Name: _____Jon King_____

Title: Contract Management Coordinator

## UNIFORM CERTIFICATE OF ACKNOWLEDGMENT
**(Outside New York State)**

STATE OF Florida     )
                     )
COUNTY OF Palm Beach ) ss:

On the 22 day of July in the year 2014, before me, the undersigned Jon King, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____ Guirlene Dolcine

WITNESS my hand and official seal
(Signature of Notary Public)

SEAL OR STAMP

GUIRLENE DOLCINE
MY COMMISSION # FF 055384
EXPIRES: November 16, 2017
Bonded Thru Notary Public Underwriters

(Print, type or stamp commission name of Notary Public)

My Commission Expires:

11/16/2017

2 of 3

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 11/05/23   Page 547 of 863 PageID
#: 1044

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM    Page 548 of 863 PageID
NYSCEF DOC. NO. 23    RECEIVED NYSCEF: 10/11/2022

301/2010 AFFTS.NOTICE OF MOTION - SEQ. 01

301/2010 CONSENT TO CHANGE ATTORNEY - LEOPOLD & ASSOCIATES

Page 01 of 83

Page 3 of 3

**SUPREME COURT**
**STATE OF NEW YORK, COUNTY OF QUEENS**    **INDEX NO.: 301/2010**

---

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME
LOANS SERVICING LP,

Plaintiff(s),

-against-

ASHMEEN MODIKHAN, et al.,

Defendant(s).

---

## CONSENT TO CHANGE ATTORNEY

---

### LEOPOLD & ASSOCIATES, PLLC

**Attorneys for Plaintiff(s)**

*Office and Post Office Address, Telephone*
**80 Business Park Drive, Suite 110**
**Armonk, NY 10504**
**(914) 219-5787**

---

Signature (Rule 130-1.1-a)

Print name beneath
_____, ESQ.

Service of a copy of the within is hereby admitted
Dated:

---

Regency Process Service, LLC
761 Koehler Avenue
Suite A
Ronkonkoma, NY 11779
Telephone: 631-981-5378
Fax: 631-981-4842

3 of 3

Printed 6/19/2010
Printed 4/11/2011

Case 1:22-cv-02713-EK-CLP Document 5-1 Filed 07/05/23 Page 549 of 863 PageID #: 1246

# EXHIBIT
## "G"

Prepared by: MELANIE L. WARD

LOAN #: ▮▮▮▮▮▮

ORIGINAL

## NOTE

APRIL 24, 2007                 HOWARD BEACH                 NEW YORK
[Date]                         [City]                      [State]

9710 169TH AVENUE, HOWARD BEACH, NY 11414-1439
[Property Address]

**1. BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 179,000.00     (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is
COUNTRYWIDE HOME LOANS, INC.
I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is
entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly
rate of    6.375  %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B)
of this Note.

**3. PAYMENTS**
   (A) Time and Place of Payments
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the  FIRST       day of each month beginning on
JUNE 01, 2007    . I will make these payments every month until I have paid all of the principal and interest and
any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled
due date and will be applied to interest before Principal. If, on  MAY 01, 2037    , I still owe amounts under this
Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at
P.O. Box 660694, Dallas, TX 75266-0694
or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,116.73

**4. BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a
"Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a
payment as a Prepayment if I have not made all the monthly payments due under the Note.
   I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my
Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment
to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of
the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment
unless the Note Holder agrees in writing to those changes.

**5. LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other
loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge
shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from
me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the
Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated
as a partial Prepayment.

**NEW YORK FIXED RATE NOTE**-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
VMP MORTGAGE FORMS - (800)521-7291

-6N(NY) (0002).01  CHL (09/02)(d)          Page 1 of 3          Form 3233 1/01

Page 552 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

NYSCEF DOC. NO. 25                                       RECEIVED NYSCEF: 10/11/2022

LOAN #: _____

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   FIFTEEN   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   2.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Lender may require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. If Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission, Lender also may require immediate payment in full. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender requires immediate payment in full under this Section 18, Lender will give me a notice which states this requirement. The notice will give me at least 30 days to make the required payment. The 30-day period will begin on the date this notice is given to me in the manner required by Section 15 of this Security Instrument. If I do not make the required payment during this period, Lender may act to enforce its rights under this Security Instrument without giving me any further notice or demand for payment.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)        _____(Seal)
ASHGEEN MODIKHAN        -Borrower                               -Borrower

_____(Seal)        _____(Seal)
                        -Borrower                               -Borrower

*[Sign Original Only]*

-5N(NY) (0009).01  CHL (08/02)              Page 2 of 2                    Form 3233 1/01

Case 1:22-cv-0747-PKC-LB    Document 5-1    Filed 01/06/23    Page 553 of 863 PageID

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: *Michele Sjolander*
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

# EXHIBIT
# "H"

Case 1:22-cv-07375-FRC-JR Document 5-1 Filed 01/06/23 Page 555 of 863 PageID

## In the Matter of:

## Clinton E. Kirby VS. Bank of America

Michele Sjolander

01/25/2012

Job #: 4329



COURT REPORTERS, INC.

(818)988-1900

downloaded from http://4closurefraud.org

```
 1              IN THE UNITED STATES DISTRICT COURT

 2          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

 3                     HATTIESBURG DIVISION

 4

 5   CLINTON E. KIRBY AND      )
     MARTHA B. KIRBY,          )
 6                             )
              PLAINTIFFS,      )  CASE NO. 2:09-CV-00182-DCB-JMR
 7                             )
         VS.                   )
 8                             )
     BANK OF AMERICA, N.A.,    )
 9   AS SUCCESSOR IN INTEREST  )
     TO COUNTRYWIDE BANK, FSB; )
10   BAC HOME LOAN SERVICING,  )
     L.P., F/K/A COUNTRYWIDE   )
11   HOME LOAN SERVICING LP;   )
     RECONTRUST COMPANY, N.A.; )
12   FEDERAL NATIONAL MORTGAGE )
     ASSOCIATION A/K/A FANNIE  )
13   MAE; AND MORTGAGE         )
     ELECTRONIC REGISTRATION   )
14   SYSTEMS, INC.,            )
                               )
15            DEFENDANTS.      )
     --------------------------

16

17          DEPOSITION OF MICHELE SJOLANDER

18             WEDNESDAY, JANUARY 25, 2012

19

20

21

22

23   FILE NO. 4329
     REPORTED BY:  COLLEEN CRISSMAN, C.S.R. 10683
24

25
```

Case 1:22-cv-01815-PKC-JR   Document 5-1   Filed 01/05/23   Page 557 of 863 PageID

**Page 2**

1  DEPOSITION OF MICHELE SJOLANDER, TAKEN ON BEHALF OF THE
2  PLAINTIFFS, AT 9:41 A.M., WEDNESDAY, JANUARY 25, 2012, AT
3  14520 SYLVAN STREET, VAN NUYS, CALIFORNIA, BEFORE COLLEEN
4  CRISSMAN, C.S.R. NO. 10683.
5
6  APPEARANCES OF COUNSEL
7  FOR PLAINTIFFS:
8      CLINTON KIRBY, IN PROPRIA PERSONA
       24323 JACKSON AVENUE
9      APARTMENT 714
       MURRIETA, LOUISIANA 92562
10     (601) 466-0442
11
12
13  FOR DEFENDANTS:
14     MC GLINCHEY STAFFORD PLLC
       BY: GEORGE DEWEY HEMBREE, III, ESQ.
15     200 SOUTH LAMAR STREET
       CITY CENTRE SOUTH, SUITE 1100
16     JACKSON, MISSISSIPPI 39201
       (601) 960-8425
17
18
19
20
21
22
23
24
25

**Page 3**

1              I N D E X
2  DEPONENT    EXAMINATION    PAGE
3  MICHELE SJOLANDER
4      MR. KIRBY      6
5
6
7          E X H I B I T S
8         (NONE OFFERED)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Page 4**

1  VAN NUYS, CALIFORNIA; WEDNESDAY, JANUARY 25, 2012;
2      9:41 A.M.
3
4      ---oOo---
5
6      MICHELE SJOLANDER,
7  having been first duly sworn by the reporter,
8  was examined and testified as follows:
9
10     MR. HEMBREE: Usual stipulations?
11     MR. KIRBY: I don't know what the usual
12  stipulations are.
13     MR. HEMBREE: The deposition is taken pursuant
14  to the Rules of Federal Procedure.
15     MR. KIRBY: Sure, pursuant to the Rules of
16  Federal Procedure that I have here.
17     MR. HEMBREE: Any objections other than to the
18  form of the question is reserved for trial.
19     MR. KIRBY: Objectiond other than to form
20  reserved for trial, is that what you said?
21     MR. HEMBREE: Uh-huh.
22     MR. KIRBY: Yes, I do believe that's what it
23  says.
24     MR. HEMBREE: And she would like to read and
25  sign.

**Page 5**

1      MR. KIRBY: She'd like to read and sign you say?
2  Okay. Are you here as her attorney?
3      MR. HEMBREE: I'm here representing Bank of
4  America.
5      MR. KIRBY: Okay. So Michele Sjolander -- I'm
6  sorry. That's why I asked. She is unrepresented for the
7  purposes of the deposition, then?
8      MR. HEMBREE: She is here as a fact witness.
9      MR. KIRBY: Okay. Not a representative witness?
10     MR. HEMBREE: That's right.
11     MR. KIRBY: Okay. So obviously I'm not an
12  attorney. This is my first time doing this, I'll be
13  honest with you. So I have several notes. I may have to
14  fumble through some papers, but so my understanding is we
15  need to start by identifying everyone in the room, so if
16  you could state your names.
17     THE REPORTER: Actually, if we could go off the
18  record, I'll read something.
19     (Discussion held off the record.)
20     THE REPORTER: Pursuant to the Federal Rules of
21  Civil Procedure, I am required to state the following:
22  My name is Colleen Crissman. My business is address
23  14520 Sylvan Street, Van Nuys, California. This is the
24  deposition of Michele Sjolander in the matter of
25  Clinton E. Kirby and Martha B. Kirby versus Bank of

**Page 6**

1 America, et al., beginning at 9:41 A.M., on Wednesday,
2 January 25, 2012. This deposition is taking place at my
3 office.
4    Counsel, will you please state your appearances
5 for the record.
6    MR. HEMBREE: Dewey Hembree, Bank of America.
7    THE REPORTER: Counsel -- Mr. Kirby?
8    MR. KIRBY: I'm sorry. Clinton Kirby, pro se.
9    THE REPORTER: And the witness has been sworn.
10 Please proceed.
11
12    EXAMINATION
13 BY MR. KIRBY:
14    Q  All right. So let's just go through the basics
15 here. Have you ever had a deposition taken before?
16    A  Yes.
17    Q  I mean, can you -- how many? Multiple?
18    A  Five.
19    Q  Five.
20    A  This is my fifth.
21    Q  This would be your fifth. Do you know what
22 cases those were, or do you remember?
23    A  There were a few Bank of America cases and one
24 for my own Weyerhaeuser Mortgage.
25    Q  And obviously you understand you're under oath?

**Page 7**

1    A  Yes.
2    Q  And that means you're sworn to tell the truth?
3    A  Yes.
4    Q  And even though we're in an informal setting,
5 your answers have the same force and effect as if we were
6 in a courtroom with a judge and jury?
7    A  Yes.
8    Q  And you're prepared to answer the questions
9 today?
10    A  I hope so.
11    Q  There's nothing that will prevent you from
12 giving me your full attention?
13    A  No. Let me turn off my phone.
14    Q  You aren't taking any medications -- or I should
15 say, are you taking any -- taking any medications or
16 suffering from any illness that would prevent you from
17 understanding the questions or answering them fully?
18    A  I am taking medication, but it is not anything
19 to prevent myself from understanding the questions.
20    Q  Okay. And if you don't understand one of the
21 questions, would you let me know?
22    A  Yes.
23    Q  And if you need to take a break, just let me
24 know, and we'll take a break; okay?
25    A  Thank you.

**Page 8**

1    Q  All right. So let me give you this. This is
2 the document. I'm not planning on exhibiting it to the
3 deposition, just because it's already in the record. I'm
4 just going to refer to it. So can you read the title of
5 that document?
6    A  Clinton E. Kirby and Martha B. Kirby --
7    Q  Well, no, the title down below.
8    A  "Declaration of Michele Sjolander."
9    Q  Right. So I just want you to understand we're
10 going to be referring to this often, going through it;
11 okay?
12    A  Uh-huh.
13    Q  All right. Let me see. Let me switch pages.
14 Okay. So we've got your name. What is your business
15 address?
16    A  4500 Park Granada, Calabasas, California.
17    Q  Do you know the zip code, not that it's that
18 important?
19    A  No.
20    Q  You don't know it offhand, okay.
21    And so who is your employer?
22    A  Bank of America.
23    Q  Which aspect of Bank of America? Is there more
24 than one Bank of America organization? I mean, which
25 particular Bank of America organization?

**Page 9**

1    A  I work under the mortgage business of Bank of
2 America, secondary marketing.
3    Q  Is that -- well, I think we'll cover that in a
4 minute, but if not, I'll come back to that. So Bank of
5 America pays your salary?
6    A  Yes.
7    Q  Are you currently employed by anyone other than
8 Bank of America?
9    A  No.
10    Q  Okay. How long have you been at Bank of
11 America?
12    A  I was an associate of Countrywide. I began
13 through the merger, so day one of -- it was April 1,
14 2009, I started with Bank of America.
15    Q  Okay. And what is your title there?
16    A  With Bank of America, I'm a senior vice
17 president.
18    Q  Senior vice president. Oh, here's another
19 question: Have you given any other sworn statements or
20 affidavits, certifications in any other cases regarding
21 Bank of America?
22    A  Declarations, yes.
23    Q  Yes, okay. Can you estimate how many?
24    A  I think four declarations, three or four
25 declarations.

Page 560 of 863 Page#

Page 10

1  Q  Three or four. And those are all Bank of
2  America cases?
3    A  Yes.
4    Q  So what do you do just on a day-to-day basis at
5  Bank of America?
6    A  I work in their loan delivery and operations
7  group. I am -- I oversee the settlements area, loan
8  delivery, which creates the securities. I have
9  eligibility, which is the eligibility of the loans going
10  into the security. I have an operations crew that
11  oversees the collateral operations, and master file audit
12  which audits the files, a bond group, and a wiring group.
13    Q  Okay. So how many groups is that? You
14  mentioned several groups. Let me just make a note of
15  that.
16    A  Well, one group is really under all of
17  operations.
18    Q  Right. So there's an operations group?
19    A  Yes. And that's located in Simi Valley.
20    Q  And that's in Simi Valley, okay.
21    A  And then I have a couple of groups -- a few
22  groups in Calabasas, which is loan delivery, settlements,
23  and eligibility. And I just inherited, actually,
24  transaction management.
25    Q  Loan delivery, settlements, and what was the

Page 11

1  last one?
2    A  Eligibility.
3    Q  And the one you inherited?
4    A  Transaction management.
5    Q  Okay, transaction management. So who is your
6  supervisor?
7    A  Currently I report to Josh Adler.
8    Q  Josh Adler. And that's J-o-s-h A-d-l-e-r?
9    A  Okay.
10    Q  Are there -- do you have to have any degrees or
11  certifications in your current job? And, if so, what
12  would they be?
13    A  I have a bachelor's.
14    Q  Bachelor's. Is that a requirement of the job or
15  not so much?
16    A  I'm sure it is.
17    Q  Okay. But no other training certifications or
18  had to --
19    A  Not for the job, no.
20    Q  Not for this job. And so how long have you been
21  in this position, the senior vice president?
22    A  Since 2009.
23    Q  And you said April 1st?
24    A  I think it's April 1st, yes, was associate day
25  one for Bank of America.

Page 12

1  Q  So have you held any other positions within Bank
2  of America?
3    A  Bank of America, no.
4    Q  Right.
5    A  This is the position.
6    Q  Right, no. Okay. You got that. Now, of
7  course -- well, let me just put it this way -- so just
8  let me get one more time. The total amount of time
9  you've been at the company is just since April of 2009.
10    A  For Bank of America, yes.
11    Q  For Bank of America, yes?
12    A  I was previously with Countrywide. I was part
13  of the merger.
14    Q  That's what I'm getting to here. So previously
15  before -- immediately before Bank of America took over
16  Countrywide or there was a merger, what did you do for
17  Countrywide?
18    A  I had the same responsibilities.
19    Q  Same responsibilities with these groups --
20    A  Yes.
21    Q  -- and whatnot?
22    So was it basically just a name change from
23  Countrywide to Bank of America? Is that kind of --
24    A  It was a merger.
25    Q  Right. But, I mean, as far as your

Page 13

1  responsibilities and your job and --
2    A  Yes. I think it was doing the same job.
3    Q  Right. So what is -- when did you start working
4  at Countrywide?
5    A  1998, yes, 1998.
6    Q  '98. So what -- can you just break down for me
7  what types of jobs you did and the time period that you
8  did them in?
9    A  To the best of my knowledge, again --
10    Q  Sure, sure, sure.
11    A  Many years have gone between. I started as -- I
12  was hired in as Countrywide to run their pooling group,
13  which is to create securities, again, trades that were on
14  the secondary market. I ran their pooling group. And I
15  also then began to trade on the secondary market. I
16  traded mortgage-backed securities for conventionals and
17  ARMs. I was the ARM trader and conventional trader.
18    In the year 2000 --
19    Q  So that was '98 to 2000?
20    A  To 2000.
21    Q  I might have interrupted you. Sorry.
22    A  In the year 2000, I became -- from a vice
23  president, I went to a senior vice president, and I took
24  over the operations group that is located in Simi Valley.
25  And I oversaw collateral deficiencies, master file audit,

Page 561 of 863 PageID

Page 14

1  a wiring group -- wiring, FHA wiring, and I did not have
2  bonds at that time, so FHA wiring.
3       I then stopped trading and ran the settlements
4  group, the loan delivery group, and took over what we
5  call an eligibility group, which was to write rules
6  against the master contracts that we have with the
7  agencies and to ensure that we pool loans that are
8  eligible for securities.
9       Q  And that was --
10      A  That was probably the year 2000.
11      Q  Oh, that was all in 2000?
12      A  Uh-huh.
13      Q  That was as senior vice president?
14      A  That was my senior vice president role.
15           Then I did get promoted into an executive vice
16   president 2003, maybe 2004, oversaw the same duties, but
17   my job expanded in the amount of people I had and the
18   eligibility work that I did, and I started in contracts,
19   working with the contracts with the agencies. Then I
20   became managing director for Countrywide.
21      Q  Was that in the same year?
22      A  That has to be -- that was probably '07, '08.
23      Q  Managing director of which now?
24      A  Same position.
25      Q  I guess I don't follow you.

Page 15

1       A  I just --
2       Q  You're saying same duties, but different title?
3       A  Yep, uh-huh.
4       Q  And that was 2000?
5       A  And my duties, of course, expanded as my titles
6  expanded in the realm of meeting with -- having people
7  below me.
8       Q  Right.
9       A  And then I went to Bank of America in 2009, and
10  I was asked to stay after the merger.
11      Q  Okay. Now, you had said something about -- you
12  said something about Simi Valley. You're a senior vice
13  president, and you dealt with an operations group in
14  Simi Valley?
15      A  Uh-huh.
16      Q  Did you report to work at Simi Valley?
17      A  I do have an office in Simi Valley as well. My
18  main office is in Calabasas, but I do -- I do go to the
19  Simi Valley office as well.
20      Q  Simi Valley office of what company?
21      A  It was Countrywide; now it's Bank of America.
22      Q  Okay. Okay. And just to clarify, because you
23  kind of were saying this, basically you -- well, you kind
24  of alluded to the fact that your job duties have not
25  changed all that much since you started when it was

Page 16

1  Countrywide. Is that what I'm to understand?
2       A  The main --
3       Q  I mean versus what you do now? I'm sorry. Let
4  me just --
5       A  Yes. My main functions have not changed. I am
6  continuing in the same position, just I'm dealing with
7  more higher issues.
8       Q  Right. But I know you said you stopped trading.
9  Maybe I should put the question that way. Is there
10  anything that you used to do, you know, before your
11  current position that you --
12      A  As a vice president, I did trade.
13      Q  Okay.
14      A  When I became a senior vice president, I did not
15  trade any longer.
16      Q  Okay.
17      A  I instead ran the operations group and ran the
18  operations for secondary market.
19      Q  And is that the only thing that you used to do
20  that you -- that you don't do anymore?
21      A  As a function of a day-to-day job, yes.
22      Q  Okay. Now, does that mean that you do trade
23  sometimes, or --
24      A  I do not trade anymore on the market.
25      Q  What would you do sort of on an ad hoc basis,

Page 17

1  which you seem to be maybe saying? I'm sorry. Were you
2  going --
3       MR. HEMBREE:  I'm trying to understand what
4  you're saying.
5       THE WITNESS:  Me too.
6       MR. KIRBY:  She just said day-to-day she does
7  basically the same thing. And I was just trying to
8  ascertain whether that meant --
9       THE WITNESS:  I manage my groups, so I manage
10  all of these areas, and I do the -- you know, I tackle
11  issues that arise in all of my groups.
12  BY MR. KIRBY:
13      Q  Okay. So, specifically, in 2006, 2007, what was
14  your title? I mean, I know we've covered it, but I want
15  to narrow it down to 2006, 2007 at Countrywide.
16      A  I must have been an executive vice president.
17      Q  Okay, EVP. And that had to do with secondary
18  marketing and marketing of loans to secondary market and
19  basically all of the things you've described?
20      A  Yes.
21      Q  Okay.
22      A  Except for trading.
23      Q  Except for trading, okay. Are you considered an
24  officer or director or managing agent for your company or
25  for Bank of America, I guess, now --

| | Page 18 |
|---|---|
| 1 | A  Yes. |
| 2 | Q  -- or all of those? |
| 3 | A  Yes, I am an officer. |
| 4 | Q  I see that you became a managing director in |
| 5 | 2007. Are you still also a director of some sort? |
| 6 | A  I was -- I am not -- I am no longer holding the |
| 7 | title of managing director. |
| 8 | Q  Okay.  But do you perform any of the duties of a |
| 9 | managing director? |
| 10 | A  I perform the duties of a senior vice president |
| 11 | for Bank of America. |
| 12 | Q  Okay.  And as far as a managing agent or some |
| 13 | other type of agent, do you function in that capacity at |
| 14 | all? |
| 15 | A  I'm an officer for Bank of America. |
| 16 | Q  Okay.  So I think I covered that.  So how |
| 17 | many -- how many people are in these different groups? |
| 18 | A  Currently? |
| 19 | Q  Let's start with currently. |
| 20 | A  Currently I have approximately 50 people. |
| 21 | Q  50 people.  And, I mean, are those 50 people |
| 22 | total in all groups? |
| 23 | A  Yes. |
| 24 | Q  Okay.  There was -- well, I'll come back to |
| 25 | that. |

| | Page 20 |
|---|---|
| 1 | and the MBFCC to ensure that the trades are settled on |
| 2 | the market.  My eligibility group writes rules in what we |
| 3 | call Mustang Engine. |
| 4 | Q  I'm sorry.  What was that? |
| 5 | A  We create rules in what we call Mustang, which |
| 6 | is an eligibility engine, a rules engine, against the |
| 7 | selling guides of Fannie and Freddie and our master |
| 8 | commitments. |
| 9 | And then in my Simi Valley group, I have a |
| 10 | master file audit group.  They audit the loans that fail |
| 11 | the eligibility rules from the Mustang Engine, and they |
| 12 | go into the loans and actually look at the data against |
| 13 | the system against the documents. |
| 14 | I have a collateral deficiency group which, if |
| 15 | there is a deficiency that is found on the collateral, |
| 16 | they will work with the borrower or the title company or |
| 17 | the branch to cure the deficiency. |
| 18 | There is a bond group that we created securities |
| 19 | for affordable home programs and a wiring group that |
| 20 | would wire the up-front MIP premium on government loans. |
| 21 | I think that covers it. |
| 22 | Q  Now, the master file audit group, the collateral |
| 23 | deficiency, the bond group, and the wiring group, those |
| 24 | are all in Simi Valley? |
| 25 | A  Yes. |

| | Page 19 |
|---|---|
| 1 | So, again, the teams -- can you just go over the |
| 2 | teams that you -- not so much what you do now, but the |
| 3 | teams that you oversaw as executive vice president in |
| 4 | 2006, 2007?  And I just want to make sure that I have |
| 5 | them. |
| 6 | A  In Calabasas, I over saw the loan delivery, |
| 7 | settlement, and eligibility. |
| 8 | Q  Okay. |
| 9 | A  And -- |
| 10 | Q  And this is in 2006 and 2007? |
| 11 | A  Yes, and that was located in Calabasas.  In Simi |
| 12 | Valley, I had the operations group which was collateral |
| 13 | deficiency, master file audit, and I am unsure if I had |
| 14 | bonds at that time. |
| 15 | Q  Okay. |
| 16 | A  And I had wiring. |
| 17 | Q  And what about the -- auto transactions -- |
| 18 | transaction management? |
| 19 | A  I did not have that group then. |
| 20 | Q  All right.  So what do these -- what do these |
| 21 | groups do?  Can you describe their functions? |
| 22 | A  Sure.  The loan delivery creates securities for |
| 23 | sale against trades on the mortgage-backed market.  My |
| 24 | settlements group settles the securities that were |
| 25 | created by my loan delivery group and works with the FICC |

| | Page 21 |
|---|---|
| 1 | Q  How often -- well, no, actually, can you explain |
| 2 | this Mustang Engine some more?  I'm not sure that I |
| 3 | follow what that is.  An engine? |
| 4 | A  It's a system that would take the data elements |
| 5 | from a loan and run it up against our eligibility |
| 6 | guidelines for Fannie and Freddie to ensure that, when we |
| 7 | create a security, the loans are eligible for that |
| 8 | particular security.  It looks at FICO, DTI -- |
| 9 | Q  Is it a software program? |
| 10 | A  It's a system. |
| 11 | Q  It's a system? |
| 12 | A  It's a system.  It's home grown. |
| 13 | Q  Okay.  So it's -- okay.  So it's not software, |
| 14 | or is it -- I mean -- |
| 15 | A  It's not software that you go and buy, no. |
| 16 | Q  Well, no.  But obviously it's not publicly |
| 17 | available, but is it developed by the company? |
| 18 | A  Yes, it is, developed by -- |
| 19 | Q  Well, how often do you meet and speak to these |
| 20 | different groups or just your employees in general? |
| 21 | A  I have department meetings with my managers once |
| 22 | a week.  I'm in Simi Valley two times a week, Tuesdays, |
| 23 | Thursdays, for the most part. |
| 24 | Q  And that's meeting with the managers.  But what |
| 25 | about the people in these groups?  Do you -- |

Page 563 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM   INDEX NO. 705854/2021
NYSCEF DOC. NO. 23                                RECEIVED NYSCEF: 10/11/2022

Page 22

1    A   I have monthly -- I mean, I have weekly group --
2    weekly meetings with different groups. And I have -- I
3    used to have quarterly meetings to talk to my associates.
4    Q   Are those established meeting times, or are they
5    just --
6    A   Established. I mean, I'm always on the floor
7    speaking with my associates as well.
8    Q   Right. And that would be the people in these
9    groups?
10   A   Yes.
11   Q   All right. Let's go back to the declaration
12   that you have there in front of you. Do you -- what can
13   you tell me about the circumstances of the preparation of
14   this declaration?
15   A   I don't understand what you're asking.
16   Q   Well, I'm just saying did you write it? Did
17   you -- you know, were you involved in writing it?
18   A   Yes.
19   Q   Yes. Did you write it and present it to
20   someone, and then there was editing? Or, you know, did
21   it go like that?
22   A   For the most part, I did all of the background
23   work on it, all of the investigation work and spoke to an
24   attorney about what my findings were. He put this
25   together. I edited it, went through it, read it a couple

Page 23

1    of times for a couple revisions of what the statements
2    should state.
3    Q   Right.
4    A   And then the final version I received, I
5    accepted it and signed it.
6    Q   Okay. So the documents that are exhibited to
7    the declaration, you have Exhibit A, I think, through D.
8    A   Uh-huh.
9    Q   Are those documents accurate as they --
10   A   Yes. Exhibit B and C and D were supplied by
11   myself.
12   Q   Okay.
13       MR. HEMBREE:   And just for the record, I believe
14   Exhibit D is not the complete exhibit.
15       THE WITNESS:   Correct.
16       MR. KIRBY:   No. That's correct. It's 170 odd
17   pages. I just didn't print out the blank pages.
18   Q   Now, is there anything that you would change
19   about this, if you were signing it today, this
20   declaration or any, you know --
21   A   No.
22   Q   -- any declaration at all?
23       No, all right. What books, records, and
24   documents did you have access to in preparation for
25   putting this declaration together?

Page 24

1    A   In preparation for putting this together, I went
2    through our collateral -- our AS-400, which is our
3    servicing system, and researched the collateral tracking
4    for your loan, reviewed when the loan was actually
5    received into our collateral processing group, and then
6    moved from collateral processing to Fannie processing,
7    because the loan was sold, and from there to our Fannie
8    vault.
9        I also went through the investor numbers to see
10   how the loan moved through the investors. It went from
11   our Countrywide Bank to Countrywide Home Loans to
12   Investor 10 and then into a Fannie Mae investor.
13       I researched the note. I looked at the note. I
14   ensured that the endorsements were complete. I also went
15   and looked at the deed. I looked at your HUD-1. I
16   researched all of the system, everything that was on the
17   system. I ensured that there was no collateral
18   deficiencies on your loan and that all of the
19   documentations were complete.
20   Q   Now, can you explain what Investor 10 is?
21   A   When a loan is moved from what we would call our
22   Countrywide Bank, which is the first endorsement stamp,
23   and goes into what we call Countrywide Home Loans, Inc.,
24   it moves investor numbers, so it will move from our bank
25   investor to our CHL investor, and so I ensured that that

Page 25

1    loan -- that the loan was moved through the correct
2    channels to match the endorsement.
3    Q   And that was done in preparation for the
4    declaration?
5    A   Yes.
6    Q   Okay. So are you an officer for any other
7    corporation?
8    A   I was an officer for Countrywide Home loans,
9    Inc. I was an officer for Countrywide Bank FSB.
10   Q   Okay. But not currently, just an officer for
11   any other corporation now?
12   A   Well, those entities now merged into Bank of
13   America.
14   Q   Right.
15   A   So I'm now an officer of Bank of America.
16   Q   But no other corporation --
17   A   I could --
18   Q   -- now?
19   A   I -- no. I am an officer of Bank of America.
20   Q   Okay. Okay. Now, the declaration states that
21   your responsibilities -- I believe this is in paragraph
22   2, just if you want to follow along -- that you oversee
23   the eligibility and delivery of loans for sale in the
24   secondary market.
25       Can you explain in layman's terms what that

CASE 1:22-cv-00713-EK-CLP    Document 11    Filed 04/06/23    Page 564 of 863 PageID
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

---

Page 26

1  means exactly? I mean, I think we've -- you've referred
2  to it some, but, you know, what -- what is eligibility
3  and what is delivery, you know? How does that job work,
4  you know, like I say, just to someone who has no idea
5  about any of this?
6      A   As I said, I oversee the eligibility, which is
7  to ensure that the loan is eligible to be pooled into a
8  mortgage-backed security. There are different types of
9  loans that are created, and I have to ensure that these
10 loans are eligible to be put into individual securities,
11 FICO, DTI, coupon, paid through date to ensure it's
12 current, no collateral deficiencies. So eligibility
13 really does encompass the whole loan including the
14 collateral and the data elements of the loan.
15     Loan delivery is the aspect of creating the
16 security. We take a group of loans, investment loans,
17 and we group them together with similar attributes, and
18 we create a mortgage-backed security.
19     Q   Okay. Now, in doing that, what would your role
20 be just on a typical day in overseeing eligibility and
21 delivery? You know, just how would that -- what would
22 you do during the typical day?
23     A   When I'm in my Calabasas office on a typical
24 day, I will look and see what kind of trades that we have
25 on and do we have these particular loans that can fill

---

Page 27

1  the trades to create a security.
2      The traders put on trades for various amounts
3  and coupons, and we look at the inventory to ensure that
4  we can fill these trades, work with the settlements group
5  to make sure that we do not fail on delivery of any of
6  these trades to outside investors.
7      Eligibility, we continually review the contracts
8  and the data attributes that need to be written for rules
9  that get put into eligibility. As contracts change,
10 eligibility changes. So I work with that group as well.
11     I also look at the collateral deficiency
12 department. I look at inventory. We ensure that the
13 inventory gets moved, does not get aged, that loans are
14 getting cured in a timely manner.
15     Master file audit I'll review, really look at
16 loans to see if we have an issue. If loans are
17 continually failing, the same rule, "What's going on?"
18 We work with the branches. We work with the divisions to
19 ensure that, if there is problems on loans and we find
20 trends, that they're aware of it.
21     Q   Would you do all of that in a typical day?
22     A   In a typical day, it just depends on my day. My
23 day is very busy.
24     Q   Now, you're referring to traders. What -- and
25 you said that you had done trading in the past. Can you

---

Page 28

1  explain what that is exactly and who the traders are? I
2  mean, other than yourself, what --
3      A   I'm no longer a trader.
4      Q   Right, right.
5      A   A trader is someone that works on the -- on the
6  market and sells or looks at our position of mortgages
7  and of securities that we can sell and goes and sells
8  them out on the secondary market.
9      Q   So those are Bank of America employees?
10     A   Yes, they are.
11     Q   Let me -- okay. Now, you also -- this is also
12 paragraph 2 of the declaration. You said that you have
13 oversight and collateral operations involving the files
14 that contain original promissory notes. What are
15 collateral operations?
16     A   Collateral operations would be our master file
17 audit department and the collateral deficiency
18 department.
19     Q   But what do they -- what do they do?
20     A   As I stated before, the master file audit
21 department looks at files that are failing eligibility
22 rules and ensures that the data that is in our system
23 matches the data that is on the documents. Our
24 collateral deficiency department works with the branches
25 or the borrowers to cure any defects it's found on

---

Page 29

1  collateral.
2      Q   So how does -- I guess the question is: How
3  does the endorsement of a note involve collateral
4  operations?
5      A   If there's an issue with an endorsement, then it
6  would come through my collateral deficiency department.
7      Q   Would you be alerted that that was the case?
8      A   We have reporting that shows any sort of
9  deficiencies that are found on loans, yes.
10     Q   And what would you do if you got such a report?
11     A   I reviewed the report on a weekly basis. We
12 review the collateral deficiencies and make sure that my
13 group is working with the borrowers or with the bank in
14 that case to cure the deficiency.
15     Q   Now, where do these collateral operations
16 happen, I mean, physical location?
17     A   Simi Valley.
18     Q   Simi Valley. Okay. And what is the address of
19 this?
20     A   1800 Tapo Canyon Boulevard, Simi Valley,
21 California.
22     Q   And do the collateral operations exclusively
23 occur there?
24     A   Currently or in 2007?
25     Q   Let's say currently.

---

Page 565 of 863 PageID

Page 30

1   A   Currently, part of it does, yes.

2   Q   What about in 2007?

3   A   All of it did, yes.

4   Q   All of it, okay. Let's see. Now, you mentioned

5 documents that you had reviewed. The AS-400, that's a --

6 can you just refresh my memory? What was that again?

7   A   A servicing system.

8   Q   A servicing system, okay. Now, when you looked

9 over these records and documents before that you

10 mentioned before, where were you when you looked at

11 those?

12   A   Simi Valley.

13   Q   Simi Valley. And where were the documents that

14 you were looking at?

15   A   At that time, they were brought into my office.

16   Q   Do you have any idea where they were brought

17 from?

18   A   They were printed off the system.

19   Q   Printed off the system.

20   A   From one of my associates.

21   Q   Is that a computer system?

22   A   As I said, the collateral tracking is printed

23 off the AS-400, which is our servicing system. The

24 investor number commitment was printed off -- it's a

25 web-based application from secondary marketing. It's

Page 31

1 printed off of that. The note was printed off of our

2 imaging system. And I think in this case I asked for a

3 copy of the note showing the endorsements, because in our

4 imaging system it does not -- the note is actually imaged

5 prior to my endorsement stamp being in place. So I had

6 my associate contact the bank, which is Recontrust, to

7 get a copy of the original note to show my endorsement

8 stamps, because in imaging it is not shown.

9   Q   So if a copy is made of a note that you got from

10 Recontrust, it doesn't have an endorsement? Is that what

11 you're saying?

12   A   From our bank, it does. In our imaging system,

13 it does not. The note is imaged prior to an

14 endorsement -- in '07, the note is imaged prior to an

15 endorsement being placed on the note. So if you look in

16 our imaging system, you wouldn't see the chain of title

17 of endorsement.

18   Q   And where would you see that?

19   A   On the original note.

20   Q   Which is -- which is where?

21   A   In this case, it was in the Fannie Mae vault in

22 Simi Valley, California.

23   Q   We'll come back to the Fannie Mae vault. Okay.

24 So they're printed off in AS-400 imaging system.

25   A   AS-400 and the imaging system are two different

Page 32

1 systems.

2   Q   Oh, you said AS-400 is a servicing software

3 platform of some type?

4   A   Yes.

5   Q   And the imaging system, what -- can you describe

6 that?

7   A   It's a --

8   Q   You know --

9   A   It's when all of the collateral documents and

10 credit file documents are imaged after the closing of a

11 loan, and they are put in our imaging system, and we can

12 go into the system by loan number and pull up the

13 documentation of a loan --

14   Q   I guess --

15   A   -- if you have access to the system.

16   Q   But imaging, I mean, I'm imagining a scanner of

17 some sort. Is that what it is?

18   A   It is not my area. I cannot tell you.

19   Q   Okay. Okay. Well, you brought up if you have

20 access. I mean, who would have access to records from

21 the imaging system?

22   A   You would have to talk to the head of imaging.

23 There are access point -- you have to fill out requests

24 for access.

25   Q   Requests for access. So you can't as a -- even

Page 33

1 as a senior vice president or executive vice president,

2 in -- well, you're an executive vice president in '07,

3 senior vice president now. Even you can't just go pull

4 up in the imaging system something that you want?

5   A   Not without access.

6   Q   Does this request for access, does it give

7 you -- I mean, what does that do for you?

8   A   Allows me to get into the system through my ID.

9   Q   Did you make a request for access in this case?

10   A   I already had access. It's not loan level. The

11 access is not loan level. You don't have to ask for

12 access for each loan. You have to ask for access to get

13 into the system to be able to view the documents that are

14 in the system.

15   Q   But is that access granted for a certain period

16 of time, or is it granted for a one-time log-in?

17   A   We review access. I can't tell you how often,

18 but access is reviewed during certain times of the year.

19   Q   Oh, okay. So --

20   A   From my associate, yes.

21   Q   I'm sorry?

22   A   So I review access, my boss will review my

23 access, and his boss will review his access.

24   Q   So if I understand you correctly, even though

25 you have to fill out a request for access, a request for

**Page 34**

1  access, once granted, could be granted until a review?
2  Is that what I understand? If you don't understand the
3  question, I'll try to clarify.
4      A  Please.
5      Q  Okay. I imagine, when you said you had to fill
6  out a request for access, that if you wanted to go to the
7  imaging system or AS-400, you would -- each time you
8  wanted to do that you would have to go fill out a request
9  for access form and -- but -- so -- you're shaking your
10 head no. That's not what you have to do?
11     A  Once you're granted access in the particular
12 system, you're granted access in that system. There
13 are -- and I can't say what -- exactly what the review
14 period is. Some are monthly. Some are quarterly. You
15 review access of your associates to make sure that they
16 can still have access of those systems.
17        So we go into an approval process on at least
18 a -- on certain systems monthly. On certain systems -- I
19 can't break them down for you -- quarterly and review our
20 associates to make sure that they're still allowed to
21 have access.
22     Q  What sort of situation might arise to cut off
23 someone's access or limit their access?
24     A  They change their department.
25     Q  I mean, that's -- is that it? Or is there

**Page 35**

1  anything else that would, you know --
2      A  I review to ensure that they're still reporting
3  to me, that they're still in the same position and that
4  that position still requires access to the system.
5      Q  All right. But just to get back, and I hate to
6  belabor this, but you -- you would have had standing
7  access to the relevant systems at the time that you --
8      A  Yes, I had access.
9      Q  -- had access to these documents?
10       Who inputs the information contained in the
11 imaging file and the AS-400 and the Mustang Engine and
12 those -- all of those collectively, the business records
13 I mean, who?
14     A  That's out of my scope. The only thing that's
15 in my scope is the Mustang Engine. We create the rules
16 that get put into the Mustang Engine, my department.
17     Q  And that's the --
18     A  Eligibility system.
19     Q  Right, eligibility, okay. And so you said you
20 are in charge of the Mustang Engine or your group?
21     A  The rules that are input into the Mustang
22 Engine, my group is in charge of that, yes, reviewing
23 those rules.
24     Q  Okay. And so, therefore, that would be the only
25 business record as such that you personally would have

**Page 36**

1  oversight of; is that correct?
2      A  I have oversight of other systems, as well, that
3  are underneath me.
4      Q  And those are the wiring and the -- okay.
5        So I think we kind of covered this here. Let's
6  say -- okay. So when you talk in the declaration in
7  paragraph 4 on page 2, you mentioned that it was the
8  routine practice for all of the origination documents
9  such as loan disclosures, applications, credit reports,
10 and the promissory note to be scanned and placed into an
11 electronic file. Now, how do -- I mean, how do you know
12 that?
13     A  How do I know that it's placed into an
14 electronic file, because I view the file on imaging.
15     Q  All right. But I guess what I'm asking you is:
16 You're not in charge of scanning it and making the
17 electronic file?
18     A  That is a true statement.
19     Q  Do you know where that scanning is done?
20     A  Currently?
21     Q  Let's say in 2007.
22     A  2007 I do not know where it was done.
23     Q  Okay. What about now?
24     A  It's done in Texas.
25     Q  Texas, okay.

**Page 37**

1      A  In our vault in Texas.
2      Q  And that's Richardson, Texas; is that --
3      A  Fort Worth.
4      Q  Fort Worth. Is that a Bank of America
5  location, or what --
6      A  Yes, it is.
7      Q  Who does that? I guess so -- so what I'm saying
8  is: You base this statement on the fact -- you base the
9  statement about scanning -- correct me if I'm wrong, but
10 you base the statement about the scanning on the fact
11 that there are scans, not that you participate in the
12 scanning; is that --
13     A  I base the statement on the fact that the file
14 is -- that on a -- as a course of business, the file is
15 scanned and imaged to an electronic file.
16     Q  But that's what I'm saying. How do you --
17     A  I've been there.
18     Q  -- personally know that?
19     A  I have watched this happen.
20     Q  Oh, did you watch it happen in this case?
21     A  On this -- your loan?
22     Q  Right.
23     A  No.
24     Q  So are you saying you've watched this in Texas?
25     A  Yes.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 23

RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-02778-EK-CLP   Document 51   Filed 01/05/23   Page 567 of 863 PageID #: 1284

Page 568 of 863 PageID

Page 38

1  Q  Oh, this is at Fort Worth. So you have -- so
2  you've seen the process yourself?
3  A  Yes.
4  Q  Okay. Was that -- did you ever work in that
5  department, or was that -- how did you come to be there?
6  A  I am -- I have oversight of the collateral
7  vaults. And I visit the sites that have the imaging to
8  ensure that our files are imaged properly and that we are
9  in compliance to the guides.
10  Q  And how often do you travel?
11  A  Every six months.
12  Q  Every six months. And where do you go? Do you
13  go to all of the facilities?
14  A  I go to our Tampa facility, which we have a
15  collateral vault in Tampa, Florida. We have a vault in
16  Texas, Fort Worth, Texas, and we have a vault in
17  Jacksonville.
18  Q  Jacksonville?
19  A  Florida, and we have a vault in Simi Valley,
20  California, which is my location.
21  Q  So you say four?
22  A  Currently we have four sites.
23  Q  Two in Florida, one in Texas, and one in
24  California. Okay. And so on these biannual visits, do
25  you ever, yourself, do any scanning, or do you -- I mean,

Page 39

1  what do your visits consist of? I'm sorry. What would
2  you do when you go there?
3  A  I audit the facility. I ensure that the
4  collateral is stored in a locked -- locked location. I
5  pull different files off of the shelves to ensure the
6  correct collateral documents are in those shelves, are in
7  the files. I ensure fire safety, anything that is in the
8  Fannie and Freddie selling guides according to the
9  vaults. I watch the process of when the collateral
10  arrives, how it is logged in, how it is scanned, how it
11  is processed in the file, and put into the vault. I look
12  at the security measures around the vault.
13  Q  And you had said earlier that you were -- I
14  forget exactly how you said it, but you said you were
15  over that. Is it you exclusively?
16  A  I have oversight over the vaults. I do not
17  own -- they do not report to me, but they are a part of
18  Bank of America, and I have oversight into that.
19  Q  But I guess what I'm asking: Are you and only
20  you the designated auditor?
21  A  No.
22  Q  Are there other auditors?
23  A  Yes.
24  Q  Would these other auditors make visits separate
25  from yours?

Page 40

1  A  We would travel together.
2  Q  Oh, okay. So, again, as part of these audits --
3  you kind of touched on this, but maybe if I -- I'm trying
4  to think how to phrase this. Do you know what controls
5  are in place to prevent unauthorized input of data in the
6  system, in the imaging system and that sort of thing?
7  A  That's out of my scope.
8  Q  I mean, but if you -- so if you -- if you found
9  that unauthorized data were being input, you would just
10  make a note of that on an audit report?
11  A  If I find a deficiency in the data, I will then
12  work to cure the deficiency.
13  Q  But so you don't -- you don't -- I mean, do you
14  have a checklist of what you're looking for?
15  A  When I -- when I am visiting the vault sites, I
16  have a checklist that I go through, yes.
17  Q  And the vaults, again, are where the original
18  files are imaged or scanned as you're talking about?
19  A  Where they are scanned and where they are held
20  for safekeeping.
21  Q  Okay. Okay. We've covered some of this
22  already. So just let me --
23  A  It's okay.
24  Q  Okay. At these scanning facilities -- and just
25  to be clear, we're talking about four vaults that also do

Page 41

1  the scanning?
2  A  No. We have four vaults.
3  Q  I'm sorry. I misunderstood that.
4  A  We have four vaults, and scanning is currently
5  performed in two of the vaults.
6  Q  Oh. What about in 2007?
7  A  In 2007, I would have to look at where the
8  scanning was.
9  Q  And where are the two that it's done now?
10  A  Fort Worth and Tampa, Florida.
11  Q  I'm sorry. You said that before.
12  A  That's okay.
13  Q  Okay. Now, let me write it down, so I don't --
14  A  That's okay.
15  Q  Tampa scans now. Oh, that's what I was going to
16  ask you. So at these scanning facilities, are there -- I
17  mean, who is there doing the scanning? Is it a group of
18  people? Is it automated somehow, you know?
19  A  Yes. There's a machine that scans the file.
20  There's a person at the front of the machine and in the
21  middle of the machine and at the end of the machine that
22  ensures the file is stacked appropriately and that it
23  goes through correctly, all of the pages go through.
24  Q  So is it some sort of scanner? Is that what --
25  A  This machine is not mine. I can't tell you.

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 25    RECEIVED NYSCEF: 10/11/2022

Page 42

1    Q   Well, no.
2    A   I can't --
3    Q   I'm not saying --
4    A   The description -- they do not report to me.
5    All I can say is I've seen it.  This is what happens.  It
6    goes through a machine.  You can see the images on a
7    computer screen, and it shoots out.  It is -- if you --
8    you would have to talk to imaging for really what it does
9    and what it's about.
10   Q   I'm sorry.
11   A   It's okay.  It just doesn't report to me.
12   Q   I was just trying to ascertain the nature of the
13   machine.
14   A   And I'm not that machine savvy.
15   Q   Okay.  So you see a process happening.
16   A   Uh-huh.
17   Q   And whether it's a scanner or not, you don't
18   know.  And are there multiple machines that do this, or
19   is it just one?  I mean, is there a -- is there a wing
20   devoted to the scanning, or is it just one machine?
21   A   In our Florida facility, I -- I can't even tell
22   you how many machines.  I don't know.
23   Q   But more than one?
24   A   Yes, maybe two.
25   Q   Maybe two.  And all of these vaults, those

Page 43

1    are -- I'm just trying to understand.  Those are -- who
2    owns the vaults?  I mean, what company is over the
3    vaults?
4    A   Today?
5    Q   Let's say today, yes.
6    A   Recontrust.  And it's owned by Bank of America.
7    It's under Bank of America.
8    Q   "It" meaning Recontrust or the vaults?
9    A   Recontrust is the custodian of our collateral --
10   Q   Right.
11   A   -- and has owned the vaults or -- I don't know
12   what the phrase is.
13   Q   Okay.  Just so I can clarify --
14   A   I can't say if they own it.  Bank of America
15   owns the vault.
16   Q   But are you saying Recontrust --
17   A   Recontrust is the --
18   Q   -- are the people that run the vaults?  Is that
19   what you mean to say?  I don't want to put words in your
20   mouth, but -- I mean, what is -- if Bank of America --
21   A   Recontrust is our custodian.  They are the
22   custodian for Bank of America.
23   Q   But I guess that's what I'm saying.  So these
24   are -- these four locations are owned by Bank of America,
25   but do you call them Bank -- "I'm going to the Bank of

Page 44

1    America site in Tampa, or I'm going to Recontrust site in
2    Florida, Tampa"?
3    A   Both.
4    Q   Okay.  Okay.  We covered that.  We covered that.
5    Paragraph 5, you mentioned that, after the origination
6    file is created, a more limited collateral file is
7    created.  I think you said sometime after.  Can you give
8    me some idea of, you know, how long a time goes between
9    the origination file creation and the collateral file
10   creation, how much time elapses?
11   A   It is not my area, out of my scope.
12   Q   So, I mean, you don't -- I mean, the reason I
13   ask is just because it's in the declaration.
14   A   Right.  As the collateral comes into the door,
15   it is scanned, and the origination file is scanned, and
16   the collateral is pulled out.  The collateral then is
17   sent over to the bank, currently.
18   Q   All right.  What about in 2007?
19   A   2007, the branch created the collateral file, so
20   after the loan funds, the branch would receive it from
21   the title company.  They would take the collateral file,
22   create a collateral package, and then create their credit
23   file and take copies from what's in the collateral file
24   and put it into the credit file.
25   Q   And that was all done at the branch.  What do

Page 45

1    you mean by the branch?
2    A   Whoever closed the loan, that branch.
3    Q   That was how it was done in 2007?
4    A   Yes.
5    Q   And just to clarify, the collateral file is
6    created at the branch?
7    A   Uh-huh, yes.
8    Q   In 2007?
9    A   Uh-huh, and sent directly to the custodian.
10   Q   Did the branch do the imaging in 2007?
11   A   No.
12   Q   I'm sorry.  Just let me make a note of this.
13   The branch created the collateral file?
14   A   They would take copies of what's in the
15   collateral file and stick it in the origination file for
16   it to go off to imaging.
17   Q   Copies of originals, okay.  And the originals,
18   you said, were sent to the custodian by the branch?
19   A   Directly by the custodian.
20   Q   2007.  So do you know what documents from the
21   origination files are excluded from the collateral files?
22   A   I could tell you what's in the collateral file.
23   Q   Well, it's just, you know -- what's in the
24   collateral file, I guess.
25   A   Typically includes the promissory note, the

Page 570 of 863 PageID

**Page 46**

1　riders, a copy of power of attorney, and a copy of the
2　deed of trust.
3　　Q　And that's it?
4　　A　That is it.
5　　Q　Now, you say typically. Does that mean
6　sometimes it has other documents or sometimes it doesn't,
7　or does that --
8　　A　Sometimes, if there's no power of attorney, it
9　would not be in the file.
10　　Q　And what is the power of attorney for? I mean,
11　just would that have to do with?
12　　A　Well, if -- in your loan, you do not have a
13　power of attorney. If some people have a power of
14　attorney, and the power of attorney signs for them to
15　close the mortgage, in that case, a copy of the power of
16　attorney would have to be in the collateral file.
17　　Q　Wait. Wait. You're saying -- you're saying,
18　that last part about if someone needed a power of
19　attorney to sign a note, you mean at closing? Is that
20　what you mean?
21　　A　Uh-huh.
22　　Q　Oh, okay. Do you need to take a break?
23　　A　No. I'm fine.
24　　Q　So you said, in 2007, the collateral file was
25　created at the branch. Do you have any idea from your

**Page 47**

1　review of this particular case what that branch was?
2　　A　No.
3　　Q　No. Okay. But now collateral files are created
4　at the scanning facilities, Fort Worth and Tampa?
5　　A　Uh-huh.
6　　Q　Okay. I mean, that's a "yes"?
7　　A　Yes.
8　　Q　Okay. Now, just to touch back on the 2007
9　sending of the originals to the custodian from the
10　branch, how were they sent? What method of delivery was
11　used? Any idea?
12　　A　FedEx or UPS, whoever was our mail source at the
13　time.
14　　Q　Are receipts from FedEx or UPS -- excuse me --
15　kept with this information, or just is it --
16　　A　It's out of my scope.
17　　Q　Okay. And at this point, I mean, now, as
18　opposed to 2007, is it -- is it the same process of
19　sending the originals, or how are they -- how are they
20　actually physically delivered? I mean, is it still FedEx
21　or UPS, or is it something else?
22　　A　Yes, still FedEx or UPS.
23　　Q　Okay. Now, you've touched on this a little bit,
24　but what happens to the collateral file once it comes
25　into existence? And let's start with 2007.

**Page 48**

1　　A　A loan, to the best of my knowledge -- this is
2　not -- none of these areas report to me, so this is to
3　the best of my knowledge.
4　　A loan funds. The branch receives the
5　collateral, the mortgage file back, breaks it up into two
6　sections, makes a copy of the collateral, puts it in the
7　origination file. That goes off to imaging. Collateral
8　file gets sent over to -- at that time it was Countrywide
9　Bank, which was our custodian. The custodian would then
10　receive the collateral and log it in.
11　　Q　And two things. The custodian you're talking
12　about, who was that for this particular case?
13　　A　For this case, the custodian was Countrywide
14　Bank Recontrust. I'm not sure what their -- the entity.
15　It could have been Treasury Bank. Their name has changed
16　through the course of my --
17　　Q　Which entity's name has changed?
18　　A　The custodian's name.
19　　Q　Oh, so all right. I think we'll get to that in
20　a minute. But so -- and you say it was logged in, and
21　then what would happen?
22　　A　Can I refer to an exhibit?
23　　Q　Sure. Sure.
24　　A　You refer to Exhibit B. You can see a send from
25　the branch into collateral processing on 9-4.

**Page 49**

1　　Q　Right.
2　　A　Collateral processing then received it and sent
3　it -- this loan was pooled into a Fannie Mae security and
4　sent it to FP, which is known as Fannie Mae processing.
5　The loan was then processed through Fannie Mae's
6　custodial eligibility, went from the Fannie Mae
7　processing to FV, which is the Fannie Mae vault.
8　　Q　Right.
9　　A　It stays in the Fannie Mae vault for
10　safekeeping, and then you can see that it was released
11　from the Fannie Mae vault in April on -- on April 22nd,
12　2011, and that was probably due to this case to the
13　attorney.
14　　Q　Okay. So is this where collateral transaction
15　tracking -- I mean, I don't know if the attorney still
16　has the note or -- I mean, that was obviously last year.
17　Would the attorney still have the note, or would it have
18　been returned or -- I mean, if it were returned, there
19　would not be an entry past that?
20　　MR. HEMBREE: For the record, I do have
21　possession of the original note in my office in Jackson,
22　Mississippi, and have had it for quite some time.
23　BY MR. KIRBY:
24　　Q　So --
25　　A　If the note was then received back into the

Page 50

1 facility, yes, it would be logged back in. You would see
2 a release to FV, which is the Fannie Mae vault, because
3 it has to go back to Fannie --
4    Q   So --
5    A   -- the original location.
6    Q   If it were put back in, we would see REL to FV?
7    A   Yes.
8    Q   Okay. Now, what are these -- are these users
9 here in this -- what is this one, two, three, four, fifth
10 column?
11    A   Yes.
12    Q   Are those people's names?
13    A   Some -- they are their IDs, or Carousel is a
14 system. Hotman is a system. The others are IDs of who
15 logged it in and who processed the collateral.
16    Q   So SS pound sign SS YED, that's -- what is that?
17 Do you know what that is?
18    A   That is showing that the collateral's reviewed
19 without a deficiency. It was then certified, and then it
20 was sent to the Fannie Mae vault for safekeeping.
21    Q   And this appears to have been done
22 electronically; is that correct? I mean, it's all -- it
23 took place, I guess, at 9:03:15 and then 9:03:15 for the
24 other one and then 9:03:16. That was automated, I take
25 it?

Page 51

1    A   Each collateral file has a bar code, and as it
2 goes through the different facilities, it is logged in or
3 bar coded in so that we can track where the file is at
4 all times.
5    Q   Well, and that brings me back to a question I
6 was going to ask you a minute ago. When you talk about a
7 collateral file, are you talking about something -- I
8 mean, an actual folder? You know, what does it look
9 like?
10    A   A manila folder.
11    Q   Just a run-of-the-mill manila folder?
12    A   It starts out that way.
13    Q   How would it have been at the time it ran
14 through this?
15    A   It would have a bar code at the bottom.
16    Q   On the folder?
17    A   On the folder. It would have a bar code, a tab
18 at the top with the loan number, the name of the
19 borrower, and then inside each document has the bar code
20 that matches the bottom of the document.
21    Q   So essentially what I understand you to say is
22 that the bar codes on the outside on the folder, on the
23 file folder are --
24    A   As I said, this is not my department. I did
25 not -- this is not my department.

Page 52

1    Q   Okay.
2    A   This is completely out of my scope of --
3    Q   Okay. But just -- just to clarify, is it your
4 understanding -- I mean, I understand it's not your
5 department. I mean, have you ever seen this process
6 happen, this -- I mean, I know you said you've seen the
7 scanning of the documents, but as far as the collateral
8 file in the manila folder being scanned, have you ever
9 witnessed that?
10    A   Yes. I walked through this process, yes. I've
11 seen it received into collateral -- I've not seen the
12 send from the branch to collateral processing, but if
13 receiving from collateral processing, yes, I've seen it
14 received in. I've seen it then scanned, you know, to go
15 into the Fannie Mae processing. I've been in the Fannie
16 Mae processing room. I have watched the loan be
17 reviewed, how it goes through that procedure. And in
18 this case, it was reviewed without a deficiency. The
19 loan was then certified and then sent to the Fannie Mae
20 vault, and I walked through the Fannie Mae vault.
21    Q   And so all I'm asking is -- and just since you
22 say you saw it, I mean, so the manila folder goes through
23 a machine? Is that how it happened? I mean, how is
24 this --
25    A   It is wanded in. Each processor has a wand at

Page 53

1 their desk. And as they're certifying, they wand it in
2 to ensure that all of the collateral documents stay with
3 that file.
4    Q   All right. But I guess the question is: If
5 it's people wanding -- are you talking about like the
6 security guard type wands? Is that --
7    A   Well, the Hotman is a machine that it goes
8 through. That's our original machine that it will go
9 through, so that is a machine. And then the other is the
10 receives are reviewed without defi's and is wanding. And as
11 I said, it's not my area. I can't -- I don't know.
12    Q   Would one of the wanding people look inside to
13 see if it were certified, if you know?
14    A   You would -- to certify the collateral, you need
15 to review the collateral to ensure that you have original
16 documentation. So they will have to look inside the file
17 to ensure your original signature, all of the note -- the
18 pages of the note are initialed, that the correct
19 documentation is in there and that that -- that the
20 information that is on the note matches the data that was
21 transmitted in my loan delivery system to them for the
22 security.
23    Q   Okay. And I'm just -- I mean, that could be
24 done in the space of a minute or, you know, in two
25 seconds?

Page 54

1      A   As you can see, it went into Fannie Mae
2   processing on 9-6. It was processed from 9-7 to 9-10.
3   So during those three days, it went through these
4   procedures.
5      Q   Right. But I'm saying, on 9-7, everything on
6   9-7 happened at 9:03?
7      A   And that is -- it is probably reviewed on -- it
8   came in at 9-6 in the afternoon. It was probably
9   reviewed, and then at that time, they wanded it in to
10  saying it was reviewed without deficiency and -- reviewed
11  without deficiency and certified is the same thing. It's
12  just showing us that we certified it for that pool. And
13  then they sent it over to be received into the other --
14  to the vault.
15     Q   And what system is this Exhibit B to the
16  declaration? What system is that?
17     A   The AS-400 system.
18     Q   AS-400, okay. All right. Okay.
19         What time is it?
20         THE REPORTER:  10:57.
21         MR. KIRBY:  I think I need a break. Could we go
22  off the record?
23         (Recess taken.)
24         THE REPORTER:  Back on the record.
25  ///

Page 55

1   BY MR. KIRBY:
2      Q   Now, how is it -- or what's the routine process
3   by which notes get endorsed? I mean, how -- and let's
4   say in 2007. How are notes endorsed?
5      A   When the collateral is received from the branch
6   into collateral processing, an endorsement stamp is
7   placed on the note.
8      Q   Okay. And can you -- I mean, what kind of stamp
9   are you talking about?
10     A   A facsimile stamp.
11     Q   But I guess a physical description, is it -- can
12  you describe the stamp? I mean, what does it look like
13  is what I'm asking?
14     A   It looks like a stamp on a note.
15     Q   But, I mean, I'm talking about the thing that
16  you hold, the part that you hold. Is it -- I mean, is
17  this a rubber stamp?
18     A   Yes.
19     Q   It's not one of those gray self-inking kinds?
20  You know what I'm talking about?
21     A   It's a rubber stamp.
22     Q   A rubber stamp. And it has -- on the rubber
23  side, it has this information in the endorsement?
24     A   Yes.
25     Q   I mean, it has, "Countrywide Home Loans, Inc.,

Page 56

1   and Without Recourse"? Or, I mean, just exactly as it
2   appears with the signatures and everything?
3      A   Exactly how it appears.
4      Q   Okay. So that is an endorsement rubber stamp,
5   okay. Is the note endorsed at the same time the
6   collateral file is created? And maybe that's not a good
7   way to phrase it.
8      A   The endorsement stamp is placed when the
9   collateral file is received into collateral processing.
10     Q   So branch collateral documents, they get the
11  package from the branch, stamp the endorsement, and then
12  that's how it's done; is that correct?
13     A   That is correct.
14     Q   Okay. So where in -- well, in general, would
15  the endorsement all take place at the -- at the
16  custodian, at the custodian's place of business?
17     A   The endorsement stamp is placed when it's
18  received into collateral processing, yes.
19     Q   Which is at the custodian's?
20     A   Which is in the --
21     Q   The Tampa -- the four locations?
22     A   That's one of the four locations, yes. In this
23  case, it was received into Simi Valley, California.
24     Q   Okay. So let's see. So what happens after the
25  note is put in the collateral file? Where does the

Page 57

1   collateral file go?
2      A   In this case, the note -- the collateral file
3   went right to Fannie Mae processing.
4      Q   And what is Fannie Mae processing?
5      A   Your loan -- the loan was already in a Fannie
6   Mae security, and so it was sent to Fannie Mae's
7   processing group for it to be certified and reviewed and
8   certified for the security.
9      Q   And that is a -- again, we're talking about
10  2007. The Fannie Mae processing, is that a Fannie Mae
11  operation, or is that a Countrywide? Again, we're
12  talking about 2007. Is that a Countrywide department?
13     A   In 2007, Fannie Mae processing was run by
14  Countrywide associates.
15     Q   Okay. And I think when we touched on this before,
16  but let me just make sure. Now, I think this is somewhat
17  different. I know we talked about access requests, but
18  so this particular collateral file went to Simi Valley.
19  And, I mean -- is that correct?
20     A   Yes.
21     Q   And who would then have access to that
22  collateral file?
23     A   Only associates of the bank.
24     Q   Which bank?
25     A   Part of Recontrust, the custodian.

Page 573 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

Page 58

1    Q  So when you say the bank in this context, you're
2  referring to Recontrust?
3    A  Yes, I am.  And when I said the bank, I was
4  referring to the custodian.  I apologize for that.
5    Q  Oh, okay. I follow you.  Sorry.  So who will
6  have access to the note, you know, separate from the
7  collateral file?  Do you understand what I'm saying?
8    A  No, I don't.
9    Q  What I'm saying, obviously, the note is within
10  the collateral file.  If Recontrust employees have access
11  to the collateral file, would they always have access to
12  just the note by itself?
13    A  The note is in the collateral file.
14    Q  Okay.  I'm not making myself clear.  Is the
15  note -- at this point, when it's in Recontrust's
16  possession, and it's been logged in, as you said, for
17  storage, safekeeping, is it then still in a manila file
18  folder?
19    A  Yes.
20    Q  So if someone wanted to take the note out, they
21  could?  I mean, it's just a file folder?
22    A  You could not leave the vault with collateral in
23  your hand.  You are -- there are measures, security
24  measures, cameras in the vault.
25    Q  Is there some sort of guards or anything like

Page 59

1  that?
2    A  Security guards?
3    Q  Right.
4    A  No.
5    Q  No.  Are there any other, you know, safekeeping
6  security apparatuses around the --
7    A  It is a true contained vault.
8    Q  Oh, it's an actual vault.  So when you say
9  Fannie vault, you mean literally what you picture in your
10  mind of a vault of steel doors?
11    A  It is a -- there are -- it is under the
12  guidelines of the custodial guides of what a vault has to
13  be.  If you look in the Fannie or the Freddie guides, it
14  will tell you what the -- what a vault has to be, fire
15  rated.
16    Q  Do you know what --
17    A  I don't.  I mean, I could --
18    Q  Okay.  And you've been to this particular vault?
19    A  Yes.
20    Q  I mean, can you describe it, just in your own
21  terms, just in your own words, what it looks like, what
22  we would see if we went to it?
23    A  Unfinished walls, fire rating, cold, dark, rows
24  of collateral.
25    Q  And what is the entry?  How do you get in?

Page 60

1    A  Through one elevator, which is a -- I don't get
2  in.  I mean, I personally cannot get in.
3    Q  Uh-huh.
4    A  I need to have someone that has access.  I do
5  not have access.
6    Q  Oh, so you're saying that, when I asked you who
7  has access to the collateral file, you said Recontrust
8  employees.  I mean, you're not a Recontrust employee?
9    A  No, I'm not.
10    Q  No, okay.  So you have to be --
11    A  And I'd like to clarify that.  Not all
12  Recontrust associates could have access to the vault.  If
13  they do not report to me, I do not know who has access
14  and who doesn't.  I know it is limited --
15    Q  Okay.
16    A  -- and background checks.  There are --
17    Q  Right.
18    A  There are measures that they have to go through.
19    Q  But the times that you have been there, and been
20  in the vault, you've been escorted by one of these
21  cleared people?
22    A  Yes.
23    Q  Okay.  Okay.  Now, just to clarify what -- okay.
24  What is Recontrust?  I know you -- you've said it's a
25  custodian, but what -- and what does that mean exactly?

Page 61

1  What is Recontrust's relationship to Bank of America as
2  you understand it?
3    A  Recontrust is Bank of America's custodian.  If
4  you want to know the legal, you would have to talk to
5  someone in legal.
6    Q  Oh, I understand, but your understanding is that
7  Recontrust is a custodian?
8    A  Is our custodian is there, and that was true in
9  2007 with Countrywide was Recontrust.  I don't think it
10  was called Recontrust at that time in 2007.  It's the
11  same facility.  It -- I think it was named Countrywide
12  Bank or Treasury Bank.
13    Q  Now, when you say Countrywide Bank, you mean
14  FSB?
15    A  Yes.
16    Q  And so there's not a separate Countrywide Bank
17  versus Countrywide Bank FSB; when you say Countrywide
18  Bank, you mean Countrywide Bank FSB?
19    A  Like I said, you would need to talk to someone
20  in legal to talk about the legal entities and how that
21  works.
22    Q  I understand.  I understand.  Okay.  Let me see.
23  So, again, we've talked about this a little bit, but let
24  me just -- do you know the procedure for -- now, we
25  talked about who has access to the collateral file.  But

Page 574 of 863 PageID

Page 62

1  do you know, if you wanted a collateral file, what you
2  would have to do to get that from Recontrust?
3     A  You would -- you would have to request for a
4  release of the collateral.
5     Q  I mean, did you do that in this case?
6     A  No.
7     Q  Have you ever done that?
8     A  No.
9     Q  Okay. So you request a release, and then, I
10  mean, do you know beyond that?
11    A  It's completely out of my scope.
12    Q  Okay. All right. And even though you just said
13  that, let me -- just in case you know, once a collateral
14  file is released, do you know how it's transferred to
15  wherever it goes?
16    A  It's completely out of my scope.
17    Q  Okay. So you wouldn't have any idea whether
18  it's mailed or FedEx'd or anything like that? Do you
19  have any idea about that?
20    A  It is completely out of my scope.
21    Q  Okay. And as far as being able to tell when a
22  particular collateral file initially arrives at
23  Recontrust, how would you -- how would you be able to
24  tell that?
25    A  I have reporting from -- we have reporting that

Page 63

1  shows us that the loan was received into Recontrust.
2     Q  Is that something other than Exhibit B that we
3  were looking at earlier?
4     A  Yes.
5     Q  What -- I mean, is that another program, or --
6     A  It's all derived off of the same coding of the
7  loan being logged into the Hotman machine.
8     Q  So if there is a different -- I mean, okay. Let
9  me rephrase that.
10        If there are two sources of the date of when the
11  collateral file arrives at Recontrust, can you explain
12  why you chose that one?
13    A  There is not two sources of the date. The date
14  is derived off of one source. In other words, this log
15  is in -- it's just there are different types of reporting
16  that we can look at. I looked at that one because this
17  is on a loan level report. In my course of business, I
18  do not look at individual loans. I look at the loans as
19  a whole to ensure that the loans are getting -- going --
20  you know, getting processed into collateral processing.
21    Q  Okay.
22    A  The source of the date is the same.
23    Q  Now, let me -- well, let me ask this: Is the
24  same true that we just talked about as far as where the
25  date comes from? Is that the same situation true for

Page 64

1  when the file is removed from or released or taken out of
2  Recontrust?
3     A  The source elements?
4     Q  Right.
5     A  Yes.
6     Q  Okay. Now, you were saying that Recontrust used
7  to be called Treasury Bank?
8     A  Yes.
9     Q  And that was in -- during your time at
10  Countrywide it had been called that?
11    A  Yes.
12    Q  But you don't have any -- do you have any idea
13  of when that changed?
14    A  No.
15    Q  Okay. Would there be any way to tell -- if the
16  collateral file that has the note that we're talking
17  about, would there be a way to tell if that was ever held
18  by an entity other than Recontrust?
19    A  It stayed in the same spot from 2007 till 2011.
20    Q  And you're saying that based on the information
21  there in Exhibit B?
22    A  Yes.
23    Q  Okay. Now, in paragraph 7, you say that you've
24  reviewed the promissory note where it says, "I have
25  reviewed the promissory note as it exists now." I mean,

Page 65

1  what -- you kind of touched on this earlier, but what
2  exactly were you reviewing when you --
3     A  I reviewed Exhibit A.
4     Q  Exhibit A. And who provided that to you, or how
5  was that provided to you?
6     A  It was brought in to me by one of my associates.
7  May I say, not the original.
8     Q  Right, not the original. Presumably because, at
9  the time you were reviewing it, the original, as we saw
10  in Exhibit B, had been released back in April of 2011.
11    A  The exhibit, yes. The original had been
12  released to the attorneys.
13    Q  And that -- and so when you -- when you were --
14  I mean, obviously you signed this according to this as --
15  on November 1st, 2011; correct? I mean, that's what
16  it -- yeah. Okay.
17        So you were not looking at the original note
18  when you -- when you performed this review referred to in
19  paragraph 7?
20    A  I believe, when I performed this review, the
21  attorney sent me a copy of the note, as well as I wanted
22  to confirm that the copy that they sent me was the copy
23  that was in our system, so I did review both.
24    Q  You reviewed both --
25    A  Copies.

Page 66

1  Q  -- the copy that the attorney sent you and the
2  copy that was in the system? Is that what you said?
3  A  Yes.
4  Q  But not the actual original paper note?
5  A  Nope.
6  Q  And do you know which attorney it was that had
7  this that sent this to you?
8  A  I would have to look at my e-mail.
9  MR. HEMBREE: Just -- I've let it go as far as
10  communications with attorneys, but at some point I'm
11  going to have to object on privilege if we get too far
12  into privilege.
13  MR. KIRBY: I understand.
14  MR. HEMBREE: But no problem so far.
15  MR. KIRBY: Okay.
16  Q  Okay. So when you reviewed these copies, where
17  were you when you did that?
18  A  My Simi Valley office.
19  Q  So do you know for certain when --
20  The endorsement that you, you know -- that you
21  said was on the note at the time you reviewed it for the
22  declaration, do you know when that endorsement came to be
23  placed on the note in this case?
24  A  I stated in the declaration that the endorsement
25  was placed at the time that it was received into

Page 67

1  collateral processing.
2  Q  And so what date is that?
3  A  It was received into collateral processing on
4  9-5 on -- the file was received at Recontrust on
5  September 5th, and September 6th the file was received in
6  Recontrust unit.
7  Q  Okay. So you're saying that the endorsement was
8  placed on the note at -- I mean, when was it, what date
9  would you say?
10  A  I'm saying --
11  MR. HEMBREE: I seem to recall that it's in
12  here.
13  THE WITNESS: It is in here.
14  MR. HEMBREE: I couldn't begin to tell you
15  where.
16  THE WITNESS: On September 5th.
17  BY MR. KIRBY:
18  Q  Okay. On September 5th, for certain, or -- it
19  does say -- I mean, September 5th, 2007, for certain?
20  A  As I said in the declaration, consistent with
21  the routine practices, these endorsements would have been
22  placed on the note on or about September 5th of 2007.
23  Q  Okay. Now, in Exhibit 8, you say -- not
24  Exhibit 8, paragraph 8. You say that, "When a collateral
25  file is transferred, an individual with personal

Page 68

1  knowledge of the transfer inputs the action taken
2  regarding that collateral file."
3  Have you ever witnessed that going on?
4  A  The loan is scanned into collateral tracking
5  system?
6  Q  No. This second sentence of paragraph 8. It
7  says, "At the time that a collateral file is transferred,
8  an individual with personal knowledge of the transfer
9  inputs the action taken regarding that collateral file
10  including the date and time of the action into the
11  tracking system."
12  A  Have I seen that happen?
13  Q  Yeah. I mean, have you been there?
14  A  Yes, from my audits.
15  Q  Okay. Now, is there -- is there a specific
16  person or group that would be responsible for inputting
17  that information?
18  A  You would have to talk to the bank or
19  Recontrust.
20  Q  Okay. But are you ever in contact with the
21  people that do that?
22  A  On my audits, yes.
23  Q  But other than the audits?
24  A  No.
25  Q  So you're not in charge of that process?

Page 69

1  A  Correct.
2  Q  Now, I'm just -- I'm reading this question just
3  to make sure I don't ask it again.
4  A  It's okay.
5  Q  So on September 5th, according to Exhibit B, as
6  we've been over, the branch -- and you said CP on
7  Exhibit B means?
8  A  Collateral processing.
9  Q  Collateral processing. And do you have any idea
10  what was happening to these documents between August 21st
11  when the note was signed and September 4th when it was
12  sent from the branch according to this?
13  A  As I said, these departments did not report to
14  me.
15  Q  So you wouldn't have any idea where those
16  documents were for those two weeks?
17  A  These departments don't report to me.
18  Q  But I understand that those departments don't
19  report to you, but are you saying that you don't have any
20  idea what -- I mean, you know where the note goes between
21  the branch and the collateral -- between the branch and
22  the custodian?
23  A  The loan funds. The branch creates the
24  collateral file and sends it to the custodian.
25  Q  I understand that, but my question is -- I mean,

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM Page 576 of 863 PageID
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

1 there's two weeks between those -- you know, between the
2 signing of the note and the sending out of it by the
3 branch. And I was just -- and, you know, I'm just
4 asking. If you don't know, that's fine. And you seem to
5 be indicating that you don't know. But I'm just --
6 A There's a rescission period that goes on. The
7 branch also has to take the file and pull out all of the
8 collateral documents. This loan funded, I think, on
9 August 21st, which is probably towards the end of the
10 month, which is when a branch is most -- is busiest, so
11 I'm sure that it went in the line of being through the
12 processor to get processed and the collateral being put
13 into the file and sent off.
14 Q And just so -- just because we've talked about
15 so many vault locations, you said earlier that this
16 particular note was sent to the Simi Valley vault?
17 A Yes.
18 Q From the branch?
19 A Yes.
20 Q Does that have anything to do with it being a
21 Fannie Mae collateral file?
22 A In 2007 we did not have Fort Worth open, and it
23 was not a correspondent lending loan, so I know it did
24 not go to Tampa.
25 Q Okay.

1 A All noncorrespondent lending loans were
2 processed through Simi Valley at that time.
3 Q Okay. So my understanding is -- and please
4 correct me if I'm wrong. Well, let me phrase it as a
5 question.
6 It's employees at Recontrust that stamp the
7 endorsements on the notes in general, including this one;
8 is that right?
9 A Yes.
10 Q And you've seen that taking place?
11 A Yes.
12 Q In Simi Valley?
13 A Yes.
14 Q Is there some type of manual or set of
15 instructions?
16 A They have my power of attorney.
17 Q Well, okay. That's not what I'm asking. But I
18 do want to know about that. But what I'm saying: Is
19 there some sort of manual or instructions or --
20 A If you want to know the desk procedures, you
21 would have to speak with an associate of Recontrust.
22 Q Okay. Okay. Sorry. I'm just reading the notes
23 again. Now, I'm going to try to explain this. I may
24 have to do it a couple of times, but just bear with me.
25 And you've been very helpful so far. I appreciate it,

1 very patient.
2 So your declaration indicates -- I think it's
3 paragraph 10, but also throughout, but I think I'm
4 talking particularly about paragraph 10, that it's the
5 routine practice for notes to be -- I mean, for
6 endorsements to be placed on notes on the day the
7 collateral file is received at Recontrust, but the
8 endorsements themselves are not dated. So is there any
9 way to know absolutely for sure that it was done on that
10 particular day?
11 A No. However, the loan would have not passed
12 cerification if there was no endorsements applied on
13 September 7th of 2007.
14 Q And what would have happened on September 7th?
15 A Instead of it being reviewed without deficiency,
16 it would have been reviewed with a deficiency showing
17 stating that there was no endorsement on the note.
18 Q Okay. You had said this earlier, but I just --
19 I just want to make sure. So what you had said earlier
20 was that, according to Exhibit B to the declaration, the
21 note was received into the Fannie vault on September
22 10th. Is that correct?
23 A Yes.
24 Q And then it was released on April 22nd. Nothing
25 else happened to it during that time. Is that -- I mean,

1 there it sat is I guess what I'm asking.
2 A In safekeeping, yes.
3 Q Okay. All right. Now, this is something you
4 touched on a minute ago. I'm going to try to phrase it
5 in a way that makes sense. Who -- and let's just deal
6 with Countrywide in 2007.
7 Who is allowed to be an endorser as you were? I
8 mean, who -- let me leave it at that and see if that
9 makes sense to you.
10 A I don't know what you're asking.
11 Q What I'm saying is: Are there people other than
12 you at Countrywide in 2007 whose names would appear on a
13 note as an endorsement?
14 A For Countrywide Home Loans, Inc.?
15 Q Yes.
16 A In 2007, I was the endorser for Countrywide Home
17 Loans, Inc.
18 Q Okay. And, I mean, can you explain why you, in
19 particular? I mean, how is that established?
20 A Just lucky.
21 Q I mean, I know this is going to sound silly, but
22 was there some competition for it? Did they come to you
23 and say, "Ms. Sjolander, we choose you?" I mean, how did
24 you come to be designated the person?
25 A It is the position I held within Countrywide.

Page 577 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

NYSCEF DOC. NO. 25                                RECEIVED NYSCEF: 10/11/2022

---

**Page 74**

1  Q. Okay. And did you know that going in; you know,
2  if you take this job, you're going to be the endorser?
3  Was that explained to you at some point?
4  A. I knew that my previous boss was the endorser,
5  yes.
6  Q. Oh, okay. Now, we covered this, that other
7  people stamped your signature and the other -- her name
8  is -- oh, it's Laurie Meder?
9  A. Meder.
10  Q. Okay. So other people have a stamp with her
11  name and your name on it, and how do those people have
12  the authority to put her name and your name on a note for
13  it to be an effective endorsement?
14  A. With my name, they have a power of attorney.
15  Q. And what does the power of attorney say?
16  A. The power of attorney allows them to place my
17  endorsement stamp on collateral.
18  Q. How do they come to have your power of attorney?
19  A. I gave that to them.
20  Q. But, I mean, in what sort of process? You know,
21  how does someone at Recontrust -- I mean, I understand
22  that a power of attorney document exists, I'm assuming;
23  correct?
24  A. Yes.
25  Q. And how do those people come to operate under

**Page 75**

1  it?
2  A. It's common, standard practice.
3  Q. I may not be asking it quite right. I guess
4  what I'm asking is: Do they -- the people who actually
5  use the stamps -- is there more than one, or is there
6  just one stamp? I said "stamps" multiple. Is there only
7  one, or is there --
8  A. No, there's multiple stamps.
9  Q. So do these people sign something that says, "I
10  understand I'm under Michele Sjolander's power of
11  attorney"?
12  A. Once again, you would have to look at the desk
13  procedures for Recontrust, and you would have to talk to
14  someone at Recontrust.
15  Q. So that's your understanding that you -- did you
16  sign a power of attorney document?
17  A. Yes, I did.
18  Q. And, I mean, can you explain just in -- you
19  know, in general, not word for word what it says, but
20  what does it purport to grant as power of attorney?
21  A. It grants Recontrust. They can endorse and
22  assign notes on behalf of myself.
23  Q. And do you know if this applies to a select
24  group of people?
25  A. I do not have -- I would have to read the

**Page 76**

1  document.
2  Q. Okay. But just to clarify, once again, you
3  don't actually know the legal mechanism by which these
4  people with the stamps operate under this power of
5  attorney?
6  A. As I said, I would have to go back through all
7  of the documentation that surrounds the power of
8  attorney, and Recontrust has desk procedures, and it
9  would be their procedures for them to assign that, to
10  place the stamp on the collateral.
11  Q. And this was a procedure in 2007, what we're
12  talking here is 2007?
13  A. Correct.
14  Q. And to the present?
15  A. No.
16  Q. Okay. Let me see.
17  And I don't know if you -- was there any way we
18  could get a copy of that power of attorney, or is that,
19  you know --
20  MR. HEMBREE: I can try. Countrywide Home
21  Loans, Inc., is not a party to the litigation.
22  MR. KIRBY: Right.
23  MR. HEMBREE: So that creates some issues for
24  us, but we could take a look at it and see.
25  MR. KIRBY: Oh, okay. I follow you.

**Page 77**

1  MR. HEMBREE: See what I'm saying? This is the
2  first I've heard about it today, so I can certainly look
3  into it.
4  MR. KIRBY: But so you're saying -- and that's
5  a -- I'm glad you said that.
6  Q. So this was -- this power of attorney was not
7  just for your name; it was for your name as executive
8  vice president of Countrywide Home Loans, Inc.?
9  A. As an officer of Countrywide Home Loans, Inc.
10  Q. Right. And you said you had previously been an
11  officer of Countrywide Bank FSB?
12  A. Yes.
13  Q. And that was before?
14  A. I cannot tell you the timing of --
15  Q. Okay. Okay. And let me just clarify this one
16  more time. The people at Recontrust who do the actual
17  stamping, I mean, do you know who they are? Do you know
18  them by name, for example?
19  A. No.
20  Q. Is that considered an entry level job? Do you
21  know?
22  A. It's out of my scope. You would have to speak
23  with someone at Recontrust.
24  Q. But you do have an office at the Recontrust
25  facility in Simi Valley?

---

Page 578 of 863 Pages

Page 78

```
1    A   I have an office in Simi Valley, yes.
2    Q   But is it considered an office -- I mean, is it
3  in the Recontrust building?
4    A   It is in that building.
5    Q   Are you in charge of hiring any of these people
6  that do that.
7    A   No.
8    Q   When you're in the Simi Valley office, do you
9  ever observe the endorsing going on?
10   A   Only when I do an audit.  Security based, I do
11 not have a security level to be in there without being in
12 the company.
13   Q   So you're not even allowed, unless accompanied
14 on the floor where this is happening?
15   A   Unless I'm performing an audit and unless
16 escorted by a Recontrust associate.
17   Q   So you wouldn't know anything or would you --
18     Let me ask you:  Would you know the name of the
19 person who did this stamping, for example?
20   A   No.
21   Q   I mean, would you be able to tell which floor
22 they were on when they did it?
23   A   I know where they are located, yes.
24   Q   Okay.  But, I mean, you weren't there when it
25 happened?
```

Page 79

```
1    A   No.
2    Q   And of the individuals that do it, that did this
3  in 2007, you wouldn't be able to identify which
4  particular individual put the stamp on this particular
5  note?
6    A   Correct.
7    Q   This Laurie Meder, is she in the same office as
8  you?
9    A   She's part of Recontrust, yes.
10   Q   I mean, is she like you?  She has an office at
11 Recontrust and at --
12   A   No.
13   Q   I guess, at this time, Countrywide?
14   A   I do not have an office at Recontrust.  I have
15 a -- we are located in the same building.  I do not
16 have -- the building is not considered Recontrust.
17   Q   Okay.  I guess I misunderstood.
18   A   The vault is attached to the building.  It is
19 located at 1800 Tapo Canyon.  But my office is not within
20 Recontrust.  There are other parts of Bank of America
21 that are located at that same facility.
22   Q   So are you describing -- this 1800 Tapo Canyon
23 Road, is it a large complex?
24   A   Yes.
25   Q   And you're saying your particular part of the
```

Page 80

```
1  complex is considered Bank of America?  Is that what
2  you're saying?
3    A   Yes.
4    Q   And then there's another part of the complex
5  that's considered Recontrust?
6    A   Yes.
7    Q   And you're separate?
8    A   We're in the same building, but, yes, we're
9  separate, completely separated.
10   Q   And I think I know -- I think you've covered
11 this, but just let me ask it anyway.  Do you know what
12 type of controls there are to exist -- what type of
13 controls exist to prevent the unauthorized use of your
14 stamp?  Does that make sense?
15   A   I don't know what you're asking.
16   Q   Well, I'm just saying, you know, if there are
17 multiple stamps, are there some procedures in place that
18 keep people from -- I don't know -- taking one, for
19 example, or --
20   A   The stamps are in a secured environment on the
21 floor, and it is part of Recontrust's security.
22   Q   And, again, security, are there cameras on that
23 floor that you know of?
24   A   I do believe so.  I don't know when they were
25 installed.
```

Page 81

```
1    Q   Are there security guards there?
2    A   No.  It is completely badge -- access by badge.
3  You need to have access to the doors.  You can't get in.
4    Q   So you've done audits at this place where the
5  endorsements take place.  I mean, can you just describe
6  in general, I mean, just what it even looks like?  Are
7  people sitting at desks?
8    A   It looks like a room like this.  It's completely
9  secured with a door access that you have to access with a
10 badge to get into.
11   Q   So it's a conference room type of?
12   A   It's a warehouse room, yes.  I mean, it's a
13 room.
14   Q   But, I mean, it has tables for people to work
15 at?
16   A   It's not one big table.  It's desks, yes.
17   Q   So you wouldn't know how many people at
18 Recontrust are responsible -- or let me rephrase that.
19 Would you know how many individuals at Recontrust are
20 responsible for endorsing notes on your behalf?
21   A   No.
22   Q   Do you know if the people that do the
23 endorsements, is that their only function is to do
24 endorsements?
25   A   They do not report to me.
```

Page 579 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

**Page 82**

1   Q Okay. Are the procedures that are used in
2 endorsing notes set aside for Fannie Mae the same as
3 those used for non-Fannie Mae notes? Do you know?
4   A They do not report to me.
5   Q I mean, have you ever personally, you know, with
6 a pen signed an endorsement on a promissory note?
7   A No.
8   Q I think I'm just about done.
9     So you were not an employee of Recontrust?
10   A Correct..
11   Q Are you involved at all with any aspects of
12 Recontrust's operation?
13   A I have oversight.
14   Q Oversight of Recontrust?
15   A Oversight of the collateral.
16   Q Well, so, for example, just in general, who
17 would you contact about collateral at Recontrust? I
18 mean, a name, if you know it?
19   A Laurie Meder.
20   Q She is your contact at Recontrust, and that was
21 true in 2007 we're talking about?
22   A Yes.
23   Q The same now?
24   A Yes.
25   Q I mean, how often would you estimate that you

**Page 83**

1 contact Ms. Meder?
2   A I talk to Ms. Meder at least weekly.
3   Q I mean, is it a situation where it's like
4 Ms. Meder -- I mean, would she call you with a problem?
5 Is that how it worked?
6   A When I say spoke to, sometimes the
7 correspondence was via e-mail.
8   Q Right, right.
9   A We go back and forth on different deals that
10 we're working on.
11   Q So I'm still -- I think this may be -- this may
12 be my last point, barring a little review. I'm still not
13 exactly clear on: You're not an employee of Recontrust?
14   A Correct.
15   Q But you have oversight of Recontrust employees?
16   A I do not have oversight of their employees. I
17 have oversight of the collateral. So the collateral that
18 is at the bank, I am --
19   Q Wait. I'm sorry. And by "bank" --
20   A I'm sorry. At Recontrust. I use it
21 interchangeably.
22   Q Okay. So start over. I'm sorry. I'm --
23   A Can you repeat the question?
24   Q Yes, yes.
25   A And I will start over.

**Page 84**

1   Q What I was saying was I don't understand.
2 You're not an employee of Recontrust, but you have
3 oversight of the employees at Recontrust?
4   A As I said, no.
5   Q Right.
6   A I have no oversight of any of the associates at
7 Recontrust.
8   Q Okay.
9   A I do not -- none of those associates report to
10 me or have ever reported to me.
11   Q Right.
12   A I have oversight of the operations that go on to
13 ensure that we are in compliance to the Fannie and
14 Freddie guidelines, that we are in compliance with the
15 securities that we create.
16   Q So is what you're saying that you establish the
17 procedure for Recontrust?
18   A I am the police officer. How's that?
19   Q Okay. I think I know what you're saying, but
20 what I mean --
21   A I ensure --
22   Q Because the auditor that --
23   A We are following the guides for Fannie and
24 Freddie for our investors.
25   Q Right, and that is your --

**Page 85**

1   A That is one of my job responsibilities.
2   Q Right. But as it relates to Recontrust in
3 particular you're talking about?
4   A As it relates to the custodian, yes.
5   Q So that's all Countrywide in 2007 and Bank of
6 America now custodians?
7   A Yes.
8   Q I'm assuming -- well, don't let me assume. Are
9 there other custodians besides Recontrust?
10   A Yes.
11   Q Okay. But in this case, we're talking
12 specifically about Recontrust?
13   A Yes.
14     MR. KIRBY: Okay. Let me -- can we go off the
15 record just to let me go over just to make sure I've
16 covered everything I want to cover?
17     MR. HEMBREE: Sure.
18   (Discussion held off the record.)
19     MR. KIRBY: We can go back on the record.
20   Q Okay. We're back on the record. Looking at
21 Exhibit C to the declaration, we see the loan number. I
22 know what that means. I assume that the next data field
23 is event, day, and time. Is that right?
24   A Yes.
25   Q And then the next data field is the package

Page 580 of 863 PageID

Page 86

1    number. What are those? What is package number 1322 and
2    1323?
3        A  1323 just shows that it was in application
4    stage, and then it went into inventory.
5        Q  Well, but even at the third line down on 8-27,
6    the note had been signed by then, so it was in package
7    1323?
8        A  Yes, but it shows that it was now at inventory
9    stage. It went from application to inventory, which
10   means that the note was signed.
11       Q  Okay. Oh, okay. So 1323 is a package for --
12       A  Just a package number that shows that we have
13   not put the loan into any sort of security.
14       Q  So conventional -- I'm just going to assume that
15   the package description, the abbreviation, is that
16   conventional 30-year first TD? What is that? Do you
17   know?
18       A  Just that it's in a 30-year package. Your loan
19   was a conventional 30-year. A different package number
20   would show up if it was a 15-year, if it was an ARM.
21       Q  So this TD, you just don't know what that
22   abbreviation means, okay. And the investor number, I
23   think that's fairly self-explanatory. I mean, is that
24   the bank of -- the investment number for Bank of America?
25       A  Yes.

Page 87

1        Q  And HFS is held for sale; is that right?
2        A  Yes.
3        Q  And what is Lynx, L-y-n-x?
4        A  That's our system of data. That's our
5    depository or repository of data.
6        Q  And this down here where it says FNMA SCH slash
7    SCH, what does that stand for?
8        A  This loan was pooled into a Fannie Mae security.
9    We remitted on a scheduled schedule MBS, so it was a
10   scheduled scheduled remittance.
11       Q  That's what's SCH and SCH. And then ACT, next
12   line FNMA ACT slash ACT, what is that?
13       A  Actual actual. It means remitted actual
14   balance. It's probably because you went -- you didn't
15   make a payment, so we had to remit an actual balance
16   showing there was no payment made on the property.
17       Q  And so you said that, when we were looking at
18   Exhibit B earlier, that April 22nd, 2011, the note was
19   released according to Exhibit B; correct?
20       A  These two exhibits have nothing to do with each
21   other. You're aware of that; right?
22       Q  No. No.
23       A  So the Exhibit B is strictly your collateral,
24   which is your documents. This exhibit -- this is
25   strictly your -- the security level. So this is

Page 88

1    showing -- this has nothing to do with your documents.
2    It's showing -- giving us a view that your loan was in
3    application stage. Then it went to inventory. Then it
4    went to sold and what it was sold into. And then your
5    payments were being remitted into Fannie Mae on a
6    scheduled schedule and then, of course, actual actual,
7    two completely different views.
8        Q  Okay. I understand, but about the -- let me --
9    but you referred to it for some reason.
10       A  I referred to it showing that the loan was
11   pooled into a Fannie Mae security.
12       Q  Okay. So then the last entry -- well, so we
13   know that the collateral file from the Exhibit B was
14   removed or released on April 22nd, 2011. And so April
15   26th, 2011, the package number is zero, and the
16   collateral file is out of the vault. I mean --
17       A  This -- as I said, the commitment history has
18   nothing to do with the collateral file. This is strictly
19   showing us that the loan was sold to Fannie Mae and that
20   it resided into a Fannie Mae security.
21       Q  But what would package number zero and investor
22   number zero, what does that indicate?
23       A  Probably indicates you went into bankruptcy or
24   foreclosure. This is a warning code telling me that your
25   loan is not current and to go dig in deeper, that it's

Page 89

1    probably in bankruptcy or foreclosure, and I would have
2    to talk to either one of those representatives to get any
3    further information on your loan.
4        Q  That is something that you would do personally?
5        A  I did not do, no. I mean, that's just -- if
6    anyone that looks into this and wants to know, you know,
7    if the loan was sold and where it was sold to, and then
8    it's just a warning saying, "Loan's in foreclosure."
9        Q  Okay.
10       A  "Contact the foreclosure unit."
11       Q  Okay. Just one other check. Now, I'm sorry.
12   One last question, last question, for sure last
13   question. It says on April 10 that -- I think the
14   last -- the last sentence, it says, "Pursuant to the
15   routine practice, these endorsements would have been
16   placed on the note signed by the Kirbys on or about
17   September 5th, 2007."
18           I don't understand that construction, "Would
19   have been." I mean, isn't it either they were or they
20   weren't? "Would have been" seems to indicate that maybe
21   they were, maybe they weren't. Do you know why that
22   particular phrase was used?
23       A  I used "would have been," because it's September
24   5th, and then the collateral was reviewed, I think, on
25   September 7th. So between September 5th and the review

Page 90

```
 1   of -- review without deficiency is when the endorsement
 2   stamp would have been placed.
 3       Q   I'm sorry.  September 5th, you said, the
 4   endorsement stamp?
 5       A   The endorsement stamp, I said, would have been
 6   placed on September 5th.
 7       Q   So the "would have been" you're saying is in
 8   reference to -- what did you mean by "would have been"
 9   again?  I mean, because it can be read as the
10   endorsement -- these endorsements would have been placed
11   on the note; meaning, that maybe the endorsements weren't
12   placed on the note?
13       A   Well, obviously the endorsements were placed on
14   the note.  There's endorsements on the note.
15       Q   Well, at some point, yes.  But so you're saying
16   that the "would have been" is more having to do with the
17   exact date?
18       A   I'm saying would have been placed on the note,
19   because the loan was obviously reviewed without defi the
20   next day.
21       Q   But it says on or about September 5th.  I mean,
22   could it have been September 6th?
23       A   It could have been, yes.  It could have been at
24   midnight.  I don't know.
25           MR. KIRBY:  Okay.  All right.  No more
```

Page 91

```
 1   questions.
 2           MR. HEMBREE:  No questions.
 3           MR. KIRBY:  All right.  We are done.
 4           THE REPORTER:  You'd like a copy, Counsel?
 5           MR. HEMBREE:  Yes, I would like a copy.
 6           (Discussion held off the record.)
 7           MR. KIRBY:  All right.  So we're going to send
 8   the original deposition transcript to the witness who
 9   will review and sign it and then send it to me.
10           MR. HEMBREE:  So stipulated.
11           (Whereupon at 12:15 P.M., the deposition
12           of MICHELE SJOLANDER was adjourned.)
13
14           ---oOo---
15
16
17
18
19
20
21
22
23
24
25
```

Page 92

```
 1   STATE OF CALIFORNIA       )
 2   COUNTY OF LOS ANGELES     ) ss.
 3
 4           I, MICHELE SJOLANDER, hereby certify under
 5   penalty of perjury under the laws of the State of
 6   California that the foregoing is true and correct.
 7           Executed this _____ day of
 8   _____, 2012, at
 9   _____, California.
10
11
12           _____
13           MICHELE SJOLANDER
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 93

```
 1   STATE OF CALIFORNIA       )
 2   COUNTY OF LOS ANGELES     ) ss.
 3
 4           I, Colleen Crissman, C.S.R. No. 10683, in and for the
 5   State of California, do hereby certify:
 6       That, prior to being examined, the deponent named in
 7   the foregoing deposition was by me duly sworn to testify
 8   the truth, the whole truth, and nothing but the truth;
 9       That said deposition was taken down by me in
10   shorthand at the time and place therein named and
11   thereafter reduced to typewriting under my direction, and
12   the same is a true, correct, and complete transcript of
13   said proceedings;
14       That if the foregoing pertains to the original
15   transcript of a deposition in a Federal Case, before
16   completion of the proceedings, review of the transcript
17   [ ] was [ ] was not required.
18       I further certify that I am not interested in the
19   event of the action.
20       Witness my hand this ____ day of _____, 2012.
21
22           _____
23           Certified Shorthand Reporter
24           for the State of California
25
```

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 29

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022

RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07475-FKC-LB    Document 51    Filed 11/06/23    Page 582 of 863 PageID #:

## REQUEST FOR JUDICIAL INTERVENTION
### Settlement Conference in
### Residential Mortgage Foreclosure Actions

ORIGINAL

SUPREME COURT, STATE OF NEW YORK Queens, County
Index No. 501/10    Date Index No. Issued January 6, 2010
Date of Service of Summons and Complaint: 1/8/2010

PLAINTIFF(S): BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP.

-against-

DEFENDANT(S): ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU, 'JOHN DOES' and 'JANE DOES,' said names being fictitious, parties intended being possible tenants or occupants of premises, and corporations, other entities or persons who claim, or may claim, a lien against the premises.

| For Clerk Only |
| --- |
| CAS entry date |
| Judge Assigned |
| RJI Date |

This form requests the scheduling of the settlement conference required by Rule 3408 of the Civil Practice Law and Rules in a mortgage foreclosure action involving all of the following:
* residential property
* one to four-family owner-occupied dwelling or condominium

Provide the following information:
Type of Loan: ☐ Subprime/Highcost/Nontraditional

Property Address: 8710 149TH AVENUE, HOWARD BEACH, NY 11414
Property Type: condominium

Defendant(s) (name, address, telephone number, e-mail address):
ASHMEEN MODIKHAN
8710 149ᵗʰ AVE, APT. 5N
HOWARD BEACH, NY 11414

Attorney for Plaintiff (s)(name, address, telephone number, e-mail address):
    (if self-represented, provide the information for yourself)
Rosicki Rosicki & Associates, P.C.,
26 Harvester Avenue
Batavia, NY 14020, 585.815.0288
attorneyconf@rosicki.com

Attorney for Defendant(s) (if known) (name, address, telephone number, e-mail address):

90-day notice (RPAPL §1304(1)) mailed on (date): 09/01/2009

Related case (title, index no., judge(if assigned), relationship to instant case): None
Index No.    Hon.

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION.

Dated: February    1    , 2010

Signature
Danielle Mayer-Doroclak, Esq.
(Print or type name)
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorney for Plaintiff
26 Harvester Avenue
Batavia, NY 14020
585.815.0288
585.815.0299

Printed 2/1/2010

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

NYSCEF DOC. NO. 25    RECEIVED NYSCEF: 10/11/2022

RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07575-PKC-LB    Document 57    Filed 01/05/23    Page 583 of 863 PageID
#: 1230

301/2010 REQUEST FOR JUDICIAL INTERVENTION    Page 2 of 2

**ORIGINAL**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
-------------------------------------------------------------x
BAC Home Loans Servicing LP f/k/a Countrywide Home
Loans Servicing LP,

Index No.: 301/10

Plaintiff,

-against-    **AFFIDAVIT OF MAILING**

ASHMEEN MODIKHAN et al.,

Defendants.
-------------------------------------------------------------x
STATE OF NEW YORK    )
    ) ss.:
COUNTY OF Genesee    )

Mary Jo McConnell, being duly sworn, deposes and says:

That I am not a party to the action, am over the age of 18 years and reside in Genesee County, New York.

That on February March 1, 2010, deponent served the within Request for Judicial Intervention for Settlement Conferences and Residential Mortgage Foreclosure Actions, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

ASHMEEN MODIKHAN
8710 149TH AVENUE, APT 5N
HOWARD BEACH, NY 11414

Mary Jo McConnell
Mary Jo McConnell

Sworn to before me on this
1st day of March 2010

Notary Public

Danielle M. Mayer
Notary Public, State of New York
No. 01MA6087826
Qualified in Niagara County
My Commission Expires February 24, 2011

Printed 4/11/2011

# EXHIBIT
## "I"

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

SEQUENCE NO. _3_

Part 29

At an I.A.S. Term of the Supreme Court of the County of Queens held in the Queens Supreme Court in the city of Jamaica, New York on the 5th day of April, 20 19.

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

-----------------------------------------X

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

Plaintiff

vs

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, JOHN MODIKHAN

Defendant(s)

-----------------------------------------X

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

**FILED & RECORDED**

**APR 26 2019**

**COUNTY CLERK
QUEENS COUNTY**

**UPON** the Summons, Complaint, and Notice of Pendency filed in this action on January 6, 2010, the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23, and Notice of Pendency refiled April 10, 2017, 2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017, together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

**UPON** proof that each of the defendants herein was served with the Summons and Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 586 of 863 PageID #: 1263

NYSCEF DOC. NO. 25

RECEIVED NYSCEF: 10/11/2022

Page 587 of 863

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that more than the legally required number of days elapsed since defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or appeared; and Plaintiff having established to the Court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

UPON proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Morton Povman, Esq. dated July 18, 2018, showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged property may not be sold in parcels; and

2

UPON proof of due notice of this motion upon all parties entitled to receive same, and

upon all the prior proceedings and papers filed herein; *and upon reading and filing the decision of the Court dated October 19, 2018;*

NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted *without opposition of Morton Povman*; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same *dated July 18, 2018*

is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in

the complaint and as hereafter described, or such part thereof as may be sufficient to discharge

the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL

be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the *Supreme*

Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin

Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton

Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is

appointed Referee for that purpose; that said Referee give public notice of the time and place of

sale in accordance with RPAPL § 231 in *The Queens Daily Eagle*; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the

referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22

NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from

Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if

the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule,

the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from

accepting or retaining any funds for him/herself or paying funds to him/herself without

3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 23

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 23

RECEIVED NYSCEF: 10/11/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM   INDEX NO. 705854/2021
NYSCEF DOC. NO. 23                                   RECEIVED NYSCEF: 10/11/2022

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~**ORDERED, ADJUDGED AND DECREED,** that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ certified or bank check by, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee shall then deposit the

4

Case 1:22-cv-07775-PKC-LB   Document 51   Filed 01/05/23   Page 591 of 863 PageID #: 1288

down payment and proceeds of sale, as necessary, in ___Signature Bank 89-36 Sutphin___ in his/her own name as Referee, in accordance with CPLR § 2609; and it is further ___Blvd, Jamaica NY___

**ORDERED, ADJUDGED AND DECREED,** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in ___Signature Bank 89-36 Sutphin___ and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows: ___Blvd, Jamaica, NY___

5

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 593 of 863 PageID #: 1200

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    INDEX NO. 705854/2021
Page 594 of 863 PageID
Case 1:22-cv-02715-BMC-LB    Document 5-2    Filed 01/05/23
# 1231
NYSCEF DOC. NO. 23    RECEIVED NYSCEF: 10/11/2022
301/2010 RECEIVED PAPERS filed 10/29/2018    Page 8 of 11

Add'l.
Re f
Fee

JSC

**FIRST**: The Referee's statutory fees for conducting the sale, in
$750.00
accordance with CPLR § 8003(b), not to exceed $500.00 ~~unless the property sells~~
~~for $50,000.00 or more OR~~ In the event a sale was cancelled or postponed,
Plaintiff shall compensate the Referee in the sum of $250.00 for each
adjournment or cancellation, unless the Referee caused the delay; ,

**SECOND**: All taxes, assessments and water rates that are liens upon the
property and monies necessary to redeem the property from any sales for unpaid
taxes, assessments, or water rates that have not apparently become absolute, and
any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be
responsible for interest and penalties due on any real property taxes accruing after
the sale. The Referee shall not be responsible for the payment of penalties or fees
pursuant to this appointment. The purchaser shall hold the Referee harmless from
any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown
on the bills presented and certified by said Referee to be correct, duplicate copies
of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the
following:

**Amount Due per Referee's Report.** $293,876.51 with interest at the note
rate from ~~March 01, 2009 to~~ December 07, 2017, together with any advances as
provided for in the note and mortgage which Plaintiff has made for taxes,
insurance, principal, and interest, and any other charges due to prior mortgages or
to maintain the property pending consummation of this foreclosure sale, not

6

Printed 3/25/2019

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
RECEIVED NYSCEF: 10/11/2022

NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 595 of 863 PageID #: 1252

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM

NYSCEF DOC. NO. 23                                      RECEIVED NYSCEF: 10/11/2022

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements. $ ̲1̲9̲6̲2̲.̲4̲4̲ adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance: $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees. $ ̲4̲,̲9̲5̲0̲.̲0̲0̲ is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

**FIFTH**: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED**, that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

Case 1:22-cv-02775-PKC-LB   Document 5-1   Filed 01/05/23   Page 597 of 863 PageID
#: 1264

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED, that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED, that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

8

Referee's deed in accordance with CPLR § 308; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

**ORDERED, ADJUDGED AND DECREED,** that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ ∧ Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

**ORDERED, ADJUDGED AND DECREED,** that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, when the Referee files a report of

9

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED**, that to ensure compliance herewith, Plaintiff shall file a written report with the Court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY 11414.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER,

DATED:

JAMAICA, NEW YORK

HON. MARTIN J. SCHULMAN
JUSTICE OF THE SUPREME COURT

CLERK

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

ENTERED

APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

State of New York        SUPREME          Court            County of QUEENS

Index No. 301/2010

US BANK NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST

**Judgment of Foreclosure
and Sale**                          Year

                    Plaintiff,

                                    FILED & RECORDED

        VS.                         APR 26 2019

ASHMEEN MODIKHAN, et al.            COUNTY CLERK
                                    QUEENS COUNTY

                    Defendant(s).

                    *Attorney for*

                    Plaintiff        fax (716)204-1702
                                     **NOT FOR SERVICE**

        *Office, Post Office Address and Telephone*
                1775 WEHRLE DRIVE, SUITE 100
                WILLIAMSVILLE, NY 14221
                    (716)204-1700

Personal Service of the within                    ,and of the notice (if any)
hereon endorsed, is admitted this    day of
                                          , 20

                            Attorney(s) for

        Sir:--Please taken notice                    **NOTICE OF ENTRY**
that an                              of which the within is a copy, was duly granted in the
within entitled action on the        day of       , 20    , and duly entered in the office of the Clerk
of the County of                     on the       day of       , 20
To                                   **GROSS POLOWY, LLC**
Attorney(s) for                      *Attorney for*

        Sir:--Please taken notice                    **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the                day of           , 20
To                                   **GROSS POLOWY, LLC**
Attorney(s) for                      *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS        SS.:        **AFFIDAVIT OF SERVICE BY MAIL**

                            being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On                  , 20           , deponent served the within
upon                                          in this action, at
attorney(s) for                      the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this        day of        , 20

        Notary Public, Commissioner of Deeds

Case 1:22-cv-02773-GRC-TB   Document 50   Filed 01/05/23   Page 603 of 863 PageID #: 1500

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM RECEIVED NYSCEF: 10/11/2022
NYSCEF DOC. NO. 23 RECEIVED NYSCEF: 10/11/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS          **COSTS OF PLAINTIFF**
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

        Plaintiff,

  vs                                       INDEX #: 301/2010

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME          MORTGAGED PREMISES:
CORP. CONDOMINIUM NO. 2, MORTGAGE        87-10 149TH AVENUE
ELECTRONIC REGISTRATION SYSTEMS,         HOWARD BEACH, NY 11414
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE          BL #: 11417 - 4513
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN         WITHIN COSTS TAXED -- NOTICE
                                          AT $ 1962.44

        Defendant(s).            APR 26 2019

------------------------------------------------X          COUNTY CLERK QUEENS COUNTY

**COSTS**

| | |
|---|---|
| Costs before Note of Issue - CPLR 8201(1) | $200.00 |
| Allowance by statute - CPLR 8302(a) (b) | |

| | | |
|---|---|---|
| First $200.00 at 10% | $20.00 | |
| Next $800.00 at 5% | $40.00 | |
| Next $2000.00 at 2% | $40.00 | |
| Next $5000.00 at 1% | $50.00 | |
| | | $150.00 |

| | |
|---|---|
| Additional allowance - CPLR 8302(d) | $50.00 |
| Costs on motion - CPLR 8303(a) (1) | $0.00 |

**FEES AND DISBURSEMENTS**

| | |
|---|---|
| Fee for index number - CPLR 8018(a) | ~~$400.00~~ $210.00 |
| Referee's fee to compute, per order of the Court - CPLR 8003(a) | $0.00 |
| Paid for searches - CPLR 8301(a) (10) | $777.44 ✓ |

Case 1:22-cv-02775-BIC-TB   Document 54   Filed 11/08/23   Page 605 of 863 PageID #: 1602

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    INDEX NO. 705854/2021

NYSCEF DOC. NO. 25    RECEIVED NYSCEF: 10/11/2022

| | |
|---|---|
| Serving copy of Summons and Complaint - CPLR 8301(d) | ~~$895.00~~ $320.00 |
| Reproduction costs - CPLR 8301(a)(12) | $0.00 |
| Fees for publication of Summons - CPLR 8301(a)(3) | $0.00 |
| Certified copies of papers - CPLR 8301(a)(4) | $0.00 |
| Request for judicial intervention | $95.00 |
| Clerk's fee for filing of Notice of Pendency - CPLR 8018(d)(6), 8021(a)(10) | $70.00 |
| Motion fees | $90.00 |
| Note of Issue | $0.00 |
| **Total:** | ~~$2,270.44~~ $1,942.44 |

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 25
FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
RECEIVED NYSCEF: 10/11/2022
INDEX NO. 705854/2021
NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07418-KPF-RB    Document 23    Filed 01/05/23    Page 607 of 863 PageID

## ATTORNEY'S AFFIRMATION

The undersigned, Jessica Kielb Grubea, Esq. pursuant to CPLR § 2106 and under penalties of perjury affirms as follows:

That she is the attorney of record for the Plaintiff in the above captioned action; that the foregoing disbursements have been incurred in this action and are reasonable in amount and that the copies of documents or papers as charged herein were actually and necessarily obtained.

DATED:     August 23, 2018
           Williamsville, New York

                                    _____
                                    Jessica Kielb Grubea, Esq.

FILED

OCT 2 9 2018

COUNTY CLERK
QUEENS COUNTY

Page 608 of 863 PageID



# INVOICE

Date: **09/26/2017**
Invoice/Title #: **FCL-132531-17 A**
Client Reference **17-005151**

**Bill to:**
Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone: 716-204-1700
Fax: 716-408-9075

APPROVED
09/27/17
JCD

| Record Owner | Premises | County |
|---|---|---|
| Ashmeen Modikhan | 8710 149th Avenue Unit 5N<br>Howard Beach, NY 11414 | Queens |

| Description of Charges | Amount |
|---|---|
| Foreclosure Search | $485.00 |
| Sales Tax Rate 8.750% Jurisdiction Code 1451 | $42.44 |
| **Total Amount Due** | **$527.44** |

Please make check payable to:
Advantage Foreclosure
201 Old Country Road, Suite 200
Melville, NY 11747

**Please remit payment within 30 days to the above address. If you have any questions regarding payment of this invoice, please contact Diane Striebel at 631.870.1044 or dstriebel@advantagegroupny.com**

*Thank you. We appreciate your continued business!*

Case 7:22-cv-07435-KMK    Document 5-1    Filed 01/05/23    Page 609 of 863 PageID
#:1906

Page 1            I N V O I C E        12/15/17

GROSS POLOWY, LLC                      ALLCOUNTY LEGAL SUPPORT
1775 WEHRLE DRIVE                      60 BURT DRIVE
SUITE 100                              DEER PARK, NY  11729
WILLIAMSVILLE, NY  14221
(GROSS)                                (631) 667-8200

                              DESCRIPTION                    AMOUNT

CASE NUMBER: 203211 301/10 MSJ
  PLAINTIFF: BAC HOME LOANS SERVICING LP
  DEFENDANT: ASHMEEN MODIKHAN


WT @ 203211
RECIPIENT: ASHMEEN MODIKHAN
DOS 12/13/17   SUBMIT MSJ AND ORDER OF    SERVICE FEE          10.00
               REFERENCE.
                                                          ------------
                      INVOICE TOTAL                          10.00

P - PERSONAL       A - ATTEMPTED          F - FILING
R - RELOCATION     O - OUT OF AREA        AF - ADVANCED FOR FILING
W - WAITING TIME   E - EXPEDITE           SS - SECRETARY STATE
I - INVESTIGATION  D - DUE DILIGENCE FOR PUBLICATION

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 610 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/11/2022

Threshold Land Inc.*

584 Main Street
Islip, NY 11751
Telephone (631) 224-1345
Fax ( 631) 224-5129

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/28/2009 | 54412 |

**Bill To**

Rosicki, Rosicki & Assocs.
Attn: Foreclosure
51 E Bethpage Rd
Plainview, NY 11803

| Title No. | Customer No. | Terms | Caption |
|-----------|--------------|-------|---------|
| | 09-117526 | Net 30 | Modikhan |

| Description | Service | Amount |
|-------------|---------|--------|
| 8710 149th Ave. | Fannie Mae Foreclosure Search | 250.00 |

| | Total | $250.00 |
|--|-------|---------|

*EFFECTIVE JANUARY 1, 2010, WE WILL HAVE A NEW NAME:
PARAMOUNT LAND, INC. *

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 611 of 863 PageID #: 1366

**Enterprise Process Service, Inc.**
152 Islip Avenue
Suite 18
Islip, New York 11751
631-224-1334

January 22, 2010

Rosicki, Rosicki & Associates - Plainview
51 East Bethpage Road
Plainview, NY 11803
516-741-2585

Req #: 09-117526-FC
Case #: 301/10
Ref #: 09-117526
Sequence: Service of S&C

Invoice #: 22324
Invoice Date: 01/22/2010
Due Date: 02/22/2010

| Date | Item | Amount |
|---|---|---|
| 01/06/2010 | Attempted Service - MODIKHAN, ASHMEEN - 9422 Magnolia Ct, APT 1B, Ozone Park, NY 11417 | $50.00 |
| 01/08/2010 | S/C recd/Prelim Completed/S/C Filed - Summons and Complaint | $40.00 |
| 01/07/2010 | Municipal Service - NYC PVB - NYC TAB - NYC ECB | $225.00 |
| 01/07/2010 | NYS Department of Taxation & Finance Service | $75.00 |
| 01/07/2010 | Out of State Service - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. | $95.00 |
| 01/08/2010 | Service - Additional Doe - BOARD OF MANAGERS OF THE PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2 | $75.00 |
| 01/08/2010 | Service - Additional Doe - JOHN MODIKHAN (FIRST NAME REFUSED) SUED HEREIN AS JOHN DOE NO. 1 | $75.00 |
| 01/08/2010 | Service on Main Defendant - MODIKHAN, ASHMEEN - 8710 149TH AVENUE, APT. 5N, HOWARD BEACH, NY 11414 | $125.00 |
| 01/08/2010 | Service - Additional Doe - Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc. C/O CT CORPORATION SYSTEM | $75.00 |
| 01/22/2010 | Affidavit Filing Fee | $40.00 |

**Invoice Total** $875.00

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM

INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 PM

INDEX NO. 705854/2021

NYSCEF DOC. NO. 25

RECEIVED NYSCEF: 10/11/2022

RECEIVED NYSCEF: 10/11/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 614 of 863 PageID
#: 1211

| State of New York | SUPREME | Court | County of QUEENS |
|---|---|---|---|

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

Cost of Plaintiff

Plaintiff,

Year

VS.

**ASHMEEN MODIKHAN, et al.**

# ALLCOUNTY

Defendant(s).

*Attorney for*

**Plaintiff**    fax (716)204-1702

**NOT FOR SERVICE**

*Office, Post Office Address and Telephone*
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

Personal Service of the within hereon endorsed, is admitted this        day of                , 20        ,and of the notice (if any)

Attorney(s) for

Sir:--Please taken notice      **NOTICE OF ENTRY**
that an       of which the within is a copy, was duly granted in the
within entitled action on the        day of        ; 20        , and duly entered in the office of the Clerk
of the County of        on the        day of        , 20
To       **GROSS POLOWY, LLC**
Attorney(s) for       *Attorney for*

Sir:--Please taken notice      **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the        day of                , 20
To       **GROSS POLOWY, LLC**
Attorney(s) for       *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS      SS.:      **AFFIDAVIT OF SERVICE BY MAIL**

being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On        , 20        , deponent served the within
upon
attorney(s) for        in this action, at
the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this        day of                , 20

Notary Public, Commissioner of Deeds

FILED: QUEENS COUNTY CLERK 10/11/2022 05:24 AM
NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 10/11/2022

Case 1:23-cv-02075-PKC-LB   Document 5-1   Filed 01/05/23   Page 616 of 863 PageID

# EXHIBIT

# "J"

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 25    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 12/06/23    RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM    Page 617 of 863 PageID #: 4/2021
NYSCEF DOC. NO. 25    #4344    RECEIVED NYSCEF: 10/11/2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In Re:                                          **NOTICE OF APPEARANCE**

Ashmeen Modikhan                                Case No.: 19-46591-ess
                                                (Chapter 13)
                      Debtor.
                                                Assigned to:
                                                Hon. Elizabeth S. Stong
                                                Bankruptcy Judge

PLEASE TAKE NOTICE, that the undersigned hereby appears on behalf of Rushmore Loan Management Services, LLC in the within proceeding with regard to its interest in the property known as 9422 Magnolia Court #1B, Ozone Park, NY 11417.

Please send copies of all Notices and all papers filed in the case to the undersigned. Further, please add our firm to the mailing matrix.

DATED:    November 26, 2019
          Williamsville, New York

                                        Yours,
                                        GROSS POLOWY, LLC
                                        Attorneys for Rushmore Loan Management Services, LLC


                                        _Courtney R. William_


                                        Courtney R Williams, Esq.
                                        Gross Polowy, LLC
                                        1775 Wehrle Drive, Suite 100
                                        Williamsville, NY 14221
                                        Telephone (716)204-1700

TO:

By ECF:

Clerk, United States Bankruptcy Court
Eastern District Of New York

Darren Aronow, Esq.         Attorney for Debtor

Marianne DeRosa, Esq.       Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:                                    Hearing Date: January 6, 2020
                                          Hearing time: 9:00 a.m.
ASHMEEN MODIKHAN
      Debtor.                              Case No.: 1-19-46591-ess
                                          Chapter 13
                                          Judge: Elizabeth S. Stong

## OBJECTION TO CONFIRMATION

    Courtney R Williams, Esq., an attorney duly admitted to practice before the United States Bankruptcy Court for the Eastern District of New York, states the following under the penalty of perjury:

    1.     I am an attorney at law duly licensed to practice before this Court and an associate with the office of Gross Polowy, LLC, attorneys for Rushmore Loan Management Services, LLC as servicing agent for MTGLQ Investors, LP ("Secured Creditor"), and as such, am fully familiar with the facts and circumstances of the present case.

    2.     Secured Creditor is the holder of a note secured by a mortgage on real property commonly known as 9422 Magnolia Court #1B, Ozone Park, NY 11417 which property is owned by the Debtor.

    3.     The Debtor filed a Chapter 13 Plan on November 27, 2019 which does not state the arrears owed Secured Creditor.

    4.     Secured Creditor will file a Proof of Claim listing approximately $357,681.94 in pre-petition arrears.

    5.     The Debtor's proposed Chapter 13 Plan requests Loss Mitigation and the Court entered a Loss Mitigation Order, however the parties have not yet reached a resolution.

    6.     The Debtor's proposed Chapter 13 Plan provides for total plan payments in the amount of $288,000.00, which is insufficient to fully pay the arrears owed to Secured Creditor if loss mitigation is unsuccessful.

    7.     As the Debtor's proposed plan fails to provide for full payment of the arrears listed in the Proof of Claim to be filed by Secured Creditor and fails to provide for sufficient funds to be paid into the Plan if loss mitigation is unsuccessful, confirmation of the Plan must be denied pursuant to 11 U.S.C. §1325.

WHEREFORE, it is respectfully requested that this Court deny confirmation of the Debtor's

proposed plan, and for such other and further relief as to this Court deems just and equitable.

Courtney R Williams, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**AFFIDAVIT OF SERVICE**

In Re:

Ashmeen Modikhan

        Debtor

Case No.: 19-46591-ess
(Chapter 13)

Assigned to:
Hon. Elizabeth S. Stong
Bankruptcy Judge

STATE OF NEW YORK     )
COUNTY OF ERIE       ) SS:
CITY OF BUFFALO     )

      Gabriella E. McLaughlin, being duly sworn, deposes and says that she is over eighteen years of age and

resides in the Village of North Collins, New York.

      That on December 24, 2019, deponent served the within Objection to Confirmation by depositing a true

copy thereof, properly enclosed in a securely closed and duly post paid wrapper in a depository regularly

maintained by the United States Postal Service in the City of Buffalo, New York, directed as follows:

Ashmeen Modikhan            Debtor
94-22 Magnolia Uint 1B
Ozone Park, NY 11417

Darren Aronow, Esq.           Debtor Attorney
20 Crossways Park Drive N., Suite 210
Woodbury, NY 11797-2007

Marianne DeRosa             Chapter 13 Trustee
100 Jericho Quadrangle, Ste 127
Jericho, NY 11753

U.S. Trustee               U.S. Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, NY 11201

Gabriella E. McLaughlin
Legal Assistant I

Sworn to before me this 24th day
of December, 2019.

Dawn M Peters
Notary Public

Dawn M Peters
Notary Public, State of New York
Certified in Erie County
License No. 01PE6277388
My Commission Expires March 4, 20__

21

Case 1:22-cv-07716-PKC-LB   Document 33-1   Filed 11/05/23   Page 621 of 863 PageID #: 1018

FILED: QUEENS COUNTY CLERK 10/11/2022 05:24 AM INDEX NO. 705854/2021

NYSCEF DOC. NO. 23

RECEIVED NYSCEF: 10/11/2022

# EXHIBIT "K"

Case 1-22-cv-07175-EK-CLP   Document 5-1   Filed 11/05/23   Page 622 of 863 PageID #: 1928

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

IN RE:                                      :    CASE NO.: 19-46591-ess
                                            :
Ashmeen Modikhan,                           :    CHAPTER: 13
                                            :
Debtor.                                     :    **NOTICE OF APPEARANCE**
                                            :
                                            :    HON. JUDGE: Elizabeth S. Stong
                                            :
                                            :
                                            :
                                            :

-------------------------------------------------------------X

    **PLEASE TAKE NOTICE** that the undersigned hereby appears in the above-captioned Chapter 13 case on behalf of Rushmore Loan Management Services, LLC, as servicer for U.S. Bank Trust National Association, as Trustee of Dwelling Series IV Trust, and hereby requests that all notices given or required to be given in these cases, and all papers served or required to be served in these cases, be given to and served upon the following:

> FRIEDMAN VARTOLO, LLP
> Attorneys for Rushmore Loan Management
> Services, LLC, as servicer for U.S. Bank Trust
> National Association, as Trustee of Dwelling Series
> IV Trust
> 1325 Franklin Avenue, Suite 160
> Garden City, NY 11530
> bankruptcy@FriedmanVartolo.com

    **PLEASE TAKE FURTHER NOTICE** that the foregoing demand includes all pleadings of any kind including, without limitation, all notices, motions, complaints and orders, whether written or oral, formal or informal, however transmitted, related in any way to the debtor, its property or its estates. The persons listed above request that their names and addresses be added to the mailing matrix.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 623 of 863 PageID #:

**PLEASE TAKE FURTHER NOTICE** that neither this Notice of Appearance and Demand for Service of Papers nor any later appearance, pleading, proof of claim, claim, or suit shall constitute a waiver of (i) the right to have final orders in non-core matters entered only after de novo review by a District Judge, (ii) the right to trial by jury in any proceeding triable in this case or any case, controversy, or proceeding related to this case, (iii) the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, (iv) any objection to the jurisdiction or venue of this Court for any purpose other than with respect to this Notice, (v) an election of remedy, or (vi) any other right, claim, defense, setoff, or recoupment, in law or in equity, under any agreement, all of which are expressly waived.

Dated: February 24, 2021
Fresh Meadows, New York

By: /s/ Katherine Heidbrink
Katherine Heidbrink, Esq.
FRIEDMAN VARTOLO, LLP
Attorneys for Rushmore Loan Management
Services, LLC, as servicer for U.S. Bank Trust
National Association, as Trustee of Dwelling Series
IV Trust
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
bankruptcy@FriedmanVartolo.com
T: (212) 471-5100
F: (212) 471-5150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

IN RE:                          : CASE NO.: 19-46591-ess

Ashmeen Modikhan,               : CHAPTER: 13

Debtor.                         : **NOTICE OF APPEARANCE**

                                : HON. JUDGE: Elizabeth S. Stong

------------------------------------------------------X

### CERTIFICATE OF SERVICE

I, Katherine Heidbrink, certify that on February 24, 2021 I caused to be served a true copy of the annexed NOTICE OF APPEARANCE by mailing by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service addressed to the last known address of the addressee, and the property address as indicated on the attached Service List annexed hereto.

By: /s/ Katherine Heidbrink

FRIEDMAN VARTOLO LLP

1325 Franklin Avenue, Suite 160

Garden City, NY 11530

T: (212) 471-5100

F: (212) 471-5150

FILED: QUEENS COUNTY CLERK 10/11/2022 05:22 AM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 23
RECEIVED NYSCEF: 10/11/2022

## SERVICE LIST

Ashmeen Modikhan
94-22 Magnolia Court
Unit 1B
Ozone Park, NY 11417
**Pro Se Debtor**

Marianne DeRosa
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753
**Trustee**

Office of the United States Trustee
Eastern District of NY (Brooklyn Office)
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
**U.S. Trustee**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 626 of 863 PageID #: 1323

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                                    Plaintiff,

         -against-

ASHMEEN MODIKHAN; et al.,

                                 Defendants
-------------------------------------------------------------------------x

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

STATE OF NEW YORK         )
                                ) ss:
COUNTY OF NASSAU        )

TRISTAN VILLANUEVA, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in NASSAU County, New York.

On October 11, 2022, I served a true copy of the annexed **NOTICE OF RETURN AND REJECTION** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

                                                TRISTAN VILLANUEVA

Sworn To Before Me This
11ᵗʰ day of October, 2022

Notary Public

JENNIFER BURKE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU6203256
Qualified in Nassau County
Commission Expires March 30, 2025

Case Number: 211697-3

338 of 573

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 627 of 863 PageID #: 1324

FILED: QUEENS COUNTY CLERK 10/13/2022 12:48 PM
NYSCEF DOC. NO. 30
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/13/2022

**Instructions: Fill in the Names of the Parties and the Index Number. Complete the blank spaces next to the instructions printed in bold type. PRINT AND USE BLACK INK ONLY. SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC.**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____x

*US BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST*

**[FILL IN NAME(S)]        Plaintiff(s)**

Index Number
*301/2010*
*705854/2021*

V.

**EMERGENCY AFFIDAVIT**

*ASHMEEN MODIKHAN, et al*

**[FILL IN NAME(S)]        Defendant(s)**

_____x

I *ASHMEEN MODIKHAN* **[INSERT YOUR NAME] am the plaintiff/defendant [CIRCLE ONE]** in the above-named action/special proceeding **[CIRCLE ONE].** I request immediate judicial review of my *ORDER TO SHOW CAUSE*

_____ **[INSERT DESCRIPTION OF PAPERS YOU ARE SUBMITTING, e.g., ORDER TO SHOW CAUSE]** on the following grounds (reasons) **[INSERT BELOW A BRIEF EXPLANATION OF WHY YOU NEED EMERGENCY OR IMMEDIATE RELIEF. DO NOT DISCUSS THE LEGAL MERITS (BASIS) OF YOUR CLAIM].** *By Rosicki, Rosicki & Associates*

1. *SUMMON & COMPLAINT FILED, JANUARY 06, 2010 & WAS NEVER SERVED*

2. *ROSICKI ROSICKI & ASSOCIATES WAS FOUND GUILTY OF MULTIPLE FRAUDULENT CRIMES COMMITTED BETWEEN 2009-2018 IN (UNITED STATES ex rel Grubea v. Rosicki, Rosicki & Assoc., 12-CV-7199)*

3. *THIS COURT HAS BEEN MISLED I HAVE BEEN SUBJECTED TO A LOT OF HARM AS I*

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 628 of 863 PageID #: 1325

I TRIED TO PURSUE JUSTICE AND PROTECT MY PROPERTY
MY FAMILY MEMBERS HAVE ALSO BEEN SUBJECT TO THIS WRONGFUL
CAUSING FINANCIAL, MENTAL AND EMOTIONAL DISTRESS
PLEASE SEE ATTACHED

**[SIGN YOUR NAME IN THE PRESENCE OF A NOTARY PUBLIC]**

_Ashmeen Modikhan_

**[PRINT YOUR NAME]**

Sworn to before me on
this 13th day of October, 2022.

_Susan Loughlin_
Notary Public

SUSAN LOUGHLIN
Notary Public - State of New York
No. 04LO6430887
Qualified in Queens County
Commission Expires March 21, 2026

2



**FRIEDMAN VARTOLO**
— L L P —

1325 Franklin Avenue, Suite 230, Garden City, NY 11530
T: 212.471.5100 F: 212.471.5150
friedmanvartolo.com

October 13, 2022

VIA NYSCEF

Hon. Martin J. Schulman
Queens County Supreme Court
88-11 Sutphin Boulevard
Jamaica, New York 11435

     **Re:**   *US Bank NA as Legal Title Trustee for Truman 2016 SC6 Title Trust*
         *v. Ashmeen Modikhan, et al.,* NYSCEF Index No.: 705854/2021 (301/2010)
         Property: 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11417

Your Honor:

     This office represents Plaintiff in the above-referenced matter. Please allow this letter to serve as Plaintiff's response to the proposed Order to Show Cause of defendant, Ashmeen Modikhan ("Defendant"). Plaintiff respectfully requests that the Court decline to execute the proposed Order to Show Cause. and allow the foreclosure sale, currently scheduled for tomorrow afternoon, October 14, 2022 at 12:30 p.m., to proceed.

     Initially, to the extent that Defendant intends this application as a means of staying the sale scheduled for tomorrow, October 14, 2022, of the subject property, Defendant failed to give Plaintiff notice of her intent to seek a temporary stay of this action in compliance with 22 NYCRR 202.7(f) (requiring notification "time, date and place that the application will be made"). Plaintiff did not become aware of this application until less than an hour ago and even then, Defendant merely stated that she would "be in the court after 2pm." **Exhibit A**

     Defendant should nevertheless not be permitted to continue to delay Plaintiff in the prosecution of this action. Defendant defaulted on her mortgage by failing to make the installment payment that became due on April 1, 2009. This foreclosure action was commenced in 2010. Defendant interposed an answer in February 2010 and had assistance of counsel, yet failed to oppose Plaintiff's Motion for Summary/Default Judgment and Order of Reference and Motion for Judgment of Foreclosure and Sale. During the pendency of this foreclosure action, Defendant has filed three bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

NYSCEF DOC. NO. 67    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 630 of 863 PageID RECEIVED NYSCEF: 12/07/2022

#: 1327

New York.[1] Defendant's multiple bankruptcy filing were brought simply to delay this action and the sale of the property. Similarly, this untimely application is merely a last-ditch attempt to unjustifiably delay the completion of this mortgage foreclosure action on the eve of sale.

To the extent that Defendant seeks to challenge the Judgment of Foreclosure and Sale, such application is untimely. Defendant was served with notice of entry of the Judgment of Foreclosure and Sale on June 6, 2019 (see **Exhibit C**).[2] It has thus been over three years since Defendant became aware of the Judgment, and accordingly vacatur pursuant to CPLR 317 (a party "who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment") is not available to Defendant. *Rockland Bakery, Inc. v. B.M. Baking Co.*, 83 A.D.3d 1080, 1081 (2d Dept. 2011). Similarly, to obtain vacatur of a default judgment under CPLR 5015(a)(1), the moving party must move "within one year after service of a copy of the judgment." *Id.* at 1082.

Moreover, because Defendant's instant motion comes over three years after she became aware of the Judgment, the "combination of inexcusable delay and detriment to other parties requires application of the doctrine of laches." *Hudson City Sav. Bank v. Hossain*, 181 A.D.3d 572, 575 (2d Dept. 2020).

Defendant already has a motion to vacate and dismiss pending in this action, wherein she puts forth the same frivolous and meritless arguments as she does now in her Order to Show Cause. Despite reappearing in this action in March 2022 when she filed her "jurisdictional challenge", (NYSCEF Doc.8), Defendant waited another six months (September 20, 2022) to move to vacate and dismiss the action.[3] Now, almost a month after filing her Motion, Defendant now come to the court on the eve of sale seeking injunctive relief.

Neither in her pending motion nor now does Defendant sets forth a legal basis to vacate the Judgment of Foreclosure and/or to stay the foreclosure sale. Defendant's frivolous and wholly meritless arguments are irrelevant and insufficient to warrant vacatur of the Judgment of Foreclosure and Sale, which is final as to all questions at issue between the parties and concludes all matters of defense which were or could have been litigated in the foreclosure action. *Signature Bank v. Epstein*, 95 A.D.3d 1199, 1200 (2d Dept. 2012), quoting *Long Is. Sav. Bank v. Mihalios*, 269 A.D.2d 502, 503 (2d Dept. 2000).

Finally, it is well settled that in order for the Court to grant injunctive relief, the moving party is required to demonstrate: (1) the probability of success; (2) that irreparable harm will occur in the absence of an injunction; and (3) the balancing of equities in favor of the moving party. *Aetna Insurance Company v. Capasso*, 75 N.Y.2d 860 (1990). Defendant has failed to make such a showing and establish her entitlement to any injunctive relief.

---

[1] Defendant has filed three bankruptcy petitions in the U.S. Bankruptcy Court, EDNY during the pendency of this action. The first was filed June 28, 2012 (Ch. 7 Case no. 12-44750; discharged October 10, 2012). A second Chapter 7 was filed July 9, 2019 (Case no. 19-44172, dismissed August 26, 2019). Finally, Defendant filed for Chapter 13 protection on October 31, 2019 (19-46591). This case remains active but and Plaintiff was granted a relief of stay November 21, 2021 (which Defendant did not oppose). See **Exhibit B**

[2] Defendant admits in her pending motion that she "was advised by her counsel Iandolo to file for bankruptcy protection after the default judgment [of foreclosure and sale] was entered." See NYSCEF Doc. 14, ¶¶48-49

[3] Defendant's motion was marked fully submitted on October 6, 2022.

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 631 of 863 PageID #: 1328

Defendant's application is patently frivolous and sets forth no basis to further delay this action. Accordingly, Plaintiff requests that the Court decline to execute the proposed Order to Show Cause, and allow the October 14, 2022 foreclosure sale to go forward.

Respectfully submitted,

Patricia M. Lattanzio, Esq.
Friedman Vartolo, LLP
T: (212) 471-5100
E: plattanzio@friedmanvartolo.com

Cc:
Ashmeen Modikhan
Via email: aakl123@aol.com

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 632 of 863 PageID #: 1329

# Exhibit A

| From: | Ashmeen |
| To: | Patricia Lattanzio |
| Cc: | appearance@friedmanvartolo.com; nyforeclosures |
| Subject: | Index No: 301/2010 E-File No: 705854/2021 - ORDER TO SHOW CAUSE FOR NOTICE OF SALE SCHEDULE FOR OCTOBER 14 2022 |
| Date: | Thursday, October 13, 2022 1:03:32 PM |

Dear Ms. Lattanzio,

I am emailing to advise that I am going to file an emergency order to show cause to stay the sale.

This was a wrongful foreclosure initiated by Rosicki, Rosicki & Associates which entails the court being misled.

I will be in the court after 2pm.

Regards,

Ashmeen Modikhan

**Warning** - This message has arrived from outside the organization. Please use caution when reviewing links and do not open any attachments which you do not recognize!

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 634 of 863 PageID #: 1331

# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

Ashmeen Modikhan

                              Debtor(s).

ORDER

CASE #: 1-19-46591-jmm
CHAPTER 7

## ORDER PURSUANT TO 11 U.S.C. § 362(d) TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362(a)

Upon the motion dated January 27, 2020 of Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust **[ECF No. 49] (JMM)** ("Secured Creditor"), for an order pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") vacating the automatic stay to allow the Secured Creditor enforcement of its rights in and remedies in and to 8710 149th Avenue, Howard Beach, NY 11414 ("Property"),  this Court, having considered the evidence presented an the arguments of the parties and with good cause appearing therefor; **and upon the full record of this case; and for the reasons set forth in this Court's decision [ECF No. 264] (JMM)**; it is hereby

**ORDERED** that the automatic stay is hereby terminated pursuant to Bankruptcy Code Section 362(d) to allow Secured Creditor to pursue its rights under applicable laws with respect to the property located property located at 8710 149th Avenue, Howard Beach, NY 11414; and it is further

**ORDERED** that the Chapter 7 Trustee shall be served with a copy of the Referee's Report of Sale within thirty (30) days of the Report [if applicable] and shall be noticed with any surplus monies realized from the sale of the Collateral.

**Dated: Brooklyn, New York**
**November 21, 2021**

Jil Mazer-Marino
**United States Bankruptcy Judge**

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 636 of 863 PageID #: 1333

# Exhibit C

Case 1:24-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 637 of 863 PageID #: 1334

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
--------------------------------------------------------------X
US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

             Plaintiff,

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN


             Defendant(s).
--------------------------------------------------------------X

**NOTICE OF ENTRY**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

     **PLEASE TAKE NOTICE**, that the within is a true copy of the Order Confirming Referee Report and Judgment of Foreclosure and Sale entered in the Office of the Clerk of the County of Queens on April 26, 2019.

DATED:    May _31_, 2019
          Williamsville, New York

By: _____
          Matthew A Kielich, Esq
          **GROSS POLOWY, LLC**
          Attorneys for Plaintiff
          1775 Wehrle Drive, Suite 100
          Williamsville, NY 14221
          Telephone: (716)204-1700
          Facsimile: (716)204-1702
          (Facsimile not for service)

TO:

*See attached sheet*

FILED

JUN 1 1 2019

COUNTY CLERK
QUEENS COUNTY

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 638 of 863 PageID #: 1335

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers of The Patchogue Home Corp. Condominium No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO 3]                                    Page 1 of 19

Part 29

SEQUENCE NO. **3**

At an I.A.S. Term of the Supreme Court of
the County of Queens held in the Queens
Supreme Court in the city of Jamaica, New
York on the **5th** day of
**April** , 20 **19** .

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

-----------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

             **Plaintiff**

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

           **Defendant(s)**

**ORDER CONFIRMING REFEREE
REPORT AND JUDGMENT OF
FORECLOSURE AND SALE**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

**FILED & RECORDED**

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

-----------------------------------------------------X

**UPON** the Summons, Complaint, and Notice of Pendency filed in this action on January
and Notice of Pendency
refiled April 18, 2017
6, 2010, the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23,

2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure

Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017,

together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of

Foreclosure and Sale; and

    **UPON** proof that each of the defendants herein was served with the Summons and

Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

Printed: 3/13/2019

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that

more than the legally required number of days elapsed since defendants MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE

HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND

FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY

ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS

BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or

appeared; and Plaintiff having established to the Court's satisfaction that a judgment against

defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

UPON proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS

OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE

ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE

HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND

FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY

ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS

BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the

bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged

property can be sold in parcels; and

UPON reading and filing the Report of Morton Povman, Esq. dated July 18, 2018,

showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged

property may not be sold in parcels; and

2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021

NYSCEF DOC. NO. 547     Case 1:22-cv-07475-PKC-LB     Document 5-1     Filed 01/05/23     Page 641 of 863 PageID     RECEIVED NYSCEF: 10/13/2022
                                                                        #: 1338                                                        Page 3 of 19

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)

UPON proof of due notice of this motion upon all parties entitled to receive same, and

upon all the prior proceedings and papers filed herein;   *and upon reading and filing the decision of the Court*
*dated October 19, 2018;*

NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby
*without opposition*

ORDERED, ~~ADJUDGED AND DECREED~~; that the motion is granted; and it is further
*of Morton Povman*

ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same *dated July 18, 2018*

is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in

the complaint and as hereafter described, or such part thereof as may be sufficient to discharge

the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL

be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the
*Supreme*

Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin

Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton

Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is

appointed Referee for that purpose; that said Referee give public notice of the time and place of

sale in accordance with RPAPL § 231 in *The Queens Daily Eagle*; and it is further

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the

referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22

NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from

Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if

the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule,

the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from

accepting or retaining any funds for him/herself or paying funds to him/herself without

3

Printed: 5/13/2019

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 147    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 642 of 862 PageID    RECEIVED NYSCEF: 10/13/2021
                                                                    #: 1339                               Page 4 of 19

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED AND DECREED, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

ORDERED, ADJUDGED AND DECREED, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall then deposit the

4

Printed: 5/13/2019

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021

NYSCEF DOC. NO. 347    Case 1:23-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 643 of 863 PageID   RECEIVED NYSCEF: 10/13/2022
                                                      #: 1340                                                     Page 5 of 10

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEO NO. 3]

down payment and proceeds of sale, as necessary, in *Signature Bank 89-36 Sutphin* in his/her own name as Referee, in accordance with CPLR § 2609; and it is further

**ORDERED, ADJUDGED AND DECREED,** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in *Signature Bank 89-36 Sutphin* and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows:

5

Printed: 5/13/2019

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)
301/2010 RECEIVED PAPERS filed 10/29/2018

Page 6 of 19
Page 6 of 11

Add'l.
Re +
Fee

JSC

**FIRST**: The Referee's statutory fees for conducting the sale, in
$750.00
accordance with CPLR § 8003(b), not to exceed $500.00 unless the property sells
for $50,000.00 or more OR. In the event a sale was cancelled or postponed,
Plaintiff shall compensate the Referee in the sum of $250.00 for each
adjournment or cancellation, unless the Referee caused the delay;

**SECOND**: All taxes, assessments and water rates that are liens upon the
property and monies necessary to redeem the property from any sales for unpaid
taxes, assessments, or water rates that have not apparently become absolute, and
any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be
responsible for interest and penalties due on any real property taxes accruing after
the sale. The Referee shall not be responsible for the payment of penalties or fees
pursuant to this appointment. The purchaser shall hold the Referee harmless from
any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown
on the bills presented and certified by said Referee to be correct, duplicate copies
of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the
following:

**Amount Due per Referee's Report. $293,876.51** with interest at the note
rate from March 01, 2009 to December 07, 2017, together with any advances as
provided for in the note and mortgage which Plaintiff has made for taxes,
insurance, principal, and interest, and any other charges due to prior mortgages or
to maintain the property pending consummation of this foreclosure sale, not

6

Printed 3/25/2019
Printed: 5/13/2019

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 645 of 863 PageID #: 1342

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)    Page 7 of 19

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

**Costs and Disbursements.** $ 1962.44 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

**Additional Allowance.** $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Atty Fees

**Attorney Fees.** $ 4,950.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

**FIFTH:** Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED, that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED, that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

Printed: 5/13/2019

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 647 of 863 PageID #: 1344

331/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]    Page 9 of 10

Referee's deed in accordance with CPLR § 308; and it is further

ORDERED, ADJUDGED AND DECREED, that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED, that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ ^Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED, that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED, that, when the Referee files a report of

9

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021

NYSCEF DOC. NO. 347          Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 648 of 863 PageID   RECEIVED NYSCEF: 10/13/2021
                                                          #: 1345                                           Page 10 of 19

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED,** that to ensure compliance herewith, Plaintiff shall file a written report with the Court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY 11414.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER,

~~DATED:~~

~~JAMAICA, NEW YORK~~

_____
HON. MARTIN J. SCHULMAN
JUSTICE OF THE SUPREME COURT

_____
CLERK

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

ENTERED

APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

Printed: 5/13/2019

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 649 of 863 PageID #: 1346

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X
US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

               Plaintiff,

vs

ASHMEEN MODIKHAN, ET AL

               Defendant(s).

-----------------------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10     149TH     AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

Dylan Kowalski, being duly sworn, deposes and states as follows:

    That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

    That on June 6, 2019, Deponent served a true copy of the Notice of Entry for the Order Confirming Referee Report and Judgment of Foreclosure and Sale on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below.

    The foregoing statements are true, under penalty of perjury.

                         Dylan Kowalski
                         Legal Assistant

Sworn to before me this June 6, 2019.

Joyce B. Kelly
Notary Public

JOYCE B KELLY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires July 08, 20 19

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 650 of 863 PageID #: 1347

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers<br>of The Patchogue Home Corp. Condominium<br>No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

| State of New York | SUPREME | Court | County of QUEENS |
|---|---|---|---|

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

Plaintiff,

**Notice of Entry**

Year

VS.

**ASHMEEN MODIKHAN**, et al.

Defendant(s).

*Attorney for*

**Plaintiff**          fax (716)204-1702
          **NOT FOR SERVICE**

*Office, Post Office Address and Telephone*
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

Personal Service of the within                    ,and of the notice (if any)
hereon endorsed, is admitted this        day of            , 20

-------------------------------------------------
Attorney(s) for

Sir:--Please taken notice          **NOTICE OF ENTRY**
that an                    of which the within is a copy, was duly granted in the
within entitled action on the      day of        , 20  ´, and duly entered in the office of the Clerk
of the County of          on the        day of      , 20
To                    **GROSS POLOWY, LLC**
Attorney(s) for                *Attorney for*

Sir:--Please taken notice          **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the        day of          , 20
To                    **GROSS POLOWY, LLC**
Attorney(s) for                *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS        SS.:        **AFFIDAVIT OF SERVICE BY MAIL**

          being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On        , 20        , deponent served the within
upon
attorney(s) for          in this action, at
          the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this        day of        , 20

_____
Notary Public, Commissioner of Deeds

I, _Morton Povman_____, Esq.,

An attorney licensed in the state of New York and appointed by the Court as Referee

for the foreclosure sale of property known as ___87-10 149th Avenue_

_Unit 5N, Howard Beach, NY_____,

do hereby affirm under penalty of perjury (pursuant to CPLR 2106) that I have

confirmed by personal observation that the "Terms and Conditions of Sale" for the

property listed above, Index Number ___705854/2021_____,

have been posted outside on the Courthouse steps as a condition precedent for going

forward with the sale at auction.

_Morton Povman_____
Name (Printed)

_Morton Povman_____
Signature

_10/14/22_____
Date

## FORECLOSURE AUCTION SURPLUS MONIES FORM

SUPREME COURT OF THE STATE OF NEW YORK
QUEENS COUNTY

-----------------------------------------------------X

US Bank

Plaintiff(s),

-against-

Modikhan

Defendant(s),

-----------------------------------------------------X

Part __29__

Hon. __MARTIN J. Schulman__

Index No __705854/2021__

Date __10/14/22__

**A. To be completed by Court Clerk**

Amount of final judgement of foreclosure: $ __293,876.51__

Upset Price(supplied by bank's representative on day of auction): $ __250,000.00__

Sale price of property: $ __250,000.00__

**B. To be completed by Referee conducting the sale (please print)**

Name: __Morton Povman__    Telephone: __912 4395255__

Address: __147-04 75 Ave Flushing NY 11267__

Signature and Date: __Morton Povman__    __10/14/22__

**C. To be completed by Plaintiff's Representative**

__Suzanne Mango As Agent__
Name (please print)

__201 Old Country Rd__
__Melville ny 11747__
Address

__631 870 1005__
Telephone

__Suzanne Mango As Agent__
Signature and Date

**D. To be completed by purchaser**

__Plaintiff__
Name (please print)

Address

Telephone

Signature and Date

**\*\*Referee must file Report of Sale with County Clerk's Office within thirty days after completing the sale and executing the proper conveyance to the purchaser. If not done so within 90 days of sale, please contact the Foreclosure Department at qscforeclosureauctions@nycourts.gov**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
............................................................X
US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

               Plaintiff

      -against-

ASHMEEN MODIKHAN, et al.,

               Defendants
............................................................X

Index No. 301/2010
      705854/2021

NOTICE OF PENDENCY

Queens County Clerk's Office
Paym 2965533 10/14/2022 3:28p
Cashier DJAGDHAR Register # 1

Tr.3646028                          $35.00
Documents Pay At Court E-file
705854/2021 NOTICE OF PENDENCY

Total:                              $35.00
                                    $35.00

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in

the court named above. The names of the parties to the action are as stated above.

NOTICE IS GIVEN that the Plaintiff in the action seeks to sell the real property

described below, following a default foreclosure judgment.

The real property affected, involved, and brought in question by the action is situate in

Block 11417 and Lot 4513 on the land and tax map of the Borough and County of Queens in the

State of New York and is more fully described as follows:

*87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.*

NOTICE IS FURTHER GIVEN that the Defendant, ASHMEEN MODIKHAN, has

challenged the intended sale of the property. First, there was no statement made in the original

foreclosure complaint that shows that the plaintiff in that case, BAC Home Loans Servicing LP,

had possession of the note. There is also no statement that an officer of the corporation had

possession of the original Note.

There has also been no evidence provided of the Plaintiff(s)' client purchasing the debt

with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any

- 1 -

injured party or aggrieved party bringing this matter into this court.

Lastly, the foreclosure action was wrongfully initiated and prosecuted by Rosicki, Rosicki & Associates, which admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199).

TO: THE CLERK OF THE COUNTY OF QUEENS

You are hereby directed to index the within Notice of Pendency of Action to the names of the Defendant, Ashmeen Modikhan.

Dated: *10/14/2022*

Ashmeen Modikhan
Defendant, In pro per

- 2 -

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this 14th day of October , 2022

_Ashmeen Modikhan_
Ashmeen Modikhan

_Susan Loughlin_
Notary Signature                                      Seal

_____           SUSAN LOUGHLIN
Printed Notary Name                  Notary Public - State of New York
                                              No. 04LO6430887
                                         Qualified in Queens County
                                   Commission Expires March 21, 20 26

My commission expires _____

- 3 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 657 of 863 PageID #: 1354

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/14/2022 03:41 PM
NYSCEF DOC. NO. 38

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/14/2022

SCHEDULE "A" DESCRIPTION

SECTION 50 BLOCK 11417 LOT 4513 ON THE TAX MAP OF QUEENS COUNTY

ALL that certain piece or parcel of real property situate and being a part of a Condominium in the Borough and County of Queens, City and State of New York known and designated as Apartment Unit Number 4513, together with a .57692 percent individual interest in the common elements of the constituting Real Property of the Condominium hereinafter described as the same is defined in tha the Declaration of Condominium hereinafter referred to.

The real property above described is a unit shown on the floor plans of a condominium prepared by Horacek, Schoppe & Haubenreich, Licensed Surveyors of 487 Westbury Avenue, Carle Place, New York and verified by Benjamin Braunstein, A.I.A., Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration of Condominium entitled, "Patchogue Homes Corp. Condominium No. 2" and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Pagw 600 Section 50, Block 11417, covering the property therein described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 151 Avenue (80 feet wide), with the westerly side of 88 Street (60 feet wide);

RUNNING THENCE westerly along the northerly side of 151 Avenue on a curve to the left, having a radius of 880 feet, a distance of 270.43 feet;

THENCE northerly at right angles to the southerly side of 149 Avenue (80 feet wide), 253.93 feet;

THENCE westerly, parallel with the southerly side of 149 Avenue, 40 feet;

THENCE northerly, again at right angles to the southerly side of 149 Avenue, 115 feet to the southerly side of 149 Avenue;

THENCE easterly along the southerly side of 149 Avenue, 280.31 feet tothe westerly end of a curve connecting the southerly side of 149 Avenue and the westerly side of 88 Street (80 feet wide);

THENCE southeasterly on a curve to the right, having a radius of 1835.161 feet and along said curve connecting said Avenue and Street, 27.49 feet to the westerly side of 88 Street; and

THENCE south along the westerly side of 88 Street, 405.14 feet to the corner, the point or place of BEGINNING.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 67 Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 658 of 863 PageID RECEIVED NYSCEF: 12/07/2022
#: 1355

FILED: QUEENS COUNTY CLERK 10/14/2022 03:41 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 38 RECEIVED NYSCEF: 10/14/2022

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF LIS PENDENS will** be served electronically and mailed via **USPS First Class Mail** on Day of October 11, 2022 to the following:

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

- 4 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 659 of 863 PageID
# 1356
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

**Annette Gershovich,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster,**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek,**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman,**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

- 5 -

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 660 of 863 PageID    INDEX NO. 705854/2021
#: 1357    RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/14/2022 03:41 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 38    RECEIVED NYSCEF: 10/14/2022

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org

Respectfully submitted,

Ashmeen Modikhan

10/14/2022
Date

- 6 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

U.S. BANK NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                                    Plaintiff,

        -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC.; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; JOHN MODIKHAN,

                                    Defendants.

---

Index No. 705854/2021

**NOTICE OF MOTION
TO CANCEL *LIS PENDENS*
AND OTHER RELIEF**

**Mortgaged Premises**:
87-10 149th Avenue
Howard Beach, NY 11414

**Block**: 11417
**Lot**: 4513

SIRS:

**PLEASE TAKE NOTICE**, that upon the Affirmation in Support of Franklin K. Chiu,

Esq., dated October 27, 2022, and the exhibits annexed thereto; and upon all the pleadings and

proceedings heretofore had herein, and all the papers filed herein, Plaintiff U.S. BANK

NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE

TRUST, ("Plaintiff"), will move this Court before the Justice assigned at the IAS Part of the

Supreme Court, County of Queens at the Courthouse thereof, located at 88-11 Sutphin Boulevard,

Jamaica, New York 11435, on **November 14, 2022 at 9:30 AM**, or as soon thereafter as counsel

can be heard, for an Order:

1

a) Canceling Defendant ASHMEEN MODIKHAN's Notice of Pendency, filed on October 14, 2022, (NYSCEF Doc. No. 38), pursuant to CPLR § 6514 and the Court's inherent powers;

b) Awarding Plaintiff its costs and expenses occasioned by Defendant's filing and cancellation of her Notice of Pendency, and any costs of the action, pursuant to CPLR § 6514(c);

c) Awarding Plaintiff sanctions, attorney's fees and costs, pursuant to 22 NYCRR § 130-1.1, against Defendant ASHMEEN MODIKHAN for abusing the judicial process by filing, *inter alia*, a frivolous Notice of Pendency; and,

d) Enjoining Defendant ASHMEEN MODIKHAN from filing any further pleadings, motions or notices of pendency in this action without prior written approval of the Court;

together with such other and further relief in favor of Plaintiff as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that pursuant to CPLR § 2214(b), answering papers, if any, are to be served upon the undersigned no later than seven (7) days prior to the return date of the within motion.

Dated: October 27, 2022
New York, New York

Respectfully submitted,

FRIEDMAN VARTOLO LLP

By: *Franklin K. Chiu*
Franklin K. Chiu, Esq.

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

2

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 663 of 863 PageID #: 1360

TO:   J. IANDOLO LAW, P.C.
7621 13th Avenue
Brooklyn, New York 11228
*Attorneys for Defendant Ashmeen Modikhan*

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

3

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 664 of 863 PageID #: 1361

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

U.S. BANK NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Plaintiff,

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.
AS NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC.; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; JOHN MODIKHAN,

Defendants.

Index No. 705854/2021

**AFFIRMATION IN SUPPORT
OF MOTION
TO CANCEL *LIS PENDENS*
AND OTHER RELIEF**

**Mortgaged Premises**:
87-10 149th Avenue
Howard Beach, NY 11414

**Block**: 11417
**Lot**: 4513

Franklin K. Chiu, Esq., an attorney duly admitted to practice law before the Courts of the

State of New York, respectfully affirms the following under penalties of perjury and pursuant to

CPLR § 2106:

1.    I am an associate with Friedman Vartolo LLP, attorneys for Plaintiff U.S. BANK

NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE

TRUST, ("Plaintiff"), in the within foreclosure action and, as such, I am fully familiar with the

facts of this case and the proceedings heretofore had herein based upon a review of the file

maintained by my office.

2.    I respectfully submit this Affirmation in Support of Plaintiff's application for an

Order:

a)   Canceling Defendant ASHMEEN MODIKHAN's, ("Defendant"), Notice of Pendency,

filed on October 14, 2022, (NYSCEF Doc. No. 38), pursuant to CPLR § 6514 and the

Court's inherent powers;

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 665 of 863 PageID #: 1362

b) Awarding Plaintiff its costs and expenses occasioned by Defendant's filing and cancellation of her Notice of Pendency, and any costs of the action, pursuant to CPLR § 6514(c);

c) Awarding Plaintiff sanctions, attorney's fees and costs, pursuant to 22 NYCRR § 130-1.1, against Defendant for abusing the judicial process by filing, *inter alia*, a frivolous Notice of Pendency; and,

d) Enjoining Defendant from filing any further pleadings, motions or notices of pendency in this action without prior written approval of the Court;

together with such other and further relief in favor of Plaintiff as this Court may deem just and proper.

3.      The following exhibits referenced herein are annexed hereto:

| | |
|---|---|
| **Exhibit 1** | Plaintiff's Summons and Complaint, and Notice of Pendency |
| **Exhibit 2** | Pro Se Amended Answer |
| **Exhibit 3** | Reply to Counterclaim |
| **Exhibit 4** | Order restoring action, dated January 5, 2017 |
| **Exhibit 5** | Plaintiff's Successive Notice of Pendency |
| **Exhibit 6** | Summary Judgment Decision, dated January 12, 2018, and Order of Reference, dated June 4, 2018 |
| **Exhibit 7** | Decision, dated October 17, 2018, and Judgment of Foreclosure and Sale, dated April 5, 2019. with Notice of Entry, dated May 31, 2019 |
| **Exhibit 8** | Order Terminating Automatic Stay, dated November 21, 2021 |
| **Exhibit 9** | Defendant's Notice of Discharge of Attorney, filed on December 1, 2020 |
| **Exhibit 10** | Defendant's "Notice of Lis Pendens," filed on October 14, 2022, (NYSCEF Doc. No. 38) |
| **Exhibit 11** | Plaintiff's Good Faith Letter with email and Affidavit of Mailing |

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

4.      On January 6, 2010, Plaintiff's predecessor-in-interest commenced this mortgage foreclosure action involving a Note and Mortgage, dated April 24, 2007, upon real property

2

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 666 of 863 PageID #: 1363

located at 87-10 149th Avenue, Howard Beach, New York 11417, (the "Mortgaged Premises").

Copies of Plaintiff's Summons and Complaint, and Notice of Pendency are annexed hereto as

**Exhibit 1**.[1]

5.　　　Defendant interposed a Pro Se Amended Answer, dated February 15, 2010, and

filed February 17, 2010, including seventeen (17) affirmative defenses and one (1) counterclaim,

of which a copy is annexed hereto as **Exhibit 2**.  On February 25, 2010, Plaintiff filed a Reply to

Counterclaim, of which a copy is annexed hereto as **Exhibit 3**.

6.　　　A foreclosure settlement conference was held on April 28, 2010, whereupon this

matter was not settled and released.

7.　　　On June 28, 2012, Defendant filed her *first* bankruptcy petition in the U.S.

Bankruptcy Court – E.D.N.Y., Ch. 7 Case No. 12-44750; discharged October 10, 2012.

8.　　　Subsequently, this action was dismissed without prejudice by an Order, dated July

23, 2014, but then restored to the Court's active calendar by an Order, dated January 5, 2017, of

which a copy is annexed hereto as **Exhibit 4**.

9.　　　Hence, on April 10, 2017, Plaintiff filed another Notice of Pendency of the within

action, of which a copy is annexed hereto as **Exhibit 5**.

10.　　Then, upon Plaintiff's application without opposition, this Court granted summary

judgment in favor of Plaintiff by a Decision, dated January 12, 2018, upon which this Court

issued an Order of Reference, dated June 4, 2018 and entered with the Queens County Clerk's

Office on June 18, 2018, *inter alia*, striking Defendant's Answer, of which a copy is annexed

hereto as **Exhibit 6**.

11.　　On September 6, 2018, Plaintiff filed its Motion for Judgment of Foreclosure and

Sale, which was also granted without opposition by a Decision, dated October 17, 2018, upon

---

[1]　Subsequently, on March 15, 2021, this matter was converted to electronic filing, and assigned the current 705854/2021 Index No.

Case 1:22-cv-07475-PKC-LB     Document 5-1     Filed 01/05/23     Page 667 of 863 PageID #: 1364

which this Court issued a Judgment of Foreclosure and Sale, dated April 5, 2019, and entered with the Queens County Clerk's Office on April 26, 2019, of which a copy was served upon Defendant with Notice of Entry, dated May 31, 2019. *See* **Exhibit 7** annexed hereto. Defendant did not file an appeal, and her time to do so has long expired.

12.     Then, on July 9, 2019, Defendant filed her *second* bankruptcy petition in the U.S. Bankruptcy Court – E.D.N.Y., Ch. 7 Case No. 19-44172; dismissed on August 26, 2019.

13.     Still, on October 31, 2019, Defendant filed her *third* bankruptcy petition in the U.S. Bankruptcy Court – E.D.N.Y., Ch. 13 Case No. 19-46591, for which Plaintiff obtained relief from stay on November 21, 2021. *See* **Exhibit 8** annexed hereto.

14.     On December 1, 2020, Defendant filed a notarized Notice of Discharge of Attorney, which stated her intent to relieve her counsel of record and to proceed in the action *pro se*. *See* **Exhibit 9** annexed hereto.

15.     Then, on March 17, 2022, Defendant *Pro Se* filed a document to NYSCEF entitled "Jurisdictional Challenge with Affidavit," (NYSCEF Doc. No. 8), which Plaintiff properly rejected, (NYSCEF Doc. No. 10).

16.     On September 15, 2022, Plaintiff filed its Notice of Sale, scheduling a sale on October 14, 2022. *See* NYSCEF Doc. No. 12.

17.     On September 20, 2022, Defendant *Pro Se* filed a Motion "vacating/reversing/staying the auction of the subject premises; vacating/reversing the judgment of foreclosure entered on default against Defendant; and dismissing this foreclosure matter against Defendant," (Mot. Seq. No. 4), which Plaintiff opposed, was fully submitted on October 6, 2022, and is pending a Decision. *See* NYSCEF Doc. Nos. 14 and 17, *et seq.*

18.     On October 4, 2022, Defendant *Pro Se* also filed an "Objection to the Notice of Sale," (NYSCEF Doc. No. 20), regurgitating his previously asserted arguments, which Plaintiff properly rejected, (NYSCEF Doc. No. 21).

19.     On October 11, 2022, Defendant *Pro Se* also filed an "Opposition to Notice of Return and Rejection; and to the Affirmation in Opposition of Defendant's Motion to Vacate and Dismiss," (NYSCEF Doc. No. 25), which Plaintiff properly rejected, *inter alia*, as an untimely reply, (NYSCEF Doc. No. 26).   ·

20.     Then, on October 13, 2022, Defendant *Pro Se* filed a proposed Order to Show Cause to stay the sale, (Mot. Seq. No. 5), (NYSCEF Doc. No. 29, *et seq*.), which Plaintiff opposed, *inter alia*, because Defendant failed to give 202.7(f) notice, (NYSCEF Doc. No. 31, *et seq*.).

21.     Accordingly, the foreclosure sale of the Mortgaged Premises was properly conducted on October 14, 2022. *See* NYSCEF Doc. No. 37.

22.     Subsequently, on October 14, 2022, Defendant *Pro Se* improperly filed her own "Notice of Lis Pendens," (the "Notice of Pendency"), solely reiterating her previously asserted arguments in her pending Motion to Vacate the Judgment of Foreclosure and Sale, (Mot. Seq. No. 4). *See* NYSCEF Doc. No. 38, which is also annexed hereto as **Exhibit 10** for the Court's convenient reference.[2]

23.     Accordingly, Plaintiff sent a good faith letter to Defendant, dated October 20, 2022, demanding that Defendant immediately withdraw and cancel her improperly filed Notice of Pendency in lieu of the instant application, including an application for sanctions, costs and attorney's fees against her for her frivolous conduct, which should be granted in its entirety.  A

---

[2] Contemporaneously, Defendant also filed a similar, frivolous Notice of Pendency in another mortgage foreclosure action, entitled "Nationstar Mortgage LLC v. Ashmeen Modikhan, et al.," Supreme Court, Queens County, Index No. 705175/2021, (*see* NYSCEF Doc. No. 51), for a different property also owned by Defendant, for which the office of the undersigned will also be filing a concurrent Motion to Cancel the Notice of Pendency and other relief in that action.

copy of Plaintiff's Good Faith Letter, a copy of the email to Defendant attaching same, and an Affidavit of Mailing are together annexed hereto as **Exhibit 11**.

24.     To date, Defendant has not responded to Plaintiff's good faith demand, and has not withdrawn or canceled her improper Notice of Pendency.

## **ARGUMENT**

## I.     **DEFENDANT'S IMPROPER NOTICE OF PENDENCY MUST BE CANCELED.**

25.     Defendant's Notice of Pendency, (NYSCEF Doc. No. 38), (*see* Exhibit 10), must be canceled because Defendant does not assert any claim that "would affect the title to, or the possession, use or enjoyment of [the Mortgaged Premises]," as required for a Notice of Pendency under CPLR § 6501. *See Delidimitropoulos v. Karantinidis*, 142 A.D.3d 1038, 1039 (2d Dept. 2016).

26.     "A notice of pendency is an 'extraordinary privilege' which demands 'strict compliance' with applicable statutory requirements." *Old World Custom Homes, Inc. v. Crane*, 33 A.D.3d 600, 600 (2d Dept. 2006) (*quoting Israelson v. Bradley*, 308 N.Y. 511 (1955)) (other citations omitted) (since defendant failed to assert any claim affecting title to, or the possession, use or enjoyment of, the subject property, defendant's notice of pendency was properly canceled).

27.     Indeed, Defendant's sole Counterclaim, which was dismissed when this Court struck Defendant's Answer by the Order of Reference, dated June 4, 2018, (*see* Exhibit 6), also only sought monetary damages. *See* Exhibit 2. *See Rose v. Montt Assets, Inc.*, 250 A.D.2d 451, 452 (1st Dept. 1998) (notice of pendency vacated where filing party seeks only monetary damages).

28.     Moreover, Defendant's Notice of Pendency is defective on its face because it fails to satisfy the content requirements of CPLR § 6511(b), including, *inter alia*, "the names of the

parties to the action, including the name and telephone number of the mortgage servicer for a foreclosing party involving a mortgage foreclosure…, the object of the action…" *See* CPLR § 6511.

29.    Accordingly, Defendant's Notice of Pendency fails to strictly comply with applicable statutory requirements, and must be canceled pursuant to CPLR § 6514(a) and (b).

30.    Furthermore, Defendant's Notice of Pendency is not warranted inasmuch as Plaintiff previously filed its original Notice of Pendency upon commencement of the action on January 6, 2010, (*see* Exhibit 1), as well as a successive Notice of Pendency, filed on April 10, 2017, (*see* Exhibit 5).

31.    Indeed, unlike Plaintiff's Notices of Pendency, Defendant's Notice of Pendency does not give constructive notice of the within action, which is the express intent of CPLR § 6501, but rather, merely reiterates her previously asserted arguments in her pending Motion to Vacate the Judgment of Foreclosure and Sale, (Mot. Seq. No. 4).

32.    Accordingly, it is clear that Defendant's Notice of Pendency was not filed for any legitimate purpose, but rather, solely "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure [Plaintiff]." 22 NYCRR § 130-1.1.

33.    Therefore, this Court must cancel Defendant's Notice of Pendency, filed on October 14, 2022, (NYSCEF Doc. No. 38), pursuant to CPLR § 6514(a) and (b), as well as the Court's inherent powers. *See Nastasi v. Nastasi*, 26 A.D.3d 32 (2d Dept. 2005).

## II.    THIS COURT SHOULD AWARD COSTS AND EXPENSES TO PLAINTIFF.

34.    Pursuant to CPLR § 6514(c), "The court, in an order cancelling a notice of pendency under this section, may direct [the filing party] to pay any costs and expenses occasioned by the filing and cancellation, in addition to any costs of the action."

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 671 of 863 PageID #: 1368

35.     It is within the discretion of the Court to award attorney's fees pursuant to CPLR § 6514(c), however such awards are generally freely given. *See Lake Valhalla Civic Association v. Bmr Funding*, 194 A.D.3d 803 (2d Dept 2021) (movant awarded attorney's fees associated with a CPLR 3211 and CPLR 6514 motion); *Delmaestro v. Marlin*, 168 A.D.3d 813 (2d Dept. 2019) (movant entitled to costs pursuant to CPLR 6514(c) in conjunction with a CPLR 3211 application); *Delidimitropoulos v. Karantinidis*, 142 A.D.3d 1038 (2d Dept. 2016) (movant entitled to costs pursuant to CPLR 6514(c) where a Notice of Pendency was improperly filed).

36.     In fact, subjective bad faith is not required to be shown for a movant under CPLR § 6514 to show entitlement to reimbursement for costs and expenses in relation to that motion. *Knopf v. Sanford*, 132 A.D.3d 416 (1st Dept. 2015).

37.     Additionally, pursuant to 22 NYCRR § 130-1.1, since Defendant's Notice of Pendency is clearly frivolous, and Defendant has continued to engage in frivolous conduct by her failure to withdraw and cancel her frivolous Notice of Pendency, this Court should also exercise its discretion to award Plaintiff "costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from [Defendant's] frivolous conduct." 22 NYCRR § 130-1.1(a). *See Kernisan v. Taylor*, 171 A.D.2d 869. 870 (2d Dept. 1991) ('[t]he intent of that regulatory scheme is to prevent the waste of judicial resources and to deter vexatious litigation and dilatory or malicious litigation tactics").

38.     Indeed, Defendant's Notice of Pendency, filed after the sale, clearly falls within the definition of "frivolous conduct," as defined by 22 NYCRR § 130-1.1(c), which states that:

> For purposes of this Part, conduct is frivolous if:
>
> (1)     it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
> (2)     it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
> (3)     it asserts material factual statements that are false.

8

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 672 of 863 PageID
#: 1369

39.     Here, sanctions are warranted because Defendant's filing of her own Notice of Pendency on October 14, 2022, (NYSCEF Doc. No. 38), was "completely without merit in law and cannot be supported by a reasonable argument for an extension, modification of reversal of existing law."  22 NYCRR § 130-1.1(c)(1).   *See Financial Freedom Acquisition, LLC v. Braunsberg*, 201 A.D.3d 788 (2d Dept. 2022).

40.     Additionally, Defendant's Notice of Pendency was clearly "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure [Plaintiff]." 22 NYCRR § 130-1.1(c)(2).

41.     Furthermore, as previously mentioned, Plaintiff made a good faith effort to bring to Defendant's attention that her filing of the Notice of Pendency was frivolous, yet Defendant has refused to withdraw and cancel same to date.  *See* Exhibit 11.  *See Bartlett v. Tribeca Lending Corp.*, 192 A.D.3d 574 (1st Dept. 2021) ("[s]anctions were also appropriate here, 'given the meritless of plaintiff's allegations and his maintenance of them'") (*citing* 22 NYCRR § 130-1.1(a)); *Delidimitropoulos v. Karantinidis*, 142 A.D.3d 1038, 1039 (2d Dept. 2016).

42.     Therefore, this Court should grant an award of sanctions, attorney's fees and costs to Plaintiff in conjunction with the cancellation of Defendant's Notice of Pendency pursuant to CPLR § 6514(c), and also upon exercise of its discretion pursuant to 22 NYCRR § 130-1.1(c)(2).

### III.     DEFENDANT SHOULD BE BARRED FROM FILING ANY FURTHER APPLICATIONS OR NOTICES HEREIN WITHOUT THE PRIOR CONSENT OF THIS COURT.

43.     Based upon the foregoing, Plaintiff also respectfully requests that this Court should order that Defendant be barred from filing any further applications or notices in this action without the prior consent of this Court, and also directing the Clerk of the Court not to accept any subsequent submissions by Defendant without the prior approval of the Court.

44.     Defendant's Notice of Pendency represents just another step in a long line of

dilatory and obstructive filings designed to unjustifiably frustrate and delay the completion of

this foreclosure action. Having failed to submit a legally meritorious argument despite two (2)

prior applications and three (3) bankruptcies, Defendant filed the subject Notice of Pendency,

after the foreclosure sale, to continue a frivolous campaign of delay.

45.     Accordingly, it is respectfully submitted that, in addition to the award of costs and

expenses to Plaintiff, this Court should also exercise its discretion, pursuant to 22 NYCRR §

130-1.1, by prohibiting Defendant from filing any further applications or notices in this action

without the prior consent of this Court, and also directing the Clerk of the Court not to accept

any subsequent submissions by Defendant without the prior approval of the Court. *See Bartlett

v. Tribeca Lending Corp.*, 192 A.D.3d 574, 575 (1st Dept. 2021) ("[g]iven plaintiff's history of

vexatious litigation, the motion court properly required him to obtain written court approval

before filing or serving any litigation papers…"); *DiSilvio v. Romanelli*, 150 A.D.3d 1078, 1080

(2017) ("where there has been an abuse of judicial process, the court may enjoin a litigant from

further actions or motion practice without prior written approval of the court"); *Breytman v.

Pinnacle Group*, 110 A.D.3d 754, 755 (2d Dept. 2013) ("while public policy mandates free

access to the courts, when a litigant is abusing the judicial process by harassing individuals

solely out of ill will or spite, equity may enjoin such vexatious litigation"); *Fowler v.

Conforti,* 194 A.D.2d 394 (1st Dept. 1993) (parties may be enjoined from further litigation where

they have been found to have engaged in frivolous conduct); *Dimery v Ulster Savings Bank*, 82

A.D.3d 1034 (2d Dept. 2011); *Martin-Trigona v. Capital Cities/ABC, Inc.,* 145 Misc. 2d 405,

546 N.Y.S.2d 910 (Sup. Ct., New York County 1989).

**WHEREFORE**, Your Affirmant prays that the Court grant the relief set forth by Plaintiff in its Notice of Motion in its entirety, together with such other and further relief in favor of Plaintiff as this Court may deem just and proper.

Dated: October 27, 2022
      New York, New York

                                Respectfully submitted,

                                FRIEDMAN VARTOLO LLP

              By:   *Franklin K. Chiu*
                    Franklin K. Chiu, Esq.

                    85 Broad Street, Suite 501
                    New York, New York 10004
                    Telephone: (212) 471-5100
                    *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE
### (Uniform Civil Rules § 202.8-b(c))

Word Count: I certify pursuant to Uniform Civil Rules § 202.8-b that the total number of words in the foregoing affidavit, affirmation, brief or memorandum of law, exclusive of the caption, table of contents, table of authorities, and signature block, is 2,902 words, which complies with the word count limit of 7,000 words (4,200 words on reply) as specified in Uniform Civil Rules § 202.8-b(a).

Dated: October 27, 2022
New York, New York

Respectfully submitted,

FRIEDMAN VARTOLO LLP

By: *Franklin K. Chiu*

Franklin K. Chiu, Esq.

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

12

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 44

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 44

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-02776-PKC-TB   Document 5-1   Filed 01/05/23   Page 676 of 863 PageID #: 1373

# EXHIBIT 1

# EXHIBIT 1

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
Page 677 of 863
#. 1374
RECEIVED NYSCEF: 10/28/2022

301/2010 SUMMONS AND COMPLAINT

Page 1 of 15

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Index No. 301/2010

Plaintiff,

D/O/F:

-against-

**SUMMONS**

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", SAID NAMES BEING
FICTITIOUS, PARTIES INTENDED BEING POSSIBLE TENANTS OR
OCCUPANTS OF PREMISES, AND CORPORATIONS, OTHER
ENTITIES OR PERSONS WHO CLAIM, OR MAY CLAIM, A LIEN
AGAINST THE PREMISES,

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

Defendant(s),

-------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy
of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance
on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the
day of service, where service is made by delivery upon you personally within the State, or within thirty
(30) days after completion of service where service is made in any other manner, and in case of your
failure to appear or answer, judgment will be taken against you by default for the relief demanded in
the complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**
**If you do not respond to this summons and complaint by serving a copy of the answer on the**
**attorney for the mortgage company who filed this foreclosure proceeding against you and filing**
**the answer with the court, a default judgment may be entered and you can lose your home.**
**Speak to an attorney or go to the court where your case is pending for further information on**
**how to answer the summons and protect your property.**
**Sending a payment to your mortgage company will not stop this foreclosure action.**
**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR**
**THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE**
**COURT.**

Printed: 8/19/2016

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM    Page 678 of 863 705854/2021
#:1375

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $186,402.10 consisting of principal balance of $175,141.72 plus interest of $8,330.62, escrow/impound shortages or credits of $1,397.77, late charges of $66.99; Broker's Price Opinion, inspection and miscellaneous charges of $45.00; attorney fee $925.00 and title search $495.00. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except ASHMEEN MODIKHAN : The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: ASHMEEN MODIKHAN : If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM          Page 679 of 863   Page 705854/2021
#. 1376                                               RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-----------------------------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A          Index No.
COUNTRYWIDE HOME LOANS SERVICING LP

                            Plaintiff,          D/O/F:

          -against-                               **COMPLAINT**

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF          Premises Address:
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.       8710 149TH AVENUE
2; MORTGAGE ELECTRONIC REGISTRATION            HOWARD BEACH, NY 11414
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

                       Defendant(s),

-----------------------------------------------------------------x

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s)
alleges, upon information and belief as follows:

    1.    At all times hereinafter mentioned, plaintiff BAC Home Loans Servicing LP f/k/a
Countrywide Home Loans Servicing LP was and still is duly organized and existing under the laws of
the United States of America.

    2.    At all times hereinafter mentioned, the defendants were, and still are, residents,
corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New
York State.

    3.    On or about April 24, 2007, ASHMEEN MODIKHAN executed and delivered to
COUNTRYWIDE HOME LOANS, INC, a note bearing date that day, whereby ASHMEEN
MODIKHAN covenanted and agreed to pay the sum of $179,000.00, with interest on the unpaid
balance thereof, at the rate of 6.37500 percent per annum, to be computed from the date of said note,
by payments of $1,366.72 on June 1, 2007 and thereafter in payments of $1,366.72 on the like date of
each subsequent month, until said note is fully paid, except that the final payment of principal and
interest remaining due, if not sooner paid, shall become due and payable on May 1, 2037_.

    4.    Plaintiff

(a)    is the owner and holder of the subject mortgage and note, or has been delegated the authority to
institute a mortgage foreclosure action by the owner and holder of the subject mortgage and note; and

(b)    has complied with all the provisions of section five hundred ninety-five-a of the Banking Law
and any rules and regulations promulgated there under, section six-L of six-M of the Banking Law, and

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM   INDEX NO. 705854/2021
NYSCEF DOC. NO. 44   #. 1377   Page 680 of 863   RECEIVED NYSCEF: 12/07/2022

(c)    is in compliance with sending the ninety (90) day notices as required by RPAPL §1304, if the underlying mortgage qualifies.

5.    As collateral security for the payment of said indebtedness, the aforesaid defendant(s) ASHMEEN MODIKHAN , also executed, acknowledged and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC, a mortgage dated April 24, 2007 and recorded in the County of Queens on May 31, 2007 in CRFN 2007000282440. The mortgage tax was duly paid.  Thereafter said mortgage was assigned to the Plaintiff by assignment of mortgagee dated October 29, 2009. Plaintiff is the owner and holder of the aforementioned instrument(s).

Said mortgaged premises being known as and by street address:
8710 149TH AVENUE, HOWARD BEACH, NY 11414 bearing tax map designation:

Block:  11417  Lot(s):  4513

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

6.    Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

7.    That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of April 1, 2009 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8.    The total monthly payment due as of default date to plaintiff is $1,376.21.

9.    That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

10.    Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants ASHMEEN MODIKHAN if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

11.    That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $175,141.72 plus interest from March 1, 2009.

12.    That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees  to the sum otherwise due, with interest as provided in the aforesaid instruments,

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM        INDEX NO. 705854/2021
Page 681 of 863
#: 1378
RECEIVED NYSCEF: 10/28/2022

and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.    That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations, if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.    That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.    That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.    That the defendant NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE is named as a party defendant herein because of possible unpaid income tax.

17.    That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

18.    That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Queens may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $175,141.72 plus interest from March 1, 2009, and that from the money arising from the sale, plaintiff be paid the amount of $175,141.72 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Page 682 of 863
INDEX NO. 705854/2021
#. 1379
RECEIVED NYSCEF: 10/28/2022

301/2010 SUMMONS AND COMPLAINT

applicable thereto will pay the same; that the defendants ASHMEEN MODIKHAN be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney's fees, costs and disbursements of this action.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM Page 683 Index Page 705854/2021
NYSCEF DOC. NO. 44
#. 1380
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/28/2022

301/2010 SUMMONS AND COMPLAINT

Page 7 of 1

**ALL** that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, *"Patchogue Homes Corp. Condominium No. 2"*, and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

Printed: 8/19/2016

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 44

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

301/2010 SUMMONS AND COMPLAINT

Page 8 of 15

## SCHEDULE B

-NEW YORK CITY TRANSIT ADJUDICATION BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY ENVIRONMENTAL CONTROL BOARD has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY PARKING VIOLATIONS BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

Printed: 8/19/2016

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 44

INDEX NO.

Page 685 of 863 PageID

RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------------------x

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Plaintiff,

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM NO.
2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

Defendant(s),

-------------------------------------------------------------------------x

Index No. 301/2010

D/O/F:

**NOTICE OF PENDENCY**

Premises Address:
8710 149TH AVENUE
HOWARD BEACH, NY 11414

NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a
complaint of the above named plaintiff against the above named defendants for the foreclosure of a
certain mortgage bearing date April 24, 2007 and recorded in CRFN 2007000282440 in the County of
Queens on May 31, 2007. Thereafter said mortgage was assigned to the Plaintiff by assignment of
mortgage.

That the mortgaged premises affected by said foreclosure action are situate in the County of Queens,
State of New York, and more specifically described in "Schedule A" annexed hereto and made a part
hereof.

Said premises are commonly known as 8710 149TH AVENUE, HOWARD BEACH, NY 11414 and
bearing tax map designation: Block: 11417 Lot(s): 4513

The Clerk of the County of Queens is directed to index this notice to the names of the defendants and
the property identified above.

Dated: January 5, 2010

Joseph H. Johnson, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 1365
                                                      Page 686 of 863 Page 18
                                                      RECEIVED NYSCEF: 10/28/2022

ALL that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, "*Patchogue Homes Corp. Condominium No. 2*", and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

Page 687 of 863 PageID

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Queens
-------------------------------------------------------------------
BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP,

                              Plaintiff,


              -against-



ASHMEEN MODIKHAN, et al.,

                              Defendants.
-------------------------------------------------------------------




## NOTICE OF PENDENCY OF ACTION




**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 09-117526

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

Case 1:21-cv-06995-PKC Document 76-63 Filed 03/05/22 Page 688 of 863 PageID #: 1385

RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 2

# EXHIBIT 2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                RECEIVED NYSCEF: 10/28/2022

Page 689 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------X

BAC HOME LOANS SERVICING LP F/K/A          **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                           **VERIFIED AMENDED**
                                           **ANSWER WITH**
                          Plaintiff(s)      **COUNTERCLAIM**

        -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                          Defendant(s)
-------------------------------------------------------------X


        **Defendant(s), ASHMEEN MODIKHAN,** as and for his/her/their Amended Answer to
Plaintiff's Complaint, respectfully alleges as follows:

        1.      Denies the allegations contained in paragraph(s) 1,  3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13 AND 15 of the Complaint.

        2.      Denies knowledge or information sufficient to form a belief in the form alleged of
the allegations contained in paragraph(s) 2 of the Complaint.

        3.      Denies the allegations in the form alleged as contained in paragraph(s) 14 of the
Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

        4.      Plaintiff's Complaint fails to state a cause of action upon which relief may
be granted.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#: 1387
NYSCEF DOC. NO. 45    RECEIVED NYSCEF: 10/28/2022

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.    This Court lacks personal jurisdiction over the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.    This Court lacks jurisdiction for want of proper service.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.    Upon information and belief, Plaintiff has breached his Agreement with Defendant (the Agreement).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.    The purported agreement (the "Purported Agreement") upon which Plaintiff relies for this action, is not enforceable or binding upon Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.    Plaintiff has failed to perform under the terms of the Agreement and should therefore be estopped from claiming damages under said Agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.    Plaintiff comes to Court with unclean hands and is consequently disentitled to equitable relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.    Plaintiff is estopped from claiming herein based on the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.    Plaintiff is estopped from claiming herein based on the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.    Plaintiff has failed to make demand for payment prior to commencing these proceedings.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                      RECEIVED NYSCEF: 10/28/2022

Page 691 of 863 PageID

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's action is barred by the applicable Statute of Limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiff's action is barred by the applicable Statute of Frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff may not maintain their respective cause(s) of action against the Defendant(s) herein since Plaintiff has alleged conduct of others over whom these Defendant(s) had no authority and/or control.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.    Each and every cause of action alleged in the Verified Complaint is barred since there is no privity between Plaintiff and Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has failed to register with the Department of State of New York in order to conduct business in New York.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff failed to abide by the requirements of CPLR 3408 and RPAPL 1304.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff is not authorized to conduct business in New York and as such cannot maintain the within lawsuit.

# COUNTERCLAIM

## AS AND FOR A FIRST COUNTERCLAIM

21.    Defendant states that the plaintiff herein has filed a frivolous and   fraudulent lawsuit, causing defendant to suffer damages for malicious  prosecution, abuse of process of the Court and/or wrongful use of Civil   Proceedings resulting in damages in the sum of $500,000.00 along with attorney's    fees and costs.

**WHEREFORE,** Defendant demands judgment as follows:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

#1589

Page 692 of 863 PageID

Case 1:22-cv-06515-EK-CLP Document 7 Filed 11/03/22

RECEIVED NYSCEF: 10/28/2022

    a.    Dismissing the First Cause of Action in its entirety;

    b.    Dismissing the Second Cause of Action in its entirety;

    c.    On the Counterclaim awarding judgment in the sum of $500,000.00 and continuing together with interest, costs, disbursements and attorney's fees;

    d.    Awarding the Defendant the costs and disbursement of the action and such other and further relief as this Court deem just and proper.


**DATED:**    Jamaica, New York
                February 15, 2010

                      Yours etc.


                          By: Ashmeen Modikhan
                          Defendant Pro Se
                          8710 149th Avenue   5N
                          Howard Beach, NY 11414


To:    Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM Page 693 of 863 PageID #: 1930

NYSCEF DOC. NO. 45 RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————————X

BAC HOME LOANS SERVICING LP F/K/A                     **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                                      **DEMAND FOR**
                                                      **DISCOVERY AND**
                                   Plaintiff(s)        **INSPECTION**

              -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                   Defendant(s)

————————————————————————X

        Pursuant to **CPLR 3120** of the **Civil Practice Law and Rules,** Defendant
requests that Plaintiff produce to plaintiff within 30 days of service hereof, all documents
described below that are within the possession, custody and control of the defendant.

                    **Instructions and Definitions**

    1.    "Complaint" shall mean the complaint of the Plaintiff herein.

    2.    All terms with initial capital letters shall have the meaning set forth in the
          Complaint.

    3.    The terms "and" and "or" shall be construed either disjunctively or
          conjunctively, as is necessary to bring within the scope of a request all
          responsive documents that might be construed as being without its scope.

    4.    "Documents" means all writings, photographs, voice or video recordings
          and data compilations of any kind and in any medium from which
          information can be obtained (translated if necessary by the responding

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 10/28/2022

party into reasonably useable form), including without limitation contracts, agreements, surveys, reports, telephone or other messages, bills, invoices, statements, memoranda, correspondence, notes, loan applications, share vesting documents, diaries, summaries, forms, lists, notes or memoranda of telephone conversations, drawings, graphs, charts, electronic or computerized records or data compilations, e-mails, microfilm records, audiotapes, videotapes and photocopies. The term "documents" specifically includes without limitation drafts of any kind, as well as non-identical copies of other documents.

5.  "Concerning" means relating to, referring to, describing, supporting, evidencing, reflecting, constituting or negating.

6.  The term "person" means any natural person or any business, legal, governmental or not-for-profit organization, corporation, partnership, entity or association.

7.  These requests relate to documents created during, or concerning, the period of employ of the Plaintiff herein by the defendant or any of its associations, subsidiaries, parent companies or corporations.

8.  The use of the singular form of any word shall include the plural and vice versa.

9.  Each demand herein is continuing in nature so as to require supplemental responses if the defendant responding herein or obliged to respond herein or its attorneys discover that the response was incomplete when made, or if they obtain any further or supplemental responsive information or documents between the time the responses are served and trial of the above captioned action.

10. To the extent a document sought herein was, but is no longer, in the responding defendant's possession, custody or control, such defendant shall state whether the document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of. In each instance, the responding defendant shall explain the circumstances surrounding, and authorization for, such disposition and shall state the date or approximate date thereof, the contents of said document, and the person(s) who authorized the transfer, destruction, or other disposition of said document.

11. If any document responsive to any request herein are withheld from production on the basis of a claim for any privilege or for any other reason, the responding defendant shall identify each such document by its date, author(s), recipient(s), distribution list(s), as well as the relationship of the author(s) to the recipient and person(s) on the distribution list(s) and general subject matter(s), and shall state for each withheld document the

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-02175-PKC-LB Document 51 Filed 01/05/23 Page 695 of 863 PageID #: 1552

particular privilege or other justification for non-production that is claimed.

## Documents to Be Produced

1.  All documents concerning the Defendant(s), **ASHMEEN MODIKHAN**.

2.  All documents concerning **BAC HOME LOAN SERVICING LP** as a Bank licensed in the State of New York.

3.  All documents concerning **BAC HOME LOAN SERVICING LP** F/K/A **COUNTRYWIDE HOME LOANS SERVICING LP** regarding this Defendant.

4.  All documents concerning and including the Note as referenced in the Complaint.

5.  All documents concerning and including the Mortgage as referenced in the Complaint regarding this Defendant.

6.  All documents concerning the name of the bank as mortgagee of the subject premises as referenced in the Complaint.

7.  All documents concerning the Mortgage instrument number as referenced in the Complaint.

8.  All documents concerning plaintiff's claim to be the owner and holder of the mortgage as referenced in the Complaint.

9.  All documents concerning plaintiff's claim to be the owner and holder of the note as referenced in the Complaint.

10.  All documents concerning plaintiff's claim to have been delegated the authority to foreclose as contained in the Complaint.

11.  All documents concerning CRFN 2007000282440 as referenced in the Complaint.

12.  All documents concerning the assignment of the mortgage as referenced in the Complaint.

13.  All documents concerning the calculation of $175,141.72 as referenced in the Complaint.

14.  All documents concerning the Defendant's failure to pay as alleged in the Complaint.

Case 1:22-cv-02775-PKC-LB    Document 51    Filed 01/05/23    Page 696 of 863 PageID
#: 1393

15.    All documents concerning how the amount of $175,141.72 was calculated as contained in the Complaint.

16.    All documents concerning payments advanced by the Plaintiff for taxes as alleged in paragraph "Sixth" of the Complaint.

17.    All documents concerning payments advanced by the Plaintiff for insurance as alleged in the Complaint.

18.    All documents concerning payments advanced by the Plaintiff for maintenance as alleged in the Complaint.

19.    All documents concerning payments advanced by the Plaintiff for costs as alleged in the Complaint.

20.    All documents concerning payments advanced by the Plaintiff for allowances as alleged in the Complaint.

21.    All documents concerning payments advanced by the Plaintiff for attorney's fees as alleged in the Complaint.

22.    All documents concerning payments paid or to be paid by the Plaintiff for taxes as alleged in the Complaint.

23.    All documents concerning payments paid or to be paid by the Plaintiff for assessments as alleged in the Complaint.

24.    All documents concerning payments paid or to be paid by the Plaintiff for water rates as alleged in the Complaint.

25.    All documents concerning payments paid or to be paid by the Plaintiff for insurance premiums as alleged in the Complaint.

26.    All documents concerning payments paid or to be paid by the Plaintiff for other charges as alleged in the Complaint.

27.    All documents concerning Plaintiff's compliance with Banking Law Section 595-a.

28.    All documents concerning Plaintiff's compliance with Banking Law Section 6-l.

29.    All documents concerning Plaintiff's compliance with Banking Law Section 6-m.

30.    All documents concerning Plaintiff's compliance with RPAPL 1304.

31. All documents concerning each and every assignment of the Mortgage concerning the subject property.

32. All documents concerning each and every assignment of the Note concerning the subject property.

Dated: Jamaica, New York
February 15, 2010


Yours etc.




By: Ashmeen Modikhan
Defendant Pro Se
8710 149ᵗʰ Avenue
Howard Beach, NY 11414



To: Rosicki, Rosicki & Assoc., P.C.
51 E Bethpage Road
Plainview, NY 11803

Page 698 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

—————————————————————————— X

BAC HOME LOANS SERVICING LP F/K/A                  **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                                   **DEMAND FOR**
                                                   **VERIFIED BILL**
                                                   **OF PARTICULARS**

                                  Plaintiff(s)

        -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                  Defendant(s)

—————————————————————————— X

**S I R S:**

        **PLEASE TAKE NOTICE** that pursuant to Section 3041 to 3044 of the CPLR.,
you are hereby required to serve upon the undersigned a Verified Bill of Particulars
pursuant to the following demand:

  1.    State with particularity whether or not Plaintiff is licensed to do business
        in the State of New York, and if so licensed, provide:
        a.    The date of the license;
        b.    The name of the entity to whom the license was issued;
        c.    The expiry date of the license, if any.
  2.    State the Plaintiff's business address within the State of New York.
  3.    State the Plaintiff's business address of their primary corporate (head)
        office.
  4.    If Plaintiff's head office is in a State other than New York, state whether
        or not Plaintiff is authorized to do business in that State.
  5.    State whether or not the interest rate is fixed or variable, and if variable,
        state:

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 12/07/2022
Page 699 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#: 1596
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 10/28/2022

       a.     The maximum interest rate thereof.

6. State with specificity the terms of agreement whereby **BAC HOME LOANS SERVICING LP** was formerly **COUNTRYWIDE HOME LOANS SERVICING LP**.

7. State whether or not the f/k/a is oral or in writing, and if in writing, provide a legible copy thereof.

8. State whether or not the mortgage herein is registered in the County of Queens as of the date of the commencement of the within action, and state in whose name the mortgage was registered on the said date of commencement of the within action.

9. State the date that the mortgage was assigned to the Plaintiff.

10. State with specificity each and every term of said mortgage assignment including the name of the assignor and the name of the assignee.

11. State the date that the note was assigned to the Plaintiff.

12. State with specificity each and every term of said note assignment including the name of the assignor and the name of the assignee.

13. State whether or the purported mortgage assignment was oral or in writing, and if in writing, provide a legible copy thereof.

14. State whether or the purported note assignment was oral or in writing, and if in writing, provide a legible copy thereof.

15. State each and every term and condition that Plaintiff claims was breached by the Defendant in terms of the note and mortgage as alleged in the Complaint.

16. State the total amount of taxes Plaintiff claims Defendant failed to pay as alleged in the Complaint.

17. List each and every payment Plaintiff has received from Defendant in connection with the mortgage.

18. List each and every payment Plaintiff has received from Defendant in connection with the note.

19. State with specificity how the amount of $175,141.72 was calculated as alleged in the Complaint.

20. State with specificity the legal fees Plaintiff alleges as contained in the Complaint.

21. State with specificity each and every assessment that the Plaintiff has paid to date as alleged in the Complaint.

22. State with specificity each and every taxes that the Plaintiff has paid to date as alleged in the Complaint.

23. State with specificity each and every insurance premium(s) that the Plaintiff has paid to date as alleged in the Complaint.

24. State with specificity each and every other charge(s) that the Plaintiff has paid to date as alleged in the Complaint.

25. State with particularity whether or not Plaintiff is the owner of the subject mortgage as alleged in the Complaint.

26. State with particularity whether or not Plaintiff is the holder of the subject mortgage as alleged in the Complaint.

27. State with particularity whether or not Plaintiff has been delegated with authority to institute the within mortgage foreclosure action, stating:

       a.     By whom and/or which entity delegated the aforesaid authority;

     b.    The date of the said delegation of authority;

     c.    The name of the person/entity that delegated said authority;

     d.    The terms of the delegation of said authority;

     e.    Whether or not said delegation was oral or in writing, and if in writing, provide a legible copy thereof.

28. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 595-a; stating the date of the alleged act, by whom performed and when performed.

29. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-l; stating the date of the alleged act, by whom performed and when performed.

30. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-m; stating the date of the alleged act, by whom performed and when performed.

31. State with specificity each and every act of Plaintiff that verifies compliance with RPAPL 1304; stating the date of the alleged act, by whom performed and when performed.

32. State with specificity each and every date that the Plaintiff made a mortgage payment demand from the Defendant.

33. State whether or not these demands were oral or in writing, and if in writing, provide a legible copy thereof.

34. State whether or not the transfer of the mortgage was duly recorded, and if so, provide a legible copy of proof thereof.

35. State whether or not the transfer in of the note was duly recorded, and if so, provide a legible copy of proof thereof.

36. State whether or not Plaintiff paid valuable consideration for the assignment of the mortgage, and if so, how much.

37. State whether or not Plaintiff paid valuable consideration for the assignment of the note, and if so, how much.

38. If Plaintiff claims that demand for payment was made, then for each demand: State the date(s) of each and every demand for payment.

39. State the name of each individual who made the demand.

40. State the manner in which the notice of default was given to the Defendants, whether in writing or orally.

41. If in writing, provide legible copies thereof.

42. If oral, state the contents of said notice.

43. State with specificity the date that instrument numbered 2007000282440 was signed by both parties thereto.


**PLEASE TAKE FURTHER NOTICE,** that if the above demand is not complied with within the next thirty (30) days, an application will be made to preclude the plaintiff(s) from giving any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

Page 701 of 863 PageID

Dated: Jamaica, New York
February 15, 2010

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149ᵗʰ Avenue
Howard Beach, NY 11414

To:     Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45
Page 702 of 863 PageID
#: 1506
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

—————————————————————————— X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                                         Plaintiff(s)

               -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                    Defendant(s)

—————————————————————————— X

Index No.: 301/10

COMBINED
DEMANDS

**S I R S:**

    **PLEASE TAKE NOTICE,** that the undersigned attorneys demand that you furnish the following items:

    1.    Pursuant to Section 3101(e) of the CPLR, a copy of any statement given by or on behalf of any answering defendant serving this demand;

    2.    The names and addresses of each person known or claimed by you or any party you represent in this action to be a witness to:

        a.    The occurrence alleged in the complaint in this action; or

        b.    Any acts, omissions, or conditions which allegedly caused the occurrence alleged in the complaint; or

        c.    Any actual notice allegedly given to the defendant answering herein or any condition which allegedly caused the occurrence alleged in the complaint; or

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

NYSCEF DOC. NO. 45                                      RECEIVED NYSCEF: 10/28/2022

d.    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

3.    The name(s) of any and all employees of the Plaintiff during the time that Defendant was an employee of the Plaintiff who interacted with the Defendant regarding the Shares at issue;

4.    Pursuant to Rule 3120 of the CPLR, a complete copy of the Defendant's employment records for the period during which Defendant was an employed by Plaintiff;

5.    Pursuant to Rule 2103(e) CPLR, the name and addresses of each party and attorney appearing in this action;

6.    Identify and state the qualifications of each person whom you intend to call as an expert witness at the time of trial, the content of their expected testimony and the basis of their conclusions;

7.    The subject matter in reasonable detail upon which the expert is expected to testify;

8.    A statement of the facts and opinions upon which the expert is expected to testify;

9.    A detailed summary of those facts and opinions; and

10.    The resumes of each expert upon whose testimony you will reply upon at the time of trial, concerning the subject lawsuit.

**PLEASE TAKE FURTHER NOTICE,** that upon failure to comply with this demand, the plaintiff(s) will be precluded upon trial of the within action from offering in evidence or testifying as to any of the items requested herein.

**PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request. In the event of any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: Jamaica, New York
        February 15, 2010

Page 704 of 863 PageID

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue  5 N
Howard Beach, NY 11414


To:     Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 1402
INDEX NO. 301/10
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Index No.: 301/10

Plaintiff(s)

NOTICE FOR
EXAMINATION
BEFORE TRIAL

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

---------------------------------------------------------------X

**S I R S:**

  **PLEASE TAKE NOTICE,** that pursuant to Rules 3101 and 3107 of the

Civil Practice Law and Rules, the Defendant, **ASHMEEN MODIKHAN**, will cause to

be taken the testimony of Plaintiff, **BAC HOME LOANS SERVICING LP F/K/A**

**COUNTRYWIDE HOME LOANS SERVICING LP** the agents, servants or

employees of said party having knowledge of the subject matter concerning all of the

relevant facts and circumstances in connection with the issues alleged in the pleadings

and said persons to be examined are required to produce the complete file maintained and

all documents with respect to this action.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021
Page 706 of 863 PageID
RECEIVED NYSCEF: 10/28/2022
INDEX NO. 301/10
#: 1405
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

               Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

               Defendant(s)

_____X

**Index No.: 301/10**

**AFFIDAVIT OF
SERVICE**

STATE OF NEW YORK   )
                       s.s
COUNTY OF QUEENS   )

     Ashmeen Modikhan, makes oath and swears that deponent served the within Answer and

Discovery Demands on February 17,2010 on :

               Rosicki, Rosicki & Assoc., P.C.
               51 E Bethpage Road
               Plainview, NY 11803

by regular mail, mailing each in a sealed envelope, with postage prepaid thereon and depositing
same in a post office box under the exclusive care and custody of the United States Postal
Service within the State of New York.

               Ashmeen Modikhan
               Defendant Pro Se
               8710 149th Avenue, Apt. 5N
               Howard Beach, NY 11414

NOTARY PUBLIC

MANJOLI D. LARAITY
Notary Public, State of New York
No. 01LA6258438
Qualified in Queens County
Commission Expires

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 707 of 863 PageID #: 1404

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
——————————————————————X

BAC HOME LOANS SERVICING LP F/K/A                    **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                    Plaintiff(s)

                    -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,
                                    Defendant(s)
——————————————————————X

## ANSWER WITH DISCOVERY DEMANDS

### ASHMEEN MODIKHAN, Defendant Pro Se
8710 149th Avenue, 5N
Howard Beach, NY 11414

## "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:
Attorney(s) for                         Service of a copy of the within
is hereby admitted
Dated:                                  Attorney(s) for

*PLEASE TAKE NOTICE*

*NOTICE OF ENTRY*
        That the within is a (certified) true copy of an ORDER entered in the office of the clerk of the
within named court on                             , 200   .

*NOTICE OF SETTLEMENT*
        That an Order of which the within is a true copy will be presented for settlement to the
Hon.                                    one of the judges of the within named court, at
        on                              , 200    , at 10:00 A.M.
Dated:  Jamaica, New York
To:

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022
Page 708 of 863 PageID

# EXHIBIT 2

# EXHIBIT 2

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

Page 709 of 863 PageID #: 1400
Case 1:24-cv-00115-AMD-LB Document 17-8 Filed 03/26/25

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                             Plaintiff(s)

          -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                           Defendant(s)

_____X

Index No.: 301/10

**VERIFIED AMENDED
ANSWER WITH
COUNTERCLAIM**

QUEENS COUNTY CLERK
FILED
2010 FEB 17 PM 3: 01

      **Defendant(s), ASHMEEN MODIKHAN,** as and for his/her/their Amended Answer to
Plaintiff's Complaint, respectfully alleges as follows:

      1.     Denies the allegations contained in paragraph(s) 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13 AND 15 of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief in the form alleged of
the allegations contained in paragraph(s) 2 of the Complaint.

      3.     Denies the allegations in the form alleged as contained in paragraph(s) 14 of the
Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

      4.     Plaintiff's Complaint fails to state a cause of action upon which relief may
be granted.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Case 1:21-cv-06148-FB-CLP   Document 1-40   Filed 11/05/21
#: 1467

NYSCEF DOC. NO. 45                                     RECEIVED NYSCEF: 10/28/2022

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.      This Court lacks personal jurisdiction over the defendant.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.      This Court lacks jurisdiction for want of proper service.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.      Upon information and belief, Plaintiff has breached his Agreement with Defendant (the Agreement).

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.      The purported agreement (the "Purported Agreement") upon which Plaintiff relies for this action, is not enforceable or binding upon Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.      Plaintiff has failed to perform under the terms of the Agreement and should therefore be estopped from claiming damages under said Agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.     Plaintiff comes to Court with unclean hands and is consequently disentitled to equitable relief.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.     Plaintiff is estopped from claiming herein based on the doctrine of waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.     Plaintiff is estopped from claiming herein based on the doctrine of laches.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.     Plaintiff has failed to make demand for payment prior to commencing these proceedings.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's action is barred by the applicable Statute of Limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiff's action is barred by the applicable Statute of Frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff may not maintain their respective cause(s) of action against the Defendant(s) herein since Plaintiff has alleged conduct of others over whom these Defendant(s) had no authority and/or control.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.    Each and every cause of action alleged in the Verified Complaint is barred since there is no privity between Plaintiff and Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has failed to register with the Department of State of New York in order to conduct business in New York.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff failed to abide by the requirements of CPLR 3408 and RPAPL 1304.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff is not authorized to conduct business in New York and as such cannot maintain the within lawsuit.


# COUNTERCLAIM

## AS AND FOR A FIRST COUNTERCLAIM

21.    Defendant states that the plaintiff herein has filed a frivolous and    fraudulent lawsuit, causing defendant to suffer damages for malicious prosecution, abuse of process of the Court and/or wrongful use of Civil    Proceedings resulting in damages in the sum of $500,000.00 along with attorney's    fees and costs.


**WHEREFORE,** Defendant demands judgment as follows:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45
Case 1-22-cv-02205-EK-CLP Document 20 Filed 03/06/23
# 1409
Page 712 of 863 PageID
RECEIVED NYSCEF: 10/28/2022

   a.   Dismissing the First Cause of Action in its entirety;
   b.   Dismissing the Second Cause of Action in its entirety;
   c.   On the Counterclaim awarding judgment in the sum of $500,000.00 and
        continuing together with interest, costs, disbursements and attorney's fees;
   d.   Awarding the Defendant the costs and disbursement of the action and such other
        and further relief as this Court deem just and proper.

**DATED:**      Jamaica, New York
                February 15, 2010

                          Yours etc.


                                                  By: Ashmeen Modikhan
                                                  Defendant Pro Se
                                                  8710 149th Avenue    5 N
                                                  Howard Beach, NY 11414

To:     Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021

Page 713 of 863 PageID
RECEIVED NYSCEF: 10/28/2022

INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-02175-PKC-LB    Document 5-1    Filed 01/05/23
#: 1416

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

——————————————————————————X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                                    Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                    Defendant(s)

——————————————————————————X

**Index No.: 301/10**

**DEMAND FOR
DISCOVERY AND
INSPECTION**

        Pursuant to **CPLR 3120** of the **Civil Practice Law and Rules**, Defendant requests that Plaintiff produce to plaintiff within 30 days of service hereof, all documents described below that are within the possession, custody and control of the defendant.

                    <u>**Instructions and Definitions**</u>

1.    "Complaint" shall mean the complaint of the Plaintiff herein.

2.    All terms with initial capital letters shall have the meaning set forth in the Complaint.

3.    The terms "and" and "or" shall be construed either disjunctively or conjunctively, as is necessary to bring within the scope of a request all responsive documents that might be construed as being without its scope.

4.    "Documents" means all writings, photographs, voice or video recordings and data compilations of any kind and in any medium from which information can be obtained (translated if necessary by the responding

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

party into reasonably useable form), including without limitation contracts, agreements, surveys, reports, telephone or other messages, bills, invoices, statements, memoranda, correspondence, notes, loan applications, share vesting documents, diaries, summaries, forms, lists, notes or memoranda of telephone conversations, drawings, graphs, charts, electronic or computerized records or data compilations, e-mails, microfilm records, audiotapes, videotapes and photocopies. The term "documents" specifically includes without limitation drafts of any kind, as well as non-identical copies of other documents.

5.   "Concerning" means relating to, referring to, describing, supporting, evidencing, reflecting, constituting or negating.

6.   The term "person" means any natural person or any business, legal, governmental or not-for-profit organization, corporation, partnership, entity or association.

7.   These requests relate to documents created during, or concerning, the period of employ of the Plaintiff herein by the defendant or any of its associations, subsidiaries, parent companies or corporations.

8.   The use of the singular form of any word shall include the plural and vice versa.

9.   Each demand herein is continuing in nature so as to require supplemental responses if the defendant responding herein or obliged to respond herein or its attorneys discover that the response was incomplete when made, or if they obtain any further or supplemental responsive information or documents between the time the responses are served and trial of the above captioned action.

10.  To the extent a document sought herein was, but is no longer, in the responding defendant's possession, custody or control, such defendant shall state whether the document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of. In each instance, the responding defendant shall explain the circumstances surrounding, and authorization for, such disposition and shall state the date or approximate date thereof, the contents of said document, and the person(s) who authorized the transfer, destruction, or other disposition of said document.

11.  If any document responsive to any request herein are withheld from production on the basis of a claim for any privilege or for any other reason, the responding defendant shall identify each such document by its date, author(s), recipient(s), distribution list(s), as well as the relationship of the author(s) to the recipient and person(s) on the distribution list(s) and general subject matter(s), and shall state for each withheld document the

particular privilege or other justification for non-production that is claimed.


## Documents to Be Produced

1.      All documents concerning the Defendant(s), **ASHMEEN MODIKHAN**.

2.      All documents concerning **BAC HOME LOAN SERVICING LP** as a Bank licensed in the State of New York.

3.      All documents concerning **BAC HOME LOAN SERVICING LP** F/K/A **COUNTRYWIDE HOME LOANS SERVICING LP** regarding this Defendant.

4.      All documents concerning and including the Note as referenced in the Complaint.

5.      All documents concerning and including the Mortgage as referenced in the Complaint regarding this Defendant.

6.      All documents concerning the name of the bank as mortgagee of the subject premises as referenced in the Complaint.

7.      All documents concerning the Mortgage instrument number as referenced in the Complaint.

8.      All documents concerning plaintiff's claim to be the owner and holder of the mortgage as referenced in the Complaint.

9.      All documents concerning plaintiff's claim to be the owner and holder of the note as referenced in the Complaint.

10.     All documents concerning plaintiff's claim to have been delegated the authority to foreclose as contained in the Complaint.

11.     All documents concerning CRFN 2007000282440 as referenced in the Complaint.

12.     All documents concerning the assignment of the mortgage as referenced in the Complaint.

13.     All documents concerning the calculation of $175,141.72 as referenced in the Complaint.

14.     All documents concerning the Defendant's failure to pay as alleged in the Complaint.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

Case 1:22-cv-02715-FB-CLB    Document 51    Filed 03/06/23

15.    All documents concerning how the amount of $175,141.72 was calculated as contained in the Complaint.

16.    All documents concerning payments advanced by the Plaintiff for taxes as alleged in paragraph "Sixth" of the Complaint.

17.    All documents concerning payments advanced by the Plaintiff for insurance as alleged in the Complaint.

18.    All documents concerning payments advanced by the Plaintiff for maintenance as alleged in the Complaint.

19.    All documents concerning payments advanced by the Plaintiff for costs as alleged in the Complaint.

20.    All documents concerning payments advanced by the Plaintiff for allowances as alleged in the Complaint.

21.    All documents concerning payments advanced by the Plaintiff for attorney's fees as alleged in the Complaint.

22.    All documents concerning payments paid or to be paid by the Plaintiff for taxes as alleged in the Complaint.

23.    All documents concerning payments paid or to be paid by the Plaintiff for assessments as alleged in the Complaint.

24.    All documents concerning payments paid or to be paid by the Plaintiff for water rates as alleged in the Complaint.

25.    All documents concerning payments paid or to be paid by the Plaintiff for insurance premiums as alleged in the Complaint.

26.    All documents concerning payments paid or to be paid by the Plaintiff for other charges as alleged in the Complaint.

27.    All documents concerning Plaintiff's compliance with Banking Law Section 595-a.

28.    All documents concerning Plaintiff's compliance with Banking Law Section 6-l.

29.    All documents concerning Plaintiff's compliance with Banking Law Section 6-m.

30.    All documents concerning Plaintiff's compliance with RPAPL 1304.

31.    All documents concerning each and every assignment of the Mortgage concerning the subject property.

32.    All documents concerning each and every assignment of the Note concerning the subject property.

Dated: Jamaica, New York
       February 15, 2010

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue    *SN*
Howard Beach, NY 11414

To:    Rosicki, Rosicki & Assoc., P.C.
       51 E Bethpage Road
       Plainview, NY 11803

Page 718 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————————X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

**Index No.: 301/10**

**DEMAND FOR
VERIFIED BILL
OF PARTICULARS**

                                         Plaintiff(s)

           -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                         Defendant(s)

————————————————————————X

**S I R S:**

        **PLEASE TAKE NOTICE** that pursuant to Section 3041 to 3044 of the CPLR.,
you are hereby required to serve upon the undersigned a Verified Bill of Particulars
pursuant to the following demand:

1.      State with particularity whether or not Plaintiff is licensed to do business
        in the State of New York, and if so licensed, provide:
        a.      The date of the license;
        b.      The name of the entity to whom the license was issued;
        c.      The expiry date of the license, if any.
2.      State the Plaintiff's business address within the State of New York.
3.      State the Plaintiff's business address of their primary corporate (head)
        office.
4.      If Plaintiff's head office is in a State other than New York, state whether
        or not Plaintiff is authorized to do business in that State.
5.      State whether or not the interest rate is fixed or variable, and if variable,
        state:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 45 RECEIVED NYSCEF: 10/28/2022

    a.    The maximum interest rate thereof.

6. State with specificity the terms of agreement whereby **BAC HOME LOANS SERVICING LP** was formerly **COUNTRYWIDE HOME LOANS SERVICING LP**.

7. State whether or not the f/k/a is oral or in writing, and if in writing, provide a legible copy thereof.

8. State whether or not the mortgage herein is registered in the County of Queens as of the date of the commencement of the within action, and state in whose name the mortgage was registered on the said date of commencement of the within action.

9. State the date that the mortgage was assigned to the Plaintiff.

10. State with specificity each and every term of said mortgage assignment including the name of the assignor and the name of the assignee.

11. State the date that the note was assigned to the Plaintiff.

12. State with specificity each and every term of said note assignment including the name of the assignor and the name of the assignee.

13. State whether or the purported mortgage assignment was oral or in writing, and if in writing, provide a legible copy thereof.

14. State whether or the purported note assignment was oral or in writing, and if in writing, provide a legible copy thereof.

15. State each and every term and condition that Plaintiff claims was breached by the Defendant in terms of the note and mortgage as alleged in the Complaint.

16. State the total amount of taxes Plaintiff claims Defendant failed to pay as alleged in the Complaint.

17. List each and every payment Plaintiff has received from Defendant in connection with the mortgage.

18. List each and every payment Plaintiff has received from Defendant in connection with the note.

19. State with specificity how the amount of $175,141.72 was calculated as alleged in the Complaint.

20. State with specificity the legal fees Plaintiff alleges as contained in the Complaint.

21. State with specificity each and every assessment that the Plaintiff has paid to date as alleged in the Complaint.

22. State with specificity each and every taxes that the Plaintiff has paid to date as alleged in the Complaint.

23. State with specificity each and every insurance premium(s) that the Plaintiff has paid to date as alleged in the Complaint.

24. State with specificity each and every other charge(s) that the Plaintiff has paid to date as alleged in the Complaint.

25. State with particularity whether or not Plaintiff is the owner of the subject mortgage as alleged in the Complaint.

26. State with particularity whether or not Plaintiff is the holder of the subject mortgage as alleged in the Complaint.

27. State with particularity whether or not Plaintiff has been delegated with authority to institute the within mortgage foreclosure action, stating:

    a.    By whom and/or which entity delegated the aforesaid authority;

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45 RECEIVED NYSCEF: 10/28/2022

    b.    The date of the said delegation of authority;

    c.    The name of the person/entity that delegated said authority;

    d.    The terms of the delegation of said authority;

    e.    Whether or not said delegation was oral or in writing, and if in writing, provide a legible copy thereof.

28. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 595-a; stating the date of the alleged act, by whom performed and when performed.

29. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-l; stating the date of the alleged act, by whom performed and when performed.

30. State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-m; stating the date of the alleged act, by whom performed and when performed.

31. State with specificity each and every act of Plaintiff that verifies compliance with RPAPL 1304; stating the date of the alleged act, by whom performed and when performed.

32. State with specificity each and every date that the Plaintiff made a mortgage payment demand from the Defendant.

33. State whether or not these demands were oral or in writing, and if in writing, provide a legible copy thereof.

34. State whether or not the transfer of the mortgage was duly recorded, and if so, provide a legible copy of proof thereof.

35. State whether or not the transfer in of the note was duly recorded, and if so, provide a legible copy of proof thereof.

36. State whether or not Plaintiff paid valuable consideration for the assignment of the mortgage, and if so, how much.

37. State whether or not Plaintiff paid valuable consideration for the assignment of the note, and if so, how much.

38. If Plaintiff claims that demand for payment was made, then for each demand: State the date(s) of each and every demand for payment.

39. State the name of each individual who made the demand.

40. State the manner in which the notice of default was given to the Defendants, whether in writing or orally.

41. If in writing, provide legible copies thereof.

42. If oral, state the contents of said notice.

43. State with specificity the date that instrument numbered 2007000282440 was signed by both parties thereto.

**PLEASE TAKE FURTHER NOTICE,** that if the above demand is not complied with within the next thirty (30) days, an application will be made to preclude the plaintiff(s) from giving any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 10/28/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 10/28/2022

Page 721 of 863 PageID
#: 1416

Dated: Jamaica, New York
February 15, 2010


Yours etc.



By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue    5N
Howard Beach, NY 11414


To:    Rosicki, Rosicki & Assoc., P.C.
       51 E Bethpage Road
       Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

———————————————————————X

BAC HOME LOANS SERVICING LP F/K/A        **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                            **COMBINED**
                                            **DEMANDS**

                                    Plaintiff(s)

                  -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                    Defendant(s)

———————————————————————X

S I R S:

       **PLEASE TAKE NOTICE**, that the undersigned attorneys demand that you
furnish the following items:

       1.       Pursuant to Section 3101(e) of the CPLR, a copy of any statement given
by or on behalf of any answering defendant serving this demand;

       2.       The names and addresses of each person known or claimed by you or any
party you represent in this action to be a witness to:

           a.       The occurrence alleged in the complaint in this action; or

           b.       Any acts, omissions, or conditions which allegedly caused the occurrence
                 alleged in the complaint; or

           c.       Any actual notice allegedly given to the defendant answering herein or
                 any condition which allegedly caused the occurrence alleged in the
                 complaint; or

    d.    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

3.    The name(s) of any and all employees of the Plaintiff during the time that Defendant was an employee of the Plaintiff who interacted with the Defendant regarding the Shares at issue;

4.    Pursuant to Rule 3120 of the CPLR, a complete copy of the Defendant's employment records for the period during which Defendant was an employed by Plaintiff;

5.    Pursuant to Rule 2103(e) CPLR, the name and addresses of each party and attorney appearing in this action;

6.    Identify and state the qualifications of each person whom you intend to call as an expert witness at the time of trial, the content of their expected testimony and the basis of their conclusions;

7.    The subject matter in reasonable detail upon which the expert is expected to testify;

8.    A statement of the facts and opinions upon which the expert is expected to testify;

9.    A detailed summary of those facts and opinions; and

10.    The resumes of each expert upon whose testimony you will reply upon at the time of trial, concerning the subject lawsuit.

**PLEASE TAKE FURTHER NOTICE**, that upon failure to comply with this demand, the plaintiff(s) will be precluded upon trial of the within action from offering in evidence or testifying as to any of the items requested herein.

**PLEASE TAKE FURTHER NOTICE**, that the within is a continuing request. In the event of any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

**PLEASE TAKE FURTHER NOTICE**, that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: Jamaica, New York
    February 15, 2010

Case 1:22-cv-07125-EK-LB   Document 5-3   Filed 11/06/23   Page 724 of 863 PageID #: 1421

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                RECEIVED NYSCEF: 10/28/2022

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue  5N
Howard Beach, NY 11414


To:   Rosicki, Rosicki & Assoc., P.C.
      51 E Bethpage Road
      Plainview, NY 11803

Page 725 of 863 PageID
#: 1422

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---------------------------------------------------------------X

**BAC HOME LOANS SERVICING LP F/K/A**
**COUNTRYWIDE HOME LOANS SERVICING LP**

Index No.: 301/10

**NOTICE FOR**
**EXAMINATION**
**BEFORE TRIAL**

Plaintiff(s)

-against-

**ASHMEEN MODIKHAN; BOARD OF MANAGERS**
**OF THE PATCHOGUE HOMES CORP.**
**CONDOMINIUM NO. 2; MORTGAGE**
**ELECTRONIC REGISTRATION SYSTEMS, INC.;**
**NEW YORK STATE DEPARTMENT OF TAXATION**
**AND FINANCE; NEW YORK CITY TRANSIT**
**ADJUDICATION BUREAU; NEW YORK CITY**
**ENVIRONMENTAL CONTROL BOARD; NEW**
**YORK CITY PARKINGS VIOLATIONS BUREAU;**
**"JOHN DOES" and "JANE DOES"**, said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

---------------------------------------------------------------X

S I R S:

      **PLEASE TAKE NOTICE,** that pursuant to Rules 3101 and 3107 of the

Civil Practice Law and Rules, the Defendant, **ASHMEEN MODIKHAN**, will cause to

be taken the testimony of Plaintiff, **BAC HOME LOANS SERVICING LP F/K/A**

**COUNTRYWIDE HOME LOANS SERVICING LP** the agents, servants or

employees of said party having knowledge of the subject matter concerning all of the

relevant facts and circumstances in connection with the issues alleged in the pleadings

and said persons to be examined are required to produce the complete file maintained and

all documents with respect to this action.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/28/2022

Page 726 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A          Index No.: 301/10
COUNTRYWIDE HOME LOANS SERVICING LP

                        Plaintiff(s)        **AFFIDAVIT OF**
-against-                                    **SERVICE**

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

                        Defendant(s)
_____X

STATE OF NEW YORK    )
                     )  s.s
COUNTY OF QUEENS     )


        Ashmeen Modikhan, makes oath and swears that deponent served the within Answer and

Discovery Demands on February 17, 2010 on :

                        Rosicki, Rosicki & Assoc., P.C.
                        51 E Bethpage Road
                        Plainview, NY 11803

by regular mail, mailing each in a sealed envelope, with postage prepaid thereon and depositing
same in a post office box under the exclusive care and custody of the United States Postal
Service within the State of New York.

                                        _____
                                        Ashmeen Modikhan
                                        Defendant Pro Se
                                        8710 149th Avenue, Apt. 5N
                                        Howard Beach, NY 11414

_____
NOTARY PUBLIC

438 of 573

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A                    Index No.: 301/10
COUNTRYWIDE HOME LOANS SERVICING LP

                                Plaintiff(s)

                -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

                                Defendant(s)
_____X

## ANSWER WITH DISCOVERY DEMANDS

### ASHMEEN MODIKHAN, Defendant Pro Se
8710 149th Avenue, 5N
Howard Beach, NY 11414

#### "WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

To:
Attorney(s) for                    Service of a copy of the within
is hereby admitted
Dated:                             Attorney(s) for

PLEASE TAKE NOTICE

NOTICE OF ENTRY
         That the within is a (certified) true copy of an ORDER entered in the office of the clerk of the
within named court on                              , 200   .

NOTICE OF SETTLEMENT
         That an Order of which the within is a true copy will be presented for settlement to the
Hon.                               one of the judges of the within named court, at
         on                               , 200   , at 10:00 A.M.
Dated:   Jamaica, New York
To:

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 45

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 2

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____ X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Index No.: 301/10

**VERIFIED AMENDED
ANSWER WITH
COUNTERCLAIM**

Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

_____ X

Defendant(s), **ASHMEEN MODIKHAN,** as and for his/her/their Amended Answer to
Plaintiff's Complaint, respectfully alleges as follows:

1. Denies the allegations contained in paragraph(s) 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13 AND 15 of the Complaint.

2. Denies knowledge or information sufficient to form a belief in the form alleged of
the allegations contained in paragraph(s) 2 of the Complaint.

3. Denies the allegations in the form alleged as contained in paragraph(s) 14 of the
Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

4. Plaintiff's Complaint fails to state a cause of action upon which relief may
be granted.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.    This Court lacks personal jurisdiction over the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.    This Court lacks jurisdiction for want of proper service.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.    Upon information and belief, Plaintiff has breached his Agreement with Defendant (the Agreement).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.    The purported agreement (the "Purported Agreement") upon which Plaintiff relies for this action, is not enforceable or binding upon Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.    Plaintiff has failed to perform under the terms of the Agreement and should therefore be estopped from claiming damages under said Agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.    Plaintiff comes to Court with unclean hands and is consequently disentitled to equitable relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.    Plaintiff is estopped from claiming herein based on the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.    Plaintiff is estopped from claiming herein based on the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.    Plaintiff has failed to make demand for payment prior to commencing these proceedings.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

Page 731 of 863 PageID

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.     Plaintiff's action is barred by the applicable Statute of Limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.     Plaintiff's action is barred by the applicable Statute of Frauds.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff may not maintain their respective cause(s) of action against the Defendant(s) herein since Plaintiff has alleged conduct of others over whom these Defendant(s) had no authority and/or control.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.     Each and every cause of action alleged in the Verified Complaint is barred since there is no privity between Plaintiff and Defendant.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff has failed to register with the Department of State of New York in order to conduct business in New York.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff failed to abide by the requirements of CPLR 3408 and RPAPL 1304.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.     Plaintiff is not authorized to conduct business in New York and as such cannot maintain the within lawsuit.


# COUNTERCLAIM

## AS AND FOR A FIRST COUNTERCLAIM

21.     Defendant states that the plaintiff herein has filed a frivolous and    fraudulent lawsuit, causing defendant to suffer damages for malicious prosecution, abuse of process of the Court and/or wrongful use of Civil    Proceedings resulting in damages in the sum of $500,000.00 along with attorney's    fees and costs.


**WHEREFORE,** Defendant demands judgment as follows:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

Case 1:23-cv-02478-PKC-LB Document 1-6 Filed 03/05/23
#: 1423

a. Dismissing the First Cause of Action in its entirety;

b. Dismissing the Second Cause of Action in its entirety;

c. On the Counterclaim awarding judgment in the sum of $500,000.00 and continuing together with interest, costs, disbursements and attorney's fees;

d. Awarding the Defendant the costs and disbursement of the action and such other and further relief as this Court deem just and proper.

**DATED:** Jamaica, New York
February 15, 2010

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue
Howard Beach, NY 11414

To: Rosicki, Rosicki & Assoc., P.C.
51 E Bethpage Road
Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Page 733 of 863
#. 1430
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

—————————————————————X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

**Index No.: 301/10**

Plaintiff(s)

**DEMAND FOR
DISCOVERY AND
INSPECTION**

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

—————————————————————X

Pursuant to **CPLR 3120** of the **Civil Practice Law and Rules**, Defendant
requests that Plaintiff produce to plaintiff within 30 days of service hereof, all documents
described below that are within the possession, custody and control of the defendant.

### Instructions and Definitions

1. "Complaint" shall mean the complaint of the Plaintiff herein.

2. All terms with initial capital letters shall have the meaning set forth in the
Complaint.

3. The terms "and" and "or" shall be construed either disjunctively or
conjunctively, as is necessary to bring within the scope of a request all
responsive documents that might be construed as being without its scope.

4. "Documents" means all writings, photographs, voice or video recordings
and data compilations of any kind and in any medium from which
information can be obtained (translated if necessary by the responding

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2023 01:04 PM

NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 12/07/2022

RECEIVED NYSCEF: 10/28/2022

Page 734 of 863
# 1431

party into reasonably useable form), including without limitation contracts, agreements, surveys, reports, telephone or other messages, bills, invoices, statements, memoranda, correspondence, notes, loan applications, share vesting documents, diaries, summaries, forms, lists, notes or memoranda of telephone conversations, drawings, graphs, charts, electronic or computerized records or data compilations, e-mails, microfilm records, audiotapes, videotapes and photocopies. The term "documents" specifically includes without limitation drafts of any kind, as well as non-identical copies of other documents.

5. "Concerning" means relating to, referring to, describing, supporting, evidencing, reflecting, constituting or negating.

6. The term "person" means any natural person or any business, legal, governmental or not-for-profit organization, corporation, partnership, entity or association.

7. These requests relate to documents created during, or concerning, the period of employ of the Plaintiff herein by the defendant or any of its associations, subsidiaries, parent companies or corporations.

8. The use of the singular form of any word shall include the plural and vice versa.

9. Each demand herein is continuing in nature so as to require supplemental responses if the defendant responding herein or obliged to respond herein or its attorneys discover that the response was incomplete when made, or if they obtain any further or supplemental responsive information or documents between the time the responses are served and trial of the above captioned action.

10. To the extent a document sought herein was, but is no longer, in the responding defendant's possession, custody or control, such defendant shall state whether the document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of. In each instance, the responding defendant shall explain the circumstances surrounding, and authorization for, such disposition and shall state the date or approximate date thereof, the contents of said document, and the person(s) who authorized the transfer, destruction, or other disposition of said document.

11. If any document responsive to any request herein are withheld from production on the basis of a claim for any privilege or for any other reason, the responding defendant shall identify each such document by its date, author(s), recipient(s), distribution list(s), as well as the relationship of the author(s) to the recipient and person(s) on the distribution list(s) and general subject matter(s), and shall state for each withheld document the

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                       RECEIVED NYSCEF: 10/28/2022

Page 735 of 863

particular privilege or other justification for non-production that is claimed.

## Documents to Be Produced

1.    All documents concerning the Defendant(s), **ASHMEEN MODIKHAN**.

2.    All documents concerning **BAC HOME LOAN SERVICING LP** as a Bank licensed in the State of New York.

3.    All documents concerning **BAC HOME LOAN SERVICING LP** F/K/A **COUNTRYWIDE HOME LOANS SERVICING LP** regarding this Defendant.

4.    All documents concerning and including the Note as referenced in the Complaint.

5.    All documents concerning and including the Mortgage as referenced in the Complaint regarding this Defendant.

6.    All documents concerning the name of the bank as mortgagee of the subject premises as referenced in the Complaint.

7.    All documents concerning the Mortgage instrument number as referenced in the Complaint.

8.    All documents concerning plaintiff's claim to be the owner and holder of the mortgage as referenced in the Complaint.

9.    All documents concerning plaintiff's claim to be the owner and holder of the note as referenced in the Complaint.

10.    All documents concerning plaintiff's claim to have been delegated the authority to foreclose as contained in the Complaint.

11.    All documents concerning CRFN 2007000282440 as referenced in the Complaint.

12.    All documents concerning the assignment of the mortgage as referenced in the Complaint.

13.    All documents concerning the calculation of $175,141.72 as referenced in the Complaint.

14.    All documents concerning the Defendant's failure to pay as alleged in the Complaint.

15.    All documents concerning how the amount of $175,141.72 was calculated as contained in the Complaint.

16.    All documents concerning payments advanced by the Plaintiff for taxes as alleged in paragraph "Sixth" of the Complaint.

17.    All documents concerning payments advanced by the Plaintiff for insurance as alleged in the Complaint.

18.    All documents concerning payments advanced by the Plaintiff for maintenance as alleged in the Complaint.

19.    All documents concerning payments advanced by the Plaintiff for costs as alleged in the Complaint.

20.    All documents concerning payments advanced by the Plaintiff for allowances as alleged in the Complaint.

21.    All documents concerning payments advanced by the Plaintiff for attorney's fees as alleged in the Complaint.

22.    All documents concerning payments paid or to be paid by the Plaintiff for taxes as alleged in the Complaint.

23.    All documents concerning payments paid or to be paid by the Plaintiff for assessments as alleged in the Complaint.

24.    All documents concerning payments paid or to be paid by the Plaintiff for water rates as alleged in the Complaint.

25.    All documents concerning payments paid or to be paid by the Plaintiff for insurance premiums as alleged in the Complaint.

26.    All documents concerning payments paid or to be paid by the Plaintiff for other charges as alleged in the Complaint.

27.    All documents concerning Plaintiff's compliance with Banking Law Section 595-a.

28.    All documents concerning Plaintiff's compliance with Banking Law Section 6-l.

29.    All documents concerning Plaintiff's compliance with Banking Law Section 6-m.

30.    All documents concerning Plaintiff's compliance with RPAPL 1304.

31.    All documents concerning each and every assignment of the Mortgage concerning the subject property.

32.    All documents concerning each and every assignment of the Note concerning the subject property.

Dated: Jamaica, New York
       February 15, 2010


                              Yours etc.



                              By: Ashmeen Modikhan
                              Defendant Pro Se
                              8710 149th Avenue
                              Howard Beach, NY 11414



To:    Rosicki, Rosicki & Assoc., P.C.
       51 E Bethpage Road
       Plainview, NY 11803

Page 738 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————X

BAC HOME LOANS SERVICING LP F/K/A              **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                               **DEMAND FOR**
                                               **VERIFIED BILL**
                        Plaintiff(s)           **OF PARTICULARS**

        -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                        Defendant(s)

————————————————————X

**S I R S:**

        **PLEASE TAKE NOTICE** that pursuant to Section 3041 to 3044 of the CPLR.,
you are hereby required to serve upon the undersigned a Verified Bill of Particulars
pursuant to the following demand:

    1.    State with particularity whether or not Plaintiff is licensed to do business
          in the State of New York, and if so licensed, provide:
          a.    The date of the license;
          b.    The name of the entity to whom the license was issued;
          c.    The expiry date of the license, if any.
    2.    State the Plaintiff's business address within the State of New York.
    3.    State the Plaintiff's business address of their primary corporate (head)
          office.
    4.    If Plaintiff's head office is in a State other than New York, state whether
          or not Plaintiff is authorized to do business in that State.
    5.    State whether or not the interest rate is fixed or variable, and if variable,
          state:

Page 739 of 863 PageID #:

    a.     The maximum interest rate thereof.

6. State with specificity the terms of agreement whereby **BAC HOME LOANS SERVICING LP** was formerly **COUNTRYWIDE HOME LOANS SERVICING LP**.

7. State whether or not the f/k/a is oral or in writing, and if in writing, provide a legible copy thereof.

8. State whether or not the mortgage herein is registered in the County of Queens as of the date of the commencement of the within action, and state in whose name the mortgage was registered on the said date of commencement of the within action.

9. State the date that the mortgage was assigned to the Plaintiff.

10. State with specificity each and every term of said mortgage assignment including the name of the assignor and the name of the assignee.

11. State the date that the note was assigned to the Plaintiff.

12. State with specificity each and every term of said note assignment including the name of the assignor and the name of the assignee.

13. State whether or the purported mortgage assignment was oral or in writing, and if in writing, provide a legible copy thereof.

14. State whether or the purported note assignment was oral or in writing, and if in writing, provide a legible copy thereof.

15. State each and every term and condition that Plaintiff claims was breached by the Defendant in terms of the note and mortgage as alleged in the Complaint.

16. State the total amount of taxes Plaintiff claims Defendant failed to pay as alleged in the Complaint.

17. List each and every payment Plaintiff has received from Defendant in connection with the mortgage.

18. List each and every payment Plaintiff has received from Defendant in connection with the note.

19. State with specificity how the amount of $175,141.72 was calculated as alleged in the Complaint.

20. State with specificity the legal fees Plaintiff alleges as contained in the Complaint.

21. State with specificity each and every assessment that the Plaintiff has paid to date as alleged in the Complaint.

22. State with specificity each and every taxes that the Plaintiff has paid to date as alleged in the Complaint.

23. State with specificity each and every insurance premium(s) that the Plaintiff has paid to date as alleged in the Complaint.

24. State with specificity each and every other charge(s) that the Plaintiff has paid to date as alleged in the Complaint.

25. State with particularity whether or not Plaintiff is the owner of the subject mortgage as alleged in the Complaint.

26. State with particularity whether or not Plaintiff is the holder of the subject mortgage as alleged in the Complaint.

27. State with particularity whether or not Plaintiff has been delegated with authority to institute the within mortgage foreclosure action, stating:

    a.     By whom and/or which entity delegated the aforesaid authority;

b.   The date of the said delegation of authority;

c.   The name of the person/entity that delegated said authority;

d.   The terms of the delegation of said authority;

e.   Whether or not said delegation was oral or in writing, and if in writing, provide a legible copy thereof.

28.   State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 595-a; stating the date of the alleged act, by whom performed and when performed.

29.   State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-l; stating the date of the alleged act, by whom performed and when performed.

30.   State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-m; stating the date of the alleged act, by whom performed and when performed.

31.   State with specificity each and every act of Plaintiff that verifies compliance with RPAPL 1304; stating the date of the alleged act, by whom performed and when performed.

32.   State with specificity each and every date that the Plaintiff made a mortgage payment demand from the Defendant.

33.   State whether or not these demands were oral or in writing, and if in writing, provide a legible copy thereof.

34.   State whether or not the transfer of the mortgage was duly recorded, and if so, provide a legible copy of proof thereof.

35.   State whether or not the transfer in of the note was duly recorded, and if so, provide a legible copy of proof thereof.

36.   State whether or not Plaintiff paid valuable consideration for the assignment of the mortgage, and if so, how much.

37.   State whether or not Plaintiff paid valuable consideration for the assignment of the note, and if so, how much.

38.   If Plaintiff claims that demand for payment was made, then for each demand: State the date(s) of each and every demand for payment.

39.   State the name of each individual who made the demand.

40.   State the manner in which the notice of default was given to the Defendants, whether in writing or orally.

41.   If in writing, provide legible copies thereof.

42.   If oral, state the contents of said notice.

43.   State with specificity the date that instrument numbered 2007000282440 was signed by both parties thereto.

**PLEASE TAKE FURTHER NOTICE,** that if the above demand is not complied with within the next thirty (30) days, an application will be made to preclude the plaintiff(s) from giving any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

Page 741 of 863 PageID

Dated: Jamaica, New York
February 15, 2010

Yours etc.



By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue
Howard Beach, NY 11414

To: Rosicki, Rosicki & Assoc., P.C.
51 E Bethpage Road
Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45
Case 1-19-44711-nhl Doc Filed Entered
#: 1439
Page 742 of 863 PageID
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

Index No.: 301/10

COMBINED
DEMANDS

Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

_____X

S I R S:

**PLEASE TAKE NOTICE**, that the undersigned attorneys demand that you
furnish the following items:

1. Pursuant to Section 3101(e) of the CPLR, a copy of any statement given
by or on behalf of any answering defendant serving this demand;

2. The names and addresses of each person known or claimed by you or any
party you represent in this action to be a witness to:

a. The occurrence alleged in the complaint in this action; or

b. Any acts, omissions, or conditions which allegedly caused the occurrence
alleged in the complaint; or

c. Any actual notice allegedly given to the defendant answering herein or
any condition which allegedly caused the occurrence alleged in the
complaint; or

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

NYSCEF DOC. NO. 45                                    RECEIVED NYSCEF: 10/28/2022

Page 743 of 863 PageID

     d.    The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

     3.    The name(s) of any and all employees of the Plaintiff during the time that Defendant was an employee of the Plaintiff who interacted with the Defendant regarding the Shares at issue;

     4.    Pursuant to Rule 3120 of the CPLR, a complete copy of the Defendant's employment records for the period during which Defendant was an employed by Plaintiff;

     5.    Pursuant to Rule 2103(e) CPLR, the name and addresses of each party and attorney appearing in this action;

     6.    Identify and state the qualifications of each person whom you intend to call as an expert witness at the time of trial, the content of their expected testimony and the basis of their conclusions;

     7.    The subject matter in reasonable detail upon which the expert is expected to testify;

     8.    A statement of the facts and opinions upon which the expert is expected to testify;

     9.    A detailed summary of those facts and opinions; and

     10.    The resumes of each expert upon whose testimony you will reply upon at the time of trial, concerning the subject lawsuit.

**PLEASE TAKE FURTHER NOTICE,** that upon failure to comply with this demand, the plaintiff(s) will be precluded upon trial of the within action from offering in evidence or testifying as to any of the items requested herein.

**PLEASE TAKE FURTHER NOTICE,** that the within is a continuing request. In the event of any of the above items are obtained after service hereof, they are to be immediately furnished to this office.

**PLEASE TAKE FURTHER NOTICE,** that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.

Dated: Jamaica, New York
     February 15, 2010

Case 1:22-cv-02175-EK-CLP    Document 51-1    Filed 03/05/23    Page 744 of 863 PageID #: 1441

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue  5 N
Howard Beach, NY 11414

To:    Rosicki, Rosicki & Assoc., P.C.
       51 E Bethpage Road
       Plainview, NY 11803

Page 745 of 863 PageID #: 1442
Case 1:22-cv-02715-PKC-LB Document 5-13 Filed 01/05/23
457 of 573

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————— X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

                                Plaintiff(s)

          -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                Defendant(s)

————————————————————— X

Index No.: 301/10

NOTICE FOR
EXAMINATION
BEFORE TRIAL

S I R S:

      **PLEASE TAKE NOTICE,** that pursuant to Rules 3101 and 3107 of the

Civil Practice Law and Rules, the Defendant, **ASHMEEN MODIKHAN,** will cause to

be taken the testimony of Plaintiff, **BAC HOME LOANS SERVICING LP F/K/A**

**COUNTRYWIDE HOME LOANS SERVICING LP** the agents, servants or

employees of said party having knowledge of the subject matter concerning all of the

relevant facts and circumstances in connection with the issues alleged in the pleadings

and said persons to be examined are required to produce the complete file maintained and

all documents with respect to this action.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM   Page 746 of 863 PageID #: 1443

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____X

BAC HOME LOANS SERVICING LP F/K/A            Index No.: 301/10
COUNTRYWIDE HOME LOANS SERVICING LP

                          Plaintiff(s)        **AFFIDAVIT OF**
-against-                                      **SERVICE**

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

                          Defendant(s)
_____X

STATE OF NEW YORK    )
                     ) s.s
COUNTY OF QUEENS     )

          Ashmeen Modikhan, makes oath and swears that deponent served the within Answer and

Discovery Demands on February 17,2010 on :

                          Rosicki, Rosicki & Assoc., P.C.
                          51 E Bethpage Road
                          Plainview, NY 11803

by regular mail, mailing each in a sealed envelope, with postage prepaid thereon and depositing
same in a post office box under the exclusive care and custody of the United States Postal
Service within the State of New York.

                          _____
                          Ashmeen Modikhan
                          Defendant Pro Se
                          8710 149th Avenue, Apt. 5N
                          Howard Beach, NY 11414

_____
NOTARY PUBLIC

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 747 of 863 PageID #: 1444

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------X

BAC HOME LOANS SERVICING LP F/K/A                Index No.: 301/10
COUNTRYWIDE HOME LOANS SERVICING LP

                              Plaintiff(s)

            -against-


ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

                              Defendant(s)
----------------------------------------------------------X

================================================================

ANSWER WITH DISCOVERY DEMANDS

================================================================

ASHMEEN MODIKHAN, Defendant Pro Se
8710 149th Avenue, 5N
Howard Beach, NY 11414

"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"

*To:*
*Attorney(s) for*                    *Service of a copy of the within*
*is hereby admitted*
*Dated:*                             *Attorney(s) for*


*PLEASE TAKE NOTICE*

*NOTICE OF ENTRY*
            *That the within is a (certified) true copy of an ORDER entered in the office of the clerk of the*
*within named court on                              , 200  .*


*NOTICE OF SETTLEMENT*
            *That an Order of which the within is a true copy will be presented for settlement to the*
*Hon.                                one of the judges of the within named court, at*
            *on                              , 200      , at 10:00 A.M.*
*Dated:  Jamaica, New York*
*To:*

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Case 1:22-cv-02725-ERC-LB   Document 5   Filed 01/05/23   Page 748 of 863 PageID #: 1445
NYSCEF DOC. NO. 45
RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 2

# EXHIBIT 2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

NYSCEF DOC. NO. 45

INDEX NO. 705854/2021

Page 749 of 863 PageID

RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

——————————————————————————— X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

**Index No.: 301/10**

**VERIFIED AMENDED
ANSWER WITH
COUNTERCLAIM**

Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

——————————————————————————— X

Defendant(s), **ASHMEEN MODIKHAN**, as and for his/her/their Amended Answer to
Plaintiff's Complaint, respectfully alleges as follows:

    1.    Denies the allegations contained in paragraph(s) 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12,
13 AND 15 of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief in the form alleged of
the allegations contained in paragraph(s) 2 of the Complaint.

    3.    Denies the allegations in the form alleged as contained in paragraph(s) 14 of the
Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

    4.    Plaintiff's Complaint fails to state a cause of action upon which relief may
be granted.

Page 750 of 863 PageID
Case 1:22-cv-07775-ERC-LB   Document 51   Filed 01/05/23
#: 1441

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.      This Court lacks personal jurisdiction over the defendant.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.      This Court lacks jurisdiction for want of proper service.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.      Upon information and belief, Plaintiff has breached his Agreement with Defendant (the Agreement).

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.      The purported agreement (the "Purported Agreement") upon which Plaintiff relies for this action, is not enforceable or binding upon Defendant.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.      Plaintiff has failed to perform under the terms of the Agreement and should therefore be estopped from claiming damages under said Agreement.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

10.     Plaintiff comes to Court with unclean hands and is consequently disentitled to equitable relief.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

11.     Plaintiff is estopped from claiming herein based on the doctrine of waiver.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.     Plaintiff is estopped from claiming herein based on the doctrine of laches.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

13.     Plaintiff has failed to make demand for payment prior to commencing these proceedings.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM          INDEX NO. 705854/2021
NYSCEF DOC. NO. 45                                       RECEIVED NYSCEF: 10/28/2022

Page 751 of 863 PageID
Case 1:22-cv-02475-BKC-LB    Document 5-1    Filed 01/05/23    #: 1146

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.    Plaintiff's action is barred by the applicable Statute of Limitations.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.    Plaintiff's action is barred by the applicable Statute of Frauds.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiff may not maintain their respective cause(s) of action against the
Defendant(s) herein since Plaintiff has alleged conduct of others over whom these
Defendant(s) had no authority and/or control.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.    Each and every cause of action alleged in the Verified Complaint is barred
since there is no privity between Plaintiff and Defendant.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff has failed to register with the Department of State of New York in
order to conduct business in New York.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff failed to abide by the requirements of CPLR 3408 and RPAPL 1304.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff is not authorized to conduct business in New York and as such cannot
maintain the within lawsuit.

## COUNTERCLAIM

### AS AND FOR A FIRST COUNTERCLAIM

21.    Defendant states that the plaintiff herein has filed a frivolous and   fraudulent
lawsuit, causing defendant to suffer damages for malicious prosecution, abuse of process of the
Court and/or wrongful use of Civil   Proceedings resulting in damages in the sum of
$500,000.00 along with attorney's   fees and costs.

**WHEREFORE,** Defendant demands judgment as follows:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45

INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-06245-BMC-LB   Document 51   Filed 01/05/23   Page 752 of 863 PageID #: 1448

    a.    Dismissing the First Cause of Action in its entirety;
    b.    Dismissing the Second Cause of Action in its entirety;
    c.    On the Counterclaim awarding judgment in the sum of $500,000.00 and continuing together with interest, costs, disbursements and attorney's fees;
    d.    Awarding the Defendant the costs and disbursement of the action and such other and further relief as this Court deem just and proper.

**DATED:**    Jamaica, New York
                February 15, 2010

                Yours etc.

                By: Ashmeen Modikhan
                Defendant Pro Se
                8710 149th Avenue
                Howard Beach, NY 11414

To:    Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

———————————————————— X

BAC HOME LOANS SERVICING LP F/K/A        **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                        **DEMAND FOR**
                                        **DISCOVERY AND**
                                        **INSPECTION**
                        Plaintiff(s)

        -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                        Defendant(s)

———————————————————— X

        Pursuant to **CPLR 3120** of the **Civil Practice Law and Rules,** Defendant
requests that Plaintiff produce to plaintiff within 30 days of service hereof, all documents
described below that are within the possession, custody and control of the defendant.

                    **Instructions and Definitions**

    1.    "Complaint" shall mean the complaint of the Plaintiff herein.

    2.    All terms with initial capital letters shall have the meaning set forth in the
          Complaint.

    3.    The terms "and" and "or" shall be construed either disjunctively or
          conjunctively, as is necessary to bring within the scope of a request all
          responsive documents that might be construed as being without its scope.

    4.    "Documents" means all writings, photographs, voice or video recordings
          and data compilations of any kind and in any medium from which
          information can be obtained (translated if necessary by the responding

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45    Page 754 of 863 PageID #: 1451
RECEIVED NYSCEF: 10/28/2022

party into reasonably useable form), including without limitation contracts, agreements, surveys, reports, telephone or other messages, bills, invoices, statements, memoranda, correspondence, notes, loan applications, share vesting documents, diaries, summaries, forms, lists, notes or memoranda of telephone conversations, drawings, graphs, charts, electronic or computerized records or data compilations, e-mails, microfilm records, audiotapes, videotapes and photocopies. The term "documents" specifically includes without limitation drafts of any kind, as well as non-identical copies of other documents.

5. "Concerning" means relating to, referring to, describing, supporting, evidencing, reflecting, constituting or negating.

6. The term "person" means any natural person or any business, legal, governmental or not-for-profit organization, corporation, partnership, entity or association.

7. These requests relate to documents created during, or concerning, the period of employ of the Plaintiff herein by the defendant or any of its associations, subsidiaries, parent companies or corporations.

8. The use of the singular form of any word shall include the plural and vice versa.

9. Each demand herein is continuing in nature so as to require supplemental responses if the defendant responding herein or obliged to respond herein or its attorneys discover that the response was incomplete when made, or if they obtain any further or supplemental responsive information or documents between the time the responses are served and trial of the above captioned action.

10. To the extent a document sought herein was, but is no longer, in the responding defendant's possession, custody or control, such defendant shall state whether the document (i) is missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) has been otherwise disposed of. In each instance, the responding defendant shall explain the circumstances surrounding, and authorization for, such disposition and shall state the date or approximate date thereof, the contents of said document, and the person(s) who authorized the transfer, destruction, or other disposition of said document.

11. If any document responsive to any request herein are withheld from production on the basis of a claim for any privilege or for any other reason, the responding defendant shall identify each such document by its date, author(s), recipient(s), distribution list(s), as well as the relationship of the author(s) to the recipient and person(s) on the distribution list(s) and general subject matter(s), and shall state for each withheld document the

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#. 1452

Page 755 of 863

particular privilege or other justification for non-production that is claimed.


### Documents to Be Produced

1.      All documents concerning the Defendant(s), **ASHMEEN MODIKHAN**.

2.      All documents concerning **BAC HOME LOAN SERVICING LP** as a Bank licensed in the State of New York.

3.      All documents concerning **BAC HOME LOAN SERVICING LP** F/K/A **COUNTRYWIDE HOME LOANS SERVICING LP** regarding this Defendant.

4.      All documents concerning and including the Note as referenced in the Complaint.

5.      All documents concerning and including the Mortgage as referenced in the Complaint regarding this Defendant.

6.      All documents concerning the name of the bank as mortgagee of the subject premises as referenced in the Complaint.

7.      All documents concerning the Mortgage instrument number as referenced in the Complaint.

8.      All documents concerning plaintiff's claim to be the owner and holder of the mortgage as referenced in the Complaint.

9.      All documents concerning plaintiff's claim to be the owner and holder of the note as referenced in the Complaint.

10.     All documents concerning plaintiff's claim to have been delegated the authority to foreclose as contained in the Complaint.

11.     All documents concerning CRFN 2007000282440 as referenced in the Complaint.

12.     All documents concerning the assignment of the mortgage as referenced in the Complaint.

13.     All documents concerning the calculation of $175,141.72 as referenced in the Complaint.

14.     All documents concerning the Defendant's failure to pay as alleged in the Complaint.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                RECEIVED NYSCEF: 10/28/2022

15.     All documents concerning how the amount of $175,141.72 was calculated as contained in the Complaint.

16.     All documents concerning payments advanced by the Plaintiff for taxes as alleged in paragraph "Sixth" of the Complaint.

17.     All documents concerning payments advanced by the Plaintiff for insurance as alleged in the Complaint.

18.     All documents concerning payments advanced by the Plaintiff for maintenance as alleged in the Complaint.

19.     All documents concerning payments advanced by the Plaintiff for costs as alleged in the Complaint.

20.     All documents concerning payments advanced by the Plaintiff for allowances as alleged in the Complaint.

21.     All documents concerning payments advanced by the Plaintiff for attorney's fees as alleged in the Complaint.

22.     All documents concerning payments paid or to be paid by the Plaintiff for taxes as alleged in the Complaint.

23.     All documents concerning payments paid or to be paid by the Plaintiff for assessments as alleged in the Complaint.

24.     All documents concerning payments paid or to be paid by the Plaintiff for water rates as alleged in the Complaint.

25.     All documents concerning payments paid or to be paid by the Plaintiff for insurance premiums as alleged in the Complaint.

26.     All documents concerning payments paid or to be paid by the Plaintiff for other charges as alleged in the Complaint.

27.     All documents concerning Plaintiff's compliance with Banking Law Section 595-a.

28.     All documents concerning Plaintiff's compliance with Banking Law Section 6-l.

29.     All documents concerning Plaintiff's compliance with Banking Law Section 6-m.

30.     All documents concerning Plaintiff's compliance with RPAPL 1304.

31.　All documents concerning each and every assignment of the Mortgage concerning the subject property.

32.　All documents concerning each and every assignment of the Note concerning the subject property.

Dated: Jamaica, New York
　　　　February 15, 2010

Yours etc.

_____

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue
Howard Beach, NY 11414

To:　Rosicki, Rosicki & Assoc., P.C.
　　　51 E Bethpage Road
　　　Plainview, NY 11803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____X

BAC HOME LOANS SERVICING LP F/K/A                    **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                                     **DEMAND FOR**
                                                     **VERIFIED BILL**
                                 Plaintiff(s)         **OF PARTICULARS**

                    -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                 Defendant(s)

_____X

**S I R S:**

   **PLEASE TAKE NOTICE** that pursuant to Section 3041 to 3044 of the CPLR.,
you are hereby required to serve upon the undersigned a Verified Bill of Particulars
pursuant to the following demand:

   1.    State with particularity whether or not Plaintiff is licensed to do business
         in the State of New York, and if so licensed, provide:
         a.    The date of the license;
         b.    The name of the entity to whom the license was issued;
         c.    The expiry date of the license, if any.
   2.    State the Plaintiff's business address within the State of New York.
   3.    State the Plaintiff's business address of their primary corporate (head)
         office.
   4.    If Plaintiff's head office is in a State other than New York, state whether
         or not Plaintiff is authorized to do business in that State.
   5.    State whether or not the interest rate is fixed or variable, and if variable,
         state:

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#.1436
Page 759 of 863 PageID
NYSCEF DOC. NO. 45                                RECEIVED NYSCEF: 10/28/2022

a.   The maximum interest rate thereof.

6.   State with specificity the terms of agreement whereby **BAC HOME LOANS SERVICING LP** was formerly **COUNTRYWIDE HOME LOANS SERVICING LP**.

7.   State whether or not the f/k/a is oral or in writing, and if in writing, provide a legible copy thereof.

8.   State whether or not the mortgage herein is registered in the County of Queens as of the date of the commencement of the within action, and state in whose name the mortgage was registered on the said date of commencement of the within action.

9.   State the date that the mortgage was assigned to the Plaintiff.

10.  State with specificity each and every term of said mortgage assignment including the name of the assignor and the name of the assignee.

11.  State the date that the note was assigned to the Plaintiff.

12.  State with specificity each and every term of said note assignment including the name of the assignor and the name of the assignee.

13.  State whether or the purported mortgage assignment was oral or in writing, and if in writing, provide a legible copy thereof.

14.  State whether or the purported note assignment was oral or in writing, and if in writing, provide a legible copy thereof.

15.  State each and every term and condition that Plaintiff claims was breached by the Defendant in terms of the note and mortgage as alleged in the Complaint.

16.  State the total amount of taxes Plaintiff claims Defendant failed to pay as alleged in the Complaint.

17.  List each and every payment Plaintiff has received from Defendant in connection with the mortgage.

18.  List each and every payment Plaintiff has received from Defendant in connection with the note.

19.  State with specificity how the amount of $175,141.72 was calculated as alleged in the Complaint.

20.  State with specificity the legal fees Plaintiff alleges as contained in the Complaint.

21.  State with specificity each and every assessment that the Plaintiff has paid to date as alleged in the Complaint.

22.  State with specificity each and every taxes that the Plaintiff has paid to date as alleged in the Complaint.

23.  State with specificity each and every insurance premium(s) that the Plaintiff has paid to date as alleged in the Complaint.

24.  State with specificity each and every other charge(s) that the Plaintiff has paid to date as alleged in the Complaint.

25.  State with particularity whether or not Plaintiff is the owner of the subject mortgage as alleged in the Complaint.

26.  State with particularity whether or not Plaintiff is the holder of the subject mortgage as alleged in the Complaint.

27.  State with particularity whether or not Plaintiff has been delegated with authority to institute the within mortgage foreclosure action, stating:

a.   By whom and/or which entity delegated the aforesaid authority;

Page 760 of 863 PageID

b.    The date of the said delegation of authority;

c.    The name of the person/entity that delegated said authority;

d.    The terms of the delegation of said authority;

e.    Whether or not said delegation was oral or in writing, and if in writing, provide a legible copy thereof.

28.    State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 595-a; stating the date of the alleged act, by whom performed and when performed.

29.    State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-l; stating the date of the alleged act, by whom performed and when performed.

30.    State with specificity each and every act of Plaintiff that verifies compliance with Banking Law 6-m; stating the date of the alleged act, by whom performed and when performed.

31.    State with specificity each and every act of Plaintiff that verifies compliance with RPAPL 1304; stating the date of the alleged act, by whom performed and when performed.

32.    State with specificity each and every date that the Plaintiff made a mortgage payment demand from the Defendant.

33.    State whether or not these demands were oral or in writing, and if in writing, provide a legible copy thereof.

34.    State whether or not the transfer of the mortgage was duly recorded, and if so, provide a legible copy of proof thereof.

35.    State whether or not the transfer in of the note was duly recorded, and if so, provide a legible copy of proof thereof.

36.    State whether or not Plaintiff paid valuable consideration for the assignment of the mortgage, and if so, how much.

37.    State whether or not Plaintiff paid valuable consideration for the assignment of the note, and if so, how much.

38.    If Plaintiff claims that demand for payment was made, then for each demand: State the date(s) of each and every demand for payment.

39.    State the name of each individual who made the demand.

40.    State the manner in which the notice of default was given to the Defendants, whether in writing or orally.

41.    If in writing, provide legible copies thereof.

42.    If oral, state the contents of said notice.

43.    State with specificity the date that instrument numbered 2007000282440 was signed by both parties thereto.


**PLEASE TAKE FURTHER NOTICE,** that if the above demand is not complied with within the next thirty (30) days, an application will be made to preclude the plaintiff(s) from giving any evidence thereof upon the trial of this action, pursuant to the aforementioned rules.

Case 1:12-cv-02115-FB-CLP Document 9 Filed 5/16/13 Page 761 of 863 PageID #: 1436

Dated: Jamaica, New York
February 15, 2010

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue
Howard Beach, NY 11414

To:     Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 45 RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45
Page 762 of 863 PageID
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

————————————————————————X

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP

**Index No.: 301/10**

**COMBINED
DEMANDS**

Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

Defendant(s)

————————————————————————X

**S I R S:**

    **PLEASE TAKE NOTICE,** that the undersigned attorneys demand that you
furnish the following items:

    1.    Pursuant to Section 3101(e) of the CPLR, a copy of any statement given
by or on behalf of any answering defendant serving this demand;

    2.    The names and addresses of each person known or claimed by you or any
party you represent in this action to be a witness to:

        a.    The occurrence alleged in the complaint in this action; or

        b.    Any acts, omissions, or conditions which allegedly caused the occurrence
            alleged in the complaint; or

        c.    Any actual notice allegedly given to the defendant answering herein or
            any condition which allegedly caused the occurrence alleged in the
            complaint; or

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 45                                    RECEIVED NYSCEF: 10/28/2022

Page 763 of 863 PageID
Case 1:22-cv-00715-PKC-LB    Document 51    Filed 01/05/23
#: 1400

d.     The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

3.     The name(s) of any and all employees of the Plaintiff during the time that Defendant was an employee of the Plaintiff who interacted with the Defendant regarding the Shares at issue;

4.     Pursuant to Rule 3120 of the CPLR, a complete copy of the Defendant's employment records for the period during which Defendant was an employed by Plaintiff;

5.     Pursuant to Rule 2103(e) CPLR, the name and addresses of each party and attorney appearing in this action;

6.     Identify and state the qualifications of each person whom you intend to call as an expert witness at the time of trial, the content of their expected testimony and the basis of their conclusions;

7.     The subject matter in reasonable detail upon which the expert is expected to testify;

8.     A statement of the facts and opinions upon which the expert is expected to testify;

9.     A detailed summary of those facts and opinions; and

10.     The resumes of each expert upon whose testimony you will reply upon at the time of trial, concerning the subject lawsuit.


PLEASE TAKE FURTHER NOTICE, that upon failure to comply with this demand, the plaintiff(s) will be precluded upon trial of the within action from offering in evidence or testifying as to any of the items requested herein.


PLEASE TAKE FURTHER NOTICE, that the within is a continuing request. In the event of any of the above items are obtained after service hereof, they are to be immediately furnished to this office.


PLEASE TAKE FURTHER NOTICE, that upon your failure to produce, identify, state and provide the aforesaid items at the time and place required in this request, a motion will be made for the appropriate relief to this Court.


Dated: Jamaica, New York
           February 15, 2010

Case 1:22-cv-06778-PKC-LB Document 72 Filed 03/06/23 #: 1461

Yours etc.

By: Ashmeen Modikhan
Defendant Pro Se
8710 149th Avenue 5N
Howard Beach, NY 11414

To:     Rosicki, Rosicki & Assoc., P.C.
        51 E Bethpage Road
        Plainview, NY 11803

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

———————————————————————X

BAC HOME LOANS SERVICING LP F/K/A                    Index No.: 301/10
COUNTRYWIDE HOME LOANS SERVICING LP

                                                     NOTICE FOR
                                                     EXAMINATION
                                                     BEFORE TRIAL
                                    Plaintiff(s)

                     -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.;
NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT
ADJUDICATION BUREAU; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW
YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities
or persons who claim, or may claim, a lien against the
premises,

                                    Defendant(s)

———————————————————————X

**S I R S:**

      **PLEASE TAKE NOTICE,** that pursuant to Rules 3101 and 3107 of the

Civil Practice Law and Rules, the Defendant, **ASHMEEN MODIKHAN,** will cause to

be taken the testimony of Plaintiff, **BAC HOME LOANS SERVICING LP F/K/A**

**COUNTRYWIDE HOME LOANS SERVICING LP** the agents, servants or

employees of said party having knowledge of the subject matter concerning all of the

relevant facts and circumstances in connection with the issues alleged in the pleadings

and said persons to be examined are required to produce the complete file maintained and

all documents with respect to this action.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM    Page 766 of 863 Page ID
#: 1403
NYSCEF DOC. NO. 45                                 RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

_____ X

BAC HOME LOANS SERVICING LP F/K/A                    **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

                                Plaintiff(s)          **AFFIDAVIT OF**
                                                      **SERVICE**
-against-

**ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES"**, said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

                                Defendant(s)
_____ X

**STATE OF NEW YORK** )
                       s.s
**COUNTY OF QUEENS** )


        Ashmeen Modikhan, makes oath and swears that deponent served the within Answer and

Discovery Demands on February 17,2010 on :

                        Rosicki, Rosicki & Assoc., P.C.
                        51 E Bethpage Road
                        Plainview, NY 11803

by regular mail, mailing each in a sealed envelope, with postage prepaid thereon and depositing
same in a post office box under the exclusive care and custody of the United States Postal
Service within the State of New York.


                                        Ashmeen Modikhan
                                        Defendant Pro Se
                                        8710 149th Avenue, Apt. 5N
                                        Howard Beach, NY 11414



NOTARY PUBLIC

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 767 of 863 PageID #: 1464

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

_____X

BAC HOME LOANS SERVICING LP F/K/A                    **Index No.: 301/10**
COUNTRYWIDE HOME LOANS SERVICING LP

Plaintiff(s)

-against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC.; NEW YORK STATE DEPARTMENT OF TAXATION
AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION
BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKINGS VIOLATIONS BUREAU;
"JOHN DOES" and "JANE DOES", said names being fictitious, parties
intended being possible tenants or occupants of premises, and
corporations, other entities or persons who claim, or may claim, a lien
against the premises,

Defendant(s)

_____X

## ANSWER WITH DISCOVERY DEMANDS

**ASHMEEN MODIKHAN, Defendant Pro Se**
8710 149th Avenue, 5N
Howard Beach, NY 11414

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

To:
Attorney(s) for                              Service of a copy of the within
is hereby admitted
Dated:                                       Attorney(s) for

*PLEASE TAKE NOTICE*

*NOTICE OF ENTRY*
       That the within is a (certified) true copy of an ORDER entered in the office of the clerk of the
within named court on                              , 200 .

*NOTICE OF SETTLEMENT*
       That an Order of which the within is a true copy will be presented for settlement to the
Hon.                              one of the judges of the within named court, at
       on                              , 200    , at 10:00 A.M.
Dated:   Jamaica, New York
To:

Case 1:22-cv-07775-BMC-LB   Document 5-1   Filed 01/05/23   Page 768 of 863 PageID #: 1468

# EXHIBIT 3

# EXHIBIT 3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 46
RECEIVED NYSCEF: 10/28/2022

Page 769 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP,

Index No. 301/10

                                Plaintiff,

          -against-

ASHMEEN MODIKHAN; BOARD OF MANAGERS OF
THE PATCHOGUE HOMES CORP. CONDOMINIUM
NO. 2; MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC.; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY TRANSIT ADJUDICATION BUREAU;
NEW YORK CITY ENVIRONMENTAL CONTROL
BOARD; NEW YORK CITY PARKING VIOLATIONS
BUREAU; and JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended being possible
tenants or occupants of premises, and corporations, other
entities or persons who claim, or may claim, a lien against
the premises,

                              Defendants.
----------------------------------------------------------------------x

**REPLY TO
COUNTERCLAIM**

      Plaintiff, BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME

LOANS SERVICING LP, by its attorney Rosicki, Rosicki & Associates, PC, as and for a Reply

to the Counterclaim in the Amended Answer of ASHMEEN MODIKHAN, hereby alleges the

following:

      1.     Denies the allegations in paragraph 21 of the Answer.

               **FIRST AFFIRMATIVE DEFENSE**

      2.     The counterclaim, in whole or in part, fails to state a cause of action against the

plaintiff, inasmuch as the commencement of a lawsuit does not constitute abuse of process or

malicious prosecution.

## SECOND AFFIRMATIVE DEFENSE

3.      Damages, if any, alleged to have been sustained by defendant, were caused, in whole or in part, by the culpable conduct of the defendant and/or his actions.

**WHEREFORE**, the plaintiff respectfully requests judgment dismissing the defendant's Counterclaim and granting the relief requested in the plaintiff's complaint, together with such other and further relief as this Court deems just and proper.

Dated:  February 24, 2010
         Plainview, New York

ROSICKI, ROSICKI & ASSOCIATES, P.C.

By: _____
        Andrew Morganstern, Esq.
Attorneys for Plaintiff
51 E. Bethpage Road
Plainview, NY 11803
516-741-2585 x121

TO:     ASHMEEN MODIKHAN
        Pro-Se Defendant
        87-10 149th Avenue, 5N
        Howard Beach, NY 11414

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM        INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM        RECEIVED NYSCEF: 12/07/2022
NYSCEF DOC. NO. 46                                    RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------x
BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS SERVICING LP,

                                  Plaintiff,               Index No.:301/10

          -against-                            **AFFIDAVIT OF MAILING**

ASHMEEN MODIKHAN, et al.,

                                 Defendants.
-------------------------------------------------------------------x
STATE OF NEW YORK    )
                        ) ss.:
COUNTY OF NASSAU    )

        Michael Savelli, being duly sworn, deposes and says:

        That I am not a party to the action, am over the age of 18 years and reside in Suffolk County, New York.

        That on February 24, 2010 deponent served the within Reply to Counterclaim, by depositing a true copy thereof in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

        ASHMEEN MODIKHAN
        Pro-Se Defendant
        87-10 149th Avenue, 5N
        Howard Beach, NY 11414

                                                  Michael Savelli

Sworn to before me on this

24th day of February 2010

        Notary Public

                 Frances E. Hopkins
           Notary Public, State of New York
              Qualified in Nassau County
                ID# 02HO6132473
        My commission expires August 29, 20 13

Case 1:22-cv-02175-PKC-LB   Document 5-1   Filed 04/05/23   Page 772 of 863 PageID #: 1480

Index No.:301/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE HOME LOANS
SERVICING LP,

                           Plaintiff,

        -against-

ASHMEEN MODIKHAN, et al.,

                          Defendants.

## REPLY TO COUNTERCLAIM

ROSICKI, ROSICKI & ASSOCIATES, P.C.

By:_____
        Andrew Morganstern, Esq.
        Attorneys for Plaintiff
        51 E Bethpage Road
        Plainview, NY 11803
        516-741-2585
        RR&A No.: 09-117526

# EXHIBIT 4

# EXHIBIT 4

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 47
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 47
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07111-AMD-LB Document 1-19 Filed 11/25/22
#:1471

FILED

FEB 01 2017

COUNTY CLERK
QUEENS COUNTY

· Short Form Order

## NEW YORK SUPREME COURT - QUEENS COUNTY

Present:     Honorable  MARTIN J. SCHULMAN
                          Justice

Mortgage Foreclosure
Part

---

BAC HOME LOANS SERVICING LP F/K/S
COUNTRY WIDE HOME LOAN SERVICING, LP,

                                              Plaintiff,

          -against-

ASHMEEN MODIKAN, *et. al.,*

                                        Defendants.

Index No.: 301/10

Motion Date: 11/29/16

Seq. No.: 1

---

The following papers numbered 1 to 8 read on this motion by plaintiff for an order vacating the dismissal imposed on July 23, 2014, and restoring this action to active status, and to appoint a referee to compute, and upon the cross-motion by defendant Ashmeen Modikhan for an order pursuant to *CPLR § 213(4)* dismissing the action

|                                                      | PAPERS NUMBERED |
| ---------------------------------------------------- | --------------- |
| Notice of Motion-Affidavits-Exhibits ................................. | 1-3 |
| Notice of Cross Motion-Affidavits-Exhibits............................ | 4-6 |
| Affidavit In Opposition............................................... | 7-8 |

     Upon the foregoing papers, it is hereby ordered that this motion by the plaintiff for an order vacating the dismissal imposed on July 23, 2014,  to  restore this action to active status, and to appoint a referee to compute is granted, and the cross-motion by defendant Ashmeen Modikhan ("Modikhan") for an order pursuant to *CPLR § 213(4)* dismissing the action as time barred by the statute of limitations is denied, as follows:
     This is an action to foreclose upon a mortgage on real property located in Queens County, known as 8710 149th Avenue, Howard Beach, New York 11414, Block No. 11417, Lot 4513, pursuant to a mortgage dated April 24, 2007, made by Modikan to Countrywide Home Loans., Inc., which mortgage was recorded in the Office of the Clerk of the County of Queens on May 31, 2007.  Copies of the of the Note and Mortgage are annexed to the moving papers.
     On January 6, 2010, the summons and complaint, and Notice of Pendency were served on Modikhan and filed in the office of the County Clerk.  Modikhan appeared in this action on February 17, 2010, and filed his answer with counterclaims and discovery demands.  Copies of the summons and complaint, Notice of Pendency, affidavits of

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#. 1472
NYSCEF DOC. NO. 47 RECEIVED NYSCEF: 10/28/2022

service, and Notices of Appearance are annexed to the moving papers.

A foreclosure settlement conference was conducted pursuant to *CPLR § 3408* on April 28, 2010. For the next four years no action was taken by plaintiff until May, 2014, when the court notified the parties to appear at a status conference on June 4, 2014. On that date, counsel for plaintiff appeared, and the court directed plaintiff to file both an Affirmation of Merit pursuant to Administrative Order 208/13, and an Order of Reference, prior to a final conference to be held on July 23, 2014. Neither Modikhan nor his attorney appeared on June 4, 2014. On the adjourned date of July 23, 2014, both plaintiff and Modikhan failed to appear, and the case was dismissed. Plaintiff alleges in the moving papers that prior to the July 23, 2014 conference, the file was transferred from its original attorneys, Rosicki, Rosicki and Associates to Leopold and Associates.

Plaintiff now moves to vacate the dismissal on the basis that on the date the action was dismissed, the case was in the process of being transferred from Rosicki to Leopold and Associates, and Leopold had not been formally substituted into the case. A consent to change attorney was not filed by Leopold and Associates until August 6, 2014, two weeks after the conference date. Thereafter, on June 3, 2015, the case was transferred to its current counsel, Clarfield, Okun, Salamone & Pincus. After the transfer to Clarfield, Okun, the subject mortgage loan was transferred on June 26, 2015 from Ocwen Loan Servicing, LLC to Fay Servicing, LLC.

Modikhan has served a cross-motion to dismiss this case pursuant to CPLR§ 213(4) on the basis that the action is time-barred by the statute of Limitations.

A foreclosure action is equitable in nature, and triggers the equitable powers of the court, *See, Norwest Bank Minnesota, NA v E.M.V. Realty Corp., 94 AD3d 835*; *Mortgage Elec. Registration Sys., Inc. v Horkan, 68 AD3d 948.*

It is well settled that a plaintiff seeking to vacate a default in appearing must demonstrate both a reasonable excuse for the default and a meritorious cause of action. *See, CPLR §5015(a)(1); Euguene DiLorenzo, Inc. v Dutton Lbr. Co., 67 NY2d 138; Golden V. Romanowski, 128 AD3d 1009; Goldenberg v Goldenberg, 123 AD3d 761; Apladenaki v Greepoint Mtge. Funding, In., 117 AD3d 975.* The determination of what constitutes a reasonable excuse generally lies within the sound discretion of the court. *See, Madonna Mgt. Servs., Inc. v. R. S. Naghavi M. D. PLLC, 123 AD3d 986; 9 Bros. Bldg. Supply Corp. v Buoramicia, 106 AD3d 968.* In making that determination, the court should consider relevant factors such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits. *See, Lyubomissty v Lubov Arulin, PLLC, 125 AD3d 614; Fried v Jacob Holding, Inc, 110 AD3d 56.*

Here, the court finds that plaintiff has offered a credible explanation for the default in appearing which led to the dismissal of this case, having established delay in the substitution of counsel, and delay in the service transfer of the subject mortgage loan.

Plaintiff has also demonstrated a meritorious cause of action, having annexed an

2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021

NYSCEF DOC. NO. 47    Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 776 of 863 PageID #:    RECEIVED NYSCEF: 10/28/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM    INDEX NO. 705854/2021

NYSCEF DOC. NO. 47    RECEIVED NYSCEF: 10/28/2022

affidavit from the mortgage loan servicer to plaintiff, and the attorney affirmation required by the Administrative Order. *See, LaSalle Bank, N.A., v Pace, 100 AD3d 970.*

Here, there are no allegations of willful or contumacious behavior on the part of counsel prior to the dismissal date, nor is there any demonstration of prejudice to the defendant. Modikhan does not deny that he has been in default in making any payments on the subject mortgage loan since 2009. Furthermore, Modikhan received a discharge from personal liability on the loan in a prior bankruptcy proceeding he commenced on October 12, 2012. A copy of the PACER Bankruptcy Search Record is annexed to the opposition papers.

As plaintiff has established a reasonable excuse in not appearing on July 23, 2014 and a meritorious cause of action, and Modikhan does not deny that he has been in default of the subject loan for more than six years since 2009, and that he also received a discharge from personal liability through bankruptcy, that branch of the motion which seeks to vacate the dismissal and to restore this case to active status is granted.

Accordingly, the dismissal imposed on July 23, 2014 is hereby vacated. This case shall be restored to the Foreclosure Status Conference Part for Wednesday, September 20, 2017, at 9:30 A.M.

Upon the payment of any required fees, the plaintiff shall file and serve a new Notice Pendency in this matter. RPAPL § 1331.

That branch of the motion which seeks an order of Reference is denied with leave to renew before Hon. Kevin J. Kerrigan, on or before the September 20, 2017 conference date.

The cross-motion by Modikhan for an order dismissing this action pursuant to CPLR §213(4) based upon the expiration of the statute of limitations is denied. CPLR § 213(4) provides that certain actions must be commenced within 6 years including "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or a note and mortgage so secured, or upon a mortgage of real property, or any interest therein, See, CPLR §213(4). The statute of limitations in a mortgage foreclosure action begins to run six years from the due date for each installment or the time the mortgagee is entitled to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought. Inasmuch as this action was timely commenced on January 6, 2010, as a result of defendant's default in tendering payments due to plaintiff beginning April 1, 2009, the cross-motion is denied.

This constitutes the decision and order of this court.

Dated: January 5, 2017

_____
J. S. C.

FILED

FEB 0 1 2017

COUNTY CLERK
QUEENS COUNTY

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Case 1:22-cv-02725-DrC1B   Document 5-1   Filed 01/05/23   Page 777 of 863 PageID #: 1474
RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 5

# EXHIBIT 5

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#. 1475
Page 778 of 863
RECEIVED NYSCEF: 10/28/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

BAC HOME LOANS SERVICING LP F/K/S
COUNTRYWIDE HOME LOANS SERVICING, LP.,

**NOTICE OF PENDENCY**

INDEX # 301/2010

Plaintiff,

-against-

Original Filed with Clerk on
January 6, 2010

ASHMEEN MODIKHAN; BOARD OF MANAGERS
OF THE PATCHOGUE HOMES CORP.
CONDOMINIUM NO. 2; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,
AS NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC.; NEW YORK STATE DEPARTMENT
OF TAXATION AND FINANCE; NEW YORK CITY
TRANSIT ADJUDICATION BUREAU; NEW YORK
CITY ENVIRONMENTAL CONTROL BOARD;
NEW YORK CITY PARKING VIOLATIONS
BUREAU; "JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended being possible
tenants or occupants of premises, and corporations,
other entities or persons who claim or may claim , a lien
against the premises,

Defendants.

---

NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this
Court upon the complaint of the above-named plaintiff and against the above-named defendants
for the foreclosure of a certain mortgage, dated April 24, 2007 and recorded in the Office of the
City Register of The City of New York on May 31,2007 at CRFN # 2007000282440. Thereafter,
said mortgage was assigned to BAC HOME LOANS SERVICING LP F/K/A COUNTRYWIDE
HOME LOANS SERVICING, LP by assignment of mortgage recorded on January 29, 2010 in the
Office of The City Register of The City of New York at CRFN # 2010000034349. Thereafter, said
mortgage was then assigned to CHRISTIANA TRUST, A DIVISION OF WILMINGTON

Page 779 of 863 PageID #: 1476

SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3 by assignment of mortgage recorded on June 13, 2014 in the Office of The City Register of The City of New York at CRFN # 2014000203670.     AND, NOTICE IS FURTHER GIVEN that the mortgaged premises affected by the said foreclosure action, were at the time of the commencement of this action and at the time of the filing of this Notice situated in the County of Queens and State of New York, designated as 8710 149th Avenue, Howard Beach, NY 11414 designated as Block 11417, Lot 4513, and are more fully described in **Schedule A** annexed hereto.

The Queens County Clerk is directed to index this Notice to the names of the defendants, and against the property identified above.

Dated: Uniondale, New York
_April 5_____, 2017

Respectfully submitted,

PINCUS LAW GROUP, PLLC,

By: _____

Margaret Burke Tarab, Esq.
*Attorneys for Plaintiff*
425 RXR Plaza
Uniondale, NY 11556
516-699-8902

Page 780 of 863 Page 10

**ALL** that certain plot, piece or parcel of land, situate lying in the Borough and County of Queens, City and State of New York and being a part of a Condominium in known and designated as *Apartment Unit Number 4513;*

The real property above described is a Unit shown on the floor plans of a Condominium prepared by Horacek, Schoppe and Haubenreich, Licensed of 487 Westbury Avenue, Carle Place, New York and Verified by Benjamin Braunstein, A.I.A. Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York and County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration entitled, *"Patchogue Homes Corp. Condominium No. 2"*, and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Page 600 Section 50, Block 11417.

*TOGETHER with a .57692 percent individual interest in the common elements* of the constituting Real Property of the Condominium hereinafter described as the same is defined in the Declaration of Condominium hereinafter referred to.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 48
Page 781 of 863 PageID
#: 1478
RECEIVED NYSCEF: 10/28/2022

Index No.: 301/2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB,
NOT IN ITS INDIVIDUAL CAPACITY BUT AS TRUSTEE OF ARLP TRUST 3,

Plaintiff,

--- against ---

ASHMEEN MODIKHAN, ET AL.,

Defendants.

## NOTICE OF PENDENCY

**PINCUS LAW GROUP, PLL.**
*Attorneys for Plaintiff*
425 RXR Plaza
Uniondale, NY 11556
Phone 516-699-8902

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

NYSCEF DOC. NO. 49

RECEIVED NYSCEF: 10/28/2022

Page 782 of 863 PageID

Case 1:22-cv-02135-PKC-LB   Document 51   Filed 03/05/23
#: 1475

# EXHIBIT 6

# EXHIBIT 6

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 49
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022
RECEIVED NYSCEF: 10/28/2022
Page 783 of 863
#: 1480

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J. C. S.

IAS PART 29

BAC HOME LOANS SERVICING LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP.,

Plaintiffs,

Index No.: 301/2010

Motion Date: 1/8/18

Motion Seq. No.: 2

-against-

Dated: 1/12/18

ASHMEEN MODIKHAN, BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIMUM NO.2, et.al.,

Defendants.

FILED
JAN 31 2018
COUNTY CLERK
QUEENS COUNTY

This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b)
granting summary judgment to plaintiff and dismissing the answers and the
counterclaims, (2) to amend the caption to substitute John Modikhan, as a party
defendant in place of "John Doe", to include Unit 5N as the address of the property, and
to reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman
2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be
in default; (4) to appoint a referee to compute, and for other related relief is granted,
without opposition.

Submit Order.

J. S. C.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

INDEX NO. 705854/2021

NYSCEF DOC. NO. 49

RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 784 of 863 PageID

SEQUENCE NO. 2

At I.A.S. Part- TSP of the Supreme
Court of the State of New York, held in
and for the County of Queens, at the
Courthouse thereof, 88-11 Sutphin Blvd,
Jamaica, New York 11435 on the 4th
day of ___June___,
20 18.

PRESENT: Hon. Martin J. Schulman
Justice of the Supreme Court

----------------------------------------------------------x

BAC HOME LOANS SERVICING LP
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP.

                        **Plaintiff**

Order of Reference

            **-vs-.**

Index No. 301/2010

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY
PARKING VIOLATIONS BUREAU,
"JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended
being possible tenants or occupants of
premises, and corporations, other entities
or persons who claim or may claim, a lien
against the premises,



FILED
JUN 1 8 2018
COUNTY CLERK
QUEENS COUNTY

                       **Defendant(s)**

----------------------------------------------------------x

     ON the Summons, Complaint and Notice of Pendency duly filed in this

action in the Office of the County Clerk of the County of Queens on January 06, 2010, and

due proof that all defendants have been duly served with said process or have voluntarily appeared in this action and

Upon reading and filing the Notice of Motion dated December 11, 2017 the affirmation of Kathleen Puscheck, Esq. dated December 11, 2017, the affidavit of Joelle E. Bonin, duly sworn to December 8, 2017, with exhibits annexed, showing what proceedings have heretofore been had herein, and all the papers on file in this action and due deliberation having been had thereon and upon reading and filing the decision of the Court dated _January 12,2018_ it is;

NOW, upon motion of Gross Polowy, LLC, attorney for the Plaintiff, it is

ORDERED, that the application is granted, without opposition; and it is further

ORDERED, that defendants Board of Managers of The Patchogue Home Corp. Condominium No. 2, Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., New York State Department of Taxation and Finance, New York City Transit Adjudication Bureau, New York City Environmental Control Board, New York City Parking Violations Bureau and John Modikhan have not appeared or answered in this matter and are deemed in default; and it is further

ORDERED, that the Answer of the Defendant Ashmeen Modikhan be, and the same is hereby, stricken and the Plaintiff herein is awarded Summary Judgment against said Defendant; and it is further

ORDERED, that this action be, and the same is hereby referred to:

_Morton Povman, ESQ_ of
_108-18 Queens Blvd, Floor 5, Forest Hills, N.Y. 11375,_ as Referee to ascertain and compute the amount due

to the Plaintiff for principal, interest and other disbursements advanced as provided for in

the note and mortgage upon which this action was brought, to examine and report whether

or not the mortgaged premises can be sold in parcels, and that the Referee make his/her

report to the Court with all convenient speed; and it is further

ORDERED, that the caption of this action be amended by substituting John

Modikhan in place of John Doe and it is further

ORDERED, that the caption of this action be amended to reflect the plaintiff

as US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust;

and it is further

ORDERED, that the caption of this action be amended, *nunc pro tunc*, to

include Unit 5N in the address of the property; and it is further

ORDERED, that the title of the action, as amended, shall henceforth read as

follows:

Supreme Court of the State of New York
County of Queens
-------------------------------------------------------------------x
US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                  Plaintiff,

-vs.-

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT

**INDEX NO: 301/2010**

3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 49
INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 787 of 863 PageID

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 49
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN
MODIKHAN,

                Defendant(s)

----------------------------------------------------------x  and it is further

        ORDERED, that the Referee appointed herein is subject to the requirements of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the appointing Justice forthwith; and it is further

        ORDERED, that a copy of this Order with Notice of Entry shall be served upon the owner of the equity of redemption, any tenants named in this action and any other party entitled to notice.



E N T E R :

_____
Justice of the Supreme Court

FILED
JUN 18 2018
COUNTY CLERK
QUEENS COUNTY

4

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

**By: MARTIN J. SCHULMAN, J. C. S.**                    **IAS PART 29**

---

**BAC HOME LOANS SERVICING LP F/K/A**          **Index No.: 301/2010**
**COUNTRYWIDE HOME LOANS**
**SERVICING, LP.,**                             **Motion Date: 1/8/18**
                          Plaintiffs,
                                                **Motion Seq. No.: 2**


                    -against-                   **Dated: 1/12/18**


**ASHMEEN MODIKHAN, BOARD OF MANAGERS**
**OF THE PATCHOGUE HOME CORP.**
**CONDOMINIMUM NO.2, et.al.,**


                          Defendants.

---

        This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b)
granting summary judgment to plaintiff and dismissing the answers and the
counterclaims, (2) to amend the caption to substitute John Modikhan, as a party
defendant in place of "John Doe",  to include Unit 5N as the address of the property, and
to reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman
2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be
in default; (4) to appoint a referee to compute, and for other related relief is granted,
without opposition.
        Submit Order.

                                        _____
                                                J. S. C.

Case 1:21-cv-06319-EK-CLP Document 7-2 Filed 01/06/22 Page 789 of 863 PageID #: 1466

# EXHIBIT 6

# EXHIBIT 6

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 49     #: 1487          Page 790 of 863 Page
RECEIVED NYSCEF: 10/28/2022

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J. C. S.                    IAS PART 29

---

BAC HOME LOANS SERVICING LP F/K/A          Index No.: 301/2010
COUNTRYWIDE HOME LOANS
SERVICING, LP.,                            Motion Date: 1/8/18
            Plaintiffs,
                           Motion Seq. No.: 2

          -against-          Dated: 1/12/18

ASHMEEN MODIKHAN, BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMININUM NO.2, et.al.,

             Defendants.

---

    This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b) granting summary judgment to plaintiff and dismissing the answers and the counterclaims, (2) to amend the caption to substitute John Modikhan, as a party defendant in place of "John Doe", to include Unit 5N as the address of the property, and to reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be in default; (4) to appoint a referee to compute, and for other related relief is granted, without opposition.

    Submit Order.

                                      J. S. C.

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 49
RECEIVED NYSCEF: 10/28/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 49
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 791 of 863 PageID

SEQUENCE NO. 2

At I.A.S. Part- 132 of the Supreme
Court of the State of New York, held in
and for the County of Queens, at the
Courthouse thereof, 88-11 Sutphin Blvd,
Jamaica, New York 11435 on the 4th
day of _____ JUNE _____,
20 18.

PRESENT: Hon. Martin J. Schulman
Justice of the Supreme Court

-----------------------------------------------x

BAC HOME LOANS SERVICING LP
F/K/A COUNTRYWIDE HOME LOANS
SERVICING, LP.

                                    Plaintiff          Order of Reference

              -vs-.

                                                       Index No. 301/2010

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK
STATE DEPARTMENT OF TAXATION
AND FINANCE, NEW YORK CITY
TRANSIT ADJUDICATION BUREAU,
NEW YORK CITY ENVIRONMENTAL
CONTROL BOARD, NEW YORK CITY
PARKING VIOLATIONS BUREAU,
"JOHN DOES" and "JANE DOES", said
names being fictitious, parties intended
being possible tenants or occupants of
premises, and corporations, other entities
or persons who claim or may claim, a lien
against the premises,



FILED
JUN 18 2018
COUNTY CLERK
QUEENS COUNTY

                                    Defendant(s)

-----------------------------------------------x

        ON the Summons, Complaint and Notice of Pendency duly filed in this

action in the Office of the County Clerk of the County of Queens on January 06, 2010, and

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 67
RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 49
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 792 of 863 PageID

due proof that all defendants have been duly served with said process or have voluntarily appeared in this action and

Upon reading and filing the Notice of Motion dated December 11, 2017 the affirmation of Kathleen Puscheck, Esq. dated December 11, 2017, the affidavit of Joelle E. Bonin, duly sworn to December 8, 2017, with exhibits annexed, showing what proceedings have heretofore been had herein, and all the papers on file in this action and due deliberation having been had thereon and upon reading and filing the decision of the Court dated January 12, 2018 it is;

NOW, upon motion of Gross Polowy, LLC, attorney for the Plaintiff, it is

ORDERED, that the application is granted, without opposition; and it is further

ORDERED, that defendants Board of Managers of The Patchogue Home Corp. Condominium No. 2, Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc., New York State Department of Taxation and Finance, New York City Transit Adjudication Bureau, New York City Environmental Control Board, New York City Parking Violations Bureau and John Modikhan have not appeared or answered in this matter and are deemed in default; and it is further

ORDERED, that the Answer of the Defendant Ashmeen Modikhan be, and the same is hereby, stricken and the Plaintiff herein is awarded Summary Judgment against said Defendant; and it is further

ORDERED, that this action be, and the same is hereby referred to:

Morton Povman, ESQ of
108-18 Queens Blvd, Floor 5, Forest Hills, N.Y. 11375, as Referee to ascertain and compute the amount due

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 793 of 863 PageID #: 07/2022

to the Plaintiff for principal, interest and other disbursements advanced as provided for in

the note and mortgage upon which this action was brought, to examine and report whether

or not the mortgaged premises can be sold in parcels, and that the Referee make his/her

report to the Court with all convenient speed; and it is further

ORDERED, that the caption of this action be amended by substituting John

Modikhan in place of John Doe and it is further

ORDERED, that the caption of this action be amended to reflect the plaintiff

as US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust;

and it is further

ORDERED, that the caption of this action be amended, *nunc pro tunc*, to

include Unit 5N in the address of the property; and it is further

ORDERED, that the title of the action, as amended, shall henceforth read as

follows:

Supreme Court of the State of New York
County of Queens
----------------------------------------------------------------------x

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                    Plaintiff,

-vs.-

ASHMEEN MODIKHAN, BOARD OF            INDEX NO: 301/2010
MANAGERS OF THE PATCHOGUE
HOME CORP. CONDOMINIUM NO. 2,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR COUNTRYWIDE HOME
LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT

3

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 794 of 863 PageID

ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN
MODIKHAN,

                 Defendant(s)

---------------------------------------------------------------x  and it is further

        ORDERED, that the Referee appointed herein is subject to the requirements

of Rule 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an

appointment pursuant to the provisions of that Rule, the Referee shall notify the

appointing Justice forthwith; and it is further

        ORDERED, that a copy of this Order with Notice of Entry shall be served

upon the owner of the equity of redemption, any tenants named in this action and any

other party entitled to notice.



                         E N T E R :

                         _____

                         Justice of the Supreme Court

FILED
JUN 1 8 2018
COUNTY CLERK
QUEENS COUNTY

4

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 49
RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 795 of 863 PageID #: 705854/2021
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

11/17/18.
prf

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J. C. S.                    IAS PART 29

---

BAC HOME LOANS SERVICING LP F/K/A                   Index No.: 301/2010
COUNTRYWIDE HOME LOANS
SERVICING, LP.,                                     Motion Date: 1/8/18
                              Plaintiffs,
                                                    Motion Seq. No.: 2

         -against-                                  Dated: 1/12/18


ASHMEEN MODIKHAN, BOARD OF MANAGERS
OF THE PATCHOGUE HOME CORP.
CONDOMINIMUM NO.2, et.al.,


                    Defendants.

---

This motion by plaintiff for an order (1) pursuant to CPLR §§3212 and 3211(b) granting summary judgment to plaintiff and dismissing the answers and the counterclaims, (2) to amend the caption to substitute John Modikhan, as a party defendant in place of "John Doe",  to include Unit 5N as the address of the property, and to reflect that plaintiff US Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust, (3) deeming all non-appearing and non-answering defendants to be in default; (4) to appoint a referee to compute, and for other related relief is granted, without opposition.

         Submit Order.


_____
                                        J. S. C.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

Case 1:22-cv-02222-PKC-LB   Document 26   Filed 4/06/23

Page 796 of 863 PageID #: 1493

RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 7

# EXHIBIT 7

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Case 1:22-cv-02715-PKC-LB    Document 51-1    Filed 01/05/23    Page 797 of 863 PageID #: 1484
NYSCEF DOC. NO. 50                                       RECEIVED NYSCEF: 10/28/2022

# MEMORANDUM

## NEW YORK SUPREME COURT - QUEENS COUNTY

By: MARTIN J. SCHULMAN, J.S.C.                   IAS Part 29

---

US BANK NATIONAL ASSOCIATION AS LEGAL          Index No.: 301/10
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE         Motion Date: 10/17/18
TRUST,                                          Motion Seq. No.: 3
                                                Dated: 10/19/18

                    Plaintiff,

                    -against-

ASHMEEN MODIKHAN, et.al.,

                    Defendants.

---

     This motion by the plaintiff for an order confirming the report of the referee, granting a Judgment of Foreclosure and Sale, and for other related relief, is granted, without opposition.
     Submit Order.

                                        _____
                                                J.S.C.

                                        FILED
                                        NOV 13 2018
                                        COUNTY CLERK
                                        QUEENS COUNTY

Case 1:22-cv-02715-PKC-LB Document 54 Filed 11/05/23 Page 798 of 863 PageID #: 1495

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 50
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

Part 29

SEQUENCE NO. ___3___

At an I.A.S. Term of the Supreme Court of the County of Queens held in the Queens Supreme Court in the city of Jamaica, New York on the __5th__ day of __April__, 20__19__.

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

-----------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

　　　　　　　　Plaintiff

vs

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, JOHN MODIKHAN

　　　　　　　　Defendant(s)

-----------------------------------------------------------X

**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

FILED & RECORDED
APR 26 2019
COUNTY CLERK
QUEENS COUNTY

**UPON** the Summons, Complaint, and Notice of Pendency filed in this action on January and Notice of Pendency refiled April 10, 2017

6, 2010, the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23, 2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017, together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

**UPON** proof that each of the defendants herein was served with the Summons and Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that more than the legally required number of days elapsed since defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or appeared; and Plaintiff having established to the Court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

UPON proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Morton Povman, Esq. dated July 18, 2018, showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged property may not be sold in parcels; and

2

Case 1:22-cv-02775-PKC-LB   Document 5-1   Filed 01/05/23   Page 800 of 863 PageID #: 1487

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; ~~and upon reading and filing the decision of the Court~~ dated October 19, 2018; NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby without opposition

ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted; and it is further of Morton Povman, dated July 18, 2018.

ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Supreme Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL § 231 in The Queens Daily Eagle; and it is further

Newspaper
JSC

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without

3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 50

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 1498

Page 801 of 863

INDEX NO. 705854/2021

RECEIVED NYSCEF: 12/07/2022

RECEIVED NYSCEF: 10/28/2022

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED AND DECREED, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

ORDERED, ADJUDGED AND DECREED, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall then deposit the

4

down payment and proceeds of sale, as necessary, in _Signature Bank 89-36 Sutphin_ in his/her own _Blvd, Jamaica NY_ name as Referee, in accordance with CPLR § 2609; and it is further

**ORDERED, ADJUDGED AND DECREED,** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in _Signature Bank 89-36 Sutphin_ and shall _Blvd, Jamaica, NY_ thereafter make the following payments in accordance with RPAPL § 1354, as follows:

5

Page 803 of 863 PageID
Case 1:22-cv-02775-PKC-LB    Document 5-1    Filed 01/05/23    Page 6 of 11

**FIRST**: The Referee's statutory fees for conducting the sale, in the event a sale was cancelled or postponed, $750.00

accordance with CPLR § 8003(b), not to exceed ~~$500.00~~ ~~unless the property sells~~ ~~for $50,000.00 or more OR~~ In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

**SECOND**: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the following:

**Amount Due per Referee's Report**. $293,876.51 with interest at the note rate from ~~March 01, 2009 to~~ December 07, 2017, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not

6

Printed 3/25/2019

Case 1:22-cv-02745-FB-CLP Document 54 Filed 01/05/23 Page 804 of 863 PageID #: 1581

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

NYSCEF DOC. NO. 50 RECEIVED NYSCEF: 10/28/2022

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

**Costs and Disbursements.** $ ̶C̶C̶ 1962.44 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

**Additional Allowance**; $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

*Atty fees*

**Attorney Fees** $ 4,950.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

**FIFTH:** Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 805 of 863 PageID #: ...

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

**ORDERED, ADJUDGED AND DECREED,** that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

8

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM    INDEX NO. 705854/2021
NYSCEF DOC. NO. 50                                RECEIVED NYSCEF: 10/28/2022
Case 1:22-cv-02475-PKC-LB    Document 5-1    Filed 01/05/23    Page 806 of 863 PageID

Referee's deed in accordance with CPLR § 308; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

**ORDERED, ADJUDGED AND DECREED,** that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

**ORDERED, ADJUDGED AND DECREED,** that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

**ORDERED, ADJUDGED AND DECREED,** that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

**ORDERED, ADJUDGED AND DECREED,** that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, when the Referee files a report of

9

Page 807 of 863 PageID

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED,** that to ensure compliance herewith,
Plaintiff shall file a written report with the Court within six months from the date of entry of this
judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY
11414.

The legal description of the mortgaged property referred to herein is annexed hereto as
Schedule A.

ENTER,

~~DATED:~~

~~JAMAICA, NEW YORK~~



HON. MARTIN J. SCHULMAN
JUSTICE OF THE SUPREME COURT

Audrey I. Pheffer
CLERK

FILED & RECORDED
APR 26 2019
COUNTY CLERK
QUEENS COUNTY

ENTERED
APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

FILED: QUEENS COUNTY CLERK 10/28/2022 10:04 PM        INDEX NO. 963 /2021
NYSCEF DOC. NO. 4                                      Page 808 of 863 (page 21)
                                                       RECEIVED NYSCEF: 10/28/2022
#: 1505

| State of New York | SUPREME | Court | County of QUEENS |
| --- | --- | --- | --- |

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

Plaintiff,

VS.

ASHMEEN MODIKHAN, et al.

Defendant(s).

**Judgment of Foreclosure and Sale** Year

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

---

*Attorney for*

**Plaintiff**

fax (716)204-1702
**NOT FOR SERVICE**

*Office, Post Office Address and Telephone*
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

---

Personal Service of the within                                                  ,and of the notice (if any)
hereon endorsed, is admitted this          day of                    , 20

---

Attorney(s) for

Sir:--Please taken notice                                              **NOTICE OF ENTRY**
that an                                           of which the within is a copy, was duly granted in the
within entitled action on the          , day of          , 20     , and duly entered in the office of the Clerk
of the County of                       on the          day of          , 20
To                                                             **GROSS POLOWY, LLC**
Attorney(s) for                                         *Attorney for*

Sir:--Please taken notice                                          **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.
one of the judges of the within named Court, at
on the          day of          , 20       .
To                                                             **GROSS POLOWY, LLC**
Attorney(s) for                                         *Attorney for*

---

STATE OF NEW YORK, COUNTY OF QUEENS          SS.:          **AFFIDAVIT OF SERVICE BY MAIL**

being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On          , 20          , deponent served the within
upon                                         in this action, at
attorney(s) for          the address, designated by said attorney for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this          day of          , 20

_____
Notary Public, Commissioner of Deeds

Page 809 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

           Plaintiff,

vs

ASHMEEN MODIKHAN, BOARD OF
MANAGERS OF THE PATCHOGUE HOME
CORP. CONDOMINIUM NO. 2, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

           Defendant(s).

-------------------------------------------------------X

**COSTS OF PLAINTIFF**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

WITHIN COSTS TAXED NOTICE
AT $ 1,962.44

APR 26 2019

_[signature]_
COUNTY CLERK QUEENS COUNTY

## COSTS

| | |
|---|---|
| Costs before Note of Issue - CPLR 8201(1) | $200.00 |
| Allowance by statute - CPLR 8302(a) (b) | |

| | | |
|---|---|---|
| First $200.00 at 10% | $20.00 | |
| Next $800.00 at 5% | $40.00 | |
| Next $2000.00 at 2% | $40.00 | |
| Next $5000.00 at 1% | $50.00 | |
| | | $150.00 |

| | |
|---|---|
| Additional allowance - CPLR 8302(d) | $50.00 |
| Costs on motion - CPLR 8303(a) (1) | $0.00 |

## FEES AND DISBURSEMENTS

| | |
|---|---|
| Fee for index number - CPLR 8018(a) | $400.00 $210.00 |
| Referee's fee to compute, per order of the Court - CPLR 8003(a) | $0.00 |
| Paid for searches - CPLR 8301(a) (10) | $777.44 ✓ |

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM

Case 1:22-cv-02116-FB-CLP Document 7-5 Filed 04/05/23 Page 810 of 863 PageID #: 1587

| | |
|---|---|
| Serving copy of Summons and Complaint - CPLR 8301(d) | $895.00 $320.00 |
| Reproduction costs - CPLR 8301(a)(12) | $0.00 |
| Fees for publication of Summons - CPLR 8301(a)(3) | $0.00 |
| Certified copies of papers - CPLR 8301(a)(4) | $0.00 |
| Request for judicial intervention | $95.00 |
| Clerk's fee for filing of Notice of Pendency - CPLR 8018(d)(6), 8021(a)(10) | $70.00 |
| Motion fees | $90.00 |
| Note of Issue | $0.00 |
| **Total:** | $2,707.44 $1,942.44 |

## ATTORNEY'S AFFIRMATION

The undersigned, Jessica Kielb Grubea, Esq. pursuant to CPLR § 2106 and under penalties of perjury affirms as follows:

That she is the attorney of record for the Plaintiff in the above captioned action; that the foregoing disbursements have been incurred in this action and are reasonable in amount and that the copies of documents or papers as charged herein were actually and necessarily obtained.

DATED:      August 23, 2018
            Williamsville, New York

            _____
            Jessica Kielb Grubea, Esq.

FILED

OCT 2 9 2018

COUNTY CLERK
QUEENS COUNTY

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 50

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 50

# A ADVANTAGE FORECLOSURE

# INVOICE

Date: **09/26/2017**

Invoice/Title #: **FCL-132531-17 A**

Client Reference **17-005151**

APPROVED
09/27/17
JCD

**Bill to:**

Gross Polowy, LLC
1775 Wehrle Drive, Suite 100
Williamsville, New York 14221
Phone: 716-204-1700
Fax: 716-408-9075

| Record Owner | Premises | County |
|---|---|---|
| Ashmeen Modikhan | 8710 149th Avenue Unit 5N<br>Howard Beach, NY 11414 | Queens |

| Description of Charges | Amount |
|---|---|
| Foreclosure Search | $485.00 |
| Sales Tax Rate 8.750% Jurisdiction Code 1451 | $42.44 |
| **Total Amount Due** | **$527.44** |

Please make check payable to:
Advantage Foreclosure
201 Old Country Road, Suite 200
Melville, NY 11747

**Please remit payment within 30 days to the above address. If you have any questions regarding payment of this invoice, please contact Diane Striebel at 631.870.1044 or dstriebel@advantagegroupny.com**

*Thank you. We appreciate your continued business!*

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 50
Page 813 of 863 PageID
RECEIVED NYSCEF: 10/28/2022
RECEIVED NYSCEF: 10/28/2022

**Page 1**　　　　　I N V O I C E　　　　12/15/17

GROSS POLOWY, LLC　　　　　　　　　　ALLCOUNTY LEGAL SUPPORT
1775 WEHRLE DRIVE　　　　　　　　　　60 BURT DRIVE
SUITE 100　　　　　　　　　　　　　　DEER PARK, NY　11729
WILLIAMSVILLE, NY　14221
(GROSS)　　　　　　　　　　　　　　　(631)667-8200

　　　　　　　　　　　　　　　　　DESCRIPTION　　　　　　　　　AMOUNT

CASE NUMBER: 203211 301/10 MSJ
　PLAINTIFF: BAC HOME LOANS SERVICING LP
　DEFENDANT: ASHMEEN MODIKHAN

WT # 203211
RECIPIENT: ASHMEEN MODIKHAN
DOS 12/13/17 · SUBMIT MSJ AND ORDER OF　　　SERVICE FEE　　　　　　　　10.00
　　　　　　REFERENCE.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　-----------
　　　　　　　　　　INVOICE TOTAL　　　　　　　　　　　　　　　　10.00

P · PERSONAL　　　A · ATTEMPTED　　　　　　　　F · FILING
R · RELOCATION　　O · OUT OF AREA　　　　　　　AF · ADVANCED FOR FILING
W · WAITING TIME　E · EXPEDITE　　　　　　　　SS · SECRETARY STATE
I · INVESTIGATION　D · DUE DILIGENCE FOR PUBLICATION

Threshold Land Inc.*

584 Main Street
Islip, NY 11751
Telephone (631) 224-1345
Fax ( 631) 224-5129

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/28/2009 | 54412 |

**Bill To**

Rosicki, Rosicki & Assocs.
Attn: Foreclosure
51 E Bethpage Rd
Plainview, NY 11803

| Title No. | Customer No. | Terms | Caption |
|-----------|--------------|-------|---------|
|           | 09-117526    | Net 30 | Modikhan |

| Description | Service | Amount |
|-------------|---------|--------|
| 8710 149th Ave. | Fannie Mae Foreclosure Search | 250.00 |

*EFFECTIVE JANUARY 1, 2010, WE WILL HAVE A NEW NAME:
PARAMOUNT LAND, INC. *

| Total | $250.00 |
|-------|---------|

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 50 RECEIVED NYSCEF: 10/28/2022
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 50
Page 815 of 863 PageID
RECEIVED NYSCEF: 10/28/2022

## Enterprise Process Service, Inc.

152 Islip Avenue
Suite 18
Islip, New York 11751
631-224-1334

January 22, 2010

Rosicki, Rosicki & Associates - Plainview
51 East Bethpage Road
Plainview, NY 11803
516-741-2585

| | | |
|---|---|---|
| Req #: | 09-117526-FC | |
| Case #: | 301/10 | |
| Ref #: | 09-117526 | |
| Sequence: | Service of S&C | |

| | |
|---|---|
| Invoice #: | 22324 |
| Invoice Date: | 01/22/2010 |
| Due Date: | 02/22/2010 |

| Date | Item | Amount |
|---|---|---|
| 01/06/2010 | Attempted Service - MODIKHAN, ASHMEEN - 9422 Magnolia Ct, APT 1B, Ozone Park, NY 11417 | $50.00 |
| 01/08/2010 | S/C recd/Prelim Completed/S/C Filed - Summons and Complaint | $40.00 |
| 01/07/2010 | Municipal Service - NYC PVB - NYC TAB - NYC ECB | $225.00 |
| 01/07/2010 | NYS Department of Taxation & Finance Service | $75.00 |
| 01/07/2010 | Out of State Service - MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC. | $95.00 |
| 01/08/2010 | Service - Additional Doe - BOARD OF MANAGERS OF THE PATCHOGUE HOMES CORP. CONDOMINIUM NO. 2 | $75.00 |
| 01/08/2010 | Service - Additional Doe - JOHN MODIKHAN (FIRST NAME REFUSED) SUED HEREIN AS JOHN DOE NO. 1 | $75.00 |
| 01/08/2010 | Service on Main Defendant - MODIKHAN, ASHMEEN - 8710 149TH AVENUE, APT. 5N, HOWARD BEACH, NY 11414 | $125.00 |
| 01/08/2010 | Service - Additional Doe - Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc. C/O CT CORPORATION SYSTEM | $75.00 |
| 01/22/2010 | Affidavit Filing Fee | $40.00 |

**Invoice Total** $875.00

527 of 573

| State of New York | SUPREME | Court | County of QUEENS |
|---|---|---|---|

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST**

Cost of Plaintiff

Year

Plaintiff,

VS.

**ASHMEEN MODIKHAN, et al.**

Defendant(s).

# ALLCOUNTY

*Attorney for*

Plaintiff

fax (716)204-1702

**NOT FOR SERVICE**

*Office, Post Office Address and Telephone*
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

Personal Service of the within hereon endorsed, is admitted this     day of                    , 20                  ,and of the notice (if any)

Attorney(s) for

Sir:--Please taken notice                                                                      **NOTICE OF ENTRY**
that an                                                    of which the within is a copy, was duly granted in the
within entitled action on the          day of            , 20     , and duly entered in the office of the Clerk
of the County of                             on the                      day of                 , 20
To                                                                       GROSS POLOWY, LLC
Attorney(s) for                                            *Attorney for*

Sir:--Please taken notice                                                          **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on the                      day of                   , 20
To                                                          **GROSS POLOWY, LLC**
Attorney(s) for                                      *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS          SS.:                      **AFFIDAVIT OF SERVICE BY MAIL**

                                                    being duly sworn, deposes and says; deponent is not a party to the action,

is over 18 years of age and resides at
On                    , 20             , deponent served the within
upon
attorney(s) for                                              in this action, at
                                          the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this                  day of                   , 20

Notary Public, Commissioner of Deeds

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM          INDEX NO. 705854/2021

NYSCEF DOC. NO. 30                                      RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 817 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X

US BANK NATIONAL ASSOCIATION AS          **NOTICE OF ENTRY**
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                    Plaintiff,

vs                                       INDEX #: 301/2010

ASHMEEN MODIKHAN, BOARD OF               MORTGAGED PREMISES:
MANAGERS OF THE PATCHOGUE HOME           87-10 149TH AVENUE
CORP. CONDOMINIUM NO. 2, MORTGAGE        HOWARD BEACH, NY 11414
ELECTRONIC REGISTRATION SYSTEMS,
INC. AS NOMINEE FOR COUNTRYWIDE          BL #: 11417 - 4513
HOME LOANS, INC., NEW YORK STATE
DEPARTMENT OF TAXATION AND
FINANCE, NEW YORK CITY TRANSIT
ADJUDICATION BUREAU, NEW YORK
CITY ENVIRONMENTAL CONTROL
BOARD, NEW YORK CITY PARKING
VIOLATIONS BUREAU, JOHN MODIKHAN

                    Defendant(s).

-----------------------------------------------------------------X


       **PLEASE TAKE NOTICE**, that the within is a true copy of the Order Confirming Referee Report and
Judgment of Foreclosure and Sale entered in the Office of the Clerk of the County of Queens on April 26, 2019.


DATED:     May _31_, 2019
           Williamsville, New York

                                         By: _____

                                             Matthew A Kielich, Esq
                                             **GROSS POLOWY, LLC**
                                             Attorneys for Plaintiff
                                             1775 Wehrle Drive, Suite 100
                                             Williamsville, NY 14221
                                             Telephone: (716)204-1700
                                             Facsimile: (716)204-1702
                                             (Facsimile not for service)


TO:

*See attached sheet*


FILED

JUN 1 1 2019

COUNTY CLERK
QUEENS COUNTY

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
INDEX NO. 705854/2021

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 818 of 863 PageID

NYSCEF DOC. NO. 50    RECEIVED NYSCEF: 10/28/2022

RECEIVED NYSCEF: 10/28/2022

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers<br>of The Patchogue Home Corp. Condominium<br>No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 11/05/23 Page 819 of 863 PageID
NYSCEF DOC. NO. 30 RECEIVED NYSCEF: 12/07/2022

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM INDEX NO. 705854/2021
NYSCEF DOC. NO. 30 RECEIVED NYSCEF: 10/28/2022

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO 3) Page 1 of 18

SEQUENCE NO. ___3___

Part 29

At an I.A.S. Term of the Supreme Court of the County of Queens held in the Queens Supreme Court in the city of Jamaica, New York on the __5th__ day of __April__, 20 __19__.

SUPREME COURT, QUEENS COUNTY
88-11 SUTPHIN BOULEVARD
JAMAICA, NEW YORK 11435

PRESENT: HON. MARTIN J. SCHULMAN
SUPREME COURT OF THE STATE OF NEW YORK

----------------------------------------------X

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST

        Plaintiff

vs

ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, JOHN MODIKHAN

        Defendant(s)

----------------------------------------------X

ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10 149TH AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

FILED & RECORDED
APR 26 2019
COUNTY CLERK
QUEENS COUNTY

UPON the Summons, Complaint, and Notice of Pendency filed in this action on January 6, 2010, *and Notice of Pendency refiled April 10, 2017,* the Notice of Motion and affirmation by Jessica Kielb Grubea, Esq., dated August 23, 2018, and the affidavit of merit and amount due by Joette E. Bonin, who is Foreclosure Specialist III of Fay Servicing, LLC, duly sworn to Denise A. Johns on December 08, 2017, together with exhibits annexed hereto, all in support of Plaintiff's motion for a Judgment of Foreclosure and Sale; and

UPON proof that each of the defendants herein was served with the Summons and Complaint, and voluntarily appeared personally or by an attorney and did not serve an answer to

1

Printed 5/13/2019

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
RECEIVED INDEX NO. 705854/2021

NYSCEF DOC. NO. 50
RECEIVED NYSCEF: 10/28/2022

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)
Page 2 of 19

Page 820 of 863 PageID
Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23

the Complaint, or failed to appear and the time to do so was not extended; and it appearing that more than the legally required number of days elapsed since defendants MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN, who did not answer or appear, were so served and/or appeared; and Plaintiff having established to the Court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR §3215(g)(3)(iii); and

UPON proof that the defendants ASHMEEN MODIKHAN, BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY TRANSIT ADJUDICATION BUREAU, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, and JOHN MODIKHAN are not absent, in accordance with RPAPL § 1321(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Morton Povman, Esq. dated July 18, 2018, showing the sum of $293,876.51 due as of the date of said Report, and that the mortgaged property may not be sold in parcels; and

2

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

UPON proof of due notice of this motion upon all parties entitled to receive same, and

upon all the prior proceedings and papers filed herein; _and upon reading and filing the decision of the Court_
dated October 19, 2018;

NOW, on motion by Jessica Kielb Grubea, Esq., attorney for the Plaintiff, it is hereby
without opposition
ORDERED, ~~ADJUDGED AND DECREED~~, that the motion is granted; and it is further
of Morton Povman
ORDERED, ADJUDGED AND DECREED, that the Referee's Report be, and the same dated July 18, 2018

is, hereby in all aspects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in

the complaint and as hereafter described, or such part thereof as may be sufficient to discharge

the mortgage debt, the expense of the sale, and the costs of this action as provided by the RPAPL

be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the
Supreme
Queens County Courthouse in Courtroom # 25 on a Friday at 10:00 A.M.** 88-11 Sutphin

Boulevard, Jamaica, New York ~~and to the extent possible~~; by and under the direction of Morton

Povman, Esq., 108-18 Queens Blvd, 5th Floor, Forest Hills, NY 11375, 718-268-3000 who is

appointed Referee for that purpose; that said Referee give public notice of the time and place of

sale in accordance with RPAPL § 231 in *The Queens Daily Eagle*; and it is further

Newspaper
JSC

ORDERED, ADJUDGED AND DECREED, that by accepting this appointment, the

referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22

NYCRR Part 36), including, but not limited to § 36.2 (c) ("Disqualifications from

Appointment") and § 36.2 (d) ("Limitations on appointments based upon compensation"); and, if

the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule,

the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee is prohibited from

accepting or retaining any funds for him/herself or paying funds to him/herself without

3

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
RECEIVED NYSCEF: 10/28/2022

NYSCEF DOC. NO. 58

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 822 of 863 PageID

compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representatives is present at the sale ~~or the Referee has received a written bid and Terms of Sale from Plaintiff, its successors and/or assigns, or its representatives~~; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Referee cannot conduct the sale within 90 days of the date of the judgment, in accordance with CPLR § 2004, the time fixed by RPAPL § 1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

~~ORDERED, ADJUDGED AND DECREED, that at the time of sale the Referee shall accept a written bid from the Plaintiff or the Plaintiff's attorney, just as though Plaintiff were physically present to submit said bid; and it is further~~

ORDERED, ADJUDGED AND DECREED, that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, ~~in cash or~~ by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase process shall be required; and it is further

ORDERED, ADJUDGED AND DECREED, that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay then percent (10%) deposit as required, the property shall ~~immediately and on the same day~~ be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee shall then deposit the

4

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
NYSCEF DOC. NO. 30 RECEIVED NYSCEF: 10/28/2022

Case 1:22-cv-07475-PKC-LB Document 5-1 Filed 01/05/23 Page 823 of 863 PageID
INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022
Page 5 of 19

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEO NO. 2]

down payment and proceeds of sale, as necessary, in *Signature Bank 89-36 Sutphin Blvd, Jamaica NY* his/her own name as Referee, in accordance with CPLR § 2609; and it is further

**ORDERED, ADJUDGED AND DECREED,** that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL § 1353 and the terms of sale, which shall be deemed a binding contract; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED, ADJUDGED AND DECREED,** that, if Plaintiff (or its affiliate, as defined in paragraph (a) subdivision 1 of section six-1 of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of the execution of the deed of sale, or (b) within 90 days of the completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in *Signature Bank 89-36 Sutphin Blvd, Jamaica, NY* and shall thereafter make the following payments in accordance with RPAPL § 1354, as follows:

5

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
INDEX NO. 705854/2021

NYSCEF DOC. NO. 50

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO. 3)

301/2010 RECEIVED PAPERS filed 10/29/2018

Page 824 of 863 PageID

RECEIVED NYSCEF: 10/28/2022

Page 6 of 10

Page 6 of 11

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23

**FIRST**: The Referee's statutory fees for conducting the sale, in accordance with CPLR § 8003(b), not to exceed ~~$500.00~~ $750.00 ~~unless the property sells for $50,000.00 or more OR~~ In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment or cancellation, unless the Referee caused the delay;

Add'l. Ref Fee

**SECOND**: All taxes, assessments and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not apparently become absolute, and any other amounts due in accordance with RPAPL § 1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale. The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The purchaser shall hold the Referee harmless from any such penalties or fees assessed;

**THIRD**: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale.

**FOURTH**: The Referee shall also pay to the Plaintiff or its attorney the following:

**Amount Due per Referee's Report. $293,876.51** with interest at the note rate from ~~March 01, 2009 to~~ December 07, 2017, together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not

6

Page 825 of 863 PageID
Case 1:22-cv-07775-EK-LB   Document 5-1   Filed 11/05/23

FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO 3)

Page 7 of 19

previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements. $ 1962.44 adjudged to the Plaintiff for costs and disbursements in this action, with interest at the statutory judgment rate from the date of entry of this judgment;

Additional Allowance. $0.00 is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Atty Fees

Attorney Fees. $ 4,950.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment.

FIFTH: Surplus monies arising from the sale shall be paid into court by the officer conducting the sale within five days after receipt in accordance with RPAPL § 1354(4) and in accordance with local County rules regarding Surplus monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked

7

Printed: 5/13/2019

FILED: QUEENS COUNTY CLERK 10/28/2022 02:58 PM
Case 1:22-cv-09715-PKC-LB Document 51 Filed 11/05/23 Page 826 of 863 PageID #: 1525

"First", "Second" AND "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED, that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law § 1404; and it is further

ORDERED, ADJUDGED AND DECREED, that the property is sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL § 1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; any rights pursuant to CPLR § 317, § 2003 and § 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the

8

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 02:08 PM
Page 827 of 863 PageID
NYSCEF DOC. NO. 30
RECEIVED NYSCEF: 10/28/2022

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED (SEQ NO 3)

Referee's deed in accordance with CPLR § 308; and it is further

ORDERED, ADJUDGED AND DECREED, that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED, that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the Court, the officer making the sale shall file with the ~~clerk~~ Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL § 1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED, that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED, that nothing herein shall be deemed to relieve the Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL § 1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED, that, when the Referee files a report of

9

Printed: 5/13/2019

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM          RECEIVED NYSCEF: 10/28/2022
NYSCEF DOC. NO. 30

301/2010 JUDGMENT OF FORECLOSURE AND SALE - COSTS OF PLAINTIFF TAXED [SEQ NO. 3]

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 828 of 863 PageID

sale, he or she shall concurrently file a Foreclosure Action Surplus Monies Form; and it is further

**ORDERED, ADJUDGED AND DECREED,** that to ensure compliance herewith, Plaintiff shall file a written report with the Court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 87-10 149TH AVENUE, HOWARD BEACH, NY 11414.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

ENTER,

~~DATED:~~

~~JAMAICA, NEW YORK~~

HON. MARTIN J. SCHULMAN
JUSTICE OF THE SUPREME COURT

CLERK

FILED & RECORDED

APR 26 2019

COUNTY CLERK
QUEENS COUNTY

ENTERED
APR 26 2019
4:41 PM
COUNTY CLERK
QUEENS COUNTY

10

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM    INDEX NO. 705854/2021
FILED: QUEENS COUNTY CLERK 10/28/2022 02:05 PM
NYSCEF DOC. NO. 30                                            RECEIVED NYSCEF: 10/28/2022

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022
Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 829 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------X
US BANK NATIONAL ASSOCIATION AS
LEGAL TITLE TRUSTEE FOR TRUMAN
2016 SC6 TITLE TRUST

                Plaintiff,

vs

ASHMEEN MODIKHAN, ET AL

                Defendant(s).

------------------------------------------------------------X

**AFFIDAVIT OF SERVICE BY MAIL**

INDEX #: 301/2010

MORTGAGED PREMISES:
87-10      149TH      AVENUE
HOWARD BEACH, NY 11414

BL #: 11417 - 4513

Dylan Kowalski, being duly sworn, deposes and states as follows:

That deponent is an employee of Gross Polowy, LLC Attorney of record for the Plaintiff in the above captioned action. That deponent is not a party to this action. Deponent is over the age of 18 years.

That on June 6, 2019, Deponent served a true copy of the Notice of Entry for the Order Confirming Referee Report and Judgment of Foreclosure and Sale on the Defendant(s) or the attorneys for the Defendants, whose names, representation, designated addresses and mode of service appear below.

The foregoing statements are true, under penalty of perjury.

                        Dylan Kowalski
                        Legal Assistant

Sworn to before me this June 6, 2019.

Joyce B. Kelly
Notary Public

JOYCE B KELLY
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires July 08, 20___ 19

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 830 of 863 PageID

US BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6
TITLE TRUST

vs.

Ashmeen Modikhan, et al.

INDEX NO. : 301/2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| Name and Address of Party Served | Mode of Service |
|---|---|
| Jeremy M Iandolo, Esq.<br>Attorney for Defendant Ashmeen Modikhan<br>7621 13th Avenue<br>Brooklyn, NY 11228 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Anna Guiliano, Esq.<br>Attorney for Defendant Board of Managers of The Patchogue Home Corp. Condominium No. 2<br>377 Broadway, 6th Floor<br>New York, NY 10013 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| John Modikhan<br>8710 149th Avenue, Apt. 5N<br>HOWARD BEACH, NY 11414 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |
| Morton Povman Esq.<br>Referee<br>108-18 Queens Blvd, 5th Floor<br>Forest Hills, NY 11375 | ☒ Regular mail via USPS<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (**NYSCEF**)<br>☐ United Parcel Service<br>☐ FedEX |

State of New York    **SUPREME**    Court     County of QUEENS

Index No. 301/2010

**US BANK NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST**

**Notice of Entry**

Year

Plaintiff,

VS.

**ASHMEEN MODIKHAN**, et al.

**Defendant(s).**

*Attorney for*

**Plaintiff**     fax (716)204-1702

*Office, Post Office Address and Telephone*    **NOT FOR SERVICE**
1775 WEHRLE DRIVE, SUITE 100
WILLIAMSVILLE, NY 14221
(716)204-1700

---

Personal Service of the within                     ,and of the notice (if any)
hereon endorsed, is admitted this     day of           , 20

---------------------------------------

Attorney(s) for

Sir:--Please taken notice                           **NOTICE OF ENTRY**
that an                             of which the within is a copy, was duly granted in the
within entitled action on the             day of      , 20     , and duly entered in the office of the Clerk
of the County of            on the          day of       , 20
To                                    **GROSS POLOWY, LLC**
Attorney(s) for                               *Attorney for*

Sir:--Please taken notice                           **NOTICE OF SETTLEMENT**
that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on the               day of             , 20
To                                    **GROSS POLOWY, LLC**
Attorney(s) for                               *Attorney for*

STATE OF NEW YORK, COUNTY OF QUEENS     SS.:           **AFFIDAVIT OF SERVICE BY MAIL**

                        being duly sworn, deposes and says; deponent is not a party to the action,
is over 18 years of age and resides at
On            , 20         , deponent served the within
upon
attorney(s) for                     in this action, at
                                 the address, designated by said attorney(s) for that purpose by depositing a
true copy of same enclosed in a post-paid properly addressed wrapper, in--a post office--official depository under the exclusive care and custody
of the United States Postal Service within the State of New York.
Sworn to before me, this          day of          , 20

---

       Notary Public, Commissioner of Deeds

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Case 1:22-cv-07175-PKC-LB   Document 5-1   Filed 01/05/23   Page 832 of 863 PageID

# EXHIBIT 8

# EXHIBIT 8

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
#. 1550
NYSCEF DOC. NO. 51                                    RECEIVED NYSCEF: 10/28/2022

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:                                        ORDER

Ashmeen Modikhan

                            Debtor(s).        CASE #: 1-19-46591-jmm
                                              CHAPTER 7

## ORDER PURSUANT TO 11 U.S.C. § 362(d) TERMINATING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. §362(a)

Upon the motion dated January 27, 2020 of Rushmore Loan Management Services, LLC as servicing agent for U.S. Bank National Association as Legal Title Trustee for Truman 2016 SC6 Title Trust **[ECF No. 49] (JMM)** ("Secured Creditor"), for an order pursuant to section 362(d) of title 11 of the United States Code ("Bankruptcy Code") vacating the automatic stay to allow the Secured Creditor enforcement of its rights in and remedies in and to 8710 149th Avenue, Howard Beach, NY 11414 ("Property"),  this Court, having considered the evidence presented an the arguments of the parties and with good cause appearing therefor; **and upon the full record of this case; and for the reasons set forth in this Court's decision [ECF No. 264] (JMM)**; it is hereby

**ORDERED** that the automatic stay is hereby terminated pursuant to Bankruptcy Code Section 362(d) to allow Secured Creditor to pursue its rights under applicable laws with respect to the property located property located at 8710 149th Avenue, Howard Beach, NY 11414; and it is further

**ORDERED** that the Chapter 7 Trustee shall be served with a copy of the Referee's Report of Sale within thirty (30) days of the Report [if applicable] and shall be noticed with any surplus monies realized from the sale of the Collateral.

Dated: Brooklyn, New York
November 21, 2021

_____
Jil Mazer-Marino
United States Bankruptcy Judge

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 52

INDEX NO. 705854/2021

RECEIVED NYSCEF: 10/28/2022

# EXHIBIT 9

# EXHIBIT 9

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 52

Page 835 of 863 PageID

INDEX NO. 705854/2021
RECEIVED NYSCEF: 10/28/2022

Supreme Court of State of New York

County of Queens

## U.S. Bank National Association As Legal Title Trustee for Truman 2016 2C6 Title Trust

Plaintiff(s)

v.

**Index #: 301 - 2010**

**Notice of Discharge of Attorney**

## ASHMEEN MODIKHAN, ET AL

Defendant(s)

-------------------------------------------X

I, **ASHMEEN MODIKHAN**, the undersigned, being the **Defendant** in the above-titled action do hereby notify:

**Jeremy M. Iandolo, Esq.**

my attorney of record with offices located at:

**7621 13th Avenue
Brooklyn, N.Y. 11228**

# FILED

DEC - 1 2020

COUNTY CLERK
QUEENS COUNTY

That I am discharging them as my attorney of record, and I am electing to proceed in this action Pro Se. I am now representing myself. I am further requesting that **Jeremy M. Iandolo, Esq.** turn over my case file within five (5) business days.

### VERIFICATION

I have read the foregoing Notice of **Discharge of Attorney** and know the contents thereof. The same is true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

X _____

**ASHMEEN MODIKHAN**

Sworn to before me this

1st day of December, 2020

x _____

Notary Public

ALISHA ESAU
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ES6399741
Qualified in QUEENS County
Commission Expires 10/28/2023

Case 1:22-cv-02143-HG-LB   Document 51-1   Filed 03/05/13
Page 836 of 863 PageID
#: 1955

# EXHIBIT 10

# EXHIBIT 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
..........................................................X
US BANK, NA, AS LEGAL TITLE
TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

                Plaintiff

    -against-

ASHMEEN MODIKHAN, et al.,

                Defendants
..........................................................X

Index No. 301/2010
705854/2021

NOTICE OF LIS PENDENS

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in the court named above. The names of the parties to the action are as stated above.

NOTICE IS GIVEN that the Plaintiff in the action seeks to sell the real property described below, following a default foreclosure judgment.

The real property affected, involved, and brought in question by the action is situate in Block 11417 and Lot 4513 on the land and tax map of the Borough and County of Queens in the State of New York and is more fully described as follows:

*87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417.*

NOTICE IS FURTHER GIVEN that the Defendant, ASHMEEN MODIKHAN, has challenged the intended sale of the property. First, there was no statement made in the original foreclosure complaint that shows that the plaintiff in that case, BAC Home Loans Servicing LP, had possession of the note. There is also no statement that an officer of the corporation had possession of the original Note.

There has also been no evidence provided of the Plaintiff(s)' client purchasing the debt with show of a cashier's check or wire transfer. Therefore, the plaintiff has not declared any

- 1 -

injured party or aggrieved party bringing this matter into this court.

Lastly, the foreclosure action was wrongfully initiated and prosecuted by Rosicki, Rosicki & Associates, which admitted, in an unrelated case, to fraudulent firm practices in presenting foreclosure cases between 2009-2018 and were penalized by the court (in *United States ex rel. Grubea v. Rosicki, Rosicki & Assocs.*, 12-cv-7199).

TO: THE CLERK OF THE COUNTY OF QUEENS

You are hereby directed to index the within Notice of Pendency of Action to the names of the Defendant, Ashmeen Modikhan.

Dated: 10/14/2022

Ashmeen Modikhan
Defendant, In pro per

Case 1:23-cv-02123-LKE-LB Document 51-1 Filed 03/06/23 Page 839 of 863 PageID

## VERIFICATION

I, Ashmeen Modikhan, a New York State Citizen and one of the People of New York, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America and the laws of New York , and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Entered this 14th day of October , 2022

_____
Ashmeen Modikhan

_____
Notary Signature                                    Seal

_____                     SUSAN LOUGHLIN
Printed Notary Name                         Notary Public - State of New York
                                                     No. 04LO6430887
                                                  Qualified in Queens County
                                            Commission Expires March 21, 20 26

My commission expires _____

- 3 -

Page 840 of 863 PageID

SCHEDULE "A" DESCRIPTION

SECTION 50 BLOCK 11417 LOT 4513 ON THE TAX MAP OF QUEENS COUNTY

ALL that certain piece or parcel of real property situate and being a part of a Condominium in the Borough and County of Queens, City and State of New York known and designated as Apartment Unit Number 4513, together with a .57692 percent individual interest in the common elements of the constituting Real Property of the Condominium hereinafter described as the same is defined in the the Declaration of Condominium hereinafter referred to.

The real property above described is a unit shown on the floor plans of a condominium prepared by Horacek, Schoppe & Haubenreich, Licensed Surveyors of 487 Westbury Avenue, Carle Place, New York and verified by Benjamin Braunstein, A.I.A., Registered Architect of 163-18 Jamaica Avenue, Jamaica, Queens, New York, and filed in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, No. C12, as defined in the Declaration of Condominium entitled, "Patchogue Homes Corp. Condominium No. 2" and recorded in the Office of the Register of the City of New York for the County of Queens on the 3rd day of February, 1969, in Reel 306 Pagw 600 Section 50, Block 11417, covering the property therein described as follows:

BEGINNING at the corner formed by the intersection of the northerly side of 151 Avenue (80 feet wide), with the westerly side of 88 Street (80 feet wide);

RUNNING THENCE westerly along the northerly side of 151 Avenue on a curve to the left, having a radius of 880 feet, a distance of 270.43 feet;

THENCE northerly at right angles to the southerly side of 149 Avenue (80 feet wide), 253.93 feet;

THENCE westerly, parallel with the southerly side of 149 Avenue, 40 feet;

THENCE northerly, again at right angles to the southerly side of 149 Avenue, 115 feet to the southerly side of 149 Avenue;

THENCE easterly along the southerly side of 149 Avenue, 280.31 feet to the westerly end of a curve connecting the southerly side of 149 Avenue and the westerly side of 88 Street (80 feet wide);

THENCE southeasterly on a curve to the right, having a radius of 1835.161 feet and along said curve connecting said Avenue and Street, 27.49 feet to the westerly side of 88 Street; and

THENCE south along the westerly side of 88 Street, 405.14 feet to the corner, the point or place of BEGINNING.

## CERTIFICATE OF SERVICE

I certify that a copy of this foregoing **NOTICE OF LIS PENDENS will** be served

electronically and mailed via **USPS First Class Mail** on Day of October 11, 2022 to the

following:

**Patricia M. Lattanzio**
*Friedman Vartolo LLP*
85 Broad Street, Suite 501
New York, NY 10004
plattanzio@friedmanvartolo.com

**Andrew M. Buonincontri,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
abuonincontri@friedmanvartolo.com

**Michael Nardolillo**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
mnardolillo@friedmanvartolo.com

**Nicole Black**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
nblack@friedmanvartolo.com

**Virginia Grapensteter**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
vgrapensteter@friedmanvartolo.com

**Juliana Thibaut**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
jthibaut@friedmanvartolo.com

- 4 -

**Annette Gershovich,**
*Friedman Vartolo LLP*
1325 Franklin Avenue, Suite 160
Garden City, NY 11530
agershovich@friedmanvartolo.com

**Austin R. Caster,**
*Gross Polowy, LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.caster@grosspolowy.com

**Amber A. Jurek,**
*Gross Polowy LLC*
1775 Wehrle Drive, Suite 100
Williamsville, NY 14221
a.jurek@grosspolowy.com

**Anna Guiliano,**
**BORAH, GOLDSTEIN, ALTSCHULER, NAHIS & GOIDEL, PC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp.*
*Condominium # 2*
377 Broadway, 6th Floor
New York, NY 10013
aguiliano@borahgoldstein.com

**Morton Povman,**
*Court –Appointed Referee*
108-18 Queens Blvd
Forest Hills, NY 11375
mpovman@povman.com

**MORDENTE LAW FIRM LLC**
*Attorney for Defendant, Board of Managers of the Patchogue Homes Corp. Condominiums*
*# 2*
160-29 Union Turnpike
Fresh Meadows, NY 11366
amordente@mordentelaw.com

**Board of Managers of Patchogue Home Corp. Condominium # 2**
**c/o FirstServices Residential**
622 Third Avenue
15th Floor
New York, NY 10017
Gabriel.Rubinov@fsresidential.com
Lina.Shalaj@fsresidential.com

- 5 -

**New York City Environmental Control Board**
100 Church Street
New York, NY 10007

**New York City Transit Adjudication Bureau**
130 Livingston Street
Brooklyn, NY 11201

**Breon Peace**
**U.S. Attorney**
Main Office
271 Cadman Plaza East
Brooklyn NY 11201

**Letitia James**
*Assistant Attorney General (State of New York)*
28 Liberty Street
New York, NY 10005
Letitia.james@ag.ny.gov
melissa.ysaguirre@ag.ny.gov

**Melinda Katz**
*District Attorney of Queens*
*c/o Michael Albanesi*
125-01 Queens Blvd
Kew Gardens, NY 11415
malbanesi@queensda.org


Respectfully submitted,

Ashmeen Modikhan                    10/14/2022
                                     Date

Case 1:22-cv-02745-FB-CLP   Document 51-1   Filed 01/05/23   Page 844 of 863 PageID #: 1841

# EXHIBIT 11

# EXHIBIT 11

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Page 845 of 863 PageID
# 1542
RECEIVED NYSCEF: 10/28/2022



FRIEDMAN VARTOLO
——— L L P ———

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100  f:212.471.5150
friedmanvartolo.com

October 20, 2022

*Via Email aakl123@aol.com*
*And First Class Mail*
Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

> **RE:** **U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al.**
> **Supreme Court, Queens County**
> **Index No.:** **705854/2021**
> **File No.:** **211697**

Dear Sir or Madam,

As you are aware, we are the attorneys for Plaintiff in the above-referenced matter.

Pursuant to 22 NYCRR § 130-1.1, please allow this letter to serve as our good faith demand that you **immediately** withdraw and cancel your recently filed Notice of Pendency, dated and filed on October 14, 2022, (NYSCEF Doc. No. 38), which was filed without any valid basis or legal authority, including, *inter alia*, failure to strictly comply with the applicable statutory requirements.

If you fail to comply with this request, we will have no other recourse but to seek judicial intervention to cancel the Notice of Pendency pursuant to CPLR Article 65, including an application for sanctions, costs and attorney's fees against you for your frivolous conduct.

Thank you for your anticipated cooperation in this matter. Should you have any questions, please do not hesitate to contact the undersigned.

Very truly yours,

*Franklin K. Chiu*

Franklin K. Chiu, Esq.

## Franklin Chiu

| | |
|---|---|
| **From:** | Franklin Chiu |
| **Sent:** | Thursday, October 20, 2022 12:39 PM |
| **To:** | 'aakl123@aol.com' |
| **Subject:** | U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al., Supreme, Queens, Index No. 705854/2021, File No. 211697 |
| **Attachments:** | 22.10.20 GF Letter to Defendant to Withdraw Notice of Pendency Modikhan 211697.pdf |

Good afternoon:

Please find attached a copy of our letter mailed to you demanding that you immediately withdraw your Notice of Pendency in this matter.

Franklin K. Chiu, Esq.
Senior Associate

## FRIEDMAN VARTOLO
### LLP

85 Broad St., Suite 501 | New York, NY 10004
Phone: (212) 471-5100 | Fax: (212) 471-5150
friedmanvartolo.com

FDCPA Notice. This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose.
Confidentiality Notice: The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person (s) named above. If you are not the intended recipient, you are notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e mail and destroy all copies of the original message.
IRS Circular 230 Disclosure: U.S. federal tax advice in the foregoing message from Friedman Vartolo LLP is not intended or written to be, and cannot be used, by any person for the purpose of avoiding tax penalties that may be imposed regarding the transactions or matters addressed. Some of that advice may have been written to support the promotion or marketing of the transactions or matters addressed within the meaning of IRS Circular 230, in which case you should seek advice based on your particular circumstances from an independent tax advisor.

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705175/2021

Plaintiff,

**AFFIDAVIT OF MAILING**

-against-

ASHMEEN MODIKHAN; et al.,

Defendants

------------------------------------------------------------------x

STATE OF NEW YORK          )
                           ) ss:
COUNTY OF NASSAU           )

Brandon Alejandro, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in QUEENS County, New York.

On October 20, 2022, I served a true copy of the annexed **GOOD FAITH LETTER** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Brandon Alejandro

Sworn To Before Me This
20th day of October, 2022

Notary Public

JENNIFER BURKE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01BU8203256
Qualified in Nassau County
Commission Expires March 30, 2025

Case Number: 211697-5

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
NYSCEF DOC. NO. 54                                       RECEIVED NYSCEF: 10/28/2022

Case 1:23-cv-02178-PKC-LB   Document 12-13   Filed 07/05/23   Page 848 of 863 PageID #: 1543



FRIEDMAN VARTOLO
LLP

85 Broad St., Suite 501, New York, New York 10004
t: 212.471.5100   f: 212.471.5150
friedmanvartolo.com

October 20, 2022

*Via Email aakl123@aol.com*
*And First Class Mail*
Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

      RE:    <u>U.S. Bank, N.A., et ano. v. Ashmeen Modikhan, et al.</u>
            Supreme Court, Queens County
            Index No.:   705854/2021
            File No.:     211697

Dear Sir or Madam,

      As you are aware, we are the attorneys for Plaintiff in the above-referenced matter.

      Pursuant to 22 NYCRR § 130-1.1, please allow this letter to serve as our good faith demand that you **immediately** withdraw and cancel your recently filed Notice of Pendency, dated and filed on October 14, 2022, (<u>NYSCEF Doc. No. 38</u>), which was filed without any valid basis or legal authority, including, *inter alia*, failure to strictly comply with the applicable statutory requirements.

      If you fail to comply with this request, we will have no other recourse but to seek judicial intervention to cancel the Notice of Pendency pursuant to CPLR Article 65, including an application for sanctions, costs and attorney's fees against you for your frivolous conduct.

      Thank you for your anticipated cooperation in this matter. Should you have any questions, please do not hesitate to contact the undersigned.

                                       Very truly yours,

                                    *Franklin K. Chiu*
                                    Franklin K. Chiu, Esq.

FILED: QUEENS COUNTY CLERK 10/28/2022 01:04 PM
Page 849 of 863 PageID

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------x

U.S. BANK, NATIONAL ASSOCIATION AS LEGAL
TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE
TRUST,

Index No. 705854/2021

**AFFIDAVIT OF MAILING**

Plaintiff,

-against-

ASHMEEN MODIKHAN; et al.,

Defendants
------------------------------------------------------------------x

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NASSAU     )

Brandon Alejandro, deposes and says:

I am not a party to the action, am over 18 years of age, and reside in QUEENS County, New York.

On October 27, 2022, I served a true copy of the annexed **NOTICE OF MOTION TO CANCEL LIS PENDENS AND OTHER RELIEF** by mailing the same by First-Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below.

J. Iandolo Law, P.C.
*Attorneys for Defendant Ashmeen Modikhan*
7621 13th Avenue
Brooklyn, New York 11228

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Case 1:22-cv-06478-FB-CLP Document 52-1 Filed 01/06/23 Page 850 of 863 PageID
#: 1647

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

Brandon Alejandro

Sworn To Before Me This
27th day of October, 2022

Notary Public State of New York

John J. Brocks
01BR6107807
Nassau County
April 12, 2024

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
NYSCEF DOC. NO. 67

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 851 of 863 PageID
#: 1548

INDEX NO. 705854/2021
RECEIVED NYSCEF: 12/07/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
VINCENZO MANGIONE,

INDEX NO.: 702856/2021

Plaintiffs,

- against -

**NOTICE OF ENTRY**

RODOLFO ALVARADO,

Defendants.

FILE NO.: 1023986

-------------------------------------------------------------------X

S I R / M A D A M :

      **PLEASE TAKE NOTICE** that the within is a true copy of an Order duly executed by

the Honorable Veronica G. Hummel of the within named Court on July 26, 2022.

Dated: Brooklyn, New York
      December 6, 2022

          Yours, etc.,
          **BAKER, McEVOY & MOSKOVITS**

          By: JOHN McEVOY
          *Attorneys for Defendants in Action 1 & 2*
          RODOLFO ALVARADO
          1 Metrotech Center
          Brooklyn, New York 11201
          (212) 857-8230

TO:

**BELUSHIN LAW FIRM P.C.**
*Attorneys for Plaintiffs Action 1*
LUZ M. PAREDES
17112 Kings Highway
Brooklyn, NY 11229
(718) 787-4470

**NASS ROPER & LEVIN, P.C.**
*Attorneys for Plaintiffs Action 2*
VINCENZO MANGIONE
266 W. 37th St, Suite 801
New York, NY 10018
(718) 775-3246

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX, IAS PART 31

LUZ M. PAREDES,

                                        Plaintiff,        Index No. 29077/2020E

            -against-                                     HON. VERONICA G. HUMMEL, A.J.S.C.

RODOLFO ALVARADO,                                         Mot. Seq. No. 1

                                        Defendant.

In accordance with CPLR § 2219(a), the decision herein is made upon consideration of all papers filed by the parties in NYSCEF in support of defendant's motion (Seq. No. 1) seeking an order, pursuant to CPLR § 602, consolidating this action (Action #1) and the actions captioned *Vincenzo Mangione v. Rodolfo Alvarado,* Index No. 702856/2021, Supreme Court of Queens County (Action #2), and *John Paredes v. Rodolfo Alvarado,* Index No. 703355/2021, Supreme Court of Queens County (Action #3), for joint discovery and trial, and to transfer Actions #2 and #3 to the Supreme Court of Bronx County. The actions arise from the same motor vehicle accident which occurred on March 26, 2018.

Action #3 was discontinued by stipulation filed on July 20, 2022 [NYSCEF Doc. 10 of Action #3]. Accordingly, the part of the motion related to Action #3 is denied as moot.

As it relates to Action #2, the motion is granted without opposition. In the interest of judicial economy, the two remaining actions shall be consolidated under one index number. It is hereby:

**ORDERED** that the above captioned action shall be consolidated with:

Vincenzo Mangione v. Rodolfo Alvarado, Index No. 702856/2021, Queens County,

and the consolidated action shall bear the following caption:

-------------------------------------------------------------------x

LUZ M. PAREDES and VINCENZO MANGIONE,

                                        Plaintiffs,        Index No. 29077/2020E

            -against-

RODOLFO ALVARADO,

1

Defendant.

-----------------------------------------------------------------x

and it is further

**ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

**ORDERED** that moving counsel shall within 20 days after entry hereof in NYSCEF serve this Order upon the attorneys for all parties in both actions, upon the Clerk of the Supreme Court of Bronx County, upon the Clerk of IAS Part 31, upon the Clerk of the Supreme Court of Queens County, and upon the Clerk of the Bronx County Motion Support Office (Room 217), who is hereby directed to mark the Court's records to reflect the consolidation; and it is further

**ORDERED** that the Clerk of the Supreme Court of Queens County, upon receipt of a certified copy of this order and upon payment of the proper fees, shall transfer to the Clerk of the Supreme Court of Bronx County all of the papers on file in Index No. 702856/2021; and it is further

**ORDERED** that the Clerk of the Supreme Court of Bronx County, upon receipt of a copy of this order, shall consolidate the papers in the actions hereby consolidated and shall mark the records to reflect the consolidation; and it is further

**ORDERED** that movant shall upload a copy of this decision in NYSCEF under both index numbers.

The Clerk shall mark the motion (Seq No. 1) disposed in all court records.

This constitutes the decision and order of the Court

Dated: July 26, 2022                    Hon. s/Hon. Veronica G. Hummel/signed 07/26/2022
                                        **VERONICA G. HUMMEL, A.J.S.C.**

1. CHECK ONE........................................... ☐ CASE DISPOSED IN ITS ENTIRETY    ☒ CASE STILL ACTIVE

2. MOTION IS............................................. ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM          INDEX NO. 705854/2021

FILED: BRONX COUNTY CLERK 07/29/2022 09:27 AM            INDEX NO. 29074/2020E

NYSCEF DOC. NO. 30                                       RECEIVED NYSCEF: 07/29/2022

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 854 of 863 PageID

3.  CHECK IF APPROPRIATE....................  ☐ SETTLE ORDER  ☐ SUBMIT ORDER  ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT        ☐ REFEREE APPOINTMENT

☐ ISSUE A PRELIMINARY CONFERENCE/CASE SCHEDULING ORDER

☐ CONVERT TO ELECTRONIC FILING    ☒ EDIT CAPTION

3

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 855 of 863 PageID #: 1552

Index #: 702856/2021

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

VINCENZO MANGIONE,

*Plaintiffs,*

v.

RODOLFO ALVARADO,

*Defendants.*

### ORDER WITH NOTICE OF ENTRY

**BAKER, McEVOY & MOSKOVITS**
*1 Metrotech Center*
*Brooklyn, New York, 11201*
*(212) 857-8230*
**Mailing Address**
5 Broadway, Suite 3
Freeport, New York 11520

To:

Attorney(s) for:

Service of a copy of the within                    is hereby admitted.

Dated,

...........................................................................................................

Attorney(s) for

Signed Pursuant to 22 NYCRR §130-1.1a

John McEvoy

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X          INDEX NO.: 29077/2020E
LUZ M. PAREDES,

                                Plaintiffs,

        - against -                             **NOTICE OF ENTRY**

RODOLFO ALVARADO,

                          Defendants.          FILE NO.: 1023986
-------------------------------------------------------------------X
S I R / M A D A M :

      **PLEASE TAKE NOTICE** that the within is a true copy of an Order duly executed by

the Honorable Veronica G. Hummel of the within named Court on July 26, 2022.

Dated: Brooklyn, New York
       December 6, 2022

                                 Yours, etc.,
                                 **BAKER, McEVOY & MOSKOVITS**

                               By: JOHN McEVOY
                               *Attorneys for Defendants Action 1 & 2*
                               RODOLFO ALVARADO
                               1 Metrotech Center
                               Brooklyn, New York 11201
                               (212) 857-8230

TO:

**BELUSHIN LAW FIRM P.C.**
*Attorneys for Plaintiffs Action 1*
LUZ M. PAREDES
17112 Kings Highway
Brooklyn, NY 11229
(718) 787-4470

**NASS ROPER & LEVIN, P.C.**
*Attorneys for Plaintiffs Action 2*
VINCENZO MANGIONE
266 W. 37th St, Suite 801
New York, NY 10018
(718) 775-3246

## SUPREME COURT OF THE STATE OF NEW YORK
## COUNTY OF BRONX, IAS PART 31

LUZ M. PAREDES,

                              Plaintiff,          Index No. 29077/2020E

          -against-                               HON. VERONICA G. HUMMEL, A.J.S.C.

RODOLFO ALVARADO,                                 Mot. Seq. No. 1

                              Defendant.

In accordance with CPLR § 2219(a), the decision herein is made upon consideration of all papers filed by the parties in NYSCEF in support of defendant's motion (Seq. No. 1) seeking an order, pursuant to CPLR § 602, consolidating this action (Action #1) and the actions captioned *Vincenzo Mangione v. Rodolfo Alvarado,* Index No. 702856/2021, Supreme Court of Queens County (Action #2), and *John Paredes v. Rodolfo Alvarado,* Index No. 703355/2021, Supreme Court of Queens County (Action #3), for joint discovery and trial, and to transfer Actions #2 and #3 to the Supreme Court of Bronx County. The actions arise from the same motor vehicle accident which occurred on March 26, 2018.

Action #3 was discontinued by stipulation filed on July 20, 2022 [NYSCEF Doc. 10 of Action #3]. Accordingly, the part of the motion related to Action #3 is denied as moot.

As it relates to Action #2, the motion is granted without opposition. In the interest of judicial economy, the two remaining actions shall be consolidated under one index number. It is hereby:

**ORDERED** that the above captioned action shall be consolidated with:

Vincenzo Mangione v. Rodolfo Alvarado, Index No. 702856/2021, Queens County,

and the consolidated action shall bear the following caption:

------------------------------------------------------------------x

LUZ M. PAREDES and VINCENZO MANGIONE,

                              Plaintiffs,          Index No. 29077/2020E
          -against-

RODOLFO ALVARADO,

1

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 858 of 863 PageID

Defendant.

--------------------------------------------------------------------x

and it is further

**ORDERED** that the pleadings in the actions hereby consolidated shall stand as the pleadings in the consolidated action; and it is further

**ORDERED** that moving counsel shall within 20 days after entry hereof in NYSCEF serve this Order upon the attorneys for all parties in both actions, upon the Clerk of the Supreme Court of Bronx County, upon the Clerk of IAS Part 31, upon the Clerk of the Supreme Court of Queens County, and upon the Clerk of the Bronx County Motion Support Office (Room 217), who is hereby directed to mark the Court's records to reflect the consolidation; and it is further

**ORDERED** that the Clerk of the Supreme Court of Queens County, upon receipt of a certified copy of this order and upon payment of the proper fees, shall transfer to the Clerk of the Supreme Court of Bronx County all of the papers on file in Index No. 702856/2021; and it is further

**ORDERED** that the Clerk of the Supreme Court of Bronx County, upon receipt of a copy of this order, shall consolidate the papers in the actions hereby consolidated and shall mark the records to reflect the consolidation; and it is further

**ORDERED** that movant shall upload a copy of this decision in NYSCEF under both index numbers.

The Clerk shall mark the motion (Seq No. 1) disposed in all court records.

This constitutes the decision and order of the Court

Dated: July 26, 2022          Hon. *s/Hon. Veronica G. Hummel/signed 07/26/2022*

                              **VERONICA G. HUMMEL, A.J.S.C.**

---

1. CHECK ONE.......................................... ☐ CASE DISPOSED IN ITS ENTIRETY    ☒ CASE STILL ACTIVE

2. MOTION IS............................................. ☐ GRANTED    ☐ DENIED    ☒ GRANTED IN PART    ☐ OTHER

2

FILED: QUEENS COUNTY CLERK 12/07/2022 03:42 PM
INDEX NO. 705854/2021
NYSCEF DOC. NO. 187
RECEIVED NYSCEF: 12/07/2022
FILED: BRONX COUNTY CLERK 07/29/2022 09:27 AM
INDEX NO. 29077/2020E
NYSCEF DOC. NO. 30
RECEIVED NYSCEF: 07/29/2022

Case 1:22-cv-07475-PKC-LB   Document 5-1   Filed 01/05/23   Page 859 of 863 PageID

3. CHECK IF APPROPRIATE..................... ☐ SETTLE ORDER   ☐ SUBMIT ORDER   ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT   ☐ REFEREE APPOINTMENT

☐ ISSUE A PRELIMINARY CONFERENCE/CASE SCHEDULING ORDER

☐ CONVERT TO ELECTRONIC FILING   ☒ EDIT CAPTION

3

Index #: 29077/2020E

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX**

LUZ M. PAREDES,

*Plaintiffs,*

v.

RODOLFO ALVARADO,

*Defendants.*

**ORDER WITH NOTICE OF ENTRY**

**BAKER, McEVOY & MOSKOVITS**
*1 Metrotech Center*
*Brooklyn, New York, 11201*
*(212) 857-8230*
**Mailing Address**
5 Broadway, Suite 3
Freeport, New York 11520

To:

Attorney(s) for:

Service of a copy of the within                     is hereby admitted.

Dated,

..................................................................................................................

Attorney(s) for

Signed Pursuant to 22 NYCRR §130-1.1a

John McEvoy

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 861 of 863 PageID #: 1558

## Howard Wieder

| | |
|---|---|
| **From:** | Peter Wicklum <pwicklum@bm3law.com> |
| **Sent:** | Wednesday, December 7, 2022 10:40 AM |
| **To:** | QSCPART2 |
| **Subject:** | LUZ M. PAREDES – 29077/2020E (1023986) |
| **Attachments:** | MANGIONE - NOE & ORDER.pdf; PAREDES - NOE & ORDER.pdf |

Good Morning,

I wanted to give notice to the Clerk of the Supreme Court of Queens County that these two cases [VINCENZO MANGIONE – 702856/2021 from Queens County and LUZ M. PAREDES – 29077/2020E from Bronx County] have been consolidated for all purposes under Index Number 29077/2020E in Supreme Bronx. I have attached copies of both Notice of Entry's filed for these two cases that have been sent for e-filing. Let me know if you need any additional information. Thank you!

Best,

Peter Wicklum

**Baker, McEvoy & Moskovits**

**Physical Address:**
1 Metrotech Center, 8th Fl
Brooklyn, NY 11201
Tel: (212) 857-8230

**Mailing Address:**
5 Broadway, Suite 3
Freeport, NY 11250

*a Judge in the Bronx wants 1 of our cases shepped to the Bronx*

Please be CAREFUL when clicking links or opening attachments from external senders.

1

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 862 of 863 PageID #: 1559

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST,<br><br>                                    Plaintiff,<br><br>          -against-<br><br>ASHMEEN MODIKHAN; BOARD OF MANAGERS OF THE PATCHOGUE HOME CORP. CONDOMINIUM NO. 2; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC.; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; JOHN MODIKHAN,<br><br>                                    Defendants. | Index No. 705854/2021<br><br>**NOTICE OF REJECTION**<br><br>**Mortgaged Premises**:<br>87-10 149th Avenue<br>Howard Beach, NY 11414<br><br>**Block**: 11417<br>**Lot**: 4513 |

S I R S:

**PLEASE TAKE NOTICE** that Plaintiff U.S. BANK NATIONAL ASSOCIATION AS

LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST, ("Plaintiff"), by and

through its attorneys, hereby rejects the "Amended Notice of Removal to Federal Court," dated

and filed on December 6, 2022, (NYSCEF Doc. No. 64), as amended by a "Notice of

Removal/Remand (Post RJI)," filed on December 7, 2022, (NYSCEF Doc. No. 67), (the

"Amended Notice of Removal"), filed by Defendant ASHMEEN MODIKHAN, ("Defendant"),

on the grounds that, *inter alia*, Defendant's Amended Notice of Removal is invalid to remove this

action to U.S. District Court-E.D.N.Y. because it fails to include a completed Civil Cover Sheet,

stamped "Received in Clerk's Office" with a Civil Action Docket No. assigned, or any other

evidence that Defendant has filed a removal petition and that a federal proceeding has been

commenced for purposes of removal.

Moreover, Defendant's Amended Notice of Removal is untimely because it was not

filed/served, pursuant to 28 U.S.C.A. § 1446, within thirty (30) days of service of the Summons

Case 1:22-cv-07475-PKC-LB    Document 5-1    Filed 01/05/23    Page 863 of 863 PageID #: 1560

and Complaint upon Defendant on January 8, 2010, or under 28 U.S.C.A. § 1446(c), within one (1) year after commencement of the action on January 6, 2010, and which time has not been extended by stipulation, motion, court order or otherwise.

Accordingly, Plaintiff requests that this Court schedule a conference or hearing, if necessary, to address Defendant's vexatious litigation, and strike Defendant's Amended Notice of Removal for the foregoing reasons, and further direct that the Queens County Clerk's Office reopen this matter to E-filing.

Dated: December 8, 2022
New York, New York

FRIEDMAN VARTOLO LLP

By: *Franklin K. Chiu*
    Franklin K. Chiu, Esq.

85 Broad Street, Suite 501
New York, New York 10004
Telephone: (212) 471-5100
fchiu@friedmanvartolo.com
*Attorneys for Plaintiff*

TO:   ***VIA NYSCEF***
J. IANDOLO LAW, P.C.
7621 13th Avenue
Brooklyn, New York 11228
*Attorneys for Defendant Ashmeen Modikhan*

Ashmeen Modikhan
99-22 Magnolia Court, 1B
Ozone Park, NY 11417

Ashmeen Modikhan
87-10 149th Ave, Unit 5N
Howard Beach, NY 11414

2
File No. 211697