UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR           CASE NO: CV 22-7475
TRUMAN 2016 SC6 TITLE TRUST,


                                            Plaintiff

                 - against -


ASHMEEN MODIKHAN; ET AL.,

                                        Defendants
------------------------------------------------------------------------X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST'S MOTION TO REMAND AND FOR ATTORNEYS' FEES AND COSTS**


                                                               **FRIEDMAN VARTOLO, LLP**
                                                               Zachary Gold, Esq.
                                                               *Attorneys for Plaintiff*
                                                               85 Broad Street, Suite 501
                                                               New York, New York 10004
                                                               Tel: (212) 471-5100

## PRELIMINARY STATEMENT

Defendant Ashmeen Modikhan ("Modikhan") filed her Notice of Removal ("Notice" or "Notice of Removal") of the trial court mortgage foreclosure action on December 5, 2022. [ECF Doc. No .1] seeking to remove the foreclosure proceeding to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C §§ 1331, 1441 and 1446. This removal was done without any objectively reasonable basis for doing so. Modikhan cannot establish that this Court possesses subject matter jurisdiction over plaintiff U.S. BANK, NA AS LEGAL TITLE TRUSTEE FOR TRUMAN 2016 SC6 TITLE TRUST's ("Plaintiff" or "U.S. Bank") claims, as same are based solely upon New York State law. Accordingly, Modikhan cannot establish that any claim asserted in this action arises "under the Constitution, laws or treaties of the United States," or that any other statute or law confers jurisdiction upon this Court.

Furthermore, Modikhan has not demonstrated satisfaction of the procedural requirements for removal. The removal is *ipso facto* untimely pursuant to 28 U.S.C. §1446(c)(1), same having been filed more than 12 and a half <u>years</u> after she first received notice of the instant lawsuit.

Finally, given that judgment of foreclosure and sale has already entered in the state court action, this Court cannot consider any federal claims without disrupting the federal-state balance pursuant to the *Rooker-Feldman* doctrine.

It is beyond cavil that Modikhan's filing of this frivolous notice of removal is merely yet another dilatory tactic by her to prevent U.S. Bank from completing its foreclosure and to unnecessarily increase U.S. Bank's litigation costs, without any objectively reasonable basis for her position. Accordingly, pursuant to 28 U.S.C. §1447(c), the Court should award U.S. Bank the attorneys' fees and costs it incurred in connection with Modikhan's improper removal of this action to the United States District Court.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 6, 2010, Plaintiff's predecessor-in-interest initiated a mortgage foreclosure action involving a Note and Mortgage, dated April 24, 2007, upon real property located at 87-10 149th Avenue, Howard Beach, New York 11417 (the "Mortgaged Premises"). The Verified Complaint against Modikhan was filed in the Supreme Court of New York, Queens County under index number 301/2010[1] and asserted claims based upon New York law. (*See* Gold Dec., **Exhibit A)**

Modikhan filed an answer to the complaint, dated February 15, 2010 and filed February 17, 2010. Said answer was comprised of seventeen (17) affirmative defenses and one (1) counterclaim. (*See* Gold Dec., **Exhibit B)**. On February 25, 2010, Plaintiff filed a Reply to Counterclaim on February 25, 2010. (*See* Gold Dec., **Exhibit C)**. Thereafter, a foreclosure settlement conferencing was held on April 28, 2010, whereupon this matter was not settled, and the case was released from conferencing.

On June 28, 2012, Modikhan filed her first bankruptcy petition in the U.S. Bankruptcy Court – E.D.N.Y., Chapter 7 Case No. 12-44750. The bankruptcy was discharged on October 10, 2012. (*See* Gold Dec., **Exhibit D)**.

Plaintiff's Motion for Summary Judgment and to Appoint a Referee to Compute was granted (without opposition) by Decision dated January 12, 2018. Order of Reference was issued, dated June 4, 2018 and entered with the Queens County Clerk's Office on June 18, 2018. A copy of same was served upon Modikhan with Notice of Entry dated July 12, 2018 and entered with the Queen's County Clerk's Office on July 20, 2018. (*See* Gold Dec., **Exhibit E)**. Modikhan did not file an appeal and the time to do so has long expired.

---

[1] Subsequently, on March 15, 2021, the foreclosure action was converted to electronic filing on NYSCEF and assigned a new index number, 705854/2021.

On or about September 6, 2018, Plaintiff filed its Motion for Judgment of Foreclosure and Sale, which was also granted without opposition by a Decision dated October 17, 2018, upon which the Court issued a Judgment of Foreclosure and Sale dated April 5, 2019 and entered with the Queens County Clerk's Office on April 26, 2019. A copy of same was served upon Modikhan with Notice of Entry dated May 31, 2019. (*See* Gold Dec., **Exhibit F**). Modikhan did not file an appeal and the time to do so has long expired.

On July 9, 2019, Modikhan filed her second bankruptcy petition in the U.S. Bankruptcy Court – E.D.N.Y., Chapter 7 Case No. 19-44172, which was thereafter dismissed on August 26, 2019. (*See* Gold Dec., **Exhibit G**).

On October 31, 2019, Modikhan filed her third bankruptcy petition in the U.S. Bankruptcy Court -- E.D.N.Y., Chapter 13 Case No. 19-46591, for which Plaintiff obtained a relief of stay on November 21, 2021. (See Gold Dec., **Exhibit H**).

On December 1, 2020, Modikhan filed a notarized Notice of Discharge of Attorney, which stated her intent to relieve her counsel of record and to proceed in the action *pro se*. (See Gold Dec., **Exhibit I**).

Subsequently, on March 17, 2022, Modikhan, now proceeding p*ro se,* filed a document to NYSCEF entitled "Jurisdictional Challenge with Affidavit," (NYSCEF Doc. No. 8) [2] which Plaintiff properly rejected. (NYSCEF Doc. No. 10). (See also Gold Dec., **Exhibit J**).

On September 15, 2022, Plaintiff filed its Notice of Sale scheduling a sale on the Mortgaged Premises for October 14, 2022. This notice was mailed to Modikhan. *See* NYSCEF

---

[2] Simultaneously, on March 17, 2022, Modikhan also filed a nearly identical "Jurisdictional Challenge with Affidavit" in another mortgage foreclosure action, entitled "Nationstar Mortgage, LLC. v. Ashmeen Modikhan, et al.," Supreme Court, Queens County, Index No. 705175/2021, (the "Companion Action"), (*see* NYSCEF Doc. No. 7) for a different property also owned by Modikhan. She has filed a Notice of Removal for that foreclosure action as well.

Doc. Nos. 12 and 13. (*See also* Gold Dec., **Exhibit K**).

On September 20, 2022, Modikhan filed a Motion "vacating/reversing/staying the auction of the subject premises; vacating/reversing the judgment of foreclosure entered on default against Modikhan; and dismissing this foreclosure matter against Modikhan," (Motion Seq. No. 4), which Plaintiff opposed. The Motion was marked fully submitted on October 6, 2022 and is pending decision. *See* NYSCEF Doc. Nos. 14 and 17, *et seq.* (*See also* Gold Dec., **Exhibit L)**.

On October 4, 2022, Modikhan filed an "Objection to the Notice of Sale," (NYSCEF Doc. No. 20) regurgitating her previously asserted argument, which Plaintiff properly rejected. (NYSCEF Doc. No. 21). (*See also* Gold Dec., **Exhibit M)**.

On October 11, 2022, Modikhan filed "Opposition to Notice of Return and Rejection and to the Affirmation in Opposition of Defendant's Motion to Vacate and Dismiss" (NYSCEF Doc. No. 25) which Plaintiff properly rejected, *inter alia*, as an untimely reply. (NYSCEF Doc. No. 26). (*See also* Gold Dec., **Exhibit N)**.

On October 13, 2022, Modikhan filed an Emergency Order to Show Cause in state court seeking, *inter alia*, a stay of the sale scheduled for October 14, 2022 (Mot. Seq No. 5) (NYSCEF Doc. No. 29, *et seq.*), which Plaintiff opposed, *inter alia*, because Modikhan failed to give proper 202.7(f) notice (NYSCEF Doc No. 31, *et seq.*). Modikhan's Order to Show Cause was denied. (*See also* Gold Dec., **Exhibit O)**.

On the morning of October 14, 2022, just hours before the foreclosure sale, Modikhan filed an Emergency Order to Show Cause in U.S. Bankruptcy Court – E.D.N.Y under her Chapter 13 Case No. 19-46591 (ECF Doc. Nos. 302) in a last-minute attempt to reimpose the automatic stay and prevent the auction from going forward that afternoon. Oral argument was held and the Court denied Modikhan's application. (*See* Gold Dec., **Exhibit P**). The property was sold at auction on

October 14, 2022, going back to Plaintiff. (NYSCEF Doc. No. 37). (*See also* Gold Dec., **Exhibit Q)**.

Subsequently on October 14, 2022, Modikhan improperly filed her own "Notice of Lis Pendens," solely reiterating her previously asserted arguments made in her pending Motion to Vacate the Judgment of Foreclosure and Sale (Mot. Seq. No. 4). See NYSCEF Doc. No. 38. [3] (*See also* Gold Dec., **Exhibit R)**.

On October 20, 2022, Plaintiff sent a good faith letter to Modikhan, demanding she immediately withdraw and cancel her improperly filed Notice of Pendency or Plaintiff would seek court intervention, including an application for sanctions, costs and attorney's fees against her for her frivolous conduct. Modikhan failed to respond to Plaintiff's good faith demand, resulting in Plaintiff's filing of a Motion to Cancel Lis Pendens and Other Relief on October 28, 2022. The Motion was marked fully submitted on December 8, 2022 and is pending decision. NYSCEF Doc. Nos. 42 and 56 *et. seq.* (*See also* Gold Dec., **Exhibit S)**.

On December 5, 2022, Modikhan filed a "Notice" that she was removing the foreclosure action from state court to the U.S. District Court of the Eastern District of New York. (NYSCEF Doc. No 58) which Plaintiff properly rejected as untimely. (NYSCEF Doc. No. 59). (*See also* Gold Dec., **Exhibit T)**.

Thereafter on December 6, 2022, Modikhan filed an "Amended Notice of Removal to Federal Court," (NYSCEF Doc. No 64) which Plaintiff also properly rejected. (NYSCEF Doc. No. 65). (*See also* Gold Dec., **Exhibit U)**.

Modikhan thereafter filed a second Amended Notice of Removal on December 7, 2022

---

[3] Contemporaneously, Defendant also filed a similar, frivolous Notice of Pendency in the Companion Action, (*see* NYSCEF Doc. No. 51*)*.

([NYSCEF Doc. No. 67](#)), which Plaintiff properly rejected, *inter alia*, as incomplete and untimely ([NYSCEF Doc. No. 68](#)). (*See also* Gold Dec., **Exhibit V**).

## LEGAL ARGUMENT

### POINT I

### THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO REMAND THIS MATTER TO THE NEW YORK SUPREME COURT.

The removal statute provides that "any civil action brough in a state court which the district courts of the United States have original jurisdiction may be removed by the defendant(s) to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A claim may only be removed to federal court if it could have been filed in federal court at the outset. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 485 (2d Cir. 1998).

Once an action is removed to Federal Court under 28 U.S.C. 1441(a), a plaintiff may challenge removal by moving to remand the case back to State Court. On a motion for remand, the removing defendant "bears the burden of proving that the case is properly in federal court" by establishing: (i) the district court's jurisdiction; and (ii) that defendant has met all procedural requirements for removal. *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props, Meriden Square, Inc*. 30 F.3d 298, 301 (2d Cir. 1994); *California Pub. Emps Ret. Sys v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

Here, Modikhan's removal of this action to the United States District Court for the Eastern District of New York is improper. Modikhan can neither demonstrate that this Court has subject matter jurisdiction over the parties' dispute, nor can she show she has met the procedural requirements to properly remove this action to Federal Court. Accordingly, the Court should grant

Plaintiff's motion and remand this action to the Supreme Court of New York, Queens County.

> **A.    *Modikhan's Notice of Removal Lacks Any Jurisdictional Basis and Should be Remanded to the Supreme Court.***

A district court is required to remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction…" 28 U.S.C. §1447(c). The removing party bears the burden of proof in establishing its right to a federal forum. *See R.G. Barry Corp. v. Mushroom Makers, Inc*., 612 F.2d 651, 655 (2d Cir. 1979).

Federal courts are of limited jurisdiction, and thereby have subject matter jurisdiction to hear only those cases that have been authorized by Congress or by the United States Constitution. 28 U.S.C. §1331; *Kokkonen v. Guardian Life Ins. Co of Amer*., 511 U.S. 375, 377 (1994). In determining whether federal question jurisdiction exists, this Court must look to the "well-pleaded complaint rule" which provides that federal question jurisdiction may be invoked only when the plaintiff's own cause of action is based on federal law and only when the plaitniff's well-pleaded complaint raises issues of federal law. *See Holms Group, Inc. Vornado Air Circulation Sys*., 535 U.S. 826, 830 (2002); *Marcus v. AT&T Corp*, 1378 F.3d 46, 52 (2d Cir. 1998). The well-pleaded complaint rule also governs whether a case is removable from state to federal court. In order to be removable on federal question grounds, the case must arise under federal law. *Merrell Down Pharm., Inc. v. Thompson*, 478 U.S. 804, 807-08 (1986).

In the case at hand, Plaintiff sought foreclosure on a mortgage involving real property located at 87-10 149th Avenue, Unit 5N, Howard Beach, New York 11417. It is undisputable that these claims arise solely under New York state law. Nothing in Plaintiff's Verified Complaint confers subject matter jurisdiction upon this Court. (See Gold Dec. Exhibit A). All claims asserted int eh Verified Complain are based upon state law only, with no reference to the United States Constitution or other federal law. See 28 U.S.C. §1331.

Nevertheless, even if this Court were to engage in a deep examination of Modikhan's submission to evaluate the veracity of her Notice of Removal, it should still find that it lacks subject matter jurisdiction to hear the parties' dispute. Defendant attempts to create a federal question by making a broad vague claim that the case involves laws of the United States, specifically UCC 1-308, 12 C.F.R. § 226.23 and 15 U.S.C. §§ 1692-1692p. [ECF No. 1, at ¶5]. These bald assertions are insufficient to confer jurisdiction upon this Court. Even if Modikhan's argument was supported by a shred of proof (which it is not), or if it was asserted as a counterclaim or affirmative defenses (which it is not), Modikhan's argument fails, as a matter of law, to create removal jurisdiction under the well-pleaded complaint rule. *See e.g. Wallace v. Wiedenback,* 985 F.Supp. 288, 291 (NDNY 1998); *Mem'l Hosp. for Cancer and Allied Diseases v. Empire Blue Cross & Blue Shield*, 1994 WL 132151, at *5 (S.D.N.Y. Apr. 12, 1994).

Thus, it is beyond cavil that Modikhan failed to demonstrate that Plaintiff asserted claims under federal law and there can be no question that this Court lacks subject matter jurisdiction to adjudicate this dispute. For all of the foregoing, pursuant to 28 U.S.C. § 1447(c), the Court should remand this action to the New York Supreme Court, Queen County, where Plaintiff commenced this action.

**B.     This Action Should Be Remanded Because Modikhan's Notice of Removal is Untimely**

28 U.S.C. § 1446(b) provides the time limits for removal, stating that such notice "shall be filed within thirty (30) days after receipt by the defendant, by service or otherwise, a copy of the initial pleading…" Therefore "where the action is removable based on the initial pleading the defendant must file the notice of removal within 30 days after the earlier of the date: (1) that the defendant receives a copy of the initial pleading setting forth the claim for relief upon which the action is based; or (2) that the defendant is served with a summons if the initial pleading has been

filed in court and is not required to be served on the defendant," as long as service adheres to applicable state rules governing service. Murphy Bros., Inc v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). "The 30-day window of 1446 is an 'express statutory requirement for removal' and the failure to comply 'can fairly render the removal defective and justify remand.'" *Ware v. Fleetboston Fin. Corp*, 180 F. Appx 59, 62 (11th Cir. 2006) quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999).

The underlying foreclosure action was commenced against Defendant on January 6, 2010 and has proceeded in state court for almost 13 years. The state court record clearly shows indisputable documentary evidence demonstrating that Modikhan received notice of this litigation beginning in 2010. She was served with the Summons and Complaint under service pursuant to CPLR 308(2) on January 8, 2010. (*See* Gold Dec. **Exhibit B**). A copy of the Summons and Complaint were mailed to her in compliance with that statute via first class mail on January 14, 2010. (*See* Gold Dec. **Exhibit B**). Modikhan timely appeared, filing a Verified Answer with Counterclaims, dated February 15, 2010. (*See* Gold Dec. **Exhibit B**). Accordingly, Modikhan's application for removal is undeniably untimely.

Finally, judgment of foreclosure and sale has already entered in the state court action. (*See* Gold Dec., **Exhibit F**). Accordingly, this Court cannot consider any federal claims without disrupting the federal-state balance pursuant to the *Rooker-Feldman* doctrine. This principle, arising out of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), holds that federal district courts lack subject-matter jurisdiction to hear cases seeking to "overturn an injurious state-court judgment." *Exxon Mobil Courp v. Saudi Basic Indus. Corp*, 544 U.S.280, 291-92 (2005). Accordingly, Plaintiff's motion to remand should be granted ant this case remanded back to the New York Supreme Court for

continued proceedings.

## POINT II

### THE COURT SHOULD ORDER MODIKHAN TO PAY PLAINTIFF COSTS, EXPENSES AND ATTORNEYS' FEES INCURRED AS A RESULT OF THE REMOVAL

Under 28 U.S.C. §1447(c) "courts may award attorney's fees under only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*, 546 U.S. 132, 141 (2005). In enacting 28 U.S.C. § 1447(c), the legislature did not attempt to limit removals to those that are "risk-free," but rather to deter improper removals, as the removal procedure "exposes a plaintiff to the possibility of abuse, unnecessary expense and harassment if a defendant removes improperly, thereby requiring Plaintiff to appear in federal court, prepare motion papers and litigate, merely to get the action returned to the court where the plaintiff initiated it." *Greenridge v. Mundo Shipping Corp*., 60 F.Supp.2d 10, 12 (E.D.N.Y. 199) (*citing Circle Indus. USA Inc. v. Parke Constr. Group, Inc.* 183 F.3d 105, 109 (2d Cir. 1999).

Here, Modikhan has repeatedly sought review or reconsideration of the same issues presented to the state court in the mortgage foreclosure action. Having exhibited a clear intent to litigate the issues prior to filing her Notice of Removal, as well as the fact that final judgment has been entered in state court and the property sold, Modikhan lacks any objectively reasonable basis for removal. The Court should award Plaintiff the attorney's fees and costs it incurred in connection with the unnecessary motion practice caused by Modikhan's improper removal of this action.

## **CONCLUSION**

**WHEREFORE**, Plaintiff respectfully moves this Court to remand this case to the Queens County Supreme Court and to award it attorney's fees and costs incurred in filing the instant Motion for Remand for the reasons set forth above.

Dated: January 4, 2023
New York, New York

Respectfully Submitted,

By: */s/ Zachary Gold*
Zachary Gold, Esq.
FRIEDMAN VARTOLO LLP
85 Broad Street, Suite 501
New York, NY 10004
Tel: (212) 471-5100
zgold@friedmanvartolo.com