UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
US BANK, N.A., as Legal Title Trustee for
Truman 2016 SC6 Title Trust,

                 Plaintiff,               **MEMORANDUM & ORDER**
                                                                       22-CV-7475 (PKC) (LB)

    - against -

ASHMEEN MODIKHAN, et al.,

                 Defendants.
-------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        On December 5, 2022, *pro se* litigant Ashmeen Modikhan ("Modikhan") filed a Notice of Removal attempting to remove a foreclosure proceeding from the Supreme Court of the State of New York, County of Queens, to this Court. (Dkt. 1.) Modikhan also requested to proceed *in forma pauperis* the same day. (Dkt. 2.) On January 5, 2023, Plaintiff U.S. Bank, N.A. as Legal Title Trustee for Truman 2016 SC6 Title Trust ("U.S. Bank") filed a motion to remand to State court. (Dkt. 5.)

        The Court grants Modikhan's request to proceed *in forma pauperis* for the limited purpose of this Order. The Court also grants Plaintiff's motion to remand. For the reasons set forth below, this action is remanded to the Supreme Court of New York, County of Queens, pursuant to 28 U.S.C. § 1447(c).

### BACKGROUND[1]

        Defendants' Notice of Removal seeks to remove a foreclosure action, *US Bank, N.A., as Legal Title Trustee for Truman 2016 SC6 Title Trust v. Ashmeen Modikhan, et al.*, concerning

---

[1] The Court assumes the parties' familiarity with the underlying allegations of this case and, therefore, only recites the facts relevant to this Memorandum and Order.

property located at 87-10 149th Avenue, Unit 5N, Howard Beach, NY 11414. (Dkt. 1-2, at ECF 2–9.)[2] The foreclosure action was originally commenced on January 6, 2010. (*Id.*) A judgment of foreclosure and sale was entered on April 26, 2019. (Dkt. 1-2, at ECF 74; Dkt. 5-2, at ECF 4.)

## LEGAL STANDARDS

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (quoting *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994)). A claim may only be removed to federal court if it could have originally been filed in federal court. *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 486 (2d Cir. 1998). The Court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

"[T]he party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994). Where a party proceeds *pro se*, the Court must construe their submissions liberally and interpret them to raise the strongest arguments they suggest. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted).

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

**DISCUSSION**

Despite the Court's liberal reading of Defendants' removal filing, Defendants fail to show that this Court has subject matter jurisdiction to hear the instant action. Further, Defendants did not remove the case from State court within the statutory deadline. Thus, Plaintiff's motion to remand is granted. However, the Court denies Plaintiff's request for attorney's fees in light of Defendants' *in forma pauperis* and *pro se* status.

**I.     This Court Lack Subject Matter Jurisdiction**

"Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-3369 (JS) (ARL), 2012 WL 1657362, at *3 (E.D.N.Y. May 7, 2012) (citing *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Purdue Pharma L.P.*, 704 F.3d at 213.

**A.     Plaintiff's Claims Do Not Allege a Federal Question**

Removal is proper under federal question jurisdiction only if the federal question appears plainly on the face of a well-pleaded complaint. *Fax Telecommunicaciones Inc.*, 138 F.3d at 486 (citation and internal quotation marks omitted). In this instant action, Plaintiff's complaint in the underlying State court proceeding sought foreclosure on Defendants' mortgage involving real property. (Dkt. 5-2, at ECF 8.) Plaintiff's complaint did not assert any federal law claims nor do Defendants allege that Plaintiff's claims arise under federal law. (*Id.*; *see also* Dtk. 5-1, at ECF 6–11.) Rather, Defendants appear to believe their defenses to Plaintiff's foreclosure action may arise under federal law. Specifically, Defendants invoke this Court's federal question jurisdiction

3

pursuant to the Uniform Commercial Code under UCC § I-308, regulations related to the Truth in Lending Act, and the Fair Debt Collection Practices Act.  (Dkt. 1, at ECF 2.)

However, assertions of federal statutory claims in response to the State court proceeding are insufficient for invoking the Court's jurisdiction where original jurisdiction is lacking.  *See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 145 (2d Cir. 2017) ("Under the 'well-pleaded complaint rule,' a defendant generally may not 'remove a case to federal court unless the *plaintiff*'s complaint establishes that the case arises under federal law.'" (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004))) (emphasis in original); *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."); *City of Rome v. Verizon Commc'ns, Inc.*, 362 F.3d 168, 174 (2d Cir. 2004) ("The mere existence or invocation of a federal defense does not furnish a sufficient basis for jurisdiction to attach.").  Thus, Defendants' invocation of federal defenses or counterclaims does not establish federal question jurisdiction.

B. **Modikhan Violates the Forum Defendant Rule for Diversity Jurisdiction**

A party seeking removal based on diversity jurisdiction must show that the parties are of diverse citizenship and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Under the "forum defendant" rule, a civil action may not be removed based on diversity jurisdiction "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); *see also Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").  Here, Modikhan attests to being a New York State resident.  (*See* Dkt. 1-2, at ECF 65 (declaring "I . . . Ashmeen Modikhan . . . [am] an

4

[i]nhabitant of Queens County in New York"); Dkt. 1-2, at ECF 77 (listing Modikhan's address as 87-10 149th Avenue, Apt. 5N, Howard Beach, NY 11414).)  Thus, Defendants cannot remove to this Court based on diversity jurisdiction.

## II.     Defendants' Removal is Untimely

Lastly, Defendants' Notice of Removal is untimely because it was not filed within 30 days after service of the initial pleading in State court as required by 28 U.S.C. § 1446(b)(1).  The underlying foreclosure action was filed on January 6, 2010 (Dkt. 1-2, at ECF 2–9), and Modikhan was properly served on January 8, 2010 (Dkt. 5-2, at ECF 10).  Thus, Defendants' removal action is over a decade too late.

*     *     *

In sum, Plaintiff's motion to remand is granted because this Court lacks subject matter jurisdiction and Defendants did not timely file for removal.[3]

## III.    Plaintiff's Request for Attorney's Fees is Denied

Plaintiff also requests the Court to "award Plaintiff the attorney's fees and costs it incurred in connection with the unnecessary motion practice caused by Modikhan's improper removal of this action." (Dkt. 5-2, at ECF 11.)  The Court denies the request as inappropriate.

Defendants are proceeding *pro se* and *in forma pauperis* in this action in the hopes of stopping a foreclosure proceeding on what appears to be their home.  (*See* Dkt. 1-2, at ECF 77

---

[3] Plaintiff also raises the *Rooker-Feldman* doctrine as an argument for why this Court does not have subject matter jurisdiction.  (Dkt. 5-2, at ECF 10.)  However, the Second Circuit's recent decision in *Hansen v. Miller* holds that the *Rooker-Feldman* doctrine does not bar a federal court's jurisdiction over claims of fraud or misconduct during a state court foreclosure proceeding. *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022).  Here, if the case were to proceed, Defendants might allege misconduct or fraud claims against Plaintiff (*see* Dkt. 1, at ECF 2 (invoking this Court's jurisdiction pursuant to the Truth in Lending Act and the Fair Debt Collection Practices Act).).  Thus, the Court finds it would be premature to remand based on the *Rooker-Feldman* doctrine and instead remands for the reasons explained herein.

(listing Defendants' address as the foreclosed property's address).)  In light of this, the Court does not find monetary sanctions are appropriate here.  *See Baez v. Kennedy Child Study Ctr.*, No. 11 CIV. 7635 (JMF), 2013 WL 705913, at *2 (Feb. 27, 2013) (denying defendant's request for attorney's fees and costs "considering Plaintiff's *pro se* and *in forma pauperis* status").

## CONCLUSION

For all of these reasons, the Court remands this action to the Supreme Court of the State of New York, County of Queens, under Index Number 705854/2021, pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Queens and to close the case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 11, 2023
       Brooklyn, New York